E. LEIF REID, Nevada Bar No. 5750
KRISTEN L. MARTINI, Nevada Bar No. 11272
NICOLE SCOTT, Nevada Bar No. 13757
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, NV 89501-2128
Tel:  775.823.2900
Fax:  775.823.2929
Email: lreid@lrrc.com
       kmartini@lrrc.com
       nscott@lrrc.com

JAMES J. PISANELLI, Nevada Bar No. 4027
TODD L. BICE, Nevada Bar No. 4534
JORDAN T. SMITH, Nevada Bar No. 12097
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Email: JJP@pisanellibice.com
       TLB@pisanellibice.com
       JTS@pisanellibice.com

JOSEPH M. ALIOTO, *PRO HAC VICE*
JAMIE L. MILLER, *PRO HAC VICE*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA  94104
Tel: 415.434.8900
Fax: 415.434.9200
Email: jmalioto@aliotolaw.com
       jmiller@aliotolaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants. | Case No. 2:19-CV-01667<br><br>**OBJECTION TO NOTICE OF RELATED CASE** |

109623222.1

Plaintiff Las Vegas Sun, Inc. ("Sun"), through its counsel of record, hereby submits this Objection to the Notice of Related Case filed by Defendants Sheldon Adelson, Patrick Dumont, News+Media Capital Group LLC, and Las Vegas Review Journal, Inc. (collectively "Defendants"), purportedly pursuant to LR 42-1.

Under LR 42-1:

> An action may be considered to be related to another action when: (1) Both actions involve the same parties and are based on the same or similar claim; (2) Both actions involved the same property, transaction, or event; (3) Both actions involve similar questions of fact and the same question of law, and their assignment to the same district judge or magistrate judge is likely to effect a substantial savings of judicial effort; (4) Both actions involve the same patent, trademark, or copyright, and one of the factors identified in (1), (2), or (3) above is present; or (5) For any other reason, it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges.

The instant case and Defendants' referenced case are not related here. Instead, Defendants' Notice bears indicia of forum shopping. *Greenspun v. Stephens Media LLC, et al.*, 2:13-cv-01494-JCM-PAL should not be considered to be a related action to *Las Vegas Sun, Inc. v. Adelson*, et al., 2:19-CV-01667-RFB-BNW. The two cases fail to meet the criteria set forth in LR 42-1.

First, the two actions do not involve the same parties. The Plaintiffs in *Greenspun v. Stephens Media LLC, et al.*, 2:13-cv-01494-JCM-PAL were individuals and trusts (Brian L. Greenspun, The Brian L. Greenspun Separate Property Trust, and the Amy Greenspun Arenson 2010 Legacy Trust), distinct from the Plaintiff in this action: the Las Vegas Sun, Inc.. The Defendants in *Greenspun v. Stephens Media LLC, et al.*, 2:13-cv-01494-JCM-PAL, including Stephens Media LLC, Stephens Holding Company of Arkansas, SF Holding Corp., DR Partners, Stephens Media Group, Stephens Media Group, Stephens Media Intellectual Property LLC, Warren A. Stephens, and Michael Ferguson, are also distinct from the Defendants in this action: Sheldon Adelson, Patrick Dumont, News+Media Capital Group LLC, and Las Vegas Review-Journal, Inc.

/ / /

/ / /

109623222.1

Second, the two actions are not based upon the same or similar claims. *Greenspun v. Stephens Media LLC, et al.*, 2:13-cv-01494-JCM-PAL involved claims brought by Mr. Brian Greenspun, his daughter Amy Greenspun Arenson, and their family trusts, in their capacities as subscribers to the Las Vegas Review-Journal and/or minority shareholders in Las Vegas Sun, Inc., to prevent a proposed transaction transferring ownership of a Mark and Domain Name License Agreement for the URL vegas.com from Stephens Media Intellectual Property LLC to Vegas.com, LLC, in exchange for Las Vegas Sun, Inc.'s agreement to terminate its 2005 Joint Operating Agreement between the Las Vegas Sun and Stephens Media LLC and to convey the URL lasvegassun.com to Stephens Media Intellectual Property LLC.  In contrast, *Las Vegas Sun, Inc. v. Adelson*, et al., 2:19-CV-01667-RFB-BNW is an action aimed at the predatory and anti-competitive business conduct of Sheldon Adelson, his son-in-law Patrick Dumont, and their media companies formed in late 2015, News+Media Capital Group LLC, and Las Vegas Review-Journal, Inc., aimed at running the Las Vegas Sun newspaper out of business following Mr. Adelson's December 2015 purchase of the Las Vegas Review-Journal from GateHouse Media LLC.  The allegations in *Las Vegas Sun, Inc. v. Adelson*, et al., 2:19-CV-01667-RFB-BNW, distinct from the 2013 case referenced in Defendants' Notice, involve anti-competitive conduct from December 10, 2015 through to the current date, including: (1) removing a publisher with a proven record of reversing negative business trends, and installing a replacement publisher to execute a predatory scheme to eliminate the Las Vegas Sun; (2) abusing the Review-Journal's control over operations and advertising of the two newspapers (and the accounting thereof) in such a way so as to either put the Las Vegas Sun out of business or to so diminish its value that the Sun would be forced to sell to the Review-Journal at a fire-sale price; (3) redesigning the Review-Journal's front page and the Sun's box with the purpose of making the Sun's presence on the Review-Journal's front page less noticeable and selling advertising products concealing the Sun's front page presence; and (4) threatening involuntary termination of the 2005 Joint Operating Agreement.

/ / /

/ / /

- 3 -

109623222.1

1    As described above, the two actions do not involve the same property, transactions, or events. *Las Vegas Sun, Inc. v. Adelson*, et al., 2:19-CV-01667-RFB-BNW, only involves anti-competitive conduct of the Defendants between December 10, 2015, and the current date. *Greenspun v. Stephens Media LLC, et al.*, 2:13-cv-01494-JCM-PAL involves an effort to prevent a proposed transaction between various separate parties in August, 2013.

Similarly, the two actions do not involve similar questions of fact or the same questions of law and their assignment to the same district judge is unlikely to effect a substantial savings of judicial effort.  There would be no "duplication of labor" as the parties, facts, questions of law are so dissimilar. Given the dissimilarity of the parties and the conduct alleged in the two complaints, there will be no duplication of labor were *Las Vegas Sun, Inc. v. Adelson*, et al., 2:19-CV-01667-RFB-BNW to remain as currently assigned.  Moreover, the passage of time alone is further evidence these actions are not related. *Greenspun v. Stephens Media LLC, et al.*, 2:13-cv-01494-JCM-PAL has been terminated for approximately six years. Since then, the Las Vegas Review Journal has changed ownership two times, and its new owners have sought a campaign of anti-competitive conduct targeted to diminish its only competitor. *See* ECF No. 1.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- 4 -

109623222.1

In sum, the cases are not based upon the same claims or parties, not based upon the same transactions or events, and not based upon the same questions of fact or law. As such, they are not related under any of the factors under LR 42-1. There would be no convenience, expense, or time saved—in fact it would be the opposite—and moreover, it would only cause "prejudice and . . . confusion" given the dissimilarities in the cases. *See, e.g., Narvaes v. EMC Mortg. Corp.*, No. CIV 07-00621 HG-LEK, 2009 WL 1269733, at *2 (D. Haw. May 1, 2009) (citing *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984) and *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990)).

DATED this 30th day of October, 2019.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ E. Leif Reid*
E. Leif Reid, Bar No. 5750
Kristen L. Martini, Bar No. 11272
Nicole Scott, Bar No. 13757
One East Liberty Street, Suite 300
Reno, NV 89501-2128

Joseph M. Alioto, *Pro Hac Vice*
Jamie L. Miller, *Pro Hac Vice*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA 94104

PISANELLI BICE PLLC
James J. Pisanelli, Bar No. 4027
Todd L. Bice, Bar No. 4534
Jordan T. Smith, Bar No. 12097
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

*Attorneys for Plaintiff*

- 5 -

109623222.1

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Lewis Roca Rothgerber Christie LLP, and that on this date, I caused the foregoing **OBJECTION TO NOTICE OF RELATED CASE** to be served by electronically filing the foregoing with the CM/ECF electronic filing system, which will send notice of electronic filing to the following:

> J. Randall Jones, Esq.
> Michael J. Gayan, Esq.
> Mona Kaveh, Esq.
> KEMP, JONES, & COULTHARD, LLP
> 3800 Howard Hughes Parkway, 17th Floor
> Las Vegas, Nevada 89169

I further certify that a copy of the foregoing document was sent by electronic mail to the following:

> Richard L. Stone, Esq.
> Amy M. Gallegos, Esq.
> David R. Singer, Esq.
> JENNER & BLOCK LLP
> 633 West 5th Street, Suite 3600
> Los Angeles, California 90071

DATED this 30th day of October, 2019.

*/s/ Autumn D. McDannald*
An employee of Lewis Roca Rothgerber Christie LLP

- 6 -

109623222.1