1  J. RANDALL JONES, ESQ., SBN 1927
   MICHAEL J. GAYAN, ESQ., SBN 11135
2  MONA KAVEH, ESQ., SBN 11825
   KEMP, JONES & COULTHARD, LLP
3  3800 Howard Hughes Parkway, 17th Floor
4  Las Vegas, Nevada 89169

5  RICHARD L. STONE, ESQ. (*pro hac to be filed*)
   AMY M. GALLEGOS, ESQ. (*pro hac to be filed*)
6  DAVID R. SINGER, ESQ. (*pro hac to be filed*)
7  JENNER & BLOCK LLP
   633 West 5th Street, Suite 3600
8  Los Angeles, California 90071

9  *Attorneys for Defendants*

10              **UNITED STATES DISTRICT COURT**

11                 **DISTRICT OF NEVADA**

12 | LAS VEGAS SUN, INC., a Nevada          | Case No.:  2:19-CV-01667-RFB-BNW
13 | corporation,                           |
   |                                        |
14 |                Plaintiff,              |
   |                                        |
15 | v.                                     |
   |                                        | **RESPONSE TO OBJECTION TO**
16 | SHELDON ADELSON, an individual and     | **NOTICE OF RELATED CASE (ECF NO.**
   | as the alter ego of News+Media Capital | **23)**
17 | Group LLC and as the alter ego of Las  |
   | Vegas Review Journal, Inc.; PATRICK    |
18 | DUMONT, an individual; NEWS+MEDIA      |
   | CAPITAL GROUP LLC, a Delaware          |
19 | limited liability company; LAS VEGAS   |
   | REVIEW-JOURNAL, INC., a Delaware       |
20 | corporation; and DOES, I-X, inclusive, |
21 |                Defendants.             |

22

23        Defendants Las Vegas Review-Journal, Inc., News+Media Capital Group LLC, Sheldon

24 Adelson, and Patrick Dumont (collectively, "Defendants"), by and through their counsel of

25 record, hereby submit this Response to Plaintiff Las Vegas Sun, Inc.'s Objection to Notice of

26 Related Case (ECF No. 23).

27 / / /

28

                                        1

1   **I.      Local Rule 42-1(a) Imposes a Duty to Inform the Court of Related Cases.**

2          Local Rule 42-1 places a mandatory obligation on any "party who has a reason to believe

3   that an action on file or about to be filed is related to another action on file (***whether active or***

4   ***terminated***)" to file a notice of related cases in each such action. The Honorable Jennifer Dorsey

5   exhorted litigants and counsel to comply with this non-discretionary requirement or face the

6   possibility of sanctions. *See Horta-Castrejon v. Sessions*, No. 2:17-cv-01567-JAD-NJK, 2018

7   WL 1124949, at *2 (D. Nev. Mar. 1, 2018) ("Finally, I advise Horta-Castrejon and his counsel to

8   review Local Rule LR 42-1(a), which requires that a notice of related cases 'whether active or

9   terminated' be filed. Using a different alias in a new proceeding does not excuse a party or his

10  counsel from complying with the local rule. Failure to comply with the local rules may result in

11  sanctions.").

12         Here, Defendants filed the Notice of Related Case to meet their obligation to inform the

13  Court that this action is related to the action previously litigated before Judge James C. Mahan of

14  the United States District Court for the District of Nevada: *Greenspun v. Stephens Media LLC, et*

15  *al.*, 2:13-cv-01494-JCM-PAL ("Related Case").

16
    **II.     The Local Rule Broadly Defines Related Cases and Expressly Includes Terminated**
17  **        Cases.**

18         Actions may be considered related to one another in any one of the following

19  circumstances:

20         (1) Both actions involve the same parties and are based on the same or similar
           claim;
21         (2) Both actions involved the same property, transaction, or event;
           (3) Both actions involve similar questions of fact and the same question of law,
22         and their assignment to the same district judge or magistrate judge is likely to
           effect a substantial savings of judicial effort;
23         (4) Both actions involve the same patent, trademark, or copyright, and one of the
           factors identified in (1), (2), or (3) above is present; or
24         (5) For any other reason, it would entail substantial duplication of labor if the
           actions were heard by different district judges or magistrate judges.
25

26  LR 42-1(a).

27         This Action and the Related Action appear to meet the criteria of LR 42-1(a)(1), (a)(3)

28  and/or (a)(5) based on, among other things, the similarity of the allegations and claims between

the cases and the fact that Judge Mahan conducted and presided over a preliminary injunction hearing. *See Greenspun v. Stephens Media LLC, et al.*, 2:13-cv-01494-JCM-PAL, ECF No. 28 (transcript of preliminary injunction hearing).

Unlike the Sun, Defendants decline to engage in ad hominem attacks and arguments about the similarities (or dissimilarities) of the two cases because, by rule, the judges in the two actions will independently review the records and determine whether the two actions meet the relatedness requirements. Instead, Defendants provide the following table of information to assist the Court in comparing the allegations in the two actions:

| Commonality | This Case | Related Case |
|---|---|---|
| The plaintiff in the Related Case was Brian Greenspun; the plaintiff in this case is the Las Vegas Sun, Inc., which is published by Brian Greenspun | ECF No. 1, ¶ 2 | ECF No. 1, ¶ 4 |
| DR Partners dba Stephens Media was a named defendant in the Related Case and its successors-in-interest, News+Media Capital Group LLC and Las Vegas Review-Journal, Inc., are named defendants in this action | ECF No. 1, ¶¶ 5–7 | ECF No. 1, ¶ 41 |
| Both cases involve the same contract – the 2005 joint operating arrangement ("2005 JOA") | ECF No. 1, ¶¶ 23–35 | ECF No. 1, ¶¶ 50–54 |
| The complaints contain overlapping (albeit, inconsistent) antitrust market allegations | ECF No. 1, ¶¶ 36–47 | ECF No. 1, ¶¶ 55–62 |
| Both complaints allege antitrust injury based on defendants' alleged attempt to terminate the 2005 JOA | ECF No. 1, ¶¶ 108–18 | ECF No. 1, ¶¶ 63–94 |
| Both complaints assert a cause of action for attempted monopolization under Section 2 of the Sherman Act, 15 U.S.C. § 2 arising from the alleged termination of the 2005 JOA | ECF No. 1, ¶¶ 128–37 | ECF No. 1, ¶¶ 97–102 |
| Both complaints assert a cause of action for violation of Section 7 of the Clayton Act, 15 U.S.C. § 18 arising from the alleged termination of the 2005 JOA | ECF No. 1, ¶¶ 148–52 | ECF No. 1, ¶¶ 95–96 |
| Both complaints assert a cause of action under the Nevada Unfair Trade Practices Act, NRS 598A | ECF No. 1, ¶¶ 153–58 | ECF No. 1, ¶¶ 103–04 |

| Commonality | This Case | Related Case |
|---|---|---|
| Both complaints seek to enjoin termination of the 2005 JOA | ECF No. 1, 34:17–18 | ECF No. 1, 19:8 |
| Brian Greenspun verified both complaints | ECF No. 1, 36:1–14 | ECF No. 1, 20:1–11 |

Pursuant to LR 42-1, Defendants have concurrently filed this Response to Objection to Notice of Related Case in the *Greenspun v. Stephens Media* matter and served all parties with the same.

DATED November 1, 2019

KEMP, JONES & COULTHARD, LLP

*/s/ Michael Gayan*

J. RANDALL JONES, ESQ., SBN 1927
MICHAEL J. GAYAN, ESQ., SBN 11135
MONA KAVEH, ESQ., SBN 11825
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

RICHARD L. STONE, ESQ. (*pro hac to be filed*)
AMY M. GALLEGOS, ESQ. (*pro hac to be filed*)
DAVID R. SINGER, ESQ. (*pro hac to be filed*)
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071

*Attorney for Defendants*

1

## **PROOF OF SERVICE**

2          I hereby certify that on the 1st day of November, 2019, I served a true and correct copy of

3    the foregoing **RESPONSE TO OBJECTION TO NOTICE OF RELATED CASE (ECF NO.**

4    **23)** via the United States District Court's CM/ECF electronic filing system to all parties on the e-

5    service list.

6

7                                                          */s/ Pamela Montgomery*
                                                      An employee of Kemp, Jones & Coulthard, LLP

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28