E. LEIF REID, Nevada Bar No. 5750
KRISTEN L. MARTINI, Nevada Bar No. 11272
NICOLE SCOTT, Nevada Bar No. 13757
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, NV 89501-2128
Tel:   775.823.2900
Fax:   775.823.2929
Email: lreid@lrrc.com
       kmartini@lrrc.com
       nscott@lrrc.com

JOSEPH M. ALIOTO, *PRO HAC VICE*
JAMIE L. MILLER, *PRO HAC VICE*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA  94104
Tel: 415.434.8900
Fax: 415.434.9200
Email: jmalioto@aliotolaw.com
       jmiller@aliotolaw.com

JAMES J. PISANELLI, Nevada Bar No. 4027
TODD L. BICE, Nevada Bar No. 4534
JORDAN T. SMITH, Nevada Bar No. 12097
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Email: JJP@pisanellibice.com
       TLB@pisanellibice.com
       JTS@pisanellibice.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants. | Case No. 2:19-CV-01667-GMN-BNW<br><br><br>**PROPOSED STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

111619273.1

Plaintiff Las Vegas Sun. Inc. ("Plaintiff"), by and through its counsel of record, the law firms of Lewis Roca Rothgerber Christie LLP, Pisanelli Bice PLLC, and the Alioto Law Firm, and Defendants Sheldon Adelson, Patrick Dumont, News+Media Capital Group LLC, and Las Vegas Review-Journal, Inc. ("Defendants"), by and through their counsel of record, the law firms of Kemp Jones, LLP and Jenner & Block LLP, submit this Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure to protect confidential information and materials that may be made available in the course of discovery in this action,

**IT IS HEREBY ORDERED THAT:**

1. Scope.  This Protective Order shall govern the handling of all documents, depositions, deposition exhibits, interrogatory responses, affidavits and any attached exhibits thereto, or other information produced, given, or exchanged by and among the Parties and any other parties or non-parties to this litigation (collectively, the "Discovery Material") that have been or may be designated CONFIDENTIAL or ATTORNEY'S EYES ONLY pursuant to this Order (the "Protected Material").  This Protective Order is binding upon the Parties, their agents and employees, all counsel for the Parties and their agents and employees, and all persons to whom the disclosure of Protected Material under this Protective Order is made.

2. No Use For Other Purposes.  All Discovery Material, shall be used by the Parties only for the purpose of conducting this litigation, the matter captioned *Las Vegas Sun, Inc. v. News+Media Capital Group LLC, et al.*, Case No. A-18-772951-B (District Court, Clark County, Nevada) (the "State Court Action"), including any appellate proceedings in either litigation, and not by anyone else or for any other purpose.

3. Producing Person and Receiving Person.  Any person or entity who generated (in whole or in part), or provided information contained in any Protected Material, shall be referred to herein as a "Producing Person."  Any person or entity who receives any Protected Material shall be referred to as a "Receiving Person."

- 2 -

111619273.1

4. Counsel. The term "Counsel" shall mean in-house counsel for the respective Parties, as well as outside counsel for the respective parties and other attorneys, paralegals, secretaries, and other support staff employed by outside counsel.

5. Confidentiality Designations. Each Party (or any non-party served with a subpoena duces tecum by a party) that produces or discloses any Discovery Material that the Producing Person believes should be subject to this Protective Order may designate the same as CONFIDENTIAL or ATTORNEY'S EYES ONLY.

   a. CONFIDENTIAL – The Producing Person may designate the following Discovery Material as CONFIDENTIAL: sensitive, confidential, or proprietary technical, business, or financial information which gains value from not being generally known or the disclosure of which would harm the business or reputation of the Producing Person, or other information that the Producing Person reasonably believes in good faith is confidential or otherwise qualifies for protection under Federal Rule of Civil Procedure 26(c).

   b. ATTORNEY'S EYES ONLY – The Producing Person may designate the following Discovery Material as ATTORNEY'S EYES ONLY: sensitive, confidential, or proprietary technical, business, or financial information that the Producing Person reasonably believes in good faith will result in competitive or other harm if any individual who is entitled to review material designated CONFIDENTIAL has access to it. Examples of such Discovery Material are trade secrets, highly confidential business information, and proprietary personnel information.

6. In the event the Producing Person elects to produce Discovery Material for inspection, no marking need be made by the Producing Person in advance of the initial inspection. For purposes of the initial inspection, all Discovery Material produced will be considered as ATTORNEY'S EYES ONLY, and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Discovery Material for copying by the inspecting party, the Producing Party must, within a reasonable time prior to producing the specified Discovery Material to the inspecting party, apply any appropriate confidentiality markings.

111619273.1

7. Whenever a deposition taken on behalf of a party involves the disclosure of CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material of any party or non-party:

    a. The deposition or portions of the deposition must be designated as containing Protected Material subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party or non-party may designate portions of depositions as containing Protected Material after transcription of the proceedings; a party or non-party will have until thirty (30) days after receipt of the deposition transcript to inform the parties to the action of the portions of the transcript to be designated CONFIDENTIAL or ATTORNEY'S EYES ONLY.

    b. The Producing Party will have the right to exclude from attendance at the deposition, during such time as the Protected Material is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and person(s) pursuant to paragraph 9 or 10, below (the parties expressly agree to attempt to accommodate each other's party representatives to the extent practicable and will attempt to provide notice as to when an excluded representative may return to the deposition); and

    c. The originals of the deposition transcripts and all copies of the deposition must bear the legend CONFIDENTIAL or ATTORNEY'S EYES ONLY, as appropriate, and the original or any copy ultimately presented to the court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

8. All Discovery Material designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY must not be disclosed by the Receiving Person to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than set forth in paragraph 2, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

9. Discovery Material designated ATTORNEY'S EYES ONLY may be viewed only by:

    a. Counsel (as defined in paragraph 4 above) of the Receiving Person;

b. Independent experts and stenographic and clerical employees associated with such experts, provided that they execute the attached Exhibit A). Prior to receiving any Protected Material of the Producing Person, the expert must execute a copy of the Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A. Counsel for the Receiving Person must retain executed copies of such exhibits;

c. The Court and any Court staff and administrative personnel;

d. Any court reporter employed in this litigation and acting in that capacity; and

e. Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action.

10. Discovery Material designated CONFIDENTIAL may be viewed only by the individuals listed in paragraph 9 above, and by the additional individuals listed below:

a. Party principals or executives who are required to participate in policy decisions with reference to this action;

b. Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action; and

c. Stenographic and clerical employees associated with the individuals identified above.

11. All information that has been designated as ATTORNEY'S EYES ONLY by the Producing Person, and any and all reproductions of that information, must be retained in the custody of the Counsel for the Receiving Person, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation, but only during the course of this litigation.

12. Before any Protected Material is filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. Unless otherwise permitted by statute, rule or prior order, papers filed with the court under seal

111619273.1

shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be consistent with the court's electronic filing procedures in LR IA 10-5.

13. At any stage of these proceedings, any party may object to a designation of Discovery Material as Protected Material. The parties agree that disputes over the designations of Protected Material shall be resolved by the process identified in paragraph 6 of the Discovery Plan and Scheduling Order (Dkt. No. 74), or by such other process as the Court may direct.

14. All Protected Material must be held in confidence by those inspecting or receiving it. To the extent the Protected Material has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this action, or as set forth in paragraph 2. If the Protected Material was exchanged between the parties and/or producing non-party prior to and apart from this litigation for purposes of conducting their respective businesses, the parties may continue to use that otherwise Protected Material for that purpose. The parties may not distribute the Protected Material beyond those persons or entities that had received the Protected Material prior to this litigation. In addition, Counsel for each party, and each person receiving Protected Material, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Protected Material is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized or inadvertent disclosure must (a) immediately bring all pertinent facts relating to the disclosure to the attention of the other parties; (b) use its best efforts to retrieve all copies of the Protected Material; and (c) without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the disclosure (including asking such person(s) receiving the disclosure to execute the "Agreement to Be Bound by Stipulated Protective Order" attached hereto as Exhibit A).

15. No party will be responsible to a Producing Person for disclosure of Protected Material under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

111619273.1

16.     If a party or non-party, through inadvertence, produces any Discovery Material without labeling or marking or otherwise designating it as such in accordance with this Order, the Producing Person may give written notice to the Receiving Person that the Discovery Material produced are deemed Protected Material, and that the Discovery Material produced should be treated as such in accordance with the appropriate designation under this Order.  If the Receiving Person has disclosed the Discovery Material before receiving the designation, the Receiving Person must notify the Producing Person in writing of each such disclosure.  Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Discovery Material as CONFIDENTIAL or ATTORNEY'S EYES ONLY.

17.     If a non-party produces Discovery Material that a party reasonably believes should be designated as Protected Material, that party may designate such Discovery Material as CONFIDENTIAL or ATTORNEY'S EYES ONLY by providing written notice to the other parties and the non-party.

18.     Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

19.     Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Protected Material, provided that the contents of the information must not be disclosed.

20.     This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Protected Material.  The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21.     Discovery Material designated as Protected Material pursuant to this Order also may be disclosed if:

    a.     the Producing Person making the designation consents to such disclosure;

    b.     the Court, after notice to all affected persons, allows such disclosure; or

111619273.1

      c.    the Receiving Person becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the Producing Person, and permits Counsel sufficient time to intervene and seek judicial protection order in the action in which the subpoena was issued.

      d.    mock jury participants and jury consultants (not more than fifty (50) individuals per side), who, prior to the Disclosure and their receipt of Discovery Materials, counsel for the Party making the Disclosure shall deliver a copy of this Stipulated Confidentiality and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.  Counsel must retain executed copies of the Exhibit As executed by each mock jury participant and consultant.  The parties may not disclose ATTORNEY'S EYES ONLY materials to mock jury participants. Subject to the conditions in this paragraph, mock jurors shall not be permitted to take home or keep any documents, notes, or other materials created or used by, or provided to, them during any research session, and counsel shall take measures to ensure and account for return of all such materials before dismissing each mock jury participant.  Additionally, each mock juror must verify, in writing, that neither they nor members of their immediate family or household are employed by, or affiliated with, a party, a party's affiliate, or a party-affiliate competitor.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulated Confidentiality and Protective Order by any mock jury participant or jury consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach.

22.    Nothing in this Confidentiality Order shall limit any Producing Person's use of its own documents or shall prevent any Producing Person from disclosing its own Protected Material to any person.  Such disclosures shall not affect any confidentiality designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.  Nothing in this Order shall prevent or otherwise

111619273.1

restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of Protected Material.

23. The restrictions and obligations set forth within this Order will not apply to any information that:

 a. the parties (and as applicable, producing non-party) agree should not be designated Protected Material;

 b. the parties agree (and as applicable, producing non-party), or the Court rules, is already public knowledge; or

 c. the parties agree (and as applicable, producing non-party), or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Person, its employees, or its agents, in violation of this Order.

24. Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

27. Upon termination of this litigation and the State Court Action, the originals and all copies, whether exact copies, compilations, digests, or non-exact copies in any form, of Discovery Materials shall, within thirty (30) days, be returned to the entity who produced such Discovery Materials (with the resulting shipping expense to be paid by the producing entity), or shall be destroyed (together with a written certification of the complete destruction of the Discovery Materials), or shall otherwise be disposed as may be mutually agreeable among the applicable entity(ies). Nevertheless, counsel of record may retain their file copies of all filings, official transcripts, exhibits, and other such materials deemed necessary to comply with professional and ethical obligations, provided that counsel continues to treat all Discovery Materials in the manner provided in this Order. Notwithstanding the provisions of this paragraph, inaccessible copies of

111619273.1

confidential or proprietary material, including electronic copies created through the routine operation of the recipient(s)' standard archival and backup procedures, do not need to be returned or destroyed.

28. After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and Receiving Persons for enforcement of the provisions of this Order following termination of this litigation.

DATED this 1st day of July, 2020.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ E. Leif Reid*
E. Leif Reid, Bar No. 5750
Kristen L. Martini, Bar No. 11272
Nicole Scott, Bar No. 13757
One East Liberty Street, Suite 300
Reno, Nevada 89501

PISANELLI BICE PLLC
James J. Pisanelli, Bar No. 4027
Todd L. Bice, Bar No. 4534
Jordan T. Smith, Bar No. 12097
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

ALIOTO LAW FIRM
Joseph M. Alioto, *Pro Hac Vice*
Jamie L. Miller, *Pro Hac Vice*
One Sansome Street, 35th Floor
San Francisco, California 94104

*Attorneys for Plaintiff*

KEMP JONES, LLP

By: */s/ Michael J. Gayan*
J. Randall Jones, Bar No. 1927
Michael J. Gayan, Bar No. 11135
Mona Kaveh, Bar No. 11825
3800 Howard Hughes Parkway,
17th Floor
Las Vegas, Nevada 89169

JENNER & BLOCK LLP
Richard L. Stone, *Pro Hac Vice*
Amy M. Gallegos, *Pro Hac Vice*
David R. Singer, *Pro Hac Vice*
633 West 5th Street, Suite 3600
Los Angeles, California 90071

*Attorneys for Defendants*

IT IS SO ORDERED

DATED:  4:39 pm, July 06, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

- 10 -

111619273.1

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation, | **Case No. 2:19-CV-01667-GMN-BNW** |
| Plaintiff, | |
| v. | |
| SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive, | |
| Defendants. | |

### AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Stipulated Confidentiality and Protective Order (the "Order") entered in *Las Vegas Sun, Inc. v. Sheldon Adelson, et al.*, and have received a copy of the Order.

3. I promise that I will use any and all CONFIDENTIAL information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such CONFIDENTIAL information with anyone other than the persons described in paragraphs 5 and 6 of the Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the

111619273.1

jurisdiction of the United States District Court of Nevada with respect to the enforcement of the Order.

6. I understand that any disclosure or use of CONFIDENTIAL information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

7. I will return all CONFIDENTIAL Discovery Material (as defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Discovery Material or any information contained within CONFIDENTIAL Discovery Material.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____   _____
                                               Signature

111619273.1