UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAS VEGAS SUN, INC., | Case No. 2:19-cv-01667-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| SHELDON ADELSON, et al., | |
| Defendants. | |

Presently before the Court is Plaintiff Las Vegas Sun, Inc.'s ("The Sun's") motion to seal. ECF No. 38. Defendants did not file a response or otherwise oppose this motion.

The Sun seeks to seal Exhibits 6, 8, and 11 to The Sun's Opposition to Defendants' Motion to Dismiss Complaint and Joinder Therein ("The Sun's Opposition"). ECF No. 39. The exhibits The Sun seeks to seal contain hearing transcripts and a statement from a 2016 arbitration. ECF No. 109-3. The exhibits were designated confidential pursuant to the Settlement Agreement. ECF No. 38 at 3. However, the Court finds that The Sun has not met the compelling reasons standard required to seal the above-mentioned documents and will therefore deny The Sun's motion without prejudice. The Sun shall have until September 4 to file a new motion consistent with this opinion.

**I.   Background**

By way of background, the allegations in this case overwhelmingly focus on whether defendants violated federal antitrust laws. ECF No. 1.

**II.   Analysis**

The public has the right to inspect and copy judicial records and documents, but this right is not absolute. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). If a party seeks to seal judicial records filed in connection with a dispositive motion, the party must

1  meet the "compelling reasons" standard. *Id.* at 1178-79. This standard also applies if the motion
2  is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp.,*
3  *LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The party seeking to seal judicial records bears the
4  burden to "articulate compelling reasons supported by specific factual findings." *Kamakana*, 447
5  F.3d at 1178. Compelling reasons must outweigh public policies favoring disclosure, including
6  "public interest in understanding the judicial process." *Id*. Generally, there are compelling
7  reasons to seal judicial documents when the documents "might have become a vehicle for
8  improper purposes." *Id*. at 1179. This includes records that "gratify private spite, promote public
9  scandal, circulate libelous statements, or release trade secrets." *Id*. But records that cause
10 "embarrassment, incrimination, or exposure to further litigation will not, without more, compel
11 the court to seal its records." *Id*.

12 If a party seeks to seal judicial records filed in connection with a non-dispositive motion
13 that is not "more than tangentially related to the merits of a case[,]" the party is subject to the less
14 burdensome "good cause" standard. *Ctr. for Auto Safety*, 809 F.3d at 1101; *Kamakana*, 447 F.3d
15 at 1178-79; *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). There is a lesser
16 need for public access to such judicial records because these documents are often "unrelated, or
17 only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179.

18 Here, The Sun seeks to seal exhibits that contain transcripts of testimony and a statement
19 from a 2016 arbitration proceeding that resulted in a settlement agreement. ECF No. 38 at 3-4.
20 The Sun argues that the exhibits should be sealed because they were designated confidential
21 pursuant to the Settlement Agreement. *Id*.

22 The Court finds that The Sun's motion is subject to the compelling reasons standard. The
23 Sun's Opposition directly addresses the merits of its antitrust claims in response to a potentially
24 dispositive motion. ECF No. 39. Therefore, The Sun's Opposition is "more than tangentially
25 related to the merits of [this] case." *See Ctr. for Auto Safety*, 809 F.3d at 1101. Accordingly, the
26 compelling reasons standard applies. *Id*.

...

The Court finds that The Sun does not meet the compelling reasons standard. Although The Sun asserts that these documents were designated confidential pursuant to the Settlement Agreement, The Sun does not cite any authority for the proposition that this justification alone meets the compelling reasons standard articulated in *Kamakana*. 447 F.3d at 1178. Nor does The Sun point to facts that show how public access to the exhibits could be used as a "vehicle for improper purposes." *Kamakana*, 447 F.3d at 1179. As such, the Sun has not overcome the strong presumption in favor of public access. *Id*. at 1178.

### III. Conclusion

**IT IS ORDERED** that Plaintiff's motion to seal (ECF No. 38) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have until September 4, 2020 to articulate compelling reasons to seal the documents consistent with this opinion. The court will maintain these documents under seal until then and will unseal them if no motion is filed prior to that deadline or no compelling reasons are articulated in any subsequent motion.

DATED: August 6, 2020

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE