1  E. LEIF REID, Nevada Bar No. 5750              JOSEPH M. ALIOTO, PRO HAC VICE
   KRISTEN L. MARTINI, Nevada Bar No. 11272       JAMIE L. MILLER, PRO HAC VICE
2  MARLA J. HUDGENS, Nevada Bar No. 11098         ALIOTO LAW FIRM
   NICOLE SCOTT, Nevada Bar No. 13757             One Sansome Street, 35th Floor
3  LEWIS ROCA ROTHGERBER CHRISTIE LLP             San Francisco, CA 94104
   One East Liberty Street, Suite 300             Tel: 415.434.8900
4  Reno, NV 89501-2128                            Fax: 415.434.9200
   Tel:   775.823.2900                            Email: jmalioto@aliotolaw.com
5  Fax:   775.823.2929                                   jmiller@aliotolaw.com
   Email: lreid@lrrc.com
6         kmartini@lrrc.com
          mhudgens@lrrc.com
7         nscott@lrrc.com

8
   JAMES J. PISANELLI, Nevada Bar No. 4027
9  TODD L. BICE, Nevada Bar No. 4534
   JORDAN T. SMITH, Nevada Bar No. 12097
10 PISANELLI BICE PLLC
   400 South 7th Street, Suite 300
11 Las Vegas, Nevada 89101
   Telephone: 702.214.2100
12 Email: JJP@pisanellibice.com
          TLB@pisanellibice.com
13        JTS@pisanellibice.com

14 *Attorneys for Plaintiff*

15                              UNITED STATES DISTRICT COURT
                                     DISTRICT OF NEVADA
16

17 | LAS VEGAS SUN, INC., a Nevada corporation, | Case No. 2:19-CV-01667-GMN-BNW |
   |---|---|
18 | Plaintiff, | |
19 | v. | **PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL [EXHIBITS 3, 4, 7, AND 8 TO REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL (ECF NO. 135)] AND REFERENCES THERETO]** |
20 | SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive, | |
26 | Defendants. | |

27

28

112414016.1

Pursuant to LR IA 10-5 of the Local Rules of Practice for the United States District Court of Nevada, Plaintiff Las Vegas Sun, Inc. ("Sun"), by and through its counsel of record, the law firms of Lewis Roca Rothgerber Christie LLP, Pisanelli Bice PLLC, and the Alioto Law Firm, hereby requests leave to file under seal Exhibit Nos. 3, 4, 7, and 8, in support of the contemporaneously filed Reply in support of Plaintiff's Motion to Compel [ECF No. 135] ("Reply"), and portions of the Reply, which reference, discuss, and cite to the documents contained in these Exhibits. Exhibit No. 3 contains communications the Defendants designated as confidential in a previous related proceeding, which the Sun reproduced in the instant litigation; Exhibit No. 4 contains briefings and orders from the previous related proceeding; Exhibit No. 7 contains communications the Defendants designated as confidential; and Exhibit No. 8 contains information designated confidential under a release and settlement agreement. The Motion is based upon the following Memorandum of Points and Authorities.

DATED this 29th day of September, 2020.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ E. Leif Reid*
E. Leif Reid, Bar No. 5750
Kristen L. Martini, Bar No. 11272
Marla J. Hudgens, Bar No. 11098
Nicole Scott, Bar No. 13757
One East Liberty Street, Suite 300
Reno, NV 89501-2128

PISANELLI BICE PLLC
James J. Pisanelli, Bar No. 4027
Todd L. Bice, Bar No. 4534
Jordan T. Smith, Bar No. 12097
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

ALIOTO LAW FIRM
Joseph M. Alioto, *Pro Hac Vice*
Jamie L. Miller, *Pro Hac Vice*
One Sansome Street, 35th Floor
San Francisco, CA 94104

*Attorneys for Plaintiffs*

112414016.1

# MEMORANDUM OF POINTS AND AUTHORITIES

Contemporaneous with this Motion for Leave to File Documents Under Seal ("Motion"), the Sun filed its Reply in support of Plaintiff's Motion to Compel [ECF No. 135] ("Reply") with Exhibits. Exhibit Nos. 3 and 4 attached to the Reply contain communications and other records that were either designated as confidential by the RJ[1] in the prior American Arbitration Association proceeding between the same parties, No. 01-18-0000-7567, or were part of the proceeding ("2019 AAA Proceeding"). All documents produced during the 2019 AAA Proceeding were exchanged subject to an all-encompassing confidentiality agreement of the parties, and all records, transcripts, briefing, and orders are subject to a blanket confidentiality designation. The Sun re-produced certain of these documents in the instant litigation, and therefore designated them as confidential. While the Sun does not believe that the communication and other documents contained in the Reply and/or its exhibits are confidential in nature, it nevertheless files portions of its Reply and Exhibit Nos. 3, 4, 7, and 8 under seal, with the communication at issue redacted from the Reply and Exhibit No. 3, pursuant to the parties' Stipulated Protective Order. Exhibit No. 7 contains a document produced by Defendants in the instant case that Defendants have designated confidential. Exhibit No. 8 contains documents derived from a 2016 arbitration proceeding that resulted in a Settlement Agreement and Release dated December 13, 2016 ("Settlement Agreement") between the following parties: (Plaintiff) Las Vegas Sun, Inc., Stephens Media LLC, (Defendant) News+Media Capital Group LLC, (Defendant) Las Vegas Review Journal, Inc., DB Acquisition, Inc., and New Media Investment Group, Inc. This Exhibit was designated confidential pursuant to the Settlement Agreement.

"A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions" such as discovery motions. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citation omitted). Under the "good cause" standard, district courts have "broad latitude to grant protective orders to prevent disclosure

---

[1] Defendants are collectively referred to as the "RJ."

112414016.1

of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. GMC,* 307 F.3d 1206, 1212 (9th Cir. 2002).

In the present case, the information sought to be protected includes Exhibit Nos. 3, 4, 7, and 8. Exhibit 3 contains a communication produced by the RJ in the 2019 AAA Proceeding described above. Exhibit 4 contains the parties' briefing and a discovery order from the same proceeding. Exhibit 7 are communications produced by the RJ that it designated confidential in the instant lawsuit.

Exhibit 8 transcript testimony from the 2016 arbitration between the Sun and non-parties to this lawsuit. Those proceedings ultimately resulted in a confidential settlement and release, and the above-referenced Settlement Agreement.[2]

The documents therefore are entitled to confidentiality protection and the Sun requests that the Court seal the following:

1. <u>Exhibit 3</u>: the image of an RJ communication that was produced during the 2019 arbitration and where the RJ designated the communication confidential;

2. <u>Exhibit 4</u>: briefings and an order from the 2019 AAA proceeding;

3. <u>Exhibit 7</u>: communications produced by the RJ in the instant litigation that the RJ has designated as confidential;

3. <u>Exhibit 8</u>: arbitration hearing transcript excerpts from the 2016 arbitration discussing Mr. Hinueber's employment status.

Good cause for sealing Exhibit Nos. 3 and 4 exists because of non-movant, the RJ's, designation of the communication as confidential during the 2019 AAA proceeding and documents related thereto, and because the court has not yet ruled on the appropriateness of these confidentiality designations.[3] Exhibit 7 contains documents designated by the RJ in the instant case as confidential. And as Exhibit 8 was designated confidential as part of the

---

[2] Pursuant to the Settlement Agreement, the admitted exhibits, testimony, and any pleadings were to remain confidential.
[3] The Court set a hearing for October 6th to resolve issues surrounding the Stipulated Protective Order.

112414016.1

2016 arbitration and ultimate Settlement Agreement, the Sun has filed this document under seal. The Sun has also redacted the referenced portions to the Exhibits within the Reply.

DATED this 29th day of September, 2020.

          LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ E. Leif Reid*
E. Leif Reid, Bar No. 5750
Kristen L. Martini, Bar No. 11272
Marla J. Hudgens, Bar No. 11098
Nicole Scott, Bar No. 13757
One East Liberty Street, Suite 300
Reno, NV 89501-2128

PISANELLI BICE PLLC
James J. Pisanelli, Bar No. 4027
Todd L. Bice, Bar No. 4534
Jordan T. Smith, Bar No. 12097
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

ALIOTO LAW FIRM
Joseph M. Alioto, *Pro Hac Vice*
Jamie L. Miller, *Pro Hac Vice*
One Sansome Street, 35th Floor
San Francisco, CA 94104

*Attorneys for Plaintiffs*

- 5 -

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Lewis Roca Rothgerber Christie LLP, and that on this date, I caused the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL [EXHIBITS 3, 4, 7, AND 8 TO REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL (ECF NO. 135) AND REFERENCES THERETO]** to be served by electronically filing the foregoing with the CM/ECF electronic filing system, which will send notice of electronic filing to the following:

> J. Randall Jones, Esq.
> Michael J. Gayan, Esq.
> Mona Kaveh, Esq.
> KEMP JONES LLP
> 3800 Howard Hughes Parkway, 17th Floor
> Las Vegas, Nevada 89169
>
> Richard L. Stone, Esq.
> Amy M. Gallegos, Esq.
> David R. Singer, Esq.
> JENNER & BLOCK LLP
> 633 West 5th Street, Suite 3600
> Los Angeles, California 90071

DATED this 29th day of September, 2020.

　　　　　　　　　　　　　　　　　*/s/ Jessica Helm*
　　　　　　　　　　　　　　　　　An Employee of Lewis Roca Rothgerber Christie LLP

- 6 -

112414016.1