J. RANDALL JONES, ESQ., SBN 1927
r.jones@kempjones.com
MICHAEL J. GAYAN, ESQ., SBN 11135
m.gayan@kempjones.com
MONA KAVEH, ESQ., SBN 11825
m.kaveh@kempjones.com
KEMP JONES LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000

RICHARD L. STONE, ESQ. (*pro hac vice*)
rstone@jenner.com
DAVID R. SINGER, ESQ. (*pro hac vice*)
dsinger@jenner.com
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
agallegos@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-01667-GMN-BNW<br><br>**DEFENDANTS' MOTION FOR AN ORDER OVERRULING THE LAS VEGAS SUN'S TESTIFYING EXPERT WORK-PRODUCT OBJECTIONS FOR ELIZABETH CAIN'S DOCUMENTS AND COMPELLING IMMEDIATE PRODUCTION OF DOCUMENTS WITHHELD ON THAT BASIS**<br><br>Hearing Date: November 17, 2020<br>Hearing Time: 9:00 a.m. |

1  I.      **Introduction.**

2       In June 2020, the Sun stated in a sworn declaration that Elizabeth Cain testified as an expert in the parties' 2016 arbitration. Ms. Cain is the consultant who devised the argument that the plain-language reading of the 2005 JOA that the parties had been following for nine years was wrong, and that the Review-Journal therefore owed the Sun millions in allegedly under-paid profits payments. The Sun represented that Cain had been a testifying expert so that it could invoke the expert work-product privilege under Rule 26(b)(4) to shield from discovery documents relating to her analysis and interpretation of the JOA.[1]

       At the August 25 hearing on the Sun's motion, the Sun again claimed that Ms. Cain had been a testifying expert in the 2016 arbitration. In response to the Court's observation that there was a period of time where Ms. Cain was a business consultant and not a testifying expert, the Sun represented to the Court that Ms. Cain had become a testifying expert in July 2014, almost immediately after she supposedly discovered that the parties had been accounting for editorial costs incorrectly under the JOA.[2] The Sun's representation was not an isolated incident—at the hearing, the Sun told the story of how Ms. Cain purportedly became a testifying expert in July 2014 multiple times, and argued repeatedly that she testified as an expert in the 2016 arbitration.[3]

       The Sun's representations were false. After the August 25 hearing, the Sun finally produced a transcript of the 2016 arbitration to the Review-Journal's current counsel. That transcript shows that, in the arbitration, ███████████████████████████



---

[1] Rule 26(b)(4) protects work product and certain communications of testifying experts from disclosure. *See* Fed. R. Civ. P. 26(b)(4)(A)–(C).
[2] ECF No. 126 (8/25/20 Tr.) at 9:19–10:10.
[3] *See, e.g., id.* at 13:2–13. 24:6–9, 23:5–6, 28:5–14, 29:10–11.

**Exhibit A** (Gayan Decl.) at ¶ 4; **Exhibit B** (SUN_00020868–69) (emphasis added). The Sun had exclusive access to this transcript because the arbitration involved the Review-Journal's prior owner, yet neither the Sun nor its counsel informed the Court that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Moreover, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the supporting evidence that the Sun produced to establish when Ms. Cain was retained as an expert—Ms. Cain's invoices and a declaration of Geenspun Media Group's Chief Operating Officer—do not show that Ms. Cain was an expert witness prior to February 2019.

Even though it is now indisputable that Ms. Cain was **not** a testifying expert at the 2016 arbitration and therefore documents prior to her formal retention as an expert in February 2019 **cannot** be protected by the work-product privilege, the Sun is still withholding her documents from dates prior to February 2019 on this basis. Accordingly, the Court should overrule the Sun's objections to producing documents on the grounds that Ms. Cain was acting as its testifying expert prior to February 20, 2019, when it formally retained her, and the Court should order the Sun to produce any documents dated prior to February 20, 2019, that are being withheld on this basis.

## II. Relevant Background.

### A. The Sun opposes the disclosure of Ms. Cain's documents by asserting under oath that she was a testifying expert in the 2016 arbitration.

Defendants served a subpoena on Ms. Cain in June 2020. The subpoena sought, among other things, documents containing and evidencing her advice regarding and analysis of the JOA, communications with the Sun regarding the JOA, and documents concerning her interpretation of the JOA. *See* ECF No. 80-2.

The Sun moved for a protective order on June 24 to prevent the disclosure of Ms. Cain's documents. The primary basis for the Sun's motion was that Ms. Cain had been its testifying expert witness during prior arbitrations against the Review-Journal in 2016 and 2019, and therefore her documents and communications from 2014 onward were protected from disclosure

by the work-product doctrine, pursuant to Federal Rule of Civil Procedure 26(b)(4). ECF No. 80 at 2–3, 5–6, 15–17; ECF No. 99 at 1, 3, 5, 8–12.

In support of the motion, the Sun's counsel—who also represented the Sun in the 2016 and 2019 arbitrations—submitted a declaration under oath stating that "**Ms. Cain testified as a fact witness and expert witness in that arbitration in 2016.**" Reid Decl., ECF 80-1, ¶ 8 (emphasis added). Defendants' current counsel did not participate in either arbitration proceeding and did not have access to the 2016 arbitration transcript. **Exhibit A** at ¶ 9.

**B.     The Sun repeatedly represents to the Court that Ms. Cain was a testifying expert in the 2016 arbitration.**

Much of the argument at the August 25 hearing on the Sun's motion centered around the date at which Ms. Cain was retained as expert. The date was of critical importance because the Sun was attempting to invoke Rule 26(b)(4) to shield Ms. Cain's analysis and interpretation of the JOA from disclosure, and only documents created or exchanged while she was a testifying expert would be protected by that rule. *E.g.*, ECF No. 126 at 16:7–9. The Review-Journal was concerned about the expert work-product privilege being invoked to withhold documents created or exchanged prior to 2019 because it had not seen evidence that Ms. Cain was retained as a testifying expert prior to the 2019 arbitration. *Id*. at 20:22–22:4. The Review-Journal had different owners and different counsel in 2016, meaning the current owners and counsel were not involved in the 2016 arbitration. *See id*. at 30:18–31:8.

At the hearing, the Sun repeatedly assured the Court that Ms. Cain had been hired as a testifying expert in 2014. For example, the Sun's counsel explained to the Court the circumstances under which Ms. Cain purportedly became an expert witness in 2014:

> Mr. Reid: . . . So just by way of background, very brief background, Ms. Cain was -- started working on this matter in 21 July of -- late June, last couple days of June, early July of 22 2014. She within a few weeks identified the issue of the editorial expenses. . . . On July 23rd, she initiated a telephonic conference with the Review-Journal's prior general counsel, his name was Mark Hinueber, to talk about the financials, confirmed from the R-J that the editorial expenses were deducting the JOA payments to the Sun. And I got a call shortly after that this litigation started. In our conversations which have evolved between parties, **Ms. Cain became an expert for the Sun after that conversation with the R-**

3

> **J's general counsel. Litigation has ensued. She's testified as an expert witness in both arbitration hearings**.

ECF No. 126 at 9:19–10:10 (emphasis added). Later in the hearing, when the Court asked whether there was a period of time where Ms. Cain was a business consultant before she became an expert, the Sun's counsel repeated the same story, claiming that Ms. Cain called the Review-Journal's General Counsel on July 23, 2014, and "**she became an expert witness in the litigation at that time**." *Id*. at 12:11–13:10 (emphasis added).

After twice telling the story of how Ms. Cain was supposedly retained as an expert in 2014, the Sun emphasized the point again and again, telling the Court "**there's no dispute, no reasonable dispute that Ms. Cain was an expert witness serving for the Sun in the 2016 arbitration and when that dispute commenced, which was in late July of 2014**." ECF No. 126 at 24:6–9 (emphasis added); *see also id*. at 23:5–6, 28:5–6. The Sun even insinuated that the Review-Journal knew Ms. Cain was a testifying expert in 2016 and intentionally issued the subpoena to burden her by requiring her to log thousands of items of work product going back multiple years. *Id*. at 28:7–29:14. The Sun's counsel never mentioned that ███████████ ████████████████████████████████████████████████ instead, this was concealed from the Court and the Review-Journal until after the August 25 hearing.

    **C.**    **The Court orders the Sun to provide an affidavit and invoices documenting when Ms. Cain was retained as an expert witness.**

The Court ruled on the Sun's motion on September 4, 2020. The Court denied the Sun's motion but noted that the protections of Rule 26(b)(4)(C) would apply to information provided during the course of Ms. Cain's tenure as an expert witness. *See* ECF No. 134 at 7:14–19. Accordingly, the Court directed the Sun to "provide an affidavit to the Review-Journal and any invoices . . . demonstrating when Ms. Cain was retained as a testifying expert witness" and to provide a log noting the documents that the Sun claimed were privileged on that basis. *Id*. at 7:14–8:2.

4

**D.     The affidavit and invoices provided by the Sun do not support its claim that Ms. Cain was a testifying expert in the 2016 arbitration.**

Two weeks after the Court ruled, the Sun provided a declaration from Robert Cauthorn, the Chief Operating Officer of Greenspun Media Group. Mr. Cauthorn pointedly *did not* attest that Ms. Cain testified as an expert in the 2016 arbitration. **Exhibit A** at ¶ 5; **Exhibit C** (Cauthorn Decl.) ¶ 7 (describing the substance of Ms. Cain's testimony during the 2016 arbitration, but not referring to her as the Sun's expert). By contrast, Mr. Cauthorn explicitly testified that Ms. Cain acted as the Sun's expert witness during the 2019 arbitration, and described her formal retention as the Sun's expert in February 2019. *Id.* ¶ 10.

Similarly, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, **Exhibit A** at ¶ 6; **Exhibit D** (SUN_CAIN_00000822) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **Exhibit A** at ¶ 7; **Exhibit E** (SUN_CAIN_00000840) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Again, that is in sharp contrast to Ms. Cain's invoice for her expenses incurred during the 2019 arbitration, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **Exhibit A** at ¶ 8; **Exhibit F** (SUN_CAIN_00000442).

**E.     The Review-Journal discovers that Ms. Cain denied under oath that she was an expert witness in the 2016 arbitration.**

After the argument on the Sun's motion for a protective order, on August 27, the Sun produced a tranche of over 12,000 pages of documents. **Exhibit A** at ¶ 9. Included among them was the transcript of the 2016 arbitration. *Id.*

When the Review-Journal's counsel discovered the transcript in the course of reviewing the Sun's production, they learned for the first time that—contrary to the Sun's express representations in its papers and at the August 25 hearing—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5



**Exhibit B** (SUN_00020868–69) (emphasis added).

Defendants sent the Sun's counsel a letter detailing these issues on October 8, **Exhibit A** at ¶ 10, then discussed this issue at length during a meet-and-confer session on October 19. *Id.* The Sun insisted that, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ms. Cain had been a testifying expert since 2014 and declined to withdraw its work-product objections for documents prior to her 2019 retention as an expert by the Sun. *Id.*

### III. This Court Should Overrule the Sun's Work-Product Objections.

The Sun is withholding scores of documents in Ms. Cain's possession from the 2014–19 time period on the ground that they are supposedly protected by the work-product doctrine due to Ms. Cain's status as a testifying expert in the 2016 arbitration. With a few limited exceptions, communications between a *testifying* expert and a party's attorney are protected by the work-product doctrine. FED. R. CIV. P. 26(b)(4); *Republic of Ecuador v. Mackay*, 742 F.3d 860, 869–70 (9th Cir. 2014). As "the party claiming the protection," the Sun "bears the burden of demonstrating the applicability of the work product doctrine." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 634 (D. Nev. 2013) (citing *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988)). For the purposes of this motion, that means that the Sun bears the burden of substantiating that Ms. Cain acted as its testifying expert prior to her engagement in February 2019.

The Sun cannot meet this burden. Despite having multiple opportunities to substantiate its claim, the Sun has provided no evidence that it retained Ms. Cain as a testifying expert in connection with the 2016 arbitration or at any point prior to February 2019. To the contrary, all

evidence points inescapably to the conclusion that the expert work-product privilege does not apply to her documents prior to February 20, 2019.

First, Ms. Cain testified under oath that she ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ This is conclusive proof that she was not an expert at that time, and the Sun therefore cannot invoke Rule 26(b)(4) to shield her documents from production. The Sun has plainly known this all along because—unlike the Review-Journal—it was owned by the same person and represented by the same counsel at the 2016 arbitration as it is now. **Exhibit B** (SUN_00020868–69).

Second, the invoices that the Sun represented would establish her role as an expert prior to 2019 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[4] **Exhibits D–E** (SUN_CAIN_00000822), (SUN_CAIN_00000840). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ However, they are inconsistent with the Sun's statements in its papers to this Court and at the August 25 hearing that Ms. Cain was retained as a testifying expert in 2014.

Third, the Sun's declarant did not state that Ms. Cain acted as the Sun's expert in the 2016 arbitration or that it had retained her as an expert at any time prior to February 2019. **Exhibit C** (Cauthorn Decl.) ¶¶ 7, 10. This, again, is consistent with Ms. Cain's sworn denial that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and is inconsistent with the Sun's representations to this Court.

The Sun's work-product objections must be overruled. It has not substantiated its claim that Ms. Cain became a testifying expert witness for the 2016 arbitration in the summer of 2014, and it obviously cannot substantiate that claim given Ms. Cain's testimony that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ On these facts, the Sun has no business continuing to assert expert work-product objections for the pre-2019 time period. This Court should issue an order overruling

---

[4] In 2016, Ms. Cain began working at a non-profit organization, and her employment contract evidently precludes the Sun from compensating her. **Exhibit C** (Cauthorn Decl.) ¶ 4.

1  the Sun's objections asserting Ms. Cain was its testifying expert witness for any documents or
2  communications prior to her formal retention in February 2019, and should order the Sun to
3  produce any documents being withheld on that basis. *See Phillips*, 290 F.R.D. at 642–43 (ordering
4  documents produced because the defendants were unable to substantiate their privilege
5  objections).

6  **IV.   Conclusion.**

7       The Sun's assertions that Ms. Cain was a testifying expert prior to February 2019 are false.
8  Therefore, the Sun has no basis to object on work-product grounds to Ms. Cain producing
9  documents created before February 2019. As a result, this Court should grant Defendants' motion
10 overruling the Sun's objections and compel production of the documents with seven days.

11      Dated: October 27, 2020.

                                                  KEMP JONES LLP

                                                  */s/ Michael Gayan*
                                                  J. RANDALL JONES, ESQ., SBN 1927
                                                  MICHAEL J. GAYAN, ESQ., SBN 11135
                                                  MONA KAVEH, ESQ., SBN 11825
                                                  3800 Howard Hughes Parkway, 17th Floor
                                                  Las Vegas, Nevada 89169

                                                  RICHARD L. STONE, ESQ. (*pro hac vice*)
                                                  DAVID R. SINGER, ESQ. (*pro hac vice*)
                                                  AMY M. GALLEGOS, ESQ. (*pro hac vice*)
                                                  JENNER & BLOCK LLP
                                                  633 West 5th Street, Suite 3600
                                                  Los Angeles, California 90071

                                                  *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2020, I served a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR ORDER OVERRULING THE LAS VEGAS SUN'S TESTIFYING EXPERT WORK-PRODUCT OBJECTIONS FOR ELIZABETH CAIN'S DOCUMENTS** via the United States District Court's CM/ECF electronic filing system to all parties on the e-service list.

E. Leif Reid, Bar No. 5750
Kristen L. Martini, Bar No. 11272
Nicole Scott, Bar No. 13757
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, Nevada 89501

Joseph M. Alioto, *Pro Hac Vice*
Jamie L. Miller, *Pro Hac Vice*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104

James J. Pisanelli, Bar No. 4027
Todd L. Bice, Bar No. 4534
Jordan T. Smith, Bar No. 12097
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　/s/ Pamela Montgomery
　　　　　　　　　　　　　　　　　An employee of Kemp Jones LLP

## INDEX OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | Declaration of Michael J. Gayan in Support of Defendants' Motion for an Order Overruling the Las Vegas Sun's Testifying Expert Work-Product Objections for Elizabeth Cain's Documents and Compelling Immediate Production of Documents Withheld on that Basis |
| B | American Arbitration Association Transcript of Proceedings (Vol. 2) (October 4, 2016) (Excerpts) (SUN_00020868–69) [FILED UNDER SEAL] |
| C | Declaration of Robert Cauthorn Pursuant to the Court's September 4, 2020, Order Regarding Plaintiff Las Vegas Sun, Inc. and Non-Party Greenspun Media Group's Motion for Protective Order and Motion to Quash Elizabeth A. Cain Subpoena [ECF Nos. 80-81] |
| D | Elizabeth A. Cain Invoice (Dated July 29, 2014) (SUN_CAIN_00000822) [FILED UNDER SEAL] |
| E | Elizabeth A. Cain Invoice (Dated November 14, 2016) (SUN_CAIN_00000840) [FILED UNDER SEAL] |
| F | Elizabeth A. Cain Expense Reimbursement Form (Dated June 17, 2019) (SUN_CAIN_00000442) [FILED UNDER SEAL] |