1  J. RANDALL JONES, ESQ., SBN 1927
   r.jones@kempjones.com
2  MICHAEL J. GAYAN, ESQ., SBN 11135
   m.gayan@kempjones.com
3  MONA KAVEH, ESQ., SBN 11825
   m.kaveh@kempjones.com
4  KEMP JONES LLP
   3800 Howard Hughes Parkway, 17th Floor
5  Las Vegas, Nevada 89169
   Telephone: (702) 385-6000
6

7  RICHARD L. STONE, ESQ. (*pro hac vice*)
   rstone@jenner.com
8  DAVID R. SINGER, ESQ. (*pro hac vice*)
   dsinger@jenner.com
9  AMY M. GALLEGOS, ESQ. (*pro hac vice*)
   agallegos@jenner.com
10 JENNER & BLOCK LLP
   633 West 5th Street, Suite 3600
11 Los Angeles, California 90071
   Telephone: (213) 239-5100
12

13 *Attorneys for Defendants*

14

15            **UNITED STATES DISTRICT COURT**

16                  **DISTRICT OF NEVADA**

17 LAS VEGAS SUN, INC.,                    Case No.: 2:19-cv-01667-GMN-BNW

18            Plaintiff,                    **DEFENDANTS' MOTION FOR LEAVE
                                            TO FILE DOCUMENTS UNDER SEAL**
19       v.                                **[EXHIBITS B, D, E, AND F TO
                                            DEFENDANTS' MOTION FOR AN**
20 SHELDON ADELSON, et al.,                **ORDER OVERRULING THE LAS
                                            VEGAS SUN'S TESTIFYING EXPERT**
            Defendants.                     **WORK-PRODUCT OBJECTIONS FOR**
21                                          **ELIZABETH CAIN'S DOCUMENTS AND
                                            COMPELLING IMMEDIATE**
22                                          **PRODUCTION OF DOCUMENTS
                                            WITHHELD ON THAT BASIS AND**
23                                          **REFERENCES THERETO]**

24

25

26 / / /

27 / / /

28

1    Defendants News+Media Capital Group LLC, Las Vegas Review-Journal, Inc., Sheldon

2    Adelson, and Patrick Dumont (collectively, "Defendants") hereby move this Court for an Order

3    to Seal Exhibits B, D, E, and F filed in support of Defendants' Motion for an Order Overruling

4    the Las Vegas Sun's Testifying Expert Work-Product Objections for Elizabeth Cain's Documents

5    and Compelling Immediate Production of Documents Withheld on that Basis  (the "Motion"), as

6    well as the portions of the Motion that discuss the contents of those documents.

7    This motion is based upon the following memorandum of points and authorities, LR IA

8    10-5, the papers and pleadings on file in this action, any exhibits, and any argument the Court

9    may allow at a hearing on this motion.

10   Dated: October 27, 2020.

11                                                    KEMP JONES LLP

12                                                    */s/ Michael Gayan*

13                                                    J. RANDALL JONES, ESQ., SBN 1927
                                                      MICHAEL J. GAYAN, ESQ., SBN 11135
14                                                    MONA KAVEH, ESQ., SBN 11825
                                                      3800 Howard Hughes Parkway, 17th Floor
15                                                    Las Vegas, Nevada 89169

16                                                    RICHARD L. STONE, ESQ. (*pro hac vice*)
17                                                    DAVID R. SINGER, ESQ. (*pro hac vice*)
                                                      AMY M. GALLEGOS, ESQ. (*pro hac vice*)
18                                                    JENNER & BLOCK LLP
                                                      633 West 5th Street, Suite 3600
19                                                    Los Angeles, California 90071

20                                                    *Attorneys for Defendants*

21

22

23

24

25

26

27

28

1   **I.   <u>Introduction and Relevant Facts</u>**

2       With this Motion for Leave to File Documents Under Seal ("Motion to Seal"), Defendants

3   also filed their Motion for an Order Overruling the Las Vegas Sun's Testifying Expert Work-

4   Product Objections for Elizabeth Cain's Documents and Compelling Immediate Production of

5   Documents Withheld on that Basis ("Motion to Compel").[1]

6       Defendants seek to seal the following Exhibits attached to the Motion to Compel:

7       • Exhibit B, Transcript of the 2016 Arbitration Proceeding;

8       • Exhibit D, Invoice of Elizabeth Cain, dated July 2014;

9       • Exhibit E, Invoice of Elizabeth Cain, dated November 14, 2016;

10      • Exhibit F, Expense Reimbursement Form of Elizabeth Cain, dated June 17, 2019.

11  Each of the above referenced Exhibits were produced in the course of this litigation and have

12  been designated "Confidential" by the Sun. Defendants also seek to seal the portions of the

13  Motion to Compel that describe the contents of these Exhibits.

14      Additionally, in 2016, Las Vegas Sun, Inc., Stephens Media LLC, News+Media Capital

15  Group LLC, Las Vegas Review Journal, Inc., DB Acquisition, Inc., and New Media Investment

16  Group, Inc., attended an arbitration proceeding ("2016 Arbitration") that resulted in a Settlement

17  Agreement and Release, dated December 13, 2016 ("Settlement Agreement"). Defendants'

18  current counsel did not participate in the 2016 Arbitration and does not have access to the 2016

19  Arbitration materials. Furthermore, the 2016 Arbitration involved the Review-Journal's prior

20  owner.

21      On December 6, 2019, the Sun filed a motion seeking to seal certain transcripts from the

22  2016 Arbitration, arguing that the documents were designated confidential as part of the 2016

23  Arbitration and Settlement Agreement. ECF No. 38. The Court denied the Sun's motion, finding

24  that the Sun failed to meet the compelling reason standard but permitted an extension to provide

25  compelling reasons as to why the documents should be sealed. ECF No. 119. The Sun did not

26  refile a motion prior to the deadline.

27  _____

28  [1] Attached as **Exhibit A** is the redacted version of Defendants' Motion to Compel.

1    In filing this Motion to Seal, Defendants are simply following procedure and, out of an

2    abundance of caution, seeking to seal documents that are allegedly confidential pursuant to the

3    2016 Settlement Agreement and/or produced and designated as "Confidential" by the Sun during

4    this litigation. Due to the origin and nature of the Exhibits, the Sun is in a superior position to

5    demonstrate good cause to seal the materials.

6    **II.    <u>Standards for Sealing or Redacting Court Records or Exhibits.</u>**

7    The Ninth Circuit has held that there is a strong presumption of public access to judicial

8    records. *Kamakana*, 447 F.3d at 1178. A party seeking to file documents under seal bears the

9    burden of overcoming that presumption. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th

10   Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).

11   The federal courts have long recognized "an exception to the presumption of access to

12   judicial records" for non-dispositive motions because "the public has less of a need for access to

13   court records attached only to ***non-dispositive motions*** . . . ." *Kamakana*, 447 F.3d at 1179 (citing

14   *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 32–33 (1984))[2] (emphasis added); *see also In re*

15   *National Consumer Mortg., LLC*, 512 B.R. 639, 641 (D. Nev. June 19, 2014) (quoting *Kamakana*

16   for the same proposition and further holding that the subject exhibits were "irrelevant to the issues

17   tried in this matter, and thus the public's right to know this information as part of a court record

18   is low"). "The public policies that support the right of access to dispositive motions, and related

19   materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at

20   1179. ***"Good cause" is therefore sufficient grounds to seal materials attached to a non-***

21   ***dispositive motion or opposition.*** *Id.* at 1180 (emphasis added); *Phillips v. General Motors Corp.*,

22   307 F.3d 1206, 1213 (9th Cir. 2002) (holding "when a party attaches a sealed discovery document

23   to a nondispositive motion, the usual presumption of the public's right of access is rebutted, so

24

25   _____

26   [2] *See also United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("We think that the mere
     filing of a paper or document with the court is insufficient to render that paper a judicial document

27   subject to the right of public access. We think that the item filed must be relevant to the
     performance of the judicial function and useful in the judicial process in order for it to be

28   designated a judicial document.").

1   that the party seeking disclosure must present sufficiently compelling reasons why the sealed

2   discovery document should be released.").

3     Given that the Motion to Compel is a non-dispositive motion, the party seeking to have

4   the record sealed must meet the lower "good cause" test to justify the sealing of these documents.

5   *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (holding "good

6   cause" is sufficient grounds to seal materials attached to a non-dispositive motion").

7   **III.   Good Cause Exists to Keep the Exhibits Sealed in This Court.**

8     Given that Defendants were not part of the 2016 Arbitration or the Settlement Agreement,

9   and because the Sun has previously sought to seal records related to the 2016 Arbitration,

10  Defendants similarly request that these documents be filed under seal in this Court. Defendants

11  seek to do so only out of an abundance of caution, with good cause being that each of the

12  documents have been designated confidential pursuant to the 2016 Settlement Agreement.

13  Additionally, the Sun produced all of the Exhibits during the course of this litigation pursuant to

14  Court Order and marked them "Confidential." For this additional reason, Defendants are simply

15  complying with their obligations under the Stipulated Protective Order and moving to file the

16  documents under seal. Due to the origin and nature of the Exhibits, the Sun is in a superior position

17  to demonstrate good cause to seal the materials if it wishes to prevent the information from being

18  publicly disclosed.

19  / / /

20

21  / / /

22

23  / / /

24

25  / / /

26

27  / / /

28

**IV.**     <u>**Conclusion**</u>

Based upon the foregoing, Defendants respectfully request this motion be granted and that Exhibits B, D, E and F, as well as the portions of the Motion to Compel that discuss the contents of these documents, be filed under seal in this Court.

Dated: October 27, 2020.

KEMP JONES LLP

*/s/ Michael Gayan*

J. RANDALL JONES, ESQ., SBN 1927
MICHAEL J. GAYAN, ESQ., SBN 11135
MONA KAVEH, ESQ., SBN 11825
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

RICHARD L. STONE, ESQ. (*pro hac vice*)
DAVID R. SINGER, ESQ. (*pro hac vice*)
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071

*Attorneys for Defendants*

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2020, I served a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL [EXHIBITS B, D, E, AND F TO DEFENDANTS' MOTION FOR AN ORDER OVERRULING THE LAS VEGAS SUN'S TESTIFYING EXPERT WORK-PRODUCT OBJECTIONS FOR ELIZABETH CAIN'S DOCUMENTS AND COMPELLING IMMEDIATE PRODUCTION OF DOCUMENTS WITHHELD ON THAT BASIS AND REFERENCES THERETO]** via the United States District Court's CM/ECF electronic filing system to all parties on the e-service list.

E. Leif Reid, Bar No. 5750
Marla Hudgens, Bar No. 11098
Kristen L. Martini, Bar No. 11272
Nicole Scott, Bar No. 13757
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, Nevada 89501

Joseph M. Alioto, *Pro Hac Vice*
Jamie L. Miller, *Pro Hac Vice*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104

James J. Pisanelli, Bar No. 4027
Todd L. Bice, Bar No. 4534
Jordan T. Smith, Bar No. 12097
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

*Attorneys for Plaintiff*

/s/ Pamela Montgomery
An employee of Kemp Jones LLP

1

**INDEX OF EXHIBITS**

2

3

| Exhibit | Description |
|---------|-------------|
| A | Redacted Version of Defendants' Motion for an Order Overruling the Las Vegas Sun's Testifying Expert Work-Product Objections for Elizabeth Cain's Documents and Compelling Immediate Production of Documents Withheld on that Basis |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Defendants' Motion for an Order Overruling the Las Vegas Sun's Testifying
Expert Work-Product Objections for Elizabeth Cain's Documents and Compelling
Immediate Production of Documents Withheld on That Basis

J. Randall Jones, Esq., SBN 1927
r.jones@kempjones.com
Michael J. Gayan, Esq., SBN 11135
m.gayan@kempjones.com
Mona Kaveh, Esq., SBN 11825
m.kaveh@kempjones.com
KEMP JONES LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000

Richard L. Stone, Esq. (*pro hac vice*)
rstone@jenner.com
David R. Singer, Esq. (*pro hac vice*)
dsinger@jenner.com
Amy M. Gallegos, Esq. (*pro hac vice*)
agallegos@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>        Defendants. | Case No.: 2:19-cv-01667-GMN-BNW<br><br>**DEFENDANTS' MOTION FOR AN ORDER OVERRULING THE LAS VEGAS SUN'S TESTIFYING EXPERT WORK-PRODUCT OBJECTIONS FOR ELIZABETH CAIN'S DOCUMENTS AND COMPELLING IMMEDIATE PRODUCTION OF DOCUMENTS WITHHELD ON THAT BASIS**<br><br>Hearing Date: November 17, 2020<br>Hearing Time: 9:00 a.m. |

## I.      <u>Introduction.</u>

In June 2020, the Sun stated in a sworn declaration that Elizabeth Cain testified as an expert in the parties' 2016 arbitration. Ms. Cain is the consultant who devised the argument that the plain-language reading of the 2005 JOA that the parties had been following for nine years was wrong, and that the Review-Journal therefore owed the Sun millions in allegedly under-paid profits payments. The Sun represented that Cain had been a testifying expert so that it could invoke the expert work-product privilege under Rule 26(b)(4) to shield from discovery documents relating to her analysis and interpretation of the JOA.[1]

At the August 25 hearing on the Sun's motion, the Sun again claimed that Ms. Cain had been a testifying expert in the 2016 arbitration. In response to the Court's observation that there was a period of time where Ms. Cain was a business consultant and not a testifying expert, the Sun represented to the Court that Ms. Cain had become a testifying expert in July 2014, almost immediately after she supposedly discovered that the parties had been accounting for editorial costs incorrectly under the JOA.[2] The Sun's representation was not an isolated incident—at the hearing, the Sun told the story of how Ms. Cain purportedly became a testifying expert in July 2014 multiple times, and argued repeatedly that she testified as an expert in the 2016 arbitration.[3]

The Sun's representations were false. After the August 25 hearing, the Sun finally produced a transcript of the 2016 arbitration to the Review-Journal's current counsel. That transcript shows that, in the arbitration,



---

[1] Rule 26(b)(4) protects work product and certain communications of testifying experts from disclosure. *See* Fed. R. Civ. P. 26(b)(4)(A)–(C).

[2] ECF No. 126 (8/25/20 Tr.) at 9:19–10:10.

[3] *See, e.g., id.* at 13:2–13. 24:6–9, 23:5–6, 28:5–14, 29:10–11.

1   ████  ████████████████████████████████

2   ████████████████████

3   ██  ████

4   **Exhibit A** (Gayan Decl.) at ¶ 4; **Exhibit B** (SUN_00020868–69) (emphasis added). The Sun had

5   exclusive access to this transcript because the arbitration involved the Review-Journal's prior

6   owner, yet neither the Sun nor its counsel informed the Court that ████████████████████

7   ████████████████  Moreover, ██████████████████  the supporting

8   evidence that the Sun produced to establish when Ms. Cain was retained as an expert—Ms. Cain's

9   invoices and a declaration of Geenspun Media Group's Chief Operating Officer—do not show

10   that Ms. Cain was an expert witness prior to February 2019.

11   Even though it is now indisputable that Ms. Cain was **not** a testifying expert at the 2016

12   arbitration and therefore documents prior to her formal retention as an expert in February 2019

13   **cannot** be protected by the work-product privilege, the Sun is still withholding her documents

14   from dates prior to February 2019 on this basis. Accordingly, the Court should overrule the Sun's

15   objections to producing documents on the grounds that Ms. Cain was acting as its testifying expert

16   prior to February 20, 2019, when it formally retained her, and the Court should order the Sun to

17   produce any documents dated prior to February 20, 2019, that are being withheld on this basis.

18   **II.    Relevant Background.**

19       **A.    The Sun opposes the disclosure of Ms. Cain's documents by asserting under

20       oath that she was a testifying expert in the 2016 arbitration.**

21   Defendants served a subpoena on Ms. Cain in June 2020. The subpoena sought, among

22   other things, documents containing and evidencing her advice regarding and analysis of the JOA,

23   communications with the Sun regarding the JOA, and documents concerning her interpretation

24   of the JOA. *See* ECF No. 80-2.

25   The Sun moved for a protective order on June 24 to prevent the disclosure of Ms. Cain's

26   documents. The primary basis for the Sun's motion was that Ms. Cain had been its testifying

27   expert witness during prior arbitrations against the Review-Journal in 2016 and 2019, and

28   therefore her documents and communications from 2014 onward were protected from disclosure

2

by the work-product doctrine, pursuant to Federal Rule of Civil Procedure 26(b)(4). ECF No. 80 at 2–3, 5–6, 15–17; ECF No. 99 at 1, 3, 5, 8–12.

In support of the motion, the Sun's counsel—who also represented the Sun in the 2016 and 2019 arbitrations—submitted a declaration under oath stating that "**Ms. Cain testified as a fact witness and expert witness in that arbitration in 2016.**" Reid Decl., ECF 80-1, ¶ 8 (emphasis added). Defendants' current counsel did not participate in either arbitration proceeding and did not have access to the 2016 arbitration transcript. **Exhibit A** at ¶ 9.

## B. The Sun repeatedly represents to the Court that Ms. Cain was a testifying expert in the 2016 arbitration.

Much of the argument at the August 25 hearing on the Sun's motion centered around the date at which Ms. Cain was retained as expert. The date was of critical importance because the Sun was attempting to invoke Rule 26(b)(4) to shield Ms. Cain's analysis and interpretation of the JOA from disclosure, and only documents created or exchanged while she was a testifying expert would be protected by that rule. *E.g.*, ECF No. 126 at 16:7–9. The Review-Journal was concerned about the expert work-product privilege being invoked to withhold documents created or exchanged prior to 2019 because it had not seen evidence that Ms. Cain was retained as a testifying expert prior to the 2019 arbitration. *Id.* at 20:22–22:4. The Review-Journal had different owners and different counsel in 2016, meaning the current owners and counsel were not involved in the 2016 arbitration. *See id.* at 30:18–31:8.

At the hearing, the Sun repeatedly assured the Court that Ms. Cain had been hired as a testifying expert in 2014. For example, the Sun's counsel explained to the Court the circumstances under which Ms. Cain purportedly became an expert witness in 2014:

> Mr. Reid: . . . So just by way of background, very brief background, Ms. Cain was -- started working on this matter in 21 July of -- late June, last couple days of June, early July of 22 2014. She within a few weeks identified the issue of the editorial expenses. . . . On July 23rd, she initiated a telephonic conference with the Review-Journal's prior general counsel, his name was Mark Hinueber, to talk about the financials, confirmed from the R-J that the editorial expenses were deducting the JOA payments to the Sun. And I got a call shortly after that this litigation started. In our conversations which have evolved between parties, **Ms. Cain became an expert for the Sun after that conversation with the R-**

3

**J's general counsel. Litigation has ensued. She's testified as an expert witness in both arbitration hearings**.

ECF No. 126 at 9:19–10:10 (emphasis added). Later in the hearing, when the Court asked whether there was a period of time where Ms. Cain was a business consultant before she became an expert, the Sun's counsel repeated the same story, claiming that Ms. Cain called the Review-Journal's General Counsel on July 23, 2014, and "**she became an expert witness in the litigation at that time**." *Id*. at 12:11–13:10 (emphasis added).

After twice telling the story of how Ms. Cain was supposedly retained as an expert in 2014, the Sun emphasized the point again and again, telling the Court "**there's no dispute, no reasonable dispute that Ms. Cain was an expert witness serving for the Sun in the 2016 arbitration and when that dispute commenced, which was in late July of 2014.**" ECF No. 126 at 24:6–9 (emphasis added); *see also id*. at 23:5–6, 28:5–6. The Sun even insinuated that the Review-Journal knew Ms. Cain was a testifying expert in 2016 and intentionally issued the subpoena to burden her by requiring her to log thousands of items of work product going back multiple years. *Id*. at 28:7–29:14. The Sun's counsel never mentioned that ████████████ ████████████████████████████████████████████████████████ instead, this was concealed from the Court and the Review-Journal until after the August 25 hearing.

### C.   The Court orders the Sun to provide an affidavit and invoices documenting when Ms. Cain was retained as an expert witness.

The Court ruled on the Sun's motion on September 4, 2020. The Court denied the Sun's motion but noted that the protections of Rule 26(b)(4)(C) would apply to information provided during the course of Ms. Cain's tenure as an expert witness. *See* ECF No. 134 at 7:14–19. Accordingly, the Court directed the Sun to "provide an affidavit to the Review-Journal and any invoices . . . demonstrating when Ms. Cain was retained as a testifying expert witness" and to provide a log noting the documents that the Sun claimed were privileged on that basis. *Id*. at 7:14–8:2.

4

**D.**     **The affidavit and invoices provided by the Sun do not support its claim that Ms. Cain was a testifying expert in the 2016 arbitration.**

Two weeks after the Court ruled, the Sun provided a declaration from Robert Cauthorn, the Chief Operating Officer of Greenspun Media Group. Mr. Cauthorn pointedly *did not* attest that Ms. Cain testified as an expert in the 2016 arbitration. **Exhibit A** at ¶ 5; **Exhibit C** (Cauthorn Decl.) ¶ 7 (describing the substance of Ms. Cain's testimony during the 2016 arbitration, but not referring to her as the Sun's expert). By contrast, Mr. Cauthorn explicitly testified that Ms. Cain acted as the Sun's expert witness during the 2019 arbitration, and described her formal retention as the Sun's expert in February 2019. *Id.* ¶ 10.

Similarly, ███████████████████████████████████████████

████████████████████████████████ *See,* *e.g.,* **Exhibit A** at ¶ 6; **Exhibit D** (SUN_CAIN_00000822) ████████████████████████████████

███████████████████ **Exhibit A** at ¶ 7; **Exhibit E** (SUN_CAIN_00000840) ████████

████████████████████████████████████████████████████████████████

████████ Again, that is in sharp contrast to Ms. Cain's invoice for her expenses incurred during the 2019 arbitration, ████████████████████████████████

**Exhibit A** at ¶ 8; **Exhibit F** (SUN_CAIN_00000442).

**E.**     **The Review-Journal discovers that Ms. Cain denied under oath that she was an expert witness in the 2016 arbitration.**

After the argument on the Sun's motion for a protective order, on August 27, the Sun produced a tranche of over 12,000 pages of documents. **Exhibit A** at ¶ 9. Included among them was the transcript of the 2016 arbitration. *Id.*

When the Review-Journal's counsel discovered the transcript in the course of reviewing the Sun's production, they learned for the first time that—contrary to the Sun's express representations in its papers and at the August 25 hearing—█████████████████████

████████████████████████████████████████████████████████████████

5



**Exhibit B** (SUN_00020868–69) (emphasis added).

Defendants sent the Sun's counsel a letter detailing these issues on October 8, **Exhibit A** at ¶ 10, then discussed this issue at length during a meet-and-confer session on October 19. *Id.* The Sun insisted that, ████████████████████████████ Ms. Cain had been a testifying expert since 2014 and declined to withdraw its work-product objections for documents prior to her 2019 retention as an expert by the Sun. *Id.*

**III.    This Court Should Overrule the Sun's Work-Product Objections.**

The Sun is withholding scores of documents in Ms. Cain's possession from the 2014–19 time period on the ground that they are supposedly protected by the work-product doctrine due to Ms. Cain's status as a testifying expert in the 2016 arbitration. With a few limited exceptions, communications between a *testifying* expert and a party's attorney are protected by the work-product doctrine. FED. R. CIV. P. 26(b)(4); *Republic of Ecuador v. Mackay*, 742 F.3d 860, 869–70 (9th Cir. 2014). As "the party claiming the protection," the Sun "bears the burden of demonstrating the applicability of the work product doctrine." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 634 (D. Nev. 2013) (citing *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988)). For the purposes of this motion, that means that the Sun bears the burden of substantiating that Ms. Cain acted as its testifying expert prior to her engagement in February 2019.

The Sun cannot meet this burden. Despite having multiple opportunities to substantiate its claim, the Sun has provided no evidence that it retained Ms. Cain as a testifying expert in connection with the 2016 arbitration or at any point prior to February 2019. To the contrary, all

1  evidence points inescapably to the conclusion that the expert work-product privilege does not

2  apply to her documents prior to February 20, 2019.

3       <u>First</u>, Ms. Cain testified under oath that she █████████████████████████

4  ██████████████████  This is conclusive proof that she was not an expert at that time, and

5  the Sun therefore cannot invoke Rule 26(b)(4) to shield her documents from production. The Sun

6  has plainly known this all along because—unlike the Review-Journal—it was owned by the same

7  person and represented by the same counsel at the 2016 arbitration as it is now. **Exhibit B**

8  (SUN_00020868–69).

9       <u>Second</u>, the invoices that the Sun represented would establish her role as an expert prior

10  to 2019 ███████████████████████████████████████████████

11  ████████████████████████████████████████████████.[4]

12  **Exhibits D–E** (SUN_CAIN_00000822), (SUN_CAIN_00000840). ███████████████████

13  █████████████████████████████████████████████████

14  ██████████████████████  However, they are inconsistent with the Sun's statements

15  in its papers to this Court and at the August 25 hearing that Ms. Cain was retained as a testifying

16  expert in 2014.

17       <u>Third</u>, the Sun's declarant did not state that Ms. Cain acted as the Sun's expert in the 2016

18  arbitration or that it had retained her as an expert at any time prior to February 2019. **Exhibit C**

19  (Cauthorn Decl.) ¶¶ 7, 10. This, again, is consistent with Ms. Cain's sworn denial that █████

20  ████████████████████ and is inconsistent with the Sun's representations to this Court.

21       The Sun's work-product objections must be overruled. It has not substantiated its claim

22  that Ms. Cain became a testifying expert witness for the 2016 arbitration in the summer of 2014,

23  and it obviously cannot substantiate that claim given Ms. Cain's testimony that ██████████

24  ██████████████████  On these facts, the Sun has no business continuing to assert expert

25  work-product objections for the pre-2019 time period. This Court should issue an order overruling

26

27

28

---

[4] In 2016, Ms. Cain began working at a non-profit organization, and her employment contract evidently precludes the Sun from compensating her. **Exhibit C** (Cauthorn Decl.) ¶ 4.

1    the Sun's objections asserting Ms. Cain was its testifying expert witness for any documents or

2    communications prior to her formal retention in February 2019, and should order the Sun to

3    produce any documents being withheld on that basis. *See Phillips*, 290 F.R.D. at 642–43 (ordering

4    documents produced because the defendants were unable to substantiate their privilege

5    objections).

6    **IV.    Conclusion.**

7           The Sun's assertions that Ms. Cain was a testifying expert prior to February 2019 are false.

8    Therefore, the Sun has no basis to object on work-product grounds to Ms. Cain producing

9    documents created before February 2019. As a result, this Court should grant Defendants' motion

10   overruling the Sun's objections and compel production of the documents with seven days.

11          Dated: October 27, 2020.

12                                              KEMP JONES LLP

13                                              */s/ Michael Gayan*

14                                              J. RANDALL JONES, ESQ., SBN 1927
                                                MICHAEL J. GAYAN, ESQ., SBN 11135

15                                              MONA KAVEH, ESQ., SBN 11825
                                                3800 Howard Hughes Parkway, 17th Floor

16                                              Las Vegas, Nevada 89169

17                                              RICHARD L. STONE, ESQ. (*pro hac vice*)

18                                              DAVID R. SINGER, ESQ. (*pro hac vice*)
                                                AMY M. GALLEGOS, ESQ. (*pro hac vice*)

19                                              JENNER & BLOCK LLP
                                                633 West 5th Street, Suite 3600

20                                              Los Angeles, California 90071

21                                              *Attorneys for Defendants*

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of October, 2020, I served a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR ORDER OVERRULING THE LAS VEGAS SUN'S TESTIFYING EXPERT WORK-PRODUCT OBJECTIONS FOR ELIZABETH CAIN'S DOCUMENTS** via the United States District Court's CM/ECF electronic filing system to all parties on the e-service list.

E. Leif Reid, Bar No. 5750
Kristen L. Martini, Bar No. 11272
Nicole Scott, Bar No. 13757
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, Nevada 89501

Joseph M. Alioto, *Pro Hac Vice*
Jamie L. Miller, *Pro Hac Vice*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104

James J. Pisanelli, Bar No. 4027
Todd L. Bice, Bar No. 4534
Jordan T. Smith, Bar No. 12097
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

*Attorneys for Plaintiff*

/s/ Pamela Montgomery
An employee of Kemp Jones LLP

1

## INDEX OF EXHIBITS

| Exhibit | Description |
| --- | --- |
| A | Declaration of Michael J. Gayan in Support of Defendants' Motion for an Order Overruling the Las Vegas Sun's Testifying Expert Work-Product Objections for Elizabeth Cain's Documents and Compelling Immediate Production of Documents Withheld on that Basis |
| B | American Arbitration Association Transcript of Proceedings (Vol. 2) (October 4, 2016) (Excerpts) (SUN_00020868–69) [FILED UNDER SEAL] |
| C | Declaration of Robert Cauthorn Pursuant to the Court's September 4, 2020, Order Regarding Plaintiff Las Vegas Sun, Inc. and Non-Party Greenspun Media Group's Motion for Protective Order and Motion to Quash Elizabeth A. Cain Subpoena [ECF Nos. 80-81] |
| D | Elizabeth A. Cain Invoice (Dated July 29, 2014) (SUN_CAIN_00000822) [FILED UNDER SEAL] |
| E | Elizabeth A. Cain Invoice (Dated November 14, 2016) (SUN_CAIN_00000840) [FILED UNDER SEAL] |
| F | Elizabeth A. Cain Expense Reimbursement Form (Dated June 17, 2019) (SUN_CAIN_00000442) [FILED UNDER SEAL] |

2

# EXHIBIT A

Declaration of Michael J. Gayan in Support of Defendants' Motion for an Order Overruling the Las Vegas Sun's Testifying Expert Work-product Objections for Elizabeth Cain's Documents and Compelling Immediate Production of Documents Withheld on That Basis

1   J. RANDALL JONES, ESQ., SBN 1927
    r.jones@kempjones.com
2   MICHAEL J. GAYAN, ESQ., SBN 11135
    m.gayan@kempjones.com
3   MONA KAVEH, ESQ., SBN 11825
    m.kaveh@kempjones.com
4   KEMP JONES LLP
5   3800 Howard Hughes Parkway, 17th Floor
    Las Vegas, Nevada 89169
6   Telephone: (702) 385-6000

7   RICHARD L. STONE, ESQ. (*pro hac vice*)
8   rstone@jenner.com
    DAVID R. SINGER, ESQ. (*pro hac vice*)
9   dsinger@jenner.com
    AMY M. GALLEGOS, ESQ. (*pro hac vice*)
10  agallegos@jenner.com
11  JENNER & BLOCK LLP
    633 West 5th Street, Suite 3600
12  Los Angeles, California 90071
    Telephone: (213) 239-5100
13
14  *Attorneys for Defendants*

15              **UNITED STATES DISTRICT COURT**

16                    **DISTRICT OF NEVADA**

17  LAS VEGAS SUN, INC.,                  Case No.: 2:19-cv-01667-GMN-BNW

18              Plaintiff,                **DECLARATION OF MICHAEL J. GAYAN**
                                          **IN SUPPORT OF DEFENDANTS'**
19       v.                               **MOTION FOR AN ORDER OVERRULING**
                                          **THE LAS VEGAS SUN'S TESTIFYING**
20  SHELDON ADELSON, et al.,              **EXPERT WORK-PRODUCT**
                                          **OBJECTIONS FOR ELIZABETH CAIN'S**
            Defendants.                   **DOCUMENTS AND COMPELLING**
21                                        **IMMEDIATE PRODUCTION OF**
22                                        **DOCUMENTS WITHHELD ON THAT**
                                          **BASIS**
23
24                                        Hearing Date: November 17, 2020
25                                        Hearing Time: 9:00 a.m.

26

27

28

                                    1

1.     I am an active member of the State Bar of Nevada, admitted to practice before this Court, and am a partner at the law firm of Kemp Jones, LLP, which, along with Jenner & Block LLP, serves as counsel of record for Defendants in this action.

2.     I make this declaration in support of Defendants' Motion for an Order Overruling the Las Vegas Sun's Testifying Expert Work-Product Objections for Elizabeth Cain's Documents and Compelling Immediate Production of Documents Withheld on that Basis.

3.     I have personal knowledge of the facts stated in this declaration. If called as a witness, I could and would testify as set forth herein.

4.     Attached as **Exhibit B** is true and correct copy of excerpts from the American Arbitration Association Transcript of Proceedings (Vol. 2) (October 4, 2016) (Excerpts) [FILED UNDER SEAL].

5.     Attached as **Exhibit C** is a true and correct copy of the Declaration of Robert Cauthorn Pursuant to the Court's September 4, 2020, Order Regarding Plaintiff Las Vegas Sun, Inc. and Non-Party Greenspun Media Group's Motion for Protective Order and Motion to Quash Elizabeth A. Cain Subpoena [ECF Nos. 80-81].

6.     Attached as **Exhibit D** is a true and correct copy of Elizabeth A. Cain Invoice (Dated July 29, 2014) (SUN_CAIN_00000822) [FILED UNDER SEAL].

7.     Attached as **Exhibit E** is a true and correct copy of Elizabeth A. Cain Invoice (Dated November 14, 2016) (SUN_CAIN_00000840) [FILED UNDER SEAL].

8.     Attached as **Exhibit F** is a true and correct copy of Elizabeth A. Cain Expense Reimbursement Form (Dated June 17, 2019) (SUN_CAIN_00000442) [FILED UNDER SEAL].

9.     Defendants did not participate in the 2016 arbitration, and Defendants' current counsel did not participate in either the 2016 or 2019 arbitration proceeding and did not have access to the 2016 arbitration transcript when the parties briefed the Sun's and Greenspun Media Group's motions for protective order and to quash filed on June 24, 2020. ECF Nos. 80–81. On August 27, two days after the argument on the Sun's motion for a protective order, the Sun produced a tranche of over 12,000 pages of documents. Included among them was the transcript of the 2016 arbitration.

10.     When Defendants' counsel discovered the 2016 transcript in the course of reviewing the Sun's production, they learned information as to Ms. Cain's involvement in the 2016 arbitration that was contrary to the Sun's representations in its papers and at the August 25 hearing. *See* Exhibit B. Defendants sent the Sun's counsel a letter detailing these issues on October 8, then discussed this issue at length during a meet-and-confer session on October 19. The Sun insisted that, despite all of the evidence to the contrary, Ms. Cain had been a testifying expert since 2014 and declined to withdraw its work-product objections for documents prior to her February 2019 retention as an expert by the Sun.

11.     I declare under penalty of perjury that the foregoing is true and correct. Executed on this 27th day of October, 2020 in Las Vegas, Nevada.

KEMP JONES LLP

*/s/ Michael Gayan*
MICHAEL J. GAYAN, ESQ., SBN 11135

# FILED UNDER SEAL

# EXHIBIT B

American Arbitration Association Transcript of Proceedings (Vol. 2) (October 4, 2016) (Excerpts) (SUN_00020868–69)

# EXHIBIT C

Declaration of Robert Cauthorn Pursuant to the Court's September 4, 2020, Order
Regarding Plaintiff Las Vegas Sun, Inc. and Non-Party Greenspun Media Group's
Motion for Protective Order and Motion to Quash Elizabeth A. Cain Subpoena
[ECF Nos. 80-81]

**DECLARATION OF ROBERT CAUTHORN PURSUANT TO THE COURT'S SEPTEMBER 4, 2020, ORDER REGARDING PLAINTIFF LAS VEGAS SUN, INC. AND NON-PARTY GREENSPUN MEDIA GROUP'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH ELIZABETH A. CAIN SUBPOENA [ECF NOS. 80-81]**

I, ROBERT CAUTHORN, declare as follows:

1.      I am over 21 years of age and the facts contained herein are true and correct to the best of my information and belief.

2.      I am the Chief Operating Officer of the Greenspun Media Group ("GMG"), which includes oversight of Las Vegas Sun, Inc. (the "Sun"), Plaintiff in this action.  I have personal knowledge of the facts set forth herein, except as to those stated on information and belief, and as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

3.      In late June 2014, GMG retained Elizabeth Cain to assist in various financial matters, including accounting and financial aspects of the 2005 Amended and Restated Agreement ("JOA"), to which the Las Vegas Sun, Inc., is a party. I knew Ms. Cain from our work together at the San Francisco Chronicle, where she was the Chief Financial Officer.

4.      Initially, Ms. Cain billed hourly for her services, but we switched to a monthly retainer in approximately August 2014. Ms. Cain billed for her services until she was hired at the Henry J. Kaiser Family Foundation as the Vice President for Finance on May 9, 2016. Because of Ms. Cain's employment contract with the Henry J.  Kaiser Family Foundation, she has performed services for GMG since May 9, 2016, gratis.

5.      A couple of weeks into her engagement with GMG, approximately the middle of July 2014, Ms. Cain learned that the Sun's partner in the JOA (the publisher of the Review-Journal), was charging its editorial costs to the JOA operation. Charging the Review-Journal's editorial costs to the JOA is in contravention of the express language in the agreement.  In a meeting with then Review-Journal General Counsel Mark Hinueber on July 23, 2014, Mr. Hinueber confirmed that the Review-Journal was reducing the Sun's JOA payments by including the Review-Journal's editorial costs. Following this meeting between Ms. Cain and Mr. Hinueber, the Sun anticipated

One East Liberty Street, Suite 300
Reno, NV 89501-2128

Lewis Roca
ROTHGERBER CHRISTIE

1   litigation would be required against its JOA-partner to resolve this disputed issue.  I instructed Ms.

2   Cain to prepare a memorandum describing the dispute to the Sun's counsel.

3        6.     On August 12, 2014, I introduced our counsel, Leif Reid, to Ms. Cain. The Sun filed

4   its initial Complaint for Specific Performance and Declaratory Judgment on March 10, 2015, after

5   a series of demand letters and responses were exchanged between the parties. *See Las Vegas Sun,*

6   *Inc. v. DR Partners*, No. A-15-715008-B (Clark Cty., Nev.). After the Sun amended its complaint,

7   DR Partners appealed the state district court's August 19, 2015, order denying DR Partners' motion

8   to compel arbitration. The Nevada Supreme Court agreed with DR Partners' argument, and the case

9   was ordered to arbitration with the American Arbitration Association ("AAA"). Less than 60 days

10  later, the parties arbitrated the case styled *Las Vegas Sun, Inc. v. DR Partners*, No. 01-16-0001-

11  9187 on October 3-6, 2016 ("2016 Arbitration").

12       7.     The 2016 Arbitration was before Michael Kosnitzky, a lawyer and CPA, and was

13  both expeditious and informal. Minimal discovery was exchanged in a single round of written

14  requests for production, no depositions occurred, and the parties were required to obtain leave from

15  the arbitrator before issuing any third-party subpoenas (which neither party requested). During the

16  2016 Arbitration hearing, Ms. Cain testified about her experience with JOAs and how editorial

17  expenses are typically separately accounted for between JOA parties. Ms. Cain also walked through

18  her interpretation of the JOA and why it prohibited the Review-Journal from reducing the Sun's

19  annual payments by the Review-Journal's unilateral inclusion of its editorial costs. Ms. Cain also

20  presented the Sun's damages calculation, which she had prepared, and authenticated an exhibit

21  summarizing the calculation. Ms. Cain's direct testimony concluded with an explanation of how

22  the Review-Journal's exclusion of editorial expenses failed to comply with Generally Accepted

23  Accounting Principles ("GAAP"), specifically with the matching principle.

24       8.     In November 2016, the Sun and DR Partners settled the dispute with the parties to

25  that litigation and arbitration. The Review-Journal experienced two ownership changes during the

26  Sun's litigation with DR Partners, resulting in News+Media Capital Group LLC's ownership and

27  operation of the Review-Journal as of December 10, 2015.

28

One East Liberty Street, Suite 300
Reno, NV 89501-2128

Lewis Roca
ROTHGERBER CHRISTIE

112323515.2

9.      While News+Media Capital Group and the Review-Journal should have changed their accounting practices, they refused to do so, and on April 10, 2018, the Sun filed suit against these defendants. *See Las Vegas Sun, Inc. v. News+Media Capital Group LLC*, No. A-18-772591-B (Clark Cty., Nev.). The Sun immediately moved to compel arbitration on some of its claims; ultimately, the state district court agreed and compelled arbitration in its January 15, 2019, order.

10.     Unlike the 2016 arbitration, the 2019 arbitration was formal, akin to litigation, whereby the parties agreed to engage in full discovery under the Nevada Rules of Civil Procedure. Both parties took depositions, issued subpoenas to third parties, exchanged hundreds of thousands of documents, and formally disclosed experts with reports pursuant to NRCP 26(a)(2).   In the 2019 Arbitration, Ms. Cain was retained as an expert witness on February 20, 2019, and the Sun disclosed her expert report on March 1, 2019. The parties arbitrated the matter with AAA on April 15-19, 25-26, and May 9, 2019. *See Las Vegas Sun, Inc. v. News+Media Capital Group LLC*, No. 01-18-0000-7567 ("2019 Arbitration"). During the 2019 Arbitration, Ms. Cain testified again as a fact and expert witness, this included testifying about GAAP and other fundamental accounting principles and her experience with JOA accounting.

Executed this ____ day of September, 2020.

ROBERT CAUTHORN

112323515.2

# FILED UNDER SEAL

# EXHIBIT D

Elizabeth A. Cain Invoice (Dated July 29, 2014) (SUN_CAIN_00000822)

# FILED UNDER SEAL

# EXHIBIT E

Elizabeth A. Cain Invoice (Dated November 14, 2016) (SUN_CAIN_00000840)

# FILED UNDER SEAL

# EXHIBIT F

Elizabeth A. Cain Expense Reimbursement Form (Dated June 17, 2019)
(SUN_CAIN_00000442)

# EXHIBIT A

Defendants' Motion for an Order Overruling the Las Vegas Sun's Testifying
Expert Work-Product Objections for Elizabeth Cain's Documents and Compelling
Immediate Production of Documents Withheld on That Basis