1
J. RANDALL JONES, ESQ., SBN 1927
r.jones@kempjones.com

2
MICHAEL J. GAYAN, ESQ., SBN 11135
m.gayan@kempjones.com

3
MONA KAVEH, ESQ., SBN 11825
m.kaveh@kempjones.com

4
KEMP JONES LLP

5
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

6
Telephone: (702) 385-6000

7

8
RICHARD L. STONE, ESQ. (*pro hac vice*)
rstone@jenner.com

9
DAVID R. SINGER, ESQ. (*pro hac vice*)
dsinger@jenner.com

10
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
agallegos@jenner.com

11
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600

12
Los Angeles, California 90071
Telephone: (213) 239-5100

13

14
*Attorneys for Defendants*

15
## UNITED STATES DISTRICT COURT

16
## DISTRICT OF NEVADA

17
LAS VEGAS SUN, INC., a Nevada
corporation,

18

19
              Plaintiff,

    v.

20
SHELDON ADELSON, an individual and
as the alter ego of News+Media Capital

21
Group LLC and as the alter ego of Las
Vegas Review Journal, Inc.; PATRICK

22
DUMONT, an individual; NEWS+MEDIA
CAPITAL GROUP LLC, a Delaware

23
limited liability company; LAS VEGAS
REVIEW-JOURNAL, INC., a Delaware

24
corporation; and DOES, I-X, inclusive,

25
              Defendants.

26

27

28

Case No.: 2:19-cv-01667-GMN-BNW

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL [EXHIBITS 3, 4, AND 5 TO MOTION TO RECONSIDER PREVIOUS DISCOVERY RULINGS BASED ON NEW EVIDENCE AND REFERENCES THERETO] [ECF NO. 240]**

Hearing Date: January 5, 2021
Hearing Time: 9:00 a.m.

3003930.2

## I.   **Introduction**

On November 25, 2020, the Sun filed its Motion to Reconsider Previous Discovery Rulings Based on New Evidence. ECF Nos. 241 and 242 (FUS). In conjunction with that motion, the Sun also filed its Motion for Leave to File Documents Under Seal [Exhibits 3, 4, and 5 to [ECF No. 241] and References Thereto]. ECF No. 240. In its Motion to Seal, although the Sun contends that Exhibits 3–5 are not confidential in nature, it requests that the Court seal them. ECF No. 240 at 3:7–10. Defendants disagree that Exhibits 3–5 are not confidential, but agree with the Sun that there is good cause to keep these exhibits sealed. *Id.* at 4:5–6.

Exhibits 3–5 are related to a non-dispositive discovery motion that is not "more than tangentially related to the merits of the case[,]" so Defendants need only meet the lower "good cause" test to justify the sealing of these documents. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (holding "good cause" is sufficient grounds to seal materials attached to a non-dispositive motion"); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2015). Similarly, the public's right to irrelevant information attached to a pleading is low. *See, e.g., In re Nat'l Consumer Mortg.*, LLC, 512 B.R. 639, 641-42 (D. Nev. June 19, 2014) (holding that because exhibit "was irrelevant to the issues tried in this matter," the "public's right to know th[e] information as part of a court record is low.").

Given the highly sensitive, confidential, and commercial nature of Exhibits 3–5, as well as their lack of relevancy to the merits of the Sun's motion to reconsider, the "good cause" test is easily met here. **Exhibit 3** (DEFS0028645, 28643–28644) is an email exchange with a highly sensitive attachment that the Sun previously sought to be sealed. *See* ECF No. 185 (Sun seeking to seal Exhibit 8 to ECF No. 186 (DEFS0028642–28644) and stating it "should remain confidential because it conveys highly sensitive information . . ."). Defendants filed a non-opposition and joinder to the Sun's request to keep this document sealed, which is currently pending before the Court. ECF No. 196. **Exhibit 4** (DEFS0018959–18960) is another email exchange that relates to internal discussions on various issues, including due diligence items prior to Defendants' acquisition of the newspaper, as well as research information on potential employees that should not be publicly disclosed where the Review-Journal's competitors would

have access to it. **Exhibit 5** (DEFS0018912) is not only completely irrelevant to the relief the Sun is seeking, but this email exchange also implicates the reporter's privilege and should not be made public. The Court should grant the Sun's motion and keep Exhibits 3–5 sealed, as well as portions of the Sun's brief referencing these exhibits.

## II.     Argument

### A.     The Court Need Only Find "Good Cause" to Seal Exhibits 3–5.

As this Court has noted, the federal courts have long recognized "an exception to the presumption of access to judicial records" for non-dispositive motions because "the public has less of a need for access to court records attached only to non-dispositive motions . . . ." *Kamakana,* 447 F.3d at 1179 (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32–33 (1984)). "Good cause" is therefore sufficient grounds to seal materials attached to a non-dispositive motion or opposition. *Kamakana*, 447 F.3d at 1180 (emphasis added); *Phillips v. General Motors Corp*., 307 F.3d 1206, 1213 (9th Cir. 2002) (holding "when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released.").

A party that seeks to seal documents filed in connection with a non-dispositive motion that is not "more than tangentially related to the merits of a case" is subject to the less burdensome "good cause" standard. *Ctr. for Auto Safety*, 809 F.3d at 1101; *Kamakana*, 447 F.3d at 1178-79. There is a lesser need for public access to these documents because they are often "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179. Similarly, there is a low public right to irrelevant information attached to a pleading. *See In re Nat'l Consumer Mortg.*, LLC, 512 B.R. at 641-42 (holding that because exhibit "was irrelevant to the issues tried in this matter," the "public's right to know th[e] information as part of a court record is low."); *Apple Inc. v. Samsung Elecs. Co*., 727 F.3d 1214, 1226 (Fed. Cir. 2013) (sealing warranted when there was no "indication that th[e] information was essential to the district court's rulings"); *United States v. Snyder*, 187 F.Supp.2d 52, 62-63 (N.D.N.Y.2002) ("[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document

subject to the right of public access ... [T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.") (internal citations omitted).

FRCP 26(c)(1) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, [or] oppression . . .," including one or more of the categories enumerated in the rule. Subsection "G" under this rule provides that a court may find good cause to "require[] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *Id*. § 26(c)(1)(G). Additionally, the heightened compelling reasons test, and therefore also the lower good cause standard, are met to seal records when "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 598 (1978)).

**B.      There is "Good Cause" to Seal Exhibits 3–5.**

Good cause exists to seal Exhibits 3–5 to the Sun's non-dispositive discovery-related motion to reconsider. As discussed below, these confidential documents contain highly sensitive business-related information. The Sun's assertion that they do not contain confidential information is simply incorrect. These Exhibits should not be put into the public domain.

**Exhibit 3** is an email exchange between Messrs. Russel Pergament, Patrick Dumont, Steve Garfinkel, Esq., Grant Williams, and Mrs. Sivan Ochshorn-Dumont, dated January 11, 2015, with a highly sensitive attachment, entitled, "Preliminary Analysis of Las Vegas Project," dated January 11, 2014 (DEFS0028645, 28643–28644). The Sun previously attached a similar email with the exact same attachment to a different non-dispositive motion and filed a corresponding motion to seal. ECF No. 185 (Sun seeking to seal Exhibit 8 to ECF No. 186 (DEFS0028642-28644) and stating it "should remain confidential because it conveys highly sensitive information . . ."). Defendants filed a non-opposition and joinder to the Sun's request to keep this document sealed, which is currently pending before the Court. ECF No. 196.

As argued in ECF No. 196, Defendants produced this document in the litigation and designated it as Confidential under the parties' Stipulated Confidentiality and Protective Order due to its highly sensitive nature. ECF No. 87. This document contains highly sensitive business and financial information related to Defendants' corporate due diligence before their acquisition of the *Review-Journal* newspaper, including an analysis of current management, finances, cost reduction opportunities, business strategy, and contracts. This internal and confidential document should not be put into the public domain, especially where the Review-Journal's competitors would have access to it. Thus, Defendants respectfully request that Exhibit 3 to ECF No. 241 (*i.e.*, ECF No. 241-3) remain sealed.

**Exhibit 4** is an email from Russel Pergament to Patrick Dumont, dated October 30, 2015, generally discussing matters prior to the Adelson Family's purchase of the *Review-Journal* newspaper. Various internal items are discussed, including due diligence items, as well as research information on potential employees, that should not be publicly disclosed where the Review-Journal's competitors would have access to it. Exhibit 4 to ECF No. 241 (ECF No. 241-4) should remain sealed.

**Exhibit 5** is an email from Michael Schroeder to Patrick Dumont, dated October 23, 2015. There is good cause to seal this exhibit because not only is it irrelevant to the merits of the Sun's motion to reconsider, but it also contains information relating to the drafting of an article. *See In re Nat'l Consumer Mortg.*, LLC, 512 B.R. at 641-42. Such information is part of the news gathering process and should remain sealed.

Mr. Schroeder is a newspaper publisher and his communications with Mr. Dumont relating to an investigative article is protected from public disclosure by the reporter's privilege. *See Shoen v. Shoen,* 48 F.3d 412, 416 (9th Cir. 1995) ("[I]f the privilege does not prevail in all but the most exceptional cases, its value will be substantially diminished.") (quoting *Zerilli v. Smith,* 656 F.2d 705, 712 (D.C. Cir. 1981)); *Jimenez v. City of Chi.*, 733 F. Supp. 2d 1268, 1272–73 (W.D. Wash. 2010) (privilege applied to records of communications with sources that reporter had "intended to culminate in a publicly-consumable publication"); *see also, e.g., Michael v. Estate of Kovarbasich*, 2015 WL 8750643, at *2, *6 (C.D. Cal. Dec. 11, 2015) (privilege covered

records of investigative reporter's communications with interview subject); *Harbert v. Priebe*, 466 F. Supp. 2d 1214, 1214, 1216 (N.D. Cal. 2006) (privilege covered "documents, investigative notes and electronic files" related to news articles); *L.A. Mem'l. Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 489, 493, 496 (C.D. Cal. Jan. 5, 1981) (privilege covered reporter's materials, including "notes, file memoranda,[and] tape recordings," where permitting disclosure "would subvert the guarantee of freedom of the press embodied in the First Amendment").

In response to the Sun's subpoena for documents in this case, Mr. Schroeder has objected to public disclosure of similar documents on the same basis. *See* **Exhibit A** (Schroeder's 9/29 Objection Letter) (asserting the "journalist's privilege" in response to the Sun's subpoena *duces tecum*). The Sun has also withheld similar emails about "confidential draft stor[ies]" asserting the reporter's privilege. *See* **Exhibit B** (relevant portions of Sun's 9/3 and 9/19 redaction logs demonstrating several emails redacted on this basis). There is good cause to seal Exhibit 5 to ECF No. 241 (ECF No. 241-5) and the reporter's privilege further shields Exhibit 5 from public disclosure.

/ / /

/ / /

/ / /

**III.    Conclusion**

Good cause exists to seal Exhibits 3–5 to ECF No. 241 (*i.e.* ECF Nos. 241-3, 241-4, and 241-5). Defendants therefore respectfully request that the Court grant the Sun's motion to seal (ECF No. 240) and seal Exhibits 3–5 to ECF No. 241, as well as portions of the Sun's brief referencing these exhibits.

Dated: December 9, 2020

KEMP JONES, LLP

*/s/ Michael Gayan*

J. RANDALL JONES, ESQ., SBN 1927
MICHAEL J. GAYAN, ESQ., SBN 11135
MONA KAVEH, ESQ., SBN 11825
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

RICHARD L. STONE, ESQ. (*pro hac vice*)
DAVID R. SINGER, ESQ. (*pro hac vice*)
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071

*Attorneys for Defendants*

## **PROOF OF SERVICE**

I hereby certify that on the 9th day of December, 2020, I served a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL [EXHIBITS 3, 4, AND 5 TO MOTION TO RECONSIDER PREVIOUS DISCOVERY RULINGS BASED ON NEW EVIDENCE AND REFERENCES THERETO]** via the United States District Court's CM/ECF electronic filing system to all parties on the e-service list.

E. Leif Reid, Bar No. 5750
Marla Hudgens, Bar No. 11098
Kristen L. Martini, Bar No. 11272
Nicole Scott, Bar No. 13757
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, Nevada 89501

Joseph M. Alioto, *Pro Hac Vice*
Jamie L. Miller, *Pro Hac Vice*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104

James J. Pisanelli, Bar No. 4027
Todd L. Bice, Bar No. 4534
Jordan T. Smith, Bar No. 12097
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

*Attorneys for Plaintiff*

/s/ Mona Kaveh
An employee of Kemp Jones LLP

7

## INDEX OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | September 29, 2020, Objection Letter Regarding Subpoena Duces Tecum to Michael Schroeder |
| B | Relevant Portions of Plaintiff's September 3 and September 19, 2020, Redaction Logs |