| | |
|---|---|
| E. Leif Reid, Nevada Bar No. 5750<br>Kristen L. Martini, Nevada Bar No. 11272<br>Marla J. Hudgens, Nevada Bar No. 11098<br>Nicole Scott, Nevada Bar No. 13757<br>LEWIS ROCA ROTHGERBER CHRISTIE LLP<br>One East Liberty Street, Suite 300<br>Reno, NV 89501-2128<br>Tel: 775.823.2900<br>Fax: 775.823.2929<br>Email: lreid@lrrc.com<br>     kmartini@lrrc.com<br>     mhudgens@lrrc.com<br>     nscott@lrrc.com | Joseph M. Alioto, *pro hac vice*<br>ALIOTO LAW FIRM<br>One Sansome Street, 35th Floor<br>San Francisco, CA 94104<br>Tel: 415.434.8900<br>Fax: 415.434.9200<br>Email: jmalioto@aliotolaw.com |

James J. Pisanelli, Nevada Bar No. 4027
Todd L. Bice, Nevada Bar No. 4534
Jordan T. Smith, Nevada Bar No. 12097
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Email: JJP@pisanellibice.com
     TLB@pisanellibice.com
     JTS@pisanellibice.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>     Plaintiff,<br><br>v.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>     Defendants. | Case No. 2:19-CV-01667-GMN-BNW<br><br>**PLAINTIFF'S MOTION TO EXTEND DEADLINE TO FULLY COMPLY WITH THE COURT'S ORDER DATED DECEMBER 17, 2020 (ECF NO. 275)**<br><br>**(FIRST REQUEST)** |

Plaintiff Las Vegas Sun. Inc. ("Plaintiff" or "Sun"), by and through its counsel of record, the law firms of Lewis Roca Rothgerber Christie LLP, Pisanelli Bice PLLC, and the Alioto Law Firm, respectfully submit this Motion to Extend Deadline to Fully Comply with the Court's Order Dated December 17, 2020 (ECF. 275) (First Request). This Motion is made pursuant to LR 26-3, the following Memorandum of Points and Authorities, and the pleadings and papers on file in this case. The parties have met and conferred and were unable to come to a resolution. *See* **Ex. 1**.

DATED this 31st day of December, 2020.

                                                    LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ E. Leif Reid*
    E. Leif Reid, Bar No. 5750
    Kristen L. Martini, Bar No. 11272
    Marla J. Hudgens, Bar No. 11098
    Nicole Scott, Bar No. 13757
    One East Liberty Street, Suite 300
    Reno, NV 89501-2128

    PISANELLI BICE PLLC
    James J. Pisanelli, Bar No. 4027
    Todd L. Bice, Bar No. 4534
    Jordan T. Smith, Bar No. 12097
    400 South 7th Street, Suite 300
    Las Vegas, Nevada 89101

    ALIOTO LAW FIRM
    Joseph M. Alioto, *Pro Hac Vice*
    One Sansome Street, 35th Floor
    San Francisco, CA  94104

    *Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND RELEVANT FACTUAL BACKGROUND

Since December 17, 2020, when this Court ordered the Sun to supplement its Rule 26(a)(1) damages disclosure and produce all documents bearing on the nature and extent of those damages (ECF No. 275), the RJ produced 24,674 pages of the joint operation's and the Review-Journal's current financial information. **Ex. 1** ¶ 9. The RJ's production was made in response to the Sun's discovery requests propounded six months ago. *See generally* ECF Nos. 114-2, 137-2 & 248. This belated information is necessary for the Sun to compute its damages. *See* ECF Nos. 136 at 7-19, 177, 199, 219. The Sun does not have access to the joint operation financials, the RJ's financials, or the joint operation information in general. The Sun has only been granted access to this information through discovery.

Although the Sun possessed stale financials from prior litigation, it was only when the RJ made its literal eleventh hour document production at 11 p.m. on Friday, December 18, 2020, that the Sun received this information for the first time. The Sun requested these documents on June 23, 2020, through Requests for Production Nos. 260-263. *See* ECF No. 136-2 at 41; ECF No. 114-2 at 41. The RJ vehemently objected to producing this information on the basis that it was irrelevant, despite the Sun's desperate need for the information in order to ascertain its damages. *See generally* ECF No. 137-3 at 126-30; ECF No. 145 at 15-21; ECF No. 121 at 21-22. On November 13, 2020, this Court compelled the RJ to produce the information and ordered that it do so within 14 days. ECF No. 222 at 22:8-9. The RJ's counsel orally objected to the 14-day deadline because of the Thanksgiving holiday, and asked for an additional three weeks to comply with the Order, which this Court granted. *Id.* at 23:23-24:9 (stating that "the presumption will be that three weeks will be enough . . . So don't wait until the three weeks is almost over to file that request and to turn things over").

However, on the December 4th deadline to produce, the RJ moved for an additional 14 days to produce the financial information (ECF No. 248). The Court granted the RJ's request on December 8, 2020. *See* ECF No. 253. As a result, the RJ made its most substantive production of financial documents and communications to date in this case on December 18, 2020. **Ex. 1** ¶ 10.

- 2 -

## II. GOOD CAUSE EXISTS TO PROVIDE THE SUN A BRIEF 14-DAY EXTENSION TO FULLY COMPLY WITH THE COURT'S ORDER TO PROVIDE CALCULATIONS AND A FULL DOCUMENT PRODUCTION

"Good cause," a non-rigorous and broadly construed standard, is applied to review a motion to continue discovery deadlines. LR 26-3; *Leonard v. N. Nev. Correctional Ctr. Dental Dep't*, No. 3:18-CV-00404-MMD-CLB, 2020 WL 5848350, at *1 (D. Nev. Oct. 1, 2020) (citing *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)). Good cause exists to extend a discovery deadline "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks omitted). Where the non-moving party has contributed to the delay and resisted discovery, an extension is properly granted. 6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed. Oct. 2020 Update) (providing that when an extension "is necessitated by acts of the opposing party or by the opponent's failure to act, relief also has been deemed appropriate."). An extension is also warranted when, like here, a case involves significant or complicated legal or factual issues. *E.g.*, *Atkins v. Mabus*, 654 Fed. App'x 878, 879 (9th Cir. 2016); *Fields v. Williams*, No. 217-CV-01725-JAD-NJK, 2019 WL 1472100, at *1 (D. Nev. Apr. 3, 2019).

During the December 17, 2020, hearing, this Court stated that the Sun could seek an extension for its damages-disclosure deadline if needed, as long as the Sun was diligent in attempting to comply with the existing deadline in light of the holidays around the corner. ECF No. 275 at 18:17-20 ("If the Sun needs additional time—I know that we're running into the holidays. If the Sun needs additional time, just go ahead and file the proper motion."). The Sun has been diligent in its efforts to supplement its damages disclosure and only seeks a brief 14-day extension with this Court's permission and for good cause. **Ex. 1** ¶¶ 12-13. This is the same length of time the RJ received to produce its damage-related documents on December 18, 2020. *See* ECF No. 253.

After receiving the RJ's voluminous document production on December 18th, it was loaded into the Sun's counsel's law firm database over the weekend before the upcoming Christmas holiday later that week. **Ex. 1** ¶ 11. And since then, the Sun has been diligent in complying with the Court's Order by reviewing approximately 24,674 pages of information relevant to the joint operation's and the Review-Journal's current financial information. *Id.* ¶ 12. Granting a brief 14-

- 3 -

day extension will allow the Sun time to fully comply with the Court's Order, including conducting another document search to determine what other documents the Sun may have in its possession and compute what damages calculations it can undertake itself from the RJ's document production. *Id.* ¶ 14. Affording the Sun more time will also comport with the Court's instruction that "the Sun must exhaust all the information available to it to supplement its damages disclosure," but that the Sun is not expected "to pull theories and numbers out of thin air." ECF No. 275 at 17:10-11. As such, the Sun will need additional time to examine and digest the produced financials to better determine which formulas or calculations the Sun is able to make for its damage categories without expert assistance before the expert disclosure deadline. *Id.* ¶ 15.

### III. THE RJ WILL SUFFER NO PREJUDICE FROM A BRIEF 14-DAY EXTENSION

Allowing the Sun a brief extension will not prejudice the RJ. In fact, the opposite is true, as the RJ will receive a more fulsome damages disclosure. Even so, prejudice to the non-movant is merely a secondary consideration. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000) (the prejudice suffered to the defendant is a factor that is "not required under Rule 16(b)"); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."). Nonetheless, the RJ has no legitimate claim of prejudice from the Sun's first extension request.

Providing the Sun a brief extension to more completely review and analyze the RJ's massive production of documents, as well as gather, search, review, and produce the Sun's own documents to supplement its damages calculation will not prejudice the RJ. For example, as the Sun informed the RJ during the parties' meet and confer on December 28th, the Sun will be producing the attorney invoices related to the expenses incurred in defending against the RJ's sham state court Counterclaim, and the Sun will be identifying its damage categories known to date by the Court's December 31 deadline. **Ex. 1** ¶ 18; **Ex. 2**. The Sun will also be providing a damage computation related to the attorney fees and costs incurred in defending against the RJ's sham Counterclaim.

/ / /

Despite the Sun's reasonable request that mirrored the RJ's own, the RJ rejected the Sun's request for an additional 14 days to provide its mathematical calculations and a complete document disclosure on the basis that the RJ's Answer and Counterclaims (due on January 4) is somehow dependent on the Sun's damages disclosure. **Ex. 1** ¶ 19; **Ex. 2**. However, it remains unclear why the RJ's Answer and Counterclaim would be dependent on the Sun's supplemental disclosure. A defendant's obligation and ability to answer an initial pleading and assert counterclaims are not contingent on the plaintiff's production of documents during discovery. See FED. R. CIV. P. 12(a). Further, when this Court compelled the Sun to supplement its damages disclosure, the Court recognized that based on the damages previously disclosed in writing in the Sun's Complaint and Responses to the RJ's Requests for Admissions, "the RJ cannot meaningfully argue that it was in the dark about the existence of these damage categories." ECF No. 275 at 15:1-14.

The RJ's argument that its Answer and Counterclaim hinge on the Sun's damages disclosure is even more disingenuous considering that the RJ has possessed and controlled information of the Sun's damages since the inception of this case. Specifically, the RJ has been in possession of the joint operation's and the RJ's recent financial statements; therefore, it is unclear why the RJ would need any supplemental disclosure—let alone a more fulsome supplemental disclosure than what the Sun will be serving on December 31—to file its Answer and Counterclaim.[1] There is no basis to tie the RJ's deadline to file its Answer and Counterclaim to the Sun's damages disclosure. The RJ has had the Sun's Complaint for over a year, has had the advantage of engaging in extensive discovery, and the Court ruled on the RJ's Motions to Dismiss on November 30, 2020. ECF No. 243.

Accordingly, the RJ's assertion that it needs the Sun's supplemental damages disclosure to file its Answer and Counterclaim is not a valid assertion of prejudice, let alone a basis to deny the Sun its requested brief extension to fully comply with the Court's December 21, 2020, Order.

/ / /

/ / /

---

[1] The RJ has made threats of arbitration depending on the Sun's damages for months now (although the RJ raised the issue for first time nearly a year after filing its motions to dismiss). Based on the discovery and arguments that have been made throughout the case, ECF No. 275 at 15:1-14, the Sun's supplemental disclosure will offer no new grounds for the RJ to somehow make an untimely arbitration demand through its Answer and Counterclaim.

- 5 -

## IV.  CONCLUSION

For the foregoing reasons, the Sun respectfully requests a brief 14-day extension of time to fully comply with the Court's December 21, 2020, Order with respect to the Sun's damages calculations and document production (ECF No. 275).

DATED this 31st day of December, 2020.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ E. Leif Reid*
E. Leif Reid, Bar No. 5750
Kristen L. Martini, Bar No. 11272
Marla J. Hudgens, Bar No. 11098
Nicole Scott, Bar No. 13757
One East Liberty Street, Suite 300
Reno, Nevada 89501-2128

PISANELLI BICE PLLC
James J. Pisanelli, Bar No. 4027
Todd L. Bice, Bar No. 4534
Jordan T. Smith, Bar No. 12097
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

ALIOTO LAW FIRM
Joseph M. Alioto, *Pro Hac Vice*
One Sansome Street, 35th Floor
San Francisco, California 94104

*Attorneys for Plaintiff*

**IT IS SO ORDERED**

**DATED:** 12:23 pm, January 04, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Lewis Roca Rothgerber Christie LLP, and that on the 31st day of December, 2020, I caused the foregoing **PLAINTIFF'S MOTION TO EXTEND DEADLINE TO FULLY COMPLY WITH THE COURT'S ORDER DATED DECEMBER 17, 2020 (ECF NO. 275)** to be served by electronically filing the foregoing with the CM/ECF electronic filing system, which will send notice of electronic filing to:

J. Randall Jones, Esq.
Michael J. Gayan, Esq.
Mona Kaveh, Esq.
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

Richard L. Stone, Esq.
Amy M. Gallegos, Esq.
David R. Singer, Esq.
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071

                */s/ Jessie M. Helm*
                An Employee of Lewis Roca Rothgerber Christie LLP

113202189.1

**EXHIBIT INDEX**

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| 1 | Declaration of Kristen L. Martini in Support of Plaintiff's Motion to Extend Deadline to Fully Comply with the Court's Order Dated December 17, 2020 (ECF No. 275) | 3 |
| 2 | Email Exchange between Kristen L. Martini and Michael Gayan, dated December 29, 2020 | 2 |

113202189.1