J. RANDALL JONES, ESQ., SBN 1927
r.jones@kempjones.com
MICHAEL J. GAYAN, ESQ., SBN 11135
m.gayan@kempjones.com
MONA KAVEH, ESQ., SBN 11825
m.kaveh@kempjones.com
KEMP JONES LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000

RICHARD L. STONE, ESQ. (*pro hac vice*)
rstone@jenner.com
DAVID R. SINGER, ESQ. (*pro hac vice*)
dsinger@jenner.com
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
agallegos@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100

*Attorneys for Defendants and Counterclaimant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-01667-GMN-BNW<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO CONTINUE DISCOVERY AND CASE DEADLINES (ECF NOS. 74 & 226, 239) (SECOND REQUEST) [ECF NO. 304]** |

1  LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,
2
3              Counterclaimant,
         v.
4
5  LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.
6
7
8
              Counterclaim Defendants.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**I.     Introduction.**

The Sun's motion should be denied in part. The discovery cut-off in this case is not until late May, more than four months away. Defendants would not object to a two-month extension of the discovery period, as long as the deadline for the parties to serve their affirmative expert reports on the Sun's claims—which is itself still more than a month away—remains as it is presently set. A two-month extension should supply more than sufficient time for the Sun to take the unspecified "follow-up" discovery it believes it needs on its claims and for the parties to take discovery on the Review-Journal's counterclaims. But Defendants would be seriously prejudiced by further delaying the expert-disclosure deadlines for the Sun's affirmative case, because the Sun has so far avoided providing key information about its case by taking the position that the information would be the subject of expert discovery, leaving Defendants in the dark about the scope of the claims against them.

In complex antitrust litigation, a plaintiff's experts are usually intimately involved in crafting the pleadings, which means that the experts' work begins before the case is even filed. Yet the Review-Journal has been forced to endure more than a year of non-stop litigation and incur millions of dollars in attorneys' fees without any real sense about how the Sun will attempt to prove its lawsuit. For example, as the Court knows, Defendants have not received detailed information about the Sun's putative damages, because the Sun has repeatedly taken the position that it will not articulate its complete damages theory until it serves its expert reports.

The Sun's expert disclosures are crucial to Defendants' ability to analyze the case against them in other ways as well. To take another example, the Sun's alleged market strikes Defendants as facially unsustainable, which was one of the primary bases for Defendants' motion to dismiss. *See* ECF No. 20 at 13–16. In a recent filing, the Sun also suggested that its proposed antitrust market definition might need revamping. *See* ECF No. 293 at 11. At least one of the Sun's experts would need to opine on that market, and to explain how Defendants exercise monopoly power in it. That is a dispositive issue: if the Sun cannot demonstrate that Defendants exercise monopoly power in the alleged relevant market, this case is over. But Defendants do not know what the Sun's new theory may be, because the Sun is apparently withholding that information for its

1

1  expert's report. And the Sun has now moved to delay disclosing it by another six months. At that
2  point, it will be almost two years since the lawsuit was filed.

3        The Sun's motion also does not satisfy this Court's Local Rules, which require that it
4  specify the exact discovery the Sun believes remains to be taken, in addition to explaining why
5  that discovery cannot be completed under the current schedule. That is, the Sun's motion does
6  not attempt to explain why whatever "follow-up" discovery the Sun thinks it might need cannot
7  be completed in the next four months (or six months, if this Court agrees to Defendants' proposal).
8  The Sun's motion also does not explain why the discovery it thinks it might still need to take has
9  not already been taken, giving this Court no basis to analyze the Sun's request.

10        The Sun chose to litigate this case the way it did—serving piecemeal discovery requests
11  over the eight months since discovery opened, and using its initial sets of discovery requests to
12  seek wide-ranging information on subjects that this Court eventually curtailed significantly. It
13  also should not be forgotten that, early on in this case, the Sun was attempting to expedite the
14  trial, representing to the Court that this case could be trial-ready in as little as a few months. *See*
15  ECF No. 82 (5/25/20 Hrg. Tr.) at 25:9–14 (the Sun's counsel arguing that there could be a trial in
16  this matter "in three months" and suggesting that "there are many major antitrust trials that are
17  done, indeed, from the filing of complaint to the trials" in that time frame). The Court should not
18  ignore the Sun's inconsistent positions when considering this motion. Additionally, at the last
19  hearing, this Court admonished the parties that it wants to keep the case moving.

20        Moreover, as the Court will no doubt recall, the Sun has already requested and received a
21  three-month discovery extension, relying on more or less the same arguments that it makes here.
22  *See* ECF No. 226. That three-month extension was on top of the nine-month discovery period that
23  this Court already set. As noted above, that full year of discovery does not even end until late
24  May, meaning that there are still more than four months remaining before the discovery cut-off.

25        The only significant change in this case that the Sun can point to in order to justify its
26  request is the filing of the Review-Journal's counterclaims, which do not warrant a six-month
27  extension in the schedule for this entire case. First, the discovery occasioned by the counterclaims
28  is largely the Review-Journal's to take from the Sun, not vice versa. Therefore, the onus will be

2

on the Review-Journal to keep the process moving efficiently. Second, the counterclaims overlap with the Sun's affirmative claims in this case, as well as the Review-Journal's state-court counterclaims, so much of the information that the parties would seek in discovery has already been produced. The Sun's motion does not articulate any discovery that it believes that it needs from Defendants to defend against the counterclaims beyond what it has already received—or is already seeking—to support its affirmative case, or why the Sun thinks it cannot complete that discovery in the time remaining in the discovery period.

The bottom line for the purposes of this motion, however, is that the Sun's experts should not need any counterclaim discovery to finalize their opinions on the merits of the Sun's affirmative claims, and it is long past time for the Sun to lay its cards on the table.

## II.   The Sun's Motion Should Be Denied In Part.

### A.   Standard of Review.

A scheduling order "'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.*

Thus, to prevail on its request to amend a scheduling order under Federal Rule of Civil Procedure 16(b), the Sun must establish good cause. *Id.* at 608–09; *see* L.R. 26-3.[1] A movant establishes good cause to extend discovery by demonstrating its diligence during the existing discovery schedule. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). Good cause to extend a discovery deadline exists only "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (internal quotations omitted). When considering extension requests, courts have also factored in prejudice to the non-moving party. *See, e.g.*, *Coleman*, 232 F.3d at 1294–95 (holding need to reopen discovery and

---

[1] Formerly identified as L.R. 26-4 (renumbered as L.R. 26-3 in April 2020).

3

delay proceedings supports finding of prejudice and supplied an additional reason for denying the motion that would have altered scheduling order).

### B.     The Sun Is Not Entitled To A Blanket Six-Month Extension.

#### 1.     The Sun Has Not Justified Its Requested Extension.

The Sun is not entitled to a six-month extension to pursue its affirmative claims. Notably, this Court has already granted the Sun a prior three-month extension to bolster its case, above and beyond the nine-month discovery period that the Court initially set. *See* ECF No. 226; ECF No. 74 at 2. Courts routinely reject extensions sought by parties that have previously received them. *See, e.g.*, *United States ex rel. Vatan v. QTC Med. Servs., Inc.*, 2019 WL 1460614, at *2 (C.D. Cal. Jan. 4, 2019) ("The parties originally were given nine months in which to pursue discovery, and that period was later extended by over a month. While Relator may desire additional time for discovery, he fails to demonstrate that he diligently used the time already given."); *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 494 (S.D. Tex. 2009) (holding that "the parties have failed to show good cause for extending the discovery deadline" in part because the "Court had already granted a three-month extension to the initial five-month long discovery period").

Under Local Rule 26-3, the Sun was obligated to provide "[a] specific description of the discovery that remains to be completed" and the "reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan[.]" L.R. 26-3(b)–(c). The Sun's motion does not satisfy those requirements. The Sun claims that it expects it will need to do discovery related to the search terms Defendants used to collect documents, without any real detail about what that discovery might look like or what search terms are supposedly problematic. ECF No. 304 at 11. Defendants are at a loss regarding what the Sun has in mind. The Sun also says that it "anticipates the need" to do "follow-up discovery" on information it does not have yet. *Id*. The Sun's speculation that it might like to take more discovery down the line does not satisfy the Local Rules' requirement that a request for an extension—actually, another extension—specifically describe the discovery that remains to be taken. The Sun's noncompliance with the Local Rules justifies denying its motion. *See Smith v. Wal-Mart Stores, Inc.*, 2014 WL 2770691, at *5 (D. Nev. June 17, 2014) (holding that the

4

movant's failure to provide "a specific description" of the discovery that remained to be completed justified denying its motion under Rule 16(b) and Local Rule 23); *Branch Banking and Trust Co. v. Rad*, 2015 WL 7428553, at *1–2 (D. Nev. Nov. 20, 2015) (denying a request for an extension because the movant failed to meet Local Rule 23's "specific description" requirement by providing generic descriptions).[2] Finally, the Sun's complaints that depositions have not begun ring hollow. *See* ECF No. 304 at 11. Defendants attempted to comply with the Sun's stated desire to depose Sheldon Adelson early in this case, which the parties scheduled and the Sun then cancelled twice.[3] Defendants have also offered the Sun dates for the depositions of Craig Moon, Frank Vega, and Michael Schroeder. The Sun has agreed to a date for one of the three.

The Sun's motion mostly rests on its contention that the Review-Journal's counterclaims justify a six-month extension for discovery. That is incorrect for two reasons. First, the bulk of the discovery that will be needed for the counterclaims will be the Review-Journal's to take from the Sun, not the other way around. Therefore, the onus will be on the Review-Journal to keep the process moving efficiently (and for the Sun to cooperate and comply with its obligations). Second, much of the evidence supporting the counterclaims has already been produced in discovery on the Sun's affirmative case, as well as in response to the Review-Journal's state-court counterclaims, justifying a shorter discovery period, not a longer one. In its motion, the Sun has not attempted to describe the additional discovery it thinks is necessary to defend against the counterclaims. Regardless, to accommodate the Sun, Defendants are willing to agree to a two-month extension of the discovery cut-off and the case deadlines following the cut-off, as long as

---

[2] Given how quickly discovery has proceeded in this case already, the Sun has already been afforded the discovery it would have received over a longer period of time in a case proceeding on a more regular schedule.

[3] As the Court is likely aware, Mr. Adelson passed away last week. Peter G. Johnson, *Sheldon Adelson, Las Vegas Convention Visionary and Philanthropist, Dies at 87*, LAS VEGAS REVIEW-JOURNAL, Jan. 12, 2021, *available at* https://www.reviewjournal.com/business/casinos-gaming/sheldon-adelson-las-vegas-convention-visionary-and-philanthropist-dies-at-87-2250326/?itm_source=parsely-api.

the deadline for the parties' expert disclosures on the Sun's affirmative claims remains in place. The Sun should not need any counterclaim discovery for those disclosures, and—as described throughout this brief—Defendants have been prejudiced by the Sun withholding key aspects of its claims by contending that they will be the subject of the Sun's expert reports.[4]

To be clear, the Sun's motion does not arise in a vacuum. The Sun has already served hundreds of requests for production, which came in successive rounds in the months after this Court opened discovery. Nothing prevented the Sun from serving all of its requests for production and subpoenas within the first thirty days of discovery. But the Sun's most recent set of requests for production was not served until more than two hundred days after this Court permitted the parties to begin discovery. **Exhibit A** (Gayan Dec.) at ¶ 4. Nor has the Sun been a model of diligence in following up on Defendants' responses—many of its discovery motions were not filed until weeks or months after the Defendants served written responses to the Sun's requests. *Id*. at ¶ 5.[5]

Moreover, because the Sun's motion does not specifically describe the discovery that it thinks it might need to take in the future, it has not provided a sufficient basis for this Court to analyze whether the Sun should have done that discovery already—or, at least, why the Sun would not be able to complete its contemplated discovery by the current cut-off, which is still more than four months away, and which this Court already extended once at the Sun's request. The Sun's inadequate explanation of the "reasons why . . . the remaining discovery" could not be "completed within the time limits set by the discovery plan" is an independently sufficient basis to deny the Sun's motion. L.R. 26-3(c).

---

[4] The parties can confer on an expert disclosure schedule for the Review-Journal's counterclaims later in the discovery period.

[5] The Sun also goes on at some length about the implications of pending discovery disputes (in addition to some others that it claims may or may not come up in the future). *See* ECF No. 304 at 15–16. However, the Sun's motion begs a question: if the requests underlying these motions were so important, why did serve the Sun not serve them early in the discovery period? The Sun chose to litigate this case the way it did, and chose to serve its discovery in the order it did. In any event, if this Court adopts Defendants' proposed approach, there will be a full six months remaining to complete discovery and resolve any disputes.

6

2. <u>Defendants Would Be Seriously Prejudiced By Further Delaying The Sun's Expert Disclosures</u>.

In complex antitrust litigation, plaintiffs generally have experts analyzing aspects of their potential claims before the pleadings are even drafted. That means that the Sun's experts have likely dedicated months (at least) to their reports already. Yet the Sun has repeatedly deflected its discovery and disclosure obligations, citing its forthcoming expert reports, to avoid providing Defendants with fundamental information about the Sun's claims.

The Court is aware of this issue, so Defendants will not belabor the point, but the Sun has so far avoided providing Defendants with any details about the theories, methods or calculations for most of the categories of damages the Sun seeks, claiming that its experts need to complete their work before it can comply with its automatic disclosure obligations. This Court called Sun's disclosures, such as they are to this point, "inadequate," "insufficient," and "meaningless." ECF No. 275 at 15:5–13. Defendants have been pressing the Sun to provide that information for more than a year, culminating in a successful motion to compel. The Sun has had financial documents from Defendants for months now. Defendants are still in the dark about the scope of the claims against them.

To be clear, the Sun's disclosures since this Court's order have not provided much more information. With one exception (the amount of the Sun's attorneys' fees), the Sun's December 31 disclosure simply repackaged the barebones damages information in the Sun's opposition brief filed two months ago. *Compare* **Exhibit B** (12/31/20 Disclosure) at 10–11 *with* ECF No. 199 at 2:25–3:18. The Sun's January 14 disclosure added very little beyond that. In a prior motion to this Court for the Sun's most recent request to extend the disclosure deadline, the Sun represented that it needed more time to review Defendants' documents and "compute" its damages, conduct "calculations" of its damages, and "determine which formulas or calculations the Sun" could provide. ECF No. 294 at 4. The Sun's January 14 disclosure contains none of that information. Instead, the only piece of new information in that disclosure is the sum of the Review-Journal's editorial and promotional expenses. **Exhibit C** (1/14/21 Disclosure) at 11:14–25. But the Sun could have added up that total by December 31, and even now, the Sun does not explain how the

total relates to its damages, particularly given that the Sun did not even attempt to apply the JOA profit-sharing formula to the total that the Sun included in its disclosure. Put differently, while the Sun's January 14 disclosure contains more words, it does not provide Defendants with any additional meaningful information. This further demonstrates the Sun's refusal to provide any meaningful information about their damages in advance of the expert witness disclosure deadline. Even when faced with a court order to disclose everything about their damages that is available without the need for an expert, the January 14 supplemental disclosure leaves Defendants in the dark. This all underscores how prejudicial it would be for Defendants to endure yet another a continuance of the deadline for expert disclosures in support of the Sun's claims.

The Sun initially claimed that it intended to rely on as many as eight different experts in this case. *See* ECF No. 42 at 2. Presumably, those experts have been busily preparing their reports since the outset of this case. Yet the Sun's motion is silent about seven of them, relying solely on a declaration from Elizabeth Cain, who is a percipient witness to some of the key conduct in this litigation, but whom the Sun says it will also rely on for expert testimony. *See* ECF No. 304-3. According to Ms. Cain's declaration, she has taken on her expert role as a pro bono side project, in addition to her day job as the CFO of another organization. *Id*. ¶¶ 2–3. Ms. Cain claims that she needs more time to review and analyze documents that Defendants produced more than a month ago, in order to meet a deadline for her report more than a month away. *Id*. ¶ 4. That does not justify the Sun's requested extension. The Sun could have hired a professional to do its expert analysis—one who would be able to dedicate the time to this case that Ms. Cain evidently cannot. The Sun's expert's delay in reviewing and incorporating produced documents is the result of a conscious decision that the Sun made.

The Sun's failure of proof on the supposed need for more time for its experts to finish opining on the Sun's affirmative claims is conspicuous. It has not given the Court any grounds to provide the extension it is seeking for its seven other experts. The Sun does not say what its antitrust expert is allegedly waiting for. The Sun does not say what its economist is allegedly waiting for. The Sun does not say what its industry expert allegedly still needs to describe the newspaper business. Moreover, as noted above, the Sun recently suggested in a filing that its

proposed antitrust market definition might need revamping from the market alleged in its complaint. *See* ECF No. 293 at 11. At least one of the Sun's experts would be necessary to opine on that new market (and should not need any of Defendants' documents to do so), and to explain how Defendants exercise monopoly power in it. But Defendants remain in the dark as to what the Sun's new theory may be, because the Sun is apparently withholding that information for its expert's report. Permitting the Sun to delay disclosing that information by another six months would condone the trial-by-ambush approach that the disclosure and discovery aspects of the Federal Rules of Civil Procedure were adopted to prevent. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, 2016 WL 3965190, at *3 (D. Nev. July 21, 2016) (noting that the goal of the Federal Rules of Civil Procedure's disclosure obligations is to eliminate trial by ambush) (citing *Shakespear v. Wal-Mart Stores, Inc.*, 2013 WL 3491172, *8 (D. Nev. July 10, 2013)); *Cohen v. Hansen*, 2014 WL 1873968, at *14 (D. Nev. May 8, 2014) (explaining that permitting a plaintiff to seek damages at trial absent a rule-compliant disclosure "would reward the type of gamesmanship and trial by ambush the Federal Rules of Civil Procedure and the cases construing them were designed to avoid").

The bottom line is simple: given how much of the Sun's case has been occluded by its reliance on its expert disclosures, Defendants are in the dark on the merits of much of the Sun's case. Defendants have already been prejudiced, and would be prejudiced more by further delay. Therefore, the deadline for the parties to serve their initial and rebuttal experts reports on the Sun's affirmative claims should remain as set.

### III. Conclusion.

The Sun's motion should largely be denied. Instead of a blanket six-month extension of deadlines that the Sun has had more than a year to meet, this Court should maintain the existing

deadlines for expert disclosures on the Sun's affirmative claims, and extend the discovery cut-off and dispositive-motion and pre-trial deadlines by no more than two months.[6]

Dated: January 19, 2021

                KEMP JONES, LLP

                */s/ Michael Gayan*
                J. RANDALL JONES, ESQ., SBN 1927
                MICHAEL J. GAYAN, ESQ., SBN 11135
                MONA KAVEH, ESQ., SBN 11825
                3800 Howard Hughes Parkway, 17th Floor
                Las Vegas, Nevada 89169

                RICHARD L. STONE, ESQ. (*pro hac vice*)
                DAVID R. SINGER, ESQ. (*pro hac vice*)
                AMY M. GALLEGOS, ESQ. (*pro hac vice*)
                JENNER & BLOCK LLP
                633 West 5th Street, Suite 3600
                Los Angeles, California 90071

                *Attorneys for Defendants and Counterclaimant*

---

[6] While the Sun's motion does not explicitly argue the point, it is also attempting to re-open the pleadings in this case. *See* ECF No. 304 at 21 & n.6. The Sun's deadline to amend its pleadings expired on October 23, 2020. The Sun's first motion to continue did not ask to extend this deadline, *see* ECF No. 177 (filed after October 23, 2020), and neither of the Sun's motions demonstrated excusable neglect. L.R. 26-3 (requiring additional showing for requests filed after expiration of deadline). If the Court is inclined to grant the Sun's motion beyond what Defendants have proposed, it should make clear that the Sun's pleadings are closed.

**PROOF OF SERVICE**

I hereby certify that on the 19th day of January, 2021, I served a true and correct copy of the foregoing **DEFENDANTS' OPPOSITION TO MOTION TO CONTINUE DISCOVERY AND CASE DEADLINES (ECF NOS. 74 & 226, 239) (SECOND REQUEST) [ECF NO. 304]** via the United States District Court's CM/ECF electronic filing system to all parties on the e-service list.

E. Leif Reid, Bar No. 5750
Marla Hudgens, Bar No. 11098
Kristen L. Martini, Bar No. 11272
Nicole Scott, Bar No. 13757
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, Nevada 89501

Joseph M. Alioto, *Pro Hac Vice*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104

James J. Pisanelli, Bar No. 4027
Todd L. Bice, Bar No. 4534
Jordan T. Smith, Bar No. 12097
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

*Attorneys for Plaintiff and Counterclaim Defendants*

                                                                */s/ Mona Kaveh*
                                                                An employee of Kemp Jones LLP

**INDEX OF EXHIBITS**

| Exhibit | Description |
|---|---|
| A | Declaration of Michael J. Gayan in Support of Defendants' Opposition to Motion to Continue Discovery and Case Deadlines (ECF Nos. 74 & 226, 239) (Second Request) [ECF No. 304] |
| B | Plaintiff's Ninth Supplement to Initial Disclosures Pursuant to Fed. R. Civ. P. 26(e) |
| C | Plaintiff's Tenth Supplement to Initial Disclosures Pursuant to Fed. R. Civ. P. 26(e) |