E. LEIF REID, Nevada Bar No. 5750
KRISTEN L. MARTINI, Nevada Bar No. 11272
MARLA J. HUDGENS, Nevada Bar No. 11098
NICOLE SCOTT, Nevada Bar No. 13757
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, Nevada 89501-2128
Tel:    775.823.2900
Fax:   775.823.2929
Email: lreid@lrrc.com
          kmartini@lrrc.com
          mhudgens@lrrc.com
          nscott@lrrc.com

JOSEPH M. ALIOTO, *PRO HAC VICE*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104
Tel: 415.434.8900
Fax: 415.434.9200
Email: jmalioto@aliotolaw.com

JAMES J. PISANELLI, Nevada Bar No. 4027
TODD L. BICE, Nevada Bar No. 4534
JORDAN T. SMITH, Nevada Bar No. 12097
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Email:  JJP@pisanellibice.com
           TLB@pisanellibice.com
           JTS@pisanellibice.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>            Defendants. | Case No. 2:19-CV-01667-GMN-VCF<br><br>**PLAINTIFF'S REPLY TO ECF NO. 320, DEFENDANTS' OPPOSITION TO MOTION TO CONTINUE DISCOVERY AND CASE DEADLINES (ECF NOS. 74 & 226, 239) (SECOND REQUEST) [ECF NO. 304]** |

i

113389544.1

1  LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,
2
3             Counterclaimant,
4       v.
5  LAS VEGAS SUN, INC. a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.,; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.
6
7
8             Counterclaim Defendants.

113389544.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  INTRODUCTION

The RJ does not dispute the exceptional complexity of this antitrust case. The parties agree that the discovery endured to date has been voluminous, hotly contested, and burdensome. There is no disagreement that discovery is protracted—and expectedly so given the nature of this case. And today, Magistrate Judge Weksler recused herself from the litigation. ECF No. 325.

Magistrate Judge Weksler was intimately involved in virtually every aspect of the discovery process over the last eight months, which made the Court acutely familiar with the discovery completed to date, the discovery pending, and the discovery that remains pending today. The Sun has six outstanding discovery motions pertaining to 130 Requests for Production, a third-party subpoena, and privilege issues, among other things. The expert disclosure deadline is next month, and the Sun only received the joint operation's and the Review-Journal's financial information last month. The parties had three hearings set in February, including the hearing on this Motion. Today's reassignment placed this case in limbo until the parties receive further instruction from Magistrate Judge Ferenbach. While the reassignment will result in some inevitable delay in resolving the pending discovery disputes, the reassignment alone is a basis to continue all discovery and case deadlines by the Sun's requested 180-days.

Even before the reassignment, the Sun's persistence in conducting discovery supported granting the extension. Its efforts have been the epitome of diligence: the Sun has filed continual multi-issue discovery motions and has pursued additional written discovery from the RJ and third parties. Yet, the RJ challenges the extension, and instead proposes to extend only the discovery cutoff date by two months but not the *Sun's* expert disclosure deadline of February 22. The RJ wants to force the Sun's expert disclosures next month, while ironically wanting to meet and confer on a later expert disclosure deadline for *the RJ's* expert reports in support of *the RJ's* Counterclaims. This proposal is so unusual for any litigation and prejudicial to the Sun that it is difficult to view it as credible.

The crux of the RJ's Opposition is that the RJ will suffer prejudice from not having the Sun's experts' opinions right now, despite the RJ's withholding and extreme delay in producing

documents needed to prepare these reports. According to the RJ, the Sun only asks for more time because it cannot prove the elements of its antitrust claims—*e.g.*, market definition and the RJ's market power. Regardless of its unfounded and irrelevant beliefs about the viability of the Sun's claims <u>for discovery purposes</u>, the RJ's belief sheds light on its haste to compel the Sun to disclose expert reports. The relevant market and market power are issues that involve expert questions of fact to be decided by the jury. But the RJ has had possession of, or access to, the information on these essential elements, and has denied the Sun's requests for that information (previewing yet another discovery dispute). The discovery on these issues is not completed, but the RJ continues to demand that the Sun disclose its expert's opinions nonetheless.

The same is true for the Sun's precise damage computations. The majority of the Sun's damage computations require expert analysis and testimony because they are not subject to a simple mathematical calculation. They can only be gleaned through volumes upon volumes of complex financial data and documents. The RJ does not disagree that it has been in exclusive possession of the joint operation's and Review-Journal's financial information either. Nor does the RJ dispute that while discovery started eight months ago, the RJ denied the Sun the necessary information for seven months until this Court compelled the RJ to produce. That production only occurred on December 18, and the Sun's experts have been working tirelessly to review, synthesize, and understand the information so that they can construct their opinions, iterate their analyses, and determine the supplemental information necessary or outstanding.

## II. THE DISCOVERY SOUGHT AND VARIOUS DISPUTES TO DATE PROVE THE SUN'S DILIGENCE

The RJ opposes the Sun's extension request on the basis that the Court already extended discovery by three months. ECF No. 320 at 4, 6, 8. The RJ further maintains that the Sun should be held to the current deadlines because the Sun did not serve all of its discovery requests "within the first thirty days of discovery." *Id.* at 8. Both of these arguments ignore the reality of this case.

This Court's three-month extension of the original deadlines is not a reason to abruptly end discovery in what this Court acknowledged is a complex case that has had "an inordinate amount

113389544.1

of litigation." ECF No. 239 at 6:25-7:1. The RJ's cited cases do not support such an unreasonable and prejudicial proposition either. *See* ECF No. 320 at 6 (citing *United States v. QTC Med. Servs., Inc.*, No. CV 14-8961 PA (SSx), 2019 WL 1460614 (C.D. Cal. Jan. 4, 2019) (denying request to extend discovery deadlines because the movant was not diligent in using an earlier extension to pursue discovery) & *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488 (S.D. Tex. 2009) (denying a request to extend discovery deadlines, not solely because the court had previously granted an extension, but because the parties had not been diligent in pursuing discovery)). As these cases, and others confirm, while the number of extensions may be considered when ruling on a motion to extend, the focus of the inquiry is whether "good cause" exists. *See* LR 26-3; *Liguori v. Hansen*, No. 2:11-CV-00492-GMN, 2012 WL 760747, at *6-7 (D. Nev. Mar. 6, 2012). The good cause determination hinges on whether the movant has been diligent in pursuing discovery during the discovery period. *Id.*

      The Sun's diligence in its pursuit of discovery cannot be credibly disputed, and the Court's record is the evidence of this fact. While the parties have been ferociously litigating discovery, the Sun has been serving party and non-party discovery throughout the eight-month discovery period (while also undertaking its other litigation tasks and complying with and enforcing Court orders). The Sun has filed at least nine multi-issue motions or briefs to compel its discovery from the RJ[1] or third party witnesses.[2] The Sun is in the process of meeting and conferring with the RJ on two other discovery sets. To date, the Sun has served five sets of Requests for Production and one Set of Interrogatories. The Sun has served nine third-party subpoenas for documents and is in the process of compelling those documents after failed meet and confers (some of which are pending before this Court now). The Sun's "efforts to compel discovery and at the same time obtain relevant information from other sources is the mark of diligence." *E.g.*, *Stewart v. Coyne Textile Servs.*, 212 F.R.D. 494, 497 (S.D. W. Va. 2003); *Japan Cash Mach. Co., Ltd. v. MEI, Inc.*, No. 2:05-cv-01433-

---

[1] While the RJ has twice now suggested that the Sun's discovery efforts have mostly been lost battles, *e.g.*, ECF No. 320-5 ¶ 5), the RJ is wrong. *See* **Ex. 1**. Of the Sun's 75 Requests for Production that have been ruled on to date, this Court granted 67 of those Requests at least in part. *Id.* The Sun currently has 130 Requests for Production pending before this Court. *Id.*

[2] *See* ECF Nos. 76, 135, 136, 175, 186, 209, 241, 279, and 281.

113389544.1

RCJ-RJJ, 2008 WL 11388723, at *2 (D. Nev. May 15, 2008).

On November 17, 2020, this Court was apparently not persuaded by the RJ's argument that the Sun should have served all of its discovery within the first 30 days of discovery, an argument that defies common sense and that the RJ repeats in its Opposition. *Compare* ECF No. 205 at 3, 11 *with* ECF No. 320 at 8. In ruling on the Sun's initial motion, the Court agreed that "[t]he Sun has been diligent and the Court relies on the Sun's list of tasks accomplished since the inception of discovery." ECF No. 239 at 6:21-23. Since the Sun filed its initial motion, the Sun's discovery efforts have intensified. *Compare* ECF No. 177 at 4-6 *with* ECF No. 304 at 6-10 & *infra* § II(A).

As explained below, examining the discovery the Sun has undertaken since its January 8 Motion, and the status of the discovery that was pending as of that date, continues to confirm what the Sun forecasted in its Motion. *See* ECF No. 304; *see also* ECF No. 177. That is, regardless of the Sun's fierce diligence, the nature and characteristics of this case will remain unchanged. Its antitrust roots are layered with unique complexity and an exceptional volume of issues. These facts and circumstances make fertile ground for protracted discovery. All the while, the Sun continues striving to accomplish the discovery it needs for a complete record to litigate this case on the merits.

### A.   Discovery Undertaken Since the Sun Filed Its Motion

The Sun filed its Motion a mere 2 weeks ago, and the docket has already increased by an additional 20 entries. The Sun and the RJ (and the RJ's counsel on behalf of third parties), have participated in several meet and confers to follow up on outstanding discovery compelled or agreed to be produced by the RJ, and third-party subpoenas. The Sun has also served its letter to meet and confer on the RJ's objections to the Sun's discovery responses. The Sun served a new set of Requests for Production, and noticed a deposition.

The parties participated in meet and confers following the Court's January 5 Orders compelling the RJ to produce its search terms (January 12 meet and confer), and the parties to meet and confer on the Supplemental Privilege Log for Ms. Cain's documents (January 21). The parties also met and conferred twice regarding redactions and re-filings (January 14 and January 19).

At the January 12 meet and confer, when the Sun inquired when the RJ would produce its

- 4 -

113389544.1

search terms as compelled by the Court on January 5, the RJ responded that it would the following week. The RJ only made the production at close of business today. When the Sun inquired about when the RJ's counsel would produce the subpoenaed documents that they agreed to produce in response to the Sun's subpoenas to Interface Operations LLC dba Adfam (served October 28, 2020) and Frank Vega (served August 21, 2020), the RJ's counsel indicated they would produce Adfam documents the next week, and Mr. Vega's documents the first half of February. As of the filing of this Reply, the RJ has not produced any documents from Adfam or Mr. Vega.

On January 13, the Sun also served its Fifth Set of Requests for Production of Documents, including Requests for additional key financial documents, *i.e.*, general ledgers, which the Sun's experts indicated they needed to examine where the RJ charged expenses or allocated combined revenues between the joint operation and its Digital Operations. It was only recently discovered that the RJ had still not produced them voluntarily. The RJ's responses are due February 12. If the RJ agrees to produce the documents, history dictates that the RJ will not produce them until March 12, 30 days after the due date. If the RJ refuses, the Sun will be required to file another motion.

On January 14, the Sun noticed the deposition of Craig Moon, the Review-Journal's former publisher, for February 5, 2021. On January 19, third-party witness Michael Schroeder produced documents in response to the Sun's August 21, 2020, Subpoena, which the Sun disclosed on January 20, 2021. The Sun met and conferred with Mr. Schroeder's lawyer on his September 29, 2020, objections since October 8.

The parties are expected to meet and confer on the RJ's objections and responses to the Sun's Fourth Set of Requests for Production and First Set of Interrogatories next week.

**B.** **Status of the Discovery that was Pending when the Sun Filed Its Motion**

When the Sun filed its Motion, the following discovery motions were pending: (1) Plaintiff's Motion to Compel Production of Documents (Third Set) (ECF No. 186) (Oct. 27, 2020); (2) Defendants News+Media Capital Group LLC's and Las Vegas Review-Journal, Inc.'s Motion for Protective Order Regarding Ntooitive Digital, LLC Subpoena (ECF No. 187) (Oct. 27, 2020), and Ntooitive's Joinder to Motion for Protective Order (Oct. 30, 2020) (ECF No. 188); (3)

1  Plaintiff's Motion to Reconsider Previous Discovery Rulings Based on New Evidence (Nov. 25,
2  2020) (ECF No. 241); (4) Plaintiff's Omnibus Motion to Compel Production of Documents in
3  Response to Plaintiff's First and Second Sets of Requests for Production of Documents (Dec. 22,
4  2020) (ECF No. 281); and (5) Plaintiff's Motion to Compel Compliance with Interface Operations
5  LLC dba Adfam Subpoena (Dec. 22, 2020) (ECF No. 279). These motions remain pending.

On January 5, this Court ruled on a sixth outstanding discovery motion, Plaintiff's Renewed Motion to Compel Production of Documents Pursuant to the Court's October 9 Order (ECF No. 175) (Oct. 23, 2020), which addressed the RJ's privilege log and search terms used for the Sun's Requests for Production. The Court further ordered the RJ to produce the search terms used in its data search for documents responsive to all of the Sun's Requests for Production, dating back to May 2020.

### C. A New Magistrate Judge

On January 22, the Magistrate Judge overseeing this case recused and a new Magistrate Judge was appointed. ECF Nos. 325 & 326. The parties gain another very capable Magistrate Judge to oversee discovery, but will also lose a significant degree of knowledge in the process. After dozens of motions and well over 300 docket entries to date, the assignment of a new Magistrate Judge is yet another reason to extend discovery in this highly complex case.

### III. THE SUN'S MOTION COMPLIES WITH THE LOCAL RULES

According to the RJ, the Sun's Motion is deficient under LR 26-3 because the Sun has not specified the discovery that remains to be completed or why the discovery cannot be completed under the current deadlines. ECF No. 320 at 6-7. The Court need only look to the 10 pages of the Sun's Motion in which the Sun details the unresolved and pending discovery disputes (which remain unchanged), the additional future discovery that remains to be completed, and why the remaining discovery cannot be completed under the current schedule to know that the Sun's Motion complies with the technical requirements of LR 26-3. *See* ECF No. 304 at 10-20. The RJ made this same argument in response to the Sun's first Motion and that argument was properly rejected by this Court. *Compare* ECF No. 205 at 12-13 *with* ECF No. 239 at 7:4-6 ("[T]he Sun has sufficiently

113389544.1

described the discovery that remains to be completed.").

The RJ's recitation to *Smith v. Wal-Mart Stores, Inc.*, No. 2:13-cv-1597-MMD-VCF, 2014 WL 2770691, at *5 (D. Nev. June 17, 2014), and *Branch Banking & Tr. Co. v. Rad*, No. 2:14-cv-01947-APG-PAL, 2015 WL 7428553, at *1-2 (D. Nev. Nov. 20, 2015), for what is now the second time, to argue that LR 26-3 demands a more detailed explanation remains inaccurate. *Compare* ECF No. 205 at 17 *with* ECF No. 320 at 6-7. While the *Smith* court addressed the plaintiff's vague speculation that she may need additional discovery, the court denied the motion because it was filed <u>a month after the deadline passed</u> and the court had already, previously denied the plaintiff's request for the discovery sought. 2014 WL 2770691, at *5.

The RJ's citation to *Rad* for the proposition that the court "den[ied] a request for an extension because the movant failed to meet Local Rule 23's 'specific description' requirement by providing generic descriptions" misrepresents the court's holding <u>yet again</u>. *See* ECF No. 320 at 7; ECF No. 205 at 17. First, the *Rad* court denied the movant's motion to *reopen* discovery—not *extend* discovery as the RJ misstates. 2015 WL 7428553, at *1-2. Second, the RJ again cites to the non-moving party's argument in that case, which the court did not accept. *See* ECF No. 320 at 7 & ECF No. 205 at 17 (citing *Rad*, 2015 WL 7428553, at *1-2). Instead, the *Rad* court denied the extension for lack of diligence, not for failing to meet LR 26-3 like the RJ repeatedly tells this Court. *See id.*, at *4.

Even without the substantial briefing on the Sun's diligence, the Court can surmise what additional discovery needs to be accomplished due to Magistrate Judge Weksler's close oversight of the discovery disputes in this case. The parties have been before this Court for disputes on every set of written discovery exchanged between the parties, and some third-party witnesses, that is ripe to date, and the transcripts reflect that. Through its filings, the Sun has explained why it has been reluctant to take any depositions based on how the RJ's document productions, and interference with third-party subpoenas, have progressed. The RJ and third parties' delayed document productions have also been the reason expert discovery has not been completed, and will not be completed in the next four weeks. Finally, with the RJ's newly filed Counterclaims, the Sun will

- 7 -

113389544.1

1  need—and is entitled to conduct—discovery on those new claims, and the Sun's affirmative
2  defenses to those claims, which, too, are subject to expert opinion.

3  But here are the items that must still be accomplished, which the RJ ignores to argue that
4  the only remaining discovery to be completed is on the RJ's Counterclaim: the six or more pending
5  discovery disputes; the follow-up discovery needed from the RJ's December document productions
6  and answers to interrogatories, and any other document productions and search terms compelled by
7  the Court; the outstanding expert discovery; and <u>all</u> witness depositions. ECF No. 320 at 4-5, 7-8
8  ("The Sun's motion mostly rests on its contention that the Review-Journal's counterclaims justify
9  a six-month extension for discovery."). Meanwhile, this case is continuing as the Sun forecasted in
10 its Motion. It remains protracted despite the parties' and the Court's resolute efforts. *See* ECF No.
11 304 at 13-20. Yet, while ignoring all these remaining tasks, the RJ argues that the Sun can complete
12 all of its discovery on the RJ's Counterclaims with an additional two months' extension because it
13 decided the Sun will not need much discovery, or the RJ has already produced the evidence in
14 discovery on the Sun's claims. ECF No. 320 at 7. The RJ's biased opinion on what the Sun needs
15 or is entitled to explore on the RJ's counterclaims is irrelevant to this Court's consideration of the
16 Sun's Motion.

17 The discovery needed to be obtained on the RJ's Counterclaims, like the rest of discovery
18 in this case, is voluminous and multifaceted. This was already an exceptionally complex antitrust
19 case layered with discrete issues <u>before</u> the RJ filed its Counterclaims. The RJ's Counterclaims
20 have created what is essentially a brand new case to be added to an existing amalgamation. While
21 certain aspects of the RJ's antitrust claims will overlap with the Sun's claims, the overlap is narrow.
22 The RJ's antitrust Counterclaims raise issues that are fresh to this case, nuanced, and highly fact-
23 dependent, while also having the added complication of a newspaper joint operation and the NPA,
24 alter ego, sham litigation, and seeking affirmative relief to terminate the JOA.

25 The Sun will need to explore each of these issues in discovery because they are fact-
26 intensive: (1) issues of market power relative to the Sun—as opposed to the RJ, *Syufy Enters. v.*
27 *Am. Multicinema, Inc.*, 793 F.2d 990, 994 (9th Cir. 1986) ("Relevant market is a factual issue which

28

- 8 -

113389544.1

is decided by the jury; the court is not permitted to account for witness credibility, weigh the evidence, or reach a different result it finds more reasonable as long as, viewing the evidence in a light most favorable to the nonmoving party, the jury's verdict is supported by substantial evidence."); *Rebel Oil Co. v. Atl. Richfield Co.*, 133 F.R.D. 41, 44 (D. Nev. 1990) ("The Ninth Circuit has established that both market definition and market power are essentially questions of fact appropriate for jury consideration."); (2) newly alleged anticompetitive conduct, *Bubar v. Ampco Foods, Inc.*, 752 F.2d 445, 449 (9th Cir. 1985) (stating that issues "such as an antitrust violation, his injury, and the amount of damages" are "questions of fact that a plaintiff would ultimately have to prove in order to establish his case"); (3) new antitrust injury, *see id.*; *see also Fin. & Sec. Prod. Ass'n v. Diebold, Inc.*, No. C 04-04347 WHA, 2005 WL 1629813, at *3 n.3 (N.D. Cal. July 8, 2005) ("[E]stablishing antitrust injury involves complex questions of fact."); (4) a new product and product market for its allegation of a proposed market allocation and employee agreements, *see Syufy, supra*; and (5) the amount of the RJ's damages. *Bubar*, *supra*; *see also Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1059 (9th Cir. 1999). Each of these issues also require expert opinion.[3]

And, yet, because none of these issues are raised in the Sun's claims, the Sun has not conducted any discovery on them. The Sun will be starting anew on what is basically a brand new antitrust case. What discovery the RJ summarily touts it has already produced in support of these issues is unclear—and the RJ does not offer any specificity. *See* ECF No. 320 at 7. As of last month, the RJ had objected to the Sun's discovery requests related to the RJ's state court counterclaims that are similar to its Sham Counterclaims filed in this Court. *See* ECF No. 186-3 at 5-16 (Request Nos. 325, 327, 329, 331, 332, and 333 seeking documents that would show the RJ promoted its

---

[3] *See, e.g.*, *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 761 F. App'x 714, 717 (9th Cir. 2019) (discussing expert opinion on the definition of the relevant market); *U.S. Info. Sys., Inc. v. Int'l Broth. of Elec. Workers*, 313 F. Supp. 2d 213, 236 (S.D.N.Y. 2004) (providing that expert testimony can "aid the jurors by helping them understand the basic economic principles of market power, the concept of distinct markets, and other economic intricacies this case involves"); *In re Mushroom Direct Purchaser Antitrust Litig.*, No. 06-0620, 2015 WL 5767415, at *5 (E.D. Penn. July 29, 2015) (recognizing that expert testimony is crucial to demonstrate how anticompetitive conduct caused damages.").

website long before the Sun's mention of its website, which would demonstrate, in part, that the RJ's counterclaims are objectively unreasonable and thus a sham). These requests were raised in the Sun's Motion to Compel (Third Set) (ECF No. 186), which was heard on December 21. At that hearing, just two weeks before the RJ filed its Counterclaim, the RJ argued the Sun should be prohibited from obtaining discovery on the Sun's possible defenses. *See* ECF No. 284 at 18-25. That motion is still under the Court's advisement. *See* ECF No. 274.

The Sun will be requesting discovery on all aspects of the RJ's Counterclaims, just as the RJ requested this discovery from the Sun. For all of the reasons explained in the Sun's Motion, the current fact discovery period, even with an additional two months, is simply unrealistic for the outstanding and remaining discovery. Once the Sun receives the information it has requested and is entitled to seek, both the Sun and its experts will need to review and analyze the information. When the Sun made its first motion to continue, 67 of the Sun's Requests for Production were pending before the Court. *See* ECF No. 177 at 7. In ruling on the Sun's motion, the Court recognized that "the Sun has not even received all of the discovery that is due to them. They need time to review what the Court has recently ordered produced, and there are additional motions pending." ECF No. 239 at 7:1-4. The same continues to prove true today.

In the pending discovery motions, the Sun has 130 Requests for Production, outstanding subpoenas, and disputes concerning the RJ's privilege assertions and search terms. *See* **Ex. 1**; ECF Nos. 186, 279, and 281. The RJ only made its complete production of those documents referenced by the Court in the November 17 Order, which included the joint operation's and the Review-Journal's financial information, on December 18. This is the same information that the Sun requested in June, and which the Sun has consistently explained that it needs for its experts. The Sun's experts need time to continue reviewing and analyzing that information before forming conclusions and drafting their reports. In light of the above, and as fully detailed in the Sun's Motion, with the amount of discovery pending and which remains to be completed, when compared against the volume of litigation and the speed with which discovery is proceeding, the current deadlines are unworkable. Adding the RJ's proposed two months will still not allow the Sun

- 10 -

113389544.1

sufficient time to obtain the outstanding and new discovery to meet the current deadlines, including the expert deadline.

### IV. THE PARTIES' AND THE COURT'S TIME AND EFFORT DEDICATED TO MOVING THIS CASE THROUGH DISCOVERY SUPERSEDE THE RJ'S SUGGESTION OF PREJUDICE

Litigating—and presiding over—antitrust cases is no easy task. The RJ does not contest any part of the Sun's characterization of this case, and the antitrust hallmarks it bears, including that it is abnormally complex, multi-layered, protracted, and hotly contested. *See generally* ECF No. 320; *see also* ECF No. 304 at 14-15. The RJ, itself, stated that cases like this one "often involv[e] years of discovery," ECF No. 64 at 3-4; yet, the parties have been engaged in discovery for only eight months, albeit ferociously engaged. The procedural posture of this case is uncontroverted. The Sun has been diligent in its discovery efforts. And the RJ does not dispute that the Sun has extensive discovery pending, or that it only produced the most significant financial information on December 18—one month ago; not "*months*" as the RJ says.[4] ECF No. 320 at 9. These facts are the paramount focus in determining whether the Sun's Motion should be granted—not the purported prejudice claimed by the RJ. *E.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 294-95 (9th Cir. 2000) (stating that the prejudice suffered to the defendant is a factor that is "not required under Rule 16(b)")). The RJ's alleged prejudice is unpersuasive and insufficient to supersede the reasons an extension of the deadlines is required.

The RJ continues to complain that it needs the Sun's experts' opinions right now, and feigns that it does not believe the Sun can demonstrate the relevant product market or Defendants' monopoly power, and if the Sun cannot support those claims through expert opinion then "the case

---

[4] The RJ argues the Sun should have hired a "professional" instead of Ms. Cain—who has already been qualified to testify as an expert about the JOA accounting and operations—to review the RJ's financial information quicker. ECF No. 320 at 10. The RJ's criticism of the Sun's engagement of Ms. Cain has no bearing on the merits of the Sun's Motion or the common-sense conclusion that 180 days is necessary to complete discovery.

- 11 -

113389544.1

1  is over." ECF No. 320 at 3-4. Preliminarily, these issues are fact intensive, and are issues of fact to be decided by the trier of fact and expert opinion. *See supra* § III. The RJ is, and has always been, in exclusive possession of the information at issue. *See* ECF No. 304 at 5-6. The Sun's experts are only receiving the information in real time with each of the RJ's piecemeal productions compelled by the Court. To date, the RJ has refused to produce basic information relevant to the market and its monopoly power, such as data on the RJ's price increases of the Newspapers as well as documents projecting or analyzing the effects of those price increases, including the effects that such increases had on circulation levels. *See id.* at 18. It would be extremely prejudicial to the Sun to compel the Sun's experts to render opinions on issues when the RJ has refused to produce or delayed critical information in its sole possession mere weeks before expert disclosures are due.

The RJ further claims that it still does not know the scope of the Sun's claims against it because the Sun's damage calculations are the subject of expert opinion. ECF No. 320 at 3, 9-10. The RJ's arguments are not persuasive, and they do not trump the needs of this case and the Sun's diligence in pursuing discovery. The RJ is not entitled to damage calculations that the Sun is simply unable to calculate without expert assistance. The RJ already acknowledged this, and the Court agreed. ECF No. 275 at 16:19-23. Extending the discovery deadlines in this case cannot cause a "trial by ambush" as the RJ argues, because the additional time allows all parties to have a complete factual record for fulsome expert reports that will be subject to further expert discovery. ECF No. 320 at 11.

## V. CONCLUSION

For the foregoing reasons, an Order granting the Sun's request is warranted.

DATED this 22nd day of January, 2021.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ E. Leif Reid*
E. Leif Reid, Bar No. 5750
Kristen L. Martini, Bar No. 11272
Marla J. Hudgens, Bar No. 11098
Nicole Scott, Bar No. 13757
One East Liberty Street, Suite 300

- 12 -

113389544.1

| | |
|---|---|
| 1 | Reno, Nevada 89501-2128 |
| 2 | PISANELLI BICE PLLC |
| 3 | James J. Pisanelli, Bar No. 4027<br>Todd L. Bice, Bar No. 4534 |
| 4 | Jordan T. Smith, Bar No. 12097<br>400 South 7th Street, Suite 300 |
| 5 | Las Vegas, Nevada 89101 |
| 6 | ALIOTO LAW FIRM |
| 7 | Joseph M. Alioto, *Pro Hac Vice*<br>One Sansome Street, 35th Floor |
| 8 | San Francisco, California  94104 |
| 9 | *Attorneys for Plaintiff* |

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Lewis Roca Rothgerber Christie LLP, and that on the 22nd day of January, 2021, I caused the foregoing **PLAINTIFF'S REPLY TO ECF NO. 320, DEFENDANTS' OPPOSITION TO MOTION TO CONTINUE DISCOVERY AND CASE DEADLINES (ECF NOS. 74 & 226, 239) (SECOND REQUEST) [ECF NO. 304]** to be served by electronically filing the foregoing with the CM/ECF electronic filing system, which will send notice of electronic filing to:

> J. Randall Jones, Esq.
> Michael J. Gayan, Esq.
> Mona Kaveh, Esq.
> KEMP JONES, LLP
> 3800 Howard Hughes Parkway, 17th Floor
> Las Vegas, Nevada 89169
>
> Richard L. Stone, Esq.
> Amy M. Gallegos, Esq.
> David R. Singer, Esq.
> JENNER & BLOCK LLP
> 633 West 5th Street, Suite 3600
> Los Angeles, California 90071

/s/ Jessie M. Helm
Employee of Lewis Roca Rothgerber Christie LLP

- 14 -

113389544.1

**INDEX OF EXHIBITS**

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| 1 | Declaration of Kristen L. Martini in Support of Plaintiff's Reply to ECF No. 320, Defendants' Opposition to Motion to Continue Discovery and Case Deadlines (ECF Nos. 74 & 226, 239) (Second Request) [ECF No. 304] | 2 |

113389544.1