# EXHIBIT E

Plaintiff's Twelfth Supplement to Initial Disclosures Pursuant to FRCP 26(e), dated
January 26, 2021

1   E. LEIF REID, Nevada Bar No. 5750
    KRISTEN L. MARTINI, Nevada Bar No. 11272
2   MARLA J. HUDGENS, Nevada Bar No. 11098
    NICOLE SCOTT, Nevada Bar No. 13757
3   LEWIS ROCA ROTHGERBER CHRISTIE LLP
    One East Liberty Street, Suite 300
4   Reno, Nevada 89501-2128
    Tel:   775.823.2900
5   Fax:   775.823.2929
    Email: lreid@lrrc.com
6          kmartini@lrrc.com
           mhudgens@lrrc.com
7          nscott@lrrc.com

8
    JAMES J. PISANELLI, Nevada Bar No. 4027
9   TODD L. BICE, Nevada Bar No. 4534
    JORDAN T. SMITH, Nevada Bar No. 12097
10  PISANELLI BICE PLLC
    400 South 7th Street, Suite 300
11  Las Vegas, Nevada 89101
    Telephone: 702.214.2100
12  Email:  JJP@pisanellibice.com
            TLB@pisanellibice.com
13          JTS@pisanellibice.com

14  *Attorneys for Plaintiff and Counter-Defendants*

JOSEPH M. ALIOTO, *PRO HAC VICE*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104
Tel: 415.434.8900
Fax: 415.434.9200
Email: jmalioto@aliotolaw.com

15              UNITED STATES DISTRICT COURT
                  DISTRICT OF NEVADA
16

17

18  LAS VEGAS SUN, INC., a Nevada
    corporation,

19                  Plaintiff,

20          v.

21  SHELDON ADELSON, an individual and as
22  the alter ego of News+Media Capital Group
    LLC and as the alter ego of Las Vegas Review
23  Journal, Inc.; PATRICK DUMONT, an
    individual; NEWS+MEDIA CAPITAL GROUP
24  LLC, a Delaware limited liability company;
    LAS VEGAS REVIEW-JOURNAL, INC., a
25  Delaware corporation; and DOES, I-X,
26  inclusive,

27                  Defendants.

28

Case No. 2:19-CV-01667-GMN-VCF

**PLAINTIFF AND COUNTER-DEFENDANTS' TWELFTH SUPPLEMENT TO INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(e)**

113419008.1

1

2

LAS VEGAS REVIEW-JOURNAL, INC., a
Delaware corporation,

3

Counterclaimant,

4

v.

5

6

7

LAS VEGAS SUN, INC. a Nevada corporation;
BRIAN GREENSPUN, an individual and as the
alter ego of Las Vegas Sun, Inc.,; GREENSPUN
MEDIA GROUP, LLC, a Nevada limited
liability company, as the alter ego of Las Vegas
Sun, Inc.

8

Counterclaim Defendants.

9

10    Pursuant to Federal Rules of Civil Procedure 26(a)(1) and 26(e), Plaintiff Las Vegas Sun,

11  Inc., and Counterdefendants Brian Greenspun and Greenspun Media Group, LLC (collectively, the

12  "Sun"), by and through their counsel of Lewis Roca Rothgerber Christie LLP, Pisanelli Bice PLLC,

13  and Alioto Law Firm, provides this supplement to Initial Disclosures. **The supplemental**

14  **information is identified in bolded font**. The Sun reserves the right to revise, correct, supplement,

15  or clarify its disclosures, consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

16    The Sun's disclosure represents a good-faith effort to identify discoverable information

17  reasonably available to it that it currently reasonably believes may be discoverable at this time

18  pursuant to Rule 26. The Sun does not purport to identify every individual, document, data

19  compilation, or tangible thing possibly relevant to this lawsuit. Furthermore, the Sun makes this

20  disclosure without waiving its right to object to the production of any document, data compilation,

21  or tangible thing disclosed on the basis of any privilege, work product, trade secret, relevancy,

22  undue burden, or other valid objection. While making this disclosure, the Sun reserves, among other

23  rights, its right to object: (1) on the grounds of competency, privilege, work product, trade secret,

24  relevancy and materiality, admissibility, hearsay, or any other proper ground to the use of any

25  disclosed information, for any purpose, in whole or in part, in this action or any other action; and

26  (2) on any and all proper grounds, at any time, to any discovery request or motion relating to the

27  subject matter of this disclosure. The following disclosure is made subject to the above-stated

28

- 1 -

1   objections and qualifications.

2   **I.      INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION.**

3          Based upon the information currently available to the Sun, the following individuals are

4   disclosed pursuant to Federal Rule of Civil Procedure 16.1(a)(1)(A)(i) as being likely to have

5   discoverable information that the Sun may use to support its claims:

6          1.      Brian Greenspun
                   President of Las Vegas Sun, Inc., and Member-manager of Greenspun Media Group,
7                  LLC[1]
                   c/o Leif Reid, Esq., Kristen Martini, Esq., and Nicole Scott, Esq.
8                  Lewis Roca Rothgerber Christie LLP
                   One East Liberty Street, Suite 300
9                  Reno, Nevada 89501

10         Mr. Greenspun is the owner and publisher for the Sun and has personal knowledge of the

11  creation, terms, and enforcement of the 2005 JOA, and the parties' operations under the joint

12  operating agreement. Mr. Greenspun has been involved in communications with Defendants'

13  representatives regarding, and has knowledge of, Defendants' conduct alleged in this action.

14
           2.      Robert Cauthorn
15                 Chief Operating Officer of Greenspun Media Group, LLC
                   c/o Leif Reid, Esq., Kristen Martini, Esq., and Nicole Scott, Esq.
16                 Lewis Roca Rothgerber Christie LLP
                   One East Liberty Street, Suite 300
17                 Reno, Nevada 89501

18         Mr. Cauthorn has personal knowledge of the terms and enforcement of the 2005 JOA, and

19  the parties' operations under the joint operating agreement. Mr. Cauthorn has been involved in

20  communications with Defendants' representatives regarding, and has knowledge of, Defendants'

21  conduct alleged in this action.

22  / / /

23  / / /

24  / / /

25  / / /

26

27  [1] Greenspun Media Group, LLC, owns the Las Vegas Sun, Inc.

28                                              - 2 -

113419008.1

1

2
3.     Jason Taylor
          President at New Media Investment Group Ventures & President at GateHouse Live
          and Former Publisher of Las Vegas Review-Journal

3
          c/o F. Chris Austin, Esq.
          Weide & Miller, Ltd.

4
          10655 Park Run Drive, Suite 100
          Las Vegas, Nevada 89144

5

6
Mr. Taylor has personal knowledge of the terms and enforcement of the 2005 JOA, and the

7
parties' operations under the joint operating agreement. Mr. Taylor has been involved in

8
communications with Defendants and Defendants' representatives regarding, and has knowledge

9
of, Defendants' conduct alleged in this action.

10
4.     Sheldon Adelson
          c/o J. Randall Jones, Esq., Michael J. Gayan, Esq., and Mona Kaveh, Esq.

11
          Kemp Jones, LLP
          3880 Howard Hughes Parkway, 17th Floor

12
          Las Vegas, Nevada 89169

13
Mr. Adelson has personal knowledge of the terms and enforcement of the 2005 JOA, and

14
the parties' operations under the joint operating agreement. Mr. Adelson has been involved in

15
directing Defendants and Defendants' representatives conduct alleged in this action, as well as

16
involved in communications with the Sun, and with Defendants and Defendants' representatives

17
regarding, and has knowledge of, Defendants' conduct alleged in this action.

18
5.     Patrick Dumont
          c/o J. Randall Jones, Esq., Michael J. Gayan, Esq., and Mona Kaveh, Esq.

19
          Kemp Jones, LLP
          3880 Howard Hughes Parkway, 17th Floor

20
          Las Vegas, Nevada 89169

21
Mr. Dumont has personal knowledge of the terms and enforcement of the 2005 JOA, and

22
the parties' operations under the joint operating agreement. Mr. Dumont has been involved in

23
directing Defendants and Defendants' representatives conduct alleged in this action, as well as

24
involved in communications with the Sun, and with Defendants and Defendants' representatives

25
regarding, and has knowledge of, Defendants' conduct alleged in this action.

26
/ / /

27

28
- 3 -

1

2

6.      News+Media Group, LLC ("News+Media") Fed. R. Civ. P. 30(b)(6) witness(es)
c/o J. Randall Jones, Esq., Michael J. Gayan, Esq., and Mona Kaveh, Esq.
Kemp Jones, LLP
3880 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

3

4

News+Media's Fed. R. Civ. P. 30(b)(6) witness(es) has information regarding Defendants'

5

conduct alleged in this action, as well as the parties' operation under the joint operating agreement,

6

Defendants' conduct during the state court proceedings before the Clark County District Court,

7

State of Nevada, styled as, *Las Vegas Sun, Inc. v. News+Media Capital Group LLC, et al*, Case

8

No. A-18-772591-B (hereinafter "State Court Action"), and Defendants' conduct during the

9

arbitration proceedings before the American Arbitration Association in AAA, styled as, *Las Vegas*

10

*Sun, Inc. v. News+Media Capital Group LLC, et al.*, Case No. 01-18-0000-7567.

11

12

7.      Las Vegas Review-Journal, Inc.'s ("Review-Journal") Fed. R. Civ. P. 30(b)(6)
witness(es)
c/o J. Randall Jones, Esq., Michael J. Gayan, Esq., and Mona Kaveh, Esq.
Kemp Jones, LLP
3880 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

13

14

15

The Review-Journal's Fed. R. Civ. P. 30(b)(6) witness(es) has information regarding the

16

creation, terms, and enforcement of the 2005 JOA, the parties' operation under the joint operating

17

agreement, Defendants' conduct alleged in this action, Defendants' conduct alleged in the State

18

Court Action, and Defendants' conduct during the arbitration proceedings before the American

19

Arbitration Association in AAA, styled as, *Las Vegas Sun, Inc. v. News+Media Capital Group*

20

*LLC, et al.*, Case No. 01-18-0000-7567.

21

22

8.      Keith Moyer
Publisher, Chief Executive Officer and Editor of the Review-Journal
c/o J. Randall Jones, Esq., Michael J. Gayan, Esq., and Mona Kaveh, Esq.
Kemp Jones, LLP
3880 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

23

24

25

Mr. Moyer has information regarding Defendants' conduct alleged in this action, the

26

parties' operation under the joint operating agreement, Defendants' conduct alleged in the State

27

28

- 4 -

1    Court Action, and Defendants' conduct during the arbitration proceedings before the American

2    Arbitration Association in AAA, styled as, *Las Vegas Sun, Inc. v. News+Media Capital Group*

3    *LLC, et al.*, Case No. 01-18-0000-7567.

4        9.    Craig Moon
             Former Publisher of the Review-Journal
5             631 Ascot Close
             Brentwood. Tennessee 37027
6             Tel: (202) 965-1202

7    Mr. Moon has information regarding the parties' operation under the joint operating

8    agreement. Mr. Moon has also been involved with communications with Defendants and

9    Defendants' representatives regarding, and has knowledge of, Defendants' conduct alleged in this

10   action.

11       10.   Frank Vega
             399 S. Atlantic Avenue
12            Cocoa Beach, Florida 32931
             Tel: (321) 704-9647

13   Upon information and belief, Mr. Vega was and is a consultant for Defendants who was

14

15   involved in the decision-making process concerning Defendants' conduct in this action. Mr. Vega

16   also has information regarding the parties' operation under the joint operating agreement,

17   Defendants' conduct alleged in the State Court Action, and Defendants' conduct during the

18   arbitration proceedings before the American Arbitration Association in AAA, styled as, *Las Vegas*

19   *Sun, Inc. v. News+Media Capital Group LLC, et al.*, Case No. 01-18-0000-7567.

20       11.   DR Partners d/b/a Stevens Media Group's ("DR Partners") Fed. R. Civ. P. 30(b)(6)
21            witness(es)
             P.O. Box 70
22            Las Vegas, Nevada 89125

23   DR Partners' Fed. R. Civ. P. 30(b)(6) witness(es) has knowledge and information regarding

24   the parties' interpretation of the 2005 JOA and course of dealing thereunder. DR Partners' Fed. R.

25   Civ. P. 30(b)(6) witness(es)  also has knowledge and information regarding the creation, terms, and

26   enforcement of the 2005 JOA, and the parties' operation under the joint operating agreement.

27

28   - 5 -

113419008.1

1

2

3        12.     J. Ford Huffman
                 900 Hughes Mews NW
                 Washington, D.C. 20037

         Upon information and belief, Mr. Huffman was a consultant for Defendants who was

involved in the decision-making process concerning Defendants' redesign of the newspapers. Mr.

Huffman also has information regarding the parties' operation under the joint operating agreement,

and Defendants' conduct alleged in the State Court Action. Mr. Huffman has also been involved

with communications with Defendants and Defendants' representatives regarding, and has

knowledge of, Defendants' conduct alleged in this action.

         13.     Gabriel Utasi
                 Current Address Unknown

         Mr. Utasi has information regarding Defendants' conduct alleged in this action, including

the redesign of the newspapers. Mr. Utasi also has information regarding the parties' operation

under the joint operating agreement, and upon information and belief, Mr. Utasi has been involved

with communications with Defendants and Defendants' representatives regarding, and has

knowledge of, Defendants' conduct alleged in this action.

         14.     Paul Doyle
                 Design Lead of the Review-Journal
                 c/o J. Randall Jones, Esq., Michael J. Gayan, Esq., and Mona Kaveh, Esq.
                 Kemp Jones, LLP
                 3880 Howard Hughes Parkway, 17th Floor
                 Las Vegas, Nevada 89169

         Mr. Doyle has information regarding Defendants' Defendants' conduct alleged in this

action including the redesign of the newspapers. Mr. Doyle also has information regarding the

parties' operation under the joint operating agreement, and upon information and belief, Mr. Doyle

has been involved with communications with Defendants and Defendants' representatives

regarding, and has knowledge of, Defendants' conduct alleged in this action.

/ / /

/ / /

113419008.1

15.   Glenn Cook
Executive Editor of the Review-Journal
c/o J. Randall Jones, Esq., Michael J. Gayan, Esq., and Mona Kaveh, Esq.
Kemp Jones, LLP
3880 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

Mr. Cook has information regarding Defendants' conduct alleged in this action, including the redesign of the newspapers. Mr. Doyle also has information regarding the parties' operation under the joint operating agreement, and upon information and belief, Mr. Doyle has been involved with communications with Defendants and Defendants' representatives regarding, and has knowledge of, Defendants' conduct alleged in this action.

16.   Jennifer Wilson
Executive Assistant of the Review-Journal
c/o J. Randall Jones, Esq., Michael J. Gayan, Esq., and Mona Kaveh, Esq.
Kemp Jones, LLP
3880 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

Ms. Wilson has information regarding Defendants' conduct alleged in this action. Ms. Wilson also has information regarding the parties' operation under the joint operating agreement, and upon information and belief, Ms. Wilson has been involved with communications with Defendants and Defendants' representatives regarding, and has knowledge of, Defendants' conduct alleged in this action.

17.   Dr. Miriam Adelson
901 Trophy Hills Drive
Las Vegas, Nevada 89134

Dr. Adelson has been involved in directing Defendants and Defendants' representatives conduct alleged in this action, as well as involved in communications with Defendants and Defendants' representatives regarding, and has knowledge of, Defendants' conduct alleged in this action.

/ / /

/ / /

- 7 -

113419008.1

18.     BDO USA, LLP ("BDO") Fed. R. Civ. P. 30(b)(6) witness(es)
        c/o Steven DeGeorge
        Associate General Counsel
        100 Park Avenue
        New York, New York 10017

BDO's Fed. R. Civ. P. 30(b)(6) witness(es) has knowledge and information regarding the various audits of the Review-Journal and its affiliates, and the Review-Journal's compliance with GAAP. BDO also has knowledge related to the 2005 JOA, and the parties' operations under the joint operating agreement.

19.     Armanino LLP ("Armanino") Fed. R. Civ. P. 30(b)(6) witness(es)
        c/o Astine Alaverdyan
        Associate General Counsel
        12657 Alcosta Boulevard, Suite 500
        San Ramon, California 94583

Armanino's Fed. R. Civ. P. 30(b)(6) witness(es) has knowledge and information regarding the various audits of the Review-Journal and its affiliates, and the Review-Journal's compliance with GAAP. Armanino also has knowledge related to the 2005 JOA, and the parties' operations under the joint operating agreement.

**20.     Alan Marx**
**King & Ballow**
**315 Union Street, Eleventh Floor**
**Nashville, Tennessee 37201**
**(615) 726-5455**

Mr. Marx is a lawyer and former Antitrust Division Section Chief who represented the Sun in the Sun's and the Review-Journal's joint submission of the 2005 Amended JOA to the United States Department of Justice, and he has personal knowledge of the parties' undertaking and the DOJ's process.

/ / /

/ / /

/ / /

/ / /

/ / /

- 8 -

113419008.1

21.     **Ray Brewer**
        **c/o Leif Reid, Esq., Kristen Martini, Esq., and Nicole Scott, Esq.**
        **Lewis Roca Rothgerber Christie LLP**
        **One East Liberty Street, Suite 300**
        **Reno, Nevada 89501**

Mr. Brewer is the Managing Editor for the Las Vegas Sun and has personal knowledge of the Sun's reportorial and editorial news coverage.

22.     **Ric Anderson**
        **c/o Leif Reid, Esq., Kristen Martini, Esq., and Nicole Scott, Esq.**
        **Lewis Roca Rothgerber Christie LLP**
        **One East Liberty Street, Suite 300**
        **Reno, Nevada 89501**

Mr. Anderson is the Editorial Page Editor and former Managing Editor for the Las Vegas Sun and has personal knowledge of the Sun's reportorial and editorial news coverage.

23.     **Steve O'Connor**
        **Chief Financial Officer of Interface Operations dba Adfam and President of the Las Vegas Review Journal**
        **c/o J. Randall Jones, Esq., Michael J. Gayan, Esq., and Mona Kaveh, Esq.**
        **Kemp Jones, LLP**
        **3880 Howard Hughes Parkway, 17th Floor**
        **Las Vegas, Nevada 89169**

Mr. O'Connor has information regarding Defendants' conduct alleged in this action, including Defendant Sheldon Adelson's role and responsibilities with the Las Vegas Review Journal, as well as Mr. Adelson's editorial influence. Upon information and belief, Mr. O'Connor has been involved with communications with Defendants and Defendants' representatives regarding, and has knowledge of, Defendants' conduct alleged in this action.

24.     **Steven Garfinkel**
        **In-house counsel for Interface Operations dba Adfam**
        **c/o J. Randall Jones, Esq., Michael J. Gayan, Esq., and Mona Kaveh, Esq.**
        **Kemp Jones, LLP**
        **3880 Howard Hughes Parkway, 17th Floor**
        **Las Vegas, Nevada 89169**

Mr. Garfinkel has information regarding Defendants' conduct alleged in this action, including Defendants' compliance with the 2005 Joint Operating Agreement and the contemplated purchase of the Las Vegas Sun. Upon information and belief, Mr. Garfinkel has been involved with

- 9 -

113419008.1

1   communications with Defendants and Defendants' representatives regarding, and has knowledge

2   of, Defendants' conduct alleged in this action.

3       **25.    Calvin Siemer**

4               **Senior Vice President Deputy Global General Counsel for Las Vegas Sands Corporation**

5               **c/o J. Randall Jones, Esq., Michael J. Gayan, Esq., and Mona Kaveh, Esq.**
            **Kemp Jones, LLP**

6               **3880 Howard Hughes Parkway, 17th Floor**

7               **Las Vegas, Nevada 89169**

8         Mr. Siemer has information regarding Defendants' conduct alleged in this action, including

Defendants' interactions with the Las Vegas Sun and anticipated litigation.  Upon information and

9   belief, Mr. Siemer has been involved with communications with Defendants and Defendants'

10  representatives regarding, and has knowledge of, Defendants' conduct alleged in this action.

11      **26.    Todd Nelson**

12              **c/o J. Randall Jones, Esq., Michael J. Gayan, Esq., and Mona Kaveh, Esq.**
            **Kemp Jones, LLP**

13              **3880 Howard Hughes Parkway, 17th Floor**

14              **Las Vegas, Nevada 89169**

15        Mr. Nelson has information regarding Defendants' conduct alleged in this action. Upon

16  information and belief, Mr. Nelson has information regarding Defendants' acquisition of the

17  Review-Journal and the parties' operation under the joint operating agreement, and Mr. Nelson has

18  been involved with communications with Defendants and Defendants' representatives regarding,

19  and has knowledge of, Defendants' conduct alleged in this action.

20      **27.    Sivan Ochshorn Dumont**
            **c/o J. Randall Jones, Esq., Michael J. Gayan, Esq., and Mona Kaveh, Esq.**

21              **Kemp Jones, LLP**
            **3880 Howard Hughes Parkway, 17th Floor**

22              **Las Vegas, Nevada 89169**

23        Ms. Ochshorn has information regarding Defendants' conduct alleged in this action. Upon

24  information and belief, Ms. Ochshorn has information regarding Defendants' acquisition of the

25  Review-Journal and the parties' operation under the joint operating agreement, and Ms. Ochshorn

26  has been involved with communications with Defendants and Defendants' representatives

27  regarding, and has knowledge of, Defendants' conduct alleged in this action.

28

113419008.1

1
2
3

**28.    David Leake**
  **c/o J. Randall Jones, Esq., Michael J. Gayan, Esq., and Mona Kaveh, Esq.**
  **Kemp Jones, LLP**
  **3880 Howard Hughes Parkway, 17th Floor**
  **Las Vegas, Nevada 89169**

4
5
6
7
8

Mr. Leake has information regarding Defendants' conduct alleged in this action. Upon information and belief, Mr. Leake has information regarding Defendants' acquisition of the Review-Journal and the parties' operation under the joint operating agreement, and Mr. Leake has been involved with communications with Defendants and Defendants' representatives regarding, and has knowledge of, Defendants' conduct alleged in this action.

9
10
11
12

**29.    Dave Bloom**
  **c/o J. Randall Jones, Esq., Michael J. Gayan, Esq., and Mona Kaveh, Esq.**
  **Kemp Jones, LLP**
  **3880 Howard Hughes Parkway, 17th Floor**
  **Las Vegas, Nevada 89169**

13
14
15
16
17

Mr. Bloom has information regarding Defendants' conduct alleged in this action. Upon information and belief, Mr. Bloom has information regarding Defendants' acquisition of the Review-Journal and the parties' operation under the joint operating agreement, and Mr. Bloom has been involved with communications with Defendants and Defendants' representatives regarding, and has knowledge of, Defendants' conduct alleged in this action.

18
19

**30.    Russel Pergament**
  **37 Holly Road**
  **Waban, Massachusetts 02468**

20
21
22
23
24

Mr. Pergament has information regarding Defendants' conduct alleged in this action. Upon information and belief, Mr. Pergament has information regarding Defendants' acquisition of the Review-Journal and the parties' operation under the joint operating agreement, and Mr. Pergament has been involved with communications with Defendants and Defendants' representatives regarding, and has knowledge of, Defendants' conduct alleged in this action.

25
///

26
///

27
///

28

113419008.1

**31.     Michael Schroeder**
**c/o Leonard M. Braman, Esq.**
**Wofsey, Rosen, Kweskin & Kuriansky, LLP**
**600 Summer Street**
**Stamford, Connecticut 06901**

Mr. Schroeder has information regarding Defendants' conduct alleged in this action, including his role as the then-manager of News+Media Capital Group LLC. Upon information and belief, Mr. Schroeder has information regarding Defendants' acquisition of the Review-Journal and the parties' operation under the joint operating agreement, and Mr. Schroeder has been involved with Defendants and Defendants' representatives regarding, and has knowledge of, Defendants' conduct alleged in this action.

**32.     Don Nizen**
**4201 N. Ocean Boulevard, Apt. C1506**
**Boca Raton, Florida 33431**

Mr. Nizen has information regarding Defendants' conduct alleged in this action. Upon information and belief, Mr. Nizen has information regarding Defendants' acquisition of the Review-Journal and the parties' operation under the joint operating agreement, and Mr. Nizen has been involved with communications with Defendants and Defendants' representatives regarding, and has knowledge of, Defendants' conduct alleged in this action.

The Sun further identifies all witnesses identified by any Defendant in this action.

**II.     LIST OF DOCUMENTS AND TANGIBLE THINGS.**

Based upon the information currently available, the Sun identifies as discoverable documents, pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), the following documents by category:

1.     The Exhibits attached to the Sun's Opposition to Las Vegas Review-Journal, Inc., and News+Media Capital Group LLC's Motion to Dismiss Complaint (Federal Rule of Civil Procedure 12(b)(6) (ECF No. 20) and Defendant Sheldon Adelson and Patrick Dumont's Joinder Therein (ECF No. 22).

2.     The front page of the Newspapers, as that term is defined in the 2005 JOA, published

1    daily since April 1, 2017.

2         3.      Communications in the possession, custody, and control of the Sun and Review-

3    Journal consisting of emails exchanged between them regarding Defendants' conduct alleged in

4    this action, including the emails produced in the state-court action between Las Vegas Sun, Inc.,

5    and Defendants News+Media Capital Group LLC and Las Vegas Review-Journal, Inc., in the case

6    styled as *Las Vegas Sun, Inc. v. News+Media Capital Group LLC, et al.*, Case No. A-18-772591-

7    B (the "State Court Action").

8         4.      The pleadings and papers filed in the related State Court Action.

9         5.      Documents and communications submitted in the American Arbitration Association

10   proceeding, styled as, *Las Vegas Sun, Inc. v. News+Media Capital Group LLC, et al.*, Case No. 01-

11   18-0000-7567, prior to the initiation of this action.

12        6.      The pleadings and papers filed in the prior action between the Las Vegas Sun, Inc.,

13   and Defendants' predecessor-in-interest, DR Partners d/b/a Stephens Media Group, styled as *Las*

14   *Vegas Sun, Inc. v. DR Partners*, Case No. A-15-715008-B.

15        7.      The briefs and papers filed, and orders issued in, the Nevada Supreme Court Case,

16   *DR Partners v. Las Vegas Sun, Inc.*, Case No. 68700.

17        8.      Documents produced via ShareFile on July 8, 2020, Bates numbered

18   SUN_00000001 through SUN_00011015.

19        9.      Documents produced via ShareFile on July 13, 2020, Bates numbered

20   SUN_00011016 through SUN_00012219, SUN_BDO_00000001 through SUN_BDO_00000004,

21   and BDO-LVRJ 000001 through BDO-LVRJ 000020.

22        10.     Document produced via ShareFile on July 22, 2020, pursuant to the July 20, 2020,

23   Court Order, Bates numbered SUN_00012220.

24        11.     Documents produced via ShareFile on August 27, 2020, Bates numbered

25   SUN_00012221 through SUN_00024496.

26        12.     Documents produced via ShareFile on September 10, 2020, Bates numbered

27   SUN_00024497 through SUN_00025138.

28
                                          - 13 -

113419008.1

13.     Documents produced via ShareFile on September 18, 2020, Bates numbered SUN_BDO_00000005, BDO-LVRJ 000021 through BDO-LVRJ 009862, SUN_CAIN_00000001 through SUN_CAIN_00000992, and SUN_00025139 through SUN_00053226.

14.     Documents produced via ShareFile on October 14, 2020, Bates numbered SUN_00053227 through SUN_00053267.

15.     Documents produced via ShareFile on October 28, 2020, Bates numbered SUN_BDO_00000006 through SUN_BDO_00000007, BDO-LVRJ 009863 through BDO-LVRJ 010619, and SUN_STEPHENS_00000001 through SUN_STEPHENS_00000012.

16.     Documents produced via ShareFile on December 31, 2020, Bates numbered SUN_00053258 through SUN_00053799.

17.     Documents produced via ShareFile on January 14, 2021, Bates numbered SUN_00053800 through SUN_00055085, SUNPRIV_CAIN_00000200 through SUNPRIV_CAIN_00000203, and SUNPRIV_CAIN_00000897 through SUNPRIV_CAIN_00000901.

18.     Documents produced via ShareFile on January 20, 2021, Bates numbered SCHROEDER 000001 through SCHROEDER 000061.

**19.     Documents produced via ShareFile on January 26, 2021, Bates numbered SUNPRIV_CAIN_00000268 through SUNPRIV_CAIN_00000269 and SUNPRIV_CAIN_00000303.**

The Sun reserves the right to amend or supplement this disclosure as discovery proceeds. The Sun further identifies all documents or tangible items identified by any other party in this action or obtained through production by any third party.

**III.     COMPUTATION OF DAMAGES.**

The Las Vegas Sun is entitled to an Order for injunctive relief related to the disputes arising from violations of the Sherman Act, the Clayton Act, and the Nevada Unfair Trade Practices Act, as it has, and is, suffering irreparable harm from Defendants' conduct. The Las Vegas Sun is also entitled to recover its actual damages that flow, directly or indirectly, from the effect of Defendants'

- 14 -

113419008.1

1  antitrust violations and anticompetitive conduct, and treble damages, attorney fees, costs, and

2  interest, as a result of Defendants' violations. These damages include past damages in the form of

3  lost profits since Defendants purchased the Review-Journal on December 10, 2015, to present.

4  These lost profits include those lost as a result of Defendants' accounting abuses affecting the joint

5  operation, the consequences of which suppress revenue and inflate costs to the joint operation. The

6  accounting abuses include Defendants' improper charging of the Review-Journal's news and

7  editorial costs, promotional costs, and digital operations' expenses to the joint operation.

8          The Las Vegas Sun has also suffered lost profits arising from operational abuses to the joint

9  operation, including Defendants' failure to promote the Sun, diminishing the Sun's visibility by

10  redesigning the Sun Box and obstructing the Sun's front-page presence, removal of the Sun from

11  the E-Replica Edition of the Newspapers, removal of a publisher with a proven record of turning

12  around declining newspapers and installing a replacement publisher to execute Defendants' scheme

13  to eliminate the Sun, and other harmful operational decisions that diminished the profitability of

14  the joint operation and rendered the combined Newspapers significantly weaker. Defendants have

15  only recently produced complete financial documents for the joint operation and the Review-

16  Journal's digital operations revealing the Review-Journal's decisions undertaken with respect to

17  the joint operation. The Sun will supplement this disclosure with additional subcategories of

18  accounting and operational abuses uncovered upon review and analysis of the documents.

19          In order to ascertain the specific profits lost from Defendants' accounting and operational

20  abuses, the Sun's experts will need to identify the improper expenses charged and the financial

21  effects of Defendants' operating abuses on the joint operation. Once those abuses are identified,

22  the Sun's experts will be able to perform calculations removing those improper charges from the

23  joint operation's reported accounting to rectify the joint operation's EBITDA in order to determine

24  the joint operation's financial position "but-for" Defendants' accounting and operational abuses.

25  Once the Sun's experts are able to calculate the joint operation's but-for EBITDA, the Sun's experts

26  will be able to calculate the Sun's lost profits in accordance with the profit-sharing arrangement set

27  forth in the JOA. The Sun's experts have not yet completed their analyses. However, to date, the

28

- 15 -

113419008.1

1   Sun is able to identify Defendants' improper editorial and promotional expense charges to the joint

2   operation as exceeding $64 million for the time period of December 10, 2015, to March 31, 2020.

3        The Sun is also seeking damages for the diminution in value to the joint operation and the

4   Las Vegas Sun, harm to the Las Vegas Sun brand, and attorney fees and costs incurred in defending

5   against and as a direct and proximate cause of Defendants News+Media Capital Group LLC and

6   Las Vegas Review-Journal, Inc.'s sham Counterclaim filed in the State Court Action **and the**

7   **instant Counterclaim**. The Sun is also seeking future damages for harm that Defendants have

8   inflicted on the Las Vegas Sun's brand and goodwill.

9        Since the mathematical formulas for each of these categories rely on the assistance of

10   experts, the Sun will provide its computations for each category at the expert disclosure deadline

11   as allowed by the Court's December 17, 2020, hearing. ECF No. 275 at 16-23. Additionally,

12   because the information needed to make a calculation of damages has been dependent on

13   information in the possession of Defendants, which was only recently provided on December 18,

14   2020, despite repeated requests by the Sun as far back as June of this year, the Sun will supplement

15   its disclosures with those computations of the above-identified damages that the Sun is able to

16   ascertain from Defendants' recent production, which is the subject of the Sun's contemporaneously

17   filed motion requesting a 14-day extension of time to comply with the Court's December 21, 2020,

18   Order (ECF No. 275). *See* Adv. Comm. Note to 1993 Amendments. Moreover, because "complex"[2]

19   antitrust cases such as this, which invariably involve complicated questions of damages

20   necessitating expert testimony, the Sun's antitrust damages are appropriately the subject of expert

21   evidence and the Sun's damage disclosure obligation is controlled by the expert disclosure rule set

22   forth in Federal Rule of Civil Procedure 26(a)(2). Such expert analyses, testimony, and damage

23   calculations will be developed and disclosed pursuant to the schedule set forth in the parties'

24   stipulated discovery plan and scheduling order, and this damage calculation will be supplemented

25   thereafter, accordingly. Additionally, given the procedural posture of this action, the amount of

26   

[2] *See* ECF No. 43 (Defs.' Mot. to Stay Discovery) at 10 ("Plaintiff's 158-paragraph complaint
27   alleges numerous, complex antitrust violations . . . .").

28                                           - 16 -

113419008.1

1  attorney fees and costs the Sun will ultimately seek to recover from Defendants is currently

2  unknown but accruing.

3       The Sun reserves the right to supplement these disclosures in accordance with Federal Rule

4  of Civil Procedure 26(e).

5  **IV.     INSURANCE AGREEMENTS.**

6       None.

7       DATED this 26th day of January, 2021.

8                                       LEWIS ROCA ROTHGERBER CHRISTIE LLP

9

10                           By: */s/ E. Leif Reid*
                              E. Leif Reid, Bar No. 5750

11                                Kristen L. Martini, Bar No. 11272
                              Marla J. Hudgens, Bar No. 11098

12                                Nicole Scott, Bar No. 13757
                              One East Liberty Street, Suite 300

13                                Reno, Nevada 89501-2128

14

15                                PISANELLI BICE PLLC
                              James J. Pisanelli, Bar No. 4027

16                                Todd L. Bice, Bar No. 4534
                              Jordan T. Smith, Bar No. 12097

17                                400 South 7th Street, Suite 300
                              Las Vegas, Nevada 89101

18

19                                ALIOTO LAW FIRM
                              Joseph M. Alioto, *Pro Hac Vice*

20                                One Sansome Street, 35th Floor
                              San Francisco, California  94104

21                                *Attorneys for Plaintiff and Counter-*
                              *Defendants*

22

23

24

25

26

27

28

113419008.1

1

## **CERTIFICATE OF SERVICE**

2      Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Lewis

3  Roca Rothgerber Christie LLP, and that on the 26th day of January, 2021, I caused the foregoing

4  **PLAINTIFF AND COUNTER-DEFENDANTS' TWELFTH SUPPLEMENT TO INITIAL**

5  **DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(e)** to be served by electronic mail upon

6  the following:

7

8          J. Randall Jones, Esq.
        Michael J. Gayan, Esq.

9          Mona Kaveh, Esq.
        KEMP JONES, LLP

10          3800 Howard Hughes Parkway, 17th Floor
        Las Vegas, Nevada 89169

11

12          Richard L. Stone, Esq.
        Amy M. Gallegos, Esq.

13          David R. Singer, Esq.
        JENNER & BLOCK LLP

14          633 West 5th Street, Suite 3600
        Los Angeles, California 90071

15

16                              */s/ Jessie M. Helm*
                   Employee of Lewis Roca Rothgerber Christie LLP

17

18

19

20

21

22

23

24

25

26

27

28