**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., | 2:19-cv-01667-GMN-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| SHELDON ADELSON, et al., | MOTION TO SEAL (ECF NO. 240); MOTION TO CONTINUE DISCOVERY AND CASE DEADLINES [ECF NO. 304]; SUPPLEMENT [ECF NO. 314] |
| Defendants. | |

Before the Court are plaintiff's motion to continue discovery and case deadlines (ECF No. 304) and defendants' supplement (ECF No. 314) to plaintiff's motion to seal (ECF No. 240). The Court previously ruled on plaintiff's motion to seal but requested additional briefing regarding Exhibit 5 (and references to it in the parties' briefing) attached to plaintiff's motion to reconsider previous discovery rulings based on new evidence ("Exhibit 5"). (ECF Nos. 241 and 242). On February 16, 2021, the Court held a hearing regarding multiple outstanding issues: relevant to the instant motion and supplement (ECF No. 304 and 314) the Court (1) vacated all discovery and case deadlines and (2) denied the defendant's motion to redact the transcript regarding statements the parties made about Exhibit 5 in open court during the January 5, 2021 hearing. (See ECF No. 350). The Court denies plaintiff's motion to continue discovery and case deadlines (ECF No. 304) as moot. The Court also finds that defendants have shown good cause in their supplement (ECF No. 314) to keep Exhibit 5, and the parties' references to Exhibit 5 in their briefing (ECF No. 240), under seal.

A "particularized showing," under the "good cause" standard of Rule 26(c) will suffice to seal, "material attached to nondispositive motions." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations and quotations omitted). "[T]he process of deciding whether the

1

[reporter's] privilege is overcome requires that 'the claimed First Amendment privilege and the opposing need for disclosure be judicially weighed in light of the surrounding facts, and a balance struck to determine where lies the paramount interest.'" *Shoen v. Shoen*, 5 F.3d 1289, 1292-93 (9th Cir. 1993)("*Shoen I*")(quoting *Farr v. Pitchess*, 522 F.2d 464, 468 (9th Cir. 1975)). The defendants marked Exhibit 5 as confidential because it alleges the communication is protected by the reporter's privilege. Defendants have shown that Exhibit 5 is an email between a newspaper publisher and one of his sources discussing a draft story in the Review Journal. On balance and considering the surrounding facts, the defendants have made a particularized showing under the good cause standard to seal Exhibit 5 and the parties' references to it in their briefing as a communication implicating the reporter's privilege. For all the reasons stated at the February 12, 2021 hearing, the parties' references to Exhibit 5 that the parties made in open court (without requesting a sealed courtroom) will remain public.

Accordingly,

IT IS ORDERED that plaintiff's motion to continue discovery and case deadlines (ECF No. 304) is DENIED AS MOOT.

IT IS FURTHER ORDERED per defendants' supplement (ECF No. 314) to plaintiff's motion to seal (ECF No. 240) that Exhibit 5, and the parties' references to Exhibit 5 in the underlying briefing, will remain SEALED.

DATED this 16th day of February 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

2