# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

LAS VEGAS SUN, INC., a Nevada corporation,

        Plaintiff,

vs.

SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP, LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,

        Defendants.

---

LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,

        Counterclaimant,

vs.

LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,

        Counter-claim Defendants.

2:19-cv-01667-GMN-VCF

**ORDER**

PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (THIRD SET) [ECF NO. 186]; DEFENDANTS' MOTION FOR PROTECTIVE ORDER [ECF NO. 187]; PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 241]; PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 242]; PLAINTIFF'S MOTION TO SEAL [ECF NO. 263]; PLAINTIFF'S MOTION TO SEAL [ECF NO. 280]; DEFENDANTS' MOTION TO SEAL [ECF NO. 287]; DEFENDANTS' MOTION TO SEAL [ECF NO. 334]; DEFENDANTS' MOTION TO SEAL [ECF NO. 347] DEFENDANT'S MOTION FOR SANCTIONS [ECF NO. 348]; AND DEFENDANT'S MOTION FOR SANCTIONS [ECF NO. 349]

Before the Court is plaintiff's motion to compel production of documents (third set) (ECF No. 186); the defendants' motion for a protective order (ECF No. 187); the plaintiff's motion for reconsideration (ECF No. 241); the parties' motions to seal (ECF Nos. 263, 280, 287, 334, and 347); and the defendants' motion for sanctions. (ECF Nos. 348 and 349). The plaintiff's motion to compel production of documents (third set) (ECF No. 186) and the defendants' motion for a protective order (ECF No. 187) are granted in part. The plaintiff's motion for reconsideration (ECF Nos. 212 and 242) is denied without prejudice. The plaintiff's motion to seal (ECF No. 263) and defendants' motions to seal (ECF Nos. 287 and 347) are granted in part. The plaintiff's motion to seal (ECF No. 280) and the defendants' motion to seal (ECF No. 334) are granted. The defendants' motion for sanctions (ECF Nos. 348 and 349) is denied.

## I.    Background

Plaintiff brings multiple claims against the defendants for violations of (1) Section 2 of the Sherman Act 15 U.S.C. § 2 (monopolization, attempted monopolization, conspiracy to monopolize); (2) Section 7 of the Clayton Act, 15 U.S.C. § 18; and (3) the Nevada Unfair Trade Practices Act – NRS 598A. (ECF No. 1). The Sun and the Review-Journal have operated under the Amended and Restated [Joint Operating] Agreement since 2005 ("JOA"), which allowed the parties to combine the two newspapers into a single-media product that separately brands the RJ and the Sun and includes the Sun as a separate newspaper located inside the Review-Journal. (*Id.*) Defendant Las Vegas Review Journal brings counter claims for monopolization and attempted monopolization, along with a claim of violation of Section 1 of the Sherman Act, Restraint of Trade, 15 U.S.C. § 1, and it seeks declaratory judgment regarding the invalidity of the JOA. (ECF No. 296 at 52).

On December 21, 2020, Judge Weksler held a hearing on plaintiff's motion to compel production (third set) and defendants' motion for a protective order. (See ECF Nos. 186, 284). On January 5, 2021, Judge Weksler also held a hearing on plaintiff's motions for reconsideration. (See ECF Nos. 241, 242,

2

and 303). Judge Weksler granted plaintiff's motion to maintain Exhibit 8 to the motion to compel under seal but took these motions under advisement before the case reassignment to the undersigned judge. (See ECF Nos. 270 and 284). The Court has reviewed the arguments the parties made at both hearings and incorporates references to the parties' arguments at the hearings and in their briefing in its analysis. On March 18, 2021, the Court held a hearing on the defendants' motion for sanctions. (ECF Nos. 348 and 349). The Court also simultaneously with this Order issues (1) another discovery order sending multiple disputes back to the parties given their failure to cooperate with each other and (2) an order to show cause regarding whether the Court should appoint a special master to resolve the parties' remaining discovery disputes.

## II.   Discussion

### a.   Plaintiff's Motion to Compel (ECF No. 186)

#### i.   Legal Standard for Motions to Compel

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "It is well recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *M.C. Prods., Inc. v. AT&T (In re M.C. Prods., Inc.*), No. 98-56964, 1999 U.S. App. LEXIS 34116, at 2 (9th Cir. Dec. 22, 1999) (citations omitted). The federal rules of civil procedure, "should be construed, administered, and employed by the court ***and the parties*** to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1 (emphasis added).

Federal Rule of Civil Procedure 26(b)(l) provides that, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P 26(b)(1). The rule identifies six factors regarding proportionality: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative

access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) and whether the burden and expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P 26(b)(1). The rule also states that, "[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* The goal of Rule 26 is, "to secure the just, speedy, and inexpensive determination of every action and proceeding." *Roberts v. Clark County School District*, 312 F.R.D. 594, 601-04 (D. Nev. 2016).

The party opposing discovery has the burden of showing that it is irrelevant, over broad, or unduly burdensome. *Fosbre v. Las Vegas Sands Corp.*, 2016 U.S. Dist. LEXIS 1073, 2016 WL 54202, at 4 (D. Nev. Jan. 5, 2016).  The objecting party must specifically detail the reasons why each request is objectionable. *Id.* Those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied. *Blankenship v. Hearst* Corp., 519 F.2d 418, 429 (9th Cir. 1975).  Objections to written discovery, "even bald and generic ones, still activate part one of the analysis, requiring some evidence that the requests are not frivolous." *Rivera v. Dhl Glob. Forwarding*, 272 F.R.D. 50, 53 (D.P.R. 2011). When considering a motion to compel, courts have broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751).

### ii.  Information Regarding Financials (Request Nos. 341 and 342) and Employees/Editorial Coverage (Request Nos. 334-37)

At the December 21, 2020 hearing, plaintiff noted that defendant the Review Journal produced documents responsive to request for production ("RFP") No. 341 regarding the RJ's financials. (ECF No. 284 at 6). Plaintiff argued at the hearing that RFP No. 342, regarding employee census salary information, is still at issue. (*Id.* at 7). The Sun argues that it requested and received this same information in its 2019 arbitration, and its relevant because it relates to the Sun's claim that the RJ diminished revenue that goes to the Sun in part by increasing the RJ's costs, for example, through employee salaries. (*Id.* at 8). The RJ argued at the hearing that it can produce this information from a

4

database that was created during the arbitration, but the information is irrelevant because the Sun has not brought a claim that the RJ overpaid employees with above-market salaries. (*Id.* at 49). The RJ also objected to producing the report because it would have to create a document not kept in the ordinary course of business and implicates either attorney-client privilege or the work-product doctrine. (ECF No. 186-3 at 24-25).

The Sun seeks per request No. 334, "To the extent not already produced, produce Documents, including Communications, that concern or relate to any guidelines, directives, policies, or Practice, whether formal or informal, that concern or relate to the editorial coverage of the Review-Journal's ownership." (ECF No. 186 at 31). Defendant objected to this request as vague, ambiguous, overbroad, and inconsistent with the July 20, 2020 ruling which determined that requests regarding the RJ's editorial content seek irrelevant information unless it is an express directive from defendant Adelson for the RJ print newspaper to cover a subject matter. (*Id.*) The RJ also argues that this issue is moot and that it has confirmed that the Review-Journal has no guidelines, policies, and/or directives dictating what its reporters can write about the Adelsons. (ECF No. 215 at 13). Request No. 335 seeks similar information.

The Court is not convinced that running a report in a database forces the RJ to create documents that are not kept in the ordinary course of business given the dynamic nature of databases and modern business practices. Information regarding the RJ's editorial costs—including employee salaries—is relevant to the Sun's allegation that the RJ increased its costs to diminish the Sun's profits. The Court also finds that this request seeks relevant information that the Sun's right to this information outweighs the RJ's concerns about privacy. The RJ can produce these documents pursuant to a protective order. The Sun's request here is not overbroad because the request is narrowly tailored to address the Sun's allegations regarding costs and records dating back to 2015 are reasonable. Regarding the Court's view on discovery of financial information in general in this case, the Court reminds the parties that discovery is broad under the federal rules, that discovery regarding financial information is relevant to both

parties' claims, and discovery need not be admissible to be discoverable. Although the RJ's work-product and attorney-client privilege objections do not appear to be supported by the RJ's arguments in their response brief or at the hearing[1], the RJ may redact any information it contends is protected by work-product or privilege and attach a privilege log to its production.  The Court overrules the RJ's objections to request No. 342, except that the RJ may produce documents that implicate privacy concerns pursuant to a protective order and redact privileged/work-product documents with an accompanying privilege log.

Regarding privacy, privilege, and work-product objections, the Court expects the parties to cooperate, produce certain confidential/private documents pursuant to a protective order, redact privileged and work product information when appropriate, and to exchange privilege logs when privilege or work-product is at issue. The Court sends request Nos. 334-37 back to the parties. The parties have until April 1, 2021 to meet and confer regarding these requests. The parties may assume that the Court would use the same logic (regarding discovery being broad and using a protective order to alleviate privacy concerns) to resolve these remaining requests and should be mindful of their obligation under Rule 1 to resolve these issues.

### iii.   Requests Regarding the RJ's Promotions (Request Nos. 325, 327, 329, 331, 332 and 333)

The RJ seeks to have the JOA invalidated and alleges that the Sun materially breached the JOA, for example, by allegedly telling readers that all the best content is on the LasVegasSun.com website. (See ECF No. 40-1 and ECF No. 215 at 6).  In request No. 325 the Sun seeks, "Documents, including

---

[1] A brief perusal of the RJ's objections shows that the RJ includes privilege and work product objections in response to many of the Sun's requests without specifically detailing why each request implicates privilege or work product. The Court will stop short of finding that these objections are boilerplate this time. Future objections must "show" or "specifically detail" why the disputed discovery request is improper. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "Boilerplate, generalized objections are inadequate and tantamount to making no objection at all." *Caballero v. Bodega Latina Corp.*, No. 2:17-cv-00236-JAD-VCF, 2017 U.S. Dist. LEXIS 116869, at 24 (D. Nev. July 24, 2017) (internal citation omitted).

Communications, concerning or relating to the Review-Journal's business plans or strategies to drive web traffic to the Reviewjournal.com." The Sun argues that it seeks this information in discovery to defend itself against the RJ's counterclaims and to show that the RJ promoted its own digital operations before the Sun did (and thus has unclean hands). (ECF No. 186 at 14). The RJ argued at the hearing that it sued the Sun for undermining the JOA by urging subscribers not to subscribe to the paper but subscribe to the Sun website instead and that its counterclaims focus on the allegation, "that the Sun is hoarding all of its quality content, putting it on its website and not in the printed trial." (ECF No. 284 at 23). The RJ argued at the December hearing that request No. 325 seeks documents that are irrelevant and that it seeks broader discovery than the Court allowed it to take per the Court's July 28th, 2020 order which limited the RJ's discovery to the Sun's efforts to divert traffic from the printed product to their website. (See ECF Nos. 111 at 24 and 284 at 25).

Although it is not possible to be one hundred percent consistent with the Court's prior discovery rulings given the sheer amount of discovery motions the parties have argued before Judge Weksler before the case reassignment, it does appear here that the Sun is attempting to take broader discovery than it produced to the RJ regarding web traffic to its website. Regarding request No. 325, the Court sustains the RJ's objections in part. Information showing plans to divert readership from the RJ newspaper to the RJ website is relevant to the Sun's defenses to the RJ's allegations that the Sun breached the JOA. The plans in general for the RJ website to attract readership are not at issue.

The Court sends request Nos. 327, 329, 331, 332 and 333 back to the parties to resolve. The parties may assume that the Court would use the same logic to resolve these remaining requests and should be mindful of their obligation under Rule 1 to resolve these issues. The parties may agree to produce broader discovery than the Court has previously ordered if that would assist in resolving their disputes. The parties have until April 1, 2021 to meet and confer regarding these requests.

### iv.  Information Regarding the RJ's Efforts to Improve Circulation (Nos. 338-40)

In request No. 338 the Sun seeks, "Documents or Communications concerning or relating to the loss or declining number of the RJ's subscriber numbers." (ECF No. 186 at 27). The Sun argues this request is relevant to its allegation that the RJ intentionally decreased circulation in violation of the JOA. (*Id.*) At the hearing, the Sun argued that this request is relevant to the "various ways in which Mr. Adelson and his family, after they took ownership of the Review-Journal, focused more on increasing the costs that the – or the expenses that the Review-Journal had and not on strategies to increase its revenue." (ECF No. 284 at 16). The RJ argued at the December hearing that this request is overbroad and seeks information regarding the RJ's management that is not relevant to the Sun's claims. The Court finds that request No. 338 is relevant to test the Sun's theory that the RJ decreased circulation of its papers to diminish profits to the Sun under the JOA. The RJ has not met its heavy burden to show that this request is overbroad because request No. 338 specifically seeks documents or communications that pertain to a narrow topic (loss or declining number of the RJ's subscriber numbers). The Court sends request Nos. 339-40 back to the parties to resolve. The parties have until April 1, 2021 to meet and confer regarding these requests. The parties may assume that the Court would use the same logic to resolve these remaining requests and should be mindful of their obligation under Rule 1 to resolve these issues.

### v.  Conclusion

The Court grants the plaintiff's motion in part and sends the rest of the discovery requests back to the parties to resolve pursuant to Rule 1. The defendants have until Thursday, April 1, 2021 to supplement its responses per this Order. The parties also have until April 1, 2021 to meet and confer regarding the discovery requests that the Court sent back to the parties. If the parties are unable to come up with a plan to address these issues the parties should address the problems they encountered in their response showing cause as to why this Court should not appoint a discovery master pursuant to Fed. R. Civ. P. 53(A)(1)(C) to this case.

### b.  Defendants' Motion for a Protective Order (ECF No. 187)

Non-party Ntooitive Digital, LLC ("NDL") is a digital marketing company that provided services to the Review-Journal's website concerning digital advertising between 2016 and 2018. (ECF No. 187 at 3). NDL objected to the subpoena, the defendants seek a protective order to relieve NDL of its obligation to further comply (*Id.*), and NDL filed a joinder to the defendants' motion (ECF No. 188). The defendants argue that plaintiff's subpoena seeks communications that are overbroad, burdensome, duplicative, and irrelevant because the Sun's claims pertain to the RJ's printed newspaper, not its online newspaper. (ECF No. 187 at 3).

The Sun argues that the defendants do not have standing to seek a protective order and that their motion is untimely because they filed the motion for a protective order after the subpoena compliance deadline. (ECF No. 210 at 10). The Sun argued at the hearing that the defendants have engaged in a pattern of holding back documents, of filing untimely discovery motions, and pointed out that Judge Weksler had previously found, "that the RJ had plenty of time or opportunity to seek its Protective Order. The Court can discern no other good cause for the RJ's lack of diligence. And 'untimeliness is a sufficient ground, standing alone, to deny a discovery motion.'" (See ECF No. 168 at 63, citing to *V5 Techs. v. Switch, Ltd.,* 332 F.R.D. 356, 367 (D. Nev. 2019).

The Sun also argued that its subpoena to NDL seeks documents that will show that NDL provided services to the RJ in connection with the RJ's website that, plaintiff alleges, were improperly paid for by the joint operation, and operated to diminish the Sun's visibility to readers, as well as the joint operation's profitability. (ECF No. 210 at 11). The Sun seeks information from NDL regarding a variety of topics, including but not limited to: (1) documents or communications related to NDL's services, (2) communications between NDL and certain named defendants/representatives of the defendants; (3) documents or communications that relate to the Sun; and (4) invoices and records of payment. (ECF No. 182-2 at 12-14).  The Sun expected that responsive documents would include, for

example, evidence that the RJ improperly charges digital expenses to the JOA by using the same advertising and editorial content in both the print newspaper and the website but charging the JOA for all the expenses. (ECF No. 210 at 11). The Sun argues that the defendants have not produced any documents pertaining to NDL so the request is not duplicative. (*Id.*)

The defendants argue in their reply that timeliness is not an issue because NDL timely objected to the subpoena and the defendants filed this motion a few weeks later. (ECF No. 232 at 9). At the hearing, the defendants argued that they did not file the motion immediately because they attempted to narrow the scope to avoid motion practice. The defendants argue that the subpoena does not seek any relevant information because NDL does not have any information related to the RJ's internal accounting practices and the production creates an undue burden for NDL because the Sun seeks over 50,000 documents. (ECF No. 232 at 9-10). The defendants also argued at the hearing that plaintiff is not entitled to any affirmative relief because it did not file a motion to compel. (ECF No. 284 at 65). The Sun argues in its response that it has not filed a motion to compel because it intends to meet and confer with NDL (ECF No. 210 at 26); the Sun noted at the hearing that it will compensate NDL for its costs in producing the documents at issue. (ECF No. 284 at 65).

### i. Legal Standard for Defendants' Motion for a Protective Order (ECF No. 187)

"[T]he scope of permissible discovery under Rule 26 is 'broad.'" *Republic of Ecuador v. Mackay*, 742 F.3d 860, 866 (9th Cir. 2014) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir.1993)). "A party or any person from whom discovery is sought may move for a protective order in the court" and the court may, for good cause, issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A party can "move for a protective order in regard to a subpoena issued to a non-party if it believes its own interest is jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order

regarding subpoenas issued to non-parties which seek irrelevant information." *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc*., 2007 WL 119148, at 3 (D. Nev. Jan. 9, 2007).

The party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. See *Beckman Indus., Inc., v. Int'l. Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992). Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id*; see also *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *San Jose Mercury News, Inc., v. District Court,* 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that the party must make a particularized showing of good cause)).

### ii. Discussion of Defendants' Motion for a Protective Order (ECF No. 187)

The Court finds that the RJ was diligent in filing its motion for a protective order since it showed that it attempted to narrow the scope prior to filing this motion. The Court also finds that the Sun's argument about NDL's extension of time only applying to production (and not objections) does not appear to be made in good faith since allowing a non-party an extension of time should be done as a courtesy, and not be used as a weapon later to claim that the non-parties' objections are untimely despite the extension. The Court will take the Sun at its word that it intends to work with NDL and compensate it fairly for any production.

The defendants have standing to seek a protective order per Rule 26 because their own interests are jeopardized, and they allege that the Sun seeks irrelevant information. Turning to the merits of the protective order, the Court reviews the first category of documents that the Sun seeks from NDL: "Documents or Communications concerning or relating to any services that [NDL] ha[s] performed on behalf of the Review-Journal between January 2016 and the Present." The Court finds that this request is relevant to the Sun's claims because documents relating to NDL's digital advertising services that it provided to the RJ since 2016 will likely show how much the RJ paid for these services (which will help the Sun deduce whether the RJ improperly paid for this service via the JOA) and whether the advertising

services operated to diminish the Sun's visibility to readers. The Court also finds that the defendants have made a particularized showing that this request is overbroad and duplicative because many of these same documents and communications sought by the subpoenas are obtainable from defendants which would be more convenient, less burdensome, and less expensive.

If the plaintiff has already sought these documents from the defendants through written discovery (the plaintiff indicates that the defendants have never produced any documents pertaining to NDL, but it is unclear if the plaintiff has ever sought these same documents from the defendants), then the Court orders the defendants to supplement their responses by Thursday, April 1, 2021. Since the plaintiff will obtain many of these documents from the defendants, the Court limits the scope of this document request to "Documents or Communications [excluding documents that NDL shared with the RJ and communications that NDL had with the RJ and/or its representatives] concerning or relating to any services that [NDL] ha[s] performed on behalf of the Review-Journal between January 2016 and the Present."

The Court sends the remaining subpoena requests back to the parties to resolve. The parties may assume that the Court would use the same logic to resolve these remaining requests and should be mindful of their obligation under Rule 1 to resolve these issues when negotiating a protective order. The parties have until Thursday, April 1, 2021 to confer regarding the remaining requests. If the parties are unable to come up with a plan to address these issues the parties should address the problems they encountered in their response showing cause as to why this Court should not appoint a discovery master pursuant to Fed. R. Civ. P. 53(A)(1)(C) to this case.

   **c.  Plaintiff's Motion for Reconsideration (ECF Nos. 212 and 242)**

The plaintiff argues in its motion for reconsideration that the Court should reconsider many of its previous discovery rulings because the RJ belatedly disclosed several documents; of note an employment agreement demonstrating that Sheldon Adelson was the co-publisher of the newspaper.

(ECF Nos. 241 at 3). The Sun asks the Court to reconsider its decisions to limit the Sun's discovery on dozens of written discovery requests. (*Id.* at 9-21). The defendants argue that the plaintiff blindsided them with this motion, did not meet-and-confer with them, and filed this motion the night before Thanksgiving. (ECF No. 256 at 3). The defendants also argue in that the employment agreement is not new evidence because the fact that Adelson is formally a co-publisher of the RJ newspaper should not be surprising since the Adelson family has a controlling interest in News+Media Capital Group LLC, which owns the paper. The Sun argues in its reply that the Court limited the Sun's ability to take discovery regarding its alter-ego claim that Adelson indirectly controls the RJ using proxies. (ECF No. 264 at 5). The Sun also argues that it had no obligation to meet and confer with the defendants because this is not a discovery motion. (*Id.* at 3 n.2). At the hearing, the parties presented arguments about the merits of the motion but did not directly address the meet-and-confer issue. (ECF No. 303).

### i.  Discussion of Plaintiff's Motion for Reconsideration (ECF Nos. 212 and 242)

Federal Rule of Civil Procedure 60(b)(6) states that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for…any [ ] reason that justifies relief." Rule 60(b)(6) is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co.,* 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotations and citations omitted). "A motion for reconsideration may not be used to present arguments or evidence "for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009)(internal citations omitted). "[M]otions for reconsideration are disfavored." *Morrison v. Quest Diagnostics Inc.*, 2020 WL 4207020, at 1 (D. Nev. July 22, 2020). "Discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a

declaration setting forth the details and results of the meet-and confer conference about each disputed discovery request." LR 26-6(c).

### ii. Discussion of Plaintiff's Motion for Reconsideration (ECF Nos. 212 and 242)

The Sun asks the Court to reconsider its previous discovery motions and to allow the Sun to take additional discovery, yet it claims that since its motion is not technically a "discovery motion" it had no obligation to meet-and-confer with the defendants. The Sun's decision to narrowly interpret LR 26 regarding whether it was "obligated" to meet and confer with the defendants illustrates one of the Court's concerns about the parties' behavior litigating this case: the parties' refusal to cooperate with each other and failure to efficiently litigate their discovery disputes pursuant to their obligations under Rule 1. The Sun could have met and conferred with the defendants in good faith regarding reaching an agreement to broaden the scope of discovery due to the discovery of new evidence without involving the Court, rather than split hairs over the definition of a discovery motion. The Court again reminds the parties of their obligations under Rule 1 and denies the Sun's motion for reconsideration without prejudice. The Sun must meet and confer with the defendants in good faith regarding all the issues it raised in this motion prior to filing it again and attempt to come up with a plan to resolve these issues by April 1, 2021. If the parties are unable to come up with a plan to address these issues the parties should address the problems they encountered in their response showing cause as to why this Court should not appoint a discovery master pursuant to Fed. R. Civ. P. 53(A)(1)(C) to this case.

### d. Motions to Seal

There are multiple motions to seal pending before the Court. The Court discusses each motion individually.

### i. Legal Standard for Motions to Seal

"Courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172,

1178 (9th Cir. 2006) (internal citations and quotations omitted).  There is "a strong presumption in favor of access."  *Id.*  The public's right to access is "not absolute."  *Id.*  A "particularized showing," under the "good cause" standard of Rule 26(c) will suffice to seal, "material attached to nondispositive motions."  *Id.*

### ii.  Plaintiff's Motion to Seal (ECF No. 263)

Plaintiff argues in the motion to seal exhibits 1-3 to its reply to its motion for reconsideration (ECF Nos. 265-1-265-3) that its moving to seal because the RJ marked these documents as confidential. (ECF No. 263 at 1). The RJ argued in its response that they do not object to the unsealing of exhibits 2 and 3 (emails) because the attachments to the emails were confidential and the Sun did not attach the confidential attachments to its motion. (ECF No. 291 at 2). The RJ argues that good cause exists for exhibit 1 to remain sealed because it contains confidential information related to JOA payments with specific dollar amounts. (*Id.*) The Sun argues in its response that it does not contest the RJ's designation of exhibit 1 as confidential.

After reviewing exhibit 1 (ECF No. 265-1), the Court finds that defendants have made a particularized showing of good cause to keep exhibit 1 under seal because the exhibit contains sensitive financial information that could harm their business interests if it became public. The Court orders that exhibits 2 and 3 be unsealed as the defendants concede that good cause does not exist and these exhibits should be available to the public.

### iii.  Plaintiff's Motion to Seal (ECF No. 280)

Plaintiff argues in its motion to seal exhibits 3 and 4 to its motion to compel production to its first and second sets of requests for production of documents as well as contents of the motion that refer to these exhibits designated as "attorneys' eyes only" and previously sealed exhibit 8 to ECF No. 186. (ECF No. 280 at 2). The defendants argue that good cause exists to seal these exhibits because it would

damage their business if their sensitive financial information became public. (ECF No. 300). The plaintiff did not file a reply.

The Court has already found good cause to seal exhibit 8 to ECF No. 186, thus references to exhibit 8 in the plaintiff's motion will remain sealed. (See ECF No. 270). Exhibit 3 is a financial spreadsheet with specific dollar amounts and exhibit 4 is a spreadsheet for various categories of promotional expenses for April 2018 through March 2019 that lists specific dollar amounts. After reviewing exhibits 3 and 4 (ECF Nos. 281-3 and 281-4), the Court finds that defendants have made a particularized showing of good cause to keep exhibits 3 and 4 under seal because the exhibit contains sensitive financial information that could harm their business interests if it became public.

### iv.   Defendants' Motion to Seal (ECF No. 287)

The Court ordered the defendants to file this motion to seal within 45 days to address why exhibits 3, 4, 7, and 8 to the plaintiff's reply in support of its motion to compel (ECF No. 135) should remain under seal. (See ECF Nos. 155, 156, 158, and 220). The defendants state in their motion to seal that they do not object to unsealing exhibits 3, 7, and 8. (ECF No. 287 at 2). The defendants also state that they do not object to unsealing part of Exhibit 4, specifically, the defendants state that the 09/11/20 letter from Scott to Gayan at ECF No. 156 ("the Letter") can be unsealed. (*Id.*) The RJ further requests that any portions of ECF No. 155 (the reply, filed under seal) that reference or relate to exhibit 4 (except for the Letter) remain under seal. *Id.* The defendants argue that exhibit 4 minus the Letter should be sealed because the 2019 arbitration materials attached at Exhibit 4 are confidential and it would undermine the arbitration process to unseal them during the pendency of the discovery process. (*Id.*) The Sun argues that the arbitration documents should be unsealed because the defendants have not made a fact intensive showing as to why each document should be sealed. (ECF No. 306 at 2). The defendants argue in their reply that the documents were produced in a confidential arbitration where the parties

16

expected the documents to remain confidential; and the public policy favoring confidential arbitration proceedings are sufficient to meet the good cause standard. (ECF No. 317 at 6).

The Court orders that the exhibits 3, 7, and 8 (ECF Nos. 156-3, 156-7, and 156-8) be unsealed. The Court has reviewed exhibit 4 minus the Letter and finds that the defendants have made a particularized showing under the good cause standard to keep exhibit 4 under seal as it would undermine the arbitration process to unseal them at this time. Judge Weksler has already found that the defendants have satisfied the good cause standard to keep documents from the arbitration under seal during the discovery process and the Court echoes those findings here. (ECF No. 303 at 45:22-47:2). The Court orders that exhibit 4 (ECF No. 156-4) will remain sealed, except that the defendants must file a copy of the Letter (currently docketed at 156-4 at 2-5) on the public docket by Thursday, April 1, 2021. The Court also orders that the reply (ECF No. 155) will remain sealed, but the defendants must work with the plaintiff and file a redacted version of the reply on the public docket by Thursday, April 1, 2021 that redacts only references to exhibit 4 (except for the Letter).

### v. Defendants' Motion to Seal (ECF No. 334)

The defendants argue in their motion to seal that they reference documents that the Court has already sealed in their renewed motion for an order overruling the Las Vegas Sun's privilege and work product objections for Elizabeth Cain's documents and compelling production of documents withheld on those bases. (ECF No. 334 at 3, citing to ECF Nos. 181 and 183). Since the Court has already ordered the sealing of these exhibits, defendants argue that the portions of their renewed motion that references, these sealed exhibits be redacted and filed under seal. (ECF No. 334 at 3). The Sun opposes the motion in part because there are already references on the public docket to some of the information in the sealed exhibits. (ECF No. 356 at 3). The defendants argue in their reply that the only portions of the discovery motion that they sought to seal were references to documents this Court has already ordered sealed

under the good cause standard. (ECF No. 359 at 3 citing to ECF Nos. 275 at 7:13–20 and 303 at 46:14–17).

Judge Weksler has already found that the defendants have made a particularized showing under the good cause standard to seal the exhibits at issue in this motion and the Court will not now disturb those findings. The Court finds that the defendants have made a particularized showing under the good cause standard to cite to previously sealed documents. The Court grants the motion.

### vi. Defendants' Motion to Seal (ECF Nos. 347)

The defendants argue in their motion to seal exhibits F and G to their motion for sanctions (and references in their motion to these exhibits) that the Sun marked these documents as confidential. (ECF No. 347 at 3, citing to ECF Nos. 348-6 and ECF No. 348-7). The Sun argues in their response that exhibit G (ECF No. 348-7) should be unsealed because the information is a summary and does not implicate any cognizable harm to the Sun if disclosed.[2] (ECF No. 361 at 3). The Sun argues that exhibit F (ECF No. 348-6) should be sealed because consists of confidential legal invoices that it produced pursuant to the protective order in support of its damages claim; the Sun states that it contains information of detailed time entries, timekeepers, billing rates, federal tax identification numbers. (ECF No. 361 at 5).  The defendants did not file a reply.

The Court orders that exhibit G (ECF No. 348-7) be unsealed since the Sun states that good cause does not exist to seal this document. The Court has reviewed exhibit F (ECF No. 348-6) and finds that the Sun has made a particularized showing under the good cause standard to keep exhibit F sealed because documents pertaining to their attorneys' billing will protect confidential information without denying the public access to court documents unnecessarily. The Court orders that the defendants must work with the plaintiff and file a new redacted version of their motion for sanctions within by Thursday,

---

[2] Much of the back and forth regarding what the parties agree should be *unsealed* could have been avoided if the parties would have conferred with one another prior to filing all these motions to seal. (Conferring with one another would have streamlined their arguments and assisted the Court.)

18

April 1, 2021 that only redacts references to exhibit F but does not redact references to now unsealed exhibit G.

### e.   Defendant's Motion for Sanctions (ECF Nos. 348 and 349)

The defendants argue in their motion for sanctions that the Sun still has not provided a damages disclosure per Federal Rule of Civil Procedure 26. (ECF No. 348 at 3). The defendants also argue that the Sun is in violation of Judge Weksler's December 17, 2020 order to "produce all documents bearing on the nature and extent of those alleged damages." *Id.*, citing to ECF No. 275, at 16:16–19. The defendants argue that the Court should sanction plaintiff by precluding the Sun from offering evidence of its damages at trial. (ECF No. 348 at 22).

The Sun argues that it has fully complied with Rule 26 and Judge Weksler's December 17, 2020 order per its many supplements since that order; it argues it cannot disclose any additional damages calculations because the defendants continue to withhold financial information necessary for the Sun to ascertain its damages, in violation of multiple prior discovery orders, and the Sun should not be punished for its lack of access to information. (ECF No. 362 at 4-13). The defendants argue in their reply that the Sun has not provided adequate supplements and is still in violation of Judge Weksler's order. (ECF No. 365 at 4). On March 18, 2021, the Court held a hearing on the defendants' motion for sanctions. (ECF No. 366).

### i.   Legal Standard for Motion for Sanctions

Federal Rule of Civil Procedure 37(c)(1) allows courts to exclude evidence that a party fails to disclose under Rule 26 "unless the failure was substantially justified or is harmless." *Allstate Ins. Co. v. Nassiri*, 2010 WL 5248111, at 4 (D. Nev. Dec. 16, 2010).  "'Extreme situations' in which the plaintiff did not provide a damage computation until shortly before trial or until well after the close of discovery" justify an order of exclusion. *Id*. (quoting *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221-22 (N.D. Cal. 2003) & citing *Hoffman v. Constr. Protective Servs., Inc*., 541 F.3d 1175

(9th Cir. 2008). The party facing exclusion sanctions bears the burden of demonstrating a substantial justification or harmlessness under Rule 37. *Nitta v. United States*, 2019 WL 8272658, at 2 (D. Nev. June 28, 2019) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 59 F.3d 1106-1107 (9th Cir. 2001). Motions for exclusionary sanctions are infrequently granted given that "[c]ourts universally recognize the strong preference for deciding cases on the merits whenever reasonably possible." *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017).

The parties briefed the motion for sanctions after the random reassignment to the undersigned judge. The briefing reads like a blame game of discovery abuses and is a stark introduction to the way the parties have chosen to litigate this case. None of the parties take any ownership regarding what may have gone wrong in the past. The Court finds that the Sun has met its burden to show substantial justification and harmlessness: the parties' symbiotic relationship per the JOA creates an unusual set of facts and the Court is convinced that the Sun has supplemented (and will continue to supplement) its production as the Sun discovers new information from the defendants regarding damages per Judge Weksler's order and Rule 26. The Sun is substantially justified in continuing to supplement its discovery responses as it learns new information from the defendants as both parties have shown an unwillingness to share relevant information with each other without the Court's intervention and discovery is ongoing. The defendants will not be harmed given that discovery is ongoing with no deadlines looming (i.e., this is not a "discovery is closed" or "eve of trial" situation). Exclusion sanctions are not warranted here. Lesser sanctions are also not appropriate here given that both sides are at fault for failing to cooperate with each other per their Rule 1 obligations. Court denies the motion for sanctions.

Accordingly,

IT IS ORDERED that plaintiff's motion to compel production of documents (third set) (ECF No. 186) is granted in part: the defendants have until Thursday, April 1, 2021 to supplement its responses consistent with this Order and the parties have until Thursday, April 1, 2021 to confer regarding the rest

of the discovery requests that the Court sent back to the parties. If the parties are unable to come up with a plan to address these issues the parties should address the problems they encountered in their response showing cause as to why this Court should not appoint a discovery master pursuant to Fed. R. Civ. P. 53(A)(1)(C) to this case.

IT IS FURTHER ORDERED that defendants' motion for a protective order (ECF No. 187) is GRANTED IN PART: the defendants have until Thursday, April 1, 2021 to supplement its responses consistent with this Order and the parties have until Thursday, April 1, 2021 to confer regarding the rest of the discovery requests that the Court sent back to the parties. If the parties are unable to come up with a plan to address these issues the parties should address the problems they encountered in their response showing cause as to why this Court should not appoint a discovery master pursuant to Fed. R. Civ. P. 53(A)(1)(C) to this case.

IT IS FURTHER ORDERED plaintiff's motion for reconsideration (ECF Nos. 212 and 242) is DENIED WITHOUT PREJUDICE: the Sun must meet and confer with the defendants in good faith regarding all the issues it raised in this motion prior to filing it again and attempt to come up with a plan to resolve these issues by Thursday, April 1, 2021. If the parties are unable to come up with a plan to address these issues the parties should address the problems they encountered in their response showing cause as to why this Court should not appoint a discovery master pursuant to Fed. R. Civ. P. 53(A)(1)(C) to this case.

IT IS FURTHER ORDERED that plaintiff's motion to seal (ECF No. 263) is GRANTED IN PART: exhibit 1 (ECF No. 265-1) will remain SEALED. The Clerk of Court is directed to UNSEAL exhibits 2 and 3 (ECF Nos. 265-2 and 265-3).

IT IS FURTHER ORDERED that plaintiff's motion to seal (ECF No. 280) is GRANTED: exhibits 3 and 4 (ECF Nos. 281-3 and 281-4) will remain SEALED.

IT IS FURTHER ORDERED that defendants' motion to seal (ECF No. 287) is GRANTED IN PART: exhibits 3, 7, and 8 (ECF Nos. 156-3, 156-7, and 156-8) will be UNSEALED; the sealed reply (ECF No. 155) and exhibit 4 (ECF No. 156-4) will remain sealed EXCEPT that the defendants must work with the plaintiff and file BOTH (1) a version of the reply (currently docketed at ECF No. 155) on the public docket that only REDACTS references to Exhibit 4 (minus the Letter) and (2) the Letter (currently at ECF No. 156-4 at 2-5) on the public docket by Thursday, April 1, 2021.

IT IS FURTHER ORDERED that defendants' motion to seal (ECF No. 334) is GRANTED.

IT IS FURTHER ORDERED that defendants' motion to seal (ECF No. 347) is GRANTED IN PART: exhibit G (ECF No. 348-7) will be UNSEALED; exhibit F (ECF No. 348-6) will remain SEALED; and the motion for sanctions (ECF No. 349) will remain sealed EXCEPT that the defendants must work with the plaintiff and file a new redacted version of the motion for sanctions on the public docket that only redacts references to exhibit F by Thursday, April 1, 2021.

IT IS FURTHER ORDERED that the defendants' motion for sanctions (ECF Nos. 348 and 349) is DENIED.

DATED this 18th day of March 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE