**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation, | 2:19-cv-01667-GMN-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive, | PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH INTERFACE OPERATIONS LLC SUBPOENA [ECF NO. 279]; PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (FIRST AND SECOND SET)[ECF NO. 281]; PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (FIRST AND SECOND SET)[ECF NO. 282]; DEFENDANT'S RENEWED MOTION FOR AN ORDER OVERRULING THE LAS VEGAS SUN'S PRIVILEGE AND WORK PRODUCT OBJECTIONS FOR ELIZABETH CAIN'S DOCUMENTS AND COMPELLING PRODUCTION OF DOCUMENTS WITHHELD ON THOSE BASES [ECF NO. 335]; PLAINTIFF'S MOTION FOR LEAVE TO FILE EXCESS PAGES [ECF NO. 338]; PLAINTIFF'S MOTION FOR LEAVE TO FILE EXCESS PAGES [ECF NO. 340] |
| Defendants. | |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation, | |
| Counterclaimant, | |
| vs. | |
| LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc., | |
| Counter-claim Defendants. | |

1    Before the Court are the plaintiff's motions to compel (ECF Nos. 279, 281, and 282); the

2    defendant's renewed motion for an order overruling the Las Vegas Sun's privilege and work product

3    objections (ECF No. 335); and the plaintiff's motions for leave to file excess pages (ECF Nos. 338 and

4    340). The plaintiff's motions to compel (ECF Nos. 279, 281, and 282) and the defendant's motion for an

5    order overruling the Las Vegas Sun's privilege and work product objections (ECF No. 335) are all

6    denied without prejudice. The plaintiff's motions for leave to file excess pages are both denied as moot.[1]

7    (ECF Nos. 338 and 340).

8    "The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863

9    F.2d 681, 685 (9th Cir. 1988). "It is well recognized that a federal district court has the inherent power

10   to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient

11   and comprehensive disposition of cases." *M.C. Prods., Inc. v. AT&T (In re M.C. Prods., Inc.*), No. 98-

12   56964, 1999 U.S. App. LEXIS 34116, at 2 (9th Cir. Dec. 22, 1999) (citations omitted). The federal rules

13   of civil procedure, "should be construed, administered, and employed by the court ***and the parties*** to

14   secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1

15   (emphasis added).

16   On March 18, 2021, the Court held a hearing regarding the defendants' motion for sanctions.

17   (ECF Nos. 348, 349, and 366). At that hearing the Court and the parties briefly discussed the above

18   captioned motions and multiple other motions that were pending before the Court. The Court

19   simultaneously with this Order issues (1) another discovery order resolving some of the parties'

20   discovery disputes but sending other parts of the disputes back to the parties given their failure to

21   cooperate with each other and (2) an order to show cause regarding whether the Court should appoint a

22   special master to resolve the parties' remaining discovery disputes. The Court sends all the above

23

---

24   [1] Motions for leave to file excess pages are disfavored and are unlikely to be considered in the future.
     See LR 7-3(c). ("The court looks with disfavor on motions to exceed page limits, so permission to
25   do so will not be routinely granted.")

1 | captioned motions back to the parties and instructs them to meet and confer by Thursday, April 1, 2021

2 | to come up with a plan to resolve all the issues in these motions without the Court's further intervention.

3 | If the parties are unable to come up with a plan to address these issues the parties should address the

4 | problems they encountered in their response showing cause as to why this Court should not appoint a

5 | discovery master pursuant to Fed. R. Civ. P. 53(A)(1)(C) to this case.

6 |       Accordingly,

7 |       IT IS ORDERED that the plaintiff's motion to compel (ECF No. 279) is DENIED WITHOUT

8 | PREJUDICE.

9 |       IT IS FURTHER ORDERED that the plaintiff's motion to compel (ECF No.281) is DENIED

10 | WITHOUT PREJUDICE.

11 |       IT IS FURTHER ORDERED that the plaintiff's motion to compel (ECF No.282) is DENIED

12 | WITHOUT PREJUDICE.

13 |       IT IS FURTHER ORDERED that the defendant's renewed motion for an order overruling the

14 | Las Vegas Sun's privilege and work product objections (ECF No. 335) is DENIED WITHOUT

15 | PREJUDICE.

16 |       IT IS FURTHER ORDERED that the parties have until Thursday, April 1, 2021 to meet and

17 | confer and come up with a plan to resolve all the issues in these motions without the Court's further

18 | intervention. If the parties are unable to come up with a plan to address these issues the parties should

19 | address the problems they encountered in their response showing cause as to why this Court should not

20 | appoint a discovery master pursuant to Fed. R. Civ. P. 53(A)(1)(C) to this case.

21 |       IT IS FURTHER ORDERED the plaintiff's motion for leave to file excess pages (ECF No. 338)

22 | is DENIED AS MOOT.

23

24

25

1       IT IS FURTHER ORDERED the plaintiff's motion for leave to file excess pages (ECF No. 340)

2  is DENIED AS MOOT.

3       DATED this 18th day of March 2021.

4

5                                                  CAM FERENBACH
                                              UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25