E. Leif Reid, Nevada Bar No. 5750
Kristen L. Martini, Nevada Bar No. 11272
Marla J. Hudgens, Nevada Bar No. 11098
Nicole Scott, Nevada Bar No. 13757
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, Nevada 89501-2128
Tel:    775.823.2900
Fax:    775.823.2929
Email: lreid@lewisroca.com
        kmartini@lewisroca.com
        mhudgens@lewisroca.com
        nscott@lewisroca.com


James J. Pisanelli, Nevada Bar No. 4027
Todd L. Bice, Nevada Bar No. 4534
Jordan T. Smith, Nevada Bar No. 12097
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Email: JJP@pisanellibice.com
        TLB@pisanellibice.com
        JTS@pisanellibice.com

Joseph M. Alioto, *pro hac vice*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104
Tel: 415.434.8900
Fax: 415.434.9200
Email: jmalioto@aliotolaw.com

*Attorneys for Plaintiff/Counterdefendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation, <br><br> Plaintiff, <br><br> v. <br><br> SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive, <br><br> Defendants. | Case No. 2:19-CV-01667-GMN-VCF <br><br><br> **PLAINTIFF'S MOTION FOR SUBSTITUTION** |

i

114018415.3

1
2
3
4
5
6
7
8
9

LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,

                  Counterclaimant,

     v.

LAS VEGAS SUN, INC. a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.,; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.

                  Counterclaim Defendants.

10
11
12
13
14

      Plaintiff Las Vegas Sun, Inc. ("Sun"), moves, pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, to substitute Dr. Miriam Adelson, Special Administrator of the Estate of Sheldon G. Adelson, as a party for the deceased Defendant Sheldon G. Adelson. This Motion is based upon the following Memorandum of Points and Authorities, and the pleadings and papers on file herein.

15

      DATED this 5th day of April, 2021.

16
17
18
19
20
21
22
23
24
25
26
27
28

                                 LEWIS ROCA ROTHGERBER CHRISTIE LLP

                              By: */s/ E. Leif Reid*

                                  E. Leif Reid, Bar No. 5750
                                  Kristen L. Martini, Bar No. 11272
                                  Marla J. Hudgens, Bar No. 11098
                                  Nicole Scott, Bar No. 13757
                                  One East Liberty Street, Suite 300
                                  Reno, Nevada 89501-2128

                                  PISANELLI BICE PLLC
                                  James J. Pisanelli, Bar No. 4027
                                  Todd L. Bice, Bar No. 4534
                                  Jordan T. Smith, Bar No. 12097
                                  400 South 7th Street, Suite 300
                                  Las Vegas, Nevada 89101

                                  ALIOTO LAW FIRM
                                  Joseph M. Alioto, *Pro Hac Vice*
                                  One Sansome Street, 35th Floor
                                  San Francisco, California 94104

                                  *Attorneys for Plaintiff/Counterdefendants*

114018415.3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

The Sun requests that the Court substitute Dr. Miriam Adelson, as Special Administrator of the Estate of Sheldon G. Adelson, for the deceased Defendant Sheldon Adelson pursuant to Federal Rule of Civil Procedure 25(a). Under controlling Ninth Circuit caselaw, none of the claims asserted against Mr. Adelson are extinguished through his death. Because all of the Sun's claims survive Adelson's death, an order substituting Dr. Miriam Adelson in Defendant Adelson's stead is proper.

The RJ,[1] however, refuses to stipulate to Dr. Adelson's substitution for the treble damages sought by the Sun because the RJ believes that treble damages available under statutory antitrust law are punitive, not remedial, and therefore cannot be substituted or assigned. This is not the current law in the Ninth Circuit. Pursuant to *Hicks v. Bekins Moving & Storage Co*., 87 F.2d 583, 585 (9th Cir. 1937), an antitrust action for treble damages survives a party's death. *Hicks* is controlling, and it has been cited with support in other jurisdictions. Other cases purporting to undermine *Hicks* do not pertain to survivability of a claim under Rule 25.

### II.     STANDARD UNDER FEDERAL RULE OF CIVIL PROCEDURE 25

Under Federal Rule of Civil Procedure 25(a), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party." The proper party for substitution under Rule 25 is the executor or administrator of the decedent's estate. *Harco Nat'l Ins. Co. v. Andrew Ackerman, et al.*, 2020 WL 6785934, at *1 (D. Nev. Nov. 17, 2020) (quoting *City of Colton v. Amer. Promotional Events, Inc.*, 2014 WL 12740637, at *3 (C.D. Cal. Apr. 15, 2014) (citations omitted)). This rule of law is consistent with Nevada's Claim Survival Statute, which permits the claim to be "maintained by or against the [decedent's] executor or administrator." NRS 41.100(1).

In its Complaint, the Sun asserted five claims for relief against Sheldon Adelson, the following three remain: (1) First Claim for Relief: Violation of Section 2 of the Sherman Act – Monopolization, 15 U.S.C. § 2; (2) Second Claim for Relief: Violation of Section 2 of the Sherman Act – Attempted Monopolization, 15 U.S.C. § 2; and (3) Fifth Claim for Relief: Violation of the

---

[1] Defendants are collectively referred to herein as "the RJ."

1  Nevada Unfair Trade Practices Act – NRS 598A.

2       Some claims may be extinguished upon the passing of a party but, as explained below, the

3  Sun's remaining claims against Adelson are not extinguished. And, per the RJ's Suggestion of

4  Death Upon the Record filed February 22, 2021, Dr. Adelson is the Special Administrator of

5  Defendant Sheldon Adelson's Estate, and is therefore the proper party for substitution. ECF No.

6  358.

7  **III.  THE SUN'S FEDERAL CLAIMS AGAINST SHELDON ADELSON SURVIVE HIS DEATH**

8  

9       **A.  <u>The Sun's First and Second Claims for Relief: Violations of Federal Antitrust Law</u>**

10       Federal law governs whether antitrust claims survive the defendant's death. *See Hicks v.*

11  *Bekins Moving & Storage Co.*, 87 F.2d 583, 585 (9th Cir. 1937). "[F]ederal claims

12  typically survive a decedent's death if they are remedial in nature and not penal." *Wheeler v. City*

13  *of Santa Clara*, 894 F.3d 1046, 1057 (9th Cir. 2018) (citing *Ex parte Schreiber*, 110 U.S. 76, 80

14  (1884) ("At common law, actions on penal statutes do not survive.")). Because the purposes of

15  Section 2 of the Sherman Act are remedial and not penal, such claims are not extinguished by the

16  defendant's death. *See Hicks*, 87 F.2d at 585. The Sun's Section 2 claims (the remaining First and

17  Second Claims for Relief) are not extinguished by Adelson's death.

18       Indeed, the Ninth Circuit ruled in *Hicks* that an action to recover treble damages for injuries

19  caused by a violation of the Sherman Act survived the death of the injured party. *Id.* The *Hicks*

20  court ruled:

21       Appellees contend that such a cause of action [under the Sherman Act] does not

22       survive the death of the injured party and, therefore, is not assignable. <u>This</u>

23       <u>contention must be rejected</u>. An action to recover damages resulting from a violation of the Sherman Anti-Trust Act is not an action to recover a penalty.

24  *Id.* (emphasis added) (citing *Chattanooga Foundry & Pipe Works v. Atlanta*, 203 U.S. 390, 397

25  (1906) (holding that actions for treble damages under federal antitrust laws are not subject to the

26  general federal statute of limitations governing actions to recover a "penalty")); *see also Moore v.*

27  *Backus*, 78 F.2d 571, 573-76 (7th Cir. 1935) (action to recover treble damages for violation of

28  Sherman Act survives death); *United Copper Sec. Co. v. Amalgamated Copper Co.*, 232 F. 574,

- 2 -

577 (2d Cir. 1916). Accordingly, a claim for relief under the Sherman Act "does survive the death of the injured party and is assignable." *Id.* (citations omitted).

The *Hicks* rationale for a claim's survivability is applicable regardless of whether the deceased party is the plaintiff or defendant. Other courts considering this precise issue have expressly held that an antitrust action survives the death of a defendant. *See, e.g.*, *Sullivan v. Associated Billposters & Distributors of United States and Canada*, 6 F.2d 1000, 1012 (2d Cir. 1925) (explaining that a cause of action under the Sherman Act based on "acts which deprive one of his trade and diminish his profits certainly directly affect his business and may destroy it" survives the death of the defendant); *Rogers v. Douglas Tobacco Bd. of Trade, Inc.*, 244 F.2d 471, 483 (5th Cir. 1957) (concluding that a Sherman Act claim survived death of defendant "to the extent actual damages may be recovered"); *Fishman v. Estate of Wirtz*, 807 F.2d 520, 560-61 (7th Cir. 1986) (awarding treble damages based on violation of federal antitrust law despite the defendant's death); *Vandervelde v. Put & Call Brokers & Dealers Ass'n*, 271 F. Supp. 697, 698-99 (S.D.N.Y. 1967) (granting plaintiff's motion to substitute executors for deceased defendant in federal antitrust action); *Banana Distributors, Inc. v. United Fruit Co.*, 27 F.R.D. 403, 415 (S.D.N.Y. 1961) (same); *Elyria-Lorain Broadcasting Co. v. Lorain Journal Co.*, 185 F. Supp. 808, 808 (N.D. Ohio 1957) (same).

For nearly a century, the law in this country has been that federal antitrust claims, including those alleged under Section 2, are not penal in nature, and therefore survive a party's death. *Hicks* and its progeny direct that the Sun's First and Second Claims for Relief alleged against deceased Defendant Sheldon Adelson all survive his death. Dr. Adelson should properly be substituted in his place.

/ / /

/ / /

/ / /

/ / /

/ / /

- 3 -

114018415.3

**B.    The Sun's Statutory Right to Treble Damages**

The right to treble damages is statutory under the Sherman and Clayton Acts.[2] 15 U.S.C. § 15. The right to statutory damages survives a defendant's death so long as the statute is remedial and not punitive. To determine whether a statute is remedial or punitive in nature (and thus determine its survivability), the Ninth Circuit applies the Supreme Court's *Huntington* test. *See, e.g.*, *Rivera v. Anaya*, 726 F.2d 564, 567-68 (9th Cir. 1984) (citing *Huntington v. Attrill*, 146 U.S. 657, 668 (1892)). The *Huntington* test asks "whether the wrong sought to be redressed is a wrong to the public, or a wrong to the individual." 146 U.S. at 668. A wrong to the public is penal or punitive, whereas a wrong to an individual is remedial. *Id*.

The Ninth Circuit has already answered this question in the context of the assignability and survivability of treble damages in an antitrust case. In the Ninth Circuit, treble damages are not "penal" simply because they are greater than actual damages. In fact, in *Hicks*—an antitrust case— the court specifically stated that an action under the Sherman Act *for treble damages* survived a party's death because "[a]n action to recover damages resulting from a violation of the Sherman Anti-Trust Act is not an action to recover a penalty." 87 F.2d at 585. *Hicks* has not been overturned, and the cases upon which *Hicks* relies remain good law as well. *See, e.g.*, *Leh v. Gen. Petroleum Corp*., 330 F.2d 288, 290 n. 4 (9th Cir. 1964), *rev'd on other grounds*, 382 U.S. 54 (1965) (recognizing *Hicks's* continued application).[3]   Accordingly, *Hicks* demonstrates that the Sun's pursuit of treble damages survives Defendant Adelson's death, warranting Dr. Adelson's substitution into this case.

---

[2] While the Sun's Clayton Act claims against Adelson do not remain, the Sherman and Clayton Acts are to be interpreted in conjunction with each other. *F. Hoffmann-La Roche Ltd. v. Empagran, S.A.*, 542 U.S. 155, 160-61 (2004) ("The substantive provisions of the Sherman Act determine what conduct by the defendant is actionable [while the] Clayton Act determines what injury a plaintiff must suffer in order to bring suit."); *see also Mahmud v. Kaufmann*, 454 F. Supp. 2d 150, n.13 (S.D.N.Y. 2006) ("Although plaintiff does not specifically allege a claim under the Clayton Act, sections 4 and 16 of that Act, 15 U.S.C. §§ 15, 26, permit a private party to recover damages and seek injunctive relief for any violation of the Sherman Act . . . . As plaintiff is seeking damages and injunctive relief, we therefore treat plaintiff's suit as seeking recovery under the Sherman Act through the private right of action provided for in the Clayton Act.").

[3] *See also Chattanooga Foundry & Pipe Works v. Atlanta*, 203 U.S. 390, 397 (1906); *Moore v. Backus*, 78 F.2d 571, 572 (7th Cir. 1935); *Fazakerly v. E. Kahn's Sons Co*., 75 F.2d 110 (5th Cir. 1935); *United Copper Sec. Co. v. Amalgamated Copper Co*., 232 F. 574 (2d Cir. 1916).

## IV.     THE SUN'S STATE LAW ANTITRUST CLAIM AGAINST SHELDON ADELSON SURVIVE HIS DEATH

The Sun's Fifth Claim for Relief is for Violation of Nevada's Unfair Trade Practice Act, NRS 598A, Nevada's antitrust law. While analogous to federal antitrust law, the NUTPA is a state law, and the survival of the Sun's Fifth Claim is therefore governed by state, not federal, law. *See, e.g.*, 7C Fed. Prac. & Proc. Civ. § 1952 (3d ed. Oct. 2020 Update) ("Whether the death of a party extinguishes a claim for or against the party is not a question of procedure. It is a question of substance on which the state law ordinarily governs. In a federal-question case, federal law and federal decisions, rather than state law, determine whether the action survives the death of a party.").[4] However, the Court need not even determine whether the survivability of the Sun's NUTPA claim is determined by state or federal law, as the outcome is the same: the claim survives. *See, e.g.*, *Fed. Deposit Ins. Corp. v. Reis*, 2014 WL 12587044, at *2 (C.D. Cal. Aug. 1, 2014) ("The Court need not decide whether state or federal law applies, because the outcome is the same—the claims do not abate.").

Preliminarily, Nevada's Claim Survival Statute, NRS 41.100, is similar to the federal analysis above. It provides that (subject to some exceptions not relevant here) "no cause of action is lost by reason of the death of any person, but may be maintained by or against the person's executor or administrator," and that all damages that would be recovered if the decedent had lived are recoverable except for those "imposed primarily for the sake of example or to punish the defendant." NRS 41.100(1)-(2).

Moreover, Nevada's antitrust laws under the NUPTA are to be "construed in harmony with

---

[4] Citing *In re Baycol Prods. Litig.*, 616 F.3d 778, 785 (8th Cir. 2010); *Ranson v. Brennan*, 437 F.2d 513, 529 (5th Cir. 1971), *cert. denied* 403 U.S. 904 (1971); *Morel v. Daimler Chrysler AG*, 558 F. Supp. 2d 147, 148 (D.P.R. 2007); *In re Bextra Celebrex Marketing Sales Practices & Prod. Liability Litig.*, 244 F.R.D. 558, 558-59 (N.D. Cal. 2007); *Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481, 483 (N.D. Cal. 2004); *Asklar v. Honeywell, Inc.*, 95 F.R.D. 419, 422 (D. Conn. 1982)); *In re C.R. Stone Concrete Contractors, Inc.*, 462 B.R. 6, 19-20 (Bankr. D. Mass. 2011) ("Under Fed. R. Civ. P. 25(a)(1), substitution of a deceased party is only appropriate to the extent that the claim is not extinguished . . . . While state law controls the survival of state law claims, federal law governs the survival of federal claims.") (citing *Schreiber v. Sharpless*, 110 U.S. 76, 80 (1884)); *see also Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 538 (D.S.C. 2014) (applying state statutory provision preventing survival of claim under South Carolina Unfair Trade Practices Act even though S.C. Code Ann. § 39-5-20(b) provides that the application of the statute "will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to § 5(a)(1) of the Federal Trade Commission Act").

- 5 -

114018415.3

prevailing judicial interpretations of the federal antitrust statutes." NRS 598A.050; *see also Boulware v. Nev., Dep't of Human Res.*, 960 F.2d 793, 800 (9th Cir. 1992) ("[The NUTPA] also adopts by reference the case law applicable to the federal antitrust laws."). As set forth in Section III(B), *supra*, claims based on alleged violations of federal antitrust laws survive the death of a defendant, and survive the death of Defendant Adelson in this case. Because the Sun's Fifth Claim for Relief under the NUTPA is to be treated like the Sun's First and Second federal antitrust claims, the claim survives Defendant Adelson's death. Dr. Adelson should therefore be substituted in this case for Defendant Adelson.

## V.    CONCLUSION

For the foregoing reasons, the Sun requests an order of the Court substituting Dr. Miriam Adelson, as Special Administrator of the estate of Sheldon Adelson, as a party for the deceased defendant Sheldon Adelson.

DATED this 5th day of April, 2021.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ E. Leif Reid*
E. Leif Reid, Bar No. 5750
Kristen L. Martini, Bar No. 11272
Marla J. Hudgens, Bar No. 11098
Nicole Scott, Bar No. 13757
One East Liberty Street, Suite 300
Reno, Nevada 89501-2128

PISANELLI BICE PLLC
James J. Pisanelli, Bar No. 4027
Todd L. Bice, Bar No. 4534
Jordan T. Smith, Bar No. 12097
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

ALIOTO LAW FIRM
Joseph M. Alioto, *Pro Hac Vice*
One Sansome Street, 35th Floor
San Francisco, California 94104

*Attorneys for Plaintiff/Counterdefendants*

- 6 -

114018415.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Lewis Roca Rothgerber Christie LLP, and that on the 5th day of April, 2021, I caused the foregoing **PLAINTIFF'S MOTION FOR SUBSTITUTION** to be served by electronically filing the foregoing with the CM/ECF electronic filing system, which will send notice of electronic filing to:

> J. Randall Jones, Esq.
> Michael J. Gayan, Esq.
> Mona Kaveh, Esq.
> KEMP JONES, LLP
> 3800 Howard Hughes Parkway, 17th Floor
> Las Vegas, Nevada 89169
>
> Richard L. Stone, Esq.
> Amy M. Gallegos, Esq.
> David R. Singer, Esq.
> JENNER & BLOCK LLP
> 633 West 5th Street, Suite 3600
> Los Angeles, California 90071

*/s/ Autumn D. McDannald*
Employee of Lewis Roca Rothgerber Christie LLP

- 7 -

114018415.3