**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>　　　　　Defendants. | 2:19-cv-01667-GMN-VCF<br><br>**ORDER APPOINTING HON. PHILIP M. PRO (ret.) AS SPECIAL MASTER** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>　　　　　Defendants. | |

　　　Having considered the factors set forth in F.R.C.P. 53(a)(3), the parties' Joint Response Pursuant to Court's March 18, 2021, Orders (ECF No. 377), and having given the parties notice and an opportunity to be heard, the Court hereby appoints Hon. Philip M. Pro (ret.) (JAMS, 3800 Howard Hughes Parkway,

1

11th Floor, Las Vegas, NV 89169; email care of Scott Parreno: sparenno@jamsadr.com), as Special Master in this matter.

1. <u>Authority for and Scope of Appointment.</u>  The Special Master is appointed pursuant to F.R.C.P. 53(a)(1)(C) to supervise pretrial discovery in this case.  In addition, the Special Master may perform any additional duties consented to by the parties and Court pursuant to F.R.C.P. 53(a)(1)(A).

2. <u>Special Master's Duties and Authority.</u>  The Special Master must proceed with all reasonable diligence to undertake these responsibilities with a view to avoiding disputes wherever possible and where disputes arise, to resolve them as quickly and inexpensively as possible.  The Special Master is delegated all of the authority provided to masters as set forth in F.R.C.P. 53(c), including the power to sanction as set forth in F.R.C.P. 53(c)(2).

   (a) <u>Timeframes for Completion of Certain Events</u>: Unless otherwise agreed to by the parties and the Special Master, the parties must have an initial meeting or remote conference with the Special Master, within 14 days of the issuance of this Order.  During that initial meeting, the parties and the Special Master must formulate a plan for completing pretrial discovery, including, without limitation, entry of a new discovery plan and scheduling order.

3. *Ex Parte* Communications.

   (a) <u>With the Court.</u>  The Special Master may have *ex parte* communications with the Court regarding (1) whether or not a particular dispute or motion is subject to the scope of the Special Master's duties; (2) assisting the Court with procedural matters, such as apprising the Court regarding logistics, the nature of the Special Master's activities, and management of the litigation; (3) any matter upon which the parties or their counsel have consented; (4) the application of F.R.C.P. 53; and (5) any matter, the subject of which is initiated by the Court.

(b) <u>With the Parties and Counsel.</u> The Special Master may have *ex parte* communications with the parties or their respective counsel regarding (1) purely procedural or scheduling matters; (2) resolution of privilege or similar questions, in connection with *in camera* inspections, and with notice to the other parties; and (3) any matter upon which the parties or their counsel have consented.

4. <u>Material to be Preserved and Filed as the Record of the Special Master's Activities.</u> All orders of the Special Master must be filed with the Court, unless the parties or their counsel have agreed otherwise. It is the duty of the parties and counsel, not the Special Master, to provide for any record of proceedings with the Special Master. The Special Master is not responsible for maintaining any records of the Special Master's activities other than billing records. In the event of any hearing where evidence is taken, it is the duty of the parties and counsel to preserve any exhibits tendered or rejected at the hearing and to provide the Special Master with a copy of all transcripts.

5. <u>Review of Special Master's Reports, Orders or Recommendations.</u> Subject to the provisions of F.R.C.P. 53(f), any report or order of the Special Master is effective upon its issuance. Subject to the presiding district judge's authority to refer matters to the presiding magistrate judge, pursuant to 28 USC 636(b), any objection to any report, order or recommendation of the Special Master must be made in writing by the objecting party and filed with the Court within 7 days of the date of the order, report or recommendation to which the party is objecting. Review of the Special Master's order, report or recommendation is governed by F.R.C.P. 53(f)(3).

6. <u>Compensation.</u> The Special Master must be compensated at $525/hour and must be reimbursed for all reasonable expenses and costs incurred in the performance of his duties. These fees and costs must be paid ½ by the Plaintiff/Counterdefendants, and ½ by the Defendants/Counterclaimant, although the Special Master has the power to adjust the division of fees and costs in his discretion based on the merits of the matter before him. The Special Master will bill the parties on a monthly basis for fees and

disbursements, with invoices that provide sufficient description to understand the work performed. The parties must promptly pay the Special Master directly, upon receipt of the Special Master's invoice. The fees and costs may be reallocated by the Court in its discretion at the conclusion of the case. Upon the failure of a party to timely pay the Special Master's fees, the Court may enter judgment in favor of the Special Master and against the non-paying party.

      7. <u>Special Master's Affidavit.</u>  The Special Master's Affidavit required by F.R.C.P. 53(b)(3)(A) has been executed and filed.

      Dated this __7__th day of April, 2021.

    CAM FERENBACH
    UNITED STATES MAGISTRATE JUDGE