**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants. | 2:19-cv-01667-GMN-VCF<br><br><br>**Report and Recommendation**<br><br>PLAINTIFF'S MOTION TO SUBSTITUTE PARTY [ECF NO. 380] |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>Counter-claim Defendants. | |

Before the Court is plaintiff's motion to substitute party. (ECF No. 380). I recommend granting the motion.

1

## I.      Background

Plaintiff brings multiple claims against the defendants, three against defendant Sheldon Adelson: (1) First Claim for Relief: Violation of Section 2 of the Sherman Act –Monopolization, 15 U.S.C. § 2; (2) Second Claim for Relief: Violation of Section 2 of the Sherman Act – Attempted Monopolization, 15 U.S.C. § 2; and (3) Fifth Claim for Relief: Violation of the Nevada Unfair Trade Practices Act – NRS 598A. (ECF No. 1).  The Sun and the Review-Journal have operated under an Amended and Restated [Joint Operating] Agreement since 2005 ("JOA"), which allowed the parties to combine the two newspapers into a single-media product that separately brands the RJ and the Sun and includes the Sun as a separate newspaper located inside the Review-Journal. (*Id.*) Defendant Las Vegas Review Journal brings counter claims for monopolization and attempted monopolization, along with a claim of violation of Section 1 of the Sherman Act, Restraint of Trade, 15 U.S.C. § 1, and it seeks declaratory judgment regarding the invalidity of the JOA. (ECF No. 296 at 52).

Earlier this year, defendant Sheldon Adelson, the owner of the Review-Journal, passed away. On February 22, 2021, the Review Journal filed a suggestion of death upon the record which states that Dr. Miriam Adelson is the Special Administrator of Defendant Sheldon Adelson's Estate. (ECF No. 358). Plaintiff now moves pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, to substitute Dr. Adelson in place of Sheldon Adelson. (ECF No. 380 at 2). The defendants do not dispute the general survivability of the Sun's Sherman Act and state law claims against defendant Adelson or the substitution of Dr. Miriam Adelson. The defendants, however, dispute the survivability of the statutory trebling of damages and fee-shifting because defendants argue that those damages are penal rather than remedial. (ECF No. 386 at 3). Plaintiff argues in its reply that the Ninth Circuit has not ruled that treble damages for antitrust violations extinguish upon the death of a defendant as a penalty under a Rule 25. (ECF No. 392 at 4). Plaintiff also argues that the Ninth Circuit has expressly held that treble damages in this context are remedial. (*Id.*)

## II.    Discussion

Rule 25(a)(1) of the Federal Rules of Civil Procedure governs substitution when one party dies during litigation. A timely motion for substitution can be granted only with respect to a claim that is not extinguished by death, where the individual seeking to be substituted is the decedent's successor or representative:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Rule 25(a)(1) "does not resolve the question of what law of survival of actions should be applied in this case. It simply describes the manner in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death." *Robertson v. Wegmann*, 436 U.S. 584, 587 n.3, 98 S. Ct. 1991, 56 L. Ed. 2d 554 (1978) (internal citation omitted).

Section 4 of the Clayton Act (15 U.S.C. § 15(a)) provides (1) a private cause of action for suits brought pursuant to sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1, 2) and (2) the right to treble damages, costs of suit, and reasonable attorneys' fees. See also 15 U.S.C. §15 generally. "The purpose of the Sherman Antitrust Act and of the Clayton Act is to prevent economic concentration in the American economy by keeping a large number of small competitors in business." *United States v Von's Grocery Co.*, 384 U.S. 270, 86 S. Ct. 1478, 16 L. Ed. 2d 555 (1966). Treble damages granted by 15 USCS § 15 are for redress of private injury. *United States v. Cooper Corp.*, 312 U.S. 600, 61 S. Ct. 742, 85 L. Ed. 1071, 1941 Trade Cas. (CCH) ¶56111, 1941 U.S. LEXIS 1088 (1941)(superseded by statute amendment to allow the United States to also bring suit). When a federal statute contains no explicit statement on survival rights, the general rule under federal common law is that rights of action under federal statutes survive death if the statute is remedial, not penal. *Ex parte Schreiber*, 110 U.S. 76, 80, 3

S. Ct. 423, 28 L. Ed. 65 (1884); see also Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1954 (3d ed.) ("It is still the rule that penal actions do not survive but courts generally have held that treble-damage provisions are remedial and that actions of that kind survive").

The Ninth Circuit has held that, "[a]n action to recover damages resulting from a violation of the Sherman Anti-Trust Act is not an action to recover a penalty." *Hicks v. Bekins Moving & Storage Co.*, 87 F.2d 583, 585 (9th Cir. 1937), citing to *Chattanooga Foundry & Pipe Works v. Atlanta, 203* U.S. 390, 397, 27 S.Ct. 65, 51 L.Ed. 241. "Such a cause of action [Sherman Anti-Trust] does survive the death of the injured party and is assignable." *Hicks.*, 87 F.2d at 585, citing to multiple sister circuit courts e.g., see *Moore v. Backus*, 78 F.2d 571, 573 (7th Cir. 1935); *Fazakerly v. E. Kahn's Sons Co*., 75 F.2d 110, 114 (5th Cir. 1935); *United Copper Sec. Co. v. Amalgamated Copper Co*., 232 F. 574, 577 (2d Cir. 1916). Statutory treble damages for antitrust violations are "designed primarily as a remedy," *John Lenore & Co. v. Olympia Brewing Co*., 550 F.2d 495, 498 (9th Cir. 1977); see also *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 97 S. Ct. 690, 50 L. Ed. 2d 701, 1977-1 Trade Cas. (CCH) ¶61255, 1977 U.S. LEXIS 37 (1977) ("[A]lthough treble damages [provided by 15 USCS § 15] also play important role in penalizing wrongdoers and in deterring wrongdoing, [treble damages are] designed primarily as remedy.")

"It has been repeatedly held that an action for damages under the Sherman Trust is not an action for a penalty. Under that Act the plaintiff, if successful, is expressly entitled to treble damages" *Armstrong v. Allen B. Du Mont Labs.*, 137 F. Supp. 659, 664 (D. Del. 1955), citing to *Hicks.*, 87 F.2d at 585; *Chattanooga Foundry & Pipe Works*, 203 U.S. at 397; and *Brady v. Daly*, 175 U.S. 148, 156, 20 S.Ct. 62, 44 L.Ed. 109. *Contrast:* Treble damages may be considered punitive, however, in the context of a Rule 23(b)(3) determination, but putative class members are not barred from seeking treble damages individually. See *Kline v. Coldwell, Banker & Co.*, 508 F.2d 226, 235 (9th Cir. 1974). Regarding the Nevada Unfair Trade Practice Act ("NUTPA" at NRS 598A), Nevada's Claim Survival Statute states

that "no cause of action is lost by reason of the death of any person," and all available damages are recoverable against the executor except for those "imposed primarily for the sake of example or to punish the defendant." NRS 41.100(1)-(2). The remedies afforded under NRS Chapter 598A are treble damages, attorney fees, and costs. NRS 598A.210.

*Hicks* and its progeny direct that the Sun's federal claims against deceased defendant Sheldon Adelson survive his death. The defendants' reliance on the *Kline* court's rationale that treble damages are potentially punitive under a Rule 23(b)(3) determination is misplaced because the *Kline* court refused to certify the class on the basis that treble damages were punitive in that situation[1]. This is not a class action. The *Kline* court made no reference to *Hicks, Hicks's* progeny, or Rule 25. *Hicks* is good law and controls here. While the *Hicks* court did not discuss a distinction between a deceased plaintiff and a deceased defendant, given the remedial nature of treble damages, attorneys' fees, and costs, the *Hicks* court's rationale applies equally[2] regardless of whether the deceased litigant is the plaintiff or the defendant.

The Sun's claims for treble damages, attorneys' fees, and costs are available for both its Sherman Act and NUTPA claims. The purpose of the Sherman Act is not to punish—but to *prevent*—economic

---

[1] In *Kline* the Ninth Circuit considered whether the superiority requirement of Rule 23(b)(3) precluded class certification of an antitrust class whose members had engaged in 400,000 to 800,000 transactions, generating excess commissions and treble damages in the amount of $1,875 per transaction, or an aggregate of at least $750,000,000 in damages. *Kline* 508 F. 2d at 234 & n. 5. The court noted that although these damages were contemplated by the statute, the "amounts [were] staggering" in the class certification context. *Id*. The court also noted that comparable cases, where putative class members sought "outrageous amounts in statutory penalty cases," were similarly denied class action status. *Id*. at 234.

[2] Other courts have held that an antitrust action survives the death of a defendant. See, e.g., *Sullivan v. Associated Billposters & Distributors of United States and Canada*, 6 F.2d 1000, 1012 (2d Cir.1925) (explaining that a cause of action under the Sherman Act based on "acts which deprive one of his trade and diminish his profits certainly directly affect his business and may destroy it" survives the death of the defendant); *Fishman v. Estate of Wirtz*, 807 F.2d 520, 560-61 (7th Cir. 1986) (awarding treble damages based on violation of federal antitrust law despite the defendant's death).

concentration in the American economy by keeping small competitors in business." See *Von's Grocery Co.*, 384 U.S. 270. These claims survive the death of defendant Adelson because the treble damages, attorneys' fees, and costs provisions of both laws are primarily remedial in nature and may be enforced against the deceased defendant's estate. Under controlling Supreme Court and Ninth Circuit precedent, this is enough to conclude that the Sun's claims for treble damages, attorneys' fees, and costs against Adelson's estate should proceed. Dr. Adelson should properly be substituted in Sheldon Adelson's place and the plaintiff can proceed against Sheldon Adelson's estate. I recommend that the plaintiff's Rule 25 motion be granted because none of the claims against Sheldon Adelson have been extinguished.

Accordingly,

IT IS RECOMMENDED that plaintiff's motion to substitute party (ECF No. 380) should be GRANTED.

DATED this 5th day of May 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

6