J. RANDALL JONES, ESQ., SBN 1927
r.jones@kempjones.com
MICHAEL J. GAYAN, ESQ., SBN 11135
m.gayan@kempjones.com
MONA KAVEH, ESQ., SBN 11825
m.kaveh@kempjones.com
KEMP JONES LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000

RICHARD L. STONE, ESQ. (*pro hac vice*)
rstone@jenner.com
DAVID R. SINGER, ESQ. (*pro hac vice*)
dsinger@jenner.com
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
agallegos@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100

*Attorneys for Defendants/Counterclaimant and Non-Party Interface Operations LLC dba Adfam*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-01667-GMN-VCF<br><br>**DEFENDANTS' AND NON-PARTY INTERFACE OPERATIONS LLC DBA ADFAM'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL [EXHIBITS 1, 3–5 TO PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION TO COMPEL COMPLIANCE WITH INTERFACE OPERATIONS LLC DBA ADFAM SUBPOENA AND REFERENCES THERETO] [ECF NO. 432]**[1] |

---

[1] Defendants and non-party Adfam are aware that Special Master Pro entered an Order granting the Sun's Motion to Seal at ECF No. 432 on the same date that Defendants' and non-party Adfam's response was due. ECF No. 440. Although the Sun's current Motion to Seal (and/or unseal) at ECF No. 432 was not in dispute due to the reasons stated herein, Defendants and Adfam still file this response in order to make a record of their position.

3003930.2

| | |
|---|---|
| 1 | LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation, |
| 2 | |
| 3 | Counterclaimant, |
| 4 | v. |
| 5 | LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc., |
| 6 | |
| 7 | |
| 8 | Counterclaim-Defendants. |
| 9 | |

1

## I.  Introduction

On July 6, 2021, the Sun filed its Reply in Support of Renewed Motion to Compel Compliance with Interface Operations LLC dba Adfam Subpoena. ECF Nos. 433, 434 (FUS). In conjunction with the Reply, the Sun also filed its Motion for Leave to File Documents Under Seal [Exhibits 1, 3–5 to its Reply]. ECF No. 432. In its Motion to Seal, although the Sun files four exhibits under seal, the Sun contends that only Exhibits 1 and 3 should remain under seal because they contain sensitive proprietary information relating to the Review-Journal and, if disclosed, can be harmful to the Review-Journal's business interests. *Id.* at 1:25-28. Both documents have also been marked "Attorneys' Eyes Only" under the parties' Stipulated Protective Order at ECF No. 87. **Defendants and non-party Interface Operations LLC dba Adfam ("Adfam") agree that there is good cause to seal Exhibits 1 and 3, and do not object to the unsealing of Exhibits 4 and 5**. Exhibit 4 references attachments that contain highly sensitive and confidential information, but the Sun did not include the actual attachments to the emails, and Exhibit 5 on its face also does not contain any highly sensitive or confidential information. Therefore, this response will only address and demonstrate the good cause to keep Exhibits 1 and 3 sealed.

Exhibits 1 and 3 are both related to a non-dispositive discovery motion that is not "more than tangentially related to the merits of the case[,]" so the parties need only meet the lower "good cause" test to justify the sealing of these documents. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (holding "good cause" is sufficient grounds to seal materials attached to a non-dispositive motion"); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2015). Given the highly sensitive, confidential, financial, and commercial nature of Exhibits 1 and 3, the "good cause" test is easily met here, and these documents should not be put into the public domain where the Review-Journal's competitors would have access to them. The Court should grant the Sun's motion and keep Exhibits 1 and 3 under seal.

/ / /

/ / /

/ / /

## II. Argument

### A. The Court Need Only Find "Good Cause" to Seal Exhibits 1 and 3.

As this Court has noted, the federal courts have long recognized "an exception to the presumption of access to judicial records" for non-dispositive motions because "the public has less of a need for access to court records attached only to non-dispositive motions . . . ." *Kamakana,* 447 F.3d at 1179 (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32–33 (1984)). "Good cause" is therefore sufficient grounds to seal materials attached to a non-dispositive motion or opposition. *Kamakana*, 447 F.3d at 1180 (emphasis added); *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (holding "when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released."). A party that seeks to seal documents filed in connection with a non-dispositive motion that is not "more than tangentially related to the merits of a case" is subject to the less burdensome "good cause" standard. *Ctr. for Auto Safety*, 809 F.3d at 1101; *Kamakana*, 447 F.3d at 1178-79. There is a lesser need for public access to these documents because they are often "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179.

FRCP 26(c)(1) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, [or] oppression . . .," including one or more of the categories enumerated in the rule. Subsection "G" under this rule provides that a court may find good cause to "require[] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *Id*. § 26(c)(1)(G). Additionally, the heightened compelling reasons test, and therefore also the lower good cause standard, are met to seal records when "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).

3

      **B.**      **There is "Good Cause" to Seal Exhibits 1 and 3.**

Good cause exists to seal Exhibits 1 and 3 to the Sun's non-dispositive, discovery-related reply in support of renewed motion to compel. These documents contain highly sensitive, confidential, financial, and proprietary information relating to the Review-Journal and have been marked "Attorneys' Eyes Only" under the parties' Stipulated Protective Order at ECF No. 87. These documents should not be put into the public domain where the Review-Journal's competitors would have access to them.

**Exhibit 1** is a highly sensitive, confidential, and proprietary document from the Review-Journal's accounting firm, Armanino LLP, and has been marked "Attorneys' Eyes Only" under the parties' Stipulated Protective Order at ECF No. 87. This document consists of Armanino's 2018 fiscal year-end report regarding entity level controls for the Review-Journal. This document contains details of non-public, highly sensitive and proprietary information regarding the Review-Journal's internal controls and protocols, as well as highly sensitive and confidential financial-related information. **Exhibit 3** is an email chain from January 2020 between Steve O'Connor, Doyle Troyer, and Todd Nelson, with the subject line entitled, "2019 Audit & Tax Work – Las Vegas Review-Journal, Inc.," and has also been marked as "Attorneys' Eyes Only" under the parties' Stipulated Protective Order. This email chain discusses the plan for 2019 audit and tax work at the Review-Journal, includes non-public monetary figures, and should not be put into the public domain.

The Review-Journal's competitors, customers, and advertisers should not be given access to these non-public documents about the company's business operations and financial details. And as the Sun points out, the Court has sealed similar financial information in the past under the same good cause standard. *See, e.g.*, ECF No. 368 at 15:14–16 ("the Court finds that defendants have made a particularized showing of good cause to keep [the exhibit] under seal because the exhibit contains sensitive financial information that could harm [the Review-Journal's] business interests if it became public."). Defendants and non-party Adfam respectfully request that Exhibits 1 and 3 remain sealed.

**C.   Defendants and Non-Party Adfam Do Not Object to the Unsealing of Exhibits 4 and 5.**

Defendants and non-party Adfam do not object to the unsealing of the documents the Sun attaches at Exhibits 4 and 5. Although Exhibit 4 references attachments that contain highly sensitive and confidential information, the Sun did not include the actual attachments to the emails. And Exhibit 5 on its face also does not contain any highly sensitive or confidential information. Thus, these documents alone and without attachments do not contain any confidential, financial, or commercially sensitive information and can be unsealed.

### III.   Conclusion

Good cause exists to seal Exhibits 1 and 3 to ECF No. 433 (ECF Nos. 433-1 and 433-3), and any references thereto in ECF No. 433. Defendants and non-party Adfam do not object to the unsealing of Exhibits 4 and 5 to ECF No. 433 (ECF Nos. 433-4 and 433-5). Defendants and non-party Adfam therefore respectfully request that the Court grant the Sun's Motion to Seal at ECF No. 432 and seal Exhibits 1 and 3 to ECF No. 433 (ECF Nos. 433-1 and 433-3).

Dated: July 20, 2021

KEMP JONES, LLP

*/s/ Mona Kaveh*

J. RANDALL JONES, ESQ., SBN 1927
MICHAEL J. GAYAN, ESQ., SBN 11135
MONA KAVEH, ESQ., SBN 11825
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

RICHARD L. STONE, ESQ. (*pro hac vice*)
DAVID R. SINGER, ESQ. (*pro hac vice*)
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071

*Attorneys for Defendants/Counterclaimant and Non-Party Interface Operations LLC dba Adfam*

## PROOF OF SERVICE

I hereby certify that on the 20th day of July, 2021, I served a true and correct copy of the foregoing **DEFENDANTS' AND NON-PARTY INTERFACE OPERATIONS LLC DBA ADFAM'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL [EXHIBITS 1, 3–5 TO PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION TO COMPEL COMPLIANCE WITH INTERFACE OPERATIONS LLC DBA ADFAM SUBPOENA AND REFERENCES THERETO] [ECF NO. 432]** via the United States District Court's CM/ECF electronic filing system to all parties on the e-service list:

> E. Leif Reid, Bar No. 5750
> Marla Hudgens, Bar No. 11098
> Kristen L. Martini, Bar No. 11272
> Nicole Scott, Bar No. 13757
> LEWIS ROCA ROTHGERBER CHRISTIE LLP
> One East Liberty Street, Suite 300
> Reno, Nevada 89501
>
> Joseph M. Alioto, *Pro Hac Vice*
> ALIOTO LAW FIRM
> One Sansome Street, 35th Floor
> San Francisco, California 94104
>
> James J. Pisanelli, Bar No. 4027
> Todd L. Bice, Bar No. 4534
> Jordan T. Smith, Bar No. 12097
> PISANELLI BICE PLLC
> 400 South 7th Street, Suite 300
> Las Vegas, Nevada 89101
>
> *Attorneys for Plaintiff/Counterclaim Defendants*

　　　　　　　　　　　　　　　　　　　　/s/ Ali Augustine
　　　　　　　　　　　　　　　　　　　　An employee of Kemp Jones LLP