# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>    Plaintiff,<br><br>vs.<br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>    Defendants. | 2:19-cv-01667-GMN-VCF<br><br><br><br>**ORDER RE DEFENDANT'S MOTION TO COMPEL PRODUCTION OF ELIZABETH CAIN'S DOCUMENTS (DOC. 396)** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>    Defendants. | |

On May 24, 2021, Defendants filed a Motion for an Order Overruling the Las Vegas Sun's Privilege and Work Product Objections for Elizabeth Cain's Documents, and Compelling Production of

Documents Withheld on those Bases (Doc. 396). The Motion is fully briefed and came on for hearing before the undersigned Special Master on July 27, 2021. Based upon the record of these proceedings, and the arguments of Counsel presented at the hearing and on the briefs, the following findings and Order are entered.

The record shows that Elizabeth Cain was hired by Greenspun Media Group ("GMG"), Plaintiff Sun's parent company, in June 2014 to examine GMG's operations. Plaintiff contends that Cain discovered Defendant, Review-Journal, had violated the parties' JOA by charging its editorial costs against the joint operation EBITDA, contrary to the plain language of the JOA. Plaintiff acknowledges that Cain, who has been characterized at various times in this case by Plaintiff as a "functional employee," "consulting expert," and a "testifying expert," may be called as a percipient witness at trial. Although disclosure of expert witness has not yet occurred, Plaintiff states that it is possible that Cain also may be called as an expert witness in this case.

Indeed, in a Declaration filed in this case on January 8, 2021 (Doc. 304-3), Cain stated that she had been engaged by Plaintiff's Counsel to provide expert services in the instant case on a pro bono basis; that she anticipated preparing an expert report  regarding her calculation of the damages sustained by Plaintiff in the form of lost profits as a result of Defendant's improper accounting and operational abuses; and that she has testified in that capacity on behalf of Plaintiff in two prior related arbitrations in 2016 and 2019.

Issues pertaining to the production of documents by Elizabeth Cain have been the subject of recurring motion practice in this litigation since Defendants served a subpoena to produce documents on her on June 9, 2020. The subpoena enumerated ten specific Requests for Production of Documents. At a hearing conducted September 4, 2020 (Doc. 130 and 131), Magistrate Judge Weksler noted the broad

scope of discovery, found the documents requested discoverable as to alleged claims and defenses in the case, and Denied Plaintiff's Motion for Protective Order (Doc. 80) and Motion to Quash (Doc. 81).

In doing so, however, Judge Weksler instructed Plaintiff to prepare a "bulk log" identifying any documents withheld from production as privileged, or "otherwise commercially sensitive" making it subject to the Protective Order in place. Ultimately, Plaintiff provided the Supplemental Redaction and Privilege Log of Elizabeth Cain dated January 20, 2021, Exhibit B to Defendant's Motion (Doc. 396-2), which assert claims of privilege or work product and expert work product protection as to 383 documents.

By the instant Motion, Defendant's state they do not seek to compel Plaintiff to produce documents identified in the privilege log which contain Cain's communications to a lawyer, or those Cain received which were authored by a lawyer thereby implicating the attorney client privilege. Rather, Defendants seek to compel production of communications (1) between Cain, a nonlawyer, and employees of the Sun or GMG, who are also not lawyers, and (2) documents created by Cain which are not identified as draft expert reports and have not sent to anyone, which are responsive to Cain Subpoena Requests for Production 1, 2, 5, and 7.

During the Meet and Confer Telephonic Conference conducted March 31, 2021(Doc. 396-4), Counsel for Plaintiff explained that Plaintiff has withheld "those communications that are in furtherance of legal advice." There ensued a round of briefing and extensive oral argument in which the Parties raised extensive arguments regarding whether the documents reflected in the Cain Privilege Log are properly withheld.

To ensure that I have a clear and comprehensive understanding of the nature of the documents withheld in relation to the privileges and protections asserted, before entering a blanket Order applicable to all 383 documents, I find it necessary to require Plaintiff to submit a representative sampling of thirty (30) of the 383 withheld documents under seal for *in camera* review. The sampling shall include

documents or communications between Elizabeth Cain and each of the other individuals identified in the Privilege Log who were not an attorney representing Plaintiff or Ms. Cain and shall include documents described in the Log as "Communications made in furtherance of communications with counsel" for the various purposes set forth in the Description section of the Log. The sampling shall not include documents or communications directly between Ms. Caine and any attorney concerning legal advice of any kind.

Plaintiff shall file the documents submitted for review under seal with the Clerk of the Court not later than August 17, 2021, and shall provide a sealed copy of the documents to the undersigned Special Master. Upon completion of the *in camera* review of the documents submitted, an Order on Defendant's Motion (Doc. 396) will be entered.

IT IS SO ORDERED.

Dated this 4th day of August 2021.

_____
Hon. Philip M. Pro (Ret.)
SPECIAL MASTER