UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>　　　　Defendants. | 2:19-cv-01667-GMN-VCF<br><br><br><br>**ORDER RE: DEFENDANT'S MOTION FOR CLARIFICATION (ECF DOC. No. 437)** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>　　　　Defendants. | |

  On August 12, 2021, a hearing was conducted on Defendant's fully briefed Motion for Clarification of the Court's November 13, 2020, Order (Doc. 437). Based upon the arguments presented

on the briefs and at the hearing, the undersigned Special Master hereby enters the following findings and Orders:

By this Motion, Defendants seek clarification of an Order entered by Magistrate Judge Weksler nine months ago, on November 13, 2020 (Doc. 220 & 222), regarding a Motion to Compel Production of Documents, in which the Judge stated: "Moving forward, the presumption will be that the R-J and the Sun will both produce discovery within 30 days of the request or the Court ruling, subject to a motion requesting the Courts leave for additional time and detailing the specific needs underlying the extension."

Defendants now seek to "confirm that the parties are not required to produce documents within the 30 days of the request, and confirm that Rule 34(b)(2)(B), which provides that the party responding to the request must either produce the requested documents either within the time specified by the request or at another reasonable time specified in the response…"

In response, Plaintiff asks that the Court "confirm that Magistrate Weksler's Order requires the parties to produce documents responsive to a set of Rule 34 Requests within 30 days of responding to that set of Requests, making an agreement through the meet and confer process, or the Court ordering a party to produce documents (including granting a party additional time for the production), as applicable to the particular circumstances.

As stated on the record at the hearing conducted on August 12, 2021, I find that Judge Weksler's Order of November 13, 2020, requires neither "clarification" nor "confirmation." Judge Weksler's Order was clear when entered nine months ago, and the Parties were thereafter obligated to comply with it. Instead, based on the arguments presented and the record of these proceedings, it appears the Parties have repeatedly failed to do so.

Perhaps the inability of the Parties to adhere to the document production standards stated in Fed. R. Civ. P. 34 and Judge Weksler's Order is understandable given the breathtaking number of Requests for

Production propounded by the Parties which total over 500 by Plaintiff and in excess of 300 by Defendants. Notwithstanding the complexity of this case claimed by the Parties, the use of Requests for Production of Documents and Electronically Stored Information under Rule 34 is excessive and has apparently spun out of control and has left many Requests for Production unresolved. To address these circumstances, the Special Master hereby enters the following Orders:

1. Defendant's Motion for Clarification (Doc. 437) is Denied.

2. The Parties shall continue to respond to outstanding Requests for Production in compliance with Rule 34 (b)(2)(A) & (B).

3. The Parties shall forthwith meet and confer, and shall not later than Thursday, August 26, 2021, submit a proposed Joint Protocol for resolving the remaining disputes concerning outstanding Requests for Production of Documents.[1] The Special Master will thereafter convene a teleconference with Counsel to address the protocols proposed by the Parties.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that pending resolution of the Protocols addressed above, neither Party shall propound additional Rule 34 Requests for Production except upon stipulation of the Parties, or by leave of the Court for good cause shown.

Dated this 13th day of August, 2021.

_____
Hon. Philip M. Pro (Ret.)
SPECIAL MASTER

---

[1] I have Intentionally extended the time for compliance with this Order beyond the date of August 20th discussed at the hearing to ensure sufficient time for compliance.