**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>        Defendants. | 2:19-cv-01667-GMN-VCF<br><br>**ORDER RE: PLAINTIFF'S RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS (DOC. No. 418)** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>        Defendants. | |

      On August 12, 2021, arguments were heard on Plaintiff's fully briefed Renewed Motion to Compel Production of Documents (Third Set) (Doc. 418) seeking "three categories" of relief.

Plaintiff contends it is entitled to further responses to the eight of eighteen Requests for Production of Documents (Third Set) propounded to Defendants on August 21, 2020. Specifically, Plaintiff seeks further responses to (1) Requests 327, 329, 331, and 332, seeking information related to the RJ's promotion of its website using the Newspapers[1]; (2) Requests 334 and 335, seeking formal and informal policies and guidelines related to the Review-Journal's editorial coverage of or about its owners and their interests; and (3) Requests 336 and 337, seeking the Review-Journal's termination of editorial staff that opposed the Adelson family's editorial viewpoints.

These particular Requests have been among those addressed by the Court on December 21, 2020 (Doc. 274), and March 18, 2021 (Doc. 368), in connection with at least two prior Motions to Compel filed by Plaintiff on October 27, 2020, (Doc. 186). Defendants continue to oppose Plaintiffs eight Requests on a variety of grounds. Based upon the arguments presented on the Renewed briefs, and at the hearing conducted August 12, 2021, the undersigned Special Master hereby enters the following findings and Orders:

**1. REQUESTS FOR PRODUCTION 327, 329, 331, AND 332-**

These four Requests are essentially a variation of Request for Production 325 which sought "production of documents and communications concerning the Review Journal's business plans or strategies to drive web traffic to the Reviewjournal.com, including any reviews, analyses, or presentations on the subject." Request 327 refines 325 seeking "steps taken to drive web traffic to the Reviewjournal.com. Request 329 seeks documents relating to "the Review Journal's use of the Review-Journal to drive web traffic to the Reviewjournal.com. Request 331 seeks documents "sufficient to identify

---

[1] The Parties use the term "Newspapers" to refer to the combined newspaper product consisting of the separately branded Las Vegas Review-Journal and the Las Vegas Sun.

2

the date when the Review-Journal began referencing Reviewjournal.com in the Review-Journal. Request 332 repeats 331 but focused specifically on a variety of advertisements or promotions used.

Defendants debate the meaning of the word "drive" used in Request 327 versus Plaintiff's variation using the word "divert" in their arguments. As explained by Justice Holmes in considering whether the term "income" used in the Constitution means the same thing as used in the Income Tax Act of 1913:

> A word is not a crystal, transparent and unchanged. It is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used.

*Towne v. Eisner,* 245 U. S. 418, 425 (1918).

Whether the word used is "drive" "divert" or "detour," the meaning is the same given the context in which it is used here. Any search for documents or communications should include both words as search terms.

As I stated at the hearing conducted August 12, 2021, the resolution of Plaintiff's Motion with respect to the four Requests at issue is found in the Order issued by Judge Ferenbach on March 18, 2021, (Doc. 368 at page 6, line18, to page 7, line 23). There, the Court held that, "Information showing plans to divert readership from the RJ newspaper to the RJ website is relevant to the Sun's defenses to the RJ's allegations that the Sun breached the JOA. The plans in general for the RJ website to attract readership are not at issue." Upon entry of the foregoing Order, Judge Ferenbach directed the Parties renew their meet and confer efforts to resolve the four Requests now at issue under the assumption "that the Court would use the same logic to resolve these remaining requests and should be mindful of their obligation under Rule 1 to resolve these issues." *Id.* Despite those clear instructions from the Court, the Parties were unable to resolve the matter. While it really should not be necessary to do so, the assumption expressed by Judge Ferenbach will now be given the force of an Order.

IT IS THEREFORE ORDERED that Plaintiff's Renewed Motion to Compel Responses to Requests for Production 327, 329, 331, and 332 is Granted to the limited extent that insofar as Defendants have not already done so in response to Judge Ferenbach's Order of March 18, 2021, concerning Request 325, Defendants shall search for and produce to Plaintiff the refined subsets of documents and communications in their possession, if any, specifically called for in Requests 327, 329, 331, and 332. Defendants shall complete the production called for in this Order within 30 calendar days of the date of this Order. Documents previously produced need not be produced again. They may simply be referred to by date of production and Bates Stamp number.

**2. REQUESTS FOR PRODUCTION 334 AND 335 –**

These Requests seek formal and informal policies and guidelines related to the RJ's editorial coverage of or about its owners and their interests. Defendants respond that there are no "informal guidelines" responsive to the Requests, and that to the extent any formal guidelines exist regarding the editorial process, they have been produced.

IT IS THEREFORE ORDERED that Plaintiff's Renewed Motion to Compel further response to Requests for Production 334 and 335 is Denied.

**3. REQUESTS FOR PRODUCTION 336 AND 337 –**

Requests 336 and 337 seek the RJ's documents and communications relating to the "resignation, termination, or separation of former Editor-in-Chief Mike Hengel in 2015 or 2016, and documents or communications regarding the termination of any other RJ editorial staff from December 2015 through July 2016. Defendants object on several grounds including the argument that Section 5.2 of the JOA vests

exclusive and complete control in the RJ over matters including the hiring and discharge of employees, as well as legitimate privacy concerns of the discharged employee resulting from such disclosures.

Defendants further respond that they searched for "any communications from Mr. Adelson, or his assistant, or from someone else that references a communication from Mr. Adelson" directing the RJ to terminate an RJ employee and found no such communications or documents.

I find the record as developed does not warrant an Order compelling Defendants to do more with respect to Requests 336 and 337.

IT IS THEREFORE ORDERED that Plaintiff's Renewed Motion to Compel further responses to Requests for Production 336 and 337 is Denied.

Dated this 18th day of August 2021.

_____
Hon. Philip M. Pro (Ret.)
SPECIAL MASTER