UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>　　　　Defendants. | 2:19-cv-01667-GMN-VCF<br><br><br><br>**ORDER RE PLAINTIFF'S RENEWED MOTION TO RECONSIDER BASED ON NEW EVIDENCE (#398)** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>　　　　Defendants. | |

　　　　Plaintiff's Renewed Motion to Reconsider Previous Discovery Rulings Based on New Evidence (Doc. 398) came on for hearing before the undersigned Special Master on July 27, 2021.

1

By this Motion, Plaintiff seeks Reconsideration of two prior discovery rulings entered by Magistrate Judge Brenda Weksler and set forth in the transcripts of proceedings conducted on July 23, 2020, and November 13, 2020 (Docs. 102 and 222). The July 23rd proceedings contained Judge Weksler's Orders regarding Plaintiff's Motion to Compel Production of Documents by Defendants (Doc. 76) filed June 23, 2020, which had been heard by Judge Weksler on July 20, 2020 (Doc. 100). The November 13th proceedings contained Judge Weksler's Orders regarding Plaintiff's Second Motion to Compel Production of Documents by Defendants (Doc. 136) filed September 15, 2020, which was heard by Judge Weksler on November 13, 2020 (Doc. 220).

The prior rulings by Judge Weksler addressed a wide variety of discovery issues related to numerous Rule 34 Requests for Production propounded by Plaintiff. Only one ruling is placed at issue by Plaintiffs Renewed Motion.

Plaintiff specifically focuses on Judge Weksler's Order providing that Defendants should produce documents or communications containing "directives from Mr. Adelson" relevant to Plaintiff's alter ego claim. Judge Weksler explained that by "directives" she was referring to "direct" or "express" directives, and not to "indirect directives," because Plaintiff Sun had not "sufficiently analyzed that argument." (Doc. 222 at p. 18, l. 16-18). Judge Weksler repeated this Order with respect to several of the Requests for Production at issue. (Doc 222 at pp. 18 – 22).

When asked by Counsel for Plaintiff whether Plaintiff would have leave to renew its requests "following deposition testimony or other information that's revealed," Judge Weksler stated Plaintiff could do so. (Doc. 222 at p. 22, l. 18-25).

Thereafter, at a hearing before Judge Weksler on January 5, 2021, Plaintiff sought reconsideration (Docs. 297 and 303). However, before the issue of reconsideration could be resolved, Judge Weksler recused from further participation in this case on January 22, 2021. (Doc. 325). Upon reassignment,

Magistrate Judge Cam Ferenbach directed the Parties to Meet and Confer on the matter. Counsel's efforts at resolution were unsuccessful and Plaintiff filed this Renewed Motion.

At the July 27, 2021, hearing, Plaintiff acknowledged that Judge Weksler's Orders of July and November 2020 were appropriate based on the "then-available proof." Plaintiff contends, however, that circumstances changed when Defendants produced the "Adelson Employment Agreement" dated February 11, 2016, which designated Adelson as the "Co-Publisher of the Review-Journal," and conferred authority on Adelson "to provide editorial advice and assistance to the President and Publisher and other editorial employees and contributions to the Las Vegas Review-Journal concerning the direction of the Newspaper," and other topics.

Additionally, Plaintiff contends it has obtained evidence showing that Mr. Adelson controlled the Review-Journal through third party proxies including executives and employees of the Adelson "family office," (Adfam).[1]

Plaintiff argues that this evidence discovered since the rulings of July and November 2020 supports Plaintiff's instant Motion pursuant to Rule 60(b) because it shows that Mr. Adelson "was so directly and indirectly entangled in the business of the Review-Journal that there is no separation between himself and that business." Therefore, Plaintiff seeks reconsideration of Judge Weksler's prior rulings to expand them to require that the previously ordered production of documents or communications containing direct or explicit directives, also include "indirect directives" from Mr. Adelson.

Defendants respond that they have already produced all documents containing directives from Mr. Adelson as ordered by Judge Weksler, including those communicated through or by third persons at the

---

[1] Indeed, the third motion argued at the hearing conducted on July 27, 2021, was Plaintiff's Renewed Motion to Compel Compliance with Interface Operations LLC DBA Adfam's Subpoena (Doc. 403).

request of Mr. Adelson's. This is illustrated by the following colloquy between Counsel for Defendant and the Special Master:

> "SPECIAL MASTER PRO:  If Mr. Adelson did not send a direct explicit communication to Mr. Vega to do something; instead, Mr. Dumont sends the directive, the email, to Mr. Vega to do X. But that communication expresses something along the following: 'Mr. Adelson has asked me to have you do X, Mr. Vega.'
> Would that then be a direct directive from Mr. Adelson? Or would that be an indirect directive?
> MR. STONE:  I understand now your Honor's question more clearly. That would be indirect proof of a directive by Mr. Adelson. And we have agreed and produced any documents by third parties that reflect a directive or request by Mr. Adelson. So, if Mr. Vega said, 'Mr. Adelson says tomorrow we're going to raise the font of the Review-Journal,' that has been produced to the extent it exists."

(Tr. of July 27, 2021, hearing at P. 80, L. 8-24).

However, in response to the same hypothetical question, Counsel for Plaintiff stated that while it may depend on who the reader is looking through the documents before they decided whether they should be produced, she would "consider that a 'direct directive' because it evidences that Mr. Adelson told someone to do something." (Tr. at P 66, L. 4-13).

The Parties agree that most communications with Mr. Adelson relating to the Review Journal were verbal and not through emails or writings. Therefore, such directives from Mr. Adelson may not be encompassed in a document he authored, though they might be reflected in documents prepared by others memorializing a verbal directive they had received from Mr. Adelson. Counsel for Defendants addressed this concern at the July 27th hearing as follows:

> What we did provide and produce according to Judge Weksler's two orders was directives by Mr. Adelson contained in any documents, memos, emails, or third-party communications that reflected a directive by Mr. Adelson – so Mr. Vega saying, "Hey, Mr. Adelson says we need to do X" to a third

party, and Mr. Adelson was not the author, a recipient, or copied on it, but it does reflect his directive.

(Tr at P. 82, L. 16 – 23).

It therefore appears Defendants have searched for and produced the types of documents and communications sought by Plaintiff. Moreover, Plaintiff agrees that "we have received some of this information." (Tr. p. 83, L. 21 – 22.).

Based upon the record before the Court, I find Plaintiff has failed to show a basis for reconsideration pursuant to Fed. R. Civ. P. 60. Therefore, Plaintiff's Renewed Motion to Reconsider Previous Discovery Rulings Based on New Evidence (Doc. 398) must be Denied.

However, to eliminate confusion engendered by the use of the terms "direct directive" and "indirect directive," I find it appropriate to clarify that responses to the outstanding Requests for Production at issue in this Motion should be provided to the extent they reflect a directive from Mr. Adelson made either directly or through a third person as illustrated by the foregoing hypothetical posed to counsel. Any such documents shall be produced within 30 calendar days of the date of this Order.

IT IS SO ORDERED.

Dated this 18th day of August 2021.

_____
Hon. Philip M. Pro (Ret.)
SPECIAL MASTER