# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants. | 2:19-cv-01667-GMN-VCF<br><br>**ORDER RE: PLAINTIFF'S RENEWED MOTION TO COMPEL COMPLIANCE WITH ADFAM SUBPOENA (DOC. 403)** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>Defendants. | |

Plaintiff's Renewed Motion to Compel (Doc. 403) seeks to compel third party Interface Operations

LLC, dba ADFAM to produce documents responsive to a subpoena duces tecum served by Plaintiff on

October 28, 2020. The subpoena, issued pursuant to Fed. R. Civ. P. 45, requested that 24 categories of documents and communications which Plaintiff asserts are relevant to this case be produced by Adfam. (Doc. 279-2).

Adfam is not a named party to this litigation. Adfam's Counsel describes it as a shared service, family office organization that supports all of the Adelson family's interests and businesses. Therefore, Adfam contends that there is a stronger showing of relevance needed for a subpoenaing party to obtain documents from a nonparty. Adfam asserted a variety of objections to the subpoena, including relevance, undue burden and expense, overbreadth, and privilege or work product protection. Nonetheless, some of the requested documents were produced by Adfam and issues pertaining to others were resolved by counsel through a meet and confer process. Adfam represents that it has already agreed to produce nearly 3,000 documents in response to Plaintiff's Requests.

On December 22, 2020, Plaintiff filed a Motion to Compel responses to 11 of the outstanding requests for production ("Requests" or "RFP"). On March 18, 2021, Judge Farenbach denied Plaintiffs Motion without prejudice to renew it before the undersigned Special Master if they were unable to resolve their issues through further meet and confer efforts. (Doc. 369). When those efforts proved unsuccessful, on June 4, 2021, Plaintiff filed the instant Renewed Motion which seeks to compel responses to nine Requests.

The findings and Orders below will address the Requests at issue in the order in which they were presented at the hearing conducted on July 27, 2021. In doing so, I consider the following factors in assessing relevance, burden, and proportionality.

Although Adfam is not a named party, neither is it a disinterested third party to the claims and counterclaims alleged in this litigation. The record of this case shows that two of the individuals who comprise Adfam are named parties, and others who are employed by Adfam have played a meaningful,

and sometimes interconnected or overlapping role with the named Defendants in the acquisition and operation of the Review-Journal. It can, therefore, be reasonably expected Adfam may have generated or possess documents or communications relevant to this case in addition to those it has already agreed to produce. Additionally, nothing in the Orders below deprives Adfam of its rights to assert claims of privilege or work product protection in response to the Requests in accord with protocols previously established by the Court, nor does it preclude Adfam from asserting a specific and focused objection to any portion of a responsive document on the ground that it is competitively sensitive, proprietary, confidential, or otherwise protected from disclosure under the law. Finally, Adfam is not required to produce again, any documents or communications which it has previously produced in these proceedings in response to other discovery requests.

Moreover, Adfam states that it has already "agreed to produce…Any document or communication related to the Sun; any document or communication related to the JOA; any document related to a valuation of the RJ; financial projections related to the RJ; and antitrust concerns for monopolistic intent." (Tr. of July 27, 2021, Hearing @ p. 140). It is unclear, however, whether Adfam's representation that it has "agreed to produce," has thus far resulted in actual production of the documents described.

**IT IS THEREFORE ORDERED** that to the extent it has not already done so, Adfam is Ordered to produce the above-described documents and communications it has previously agreed to produce on or before September 23, 2021.

**Request 24**

Plaintiff's Request 24 seeks the production of "all Documents or Communications concerning or relating to projections of the Review-Journal's financial performance or accounting."

Adfam's principal objection to Request 24 is that in argument Plaintiff dropped the modifier "projections" of financial performance or accounting. Adfam argues such a modification of the Request renders prior limitations on discovery placed by the Court meaningless because it would amount to a request for all accounting documents of Adfam without limitation. I agree.

Read literally, Request 24 calls for production of documents or communications reflecting "projections" relating to the RJ's "financial performance" or the RJ's "accounting." What the latter would encompass is difficult to fathom, and probably equally difficult to enforce. However, clearly it does not seek production of documents or communications relating to other Adfam interests.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel further responses to Request 24 is Granted to the extent Adfam possesses or controls communications or documents relating to "projections" of "the RJ's financial performance" or the RJ's "accounting," and to the extent it has not produced them, it shall do so on or before September 23, 2021.

**Requests 19 and 20**

Requests 19 and 20 seek production of any agreements, "including consulting or consultant agreements," relating to "the Review-Journal, News+Media, and/or the purchase of the Review-Journal in 2015," or "relating to Russel Pergament, Don Nizen, and/or Michael Schroeder." I find that to the extent the documents requested are not subject to a claim of privilege, work product protection, or otherwise protected under the law, the information is discoverable and should be produced. These are discreet requests and do not impose an undue burden on Adfam.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel responses to Requests 19 and 20 is Granted and that Adfam shall provide the information ordered on or before September 23, 2021.

**Requests 8, 14, 15, and 21**

Request 8 seeks production of documents and communications "concerning any proposed or potential sale of the Review-Journal to News+Media, the Review-Journal, Sheldon Adelson, Patrick Dumont, and/or any of their Representatives, that occurred before December 10, 2015. Requests 14 and 15 seek sub-sets of the information requested by Request 8, and Request 21 seeks information concerning or relating to Adfam's "intent, plan, desire, or wish to purchase the Review-Journal."

Plaintiff characterizes the information requested as essential to discovering the due diligence performed in relation to the purchase of the RJ, and the RJ's "anticompetitive scheme, including the RJ's abuse of its unilateral powers under the JOA to eliminate the Sun."

Adfam responds that it has already agreed to produce "documents and communications created during the due diligence process between Sheldon Adelson, Dr. Miriam Adelson, Patrick Dumont, Don Nizen, Michael Schroeder, Russel Pergament, and Steve Garfinkel that pertain to the disputes in this lawsuit concerning the 2005 JOA." Thus, Adfam argues it has already produced, or is producing, all responsive documents and communications to which Plaintiff is entitled under the prior discovery rulings of Magistrate Judge Weksler, and the ruling dismissing Plaintiff's Section 7 Clayton Act claim by Judge Gloria Navarro, and that Plaintiff's Motion to Compel additional responses to Requests 8, 14, 15, and 21 should be denied.

At the hearing conducted July 27, 2021, Plaintiff argued that what Adfam has agreed to produce excludes strategies about promotion or print, the RJ's and Adfam's analysis of the RJ's performance, and its overall strengths and weaknesses. Plaintiff essentially contends it is entitled to all documents and communications reflecting Adfam's evaluation of the purchase of the RJ which occurred during the due diligence process in 2015.

However, Adfam argues this is inconsistent with Judge Weksler's ruling which held that Plaintiff was entitled to information related to Adfam and Defendants' "valuation" of the RJ and did not order the production of information relating to their "evaluations" of the RJ which would involve unlimited access to all due diligence information.

Based on the record adduced, I find the prior Orders of the Court did not direct that the additional materials requested by Plaintiff were to be produced. Further, I find Plaintiff has not demonstrated it is entitled to receive documents or communications beyond those Adfam has already agreed to produce in response to Requests 8, 14, 15, and 21.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel further responses to Requests 8, 14, 15, and 21 beyond that which Adfam has already agreed to produce is Denied.

**IT IS FURTHER ORDERED** that to the extent it has not already done so, the production of the documents and communications Adfam represents it has agreed to produce, shall be provided to Plaintiff on or before September 23, 2021.

**Request 22**

Request 22 seeks production of documents or communications "concerning or relating to Defendants' intent, plan, desire, or wish to keep their ownership of the Review-Journal secret."

Plaintiff acknowledges that without anticompetitive conduct, intent and motive alone are insufficient to establish antitrust liability. Plaintiff argues however, the fact finder is entitled to consider evidence of behavior evidencing intent or motive of Defendants' in relation to their allegedly anticompetitive conduct.

Adfam responds that the reasons why the Adelson family wanted to keep their ownership of the RJ secret for a short period of time following its purchase is irrelevant to Plaintiff's antitrust claims. Adfam

further contends that Adelson's ownership of the RJ was kept secret for only a few weeks until after the Venetian hotel hosted the Republican National Convention following which its ownership was reported in the Review-Journal which Adelson then owned.

I find the fact that Adelson wanted to maintain his ownership of the Review-Journal secret for a period of time after its purchase is well documented in the record of this case. Plaintiff has failed to show good cause to compel production of Adfam documents or communications relating to Defendants "intent, plan, desire, or wish" to keep Adelson's ownership of the RJ secret.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel further responses to Request 22 is Denied.

**Request 18**

Plaintiff's Request 18 seeks production of Adfam communications "with the Las Vegas Sands Corporation and/or its Representatives that concern or relate to the Review-Journal, News+Media, Orchid Flower LLC, the Sun, the Joint Operation, and/or the 2005 Amended JOA."

Adfam responds that it has already produced, or agreed to produce, documents related to the JOA from December 2015 to the present; communications between the Adelson family, Frank Vega, and Defendants' representatives about the "future of the Review-Journal's print operations;" and any documents related to the Review-Journal's financial projections from 2015 to present. I find the type of documents and communications described by Adfam above are appropriately discoverable and should be produced.

Adfam further contends that Plaintiff has failed to justify why it also needs production of the additional documents described in Request 18 and assails the Request as overbroad. Again, I agree Request 18 is overbroad and would seemingly encompass a wide variety of information having nothing

to do with the claims and defenses in this case. Unfortunately, the meet and confer efforts of the parties has failed to provide an agreeable resolution.

Plaintiff counters that the RJ's ties to the Sands is widely known, requiring a disclaimer in the RJ declaring that the Adelson family also owns the Sands. Further, Plaintiff argues that Sheldon Adelson was a founder, chairman, and CEO of the Sands, and that his son-in-law, Patrick Dumont, was an executive vice president and chief financial officer of the Sands, and that several employees of the Sands have played a role in "advising, working on, and overseeing RJ operational and accounting decisions." (Tr. of July 27, 2021, hearing at p. 127).

Having considered the foregoing arguments, I find first that the documents and communications Adfam has already agreed to produce are responsive to Request 18 and to the extent they have not already been produced, should be produced forthwith.

I also find that to the extent Adfam has possession or control of any additional documents or communications reflecting the involvement of Sands employees or members of management in the oversight of RJ operational and accounting decisions, such documents and communications should also be produced as responsive to Request 18. **IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that to the extent it has not already done so, Adfam shall produce not later than September 23, 2021, the documents and communications ordered above with respect to Request 18.

Dated this 23rd day of August 2021.

_____
Hon. Philip M. Pro (Ret.)
SPECIAL MASTER