UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants. | Case No. 2:19-CV-01667-GMN-VCF<br><br>**ORDER RE: PROTOCOL FOR RESOLVING DISCOVERY DISPUTES AND DEPOSITION SCHEDULING** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>LAS VEGAS SUN, INC. a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>Counterclaim Defendants. | |

On August 12, 2021, a hearing was conducted regarding Defendant's Motion for Clarification (Doc. 437) of Discovery Orders entered nine months earlier by Magistrate Judge Wexler. Finding that Judge Wexler's Orders of November 13, 2020, required neither "clarification" nor "confirmation," I commented on the apparent difficulty of the Parties in adhering to the document production standards of Rule 34 and prior discovery Orders pertaining to the production

1

of documents.

Finding that the 800 Requests for Production propounded by the Parties was excessive and, in some cases still unresolved, the Parties were Ordered to confer and "submit a proposed Joint Protocol for resolving the remaining disputes concerning outstanding Requests for Production of Documents." (Doc. 454).

On August 27, 2021, the Parties submitted their Joint Proposed Protocol (Doc. 464) which proposed the following three methods to accomplish the Order's objectives:

- Periodic status check hearings with the Special Master until the completion of the Parties' document production.
- Limitations on the service of additional Requests for Production of Documents; and
- Agreements on certain additional procedures applicable to future production of documents.

The Parties agreed on the details of some protocols. Where they could not agree, the Parties identified their competing proposals. Having considered the Joint Proposed Protocol submission of the Parties, and the representations made at the hearing conducted on September 7, 2021, the following Protocol for resolving disputes regarding outstanding Requests for Production of Documents and scheduling of depositions is hereby adopted:

1. **Status Conferences and Joint Status Reports.**

The Joint Proposed Protocol outlined by the Parties for requesting a Status Conference before the Special Master to address the status of document discovery and to ensure document production remains on schedule, is Approved. The Special Master will continue to schedule such status conferences as he deems necessary on any matter.

Any Motion for a Status Conference filed by a Party shall set forth the issue(s) to be addressed, the efforts made by the Parties to resolve the issue, the status of document discovery, whether any document-related disputes are in the briefing process, and whether the Parties otherwise remain on track to complete document discovery as Ordered or required by Rule.

Additionally, commencing November 1, 2021, the Parties shall file a Joint Status Report on the first Monday of each month identifying: (1) the status of document production not yet completed; (2) the status of depositions scheduled and those for which a witness has been designated but not yet scheduled

2. **Discovery Requests and Responses.**

   a. **Rule 34 Requests for Production of Documents.**

Plaintiff proposes that the Parties should be permitted to propound 30 additional Rule 34 Requests for Production and that thereafter, no additional Rule 34 Requests for Production may be propounded by either party except upon stipulation of the Parties or by leave of the Court[1] for noble cause shown.

Defendant's respond that because Plaintiff has already served 546 Rule 34 Requests and the Defendants have served 305 Requests, no additional Rule 34 Requests for Production of Documents should be permitted by any party except upon stipulation of the Parties or by leave of the Court for good cause shown.

As stated on the record at the hearing conducted September 7, 2021, I find that given the extensive number of Requests already propounded by the Parties, henceforth, no Party may propound additional Rule 34 Requests for Production except upon stipulation of the Parties, or upon leave of the Court for good cause shown.

Motions for leave to propound additional Rule 34 Requests shall be limited to five (5) pages and shall include a copy of the proposed Requests. Oppositions shall be limited to five (5) pages and must be filed within five (5) judicial days of the Motion. No replies will be allowed.

   b. **Discovery Responses.** The Federal Rules of Civil Procedure shall govern the response deadlines for written discovery under Rules 33, 34, and 36 unless otherwise agreed-to by the parties in writing or Ordered by the Court.

---

[1] For ease of reference and to allay confusion, the term "Ordered by the Court" or "leave of the Court," shall include Orders entered by the Special Master.

3. **Production of Documents.**

The protocol proposed jointly by the Parties regarding deadlines for producing documents requested is approved as follows:

Absent a Stipulation of the Parties, or leave of Court, the responding party shall produce documents within 45 days of the earliest of the following: (i) service of responses to Rule 34 Requests wherein the responding party agreed to produce documents, (ii) entry of an Order by the Court requiring the party to produce documents in response to Rule 34 Requests by a specified date, (iii) the date of a Meet and Confer during which the party agreed to produce documents, or (iv) the date of any letter sent by either party agreeing to produce documents by a specified date. The Parties may make agreements under provisions (iii) and (iv) that are conditioned on production timing other than 45 days from the date of the agreement, where the agreement would otherwise present undue burden such that the Producing Party would not otherwise make the agreement on a 45-day schedule.

a. **Correspondence Accompanying Document Productions.** Every production of documents shall include a cover or transmittal letter or note that specifies the purpose/source of the production to orient the Receiving Party as to the purpose of the production (*e.g.*, if the production corresponds with a particular discovery set, the Producing Party will indicate the discovery set for which the production is made).

b. **Document Productions on Behalf of Third Parties.**

If counsel for the Parties is also engaged to represent a third party, documents produced for such third party must be separately identified, consistent with § 3(a) *supra*, and marked with a unique Bates stamp that indicates the documents are produced by a third-party.

c. **Extensions and Supplemental Productions.**

The Parties shall endeavor to make a complete production within the deadlines set forth above. If the Producing Party is unable to make a complete production within the that time period, the Producing Party is to notify the Receiving Party as soon as practicable after undertaking diligent searches and review of responsive documents. The Producing Party is to identify in writing what further efforts are necessary to complete the production and propose a reasonable time in which the

production will be complete. If the receiving party does not, in good faith, believe the additional time proposed is reasonable, it shall inform the producing party of its position, and the Producing Party may then request additional time from the Special Master.

    4.    **<u>Meet and Confer Conferences</u>**.

Rule 37(a) of the Federal Rules of Civil Procedure requires that motions to compel discovery must include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Although the Rules prescribe no specific procedure to be followed for such conferences, in the Joint Proposed Protocol submitted, both Parties recognize the futility of "protracted letter exchanges" as a "meet and confer" method of resolving discovery disputes.

Plaintiff proposes instead that detailed "presumptive deadlines and schedules" be established for meet and confer letters and for meet and confer conferences to ensure an orderly meet and confer process and reduce unreasonable delay. Defendants respond that removing reasonableness and flexibility from the process in favor of the rigid deadlines proposed by Plaintiff would likely compound the meet and confer process.

Given the history of protracted discovery disputes witnessed in this case, I find that the remainder of the discovery phase of this case would benefit from the establishment of limited guidelines for the meet and confer process as a predicate to the filing of a motion to compel discovery.

Rather than mandating regular bi-weekly conferences between Counsel, when a Party seeks to initiate a meet and confer conference to discuss a discovery dispute, they shall advise the opposing Party of the specific topics related to the subject discovery dispute, including that Party's proposal for resolving the dispute. The Party receiving the meet and confer proposal shall thereafter have 7 days within which to provide a detailed response setting forth its position on the topics raised. Unless otherwise stipulated by the Parties, the meet and confer conference shall occur within 7 days thereafter. The foregoing guidelines are intended to ensure that discovery disputes which the

Parties are unable to resolve after good faith effort, will be placed promptly before the Court for resolution.

### 5. **Depositions.**

Although the scheduling of depositions is not within the scope of document production, Plaintiff has also proposed a deposition scheduling protocol in the Parties' Joint submission. Defendants respond that no protocol is necessary for depositions and that the Parties can work together in good faith to work out scheduling without the need for the "formalistic" proposal offer by Plaintiff. However, given the frequent discovery disputes experienced in this case with respect to document production, and the discussions had at the hearing conducted on September 7, 2021, I conclude that a protocol for scheduling of deposition is appropriate.

Under the Amended Joint Discovery Plan and Scheduling Order (Doc. 393), the deadline for completing fact discovery is April 22, 2022. No depositions have occurred to date and the Parties now have less than seven months to complete all non-expert discovery. At the hearing conducted on September 7, 2021, the Parties also expressed some disagreement regarding the number of depositions of fact witnesses each side should be permitted to take. Plaintiff states it may seek to take twenty depositions. Defendants respond that ten depositions are the norm under the Rules.

Rule 30 of the Federal Rules of Civil Procedure governs depositions by oral examination. Fed. R. Civ. P. 30(a)(2)(A) provides that absent a stipulation of the parties, leave of the Court must be obtained by a party seeking to take more than ten depositions. Given the complexity of this case, the additional fact that no depositions have been conducted by the Parties to date, and to alleviate the need for repetitive motions to take additional depositions, Plaintiff and Counter Defendants, collectively, and Defendants/Counterclaimant, collectively, are granted leave to take a maximum of twelve fact depositions. Additional fact depositions may be taken only with leave of the Court or on stipulation of the Parties.

Unless otherwise stipulated by the Parties or Order of the Court, each deposition shall take place in person with counsel taking and defending the deposition physically present with the witness. Other Counsel and Parties may attend the deposition via an electronic communications

platform agreed upon by the Parties. The duration of each deposition will comply with the provisions of Fed. R. Civ. P. 30 (d)(1).

Although at the September 7, 2021, hearing I expressed some skepticism regarding the need for a formal protocol for scheduling depositions, upon reflection I conclude some additional parameters should be established. Therefore, on or before October 14, 2021, the Parties shall identify the first five witness they wish to depose, and three dates on which they would be available to depose them. On or before October 22, 2021, the responding Party shall advise whether the witnesses identified are available on the dates proposed. If not, the responding Party shall reply with three alternative dates on which the witness would be available for deposition. If despite their good faith efforts, the Parties are unable to establish a mutually agreeable schedule for the depositions of the witnesses reciprocally identified, Counsel shall promptly seek a hearing before the undersigned Special Master to resolve the issue.

Finally, as stated at the hearing conducted September 7, 2021, the Parties are encouraged to contact the undersigned Special Master through JAMS Case Manager, Scott Parreno, to address unforeseen issues that develop during the course of a deposition which the Parties are unable to resolve by stipulation. Counsel may object to questions posed to a witness, but the witness should thereafter answer the question subject to the objection. No witness should be instructed not to answer a question except upon grounds of privilege or work product protection.

6. **Protective Order Designation Disputes.**

For the reasons set forth by Defendants at pages 9 and 10 of the Proposed Joint Protocol filed August 27, 2021, Plaintiff's request for a protocol regarding Protective Order Designation Disputes is denied without prejudice to renew by appropriate Motion.

Dated: October 4, 2021

_____

Hon. Philip M. Pro (Ret.)
Special Master