UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>　　　　　Defendants. | 2:19-cv-01667-GMN-VCF<br><br>**ORDER RE: MOTION TO COMPEL SUN RESPONSES TO REVIEW-JOURNAL'S FIRST SET OF REQUESTS FOR PRODUCTION (DOC. 467)** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>　　　　　Defendants. | |

On September 7, 2021, Defendants and Counterclaimant Las Vegas Review-Journal ("RJ") filed a Motion to Compel Las Vegas Sun, Inc. ("Sun") to Respond to Las Vegas Review Journal, Inc.'s First Set of Counterclaim Requests for Production and Defendants' First Set of Requests for Production propounded on May 6, 2020. (Docs. 467, 468, and 470).

Following initial briefing, a hearing on the Motion was conducted on October 12, 2021. In accord with Orders made at the hearing, on October 22, 2021, the RJ filed a supplemental Notice of Proposed Search Terms (Doc. 491), and on November 5, 2021, the Sun filed a Supplemental Opposition to the RJ's Motion to Compel, accompanied by a binder of 25 exhibits. (Doc. 496). Finally, on November 10, 2021, the RJ filed a Reply to the Sun's Supplemental Opposition. Doc. 504). The Motion is now ripe for decision.

By the instant Motion, the RJ seeks to overrule the Sun's objections to specific Requests for Production of Documents ("RFPs"), and to compel further production of the following three categories of documents and communications in possession of the Sun to the extent they have not been previously produced:

1. Production of all withheld communications and documents "relating to Jason Taylor" from 2014 to date which were requested in the RJ's First Set of RFPs 17 and 18. Additionally, the RJ seeks to augment the search terms used to locate responsive documents to include the terms set forth in the RJ's Notice of Search Terms filed October 22, 2021 (Doc. 491).

2. Production of all withheld responsive documents to RFPs 184, 260, 261, 264, and 265 "relating to the competition between the Sun and the RJ or other media products or services."

3. Production of "complete, unredacted financial records for its wholly owned subsidiary Greenspun Interactive LLC" in response to RFPs 267 through 272.

Having considered the arguments of the Parties set forth in the Motion briefs, at the hearing conducted October 12th, and in the supplemental filings by the Parties on October 22, November 5, and November 10, the following findings and Orders are hereby entered:

**I.      RFPs 17 and 18 relating to Jason Taylor.**

Requests 17 and 18 seek production respectively of "all communications" and "all documents" between the Sun and Jason Taylor from 2014 to present. Sun objected to both Requests on the general ground that use of the indefinite adjective, "all," renders the Requests unduly burdensome and overbroad. Sun further contends the Requests do not distinguish between relevant and irrelevant materials and would potentially encompass information subject to the attorney-client privilege or protected by the work product doctrine. Without waiving those objections, the Sun further responds that it produced non-privileged documents on July 22, 2020, in response to the RJ's First Set of Requests for Production of Documents propounded on May 6, 2020.

The RJ responds that such a generalized objection violates Fed. R. Civ. P. 34(b)(2)(C), which requires that an objection to production of a document "must state whether any responsive materials are being withheld on the basis of that objection." At the hearing conducted October 12, 2021, the RJ argued that simply searching the Sun database using the words "Jason Taylor," and also the term "RJ" or "Review-Journal," without more, was inadequate. The RJ asserts that the Sun produced only a few dozen documents and communications in response to the original Requests.

At the October 12th hearing, the RJ argued that the search for documents and communications between the Sun and Jason Taylor should have included the terms, "Jason" or "Taylor," "JOA," "Joint Operating Agreement," "monopolization" or "monopoly," "Adelson," "Patrick," "dinner," "lunch," "coffee," and "breakfast" among other things.

In response, the Sun argued that it has produced approximately 250 documents and communications between the Sun and Jason Taylor; that none were withheld on the grounds of the attorney client privilege or under the work product doctrine; and also, a copy the transcript of Taylor's testimony from a prior arbitration between the Parties. The Sun argued that Rule 34 does not require it to identify or log each document it has withheld. The Sun, however, was unable to specify what types of documents had been withheld beyond those relating to a dinner invitation to Taylor from Brian Greenspun pertaining to a gala, and communications between Taylor and GateHouse regarding a business venture unrelated to the RJ or the Sun, both of which the Sun contends are not relevant to the issues in this case.

At the close of the October 12th hearing, the RJ was directed to file a Supplemental Memorandum providing notice of Search Terms it proposed the Sun utilize in further responding to RFPs 17 and 18. The Sun also was directed to file a Supplement to its Opposition to specify the number of documents withheld from production by the Sun and categorized by subject. The RJ filed its Supplemental Memorandum on October 22, 2021, and the Sun filed its Supplemental Memorandum on November 5, 2021. (Docs. 491 and 496, respectively). The RJ also filed a Supplemental Reply on November 10, 2021, setting forth further argument as to why it contends the Sun should be compelled to produce each of the 576 documents identified in the Sun's Supplemental Opposition, and why the Sun should be compelled to run the additional searches using the "search terms" proposed in the RJ's Supplemental Notice. (Doc. 504).

Although the Joint Status Report regarding discovery submitted by the Parties on November 1, 2021, (Doc. 493), does not identify the date scheduled for the deposition of Jason Taylor, it is clear Taylor will be deposed in the near future. The instant discovery dispute relating to Taylor has been ongoing for over a year and requires a final resolution.

IT IS THEREFORE ORDERED that the RJ's Motion to Compel further responses to RFPs 17 and 18 is Granted to the extent that from the 576 documents and communications identified in the Sun's

Supplemental Opposition filed on November 5, 2021, regarding withheld materials, the Sun shall produce the following on or before December 2, 2021:

>Category 3 (7 documents)
>
>Category 5 (3 documents)
>
>Category 6 (7 documents)
>
>Category 7 (14 documents)
>
>Category 8 (54 documents)
>
>Category 9 (4 documents)
>
>Category 11 (3 documents)
>
>Category 14 (90 documents)
>
>Category 17 (1 document).

IT IS FURTHER ORDERED that the RJs Motion to Compel further production of documents or communications, or to compel additional searches using additional search terms is Denied.

**II.     RFPs 184, 260, 261, 264, and 265 relating to competition.**

The five RFPs at issue seek "documents and communications relating to competition or rivalry, including but not limited to commercial, economic, reportorial, or editorial, between the Sun and RJ," and which "discuss, describe, or refer to competition or rivalry between any GMG print publication and the RJ"; "between GMG digital publications and the RJ"; "between the Sun and any other media product or service, including but not limited to local newspapers, regional newspapers, national newspapers, television news, and online news"; or "between the joint printed product of the RJ and the Sun and any other media product or service,…"

The RJ asserts the material requested is necessary to establish the "appropriate relevant market" which the Sun must prove in support of its Sherman Act claim. The RJ further argues that although the Sun alleges the "relevant market is the market for the sale of local daily print newspapers in Clark County," the appropriate relevant market should include "other media products and services that compete with print newspaper, such as websites, mobile news applications, TV news, radio stations, and satellite radio."

The Sun responds that the RJ's requests are overbroad and seek irrelevant material as to the Sun's Sherman Act claim, and that the Court has already ruled are outside the scope of discovery. (Doc. 476, Ex. 4). Therefore, the Sun argues that it has properly limited its production to documents or communications relating to competition between the Sun and RJ for readership of print newspapers. The Sun reiterated its position at the hearing conducted October 12, 2021, wherein counsel for the Sun stated that "the only damages claimed are for the Sun print newspaper." (See October 12 hearing transcript at p. 62).

Based on the arguments advanced by the Parties on the briefs and at the October 12th hearing, I find that the RJ has failed to show justification for the expanded scope of discovery sought by RFPs 184, 260, 261, 264 and 265.

IT IS THEREFORE ORDERED that the RJ's Motion to Compel (Doc. 467) is Denied with respect to those specified RFPs.

III.   **RFPs 267 – 272 relating to Unredacted Financial Statements.**

By these six RFPs, the Sun seeks to compel unredacted versions of financial documents relating to the Sun, including its subsidiaries and website, and the Greenspun Media Group ("GMG").

The Sun objects on the ground that Magistrate Judge Weksler has previously denied similar requests because the only claim for damages asserted by the Sun in this case is for damage to the Sun

newspaper. The Sun responds that it has produced the financial records relating to the Sun newspaper and has redacted only references to entities that do not relate to the Sun newspaper.

In its Response filed September 21, 2021, the Sun provided a description of the type of financial information it produced in response to the RFPs at issue. (Doc. 475, p. 9, l. 1, - p. 10, l. 3). I find that the RJ has failed to show good cause to compel the additional production requested.

IT IS THEREFORE ORDERED that the RJ's Motion to Compel (Doc. 467) is Denied with respect to RFPs 267-272.

Dated this 17th day of November 2021.

_____
Hon. Philip M. Pro (Ret.)
SPECIAL MASTER