**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants. | 2:19-cv-01667-GMN-VCF<br><br>**ORDER RE PLAINTIFF & COUNTERDEFENDANT'S MOTION FOR PROTECTIVE ORDER**<br><br>**(DOC. 520)** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>Defendants. | |

On January 4, 2022, Counsel appeared before the undersigned Special Master to present argument on Plaintiff Las Vegas Sun, Inc.("Sun"), and Counterdefendants Brian Greenspun and Greenspun Media

1

Group, LLC's ("GMG") fully briefed Motion for a Protective Order Regarding Defendants' FRCP 30(b)(6) Deposition.

On October 14, 2021, Defendant and Countreclaimant Las Vegas Review-Journal, Inc. ("RJ"), notified Sun of its intent to take a deposition of the Sun's Rule 30(b)(6) designee on a variety of topics. The Sun objected to many of the topics specified and a series of "meet and confer" efforts ensued in an attempt to narrow the scope of the deposition. A formal Notice of Rule 30(b)(6) Deposition served on the Sun by the RJ on November 4, 2021, enumerated 36 Topics to be addressed at the deposition. Further efforts by the Parties to resolve Sun's objections to several of those topics were unsuccessful as to five (5) topics now placed at issue by the instant Motion for Protective Order.

Having considered the arguments of Counsel presented on the briefs and at the hearing conducted January 4, 2022, the following Orders are hereby entered with regard to Topics 4(a), 9, 22, 34, and 35:

**Topics 9 and 22**:

Topic 9 seeks testimony regarding the Sun's disputes with prior owners of the RJ (Donrey, Stephens, and Gatehouse) concerning the 2005 JOA including, but not limited to, the Sun's claims of improper accounting by the prior or current owners of the RJ.

Topic 22 seeks testimony regarding the sale or possible sale of the Sun (or any ownership interest in the Sun) to any person, or any offers to buy the Sun (or any interest in the Sun).

As argued by Sun, these Topics seek testimony on subjects previously found to be irrelevant to the issues raised by the pleadings in this case. The fact that the RJ now seeks such information from a different source does not call for a different result. Therefore, Sun's Motion for Protective Order as to Topics 9 and 22 is Granted.

**Topics 4(a), 34, and 35:**

Topic 4(a) seeks testimony regarding the RJ's alleged breaches of the 2005 JOA including, but not limited to: a. the Sun's claims of improper accounting by the RJ and how this harmed the Sun.

The Sun objects to this topic only to the extent the RJ seeks discovery to relitigate the final and affirmed judgment against the RJ in the pending state court action regarding the 2019 Arbitration between the Parties.

Topic 34 seeks testimony regarding the Sun's audits of the RJ under the 2005 JOA, including but not limited to those conducted by McGladrey (now RSM) for 2006-2009.

The Sun responds that it will produce a Rule 30(b)(6) witness to testify concerning the Sun's attempted audits under the RJ's current ownership, the Sun's audit rights, and the RJ's current ownership's efforts to prevent the Sun from exercising its audit rights.

Topic 35 seeks testimony regarding the hiring of Elizabeth Cain and the work she has done for the Sun/GMG including, but not limited to, the scope of her engagement, her compensation, her job duties, her advice, and her emails and documents provided to the Sun/GMG.

The Sun responds it will prepare a witness to testify as to the hiring of Elizabeth Cain and the work she has done for the Sun related to the JOA but reserves all rights to object to questioning on the basis of privilege and other applicable protections.

The common theme of the Sun's objections to these three Topics is its argument that the RJ seeks to collaterally attack or relitigate the 2019 Arbitration proceedings which have been affirmed by the State Courts of Nevada.

The RJ responds that the Topics at issue are not an attempt to obtain discovery to collaterally attack the 2019 arbitration proceeding. The RJ acknowledges that the Sun prevailed in that proceeding when the State District Court confirmed the Arbitrators finding that editorial and promotional expenses could not

be deducted from EBITDA when calculating the Sun's profits payments, and the Nevada Supreme Court affirmed. As stated by counsel for the RJ, "We're not attacking that ruling. The RJ has already paid the judgment, and nobody's trying to go back and re-litigate that." (Tr. p. 66).

Instead, the RJ argues the focus of the discovery sought by Topic 4(a), is to allow the RJ to defend the claims pled by the Sun in this case that the RJ's improper charging of editorial and promotional expenses to the JOA was an abuse of market power and an overt act as part of the RJ's anticompetitive scheme to monopolize the relevant market.

To the extent the Rule 30(b)(6) Witness's testimony is limited to the Sun's allegations of improper accounting by the current ownership of the RJ since December 2015, the fact that the same information could arguably be used to collaterally attack a prior arbitration award does not insulate it from discovery where, as here, it is facially relevant to the Sun's allegations. The trial court will determine the preclusive effect and any other issues relating to the 2019 arbitration if and when the Parties raise them. Therefore, the Sun's Motion for Protective Order with respect to Topic 4(a) is Denied except to the extent that the scope of testimony under that Topic shall be limited temporally as set forth above.

With respect to Topic 34, the RJ argues they need to examine the Rule 30(b)(6) Witness on the subject of the Sun's audits of the RJ since the inception of the JOA in 2005 because prior to the current owner's acquisition of the RJ in December 2015, the Sun never complained the RJ's accounting methods were abusive, predatory, or anticompetitive as they do now.

The Sun replies that the RJ already has all the prior audit documents, but that none of them were completed. Thus, the Sun argues it did not waive any part of its claims with respect to expenses and accounting methods because it never had enough information to complete the prior audits.

I find the RJ has failed to show that examination of the Rule 30(b)(6) Witness regarding audits conducted by the Sun of the accounting practices of owners of the RJ prior to December 2015 are likely

to yield evidence relevant to the claims and defenses in this case. Therefore, the Sun's Motion for Protective Order with respect to Topic 34 is Granted with regard to the Sun's audits of the RJ prior to December 2015.

Finally, having considered the arguments of the Parties with respect to Topic 35, I find the Sun's Motion for Protective Order should be Granted to the extent that the RJ's examination of the Sun's Rule 35(b)(6) Witness regarding the hiring of Elizabeth Cain and the work she has done for the Sun related to the JOA, shall not extend to work she has performed for GMG or other non-Sun entities or publications.

IT IS SO ORDERED.

Dated January 21, 2022.

_____
Hon. Philip M. Pro (Ret.)
SPECIAL MASTER