# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

LAS VEGAS SUN, INC.,

                   Plaintiff,

vs.

SHELDON ADELSON, *et al*.,

                   Defendants.

Case No. 2:19-cv-01667-GMN-VCF

**ORDER**

DEFENDANTS' OBJECTION TO THE SPECIAL MASTER'S SUPPLEMENTAL ORDER (ECF NO. 490); DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS OBJECTION (ECF NO. 494)

Defendants filed an objection to the Special Master's supplemental order regarding their motion to compel the production of Elisabeth Cain's documents and they filed a motion for leave to file a reply in support of their objection. ECF Nos. 490 (citing to 489) and 494. I overrule the defendants' objection (ECF No. 490). I grant their motion for leave to file a reply in support of their objection. (ECF No. 494).

## I.     Background

On August 4, 2021, the Special Master, the Honorable Philip M. Pro, provided a thorough factual and procedural background of the instant discovery issues, which I incorporate by reference here. ECF No. 453. His order also detailed what the record reflects regarding Elizabeth Cain's work for Greenspun Media Group (plaintiff Sun's parent company) since June 2014. *Id.* at 2. Special Master Pro ordered the:

> Plaintiff to submit a representative sampling of thirty (30) of the 383 withheld documents under seal for in camera review. The sampling shall include documents or communications between Elizabeth Cain and each of the other individuals identified in

the Privilege Log who were not an attorney representing Plaintiff or Ms. Cain and shall include documents described in the Log as "Communications made in furtherance of communications with counsel" for the various purposes set forth in the Description section of the Log.

Special Master Pro held multiple hearings on these issues. I reviewed the transcripts on the docket and I incorporate them by reference. At one of the hearings, the defendants asked how the plaintiffs would select the thirty documents.. ECF No. 492-2 at 7-8. Plaintiff's counsel answered:

> MS. SCOTT: So I understand counsel's concern. And so we've taken your order, and we will approach this from a methodical, nonsubconscious bias basis. So we've organized the privilege log chronologically and taken a look at all the different custodians and how many entries there are with each one, so we can actually have a representative sample and from the relevant different time periods.
>
> SPECIAL MASTER PRO: So you've done the statistical work for me.
>
> MS. SCOTT: Yeah.

*Id.* at 8-9.

On August 27, 2021, the Special Master supplemented his order following his in-camera review of the sample of thirty documents from the "Elizabeth Cain Supplemental Redaction and Privilege Logs." ECF No. 489. Special Master Pro found that, "[h]aving completed the review of the Cain documents submitted, I find they are sufficiently representative and, therefore, find it unnecessary to review all 383 documents and communications in camera…I find that the assertions of privilege and/or work product protection asserted by Plaintiff and reflected in the Cain Privilege Log are appropriate under Fed. R. Civ. P. 26(b)(3) and (b)(4)." *Id.* at 5-6.

The defendants argue in their objection to the supplemental order that the plaintiff "cherry picked" documents and Special Master Pro erred in his "conclusion that Ms. Cain's communications with the Sun's nonattorney (sic) employees are exempt from discovery as 'general work product[.]'"

ECF No. 490 at 16-17. The defendants further argue that Cain waived any conceivable work product

protection privilege. *Id.* at 17. They also argue that Cain's documents do not fall within the protections

for expert work product. *Id.* at 19.

The plaintiff argues that the defendants improperly seek discovery to attack the 2016 and 2019

arbitrations. ECF No. 492 at 3. The plaintiff also argues that "Cain's documents are properly protected

under the expert privilege, the attorney-client privilege, and the attorney-work product doctrine." *Id.* The

plaintiff argues that there is no waiver and Cain has not been identified as an expert in this case. *Id.* at 4.

The defendants argue in their proposed reply that "the Special Master did not find that any of

the documents submitted in camera contained legal advice." ECF No. 495 at 5. The defendants also

argue that any privilege or work product protections that could have protected Cain's documents have

been waived because she testified about those topics in two arbitrations. *Id.* The defendants argue that

"the Special Master's order should be vacated." *Id.*

## II.    Analysis

Federal Rule of Civil Procedure provides that the Court must review a Special Master's

conclusions of law and factual findings de novo. Fed. R. Civ. P. 53(f)(3)– (4). "The Special Master's

discovery rulings and recommendations are inextricably intertwined with conclusions of fact and law

and so are reviewed de novo." *Hernandez v. Lynch*, 2019 WL 6998774, at 2 (C.D. Cal. Jun. 18, 2019)

(collecting cases). Under the de novo standard, the Court decides "the matter anew," as if no prior

decision had been rendered. *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). "Rules

26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of

the form in which the draft is recorded." Fed. R. Civ. P. 26(b)(4)(B). Work product consists of

"documents and tangible things that are prepared in anticipation of litigation or for trial by or for another

party or its representative." Fed. R. Civ. P. 26(b)(3)(A).

I read and considered the defendants' proposed reply, so I grant defendants' motion to file a reply to the objection. I also received the thirty documents that Special Master Pro reviewed under seal in camera. I have reviewed the record, the transcripts of the hearings on the docket, and the sealed in camera submissions. Defendants' argument, that the Sun "cherry picked" the documents, is not consistent with this record. Special Master Pro, after a hearing, ordered the plaintiff to submit a "representative sampling" with exact specifications regarding what to include in the sampling. I conclude plaintiff complied with the Special Master's order.

Upon de novo review, I agree with the Special Master. The Cain documents are sufficiently representative, and thus it is unnecessary to review all 383 documents. I also agree with the Special Master that the assertions of privilege and/or work product protection, asserted by plaintiff and reflected in the Cain Privilege Log, are appropriate under Fed. R. Civ. P. 26(b)(3) and (b)(4). Neither the Sun nor Cain has waived any of the privileges available to them as a result of her testimony in previous arbitrations. The Sun has not identified Cain as an expert witness who will testify in this action. The privileges at issue here have not been waived. Since I find that these documents are protected, I do not address any remaining arguments raised by both parties.

ACCORDINGLY,

I ORDER that the defendants' objection (ECF No. 490) is OVERRULED.

I FURTHER ORDER that the defendants' motion for leave to file a reply in support of their objection (ECF No. 494) is GRANTED.

IT IS SO ORDERED.

DATED this 1st day of February 2022.

_____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4