**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants. | 2:19-cv-01667-GMN-VCF<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO RFP 285 (DOC. 497)** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>Defendants. | |

On November 18, 2021, Plaintiff ("Sun") filed a Motion to Compel Production of Documents in Response to Request No. 285 of Plaintiffs Requests for Production of Documents served seventeen months earlier on June 23, 2020. (Doc. 497). The Motion is fully briefed and on January 10, 2022, a hearing was conducted via Zoom.

Request No. 285 states as follows:

> To the extent not already produced, produce all documents, including communications, in Your possession, custody, or control concerning or relating to readership data reflecting newspaper reader behaviors and preferences.

In their response served July 23, 2020, Defendant ("Review Journal" or "RJ") objected that the Request was "overbroad," "vague and ambiguous in scope," "encompasses matters that are irrelevant," seeks documents protected by privilege or the work product doctrine and is disproportional. Subject to those objections, the RJ agreed to produce:

> All studies, analyses, and reports that compare the Review-Journal and Sun Newspapers, as well as all circulation surveys relating to soliciting new subscribers and maintaining/servicing existing subscribers, prepared from December 10, 2015, to present that are in Defendants' possession, custody, or control and can be located following a reasonably diligent search, and subject to the terms of the protective order entered by the Court on July 6, 2020.

Five months after receiving the RJ's Response, the Sun moved to compel a more complete production by the RJ for Request No. 285 as part of an Omnibus Motion filed on December 22, 2020. (Doc. 281). On March 18, 2021, the Court entered an Order (Doc. 369) denying the Sun's Omnibus Motion without prejudice and with instructions to the Parties to meet and confer to develop a plan to resolve the issues raised. These efforts were unsuccessful, and eight months later the instant renewed Motion to Compel was filed.

The Sun contends that the RJ's response to Request No. 285 improperly limits its production to documents involving on the Sun and RJ newspapers and excludes the same types of documents related to other newspapers. The Sun further contends that the RJ's response fails to include "communications" associated with the documents RJ agrees to produce and other communications about newspaper reader behaviors and preferences. The Sun argues the information requested is relevant to the Sun's antitrust claims "regarding market definition, market power, and the rationale for the RJ's challenged conduct."

In its Opposition filed November 22, 2021, the RJ responds that the Request No. 285 is "wildly overbroad" and calls for communications touching on the core business of any newspaper such as gathering, interpreting, and using readership data to inform content, advertisements, and business strategy. The RJ contends gathering such information would require it to review over 100,000 documents from the RJ's sales, marketing, circulation, and editorial departments and would consume over 2,200 hours of attorney time. The RJ further argues that relevant documents relating to reader preferences have already been produced in response to many of the Sun's other requests.[1]

In reply, the Sun asserts that Request No. 285 dose not duplicate other requests served on the RJ and that the Sun is entitled to know how the RJ interpreted the readership data detailing newspaper reader behaviors and preferences for the reasons stated above and additionally as evidence regarding the RJ's claim that the quality of the Sun newspaper is of deficient quality.

The current dispute concerning Request No. 285 illustrates the disproportionate use of Rule 34 Requests for Production of Documents and Communications which informed my Order of August 13, 2021, wherein I found that the more than 800 Rule 34 Requests exchanged by the Parties was excessive. (Doc. 454).

The question is not whether evidence concerning market definition and market power, or the quality of the newspapers, or claims and counterclaims alleged by the Parties are relevant. They are and

---

[1] See RJ Opposition, Doc. 506 at p. 2, lines 4-19.

have been the subject of numerous Rule 34 requests. They will undoubtedly be the subject of considerable deposition discovery yet to be conducted by the Parties. The issue presented here, however, is whether the information sought by the remaining component of Request No. 285, beyond that which the RJ has either produced already or agreed to produce, and the burden which must be undertaken by the RJ to determine whether the RJ possesses additional responsive information, renders the Request disproportional under Rule 26(b)(1). On the recorded adduced and reflected in the transcript of the hearing conducted on January 10, 2022, I find it does.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Production of additional Documents in Response to Request No. 285 is denied.

Dated this 2nd day of February 2022.

_____
  Hon. Philip M. Pro (Ret.)
  SPECIAL MASTER