# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants. | 2:19-cv-01667-GMN-VCF<br><br><br>**ORDER RE PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES 14 & 15** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>Defendants. | |

On November 9, 2021, Plaintiff ("Sun") filed a Motion to Compel Defendants ("RJ") to Respond to Interrogatories 14 and 15 of Plaintiff's First Set of Interrogatories served December 1, 2020. The Motion is fully briefed, and  oral arguments were heard on January 10, 2021.

Interrogatory 14 states as follows:

> Identify each and every one of the promotions of the Review-Journal that did not include mention of the Sun in equal prominence, and the value of each and every one of those promotions charged to the Joint Operation (including the dollar, barter, or trade value amount), for each year from December 10, 2015.

Interrogatory 15 states as follows:

> Identify each and every one of the promotions of the Review-Journal that included mention of the Sun in equal prominence, and the value of each and every one of those promotions charged to the Joint Operation (including the dollar, barter, or trade value amount), for each year from December 10, 2015, to present.

In their Answers to Interrogatories 14 and 15 served on March 19, 2021, Defendants raise a series of objections including the assertion that the interrogatories are grounded in a definitional fallacy because there is no "combined operation" of the Sun and RJ, and that they are compound, overbroad, irrelevant, burdensome, call for an expert opinion, and seek information that is subject to the attorney-client privilege or work product protection.

Subject to those objections, Defendants respond that on February 19, 2021, they proposed the Parties mutually develop a protocol for conducting a statistically reliable random sample of promotional materials and expenses which would allow for a substantive response without attempting to respond to the interrogatories as written. The Sun argues that notwithstanding the lengthy meet and confer process chronicled in the Sun's Motion.

Thereafter, the RJ proposed the following stipulation:

1. There will be an initial presumption that all promotional expenses charged to the JOA from December 10, 2015, to present do not mention the Sun;

2.  The RJ will assume the burden of rebutting that presumption by providing a verified interrogatory response (and producing the supporting documentation) showing that a particular promotional expense was tied to a promotion that either (a) mentioned the Sun as required by the JOA, or (b) is not the type of promotional expense that is required to mention the Sun under the JOA; and

3.  The Sun reserves the right to challenge any evidence proffered by the RJ to rebut that presumption.

The RJ contends that the foregoing stipulation fairly alleviates the enormous burden of responding to the Sun's overbroad interrogatories by shifting the burden of proof on the promotional expense issue from the Sun to the RJ.

The discovery rules, though given broad and liberal treatment, are not without reasonable limits. I find the stipulation proposed by the RJ affords a fair balance and reasonable resolution of what the record shows would otherwise be an unreasonable and disproportional burden on the RJ to search for "all" information which might be responsive. *Lopez v. United States,* 2017 WL 1062581, at *4; *In Re MGM Mirage Sec. Litig.,* 2014 WL 6675732, at *2 (D. Nev. Nov. 25, 2014).

I find that the burden shifting stipulation proposed by the RJ strikes the appropriate balance with respect to Interrogatories 14 and 15. The RJ shall provide the verified interrogatory responses and produce the supporting documentation referenced in paragraph 2 of the stipulation within thirty-days of the date of this Order.

IT IS SO ORDERED.

Dated this 7th day of February 2022.

_____

Hon. Philip M. Pro (Ret.)
SPECIAL MASTER