E. LEIF REID, Nevada Bar No. 5750
KRISTEN L. MARTINI, Nevada Bar No. 11272
MARLA J. HUDGENS, Nevada Bar No. 11098
NICOLE SCOTT, Nevada Bar No. 13757
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, Nevada 89501-2128
Tel:   775.823.2900
Fax:   775.823.2929
Email: lreid@lewisroca.com
       kmartini@lewisroca.com
       mhudgens@lewisroca.com
       nscott@lewisroca.com

JOSEPH M. ALIOTO, *PRO HAC VICE*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104
Tel: 415.434.8900
Fax: 415.434.9200
Email: jmalioto@aliotolaw.com

JAMES J. PISANELLI, Nevada Bar No. 4027
TODD L. BICE, Nevada Bar No. 4534
JORDAN T. SMITH, Nevada Bar No. 12097
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Email:  JJP@pisanellibice.com
        TLB@pisanellibice.com
        JTS@pisanellibice.com

*Attorneys for Plaintiff/Counterdefendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants. | Case No. 2:19-CV-01667-GMN-VCF<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT [ECF NOS. 537/FUS 539]** |

i

116776844.1

LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,

                Counterclaimant,

    v.

LAS VEGAS SUN, INC. a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,

                Counterclaim Defendants.

## I.     INTRODUCTION

In its Opposition, the RJ only challenges two of the relevant factors necessary to a Rule 15(a) analysis—futility and bad faith. The RJ ignores the other factors, including prejudice, which is the "touchstone" inquiry and most heavily weighed factor. The RJ's failure to address all of the relevant factors demonstrates that the RJ cannot carry its heavy burden of showing that leave to amend should be denied. Its arguments related to futility and bad faith do not satisfy the showing necessary to deny the Sun's request for leave to amend.

## II.     THE SUN'S PROPOSED SECTION 1 CLAIM AND PRESERVATION OF PREVIOUSLY DISMISSED CLAIMS ARE NOT FUTILE

The RJ argues that the Sun's proposed-in-the-alternative Sixth Claim for Relief for violation of Section 1 of the Sherman Act ("Section 1 claim") is futile because it "reallege[s] its prior, dismissed conspiracy to monopolize claim" and is barred by this Court's November 30, 2020, ruling applying the *Copperweld* doctrine ("November 2020 Order"). ECF No. 564 at 11-13. But this is not true. The Sun's proposed amendment adds a new entity as a party-defendant, Adfam, and a new claim for relief under Section 1, neither of which were before considered by the Court. New party Adfam changes the conspiracy landscape and, despite the RJ's arguments otherwise, the Sun has properly plead its Section 1 claim in the alternative. The RJ's reliance on the November 2020 Order is therefore misplaced. The RJ's half-hearted criticism that the Sun's previously dismissed claims cannot remain in the amended complaint—despite the explicit demarcation for appellate preservation purposes only—is equally unsupported. For these reasons, further explained below, the RJ's futility arguments are meritless.[1]

### A.     Neither the Court's November 2020 Order Nor the *Copperweld* Doctrine Bar the Sun's Section 1 Claim

According to the RJ, the Sun's proposed Section 1 claim was already barred by the Court's November 2020 Order that dismissed the Sun's Section 2 claim against Defendants Adelson,

---

[1] The RJ does not raise any futility argument for the Sun's other proposed amendments, including the addition of Adfam as a defendant for purposes of the Sun's Section 2 monopolization and attempted monopolization claims (First and Second Claim for Relief), or for violation of the Nevada Unfair Trade Practices Act (Fifth Claim for Relief), or under the alter ego theory of liability. *See* ECF No. 564. Consequently, the RJ necessarily concedes they are proper. *See Sanders v. Sodexo*, 2015 WL 4477697, at *4 (D. Nev. July 20, 2015).

1

116776844.1

Dumont, News+Media, and Review-Journal, Inc. ECF No. 564 at 11-13. However, the notable distinctions between the Sun's Complaint and the proposed amendment render the *Copperweld* doctrine rationale used by the Court inapplicable to the Sun's Section 1 claim.

Under the *Copperweld* doctrine, as explained by the Court, persons or entities that act as a single economic unit, such as a parent company and its wholly owned subsidiary or officers or employees of a single firm, cannot conspire with each other in furtherance of a Sherman Act conspiracy violation. ECF No. 243 at 17 (citing *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752 (1984) & *Vollrath Co. v. Sammi Corp.*, 9 F.3d 1455, 1463 (9th Cir. 1993)). While this Court held that the Sun properly plead a cognizable Section 2 claim for monopolization and attempted monopolization (because those Defendants collectively satisfied the elements under Section 2), the Court held that the *Copperweld* doctrine barred the Sun's Section 2 claim for conspiracy against those same Defendants. *Id.* at 19-21. This Court reasoned that the Sun had failed to plead any alternative conspiracy claim because the Sun expressly alleged that Defendants Adelson and Dumont were the owners, employees, or agents of News+Media and its wholly-owned subsidiary, Review-Journal, Inc., yet the Sun did not include "any alternative allegation that Adelson does not own LVRJ or News+Media and is thus capable of conspiring with either of those entities," or that Dumont had an independent stake in the alleged conspiracy. *Id.* at 17-19. Through this reasoning, this Court necessarily acknowledged that the *Copperweld* doctrine would not have barred the Sun's conspiracy claim had the Sun alternatively alleged that Defendants did not act as a single economic unit and thus were capable of conspiring with each other. *See id.* at 18.

The Sun's proposed amended complaint does exactly what this Court acknowledged would survive as an alternative claim under the *Copperweld* doctrine. Not only does the Sun seek to add Adfam as a new party participant in the anticompetitive conduct, but the Sun in no uncertain terms alleged in the alternative that "Adfam is an entity sufficiently separate and distinct as an economic unit from Defendants . . . such that they operate as separate decision-makers." ECF No. 538-1 ¶¶ 18, 132. The Sun's proposed allegations assert that Adfam and the other Defendants are distinct economic entities that can conspire with each other, which is more than "no set of facts" as would

1 be required to deem a proposed amendment futile. *Id*. The Sun's proposed alternative theory does not require any additional facts; it simply reconciles the pleading to seek alternative liability based on the same anticompetitive conduct depending on whether Adfam and the other Defendants acted as a single economic unit or not. The Sun's alternative allegations and Section 1 claim is straightforward under the *Copperweld* doctrine: either Adfam and the other Defendants are part of a single enterprise, and therefore can collectively satisfy the elements of a Section 2 violation for monopolization/attempted monopolization, or Adfam is not part of the other Defendants' single-enterprise, making Adfam an independent actor capable of conspiring with the other Defendants in violation of Section 1 as a result. *Id.* ¶¶ 14-18, 143-47, 187-94.

In short, the Sun alleged the precise alternative allegation that this Court deemed sufficient to permit a conspiracy claim under *Copperweld*. *Compare id.* ¶¶ 18. 132 *with* ECF No. 243 at 18. And other courts have agreed. For example, in *Pheneger v. City of Lima*, that court granted the plaintiff leave to amend to allege alternatively that police officers accused of engaging in a civil rights conspiracy violation were <u>either</u> (a) acting in furtherance of a municipal policy such that the municipality could be liable, although the officers could not conspire with each other because they were acting within the scope of their employment and as a single economic unit; <u>or</u> (b) the police officers were acting outside the scope of their employment and therefore capable of conspiring with each other as independent actors. 2006 WL 8447953, at *1 (N.D. Ohio July 11, 2006). No additional, alternative allegations were required. *Id.* And the court held that both theories could plausibly be alleged in the alternative to state separate, alternative claims for relief. *Id.*

Nevertheless, the RJ says the Sun needed <u>more</u> allegations stating that Adfam is an entity distinct from the other Defendants in order to contradict the single-enterprise allegations. ECF No. 564 at 13. This is not the pleading requirement under *Twombly/Iqbal* or Rule 8. *See, e.g.*, *Aervoe Indus. v. ICC Innovative Concepts Corp.*, 2010 WL 11594970, at *1 (D. Nev. Aug. 26, 2010) ("Plaintiff's allegations are more than sufficient to provide Defendants with a short and plain statement of Plaintiff's claims, as required under Federal Rule of Civil Procedure 8(a)(2)[ ] [e]ven after *Twombly* . . . ."); FED. R. CIV. P. 8(a)(2) (requiring only "a short and plain statement of the

- 3 -

1    claim showing that the pleader is entitled to relief"); FED. R. CIV. P. 8(d)(2) ("A party may set out
2    2 or more statements of a claim or defense alternatively or hypothetically, either in a single count
3    or defense or in separate ones. <u>If a party makes alternative statements, the pleading is sufficient if
4    any one of them is sufficient</u>." (emphasis added)). For every allegation supporting a single-
5    enterprise theory of relief under Section 2, the Sun is not obligated to state an equally diametrically
6    opposed allegation in order to allege a plausible alternative theory of relief under Section 1. The
7    RJ's Opposition is bereft of any authority stating otherwise.

"Rule 8 is drafted to provide maximum flexibility in allowing a party to plead inconsistent facts and theories in a complaint, and even within the same count." *In re Urbanski*, 2012 WL 1514772, at *3 (Bankr. S.D. Cal. Apr. 27, 2012). And, in the end, "[p]leadings must be construed so as to do justice." FED. R. CIV. P. 8(e). The Sun's proposed alternative Section 1 claim provides the RJ "fair notice of what the claim is and the grounds upon which it rests," and it is plausible on its face. *Samuel v. JP Morgan Chase Bank Nat'l Assoc.*, 2021 WL 826414, at *1 (C.D. Cal. Mar. 3, 2021) (internal quotations omitted). At minimum, the discreet issue in dispute—whether Adfam is a single economic unit with the other Defendants, or a separate economic unit—is an issue of fact to be resolved by the jury. The RJ has failed to demonstrate that none of the Sun's allegations, accepted as true and viewed in favor of the Sun, could plausibly support the Sun's proposed Section 1 claim.

**B.    The RJ's Challenge to the Sun's Alternative Theory is an Improper Factual Attack on the Merits of the Sun's Section 1 Claim with no Bearing on Futility**

"[C]ourts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage, LLC v. Nev. Ass'n Servs., Inc.*, 2018 WL 487101, at *2. The preferred practice of deferring a ruling on the sufficiency of the allegations in a proposed amendment is guided by "the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *E.g.*, *GMAC Mortg., LLC*, 2018 WL 487101, at *2; *Neche, LLC v. Allied Ins. Co. of Am.*, 2020 WL 870224, at *2 (D. Nev. Feb. 21, 2020) (internal quotations omitted).

- 4 -

116776844.1

Denial of leave based on futility is "rare," and only appropriate "if <u>no set of facts can be proved</u> under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *GMAC Mortg., LLC*, 2018 WL 487101, at *2; *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (internal quotations omitted) (emphasis added). "If the underlying facts or circumstances possibly could 'be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits.'" *Fesser v. W. Linn Police Dep't*, 2019 WL 5839305, at *3 (D. Or. Nov. 7, 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The RJ does not dispute that the Sun's Section 1 claim is cognizable pursuant to the Sun's alternative theory that Adfam is a distinct economic unit from the other Defendants, and therefore Adfam is capable of conspiring with them. *See* ECF No. 564 at 13. The RJ merely complains that *more* contradictory allegations were required, hence the *volume* of alternative allegations is insufficient. This argument does not explain how <u>no set of facts</u> could support the Sun's alternative Section 1 claim. The RJ's argument demanding additional factual allegations has no bearing on the issue of futility. "A proposed amendment is futile only if the complaint cannot be saved by further amendment." *Fesser*, 2019 WL 5839305, at *3 (internal quotations omitted). And "resolving factual disputes and evaluating the merits of proposed claims is generally inappropriate when considering motions for leave to amend." *E.g.*, *Banc of California, Inc. v. Farmers & Merchs. Bank of Long Beach*, 2017 WL 2972338, at *1 (C.D. Cal. Apr. 19, 2017). The RJ's challenge to the factual merits of the Sun's Section 1 claim is without merit.

### C. The RJ's Request that the Sun be Denied Leave for Preserving Previously Dismissed Claims is No Basis to Deny the Sun's Motion

Relegated to an apathetic aside in the RJ's opposition, the RJ contends that leave should be denied because the Sun's proposed amendment expressly preserves previously dismissed claims for appellate review. ECF No. 564 at 14. However, courts routinely permit the practice of preserving dismissed claims for appellate review in an amended pleading. *See, e.g., U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 517 (3d Cir. 2007) ("We do not adopt a rigid requirement as to what a plaintiff must do to stand on a dismissed complaint [to preserve it for appellate review]. Adding a section to an amended pleading specifically preserving the claim

116776844.1

certainly suffices."). The amendment clearly identifies the dismissed claims and repeatedly explains that they only remain in the amended pleading for appellate purposes. ECF 538-1 at 5 n. 6, 11 n.11, 41 n. 13, 42 n.14, 4 n.15. This is not a basis to deny the Sun's Motion.

### III.  THE SUN'S MOTION WAS NOT FILED IN BAD FAITH

A showing of substantial "[p]rejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Cap., LLC v. Aspeon*, *Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotation marks omitted). In fact, it is the consideration of prejudice to the opposing party that carries the greatest weight. *Id.* In lieu of making the requisite showing though, the RJ instead focuses on Sun's purported bad faith in requesting leave, pointing to the timing of the Sun's Motion, and the volume of discovery that has occurred to date.[2] *See* ECF No. 564 at 14-16. Only then does the RJ summarily assert that the amendment "is being put forth in bad faith to prejudice the defendants." *Id.* at 16. This is simply not enough to deny the Sun's Motion.

The RJ's arguments should be denied for three reasons. First, the RJ's position that additional discovery is a basis to deny leave is legally unsupported. Second, the RJ's contention that the Sun delayed its filing in bad faith is belied by the record. Third, the RJ's lengthy airing of what is an inaccurate recitation of the discovery process in this case to argue that the proposed amendment is solely to further "weaponize" discovery is pure self-serving speculation and hyperbole. As explained further below, none of the RJ's arguments support an Order denying the Sun leave to amend.

#### A.  **Additional Discovery Resulting from a Proposed Amendment is Insufficient to Deny Leave to Amend**

The law is settled that any additional discovery that might result from a proposed amendment cannot intrinsically signal "bad faith" as the RJ now suggests; otherwise, "no party could seek leave to amend its complaint," for doing so "would certainly always require additional time and expense to the detriment of the party opposing amendment." *Seneca Ins. Co. v. Hanover*

---

[2] The RJ also repeats that the Sun's purported bad faith is evident from re-alleging claims dismissed in the November 2020 Order. ECF No. 564 at 14-16. As discussed above, the Sun's proposed amended complaint does not re-allege a failed or futile claim. *See supra* § II(A). Even if it did, the RJ does not argue that the rest of the Sun's proposed amendments are futile. *See supra* n.1. The Sun should be allowed to file its amended complaint to assert those allegations.

- 6 -

116776844.1

*Ins. Co.*, 2017 WL 10434402, at *8 (C.D. Cal. Aug. 30, 2017). In fact, even "[t]o show prejudice, the opposing party must do more than allege that they will have to spend time and resources responding to the amendment." *U.S. Bank, N.A. v. Glogowski Law Firm, PLLC*, 2019 WL 11770574, at *3 (W.D. Wash. Dec. 4, 2019) (citing *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009)).

Like the defendant's argument in *Mancuso v. USAA Savings Bank*, 2021 WL 3024282, at *4 (D. Nev. July 16, 2021), the RJ's argument that it will "be forced to engage in additional discovery on" the Sun's new claim, is insufficient to show prejudicial bad faith. The Sun sought leave to amend before the deadline to amend pleadings (which was set pursuant to the timing in LR 26-1(b)(2), stipulated to by the parties, entered in the amended scheduling order), and four months remain to conduct discovery. *See id.*; *see also Kalenowski v. City of Las Vegas*, 2021 WL 1823108, at *2 (D. Nev. May 6, 2021). And, the Sun's Section 1 claim arises out of the same conduct, transaction, or occurrence already alleged in the original pleading. *Id.* Similar to the procedural posture of *Mancuso* and *Kalenowski*, this case is still very much in the discovery stage. *See* ECF No. 393. The RJ cannot make the requisite showing to warrant denial of the Motion under these facts.

Conversely, this case is not like those cited by the RJ. *See* ECF No. 564 at 16 (citing *Solomon v. N. Am. Life & Cas. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) & *Jang v. Boston Sci. Scimed, Inc.*, 729 F.3d 357 (3d Cir. 2013)). In *Solomon*, the plaintiff filed his motion to amend "on the eve of the discovery deadline," which would have required reopening discovery. 151 F.3d at 1139. In *Jang*, the plaintiff sought leave to amend <u>after</u> judgment was entered. 729 F.3d at 368. The Third Circuit in that case noted the plaintiff was "free to file a new motion for leave to amend" anyway, given that it reversed the district court's judgment on the pleadings. *Id.* Any minimal time or expense resulting from the Sun's addition of Adfam and a Section 1 claim based on the same anticompetitive conduct already alleged is not a basis to deny the Sun's Motion, as a matter of law.

/ / /

/ / /

- 7 -

### B. The Procedural Record Proves the Sun did Not Delay its Motion

"Bad faith" for Rule 15 purposes means more than acting with "bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . . [I]t contemplates a state of mind affirmatively operating with furtive design or ill will." *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1185 (9th Cir. 2003) (internal quotations omitted). Where delay is cited to demonstrate bad faith, "courts require more than unexcused delay: there must be evidence in the record that a party acted with a dilatory motive, intention to cause undue delay, or the goal of otherwise obstructing the litigation process." *Flores v. City of Concord*, 2017 WL 2472977, at *3 (N.D. Cal. June 8, 2017). No such evidence exists in this case.

The RJ argues that the timing of the Sun's motion was a "tactical choice" because "[t]he Sun has been accusing Adfam of participating in the alleged conspiracy ***since at least December 2020*** when it first moved to compel responses to the Adfam subpoena." ECF No. 564 at 15. The RJ omits a crucial fact: the Sun has been vigorously fighting to obtain Adfam discovery from the RJ *and* Adfam (both represented by the same counsel) for more than a year, and the Sun has yet to receive all compelled or agreed-to-be produced documents. Although the Special Master ordered Adfam to produce all documents by September 23, 2021, Adfam made <u>nine</u> rolling productions, and was still making productions the day before the Sun's Motion was filed and even as recently as two weeks ago. **Ex. 1 ¶ 5.** The Sun had to receive and review the documents produced before filing its Motion to ensure it had sufficient evidence to support the proposed allegations. *See Mancuso v. USAA Sav. Bank*, 2021 WL 3024282, at *3 (D. Nev. July 16, 2021). This is not bad faith: this is the Sun abiding by Rule 11. *See Mancuso v. USAA Sav. Bank*, 2021 WL 3024282, at *3 (D. Nev. July 16, 2021) ("One reason the Ninth Circuit has found to be satisfactory is when a movant waits to amend until it has sufficient evidence upon which to base new allegations or claims.").

To further correct the RJ's inaccurate recitation of history, the Sun only learned about Adfam's influence and involvement in the RJ's antitrust scheme in late 2020—nearly a year after discovery began. **Ex. 1 ¶ 2.** The Sun subpoenaed Adfam on November 2, 2020, as a result. ECF

- 8 -

No. 279-2. But Adfam refused to provide key documents, so the Sun was forced to file its motion to compel on December 22, 2020. *Id.* 2. The Sun did not receive an Order compelling Adfam to produce responsive documents until August 23, 2021. *Id.* ¶ 4. And Adfam's delays continued. Central Adfam-employed or retained individuals were deposed in December 2021, just weeks before the Sun filed this Motion on December 23. *Id*. ¶ 7.

In consequence, under the accurate version of history, the RJ cannot demonstrate a delay in the Sun's filing, or that the timing of the amendment was in "bad faith" with dilatory motive. *See Mancuso*, 2021 WL 3024282, at *3; *see also Carvajal v. Clark County*, 2021 WL 1933934, at *9 (D. Nev. May 12, 2021) ("[W]hen a plaintiff can provide a satisfactory explanation for its delay, and there is no evidence in the record that would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of . . . undue delay." (internal quotations omitted)); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (recognizing that there is no undue delay where plaintiffs "have offered a satisfactory explanation for their delay in naming HFB as a defendant, i.e., they waited until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct"). The reason the Sun filed its Motion when it did, *i.e.*, within the time allowed, with no trial date or pretrial order scheduled, and after receiving sufficient and necessary information to support its claims[3] demonstrates that no unjust delay exists. *See DCD Programs, Ltd.*, 833 F.2d at 188.

C. **The Sun has Not "Weaponized" Discovery**

Special Master Pro was appointed to oversee discovery because Magistrate Ferenbach believed that "[e]ach side obviously harbors extreme animosity towards the other and this is, on top of it, a complicated anti-trust case which just gives infinite possibility for failures to compromise and just to fight over every asterisks and question mark." ECF No. 378 at 33. The RJ continues this pattern now, spending the majority of its pages accusing the Sun of "weaponizing" discovery and

---

[3] This case is not like *Kaneka Corp. v. SKC Kolon PI*, 2013 WL 11237203 (C.D. Cal. May 6, 2013), or *Edwards v. OSI Collection Services,* 283 F. Supp. 3d 957 (D. Nev. 2005), where the plaintiffs knew the facts supporting their proposed amendments before filing their original complaints. *See* ECF No. 564 at 15.

- 9 -

116776844.1

discovery schedules to argue that the sole purpose of the Sun's amendment is to perpetuate this practice. ECF No. 564. The RJ has hurled these accusations before[4] and yet no arbiter assigned to this case and hearing those arguments has ever agreed. The statistics of the parties' discovery disputes are likely why neither Magistrate Weksler, nor Magistrate Ferenbach, or Special Master Pro have agreed with the RJ.

The Sun has been forced to file 10 motions and renewed motions to compel the RJ to produce documents for a total of 93 Rule 34 Requests. *See* ECF Nos. 76; 135; 136; 175; 186; 403; 418; 497; 534; 560. Of those 93 Requests, the Court or Special Master compelled the RJ to produce responsive information in whole or in part to 74 Requests, declined to compel further responses to only 12 Requests, and has not yet ruled on 2 Requests.[5] The Sun's motions on the other 5 Requests were mooted by the parties' interim agreements or productions.[6] The Sun's near-80 percent success rate at compelling the RJ to produce relevant information is a far cry from bad faith discovery practices. The RJ's less-than 13 percent success rate in opposing the Sun's motions to compel demonstrates its obstructionism.

Regardless, for purposes of this Motion, there is no need to quibble with RJ's specific complaints. "Federal antitrust cases" in particular "are complicated, lengthy, and bitterly fought." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 118 (2d Cir. 2005) (where pre-settlement discovery spanned seven years and involved millions of pages of documents). "The scope of document production in antitrust litigation is often quite expansive." *In re Plastics Additives Antitrust Litig.*, 2004 WL 2743591, at *14 (E.D. Pa. Nov. 29, 2004); *see also In re Fine*

---

[4] *See, e.g.*, ECF No. 180 at 15; ECF No. 430 at 3; ECF No. 437 at 9; ECF No. 445 at 5; ECF No. 506 at 3.

[5] *See* ECF Nos. 102 (compelling the RJ's response in part to RFP Nos. 47, 48, and 84); 110 (compelling the RJ's response in part to RFP No. 57); 168 (compelling the RJ's response in whole to RFP Nos. 11-13 and 56); 222 (compelling the RJ's response in whole or in part to RFP Nos. 107-22, 128-32, 174-88, 200-06, 213-14, 241-45, 259-63, 266, 298, 307-08, finding RFP No. 256 moot, and declining to compel the RJ's response to RFP Nos. 264-65, 272, 282-84, 300); 368 (compelling the RJ's response in part to RFP No. 325 and in whole to RFP Nos. 338 and 342, and finding RFP No. 341 moot); 459 (compelling the RJ's response in whole or in part to RFP Nos. 327, 329, 331-32, and declining to compel further responses to RFP Nos. 334-37).

[6] The parties informally resolved RFP Nos. 186 and 339-40 following this Court's orders at ECF Nos. 368 and 369 wherein Magistrate Ferenbach returned multiple requests to the parties to resolve.

*Paper Antitrust Litig.,* 685 F.2d 810, 818 (3d Cir. 1982) (no abuse of discretion where trial court permitted taking of 270 depositions and production of nearly two million documents); *In re Linerboard Antitrust Litig.*, 296 F. Supp. 2d 568, 577 (E.D. Pa .2003) (pretrial discovery required production of millions of pages of documents). As one court has noted, "'discovery in antitrust litigation is most broadly permitted and the burden or cost of providing the information sought is less weighty a consideration than in other cases.'" *New Park Ent. L.L.C. v. Elec. Factory Concerts, Inc.*, 2000 WL 62315, *3 (E.D. Penn. Jan. 13, 2000); *In re Motorsports Merch. Antitrust Litig.*, 112 F. Supp. 2d 1329, 1337-38 (N.D. Ga. Sept. 14, 2000) ("An antitrust class action is arguably the most complex action to prosecute. The legal and factual issues involved are always numerous and uncertain in outcome."). The RJ's grievance about the amount of document discovery undertaken in this case is unpersuasive. This is a hotly contested federal antitrust case, with additional contract claims and alter ego allegations, several named individual and entity parties, and counterclaims. Most importantly, the outcome of the case will determine the fate of the Sun. The discovery that has occurred to date is not uncommon, and the prospect of undertaking minimal, additional discovery as a result of the proposed amendment does not amount to bad faith.

The RJ makes much ado about the number of Rule 34 Requests propounded by the Sun, but it ignores the fact that the RJ is in sole and exclusive possession of all accounting and operational documents for the parties' joint operation. It has exclusive access to nearly all relevant documents in this case. As a result, the Sun must fight tooth and nail to receive even the most basic documents about the joint operation accounting and operations from the RJ. The RJ also ignores the gamesmanship it has played in responding to the Sun's Rule 34 Requests. In many instances, for example, where the Sun propounded a Request that would call for responsive documents from more than one custodian, the RJ demanded the Sun serve particularized Rule 34 requests for <u>each</u> custodian, which multiplied several Requests. ECF No. 175-3. At other times, the RJ would unreasonably narrow or deliberately misinterpret the Sun's Requests to avoid producing the information sought. *See, e.g.*, ECF No. 564-4 at 6-7; **Ex. 2** at 51:20-56:23. As a result of these

1  tactics, the Sun was forced to propound additional follow-up discovery Requests seeking the
2  nuanced and detailed documents.[7] ECF No. 564-4 at 6-7; **Ex. 2** at 51:20-56:23.
3        It is worth noting that even though the RJ is the party harboring the relevant documents for
4  the joint operation, the RJ still has propounded 305 Rule 34 Requests in this litigation, and has
5  served seven third-party subpoenas as well. **Ex. 1** ¶ 8. The Sun, too, has spent thousands of hours
6  reviewing and re-reviewing documents. *Id.* To the RJ's 306,000 documents, the Sun has reviewed
7  approximately 406,863 documents, has run 263 search strings, and produced 83,680 pages of
8  documents. *Id.*
9        At the same time it has accused the Sun of "weaponizing" discovery, the RJ acknowledges
10 that in October 2021, Special Master Pro set controls to ensure that neither party propounds
11 additional requests for production absent a stipulation or a finding of good cause. ECF No. 484 at
12 3. Document discovery has not "closed," there is simply a recognized lever in place to control
13 additional written discovery. The Sun has not even attempted to propound additional discovery
14 since October 2021, which undermines the RJ's argument that the Sun is "weaponizing" discovery.

## IV.   CONCLUSION

For the foregoing reasons, an Order granting the Sun leave to amend its pleading is proper. The RJ has failed to demonstrate any reason why leave should not be freely granted.

DATED this 10th day of February, 2022.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Kristen L. Martini*
E. Leif Reid, Bar No. 5750
Kristen L. Martini, Bar No. 11272
Marla J. Hudgens, Bar No. 11098
Nicole Scott, Bar No. 13757
One East Liberty Street, Suite 300
Reno, Nevada 89501-2128

PISANELLI BICE PLLC

---

[7] The RJ's complaint about the pages of correspondence exchanged for search terms (ECF No. 564 at 8) is an interesting choice for "weaponization" of discovery since the correspondence arose from Magistrate Weksler's censure of the RJ for its failure to cooperate with the Sun and produce its search terms. ECF No. 175; ECF No. 303 at 78-79.

- 12 -

James J. Pisanelli, Bar No. 4027
Todd L. Bice, Bar No. 4534
Jordan T. Smith, Bar No. 12097
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

ALIOTO LAW FIRM
Joseph M. Alioto, *Pro Hac Vice*
One Sansome Street, 35th Floor
San Francisco, California  94104

*Attorneys for Plaintiff/Counterdefendants*

- 13 -

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Lewis Roca Rothgerber Christie LLP, and that on the 10th day of February, 2022, I caused the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT [ECF NOS. 537/FUS 539]** to be served by electronically filing the foregoing with the CM/ECF electronic filing system, which will send notice of electronic filing to:

J. Randall Jones, Esq.
Michael J. Gayan, Esq.
Mona Kaveh, Esq.
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

Richard L. Stone, Esq.
Amy M. Gallegos, Esq.
David R. Singer, Esq.
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071

Hon. Philip M. Pro (Ret.)
Special Master
philipmpro@gmail.com
sparreno@jamsadr.com

 /s/ Autumn D. McDannald
Employee of Lewis Roca Rothgerber Christie LLP

116776844.1

**INDEX OF EXHIBITS**

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| 1 | Declaration of Kristen L. Martini in Support of Plaintiff's Reply in Support of Motion for Leave to Amend and Supplement Complaint [ECF Nos. 537/FUS 539] | 3 |
| 2 | Excerpts from the August 12, 2021, hearing transcript before Special Master Pro | 11 |

116776844.1