UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>　　　　　Defendants. | 2:19-cv-01667-GMN-VCF<br><br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL PATRICK DUMONT'S DEPOSITON PREPARATION MATERIALS PURSUANT TO FEDERAL RULE OF EVIDENCE 612** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>　　　　　Defendants. | |

1

On February 10, 2022, arguments were heard on Plaintiff's fully briefed Motion to Compel Patrick Dumont's Deposition Preparation Materials pursuant to Federal Rule of Evidence 612, filed December 16, 2021. (Doc. 528).

The Motion derives from testimony provided by Defendant Patrick Dumont at the commencement of his deposition on October 28, 2021. Selected excerpts from the transcript of the deposition were included as exhibits to the briefs on the instant Motion and inform this ruling. (Ex. 1 to Plaintiff's Motion; Ex. B to Defendant's Opposition; and Ex. 2 to Plaintiff's Reply).

When asked at the outset of his deposition what he did to prepare for his testimony, Dumont testified that he reviewed a binder of documents prepared by his counsel which he "looked through" and "read some" to prepare for the deposition, but he was unable to testify whether any particular document in the binder "refreshed his recollection" or "gave him information he didn't know prior to" his review. (Depo. Tr. pp 87 – 92). The following excerpt capsulizes Dumont's testimony regarding the extent of his review of the binder:

> I looked through the binder. Some things I read; some things I glanced through. Some things seemed familiar; some things were foreign. Some thinks I remembered; some things I didn't. (Tr. p. 92)

Defendant's Counsel declined the request of Plaintiff's Counsel for a copy of the binder and index on the ground that it was attorney work product. When pressed for his best recollection of the documents he reviewed, Dumont responded generally that he could not remember all the documents he read through, but they included the Joint Operating Agreement ("JOA"), emails, a letter, a text message, a memorandum, pleadings related to the case, and that he met with counsel for several hours via zoom over a two-day period after reviewing the binder to prepare for his deposition. (Tr. pp 95 – 110). Additionally, Dumont identified a letter and an email shown to him by Plaintiff's Counsel which he was able to identify as being among the documents he reviewed in the binder. (Tr. pp. 192-193, and pp. 331-332).

Plaintiff contends that the record developed at Dumont's deposition constitutes a sufficient foundation to require that Defendants produce a copy of the binder and index reviewed by Dumont in preparation for his deposition pursuant to FRE 612. Defendant's respond that Plaintiff's Motion seeks "highly protected attorney opinion work product" selected by counsel and that Plaintiff has failed to lay the required foundation to mandate production of the binder or any of its contents pursuant to FRE 612.

"Although applicable to depositions, Rule 612 is a rule of evidence, and not a rule of discovery. Its sole purpose is evidentiary in function 'to promote the search of credibility and memory.'" *Sporck v. Peil,* 759 F.2d 312, 317 (3d. Cir. 1985). Absent controlling authority in the Ninth Circuit, *Sporck* is frequently cited approvingly within the District of Nevada. See, e.g., *Server Tech., Inc. v. Am. Power Conversion Corp.,* Case No. 3:06-cv-00698-LRH-VPC, 2011 WL 1447620, at *11 (D. Nev. Apr. 14, 2011); *Scott v. Smith's Food and Drug Ctrs., Inc.,* 2018 WL 11352074, *2 (D. Nev. Sept. 20, 2018); and *Lubritz v. AIG Claims, Inc.,* 2018 WL 10456239, *2-4 (D. Nev. Apr. 18, 2018). These cases hold that FRE 612 does not mandate the disclosure of documents used to refresh the memory of a witness prior to deposition testimony but may be permitted in the discretion of the Court where necessary to the case.

Under FRE 612, a party bears the burden of meeting three conditions before it may obtain documents used by a witness prior to testifying: 1) the witness must use the writing to refresh his memory; 2) the witness must use the writing for the purpose of testifying; and 3) the court must determine that the production is necessary in the interests of justice. *Sporck* at 317.

On the record adduced I find Plaintiff has failed to satisfy these three conditions so as to warrant production of either the index or the text of the materials reviewed by Dumont prior to his deposition of October 28, 2021. Nor has Plaintiff shown that production of the materials, or their submission for *in camera* review to determine whether the materials are protected work product is necessary in the interests of justice.

Finally, I find Defendant's request for discovery sanctions of reasonable expenses, including attorney's fees, pursuant to Fed R. Civ. P. 37(a)(5)(B), should be denied. See, *Lubritz,* at *5.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Patrick Dumont's Deposition Preparation Materials Pursuant to Federal Rule of Evidence 612, (Doc. 528), is Denied.

IT IS FURTHER ORDERED that Defendant's request for discovery sanctions is Denied.

Dated this 11th day of February 2022.

_____
Hon. Philip M. Pro (Ret.)
SPECIAL MASTER