J. RANDALL JONES, ESQ., SBN 1927
r.jones@kempjones.com
MICHAEL J. GAYAN, ESQ., SBN 11135
m.gayan@kempjones.com
MONA KAVEH, ESQ., SBN 11825
m.kaveh@kempjones.com
KEMP JONES LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000

RICHARD L. STONE, ESQ. (*pro hac vice*)
rstone@jenner.com
DAVID R. SINGER, ESQ. (*pro hac vice*)
dsinger@jenner.com
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
agallegos@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100

*Attorneys for Defendants/Counterclaimant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-01667-GMN-VCF<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBIT 5 TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUEST NO. 405 [ECF NO. 582]**<br><br>**AND**<br><br>**MOTION FOR LEAVE TO FILE UNDER SEAL [ECF NO. 420-2]** |

1  LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,

2

3               Counterclaimant.

   v.

4

5  LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.

6

7

8

           Counterclaim Defendants.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## RESPONSE TO ECF NO. 582

On February 9, 2022, the Sun filed its Reply in Support of Motion to Compel Production of Documents in Response to Request No. 405. ECF Nos. 583, 584 (FUS) (the "Reply"). In conjunction with the Reply, the Sun also filed its Motion for Leave to File Under Seal Exhibit 5 to its Reply. ECF No. 582. Exhibit 5 is a January 22, 2021, letter from Defendants' counsel to the Sun's counsel attaching a 20-page chart listing the search terms run by Defendants in the course of responding to the Sun's requests for production of documents in this action. ECF No. 584-5. Defendants had marked the chart as "Confidential" under the parties' protective order. *Id.*

The Sun seeks to "temporarily" file Exhibit 5 under seal and places the burden on Defendants to establish the good cause to seal this exhibit. ECF No. 582 at 3:19–21. Exhibit 5 contains personal, non-public email addresses of parties and non-parties in this litigation, which should not be made public. Defendants are not seeking to redact emails ending with: sands.com, reviewjournal.com, lasvegassun.com, or gatehousemedia.com. Thus, Defendants request this Court require the Sun to redact the personal, non-public email addresses contained within Exhibit 5 before publicly filing the document. This information is attached to the Sun's discovery brief and is not "more than tangentially related to the merits of the case[,]" so Defendants need only meet the lower "good cause" test to justify its sealing. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (holding "good cause" is sufficient grounds to seal materials attached to a non-dispositive motion"); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2015).

Similarly, there is a low public right to information attached to a pleading that is irrelevant to the issues tried in this case. *See, e.g., In re Nat'l Consumer Mortg., LLC*, 512 B.R. 639, 641-42 (D. Nev. June 19, 2014) (holding that because exhibit "was irrelevant to the issues tried in this matter," the "public's right to know th[e] information as part of a court record is low."). Courts also routinely allow the sealing and redacting of private email addresses under both the good cause and heightened compelling reasons tests. *See, e.g., Al Otro Lado, Inc. v. Wolf*, 2020 WL

8617491, at *2 (S.D. Cal. Mar. 12, 2020) (permitting redactions of email addresses from exhibits); *Ehret v. Uber Technologies, Inc.*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (finding email addresses are not relevant to the merits of the case and granting defendant's motion to seal to redact email addresses); *In re Hydroxycut Marketing and Sales Practices Litig.,* 2011 WL 864897, at *1 (S.D. Cal. Mar. 11, 2011) (granting motion to seal to redact exhibits because they revealed email addresses of individuals, which could expose them to "unnecessary harassment").

At the February 22, 2022, hearing, the Special Master ordered that personal email addresses may be redacted from public filings. However, given that the Sun's motion to seal is currently pending with Defendants' response due on February 23, Defendants file this response in an abundance of caution, so the motion is not unopposed on the docket, potentially leading to the unsealing of this information. Therefore, Defendants respectfully request this Court order the Sun to redact the personal, non-public email addresses contained within Exhibit 5 (ECF No. 584-5) before publicly filing the document.

## II.

## MOTION FOR LEAVE TO FILE UNDER SEAL [ECF NO. 420-2]

On June 21, 2021, Interface Operations LLC dba Adfam ("Adfam") filed its Opposition to Plaintiff's Renewed Motion to Compel Compliance with Adfam Subpoena, along with an Appendix of Exhibits. ECF Nos. 419 and 420. Attached at ECF No. 420-2 is a May 4, 2021, letter from Defendants' counsel to the Sun's counsel attaching an 82-page chart of Defendants' ESI search terms run in connection with Defendants' discovery efforts in this action. ECF No. 420-2. That chart contains personal, non-public email addresses of parties and non-parties in this litigation, which were inadvertently not redacted before publicly filing. Defendants file this motion to seal and seek to seal ECF No. 420-2, which is already on the public docket. If the Court grants this motion and seals the version of ECF No. 420-2 on the public docket, Defendants will then publicly file a redacted version of ECF No. 420-2, which will only redact the personal, non-public email addresses listed in the chart. Defendants are not seeking to redact emails ending with: sands.com, reviewjournal.com, lasvegassun.com, or gatehousemedia.com.

1   This information is attached to Adfam's discovery brief and is not "more than tangentially related to the merits of the case[,]" so Defendants need only meet the lower "good cause" test to justify its sealing. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (holding "good cause" is sufficient grounds to seal materials attached to a non-dispositive motion"); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2015). Similarly, there is a low public right to information attached to a pleading that is irrelevant to the issues tried in this case. *See, e.g., In re Nat'l Consumer Mortg., LLC*, 512 B.R. 639, 641-42 (D. Nev. June 19, 2014) (holding that because exhibit "was irrelevant to the issues tried in this matter," the "public's right to know th[e] information as part of a court record is low."). As stated above, courts routinely allow the sealing and redacting of private email addresses under both the good cause and heightened compelling reasons tests. *See, e.g., Al Otro Lado, Inc. v. Wolf*, 2020 WL 8617491, at *2 (S.D. Cal. Mar. 12, 2020) (permitting redactions of email addresses from exhibits); *Ehret v. Uber Technologies, Inc.*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (finding email addresses are not relevant to the merits of the case and granting defendant's motion to seal to redact email addresses); *In re Hydroxycut Marketing and Sales Practices Litig.*, 2011 WL 864897, at *1 (S.D. Cal. Mar. 11, 2011) (granting motion to seal to redact exhibits because they revealed email addresses of individuals, which could expose them to "unnecessary harassment").

Therefore, Defendants respectfully request this Court seal ECF No. 420-2. If the Court grants this motion and seals the version of ECF No. 420-2 on the public docket, Defendants will then publicly file a redacted version of ECF No. 420-2, which will only redact the personal, non-public email addresses listed in ECF No. 420-2.

/ / /

/ / /

/ / /

3

Dated: February 23, 2022

KEMP JONES, LLP

*/s/ Mona Kaveh*

J. RANDALL JONES, ESQ., SBN 1927
MICHAEL J. GAYAN, ESQ., SBN 11135
MONA KAVEH, ESQ., SBN 11825
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

RICHARD L. STONE, ESQ. (*pro hac vice*)
DAVID R. SINGER, ESQ. (*pro hac vice*)
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071

*Attorneys for Defendants/Counterclaimant*

**PROOF OF SERVICE**

I hereby certify that on the 23rd day of February, 2021, I served a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBIT 5 TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUEST NO. 405 [ECF NO. 582] AND MOTION FOR LEAVE TO FILE UNDER SEAL [ECF NO. 420-2]** via the United States District Court's CM/ECF electronic filing system to all parties on the e-service list.

    E. Leif Reid, Bar No. 5750
    Marla Hudgens, Bar No. 11098
    Kristen L. Martini, Bar No. 11272
    Nicole Scott, Bar No. 13757
    LEWIS ROCA ROTHGERBER CHRISTIE LLP
    One East Liberty Street, Suite 300
    Reno, Nevada 89501

    Joseph M. Alioto, *Pro Hac Vice*
    ALIOTO LAW FIRM
    One Sansome Street, 35th Floor
    San Francisco, California 94104

    James J. Pisanelli, Bar No. 4027
    Todd L. Bice, Bar No. 4534
    Jordan T. Smith, Bar No. 12097
    PISANELLI BICE PLLC
    400 South 7th Street, Suite 300
    Las Vegas, Nevada 89101

    *Attorneys for Plaintiff/Counterclaim Defendants*

                                            */s/ Ali Augustine*
                                            An employee of Kemp Jones, LLP