**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., <br><br>      Plaintiff, <br><br>vs. <br><br>SHELDON ADELSON, *et al.*, <br><br>      Defendants. <br><br>LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation, <br><br>………………………Counterclaimant, <br><br>v. <br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc., <br><br>………………….Counterclaim-Defendants. | Case No. 2:19-cv-01667-GMN-VCF <br><br>**ORDER** <br><br>PLAINTIFF LAS VEGAS SUN, INC.'S MOTION TO SEAL (ECF NO. 536); PLAINTIFF LAS VEGAS SUN, INC.'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF NO. 537); DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF DEFENDANTS' OBJECTION (ECF NO. 568); DEFENDANTS' OBJECTION TO THE SPECIAL MASTER'S ORDER (ECF NO. 569); DEFENDANTS' SEALED OBJECTION TO THE SPECIAL MASTER'S ORDER (ECF NO. 570); PLAINTIFF'S OBJECTION TO THE SPECIAL MASTER'S ORDER (ECF NO. 585); PLAINTIFF'S OBJECTION TO THE SPECIAL MASTER'S ORDER (ECF NO. 591); DEFENDANTS' MOTION TO SEAL PORTIONS OF THEIR OPPOSITION TO THE OBJECTION (ECF NO. 595); DEFENDANTS' MOTION TO SEAL PORTIONS OF THEIR OBJECTION (ECF NO. 599); PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF OBJECTION (ECF NO. 604); PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S REPLY (ECF NO. 608): PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF OBJECTION (ECF NO. 609) |

The plaintiff moves to amend, and I grant that motion. ECF No. 537. Plaintiff has seven days to file its amended complaint on the docket. The parties also filed objections to several of the Special Master's orders. ECF Nos. 569, 570, 585, and 591. I have reviewed the Special Master's orders de novo and I overrule all the objections. The plaintiff also moves for leave to file replies in support of its objections and I deny these motions. ECF No. 604 and 609.

The parties also move to seal exhibits to the motion for leave to amend and portions of the objections: I deny these motions in part without prejudice. Everything will remain sealed temporarily, but the parties have thirty days to file a joint stipulation outlining what they agree should be sealed or/unsealed. ECF Nos. 536, 568, 595, 599, 608. The party who wishes that any document be sealed must make the appropriate showing in the stipulation per *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). I will decide if the appropriate showing has been met, regardless of the parties' agreement to seal. The parties must also attach a proposed order to the stipulation outlining every document currently on the docket, with the ECF citations, that the parties agree should be immediately unsealed.

I also sua sponte order that the parties must meet and confer prior to filing any additional motions to seal. The parties may file a joint stipulation to seal if appropriate. If they file a motion, they must outline their efforts to meet and confer in the motion.

**I.    Background**

Plaintiff brings multiple claims against the defendants for violations of (1) Section 2 of the Sherman Act 15 U.S.C. § 2 (monopolization, attempted monopolization, conspiracy to monopolize); (2) Section 7 of the Clayton Act, 15 U.S.C. § 18; and (3) the Nevada Unfair Trade Practices Act – NRS 598A. (ECF No. 1). Defendant the Review Journal also brings monopolization and attempted monopolization claims, along with a claim of violation of Section 1 of the Sherman Act, Restraint of

Trade, 15 U.S.C. § 1 and it seeks declaratory judgment against the Sun and counter defendants (ECF No. 296 at 52).

**II.     Analysis**

    **a.  Motion for Leave to Amend (ECF No. 537)**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Federal Rule of Civil Procedure 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp*., 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig*., 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

Plaintiff has not previously sought leave to amend its complaint. Plaintiff moved for leave to amend before the deadline to amend pleadings in the discovery plan and scheduling order expired. ECF No. 393. There is no bad faith here because plaintiff moves for leave to amend and supplement based on information it learned in discovery. There is also no undue delay given that the plaintiff only learned of the proposed new defendant's involvement recently. The defendants will not be prejudiced by the

3

amendment because the defendants still have four months until discovery closes and plaintiff's allegations against the new defendants are closely related to the claims in the original complaint. The defendants' futility arguments would be better addressed through a motion to dismiss or for summary judgment, given that the new claim and the new allegations against the new defendant are reasonably related to plaintiff's original claims. I grant the motion to amend. ECF No. 537.

### b. Objections to the Special Master's Orders (ECF Nos. 569, 570, 585, and 591)

Federal Rule of Civil Procedure provides that the Court must review a Special Master's conclusions of law and factual findings de novo. Fed. R. Civ. P. 53(f)(3)– (4). "The Special Master's discovery rulings and recommendations are inextricably intertwined with conclusions of fact and law and so are reviewed de novo." *Hernandez v. Lynch*, 2019 WL 6998774, at 2 (C.D. Cal. Jun. 18, 2019) (collecting cases). Under the de novo standard, the Court decides "the matter anew," as if no prior decision had been rendered. *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense **and proportional** to the needs of the case…" Fed. R. Civ. P. 26(b)(1)(emphasis added).

I review all the objections de novo. Defendants' object to Special Master Pro's order (ECF No. 565) regarding plaintiff and counter-defendants' motion for a protective order. ECF Nos. 569 and 570. Special Master Pro's order limited questioning on three 30(b)(6) topics to accounting by current ownership of the Review-Journal. Topic 9 pertains to the Sun's accounting disputes with the prior owners of the Review-Journal. Topic 22 seeks testimony regarding the sale or possible sale of the Sun. Topic 4(a) sought testimony regarding "the Sun's allegations of improper accounting by the Review-Journal[.]" Topic 34 sought testimony regarding the Sun's audits of the Review-Journal prior to December 2015. Topics 9 and 22 are outside the limitations already imposed by this Court in prior orders. I find that Topics 9, 34, and 22 are not relevant to any claim or defense. Even if these topics were

relevant, inquiry to these areas would not be proportional under Rule 26. I also find that limiting the scope of Topic 4(a) to alleged breaches by the Review-Journal's current owners is proportional to the needs of this case. This objection is overruled. ECF Nos. 569 and 570.

Next is the Sun's objection to the Special Master's order denying plaintiff's motion to compel production of documents in response to Request for Production (RFP) 285 (ECF No. 578). ECF No. 585. The defendants produced documents in response to RFP 285, but the Sun seeks a more complete production of readership data. Given the volume of discovery and motion practice in this case, I find that requiring the defendants to produce additional documents in response to RFP 285 would be unduly burdensome and disproportionate to the needs of this case. I overrule this objection. ECF No. 585.

The Sun also objects to the Special master's order re plaintiff's motion to compel responses to interrogatories 14 and 15 (ECF No. 580). ECF No. 591. The Sun seeks a detailed accounting of expenses for promotional activities which did or did not expressly mention the Sun. The Special Master adopted the defendants' proposed stipulation. *Id.* at 3. I have reviewed the parties' briefing, the underlying briefing, and the defendants' proposed stipulation. The stipulation proposed by the defendants is a commonsense appropriate limitation on discovery.  A complete accounting of all expenses, no matter how small of all promotions billed to the JOA, identifying whether each one did or did not expressly mention the Sun is not proportional.  I overrule this objection. ECF No. 591.

### c. Motions to Seal (ECF Nos. 536, 568, 595, 599, 608)

"Courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations and quotations omitted).  There is "a strong presumption in favor of access." *Id.*  However, the public's right to access is "not absolute." *Id.*  A "particularized showing,"

under the "good cause" standard of Rule 26(c) will suffice to seal, "material attached to nondispositive motions." *Id.*

"It is well recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *M.C. Prods., Inc. v. AT&T (In re M.C. Prods., Inc.)*, No. 98-56964, 1999 U.S. App. LEXIS 34116, at 2 (9th Cir. Dec. 22, 1999) (citations omitted). The federal rules of civil procedure, "should be construed, administered, and employed by the court **and the parties** to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1 (emphasis added). Per Local Rule 16-1(d), "[i]n all cases, the court may order the parties to meet and confer to discuss a discovery plan, scheduling order, briefing schedule, or any other matters the court deems appropriate."

The parties filed multiple motions to seal. ECF Nos. 536, 568, 595, 599, 608. In some instances, the opposing parties filed a notice of non-opposition, and in other instances, the opposing parties did not file any response. For example, in plaintiff's motion for leave to file documents under seal, it seeks to seal exhibits 3 and 4 (along with references to these exhibits) to plaintiff's motion for leave to amend and supplement the complaint. ECF No. 536. The defendants designated these exhibits as confidential pursuant to the protective order. See ECF No. 87. The Sun states that it does not believe that these exhibits should remain under seal, and it believes it is the defendants' burden to demonstrate whether these documents should remain sealed on the docket. ECF No. 536 at 5. The defendants filed a non-opposition, but they state that they do not oppose unsealing certain documents but reserve the right to seal other related documents. ECF No. 563. The parties may have been able to avoid this round of briefing if they would have met and conferred prior to filing this motion to seal. The rest of the motions to seal have a similar pattern, in that is obvious the parties could have avoided filing some of these motions, or significantly narrowed the issues, if they had conferred beforehand.

Given that these litigants are newspapers, they understand the importance of public access to the courts. I order the parties to meet and confer prior to filing any additional motions to seal. This will serve the goals of judicial efficiency and the goals of Rule 1 (that the parties must work together) because the parties can apparently agree that many documents, despite a confidential designation, should not be filed under seal. Sealing large portions of the docket, even temporarily, when it could have been avoided in the first place, also does a great disservice to the public. Every first-year journalism student learns that fresh stories go stale quick. The parties must work together to agree what documents can be filed on the docket before moving to seal from now on. I deny all these motions in part, without prejudice. When the parties file their stipulation, per my parameters above, regarding these motions, I will issue a further order regarding what documents will remain sealed.

### III.     Motions for leave to file replies (ECF Nos. 604 and 609)

I reviewed the plaintiff's proposed replies. I deny the motions for leave to file replies because the same arguments were fully developed in the initial briefing before Special Master Pro and the briefing before me.

ACCORDINGLY,

I ORDER that the plaintiff's motion to amend (ECF No. 537) is GRANTED. The plaintiff has until **Friday, March 25, 2022** to file the amended complaint on the docket.

I FURTHER ORDER that the parties' objections (ECF Nos. 569, 570, 585, and 591) are OVERRULED.

I FURTHER ORDER that the parties' motions to seal (ECF Nos. 536, 568, 595, 599, 608) are all DENIED IN PART WITHOUT PREJUDICE. The documents will all remain sealed, temporarily, pending further order of the Court. The parties have until **Monday, April 18, 2022**, to file a stipulation as outlined in this Order.

I FURTHER ORDER, sua sponte, that the parties must MEET AND CONFER prior to filing any new motions to seal.

I FURTHER ORDER that the plaintiff's motions for leave to file a replies in support of their objections (ECF Nos. 604 and 609) are DENIED.

IT IS SO ORDERED.

DATED this 18th day of March 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE