**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants. | 2:19-cv-01667-GMN-VCF<br><br>**ORDER RE: STIPULATION TO SEAL (DOC. 674); PLAINTIFF'S MOTION FOR ORDER SHORTENING TIME (DOC. 677); AND PLAINTIFF'S MOTION TO OVERRULE PRIVILEGE AND COMPEL PRODUCTION OF DOCUMENTS (DOC. 675)** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>Defendants. | |

Before the Special Master for consideration are three related motions seeking emergency relief filed by Plaintiff/Counterdefendants (collectively, "Plaintiffs") on May 4, 2022. They are Plaintiff's

1

Motion to Overrule Defendants' Privilege and Protection Claims over Non-Party Documents and to Compel Production of Documents (Docs. 675 and 676), Motion for and Order Shortening Time for Consideration of the Motion to Overrule and Compel Production (Doc. 677), and a Stipulation Sealing Exhibits 8 and 10 to Plaintiffs' Motion to Overrule and Compel (Doc. 674).

Additionally, on May 4, 2022, Plaintiffs submitted a Notice of *In Camera* Submission in Regard to Plaintiffs' Motion to Overrule and Compel, which identifies four documents submitted to the undersigned under seal as to which Plaintiffs assert claims of Attorney Client Communication and Journalist's Privileges, and Attorney Work Product Protection.

Defendants filed a Response to Plaintiffs' Motion to Shorten Time on May 5, 2022, (Doc. 679), and Plaintiffs filed a Reply on the same date (Doc. 680). On May 9, 2022, Defendants filed a Response to Plaintiffs' Motion to Overrule and Compel, and Plaintiffs filed a Reply on May 10, 2022, (Doc. 683).

Each of the foregoing filings relate to the ability to utilize the documents submitted for *In Camera* review during examination of third-party witness, Jason Taylor, at his deposition on May 12, 2022. As a result, Plaintiffs seek *In Camera* review of the documents submitted (Doc. 678) and a ruling on each of the Motions above by tomorrow, May 11, 2022.[1]

Having read and considered the matters submitted, I find that the above referenced Stipulation (Doc. 674) should be Granted, and the Motion to Shorten Time (Doc. 677) should be Denied as moot.

Plaintiffs Motion to Overrule Defendants' Privilege and Protection Claims and to Compel Production of Documents (Doc. 675 & 676) arises in connection with the deposition of non-party witness,

---

[1] On April 29, 2022, in connection with a separate Stipulation filed by the Parties, the Special Master advised all Counsel that he would be outside the District of Nevada from April 30 through May 9, 2022. Given the limited time available to review the filings of the Parties, rulings on each of the above referenced Motions and Stipulation are filed simultaneously.

2

Jason Taylor (the Review-Journal's former publisher), who is scheduled for examination by Defendants on May 10, 2022, and examination by Plaintiffs on May 12, 2022, pursuant to Rule 45 subpoenas issued to GateHouse Media LLC (the Review-Journal's former owner, now Ganett Co., Inc.) and Taylor by Plaintiffs and Defendants.

GateHouse owned the Review-Journal from March 2015 until Defendants acquired it from GateHouse on December 10, 2015. Taylor was hired by GateHouse as Publisher of the Review-Journal in July 2015 and continued to serve as Publisher for six weeks after its purchase by Defendants until he was replaced by another Publisher in January 2016.

Both Parties consider Taylor and GateHouse to be important sources of evidence concerning issues in this case. Therefore, Defendants served Taylor and GateHouse with Rule 45 subpoenas duces tecum for deposition and production of documents in August and October 2021, and Plaintiffs served GateHouse with a Rule 45 subpoena duces tecum in March 2022.

On April 24, 2022, joint counsel for GateHouse and Taylor produced 1,867 pages of documents in response to the Rule 45 subpoenas. On April 28, 2022, Counsel for Defendants advised Counsel for Plaintiffs that after reviewing the documents produced by Taylor and GateHouse, it appeared that some of the documents produced were communications between Defendant Review-Journal's General Counsel, Mark Hinueber, and Mr. Taylor and others at GateHouse which are subject to claims of attorney-client privilege held by the Review-Journal. Therefore, Defendants asked Plaintiffs to confirm that they would "immediately sequester" and not review the 1,867 documents produced until Defendants had the "opportunity to discern which documents are covered by the attorney-client privilege, the work-product doctrine, and/of the reporter's privilege," pending production of a Privilege Log by Defendants on May 2, 2022.

Following discussions between Counsel for the Parties, on May 2, 2022, Defendants produced a Privilege Log identifying seven documents they claimed were subject to privilege or work product protection. In response, by the instant Motion, Plaintiffs have identified four documents which they claim are not entitled to attorney-client or journalists' privilege or work product protection. Those four documents are now submitted for *In Camera* review in conjunction with the briefs of the Parties enumerated above.

Plaintiffs argue that the attorney-client privilege does not extend to business advice provided by in-house counsel but applies only to legal advice. Plaintiffs contend that the communications at issue do not show that they were sought or provided for the purpose of obtaining or providing legal advice. Thus, Plaintiffs reason that Defendants have failed to meet their burden of showing the communications are entitled to protection as attorney-client privileged communications.

Plaintiffs similarly argue that like the attorney-client privilege, the attorney work product doctrine does not apply to the communications at issue because they were not provided by in-house counsel "in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). Finally, Plaintiffs argue that the journalists' privilege is a qualified privilege that applies only to facts, acquired by a journalist, in the course of gathering the news. *Shoen v. Shoen,* 5 F.3d 1289, 1292-93 (9th Cir. 1993).

Defendants respond that Fed. R. Civ. P. 45(e)(2)(B) specifically provides that a "party may claim privilege over a non-party's production in response to a subpoena," and requires that when such a privilege claim is asserted, the responding party must not use, review, or disclose the information until the privilege claim is resolved. Defendants contend that by specifically identifying the documents and the basis for protection on its privilege log of May 2, 2022, they have satisfied their burden to make a *prima facie* showing that the documents are protected. Defendants further argue that Plaintiffs have failed to establish

the need for *In Camera* review of the four documents at issue because they have not presented sufficient evidence to support any reasonable belief that the documents in question are not privileged.

Plaintiffs reply that Rule 45(e)(2)(B) expressly provides that a party who is notified of a non-party's production of allegedly privileged material "may promptly present the information under seal to the court." Plaintiffs further contend that Defendants must do more than point to Mr. Hinueber's status as in-house counsel for the Review-Journal on the dates three of the disputed documents were generated to support their privilege claims because they do not show the primary purpose of each document was to deliver legal, not business advice.

Under the circumstances laid out in the briefs submitted, and in light of the temporal urgency given the need for a ruling on the four documents at issue by tomorrow, I find no impropriety in the submission of the documents for *in camera* review and will consider the documents presented under seal on May 4, 2022, and the Motion to Overrule the claims of privilege and work product protection on the arguments presented in the briefs filed.

As reflected in the brief description of the four documents submitted under seal for review (Doc. 678), three of the documents (Documents 1, 3, and 4) were generated by Mark Hinueber, Esq. According to the briefs submitted, Mr. Hinueber[2] was hired as in-house General Counsel for GateHouse and from the briefs submitted, appears to have served in that capacity for GateHouse until he resigned from GateHouse on December 10, 2015. The briefs are unclear as the dates of Mr. Hinueber's employment as General Counsel for the Review-Journal under the ownership of Defendants, but from the documents submitted for review, it appears he still held that position through January 24, 2016. Document 2 is an email exchange between Editors at the Review-Journal with copies to Jason Taylor.

---

[2] Mr. Hinueber is now deceased and hence in unavailable as a witness.

Following are my findings with respect to each of the four documents presented for *in camera* review[3]:

Document No. 1 is an email from Mr. Hinueber to three individuals, including Jason Taylor, dated September 4, 2015, regarding the allocation of certain salaries under the Joint Operating Agreement. It does not appear to provide legal advice at all. Moreover, at a prior arbitration between the Parties conducted in 2019, the Review Journal's internal discussions regarding allocations under the JOA were held not protected by privilege. Defendants have failed to show this particular document should be treated differently here. Therefore, claims of privilege and work product protection are overruled as to Document No. 1.

Document No. 2 is an email exchange between two employees of the Review-Journal, with copies to Jason Taylor, dated January 24, 2016. The contents of the emails shows that the discussion relates to the authentication of facts relating to a news story and the need to consult with General Counsel Hinueber before proceeding further. On the record presented I find Defendants have made a sufficient preliminary showing that Document No. 2 qualifies for protection under the journalist's privilege.

Documents Nos. 3 and 4 are email exchanges between Mr. Hinueber and Review-Journal editorial staff, with copies to Jason Taylor, which contain sufficient legal analysis and advice, as well as verification of factual information relating to news stories sufficient to qualify them preliminarily for attorney-client and journalist's privilege protections in connection with the deposition of Jason Taylor.

---

[3] Each of the findings made with respect to the four documents presented under seal for review are necessarily preliminary, limited to the record thus far developed, and subject to further review by the Court with respect to admissibility.

6

IT IS THEREFORE ORDERED that Plaintiffs Motion to Overrule Defendants' Privilege and Work Product Protection Claims over Non-Party Documents and to Compel Production of Documents (Doc. 676 and 675) is Granted with respect to Document No. 1 submitted for *In Camera* review (Doc.678), and is Denied with respect to Documents Nos. 2, 3, and 4.

IT IS FURTHER ORDERED that the Stipulation and Order Regarding Sealing Plaintiff's Motion (Doc. 674) is Granted.

IT IS FURTHER ORDERED that Plaintiff's Motion for an Order Shortening Time (Doc. 677) is Denied.

IT IS FURTHER ORDERED that should the Parties seek review of this Order before the Court, they shall provide to the Court a copy of the documents submitted for *In Camera* review in conjunction with any objections or appeal filed.

Dated this 11th day of May 2022.

_____
Hon. Philip M. Pro (Ret.)
SPECIAL MASTER