**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants.<br><br>LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>Defendants. | 2:19-cv-01667-GMN-VCF<br><br>**ORDER RE COUNTERDEFENDANT GREENSPUN MEDIA GROUP'S MOTON FOR PROTECTIVE ORDER REGARDING DEFENDANT'S FRCP 30(b)(6) DEPOSITION (DOC. 693)** |

Before the Court for consideration is Counterdefendant Greenspun Media Group, LLC's ("GMG") Motion for a Protective Order Regarding Defendants' FRCP 30(b)(6) Deposition (Doc. 693) filed May 27, 2022. The deposition is currently scheduled for July 12, 2022.

1

Defendants and Counterclaimants filed both a Redacted and Sealed Opposition to GMG's Motion on June 10, 2022 (Doc. 703 and 704), together with a Stipulation and Order Regarding Sealing Opposition (Doc. 702), which was approved by the Court on June 13, 2022. GMG filed a Reply memorandum (Doc. 709) on June 17, 2022.

By this Motion, GMG seeks a Protective Order with respect to eleven of forty topics enumerated in Defendant's Notice of FRCP 30(b)(6) dated April 14, 2022. Eight of those topics, or a portion thereof, (Topics 4, 24, the second subject of Topic 25, and Topics 28, 29, 30, 31, and 33), have been the subjects of prior Orders deeming them to be non-discoverable as irrelevant and disproportionate to this case, and/or facially overbroad and unduly burdensome. Those Orders were entered by a Judge of this Court, or by the undersigned Special Master and affirmed by a Judge.

Nonetheless, GMG has offered partial compromises to allow limited examination of its Rule 30(b)(6) Witness as outlined in its Motion and Reply memorandum. Defendants argue persistently that it should be allowed to explore each of those eight topics without limitation. I find otherwise. The issues related to these eight topics have been vetted repeatedly throughout these proceedings and are exhausted.

Having considered the arguments presented on the papers and at the hearing conducted July 6, 2022, I find that Defendants have failed to show that the prior Orders entered with respect to each of these eight topics should be modified to allow full examination of GMG's Rule 30(b)(6) Witness on the eight topics at issue provided that examination of the Witness will be permitted to the extent a compromise was offered by GMG in its Motion and Reply.

The remaining four topics are Topic 8, relating to the capitalization of GMG as the parent company of Plaintiff, Las Vegas Sun, Inc.; the first part of Topic 25, seeking disposition of a $2,1219,194.50 judgment received by Plaintiff in *Las Vegas Sun, Inc. v. News+Media Capital Group LLC, et al.,* No. A-18-772591-B, provided to GMG on November 11, 2021; Topic 13, the manner in which GMG and the

Sun financially account for any combined GMG and printed Sun editorial, news, and business operations, including, but not limited to, the allocation of revenues, overhead, expenses, operating expenses, and capital expenditures to GMG versus the printed Sun; and Topic 21, seeking any shareholder distributions the Sun has made, including the $25,045,034.33 distribution listed in the Sun's balance sheets produced in this action.

Topic 8 is entirely overbroad and burdensome as applied to GMG and irrelevant because, as argued by Plaintiff, undercapitalization of a subsidiary may be a relevant factor in determining unity of interest and ownership for purposes of alter-ego liability, but here, GMG is the parent, not the subsidiary Las Vegas Sun, Inc. *Schirmer v. Avalon Health Care, Inc.,* 2017 WL 1927913 at *3 (D. Ariz. May 10, 2017); *In re Western States Wholesale Nat. Gas Litig.,* 605 F. Supp. 2d 1118, 1133 (D. Nev. 2009); and *Hall v. High Desert Recycling, Inc.,* 2011 WL 5373787, at *2 (D. Nev. Nov. 4, 2011). In sum, Topic 8 seeks discovery of GMG that is not relevant nor proportional to the needs of this case. It is, therefore, Denied.

Similarly, the first subject of Topic 25 also seeks discovery irrelevant to the issues in this case and is Denied.

GMG objected to Topic 13 as compound, overbroad, and unduly burdensome, particularly because it was without temporal limitation. However, I find that GMG's proposed compromise that it will produce a witness to testify regarding how it allocates revenue generated by the printed Sun for the timeframe of January 1, 2014, until present, but will not produce a witness to testify regarding revenue generated by other non-Sun, GMG publications, is a reasonable accommodation and is adopted as the Court's Order with respect to Topic 13.

Finally, GMG objects to Topic 21 on the ground that the Sun's shareholder distributions are not relevant to any claims or defenses asserted in this case. I find GMG's compromise proposal to produce a

witness to testify regarding shareholder distributions made by the print Sun from January 1, 2014, to present is appropriate and is adopted as the Court's Order with respect to Topic 21.

IT IS THEREFORE ORDERED that Counterdefendant GMG's Motion for Protective Order (Doc. 693) is Granted subject to the limited compromise proposals outlined in this Order.

Dated this 7th day of July 2022.

_____
Hon. Philip M. Pro (Ret.)
SPECIAL MASTER