**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants.<br><br>LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>Defendants. | 2:19-cv-01667-GMN-VCF<br><br>**ORDER RE DEFENDANTS' MOTION FOR RELIEF RE DEPOSITION CONDUCT (DOC. 691)** |

Before the Court for consideration is Defendants' Motion for Relief Re Deposition Conduct (Doc. 691) filed May 19, 2022. On June 2, 2022, Plaintiff filed its Opposition to Defendants' Motion (Docs. 694 and 695). Subsumed therein was Plaintiff's Countermotion for Discovery Sanctions (Docketed separately

1

as Docs.696 and 697). On June 8, 2022, the Parties filed a Stipulation to Permit Consolidated Briefing (Doc. 700) which was Granted the same date (Doc. 701). On June 16, 2022, Defendants filed a Reply in support of their Motion for Relief RE Deposition Conduct (Doc. 707), and Opposition to Plaintiffs Countermotion for Discovery Sanctions (Doc. 708). Finally, on June 23, 2022, Plaintiff filed a Reply in support of its Countermotion for Discovery Sanctions (Doc. 711). A hearing was conducted on the foregoing Motions on July 6, 2022.

The foregoing array of briefs stem from an issue which arose during the deposition of Defendant Review Journal's Publisher, Keith Moyer, conducted on April 5, 2022. Specifically, Defendants argue that during examination of Moyer, Plaintiff's Counsel "repeatedly mischaracterized the contents of" Defendant Review Journal's Notice of Default letter to Plaintiff dated April 29, 2019, by stating "at least four times that the Review-Journal's notice of default letter to Sun for its breaches of the parties Joint Operating Agreement" were "uncurable" and "could not be cured," when in fact the letter actually stated: "Please note, Section 9.1.2 of the JOA gives Sun Corporation sixty days to cure certain of its defaults."

Defendants contend the conduct of Plaintiff's Counsel violated his "duties of candor and truthfulness," violated various provisions of the Nevada Rule of Professional Conduct, improperly badgered witness Moyer, and warrants the following relief:

1. Striking the portion of Moyer's deposition testimony containing the Sun's misrepresentations;
2. Admonishing Sun's Counsel for making false representations to a witness about the contents of a document that had not been placed before the witness during examination;
3. Prohibiting Sun's counsel from misrepresenting the contents of any document, or misrepresenting any material fact, to any witness;

4. Amending the Court's March 15, 2022, Order approving the Parties' stipulated protocols for depositions (Doc. 618), to allow counsel to object on the grounds that opposing counsel is misstating the contents of a document that has not been presented to the witness; and

5. Granting Defendant Review Journal an award of its attorneys' fees and costs associated with bringing the instant motion.

Plaintiff does not dispute that its Counsel was wrong during examination of Mr. Moyer when he represented that Defendants Notice of Default letter to Plaintiff stated the "deficiencies or defaults" alleged were "uncurable," or "could not be cured." I find this is not a subject amenable to reasonable debate as the Notice of Default letter clearly states in the second paragraph that the JOA gives Plaintiff "sixty days to cure certain of its deficiencies."

Instead, Plaintiff argues that Defendants attack on Plaintiffs' Counsel and its request for sanctions and other relief is unwarranted because Defendants have failed to show Plaintiffs Counsel misrepresented a fact and "did so knowingly." On this point, I agree with Plaintiff.

Showing that an attorney misstates the content of a letter or exhibit during examination of a witness does not automatically establish that the factual misstatement was made knowingly. The record adduced does not establish that it was. The excerpts of the Moyer deposition produced in exhibits to briefing on the instant motion show that each time Plaintiffs Counsel mischaracterized the content of the Notice of Default letter, an "Objection as to form" was asserted by Defendants Counsel. While this was consistent with Section 2 of the Joint Stipulation to Set Deposition Protocols (Doc. 616) entered by the Parties on March 14, 2022, and approved by the Court on March 15, 2022, the form objection did not call out the nature of the "form" of the question at issue such as "misstates the content of the letter." Also, Section 6 of the Stipulation regarding Deposition Protocols permits counsel examining a witness to request the basis for an objection to determine whether to restate the question. Plaintiffs Counsel did not do so. As a result,

it is not apparent that at the time of the deposition, Counsel for either Party, or Witness Moyer, had a clear recollection of the contents of three page Notice of Default letter.

Alternatively, the factual error in the question could have been corrected at that time by simply invoking Section 4 of the Stipulation for Deposition Protocols which specifically permits objections pursuant to Federal Rule of Civil Procedure 32(d)(3)(B)(i), which includes objections regarding "other matters that might have been corrected at that time."[1] This, of course, assumes Counsel for Defendants was aware of the factual error in the question posed to Mr. Moyer. If Counsel for Defendants was aware, they should have called it out. If unaware, then the record supports the finding that neither Plaintiffs nor Defendants Counsel was acting "knowingly" with respect to the questions at issue.

In sum, the Deposition Protocols as stipulated are expressly designed to "ensure that depositions are conducted efficiently and to minimize disputes." They are perfectly adequate to correct a question predicated on a misstatement of fact if applied in a common sense and reasonable manner and no amendment is required.

Neither is striking the portion of Moyer's deposition testimony responding to Plaintiffs question which misstated a fact warranted. There is a salient difference between an examination of a witness at deposition and the examination of the same witness at trial. The examination reflected in the deposition excerpts of Moyer's deposition included as Exhibits to the instant Motion to be repeated at trial is unlikely to nonexistent. The trial judge will be in the best position to control the mode of examination and determine which testimony will be allowed at the trial of this case. Although I may have strong views on

---

[1] Additionally, as has been stressed at prior hearings by the undersigned, when counsel encounter an issue in the midst of a deposition that requires the attention of the Court immediately, they are free to attempt to reach me by telephone through the JAMS Case Manager and if available I will attempt to address it.

the subject, I find it appropriate as Special Master to defer to the trial judge to determine the "mode and order of examining witnesses" at trial in accord with FRE 611.

At this point, after exhaustive briefing and argument on the matter, anyone within earshot of this case knows the content of the Notice of Default letter dated April 29, 2019. Any counsel who repeats the error before the Court, or who seeks to impeach Mr. Moyer at trial on the basis of testimony given in response to deposition questions which were predicated on a factual assumption now known to be incorrect, would do so at their peril.

Similarly, relief in the form of an admonition not to make false representations or misrepresenting the contents of any document to a witness is unnecessary. Counsel for the Parties in this case are all experienced, and capable trial counsel who have consistently adhered to the high standards of professional conduct of the legal profession. The Court certainly does not expect any counsel involved in this case to knowingly misrepresent anything and I find that an admonition is not necessary for counsel to know that any misrepresentation of fact or law will be sanctioned by the Court if found to have occurred. Therefore, I find that Defendants' Motion for Relief should be denied.

I further find that on the record adduced, Plaintiff has failed to establish a basis for Discovery Sanctions as set forth in its Countermotion (Docs. 696 & 697). Therefore, Plaintiff's Countermotion should also be denied.

Finally, the increasingly strident tone exhibited in the foregoing litany of motions suggests that after years of tedious and costly document and deposition discovery, the discovery process is weighing heavily on Counsel. The Parties would be well served by completing discovery and preparing this case for resolution at trial, or other resolution. As is undoubtedly apparent to Counsel by the rather abrupt manner in which I closed the hearing on this Motion, I am of the view that it is time for Counsel to complete the discovery process within the confines of the latest discovery schedule approved by the Court.

Based upon the foregoing findings,

IT IS ORDERED that Defendants' Motion for Relief Re Deposition Conduct (Doc. 691) is Denied.

IT IS FURTHER ORDERED that Plaintiffs Countermotion for Discovery Sanctions (Doc. 696 & 697) is Denied.

Dated this 11th day of July 2022.

_____
Hon. Philip M. Pro (Ret.)
SPECIAL MASTER