UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants. | 2:19-cv-01667-GMN-VCF<br><br>**ORDER RE PLAINTIFF'S MOTION FOR LEAVE TO TAKE FIVE ADDITIONAL DEPOSITIONS (DOC. 656)** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>Defendants. | |

On April 25, 2022, Plaintiff Las Vegas Sun, Inc., and Counterdefendants Brian Greenspun and Greenspun Media Group, LLC, (collectively referred to herein as "Plaintiffs") filed a "Redacted" Motion for Leave to Take Five Additional Depositions, or, in the Alternative, Six Additional Depositions (Doc.

1

656), together with a "Redacted" Appendix of Exhibits (Doc. 657). Concurrent therewith, Plaintiffs filed a Stipulation and Order (Doc. 655) Sealing "Unredacted" copies of the same Motion and Appendix of Exhibits (Docs. 658 & 659). Defendants'/Counterclaimant's (collectively referred to herein as "Defendants") filed their Opposition to Plaintiff's Motion (Doc. 682) on May 9, 2022, and Plaintiffs filed a Reply (Doc. 689) on May 16, 2022. On July 6, 2022, a hearing was conducted on this and other pending Motions.

By their Motion, Plaintiffs seek permission to conduct five additional depositions beyond the 12-deposition limit established by the Order Re: Protocol for Resolving Discovery Disputes and Deposition Scheduling (Doc. 484) entered October 4, 2021. That Order also provided, in pertinent part, that "Additional fact depositions may be taken only with leave of the Court or on stipulation of the Parties." As Defendants have declined to stipulate to the additional depositions requested, Plaintiff's Motion is filed in compliance with the Protocols imposed.

On the verge of exhausting its 12 allocated depositions already scheduled, Plaintiffs seek to add 5 more for a total of 17 total depositions. Those five are (1) Stephen Hall, the Review Journal's Chief Financial Officer who Plaintiffs contend possesses knowledge on several relevant issues important to the case; (2) Janet Owen, Review Journal's Vice President of Production; and (3) Belinda Englman, the Review Journal's Vice President of Digital, both of whom Plaintiffs contend have information relevant to the claims in this case; and Rule 30(b)(6) depositions of (4) third-party GateHouse Media, LLC (now Ganett), the predecessor owner of Review Journal, and employer of Jason Taylor; and (5) third-party Mather Economics. Plaintiffs contend Mather, like GateHouse, has relevant testimony unavailable from any other witness.

Separately, Plaintiffs seeks authority to conduct a full day of cross examination of Defendants deponent, Jason Taylor, as either not constituting an additional deposition, or if it does, then authorization to take a sixth additional deposition.

In support of its Motion, Plaintiffs argue that in their respective Rule 26 Disclosures, Defendant Review Journal identified 25 witnesses, document custodians, and subpoenaed nonparties likely to have discoverable information supporting its claims and defenses, and Plaintiffs identified 31 witnesses (9 of which overlap with those disclosed by Defendants).

In the balance of their Motion, Plaintiffs outline in detail the information they seek to obtain from the five additional proposed deponents, and argue they show good cause for the relief requested which does not seek cumulative or duplicative testimony, or testimony available through others means. Additionally, Plaintiffs contend their request is proportional to the needs of the case within the limits outlined in Fed. R. Civ. P. 26(b)(1).

Defendants cite to previous admonitions by the undersigned Special Master that the discovery process had "spun out of control" with respect to document production, and Judge Ferenbach's reminder of reasonable limitations on discovery imposed by the Rules of Civil Procedure. Defendants argue that the extensive discovery permitted in this case already, and the fact that Plaintiffs will not complete the depositions already permitted until August 19, 2022, which is two months after the fact discovery cutoff date, warrants denial of Plaintiffs latest request to allow five additional fact depositions.

Defendants submit a chronicle of the discovery cut off extensions in this case beginning with Plaintiffs originally proposed 90-day fact discovery and 30-day expert discovery period (Doc. 63). The original Court ordered discovery period of 270 days expired on February 22, 2021, and imposed a limit

of 10 fact witness depositions for each Party. (Doc. 74). Still, on February 22, 2021, Plaintiffs sought and were granted a 90-day extension for fact discovery through May 24, 2022 (Doc. 239), and an additional 180-day extension of fact discovery through November 22, 2021. (Doc. 304).

Following my appointment as Special Master to supervise pretrial discovery in April 2021, and submission of a revised Discovery Plan and Scheduling Order by the Parties, the close of fact discovery was again extended through April 22, 2022, and expert discovery was permitted through August 23, 2022. Thereafter, at a hearing conducted September 7, 2021, Plaintiffs sought at least 20 depositions leading to entry of the Court's Order Re: Protocol for Resolving Discovery Disputes and Deposition Scheduling (Doc. 484) on October 4, 2021. The protocol permitted the Plaintiffs and Defendants a total of 12 fact witness depositions each. The April 22 deadline was thereafter extended without objection for an additional 45-day period through June 7, 2022, due to the unfortunate death of the father of Plaintiff's lead Counsel. (Doc. 552)

Defendants contend that proposed deponent Stephen Hall has been listed as a potential witness since April 28, 2021, and that the topics enumerated by Plaintiffs will be covered by Defendants Rule 30(b)(6) witnesses, one of whom will be Stephen Hall.

Defendants argue Plaintiffs have known of Janet Owen as a potential witness since May 6, 2020, and that the information Plaintiffs seek from Ms. Owen will also be covered by Defendants Rule 30(b)(6) witnesses yet to be deposed, as will the subjects cited by Plaintiffs to support its request to depose Belinda Englman.

Although neither Party had previously identified Mather Economics as a potential witness in their mandatory Rule 26 disclosures, Defendants contend that they have already agreed to produce a Rule

30(b)(6) deponent to cover the Review Journal's directives to Mather Economics concerning the subjects requested by Plaintiffs.

Defendants further argue that neither party has ever identified GateHouse, which owned the Review Journal for nine months from March to December 2015, as a potential witness. Nonetheless, Jason Taylor, a high-level GateHouse executive and the Review Journal's former Publisher, has already been deposed on May 10 and May 12, 2022, and is still at issue under Plaintiffs current Motion for further cross examination.

Finally, Defendants argue Plaintiffs have failed to justify the necessity of each deposition they have already taken or already scheduled, that Plaintiffs could not possibly complete five additional depositions by August 19th, that the relief requested is disproportional to the needs of this case, and that Plaintiffs have separately failed to show good cause for a full 7-hour day to complete cross examination of Jason Taylor.

Having considered the arguments presented by the Parties, I find that Plaintiffs have failed to show good cause to further expand the fact witness depositions from 12 to 17 as requested. This finding is supported by a number of factors including the extensive history of these proceedings including periods when no depositions were conducted at all, by the weight of authority cited by Defendants throughout its brief in Opposition, and by my conclusion that Plaintiffs request for the five additional fact depositions is not proportional to the needs of this case or the spirit of the Federal Rules of Civil Procedure to secure the just, speedy, and inexpensive determination of every action. Moreover, Plaintiffs have not shown that they will be unable to secure sufficient discovery on the subjects sought from Defendants Rule 30(b)(6) witnesses or other witnesses yet to be deposed. However, I find that allowing Plaintiffs to complete the

cross-noticed deposition of Jason Taylor for a full 7-hour day will not be assessed as a 13th deposition by Plaintiffs and may proceed.

The Parties share a responsibility to complete discovery in this case within the limits most recently set by the Court and are expected to do so.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Take Five Additional Depositions, or, in the Alternative, Six Additional Depositions (Docs. 656, 657, 658, and 659) is Denied provided that Plaintiffs may complete the deposition of Jason Taylor as provided above.

IT IS FURTHER ORDERED that the Stipulation and Order Regarding Sealing Plaintiff's and Counterdefendants' Motion for Leave to Take Five Additional Depositions or, in the Alternative, Six Additional Depositions (Doc. 655) filed April 25, 2022, is Granted.

IT IS FURTHER ORDERED that Plaintiff's Motion for an Order Shortening Time for Motion for Leave to Take Five Additional Depositions (Doc. 660) is Denied as moot due to the joint request of the Parties to set hearings on multiple motions for hearing on July 6, 2022, to accommodate the schedules of counsel (Doc. 698).

Dated this 11th day of July, 2022.

_____
Hon. Philip M. Pro (Ret.)
SPECIAL MASTER