UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants. | 2:19-cv-01667-GMN-VCF<br><br>**ORDER RE DEFENDANTS' MOTION TO COMPEL SECOND DEPOSITION OF ROBERT CAUTHORN IN AN INDIVIDUAL CAPACITY AND AS LAS VEGAS SUN, INC'S, RULE 30(b)(6) DESIGNEE, AND FOR SANCTIONS (DOC. 637 & 638)** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>Defendants. | |

Before the Court for consideration is Defendants' (hereinafter referred to as "Defendant" or "RJ") Redacted Motion to Compel Second Deposition of Robert Cauthorn in an Individual Capacity and as Las Vegas Sun, Inc.'s Rule 30(b)(6) Designee, and for Sanctions (Doc. 637), filed April 12, 2022. A

1

Stipulation and Order Regarding Sealing portions of Defendants' Motion (Doc. 636) was filed on April 12, 2022, but it does not appear it was signed. To allay any confusion,

IT IS ORDERED that the Stipulation and Order to Seal (636) is hereby approved and Defendants' unredacted Motion (Doc. 638) may be filed under seal.

On April 26, 2022, Plaintiff (hereinafter referred to as "Plaintiff" or "Sun") filed an Opposition (Doc. 663) to Defendants' Motion. On April 27, 2022, the Court approved the Stipulation of the Parties (Doc. 662) to file portions of Plaintiff's Opposition under seal (Doc. 666). Defendants filed a Reply memorandum on May 3, 2022. (Doc. 673), and the Motion was scheduled for hearing to be conducted on May 20, 2022. However, on May 13, 2022, the hearing was continued to permit the Parties to pursue mediation efforts which have thus far failed to produce a resolution. Therefore, the matter was restored for a hearing conducted on July 6, 2022.

In the interim, on May 17, 2022, the Sun filed a Notice of Supplemental Authority (Doc. 690) to which the RJ Responded and Moved to Strike (Doc. 692) on May 25, 2022. The Notice simply advises the Court of a new Administrative Order Regarding Deposition Behavior (No. 22-08) adopted by the Eighth Judicial District Court of Clark County, Nevada issued May 9, 2022. The Administrative Order is based on the Nevada Rules of Civil Procedure and was issued after the events raised in the instant Motion. It is not directly applicable to proceedings in United States District Court but is informative on the subject of how courts generally attempt to cope with increasing issues relating to problematic conduct of counsel at depositions. I find no good cause to strike it.

IT IS THEREFORE ORDERED that leave is Granted to Plaintiff to file the Notice of Supplemental Authority (Doc. 690), and Defendants' request to strike the Notice (Doc. 692) is Denied.

On June 14, 2022, Defendant filed a Motion for Leave to file Supplemental Evidence in support of Motion to Take a Second Deposition of Robert Cauthorn (Doc. 706). The Sun filed an Opposition to the Motion (Doc. 710) on June 17, 2022. By this Motion, RJ seeks leave to file "the Sun's 37th Supplement to Initial Disclosures, served on June 7, 2022 (the last day of discovery)." The RJ contends that at his deposition on March 18, 2022, Cauthorn testified "for the first time" that "he calculated the Sun's alleged damages in this litigation six years ago by using, among other things, Stephens Media's 2013 offer to purchase the Sun. ECF No. 637 at 6." The RJ argues that because it learned of Cauthorn's damages calculation for the first time at his deposition in March 2022, it never had the opportunity to analyze it, consult with its experts, and prepare questions about Cauthorn's damages calculation.

Based upon the foregoing, the RJ contends that even though the Sun claims it will not rely on Cauthorn's damages calculation, the 37th Supplement to the Sun's Initial Disclosures shows the Sun does in fact intend to rely on Cauthorn's calculation as "one measure of the diminution in value of the Sun" based on Stephens Media's 2013 LOI in the amount of $67,500,000.

The Sun responds once again that it does not intend to rely on Cauthorn's damages calculation, and the Sun repeats its offer to prepare its Rule 30(b)(6) witness to testify about the Stephens Media 2013 LOI, citing ECF No. 521-7 at 3, and ECF No. 532 at 14. The Sun further argues that the RJ has known of the Stephens Media 2013 LOI prior to Cauthorn's deposition on March 18, 2022, and in fact did examine Cauthorn about it at his deposition.

Although the 37th Supplement to the Sun's Initial Disclosures arguably does not bring new or contradictory information to the Court's attention, I find that in the interest of making the record on this recurring issue complete, Defendant RJ's Request for Leave to File Supplemental Evidence (Doc. 706), should be Granted. IT IS SO ORDERED.

The foregoing array of filings frame the following issues: " (1) should the Rule 30(b)(6) deposition of Robert Cauthorn be reopened for an additional 90 minutes to permit further examination on the topic of Plaintiff's alleged damages, "including its newly disclosed damages theory;" (2) should the individual deposition of Cauthorn be reopened for additional examination on subjects Cauthorn was instructed by counsel not to answer; (3) should Plaintiff be ordered to pay the reasonable expenses, including attorney's fees and cost of the second deposition, "caused by the Sun's failure to disclose its damages theory, in violation of Judge Weksler's December 17, 2020 order, and its improper instructions not to answer that impeded and delayed Mr. Cauthorn's individual deposition; and (4) should the Sun be ordered to update its Initial Disclosures to include the calculation it disclosed at its 30(b)(6) deposition."

The first issue posed by the RJ's Motion is amenable to simple resolution. The Sun responds to this Motion with the argument that it was never required under Rule 26 to disclose Cauthorn's "back of a napkin estimate" of Sun's damages which he developed approximately six years ago, because the Sun has no intention of relying on Cauthorn's calculation of damages at trial. The Sun reiterates that the Sun's damages claim will be the subject of expert testimony soon to be disclosed, and not reliant on the opinions or estimates of Cauthorn. The RJ replies that if indeed the Sun has no intention of relying on Cauthorn to provide testimony of his calculation of damages (on the back of a napkin or otherwise), then the Sun should be precluded from relying on such testimony by Cauthorn at trial. I agree.

IT IS THEREFORE ORDERED that Plaintiff Las Vegas Sun shall be precluded from eliciting or relying upon the testimony of Robert Cauthorn at trial, or during pretrial proceedings, regarding his estimate of damages suffered by the Sun in this case. To the extent Defendants' Motion seeks additional deposition time to complete Cauthorn's Rule 30(b)(6) deposition, it is Denied.

The second issue raised by Defendant RJ relates to its request for additional deposition time for Cauthorn in his individual capacity. In part, this relates to the contentious examination of Cauthorn regarding the alleged deletion of certain text messages from his telephone. See Defendants' Appendix of Exhibits (Docs. 637-5 at pages 3-5, 637-6 at pages 6-9, 637-7 at pages 2-5, and Plaintiff's Appendix of Exhibits (Doc. 664-6 at pages 4-10. These exhibits reflect a fundamental misunderstanding on the part of Plaintiff as to when it is appropriate to instruct a witness not to answer a question based on a claim of attorney-client privilege.

This misunderstanding is evident in the colloquy beginning at page 229, line 5 through page 230, line 1 of Appendix Exhibit 637-5. The seminal question posed to Cauthorn on the subject asked only what "steps he took to preserve text messages." The question did not ask Cauthorn to disclose what communications he received from his attorney. The question did not ask Cauthorn to disclose who, if anyone, told him to take a particular step to preserve texts. As the United States Supreme Court made clear in *Upjohn Co. v. United States,* 449 U.S. 383, 395-96 (1981), underlying facts, regardless of their source, are discoverable, because the attorney-client privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn,* 449 U.S. at 395. Plaintiff cites no contrary authority to support its attorney-client privilege claim under the circumstances presented. By comparison, Defendants' Motion and Reply memorandum are replete with citations to cases in this District and throughout the Ninth Circuit supporting the finding that directing Cauthorn not to answer the questions as posed based upon the attorney-client privilege was improvident and must be overruled.

IT IS THEREFORE ORDERED that Defendants' Motion (Doc. 637) is Granted to the extent that Defendants shall be permitted to renew the individual deposition of Robert Cauthorn for a period of one-hour to examine him regarding the "steps he took to preserve text messages generally and the specific text

messages referenced in the briefing and exhibits attached thereto. Such questions shall not inquire into communications had between Cauthorn and his counsel. To accommodate the schedules of Counsel and Mr. Cauthorn, the continued deposition allowed by this Order may be conducted be Zoom or a similar electronic communications platform.

The third issue raised by Defendants' Motion to Compel (Doc. 637) relates to a speech Cauthorn gave in May 2005 at the University of California, Berkeley Graduate School of Journalism in which he purportedly made several provocative statements concerning trends within the newspaper industry as a whole.

When asked by RJ's Counsel whether he recalled giving the speech, Cauthorn responded that he recalled giving the speech, but could not recall what he said. When asked whether he recalled saying that "newspapers are history," Cauthorn said he did not recall using those words and asked whether Counsel had a recording of the speech "we can listen to?" Counsel for RJ continued to ask a series of specific questions testing whether Cauthorn recalled making particular statements in the speech and each time Cauthorn either said he could not recall, or attempted to place a particular statement in context.

Counsel for Sun objected to the line of questioning because Cauthorn had not been provided with a copy of the speech to see whether he had made those statements. The RJ's Counsel declined to provide a copy of the speech. Finally, Counsel for the Sun instructed Cauthorn not to answer. At times Cauthorn complied with Counsel's instruction, but at other times he attempted to respond to some of the questions. Finally, Sun's Counsel threated to end the deposition if RJ's Counsel would not provide Cauthorn with a copy of the speech.

The RJ characterizes what occurred during Cauthorn's examination about the 2005 speech as a desperate attempt by Sun to prevent Cauthorn from answering questions about the speech during which "Sun's counsel made frivolous objections to form, repeatedly instructed Mr. Cauthorn not to answer, and

threatened to terminate the deposition multiple times." The RJ agrues that "the Sun instructed Mr. Cauthorn not to answer and threatened to walk out of the deposition because Cauthorn was not given an opportunity to review the speech before giving testimony that could be impeached by the speech" thereby depriving the RJ of its only opportunity to obtain unrehearsed answers from Cauthorn about his prior statements. The RJ contends the Sun's conduct warrants an additional one-hour of deposition time for Cauthorn's continued deposition with the Sun bearing the costs of the second deposition, and payment to the RJ of reasonable fees and costs incurred in bringing this motion.

The Sun responds that the RJ is not entitled to additional deposition time or sanctions relating to the 2005 speech because the RJ violated Federal Rule of Civil Procedure 26 and Federal rule of Evidence 613 by failing to disclose the speech "prior to the deposition" or when Counsel for the Sun requested a copy of it. The Sun further argues that it was the RJ that chose to discontinue the questioning instead of simply providing a copy of the speech for review. I find the Sun is partially correct in its responsive argument.

Rule 26 (a)(1)(A)(ii) does not require disclosure of documents in the possession of a party that may be used to support its claims or defenses if the document would be used solely for impeachment. I agree with the RJ's argument that the 2005 speech was intended to be used solely for impeachment. Therefore, the RJ was not obligated to disclose the speech prior to examination of Cauthorn.[1] However, once Counsel for the RJ elected to utilize the 2005 speech for impeachment at Cauthorn's deposition, although the RJ was not required to "show or disclose its contents to the witness," FRE 613(a) requires

---

[1] Had it chosen to do so, the RJ could alternatively have laid the foundation for use of the speech document at trial by asking Cauthorn whether he had made particular statements about trends in newspaper journalism at any prior time. If he testified he had not, the speech could be used for impeachment at trial without pretrial disclosure.

that the RJ "must, on request, show it or disclose its contents to an adverse party's attorney." The record adduced shows that Counsel for the Sun requested a copy of the speech, and the RJ did not produce it.

The result was a deposition segment in which Cauthorn responded to some of the questions posed regarding prior statements, indicated he could not recall in response to others, and a few where he followed the instruction of his counsel not to answer the question. Whether any of the testimony will be of use for impeachment at trial must await the event. However, as noted by the RJ, now that the speech has been disclosed, its utility as a vehicle for further impeachment at trial is likely compromised. On the record adduced, I find this is a consequence of confusion which could have been allayed had the RJ complied with FRE 613(a).

IT IS THEREFORE ORDERED that Defendant's Motion to Compel additional deposition time of Cauthorn on this topic, and the Request for Sanctions are Denied.

Based upon the foregoing,

IT IS ORDERED that Defendants' Motion to Compel Second Deposition of Robert Cauthorn (Doc. 637 & 638) is Granted to the extent provided in the text of this Order above and Denied in all other respects. To the extent Defendants' Motion (Doc. 637 & 638) seeks an award of Sanctions, the Motion is Denied.

IT IS FURTHER ORDERED that the Stipulation and Order to Seal (Doc. 636) is Granted; Plaintiff is granted leave to file the Notice of Supplemental Authority (Doc. 690) and Defendants' Motion to Strike Notice (Doc. 692) is Denied; and Defendants' Request to File Evidence (Doc. 706) is Granted.

Dated this 15th day of July 2022.

                                            Hon. Philip M. Pro (Ret.)
                                            SPECIAL MASTER