**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., <br><br>             Plaintiff, <br><br> vs. <br><br> SHELDON ADELSON, *et al.*, <br><br>             Defendants. | Case No. 2:19-cv-01667-ART-VCF <br><br> **ORDER** <br><br> DEFENDANTS' OBJECTION TO THE SPECIAL MASTER'S ORDER (ECF NO. 716); DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS OBJECTION (ECF NO. 735) |

Defendants filed an objection to the Special Master's order and they filed a motion for leave to file a reply in support of their objection. ECF Nos. 716 and 735. I overrule the defendants' objection. ECF No. 716. I read and considered the defendants' proposed reply, so I grant defendants' motion for leave to file a reply in support of the objection. ECF No. 735.

**I.    Background**

This action commenced with the filing of a complaint on September 24, 2019. ECF No.1. On May 4, 2020, Magistrate Judge Weksler denied the Adelson parties' motion to stay discovery. ECF No. 61. A scheduling order was entered on June 10, 2020. ECF No. 74. Given the complexities of this case and the contentious manner in which both sides were litigating discovery issues, Judge Weksler scheduled periodic Case Management Conferences with expedited briefing schedules. ECF No.69.

On January 22, 2022, Judge Weksler recused herself from the case. ECF No. 325. Between June 10, 2020 and January 22, 2021, over 260 docket entries were generated. The vast majority

concerned discovery disputes.  After reviewing the file, I entered an Order to Show Cause Regarding Appointment of Master Pursuant to Fed. R. Civ. P. 53(a)(1).  On April 7, 2021, I appointed the Honorable Philip Pro to serve as a Special Master to supervise discovery in this case.  ECF No. 383.

Between April 7, 2021 and August 5, 2021, over 350 docket entries were generated.  The vast majority concerned discovery disputes.  Over 130 orders have been entered during the pendency of this case.  Again, the vast majority concern discovery.

Before me now is the Adelson parties' objection, ECF No. 716, to Judge Pro's order ECF No. 713.  A response has been filed.  ECF No. 733.  The Adelson parties have sought leave to file a reply.  ECF Nos. 735, 736 and 737 (sealed version of 736).

Pursuant to Fed. R. Civ. P. 53(3), I review Judge Pro's order de novo.

## II. Discussion

### a. Legal Standard

Federal Rule of Civil Procedure provides that the Court must review a Special Master's conclusions of law and factual findings de novo. Fed. R. Civ. P. 53(f)(3)– (4). "The Special Master's discovery rulings and recommendations are inextricably intertwined with conclusions of fact and law and so are reviewed de novo." *Hernandez v. Lynch*, 2019 WL 6998774, at 2 (C.D. Cal. Jun. 18, 2019) (collecting cases). Under the de novo standard, the Court decides "the matter anew," as if no prior decision had been rendered. *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).

Federal Rule of Civil Procedure 26(c) allows the court to issue a protective order if the party seeking the order establishes "good cause" and the protective order is required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The party seeking protection bears the burden of showing specific prejudice or harm will

result if no protective order is granted." *Taylor v. Shaw*, 2007 WL 710186, at 1 (D. Nev. Mar. 7, 2007) (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)) (emphasis added).

### b. Analysis

I have conducted an independent review and give fresh consideration of all issues to which specific objections have been made. This dispute centers on four categories of topics: (i) the Family Agreement (Topics 4 and 33); (ii) the operations of GMG's non-Sun publications (Topics 28-31); (iii) damages to the lasvegassun.com's brand (Topic 24); and (iv) the Sun's shareholder distributions, the disposition of settlement proceeds obtained from Stephens Media, and the disposition of the 2019 judgment against the Review-Journal (Topics 21 and 25).

### i. First Category: The Family Agreement (Topics 4 and 33)

The first category pertains to excluding the Greenspun Family Global Agreement from discovery (Topic 4) and excluding discovery about efforts to sell the printed Sun (Topic 33). The Sun argues that the Court's order regarding Topic 22 of the Review-Journal's 30(b)(6) deposition notice to the Sun bars testimony regarding Topics 4 and 33. Topic 22 sought testimony regarding "[t]he sale or possible sale of the Sun (or any ownership interest in the Sun) to any person, or any offers to buy the Sun (or any ownership interest in the Sun)," and the Sun sought a limited protective order on this Topic to avoid testimony regarding prior proposed sales of the Sun (one involving Stephens and the other involving Mr. Greenspun's siblings). ECF No. 520 at 14 and 22. Judge Pro issued a protective order with respect to Topic 22. ECF No. 565 at 2.

The Adelson parties argue that the Sun's Rule 30(b)(6) designee recently testified that one way the Sun measures its alleged damages in this case is to analyze a 2013 proposed sale of the Sun to Stephens and compare it to a 2017 proposed sale of the Sun to defendants. ECF No. 716 at 10. The Adelson parties argue that the Sun and its parent, GMG, want to rely on two prior contemplated sales of

the Sun to support its damages—the 2013 offer from Stephens Media and a 2017 offer from defendants—but seek to preclude any questioning about the Greenspun Global Family Agreement—an actual intervening sale of the Sun in 2014—and all proposed or contemplated sales of the Sun, including the 2013 and 2017 contemplated sales the Sun is relying on to support its damages claim. ECF No. 716 at 11.

Judge Pro reviewed the Greenspun Global Family Agreement in camera and found that the Family Agreement is "not relevant to the instant litigation and need not be produced[.]" Having reviewed an in camera submission of the Greenspun Family Global Agreement, I find the contents of this document are not relevant to any claim or defense asserted in this case. Were I to agree with defendants' arguments in support of a finding of relevance, as set forth in their briefing (See ECF Nos. 716 at 7-10 and 737 at 2-3), I would, never-the-less overrule defendants' objections regarding Topics 4 and 33, based on considerations of time, costs and proportionality.

### ii. Second Category: The Operations of GMG's Non-Sun Publications (Topics 28-31)

The second category pertains to non-Sun publications' operations, including their advertising sales, circulation, readership, targeted audiences, and printing operations (Topics 28-31). The Sun argues this is sensitive and irrelevant information. ECF No. 733 at 12. Judge Pro held that GMG's non-Sun operations are not relevant to the claims and defenses in this action. ECF Nos. 505 and 713. For example, the Adelson parties target GMG's advertising sales operations in Topic 30, seeking testimony about "GMG's efforts to market advertising space in its publications." ECF No. 693-2 at 7. Judge Pro precluded the Adelson parties from obtaining testimony about GMG's non-Sun publications because GMG's non-Sun publications are irrelevant, and they are not products in the relevant market. See ECF No. 505 at 5-6; ECF No. 713 at 2.

I find that GMG's non-Sun publications are not competitors in the relevant market because the relevant market in this case is the local, daily print newspaper market in Clark County, Nevada. ECF No. 621. Within that relevant market are only two competitors—the Sun and the Review-Journal. *Id.* Since GMG's non-Sun publications are not competitors in the relevant market for local, daily print newspapers, Topics 28-31 regarding non-Sun publications are non-discoverable, irrelevant, and disproportional.

### iii. The Third Category: Damages to the lasvegassun.com's Brand (Topic 24)

Through Topic 24, the Adelson parties seek testimony about "[t]he extent to which GMG separates or distinguishes the brand of the printed Sun versus the brand for LasVegasSun.com." ECF No. 693-2 at 7. The Adelson parties argue that GMG's efforts to distinguish the brand of the printed Sun newspaper from that of LasVegasSun.com are relevant to the Sun's damages theory and therefore information related to the lasvegassun.com brand is discoverable. ECF No. 716 at 11. The Sun argues that it does not seek damages for the harm to lasvegassun.com. ECF No. 733 at 19. The Sun also notes that the JOA requires the RJ to promote the Sun newspaper, not lasvegassun.com. ECF No. 621. The Sun also argues that the Adelson parties may depose the Sun's experts following the expert disclosure deadline. Since the Sun only seeks damages for the printed Sun, not lasvegassun.com, I find that discovery related to the lasvegassun.com website's brand is irrelevant.

### iv. Fourth Category: The Sun's shareholder distributions, the disposition of settlement proceeds obtained from Stephens Media, and the disposition of the 2019 judgment against the Review-Journal (Topics 21 and 25)

For Topics 21 and 25, the Adelson parties seek testimony about certain shareholder distributions and about the disposition of settlement and judgment proceeds that the Sun has obtained from the current and past owners of the Review-Journal. ECF No. 693-2 at 7. The Adelson parties argue

that these Topics are relevant to its claims that GMG and Brian Greenspun are the alter ego of the Sun. ECF No. 716 at 14, 21. For Topic 21, Judge Pro held that "shareholder distributions are not relevant to any claims or defenses asserted in this case." ECF No. 713 at 3. Judge Pro also determined that "Topic 25 also seeks discovery irrelevant to the issues in this case." *Id*.

The 25-million-dollar cash distribution occurred decades ago, long before Brian Greenspun or GMG came to be, respectively, the primary owner and parent company of the Sun. The settlement and judgment the Sun received from past RJ owners also occurred decades ago. I find that these topics are not relevant to this case. Also balancing the proportionality factors pursuant to Rule 26(b)(1), discovery into Topics 21 and 25 is not warranted.

### III. Epilogue: A Note on Magistrate Judges

In their briefing throughout this case, both the Sun's and the Adelson parties' counsel have repeatedly referred to me as "Magistrate Ferenbach" and have referred to Judge Weksler as "Magistrate Weksler." The citations on the docket are too numerous to list here. See examples at ECF No. 716 at 2, 3, 4, 9, 10, 14, and 15 and ECF No. 733 at 9, 10, 19, 20, 21, and 23.

While there are officers called magistrates in many state courts, there is no such thing as a "Magistrate" in federal court.[1] Magistrate Judges are judges of the District Court. In federal court the word magistrate describes the type of judge. To address a magistrate judge as "Magistrate" is akin to improperly addressing a Bankruptcy Judge as "Bankruptcy" or a Lieutenant Colonel as "Lieutenant." Civilians do not always get military titles right, which is understandable. Similarly, many members of the public, including journalists and members of the media, sometimes improperly address federal

---

[1] See Ruth Dapper, *A Judge by Any Other Name? Mistitling of the United States Magistrate Judge*, 9 Fed. Courts L. Rev. 1 (2015); see also the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, which both use the term "magistrate judge."

magistrate judges as magistrates, which is also understandable.

Here, however, we have dozens of attorneys from top law firms who have entered their appearances on the docket in this case representing their respective media clients. Multiple, experienced, federal litigators were likely involved in drafting the now hundreds of briefs on the docket in this case. Going forward, in this case and other federal cases, counsel will no doubt want to show respect for the magistrate judges resolving their disputes by using their correct titles, "Magistrate Judge" or simply "Judge."

ACCORDINGLY,

I ORDER that the defendants' objection (ECF No. 716) is OVERRULED.

I FURTHER ORDER that the defendants' motion for leave to file a reply in support of their objection (ECF No. 735) is GRANTED.

IT IS SO ORDERED.

DATED this 19th day of September 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE