**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants.<br><br>LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>Defendants. | 2:19-cv-01667-GMN-VCF<br><br>**SUPPLEMENTAL ORDER RE PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO SUPPLEMENT PRODUCTION (DOC. 745) AND FOR SANCTIONS (DOC. 766)** |

On November 28, 2022, the Court entered an Order (Doc. 800) partially resolving Plaintiff, Las Vegas Sun, Inc.'s (the "Sun") Motion to Compel Defendants ("RJ") to Supplement Production (Doc. 745) and for Sanctions (Doc. 766).

1

The Order directed the RJ to submit to the undersigned Special Master, under seal, "a copy of CFO Stephen Hall's unaltered 'tenth worksheet' prepared for the calculation of the 2022 JO EBITDA which has been withheld by the RJ on grounds of attorney client privilege or work product protection" for *in camera* review accompanied by a Declaration of Counsel supporting the privilege or work product claims asserted..[1] The Order further deferred consideration of that portion of the Sun's Motion to Compel Production of the "tenth worksheet" in question and the Sun's Motion for Sanctions (Doc. 766), pending review of the materials submitted for *in camera* review.

On December 8, 2022, the RJ submitted, under seal, the "tenth worksheet" at issue and a Declaration of Counsel explaining the basis for the RJ's assertion of attorney client privilege and work product protection asserted by the RJ for *in camera* review. Also on December 8, 2022, the RJ filed a Notice of Submission of Documents for *In Camera* Review (Doc. 802).

Having completed review of the documents submitted and the Declaration of Counsel, I find that the RJ's assertion of attorney client privilege and work product protection must be sustained and the Sun's Moton to Compel Production (Doc. 745) should be denied. Additionally, in view of the Court's denial of the Sun's Motion to Compel, and finding no other basis presented to warrant the imposition of the Sanctions requested, I find that the Sun's Motion for Sanctions (Doc. 766) should also be denied.

IT IS THEREFORE ORDERED that the Order (Doc. 800) entered November 28, 2022, is hereby supplemented as follows:

---

[1] The Order also directed the RJ to file, under seal, a copy of the documents submitted for *in camera* inspection with the Clerk of Court. However, because that portion of the Order (Doc. 800) was inconsistent with the provisions of Local Rule 1A 10-4, the Clerk of Court and RJ were advised to disregard that portion of the Order pending a request by a judge of the Court. The undersigned Special Master will retain, under seal, the materials submitted by the RJ for in camera review on December 8, 2022, and will transmit the same to any request of a judge of the Court.

1. Plaintiff's Motion to Compel Defendants to Supplement Production (Doc. 745) and Motion for Sanctions (Doc. 766) are Denied.

Dated this 12th day of December 2022.

_____
Hon. Philip M. Pro (Ret.)
SPECIAL MASTER