# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

**\*\*\***

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants. | 2:19-cv-01667-GMN-VCF<br><br>**ORDER RE DEFENDANTS' MOTION TO PRECLUDE THE SUN AND ITS EXPERTS FROM RELYING ON THE STEPHENS LOI** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>Defendants. | |

Before the Court for consideration is Defendants' (collectively the "RJ") fully briefed Motion to Preclude Plaintiff, Las Vegas Sun, Inc. (the "Sun") and its Experts from Relying on the Stephens LOI (Doc. 775). The RJ's Motion and the Sun's Opposition (Doc. 792) are filed in Redacted form, with

1  Unredacted copies filed under seal and docketed separately together with Stipulations of the Parties and

2  Orders allowing those filings to be made under seal. (See. Docs. 774-779, 791-794, and 796-797).

3      The RJ's Motion seeks relief pursuant to Rule 37 of the Federal Rules of Civil Procedure, and the

4  doctrine of judicial estoppel. Specifically, the RJ requests an Order precluding the Sun and its expert

5  witnesses from relying on the September 10, 2013, Letter of Intent ("LOI") to the Sun from the RJ's prior

6  owner, Stephens Media, to establish damages. Having considered the arguments set forth in the briefs and

7  exhibits appended thereto, and the record of these proceedings to date, I find that the RJ's  Motion to

8  Preclude should be denied.

9                    DISCUSSION

10      Until 2005, under the terms of the 1989 Joint Operating Agreement (JOA), Stephens Media, then

11  owner of the Las Vegas Review-Journal daily newspaper, jointly produced and distributed the RJ

12  newspaper and the daily Las Vegas Sun newspaper which was separately owned by members of the

13  Greenspun family. In 2005, Stephens and the Sun executed the 2005 JOA which combined the two

14  newspapers into a single-media product that separately branded the RJ and the Sun. Under this

15  arrangement, the Sun was included as a separate newspaper located within the daily RJ. As with the 1989

16  JOA, under the 2005 JOA, the RJ printed both newspapers together at its facilities. The RJ also oversaw

17  production, distribution, advertising, business administration, and accounting for both newspapers, except

18  for operation of the Sun's news and editorial departments.

19      Stephens simultaneously entered a Mark and Domain Name License Agreement with three

20  Greenspun-family-owned companies, the Sun, Greenspun Media Group and Vegas.com LLC, which

21  granted Vegas.com LLC and GMG the right to use the URL lasvegas.com in exchange for a one-time fee

22  and escalating monthly payments through June 30, 2040, at which time Stephens would transfer the

23  domain name to Vegas.com and GMG.

In 2013, Stephens proposed an arrangement to the Greenspun owners of the Sun under which, among other things, the 2005 JOA would be terminated; the License Agreement for the lasvegas.com URL would be transferred to a Greenspun-family-owned entity; and Stephens would acquire the URL for the Sun newspaper's website, www.lasvegassun.com. The arrangement proposed by Stephens was memorialized in the Stephens Letter of Intent (LOI) dated September 10, 2013.

After all directors of the Sun except Counterclaim Defendant, Brian Greenspun, voted to accept the Stephens' offer to terminate the JOA and Licensing Agreement, Brian Greenspun and several trusts filed a lawsuit against Stephens (the "Stephens Action") to stop the transaction described in the Stephens LOI. *Greenspun v. Stephens Media LLC,* No. 2:13-cv-01494-JCM-PAL (D. Nev. Aug. 20, 2013). Therein, Plaintiff, Brian Greenspun, alleged that the Stephens proposal to terminate the JOA and acquire the rights to lasvegassun.com website would substantially reduce competition by forcing the Sun newspaper and lasvegassun.com out of business thereby giving the RJ monopoly power in both the relevant newspaper and digital news markets. Stephens and other Greenspun sibling owners of the Sun denied those allegations.

However, on June 30, 2014, while the Stephens Action was ongoing, the Greenspan family agreed to a redistribution of the Greenspun family assets to resolve the inter-family dispute in accord with the Greenspun Family Global Agreement (the "Family Agreement"). Among many other things, the Family Agreement vested primary ownership and control of the Sun and GMG in Brian Greenspun. The Stephens LOI was rejected, and in September 2014 the Stephens Action was dismissed as moot on motion of Plaintiffs. In December 2015, Defendants acquired the RJ, subject to the 2005 JOA, from Stephens Media.

In September 2019, the Sun, which is currently owned by GMG which in turn is owned by Brian Greenspun through the Greenspun Trust, initiated the instant antitrust litigation. After more than three years of hotly contested discovery disputes, the fact discovery phase of this case is essentially completed,

and the Parties are now engaged in discovery relating to expert witnesses that the Parties may call to testify at trial. The Motion now before the Court is a narrowly focused discovery dispute hinging on representations made on behalf of the Parties in connection with prior fact discovery disputes relating to the Sun's alleged damages.

Whether the Sun's reliance on the 2013 Stephens LOI to prove damages is otherwise relevant, probative, or provides an appropriate basis for expert opinion in accord with Rules 702 and 703 of the Federal Rules of Evidence,  are matters appropriate for consideration by the trial court in the context of the record as it exists if and when the issue is raised by the RJ by dispositive motion, motion in limine, objection at trial, or otherwise. This Order addresses only the grounds for relief and arguments asserted by the RJ in support of the Motion now under consideration.

Specifically placed at issue by this Motion is a portion of the Expert Report of Dr. Russell L. Lamb, an economist designated by the Sun to offer expert testimony on the Sun's damages resulting from the RJ's alleged misconduct. Ex. B to the RJ's Opposition Exhibits, (Doc. 776).

The RJ contends that during the fact discovery phase of this case, the Sun  repeatedly represented to the RJ and the Court that it would not rely on the Stephens LOI to support its claim for damages. "**However, although not part of his actual damage calculation**, Dr. Lamb's report contains several paragraphs of 'opinions' about the Stephens LOI. These 'opinions' are just restatements of the same arguments Mr. Cauthorn made in his deposition, namely that the offer by Stephens in the LOI was purportedly probative of the Sun's future profits payments. **Exhibit B ¶¶ 34-38.**" (Emphasis supplied).

The RJ asserts that  by failing to timely disclose its reliance on the Stephens LOI as a basis for damages, the Sun has violated Rule 26(a)(1) and Judge Weksler's prior Order (Doc. 275) entered December 17, 2020, requiring them to disclose all damage theories and calculations by December 31, 2020. The RJ argues it is prejudiced by the Sun's conduct because it has been deprived of the opportunity

to explore in discovery factual questions about the transaction contemplated in the Stephens LOI, the intent, and motivations of the parties, and how they valued the various aspects of the proposed transaction.

Additionally, the RJ argues that the Sun repeatedly told the Court during these proceedings that the Stephens LOI was "irrelevant to this case" in order to block the RJ's discovery efforts into the entire subject. The RJ contends that the Sun having now blocked its efforts to discover documents relating to the Stephens LOI, the Sun should be estopped from relying on the Stephens LOI through its expert witness, Lamb, and that a preclusion order is the appropriate sanction for such conduct pursuant to Rule 37.

The Sun responds that the RJ's Motion that it has never argued the 2013 LOI from Stephens Media was irrelevant to preclude the RJ access to discovery about it. The Sun contends it has consistently maintained throughout these proceedings that the Stephens LOI is relevant to the issue of the value of the Sun and hence its damages. Specifically, the Sun states it will seek to offer Dr. Lamb's opinion that when RJ's predecessor, Stephens Media, submitted the 2013 LOI to the Sun, it must have projected strong profits for the 2005 JOA going forward or it would not have been willing to forego the millions of dollars of payments payable through June 30, 2040, under the separate, but simultaneously entered Mark and Domain Name License Agreement. The record of these proceedings cited by the Sun in its Opposition brief (Doc. 792), and the exhibits attached thereto, strongly supports this argument.

The Sun further argues that the RJ cannot prevail on its Motion for the extreme sanction of a preclusion order under Rule 37 without first showing the Sun violated its disclosure obligations under Rule 26. The Sun contends that because it timely disclosed that it was seeking damages for diminution in value in December 2020, and  prior to the close of discovery; consistently disclosed the relevance of the Stephens LOI in January 2001, August 2021, and June 2022; and prepared a Rule 30(b)(6) witness, the

Sun's Chief Operating Officer, Robert Cauthorn, to testify about the Stephens LOI,[1] the RJ's argument

that it acted in bad faith or disclaimed its intention to rely on the Stephens LOI to show damages should

be rejected. Again, the record of proceedings cited in the Sun's Opposition support its arguments.

In its Reply brief (Doc. 797), the RJ contends that the Sun's opposition ignores the key issue that:

> The  Sun "failed to timely disclose that it would assert a damage theory based
> on what the parties to the Stephens LOI were supposedly thinking when they negotiated
> and signed that LOI. As the Sun states in the first paragraph of its opposition, its theory
> is that the Review-Journal's prior owner, Stephens Media, must have "projected strong
> profits from the JOA going forward, or else [Stephens] would not have been willing to
> forego the millions of dollars of payments coming its way under a separate, but related
> agreement." Nowhere in its brief does the Sun say where it previously disclosed this
> theory, nor can it.[2]

However, contrary to the RJ's arguments in reply, I find that Sun cites several instances in its

Opposition brief,[3] in which it disclosed throughout these proceedings explaining its damages theory based

on the Stephens LOI, and that it would be the subject of expert opinion testimony at trial.

The RJ's instant Motion seeks a harsh sanction in the form of an order of preclusion pursuant to

Rule 37. It does not call upon the Court to evaluate the plausibility of an expert opinion expressed by Dr.

Lamb in his Expert Report, and arguments concerning the admissibility or probative value of those

opinions are premature. On the record adduced, I find that the RJ has failed to sustain its burden to show

it is entitled to the Rule 37 relief requested, or that the Sun should be judicially estopped from relying on

---

[1] At pages 10-11 of its Opposition (Doc. 792) the Sun fairly recounts the relevant portion of the Order (Doc. 718, at p. 4) entered by the undersigned Special Master on July 15, 2022, regarding Defendants' Motion to Compel Second Deposition of Robert Cauthorn (Doc. 637).

[2] ECF No. 797 at 1:2-8.

[3] ECF No. 792 at 5:17-11:26. See also Exhibit 2 at 85:16-87:19.

the Stephens LOI because it has engaged in misconduct prejudicial to the RJ depriving it of critical discovery.

IT IS THEREFORE ORDERED that Defendants' Motion to Preclude the Sun and its Experts from Relying on the Stephens LOI (Doc. 775 and 777) is Denied.

Dated this 15th day of December 2022.

_____
Hon. Philip M. Pro (Ret.)
SPECIAL MASTER