# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

LAS VEGAS SUN, INC.,

        Plaintiff,

vs.

SHELDON ADELSON, *et al.*,

        Defendants.

Case No. 2:19-cv-01667-ART-VCF

**ORDER**

Defendants' Objection To The Special Master's Order (ECF No. 809); Defendants' Sealed Objection To The Special Master's Order (ECF No. 810)

      Defendants filed an objection to the Special Master's order and they filed a sealed version of the motion. ECF Nos. 809 and 810. I overrule the defendants' objection. *Id.*

**I.    Background**

      This action commenced with the filing of a complaint on September 24, 2019. ECF No.1. Over 800 docket entries have been generated in this case. The vast majority have concerned discovery disputes. Before me now is the Adelson parties' objection, ECF Nos. 809 and 810, to Judge Pro's order ECF No. 805. Pursuant to Fed. R. Civ. P. 53(3), I review Judge Pro's order de novo.

**II.    Discussion**

      **a.  Legal Standard**

      Federal Rule of Civil Procedure provides that the Court must review a Special Master's

conclusions of law and factual findings de novo. Fed. R. Civ. P. 53(f)(3)– (4). "The Special Master's discovery rulings and recommendations are inextricably intertwined with conclusions of fact and law and so are reviewed de novo." *Hernandez v. Lynch*, 2019 WL 6998774, at 2 (C.D. Cal. Jun. 18, 2019) (collecting cases). Under the de novo standard, the Court decides "the matter anew," as if no prior decision had been rendered. *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).

The Federal Rules of Civil Procedure require the parties to exchange initial disclosures identifying "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). The parties have an ongoing duty to supplement disclosures throughout litigation if the information disclosed is "incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Under Rule 37(c), if a party does not comply with Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

### b. Analysis

I have conducted an independent review and give fresh consideration of all issues to which specific objections have been made. The only issues before me are the denial of sanctions and judicial estoppel. Based on my de novo review, the outcome of this discovery dispute depends on the resolution of the factual disputes of what representations were "made on behalf of the Parties in connection with prior fact discovery disputes relating to the Sun's alleged damages." ECF No. 805 at 4. Judge Pro correctly noted:

> Whether the Sun's reliance on the 2013 Stephens LOI to prove damages is otherwise relevant, probative, or provides an appropriate basis for expert opinion in accord with Rules 702 and 703 of the Federal Rules of Evidence, are matters appropriate for consideration by the trial court in the context of the record as it exists if and when the issue is raised by the RJ by dispositive motion, motion in limine, objection at trial, or otherwise.

ECF No.805 at 4.

The RJ argues that the Special Master's order denying its motion to preclude allows the Sun to rely on a damage theory that it failed to timely disclose. ECF No. 809 and 810. The Sun argues that the record shows that that the RJ, itself, has repeatedly reiterated the Sun's position that the LOI is relevant and that the LOI bears on the Sun's damages.

In prior briefs, the RJ argued that "[t]he Sun also took the position that the Stephens [LOI] was the only relevant aspect of that proposed sale of the Sun," and "the Sun wants to rely on two prior contemplated sales of the Sun to support its damages—a 2017 offer from Defendants and a 2013 offer from Stephens Media." ECF No. 628 at 20; ECF No. 704 at 7. The RJ cannot take the position that the Sun failed to disclose its reliance on the Stephens LOI as a basis for damages, given that the RJ's own briefing in this case reveals otherwise.

The Sun's disclosures throughout these proceedings, where it explains that its damages theory is based on the Stephens LOI and that it would be the subject of expert opinion testimony at trial, are numerous. See ECF Nos. 792 at 5-11 and 792-2 at 85-87. There is no Rule 26(e) issue in this case because the record shows that the RJ has been aware that the Sun may use the Stephens LOI to support its claim for damages long before the close of discovery.

Based on my De Novo review I find that:

The Sun consistently maintained throughout these proceedings that the Stephens LOI is

relevant to the issue of the value of the Sun and hence its damages.

I find that the Sun timely disclosed that it was seeking damages for diminution in value in December 2020, and disclosed the relevance of the Stephens LOI in January 2021, August 2021, and June 2022. The Sun also prepared a Rule 30(b)(6) witness, the Sun's Chief Operating Officer, Robert Cauthorn, to testify about the Stephens LOI.

On this record the RJ has failed to sustain its burden to show it is entitled to Rule 37 sanctions, or that the Sun should be judicially estopped from relying on the Stephens LOI.

ACCORDINGLY,

I ORDER that the defendants' objection (ECF Nos. 809 and 810) is OVERRULED.

IT IS SO ORDERED.

DATED this 14th day of February 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE