J. RANDALL JONES, ESQ., SBN 1927
r.jones@kempjones.com
MICHAEL J. GAYAN, ESQ., SBN 11135
m.gayan@kempjones.com
MONA KAVEH, ESQ., SBN 11825
m.kaveh@kempjones.com
KEMP JONES LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone:	+1 702 385 6000

DAVID R. SINGER, ESQ. (*pro hac vice*)
dsinger@jenner.com
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
agallegos@jenner.com
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, California 90071
Telephone:	+1 213 239 5100
Facsimile:	+1 213 239 5199

RICHARD L. STONE, ESQ. (*pro hac vice*)
rstone@fastmail.com
850 Devon Avenue
Los Angeles, California 90024
Telephone:	+1 310 993 2068

*Attorneys for Defendants/Counterclaimant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAS VEGAS SUN, INC.,<br><br>                    Plaintiff,<br><br>     v.<br><br>SHELDON ADELSON, et al.,<br><br>                    Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:19-cv-01667-ART-VCF<br><br>**EMERGENCY MOTION TO EXPEDITE RESOLUTION OF DEFENDANTS' MOTION TO DISSOLVE PRELIMINARY INJUNCTION [ECF NO. 852]** |

Defendant/Counterclaimant Las Vegas Review-Journal, Inc., and Defendants News+Capital Group LLC, Estate of Sheldon Adelson, Patrick Dumont, and Interface Operations LLC dba Adfam (collectively, "Defendants" or the "Review-Journal"), by and through their counsel of record, Kemp Jones LLP, Jenner & Block LLP, and Richard L. Stone, Esq., hereby respectfully move this Court, pursuant to Local Rule 7-4, for an order expediting the resolution of the motion to dissolve the preliminary injunction filed on June 9, 2023 (ECF No. 852) (the "Motion").

This motion is based on the following memorandum of points and authorities, the Declaration of Michael J. Gayan attached as **Exhibit A**, the papers and pleadings on file in this action, and any argument the Court may allow at a hearing on the motion.

I. **The Court Should Expedite Resolution of the Motion to Dissolve Preliminary Injunction.**

As set forth in the Review-Journal's briefing in support of its Motion (ECF Nos. 852, 886), the Review-Journal's position is that the 2005 JOA between the Review-Journal and the Sun is an illegal agreement because it was never approved in writing by the U.S. Attorney General as required by the Newspaper Preservation Act ("NPA"). 15 U.S.C. § 1803(b) ("It shall be unlawful for any person to enter into, perform, or enforce a joint operating arrangement, not already in effect [as of July 24, 1970], except with the prior written consent of the Attorney General of the United States."). Because the 2005 JOA is illegal, the Review-Journal has argued the injunction requiring the Review-Journal to continue to perform under the 2005 JOA is also unlawful. Thus, the Review-Journal is harmed with each day that passes by its forced compliance with an illegal agreement that handcuffs it to a competitor that is intentionally degrading the quality of its paper and affirmatively attempting to drive readers away from the combined *Review-Journal*/*Sun* print product. *See* ECF No. 886 at 11.

If the Court finds that the Review-Journal is correct that the 2005 JOA—and the injunction forcing the Review-Journal to comply with that agreement—violates the NPA, then the Court has an independent duty to dissolve the unlawful injunction without delay. *See Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 83–84 (1982) ("Where the enforcement of private agreements would be

1

violative of [a federal statute], it is the **obligation** of courts to refrain from such exertions of judicial power.") (emphasis added) (citation omitted). Accordingly, the Review-Journal respectfully requests that the Court expedite its resolution of the Review-Journal's Motion so that it can determine whether it has an obligation to immediately dissolve the injunction keeping the 2005 JOA in place.

## II.    Emergency Relief Is Warranted.

An emergency motion is properly presented where the movant shows "(1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief, or at the very least that the crisis occurred because of excusable neglect." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1142 (D. Nev. 2015).

If the Review-Journal is correct and it is being forced to comply with an unlawful injunction, the Review-Journal is being irreparably prejudiced. Thus, this is an emergency under the rules and precedent of this Court. *See, e.g.*, *North v. Bank of Am. Corp.*, 2011 WL 346070, at *3 (D. Nev. Feb. 2, 2011) (granting emergency motion to dissolve temporary restraining order and preliminary injunction, and explaining that "[t]emporary restraining orders and preliminary injunctions are extraordinary forms of relief" that cannot be maintained where the party seeking the injunction "has not demonstrated a likelihood of success on the merits"). Indeed, courts in this District regularly grant emergency motions in situations where there is no imminent risk of extreme harm, including in cases involving an opposing party's failure to respond to discovery and the improper designation of an expert witness. *See Renfrow v. Redwood Fire & Cas. Ins. Co.*, 288 F.R.D. 514, 524 (D. Nev. 2013) (granting in part emergency motion to compel discovery); *Downs v. River City Grp., LLC*, 288 F.R.D. 507, 514 (D. Nev. 2013) (granting emergency motion for protective order with respect to expert deposition and to strike designation of expert as testifying expert).

The Review-Journal readily meets the level of exigency required by the standard for emergency relief.

2

*First*, if the 2005 JOA is unlawful, then the Review-Journal is irreparably harmed each day it is forced to comply with it. If the Court agrees that the 2005 JOA is unlawful, then it has an independent duty to dissolve without delay the preliminary injunction enforcing the agreement. ECF No. 852 at 16–23; ECF No. 886 at 11–12. The illegal 2005 JOA yokes the Review-Journal to a competitor that fills its print pages with a disproportionate quantity of third-party content from national news services that do not cover the Las Vegas community; which hordes the original content created by its newsroom solely on its website; and which has tried to drive readers away from the print product by publishing "A Note from the Sun" that encouraged newspaper readers to subscribe to the Sun's website rather than to the print product. ECF No. 886 at 12; ECF No. 859-5. The Review-Journal would be irreparably prejudiced if resolution of the Motion were to take months while the Review-Journal continues to be forced to comply with the unlawful status quo. On the other hand, the Sun will suffer no prejudice if the Motion is resolved on an expedited basis as it has already had the opportunity to file an opposition to the Review-Journal's Motion.

*Second*, the Review-Journal is without fault in creating the situation that requires the requested relief. As described in the Review-Journal's Motion, at the time it stipulated to entry of the preliminary injunction, the Sun had just alleged in its Complaint—verified by owner Brian Greenspun—that the 2005 JOA was "authorized by the Newspaper Preservation Act . . . and approved by the Department of Justice." ECF No. 1 at 2. This allegation, accepted as true, prevented the Court from ruling on the illegality of the 2005 JOA at the pleading stage, ECF No. 243 at 8–9, so the parties were required to complete discovery before the Review-Journal could seek judicial relief on this issue. It was only recently, after the fact that the 2005 JOA was never approved in writing by the U.S. Attorney General was conclusively borne out in discovery, that the Review-Journal could seek the Court's resolution regarding the 2005 JOA's illegality and request that the Court dissolve the preliminary injunction keeping the 2005 JOA in place. *See* ECF No. 886 at 10–11.

Shortly after the close of discovery, the Review-Journal moved to dissolve the preliminary injunction, and now, after having given the Sun sufficient time to oppose its Motion, the Review-Journal seeks expedited resolution of that Motion so that it can cease complying with the illegal

3

2005 JOA. The Review-Journal acted promptly in moving to dissolve the 2005 JOA and was without fault in creating the situation that necessitated this Motion.

## CONCLUSION

Accordingly, the Review-Journal respectfully requests that the Court grant its motion for expedited resolution of its motion to dissolve the preliminary injunction entered in this matter (ECF No. 852).

Dated: September 12, 2023        KEMP JONES LLP

By: */s/ Michael Gayan*
J. RANDALL JONES, ESQ., SBN 1927
MICHAEL J. GAYAN, ESQ., SBN 11135
MONA KAVEH, ESQ., SBN 11825
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

DAVID R. SINGER, ESQ. (*pro hac vice*)
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, California 90071

RICHARD L. STONE, ESQ. (*pro hac vice*)
850 Devon Avenue
Los Angeles, California 90024

*Attorneys for Defendants/Counterclaimant*

4

**PROOF OF SERVICE**

I hereby certify that on the 12th day of September, 2023, I served a true and correct copy of the foregoing **EMERGENCY MOTION TO EXPEDITE RESOLUTION OF DEFENDANTS' MOTION TO DISSOLVE PRELIMINARY INJUNCTION [ECF NO. 852]** via the United States District Court's CM/ECF electronic filing system to all parties on the e-service list.

E. Leif Reid, Bar No. 5750
Kristen L. Martini, Bar No. 11272
Nicole Scott, Bar No. 13757
Lucy Crow, Bar No. 15203
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, Nevada 89501

Joseph M. Alioto (*pro hac vice*)
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104

James J. Pisanelli, Bar No. 4027
Todd L. Bice, Bar No. 4534
Jordan T. Smith, Bar No. 12097
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

*Attorneys for Plaintiff/Counterclaim Defendants*

I further certify that on the 12th day of September, 2023, pursuant to LR 7-4(d), I also emailed a copy of this Emergency Motion to the Courtroom Administrators for the assigned United States District Judge and United States Magistrate Judge:

Katie Sutherland
katie_sutherland@nvd.uscourts.gov
*Courtroom Administrator for United States District Judge Anne R. Traum*

Tawnee Renfro
tawnee_renfro@nvd.uscourts.gov
*Courtroom Administrator for United States Magistrate Judge Cam Ferenbach*

/s/ Pamela McAfee
An employee of Kemp Jones LLP

5

**INDEX OF EXHIBITS**

| Exhibit | Description |
|---------|-------------|
| A | Declaration of Michael J. Gayan in Support of Emergency Motion to Expedite Resolution of Defendants' Motion to Dissolve Preliminary Injunction [ECF No. 852] |