UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHELDON ADELSON, an individual and as the alter ego of News+Media Capital Group LLC and as the alter ego of Las Vegas Review Journal, Inc.; PATRICK DUMONT, an individual; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; and DOES, I-X, inclusive,<br><br>Defendants. | 2:19-cv-01667-ART-VCF<br><br>**ORDER SETTING STATUS CONFERENCE RE CONTINUED DEPOSITION OF ROBERT CAUTHORN** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as the alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,<br><br>Defendants. | |

On November 1, 2023, the undersigned Special Master received the attached letter submitted jointly by the Parties requesting a telephonic status conference to resolve an issue relating to the

1

continuation of the deposition of Robert Cauthorn regarding eleven (11) documents recently produced by Plaintiff/Counterdefendants Las Vegas Sun, Inc. To ensure prompt resolution of the matter,

IT IS ORDERED that a telephonic Status Conference is hereby set form next Monday, November 6, 2023, at 9:00 am Pacific to address the issues outlined in the attached Letter. The JAMS Case Manager will issues a Notice of Hearing.

Dated this 2nd day of November 2023.

_____
Hon. Philip M. Pro (Ret.)
SPECIAL MASTER

**KEMP JONES, LLP**
ATTORNEYS AT LAW

WILL KEMP
J. RANDALL JONES
SPENCER H. GUNNERSON
MICHAEL J. GAYAN
ERIC M. PEPPERMAN
MONA KAVEH†
NATHANAEL R. RULIS

CHAD R. ARONSON
MADISON S. FLORANCE†
JACKSON WONG
BREANNA K. SWITZLER
KATRINA STARK
JOSEPH D. LAURITA

A LIMITED LIABILITY PARTNERSHIP
WELLS FARGO TOWER
3800 HOWARD HUGHES PARKWAY
SEVENTEENTH FLOOR
LAS VEGAS, NEVADA 89169
kjc@kempjones.com

October 26, 2023

*OF COUNSEL*
DON SPRINGMEYER
CHRISTOPHER W. MIXSON

TELEPHONE
(702) 385-6000

FACSIMILE
(702) 385-6001
(702) 385-1234

†Also licensed in California

*Via Email*

Hon. Philip M. Pro (Ret.)
JAMS
7160 Rafael Rivera Way, Suite #400
Las Vegas, NV 89113
philipmpro@gmail.com

Re: *Las Vegas Sun, Inc. v. Adelson, et al.*, No. 2:19-cv-01667-ART-VCF

Judge Pro:

We write to jointly request a brief conference to discuss a dispute between the parties regarding the duration of a further deposition of Robert Cauthorn, in his individual capacity, that the parties have agreed is to take place as a result of the Sun's productions in September 2023. Below is a summary of the relevant background as well as descriptions of the parties' respective positions:

On September 7, Plaintiff/Counterdefendant Las Vegas Sun, Inc. and Counterdefendants Brian Greenspun and Greenspun Media Group, LLC (together, the "Sun") produced eleven (11) documents, true and correct copies of which are attached hereto as Attachment A.[1] In the production letter that accompanied the September 7 production (attached hereto as Attachment B), the Sun explained that the production consists, "in large part, of documents recently discovered by Bob Cauthorn." The Sun provided a declaration from Mr. Cauthorn attached to its production letter (*see* Attachment B), in which Mr. Cauthorn explained the circumstances surrounding his discovery of the documents on September 5, 2023.

As a result of the new production consisting of Mr. Cauthorn's notes, Defendant/Counterclaimant Las Vegas Review-Journal, Inc., and Defendants News+Media Capital Group LLC, Estate of Sheldon Adelson, Patrick Dumont, and Interface Operations dba Adfam (collectively, the "Review-Journal"), requested that the Sun agree to make Mr. Cauthorn available on a mutually agreeable date to be deposed in connection with the recently-produced documents.

The Review-Journal and Sun met and conferred regarding this request on September 29, 2023. During this discussion, the parties agreed that the Sun would make Mr. Cauthorn available to be deposed

---

[1] After an email exchange between counsel, on September 19, 2023, the Sun re-produced without redactions (and as AEO) the notes Bates labeled SUN_00168532-35. This re-produced document is also included with Attachment A.

Page 2
November 1, 2023

regarding the topic of the recently-produced documents, as well as the Sun's related preservation efforts. However, the parties disagreed regarding the length of this deposition and were unable to resolve their dispute, with the Review-Journal requesting three hours, and the Sun agreeing to one hour. The transcript from the parties' meet and confer is attached hereto as Attachment C.

### A. The Review-Journal's Position

The Review-Journal has requested that Mr. Cauthorn be available for a deposition for a maximum of three hours, and has agreed to limit Mr. Cauthorn's deposition to the following topics: (1) the recently-produced documents; (2) the Sun's related preservation efforts; and (3) any related subject matter that may arise in the course of the Review-Journal's questioning of Mr. Cauthorn. The Review-Journal has made clear that the actual deposition duration will be significantly shorter than three hours provided that Mr. Cauthorn proceeds efficiently in responding to Defendants' questions. There are several reasons why the Review-Journal is entitled to as much as three hours:

First, Mr. Cauthorn's handwritten notes are difficult to discern or otherwise illegible, so we cannot properly assess their meaning until we question him. That means part of the deposition will simply be asking Mr. Cauthorn to decipher what he wrote before we can even inquire about the substance of his notes.

Second, many of the notes appear to be shorthand, making it difficult to understand their full meaning. So, we will need to question Mr. Cauthorn about what each note meant before we are even able to ask substantive questions and cross-examine him.

Third, these are documents—some of which have never before been produced in this litigation—that are relevant and responsive to many document requests. Mr. Cauthorn's notes were apparently made during two separate meetings with the Review-Journal (in 2017 and 2018) related to the JOA. Because we did not have these documents when we questioned Mr. Cauthorn at his prior deposition (or the Sun's or GMG's Rule 30(b)(6) depositions where he served as the corporate representatives each time), there is a risk that Mr. Cauthorn will now claim that his recollection has been "refreshed" by these notes as to areas of prior testimony. If Mr. Cauthorn attempts to walk back or alter his prior deposition testimony based on these notes, this will obviously be prejudicial to the Review-Journal. The parties' motions for summary judgment are now fully briefed, and both the Review-Journal and the Sun relied heavily on Mr. Cauthorn's deposition testimony in their briefing. The same is likely to be true at trial, which is why Defendants cannot agree to complete this follow-up deposition in less than three hours.

Unfortunately, the Sun is refusing to allow a deposition lasting more than one hour, which is not enough time for the reasons just discussed. Defendants proposed excluding the documents from trial, but the Sun also rejected this request.

### B. The Sun's Position

The Sun's September 2023 production consisted of 11 documents produced: 1 of the documents (a copy of the September 3, 2023, e-edition of the Newspapers) was produced pursuant to the Sun's continuing obligations under Rule 26(e), and the remaining 10 documents were those recently discovered

Page 3
November 1, 2023

by Mr. Cauthorn. As the Sun explained in its production letter, 6 of the 10 documents that Mr. Cauthorn discovered had already been produced in this litigation. The other four documents discovered by Mr. Cauthorn—two of which are identical—consist of one page of typed notes and seven pages of handwritten notes from Mr. Cauthorn.

Accordingly, there are only three documents <u>consisting of eight pages of notes</u> in the Sun's September 2023 production that have not already been produced in this case. The Sun understands the RJ's desire to depose Mr. Cauthorn on these eight pages of notes, and the Sun offered to produce Mr. Cauthorn for a one-hour deposition to do so. The RJ instead requests three hours to do so—nearly half of the time allowed for a full deposition of a witness. The RJ's request to conduct a half-day deposition of Mr. Cauthorn on eight pages of notes is manifestly unreasonable.

The RJ has already taken full-day depositions of Mr. Cauthorn in various capacities <u>on 3 different occasions for a total of 21 hours of *testimony* time</u>. This is in addition to a fourth, one-hour deposition concerning text messages that was compelled after resolution of a discovery dispute. And, the RJ deposed Mr. Cauthorn on anywhere from 16 to 25 Exhibits, totaling between 199-459 pages of documents, during <u>each 7-hour deposition</u>. Even in Mr. Cauthorn's fourth deposition about text messages, in a single hour of testimony time the RJ marked and examined him on 3 Exhibits, totaling 24 pages of documents. In no circumstance has the RJ spent three hours of deposition time on eight pages of documents. It is unreasonable for the RJ to seek yet another three hours of deposition time to examine Mr. Cauthorn on such narrow and limited documents.[2]

Although the RJ contends that Mr. Cauthorn's notes are illegible or written in short-hand, the Court can view the documents for themselves. *See* Attachment B at SUN_000168410/168418, 168420-23 & 68424. Moreover, the RJ's current rationale applies equally to Mr. Cauthorn's text messages, which, too, were written in short-hand and the RJ was required to asked Mr. Cauthorn to explain what they meant.

Finally, the RJ's worry that Mr. Cauthorn may now claim that his notes refresh his recollection to clarify areas of prior testimony (thereby "prejudicing" the RJ) is no basis for a three-hour deposition either. Any witness could be presented with documents at trial on which they were not deposed that could "refresh" the witness's recollection and elicit testimony that clarifies prior deposition testimony. And the opposing party is free to attempt to impeach the witness on that basis. Deposing Mr. Cauthorn for a fifth time, and for half a day, is not the remedy for such a baseless claim of prejudice. The RJ's assertion that both parties have relied on Mr. Cauthorn's deposition testimony in their summary judgment briefs is a red

---

[2] The RJ's suggestion that it seeks to examine Mr. Cauthorn about his document preservation efforts does not support a half-day deposition. To explain the unusual circumstance surrounding why the three documents were not previously discovered during Mr. Cauthorn's document collection efforts, the Sun provided the RJ with a Declaration from Mr. Cauthorn, executed under penalty of perjury. *See* Attachment A at Cauthorn Decl. Moreover, the RJ has already examined Mr. Cauthorn about his document preservation and other efforts in prior depositions. To the extent the RJ desired a more fulsome examination on that subject, it had 22 hours of already allowed testimony time to do so.

Page 4
November 1, 2023

herring—nothing in Mr. Cauthorn's eight pages of notes impacts any of the issues raised in the parties' briefs.

    The Sun subsequently offered to produce Mr. Cauthorn for a one-hour deposition attended by Your Honor (as a counter to the RJ's proposal to allow your Honor to attend a three-hour deposition), and the RJ declined.

    Please let us know when you will be available for a brief call with the parties. Thank you for your time.

Sincerely,

KEMP JONES, LLP

_/s/ Michael J. Gayan_
Michael J. Gayan, Esq.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

_/s/ Kristen L. Martini_
Kristen L. Martini, Esq.

MJG
cc: Lewis Roca Rothgerber Christie LLP: E. Leif Reid, Kristen L. Martini, N. Scott, Lucy Crow (*via email*)
Pisanelli Bice: James L. Pisanelli, Todd L. Bice, Jordan T. Smith (*via email*)
Alioto Law Firm: Joseph Alioto (*via email*)
Kemp Jones, LLP: Randall Jones, Mona Kaveh (*via email*)
Jenner & Block LLP: David Singer, Amy Gallegos (*via email*)
Richard Stone (*via email*)