E. LEIF REID, Nevada Bar No. 5750
KRISTEN L. MARTINI, Nevada Bar No. 11272
NICOLE SCOTT, Nevada Bar No. 13757
LUCY CROW, Nevada Bar No. 15203
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel:    702.949.8200
Fax:    702.949.8398
One East Liberty Street, Suite 300
Reno, Nevada 89501
Tel:    775.823.2900
Fax:    775.823.2929
Email: lreid@lewisroca.com
        kmartini@lewisroca.com
        nscott@lewisroca.com
        lcrow@lewisroca.com

JAMES J. PISANELLI, Nevada Bar No. 4027
TODD L. BICE, Nevada Bar No. 4534
JORDAN T. SMITH, Nevada Bar No. 12097
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Tel: 702.214.2100
Email: JJP@pisanellibice.com
        TLB@pisanellibice.com
        JTS@pisanellibice.com

JOSEPH M. ALIOTO, *PRO HAC VICE*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104
Tel: 415.434.8900
Fax: 415.434.9200
Email: jmalioto@aliotolaw.com

*Attorneys for Plaintiff/Counterdefendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation, | Case No. 2:19-cv-01667-ART-MDC |
| Plaintiff, | **PLAINTIFF/COUNTERDEFENDANTS' MOTION TO SET TRIAL** |
| v. | |
| SHELDON ADELSON, an individual, and as the alter ego of News+Media Capital Group LLC, Las Vegas Review-Journal, Inc., and Interface Operations LLC dba Adfam; PATRICK DUMONT, an individual, and as alter ego of Las Vegas Review-Journal, Inc., News+Media Capital Group, LLC, and Interface Operations LLC dba Adfam; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; INTERFACE OPERATIONS LLC DBA ADFAM, a Delaware limited liability company | |

i

1    and as alter ego of Las Vegas Review-Journal,
Inc., and News+Media Capital Group, LLC; and
2    DOES, I-X, inclusive,

3              Defendants.

4    LAS VEGAS REVIEW-JOURNAL, INC., a
Delaware corporation,
5

6              Counterclaimant,

7    v.

   LAS VEGAS SUN, INC. a Nevada corporation;
8    BRIAN GREENSPUN, an individual and as the
alter ego of Las Vegas Sun, Inc.; GREENSPUN
9    MEDIA GROUP, LLC, a Nevada limited
liability company, as the alter ego of Las Vegas
10    Sun, Inc.,

11              Counterclaim Defendants.

12       Pursuant to Federal Rule of Civil Procedure 83(b) and the Court's inherent authority,

13 Plaintiff/Counterdefendant Las Vegas Sun, Inc., and Counterdefendants Brian Greenspun and

14 Greenspun Media Group, LLC (together, for the purposes of this Motion for ease of reference, the

15 "Sun"), move this Court to set trial. This Motion is based on the following Memorandum of Points

16 and Authorities, and the pleadings and papers on file herein.

17       DATED this 16th day of May, 2024.

18

19                         LEWIS ROCA ROTHGERBER CHRISTIE LLP

20                By: */s/ Kristen L. Martini*

21                    E. Leif Reid, Bar No. 5750
Kristen L. Martini, Bar No. 11272
22                    Nicole Scott, Bar No. 13757
Lucy Crow, Bar No. 15203
23                    3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
24

25                    PISANELLI BICE PLLC
James J. Pisanelli, Bar No. 4027
26                    Todd L. Bice, Bar No. 4534
Jordan T. Smith, Bar No. 12097
27                    400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
28

124875960.1

ALIOTO LAW FIRM
Joseph M. Alioto, *Pro Hac Vice*
One Sansome Street, 35th Floor
San Francisco, California 94104

*Attorneys for Plaintiff/Counterdefendants*

124875960.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This nearly five-year-old action is ripe for trial. Discovery has been closed for more than a year and this Court already resolved the parties' cross-motions for summary judgment in its March 31, 2024, Order ("Order"). ECF No. 826; ECF No. 970. The Court's Order triggered pretrial proceedings. In its natural course, this action should have already been set for trial. This Court's availability to conduct a five-week trial is understandably limited to start dates of April 7, 14, or 21, or June 9 or 16, 2025. Thereafter, the Court's next availability is not until 2026. Consistent with the RJ's procedural machinations employed throughout this litigation, the RJ has filed a premature appeal from this Court's Order on the enforceability of the Amended JOA, and has simultaneously refused to set any trial date—despite the Court's soonest availability being nearly a year from now. To further delay the resolution of the Sun's claims on the merits, and obtain a stay irrespective of whether its formal request for a stay is meritorious, the RJ suggested that it is not available for any April or June 2025 trial date. The RJ's 'reasons' are that Defendant Dumont supposedly has vague "business" to tend to for the Las Vegas Sands in April, and one the RJ's witnesses has a wedding to attend in June. Notwithstanding the RJ's post-hoc assertions of conflict, the RJ concedes trial can begin on April 21, 2025. The Sun is also available to begin trial on April 21, 2025, but the RJ refuses to set a trial date because of its appeal ploys, forcing the Sun to bring this Motion.

It is apparent that Court intervention is necessary to preserve a 2025 trial date. Allowing the RJ to continue refusing a trial setting effectively grants the RJ the relief sought in its pending Motion to Stay—in which the RJ expressly asks this Court to stay this entire case or, alternatively, to delay setting trial until its appeal is resolved. The Sun explained in its Opposition why the RJ's Motion to Stay must be denied, and how the RJ failed to meet its burden in seeking that request. *See* ECF No. 982. The Sun will spare the Court's resources, and not repeat those reasons again. *See id*. It suffices to say that the RJ's challenge to this Court's Order will fail before the Ninth Circuit— if the Ninth Circuit even reaches the merits of the appeal—because this Court's ruling that the Amended JOA is enforceable is legally and factually sound. And the RJ's appeal will not impact the administration of trial or this Court's ability to resolve pretrial matters.

The Sun respectfully requests that this Court proceed to set trial for 2025. The alternative delays resolution of the merits of the Sun's claims until 2026—nearly seven years after the Sun initiated this action. The RJ has consistently used litigation and delay as part of its anticompetitive scheme to eliminate the Sun, the Adelson family's plan all along. This Court, the Sun, and the public have an interest in the expeditious resolution of litigation.

## II.      STATEMENT OF RELEVANT FACTS

The Sun initiated this action on September 24, 2019. ECF No. 1. Nearly three years later, on August 24, 2022, fact discovery closed and, another eight months later, expert discovery closed on May 10, 2023. *See* ECF No. 722; ECF No. 826. The parties submitted their cross-motions for summary judgment on May 30, 2023, wherein both parties sought judgment on the RJ's Second Affirmative Defense to render the Amended JOA illegal and unenforceable for lacking Attorney General signature under the Newspaper Preservation Act ("NPA"). *See* ECF No. 829 at 34-43; ECF No. 843 at 47-53. Ten days later, the RJ filed its Motion to Dissolve Preliminary Injunction ("Motion to Dissolve") (ECF No. 853), arguing the RJ should no longer be required to uphold its agreement to maintain the status quo until final judgment on the merits—an obligation voluntary undertaken by the RJ and effective when the RJ asked the Court to enter its Order on the parties' Stipulation to Maintain the Status Quo ("Status Quo Order") (ECF No. 13).[1] The RJ filed its Motion to Dissolve to circumvent the summary judgment proceedings and attempt to finagle a premature interlocutory appeal to the Ninth Circuit (given that the Court's ruling on the motions for summary judgment is not automatically appealable). *See* 28 U.S.C. §§ 1291, 1292(a)(1).

On March 31, 2024, this Court issued its 50-page Order resolving the parties' motions for summary judgment, the RJ's Motion to Dissolve, and numerous related motions. *See* ECF No. 970. On April 10, 2024, the RJ filed its Notice of Appeal from the Court's Order denying the RJ's Motion to Dissolve, "including related portions of the Order cited to and relied on by the District Court in support of its denial of the motion to dissolve the preliminary injunction." ECF No. 972 at 2. On April 11, 2024, the Ninth Circuit issued its Preliminary Injunction Time Schedule Notice,

---

[1] The factual background for the Status Quo Order can be found in the Sun's Opposition to the RJ's Motion to Dissolve. *See* ECF No. 881 at 2-11.

1    requiring all briefing to be completed on an expedited basis by June 27, 2024.[2] *See* ECF No. 976.

2         This Court's Order triggered the 30-day deadline for the parties to file their proposed joint

3    pretrial order required under LR 16-3(b) and the parties promptly began conferring about the

4    pretrial order. *See* ECF No. 799; LR 26-1(b)(5). A paralegal on the Sun team contacted the Court's

5    Courtroom Administrator to inquire about availability for a five-week jury trial so that the parties

6    could propose three trial dates in their pretrial order. ECF No. 982-3 ¶ 3. As of April 18, 2024,

7    Ms. Sutherland, the Courtroom Administrator, advised that the Court's soonest availability for a

8    five-week trial is in 2025, starting on April 7, 14, or 21, or June 9 or 16. *Id.* Otherwise, the Court is

9    not available for such a lengthy trial until 2026. *Id.* If the parties do not secure one of the 2025

10   dates, the next trial date is nearly two years away. *See id.*

11        On April 18, 2024, in the middle of discussions regarding the pretrial order, the RJ filed a

12   non-emergency Motion to Stay, seeking to stay this entire action or, alternatively, to stop the Court

13   from scheduling the trial. *See* ECF No. 979. The Sun opposed the Motion to Stay on May 2, 2024,

14   explaining the RJ's attempt to delay trial in this nearly 5-year-old case was meritless, including

15   because the Ninth Circuit does not have jurisdiction over the RJ's appeal, the RJ does not have

16   standing to appeal this Court's ruling on the RJ's Motion to Dissolve the Status Quo Order, and

17   this Court's interpretation of the NPA was correct. *See* ECF No. 982 at 13-19. The Sun also

18   explained that even if the RJ had a chance of success on the merits, a stay is not warranted because

19   the RJ will not suffer irreparable harm absent a stay and the Court, the Sun, and the public's interests

20   favor resolving this action expeditiously. *Id.* at 19-25.

21        On April 22, 2024, when meeting and conferring to extend the deadline to file the pretrial

22   order (*see* ECF No. 984), the Sun asked the RJ whether the Court's availability for the trial changed

23   the RJ's position with respect to its requested stay. ECF No. 982-2 at 4:18-5:17. The RJ informed

24   the Sun that its position has not changed, and it still seeks a stay of this action. *Id.* at 5:8-13. The

25

26   [2] On May 1, 2024, the Ninth Circuit issued a *sua sponte* order mandating that the parties "address
     the basis for this court's jurisdiction over this appeal" in briefs. ECF No. 982-1. The Ninth
27   Circuit particularly ordered the parties to brief the following questions: (1) whether the Ninth
     Circuit even has jurisdiction over the Court's interlocutory order on the denial of the RJ's "motion
28   to 'dissolve' the parties' stipulated order to maintain the status quo," and (2) whether the RJ is
     "sufficiently 'aggrieved' by an order that maintains the parties' agreed-upon status quo" to confer
     the RJ standing to appeal. *Id.*

1    RJ nevertheless agreed to provide the Sun with its availability for trial, stating it was concerned

2    about only the availability of RJ lead counsel David Singer, but that all other counsel is available.

3    *See id.* at 16:6-18, 27:3-17. The RJ, however, changed its position just a week later, when the RJ

4    asserted it was unavailable for any of the Court's open trial dates in 2025 due to Defendant

5    Dumont's vague "Las Vegas Sands" business in April, and another RJ witness's attendance at a

6    wedding in June. ECF No. 982-4 at 2-5. The next day, the RJ backtracked again, this time asserting

7    that it is available for trial in late April 2025, but that it is still "not willing to stipulate to a trial

8    date." *Id.* at 1.

9            The parties agreed to stipulate to extend the deadline to file the pretrial order to August 20,

10    2024, given the complexity of this action, and this Court issued its order granting the stipulation on

11    May 8, 2024. ECF No. 984. By August 20, 2024, the parties will have submitted the proposed

12    pretrial order with statements regarding the nature of this action, the Court's jurisdiction,

13    uncontested facts, contested issues, and material law and facts, and lists of exhibits, witnesses, and

14    motions in limine, among other things. *See* LR 16-3. Meaning, by the end of *this coming* August,

15    the parties will have taken substantial steps to organize their strategies and materials for trial and

16    will be prepared to begin trial in 2025.

17    **III.    LEGAL STANDARD**

18            This Court has inherent authority to manage its docket "to achieve the orderly and

19    expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quotations and citation

20    omitted); *see also* Fed. R. Civ. P. 83(b) ("A judge may regulate practice in any manner consistent

21    with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules.");

22    *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) ("A district court possesses inherent power

23    over the administration of its business."). Exercise of the Court's "inherent power must be a

24    reasonable response to the problems and needs confronting the court's fair administration of

25    justice," and "cannot be contrary to any express grant of or limitation on the district court's power

26    contained in a rule or statute." *Dietz*, 579 U.S. at 45 (quotations and citations omitted).

27    / / /

28    / / /

- 4 -

IV.    **ARGUMENT**

This case is ripe for trial and should naturally progress to it. Both fact discovery and expert discovery have been closed for more than one and nearly two years, respectively, and this Court has already resolved the parties' cross-motions for summary judgment. ECF No. 722; ECF No. 826; ECF No. 970. All that remains are the pretrial order, pretrial motions, and trial itself. *See* ECF No. 984. The parties have already started working on their portions of the pretrial order, and pretrial preparation. Delaying the trial will not stop this preparation.

Furthermore, setting the trial now is the most "reasonable response to the problems and needs confronting the court's fair administration of justice." *Dietz*, 579 U.S. at 45 (quotations and citation omitted). The parties agree this complex action requires a five-week jury trial. ECF No. 982-2 at 2:4-13. Reasonably, this Court has limited availability for a five-week jury trial, with availability in April or June 2025, and not again until 2026. ECF No. 982-3 ¶ 3. Reducing the available dates for trial even further, the RJ has insisted it is available only in "late-April 2025." ECF No. 982-4 at 2. It is suspect that Mr. Dumont's unclear "Las Vegas Sands" business cannot be rescheduled for a trial—a year from now—in which he is a named Defendant accused of serious antitrust violations, for which the Sun seeks to hold him personally liable. And even more dubious is the RJ's contention that one of its representative witness's attendance at a wedding (typically, a one-day event on a weekend) prohibits the trial from being scheduled in June, especially because that witness is not a party and his presence at trial is not required beyond his own testimony. Regardless of the RJ's questionable availability for trial, all parties and counsel agree they are available to begin trial on April 21, 2025.

If a trial date for 2025 is not reserved now, trial will almost certainly be pushed to 2026, nearly two years from now and more than six years after this action was filed. This lengthy delay is unreasonable, prejudicial, and will hinder the Sun's ability to obtain justice. While a short delay might not necessarily be prejudicial, under these circumstances, a lengthy, multiple-year delay is prejudicial, and threatens the Sun's existence. The RJ's refusal to stipulate to set trial is just another part of its multi-faceted scheme to eliminate the Sun from the market. The Sun has alleged antitrust claims and seeks treble damages for the RJ's anticompetitive conduct. *See* ECF No. 621. The RJ's

124875960.1

challenge to the Amended JOA has compounded the burden on the Sun in this action, and the RJ's appeal and attempt to suspend trial furthers the harm. If trial is delayed, the RJ will be rewarded for prematurely appealing the Order under the guise of appealing the Court's ruling on the RJ's Motion to Dissolve the Status Quo Order—all while continuing to undertake accounting, operational, and other anticompetitive conduct to weaken and harm the Sun, and competition. The RJ's long game has always been to withhold payment to the Sun and extend litigation so that the Sun has no choice but to close its doors.

This result runs afoul of the Court's and public's interest in the expeditious resolution of this action. *See, e.g.*, *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (explaining the public has an "interest in expeditious resolution of litigation" and the court has a "need to manage its docket"); *see also Seiger-Todd v. New Penn Fin. LLC*, 2023 WL 3251783, at *2 (D. Nev. May 4, 2023) (invoking inherent power to dismiss action for failure to prosecute, given the public's interest in the expeditious resolution of litigation and the court's need to manage its docket). Nothing in the RJ's appeal impacts the administration of the trial, or this Court's ability to resolve pretrial matters unrelated to the RJ's appeal, such as *Daubert* motions to exclude expert witness testimony and motions in limine. The most reasonable course of action is to expeditiously set trial for April 21, 2025, or another proximate date available to the Court.

The RJ cannot credibly argue that there is a "limitation on the district court's power" to set trial in this action. *See Dietz*, 579 U.S. at 45. This Court has the inherent authority to manage its docket, including by setting trial. *E.g.*, *id.* Even if the RJ could carry its hefty burden for a stay (it does not come close),[3] the Court's issuance of a stay is discretionary, not restrictive of the Court's ability to set trial in a year. *See Nken v. Holder*, 556 U.S. 418, 433 (2009).

/ / /

/ / /

---

[3] As discussed at length in the Sun's Opposition to the Motion to Stay, the RJ cannot satisfy its burden to justify a stay because the RJ's appeal will fail on the merits (if the Ninth Circuit reaches the merits at all), the RJ will not suffer irreparable harm if trial is set in 2025, the harm to the Sun of delaying trial outweighs any harm to the RJ of continuing toward trial, and, finally, the Court's and public's interest in the expeditious resolution of this action weighs in favor of denying the RJ's request. *See* ECF No. 982 at 12-25.

- 6 -

1 **V.      CONCLUSION**

2          For the foregoing reasons, the Sun respectfully requests that the Court issue an order setting

3  the trial in this matter, subject to the Court's availability, in the first half of 2025.

4          DATED this 16th day of May, 2024.

5                                                          LEWIS ROCA ROTHGERBER CHRISTIE LLP

6

7                                                  By: */s/ Kristen L. Martini*
                                                        E. Leif Reid, Bar No. 5750
8                                                        Kristen L. Martini, Bar No. 11272
                                                        Nicole Scott, Bar No. 13757
9                                                        Lucy Crow, Bar No. 15203
                                                        3993 Howard Hughes Parkway, Suite 600
10                                                       Las Vegas, Nevada 89169

11                                                       PISANELLI BICE PLLC
                                                        James J. Pisanelli, Bar No. 4027
12                                                       Todd L. Bice, Bar No. 4534
                                                        Jordan T. Smith, Bar No. 12097
13                                                       400 South 7th Street, Suite 300
                                                        Las Vegas, Nevada 89101
14

15                                                       ALIOTO LAW FIRM
                                                        Joseph M. Alioto, *Pro Hac Vice*
16                                                       One Sansome Street, 35th Floor
                                                        San Francisco, California 94104
17
                                                        *Attorneys for Plaintiff/Counterdefendants*
18

19

20

21

22

23

24

25

26

27

28

- 7 -

124875960.1

<u>**CERTIFICATE OF SERVICE**</u>

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Lewis Roca Rothgerber Christie LLP, and that on the 16th day of May, 2024, I caused the foregoing **PLAINTIFF/COUNTERDEFENDANTS' MOTION TO SET TRIAL** to be served by electronically filing the foregoing with the CM/ECF electronic filing system, which will send notice of electronic filing to:

> J. Randall Jones, Esq.
> Michael J. Gayan, Esq.
> Mona Kaveh, Esq.
> KEMP JONES, LLP
> 3800 Howard Hughes Parkway, 17th Floor
> Las Vegas, Nevada 89169
>
> Amy M. Gallegos, Esq.
> David R. Singer, Esq.
> Andrew G. Sullivan, Esq.
> Alison I. Stein, Esq.
> JENNER & BLOCK LLP
> 515 South Flower Street, Suite 3300
> Los Angeles, California 90071
>
> Richard L. Stone, Esq.
> 850 Devon Avenue
> Los Angeles, California 90024
>
> Hon. Philip M. Pro (Ret.)
> Special Master
> philipmpro@gmail.com
> sparreno@jamsadr.com

> */s/ Dawn M. Hayes*
> Employee of Lewis Roca Rothgerber Christie LLP

- 8 -

124875960.1