UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., <br><br> Plaintiff, <br> v. <br><br> SHELDON ADELSON, *et al.*, <br><br> Defendants. | Case No. 2:19-cv-01667-ART-VCF <br><br> ORDER |
| LAS VEGAS REVIEW-JOURNAL, INC., <br><br> Counter Claimant, <br> v. <br><br> LAS VEGAS SUN, INC., *et al.*, <br><br> Counter Defendants. | |

Before the Court are Defendant Las Vegas-Review Journal's (the RJ) motion to stay this case pending appeal to the Ninth Circuit (ECF No. 979) and Plaintiff Las Vegas Sun's (the Sun) motion to set a trial date (ECF No. 988). For the reasons identified below, the Court denies both motions.[1]

Dispositive motions have been filed and addressed, and the parties are now preparing for what is likely to be a five-week trial. A trial date has yet to be set. At this point, the two most likely dates are April 2025 and June 2025. (ECF No. 982-3 at ¶ 3.) If neither of those dates are chosen, it is unlikely that there will be a trial before 2026. (*Id.*)

On April 10, 2024, the RJ filed an appeal to the Ninth Circuit challenging a portion of this Court's March 31, 2024 order. (ECF Nos. 970, 972.) The appeal challenges this Court's determination that the Newspaper Preservation Act (NPA) did not require the Sun or the RJ to obtain the U.S. Attorney General's signature on their 2005 Amendment to their Joint Operating Arrangement (JOA). (ECF No.

---

[1] The Sun has also filed a motion for reconsideration of the Court's March 31st order. (ECF Nos. 970, 980.) The Court does not yet reach that motion.

1

979 at 4-7.) The appeal is currently on an expedited briefing schedule. (ECF No. 982 at 11.) The RJ requests that the Court stay this case pending resolution of that appeal.

Courts in the Ninth Circuit have discretion to grant stays pending appeal. "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks omitted). A stay "is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (internal quotation marks omitted). The exercise of this discretion is to be guided by the application of a four-part test, which considers: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434. Of these factors, the first two are the most important. *Id.* "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion." *Id.* at 433-34.

The first factor, "likelihood of success on the merits," sets a relatively low bar for success, which the RJ has cleared. Courts have rearticulated this factor as requiring a "reasonable probability" of success, a "fair prospect" of success, the existence of "a substantial case on the merits," or a showing that "serious legal questions" have been raised. *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011). The RJ's appeal raises a novel question of law in the Ninth Circuit, with scant persuasive authority: whether the NPA requires the AG's signature on amended JOAs formed after 1970. This Court has explained elsewhere why the RJ is unlikely to prevail in its appeal. (*See* ECF No. 970 at 13-20.) But given the novelty of the legal question at issue, the RJ's chances are not "unreasonable." At the least, the RJ has raised "serious questions on the merits" of its case.

1   *Federal Trade Commission v. Qualcomm Incorporated*, 935 F.3d 752, 756 (9th Cir.
2   2019).

3       The RJ has not met its burden on factor two: irreparable injury absent a
4   stay. *Nken*, 556 U.S. at 433. The RJ argues that this Court should apply a
5   balancing test on factors one and two such that, if the RJ has shown "a
6   probability of success on the merits," as opposed to a mere likelihood, it need
7   only show "the possibility of irreparable injury," as opposed to a likelihood of
8   irreparable injury. (ECF No. 979 at 9.) This is incorrect. While some balancing is
9   appropriate, *see Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020), *Nken*
10  and *Leiva-Perez* make clear that, no matter how strong a party's showing on factor
11  one, the party must at least show that irreparable injury is "likely" to occur on
12  factor two. *Leiva-Perez*, 640 F.3d at 965; *Nken*, 556 U.S. at 434-35; *Al Otro Lado*,
13  952 F.3d at 1007; *see also Evergreen Capital Management LLC v. Bank of New*
14  *York Mellon Trust Company, N.A.*, Case No. CV 20-7561-MWF, 2020 WL
15  13240703, at *2 (C.D. Cal. Dec. 7, 2020).

16      The RJ argues that irreparable injury is likely if a stay is not issued because
17  it will be forced to devote time and resources to preparing for a trial that may
18  never occur or may be reduced in scope by the Ninth Circuit's decision. (ECF No.
19  979 at 9-10.) But the trial is nearly a year away, if not further. (ECF No. 982-3 at
20  ¶ 3.) The parties are not required to devote meaningful resources towards
21  preparation at this point, and they may stipulate to extend any burdensome trial-
22  related deadlines, as they have in the past. (*See* ECF No. 975 (granting Parties'
23  stipulation to extend deadline for filing joint pre-trial order).) Further, the appeal
24  to the Ninth Circuit is on an expedited briefing schedule and should be fully
25  briefed by the end of this month. (ECF No. 982 at 11.) It is unclear if the appeal
26  will be resolved in the RJ's favor. If not, the RJ will experience no harm through
27  this Court's refusal to stay this case. If the appeal takes longer than expected and
28  begins to encroach on the trial date, this Court can mitigate any potential damage

1  to the RJ at that point, including by postponing trial.

2  Further, it is unclear that the injury of which the RJ complains, which is primarily financial in nature and relates only to the costs of litigation, is cognizable as an "irreparable" injury for purposes of a motion to stay. Litigation expenses are not typically considered irreparable. *E.g., Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) (holding, on review of preliminary injunction, that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."); *see also Doe #1 v. Trump*, 957 F.3d 1050, 1060 (9th Cir. 2020) ("[T]he harm asserted by the government is purely monetary, and monetary injury is not normally considered irreparable.") (internal quotations marks omitted); *Mohamed v. Uber Techs.*, 115 F. Supp. 3d 1024, 1032-33 (N.D. Cal. 2015) ("[N]early all courts have concluded that incurring litigation expenses does not amount to an irreparable harm.") (internal quotation marks omitted); *Ostrander v. Heights of Summerlin, LLC*, 2022 WL 1694219, at *2 (D. Nev. Jan. 31, 2022) ("[D]efendants have not shown how forcing them to litigate this case in state court while the appeal proceeds would cause them irreparable harm; at most they have shown that they might incur duplicative or needless fees and costs of litigation, which is not irreparable harm.").

To be sure, courts have sometimes held litigation costs or forced litigation to constitute irreparable harm. *See Risinger v. SOC LLC*, Case No. 2:12-cv-00063-MMD-PAL, 2015 WL 7573191, at * 2 (D. Nev. Nov. 24, 2015). But these exceptions have typically come up in the context of class actions, *see id.* ("[C]lasses of this size make the likelihood that a party will incur substantial—and potentially unnecessary—costs greater."); *Richards v. Ernst & Young LLP,* No. C-08-04988 RMW, 2012 WL 92738, at *3 (N.D. Cal. Jan. 11, 2012), or when failure to stay would improperly deprive parties of the "speed and economy" guaranteed to them by an arbitration clause, *Mohamed,* 115 F. Supp. 3d at 1033-34. The RJ has not adequately explained why those exceptions should apply here.

4

The public interest also weighs in favor of denying the RJ's motion. This case is nearly five years old. *See Paskenta Band of Nomlaki Indians v. Crosby*, 2020 WL 2745665, at *2 (E.D. Cal. May 27, 2020) (acknowledging the public's interest in "the expeditious resolution of litigation"); *F.T.C. v. Johnson*, 2013 WL 3155311, at *4 (D. Nev. Jun. 19, 2013) ("[T]he interests of non-parties, and the public at large, are best met by ensuring that both matters are brought to a conclusion in an expeditious manner.") The allegations at its heart speak to the survival of an editorially independent local news market. This is an issue Congress has explicitly proclaimed to be in the public's interest. *See* 15 U.S.C. § 1801 (stating that it is "[i]n the public interest [to] maintain[] a newspaper press editorially and reportorially independent and competitive in all parts of the United States"). It is true that there is some marginal risk of wasted resources absent a stay, *see Risinger*, 2015 WL 7573191, at *2, but that risk does not outweigh the public's need for an expeditious resolution of the claims in this case by a jury.

The Court need not address factor three—risk of substantial injury to the Sun—so it will not do so here. *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 ("The first two factors . . . are the most critical; the last two are reached only once an applicant satisfies the first two factors.") (internal quotation marks omitted).

It is therefore ordered that the RJ's motion to stay case pending appeal to the Ninth Circuit (ECF No. 979) is denied.

It is further ordered, pursuant to the Court's inherent power to control its docket, *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016); Fed. R. Civ. P 83(b), that the Sun's motion to set trial (ECF No. 988) is denied as premature. The Court will set trial at a later date, by separate order.

Dated this 18th day of June 2024.

*[signature]*

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE