UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC.,<br><br>                       Plaintiff,<br>v.<br><br>SHELDON ADELSON, *et al.*,<br><br>                       Defendants. | Case No. 2:19-cv-01667-ART-VCF<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION (ECF No. 980) |
| LAS VEGAS REVIEW-JOURNAL, INC.,<br><br>                       Counter Claimant,<br>v.<br><br>LAS VEGAS SUN, INC., *et al.*,<br><br>                       Counter Defendants. | |

This is an antitrust action between the Las Vegas Sun ("Sun") and the Las Vegas Review-Journal ("RJ"). The Court previously granted the RJ partial summary judgment, and the case is proceeding to trial. (ECF No. 970.) The Sun now moves the Court to reconsider the portion of its order which granted the RJ summary judgment on a claim of issue preclusion. (ECF No. 980.) The Sun contends that the Court erred in finding that the Sun is precluded from arguing damages stemming from the RJ's breach of promotional activities expenses during the arbitration period (December 11, 2015 to March 31, 2018). For the reasons explained below, the Court grants the Sun's motion.

**I.    BACKGROUND**

As outlined in the Court's prior order, the parties previously arbitrated claims related to the 2005 joint operating agreement ("JOA") at issue in this case. The arbitration tribunal considered, among other issues, whether the RJ breached Section 1.5.4 of the 2005 JOA: the requirement that the RJ use "commercially reasonable efforts" to promote the Sun in "equal prominence" to

1

1  the RJ. (ECF No. 837-8 at 4.) The arbitrator found that there was not enough
2  evidence presented to make a definitive damages calculation and therefore did
3  not award damages on this issue but noted that the audit awarded might result
4  in a determinable damages amount. (*Id.* at 5, 12.)

5      The Sun filed this antitrust action against the RJ in 2019, bringing claims
6  under the Sherman Act, the Clayton Act, and Nevada's Unfair Trade Practices
7  Act. (ECF No. 621.) Among other claims, the Sun alleges that the RJ's refusal to
8  use commercially reasonable efforts to promote the Sun and wrongful charging
9  of the RJ's unilateral promotional activities against the joint operation are overt
10 acts in furtherance of the RJ's plan to monopolize the market for the sale of local
11 daily newspapers in Clark County. (ECF No. 621 at ¶¶ 86–96.)

12     In their cross-motions for summary judgment, both parties raised
13 arguments regarding the preclusive effect of the 2019 arbitration award. (ECF
14 Nos. 843 at 54-57; 829 at 50.) The Sun challenges the portion of the Court's order
15 which found that the Sun is precluded from arguing for damages stemming from
16 the RJ's breach of promotional activities expenses during the arbitration period.
17 (ECF No. 970 at 32.)

18 **II.    LEGAL STANDARD**

19     A district court may reconsider an interlocutory order for cause, so long as
20 it retains jurisdiction. LR 59-1(a). Reconsideration may be appropriate if the
21 district court "(1) is presented with newly discovered evidence, (2) committed clear
22 error or the initial decision was manifestly unjust, or (3) if there is an intervening
23 change in controlling law." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th
24 Cir. 2013) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.
25 1993)); *see also* LR 59-1(a).

26 **III.   DISCUSSION**

27     The Sun argues that the Court's finding that the Sun was precluded from
28 arguing for damages stemming from the RJ's breach of promotional activities

expenses during the arbitration timeframe was clear error and results in a manifest injustice. (ECF No. 980 at 16.)

In Nevada, four elements must be met for issue preclusion to apply: "'(1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; ... (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation'; and (4) the issue was actually and necessarily litigated." *Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (quoting *Univ. of Nev. v. Tarkanian*, 879 P.2d 1180, 1191 (Nev. 1994). The Sun contends that the first and fourth elements are not met.

The Sun argues that the antitrust injuries at issue in this case are different from the contract damages at issue in the because this case, unlike the arbitration, involves antitrust injury. (ECF No. 981 at 16-21.) The Sun points to other portions of the Court's order in which the Court found that the RJ's monopolistic intent was not the ultimate issue in the 2019 arbitration and was not actually and necessarily litigated, making issue preclusion inappropriate. (ECF No. 970 at 29-31.) The Court agrees that it should have applied the same reasoning to this issue and therefore reconsiders this narrow portion of its prior order.

The RJ argues that the promotional activities expenses issue in this case and the arbitration are identical because they involve the same facts. (ECF No. 990 at 16-17.) The RJ points out that the Sun brought similar allegations in this case as in its original state court complaint and that the Sun's expert in this case made similar damages calculations in this case and in the arbitration. (*Id.*) The RJ points to *Kaufman v. BDO Seidman,* a case in which the Sixth Circuit applied issue preclusion where plaintiffs in the first action claimed damages on a theory of professional misconduct and in the second action on a theory of securities fraud. 984 F.2d 182, 183 (6th Cir. 1993). But that case is distinguishable. In

3

*Kaufman*, the court explained that there was "no difference at all between the [two actions] in the wrongful acts claimed and the harm which is supposed to have resulted from these wrongful acts." *Id.* Here, the facts may be the same, but the alleged harm is different.

The Sun's antitrust and arbitration claims are not identical because they concern different harms. In this case, unlike the arbitration, the Sun alleges antitrust injuries—injuries that flow from aspects of the RJ's conduct that are harmful to consumers. "A competitor has standing to assert a Sherman Act claim 'only when the claimed injury flows from acts harmful to consumers.'" *PLS.Com, LLC v. Nat'l Ass'n of Realtors*, 32 F.4th 824, 832 (9th Cir. 2022) (citing *Rebel Oil Co., Inc. v. Atl. Richfield Co.,* 51 F.3d 1421, 1445 (9th Cir. 1995).

The Court previously found that the Sun has presented sufficient evidence to create a triable issue of fact on the issue of whether the RJ's anticompetitive conduct has weakened the Sun's ability to compete, resulting in harm to the Sun, competition in the relevant market, and consumers. (ECF No. 970 at 26.) The Court also previously found that discovery on the promotional activities and expenses issue is "relevant to the Sun's alleged antitrust injury based on diminished profit payments and harm to the Sun's brand, including consumer harm from diminished exposure to editorial and reportorial diversity due to the Sun's alleged exclusion from the RJ's promotional activities." (ECF No. 795 at 10.) By contrast, the harm at issue in the 2019 arbitration was merely harm to the Sun for breach of contract: loss of revenue. Because the harm alleged in this case is different, the issues are not identical and issue preclusion is not appropriate.

The Sun also contends that the issues are not identical because the antitrust claim in this suit has a lower burden of proof than the contract claim in the arbitration. (ECF No. 980 at 20-21.) The RJ argues that the Court should not consider this argument because it is raised for the first time in this motion for

4

1  reconsideration. (ECF No. 990 at 21-21.) The Court need not reach this issue
2  because it finds that issue preclusion does not apply based on the arguments
3  raised in the Sun's opposition to the RJ's motion for summary judgment. (ECF
4  No. 870 at 56-60.)

5  Because the issues are not identical, the first element required for issue
6  preclusion is not met. Therefore, the Sun should not be precluded from arguing
7  for damages stemming from the RJ's breach of promotional activities expenses
8  during the arbitration period at trial. This order is consistent with the Court's
9  prior decisions in this case and does not, contrary to the RJ's contentions, require
10 that the Court allow the RJ to relitigate other issues decided in its prior order.
11 (ECF No. 990 at 3, 20.)

**IV.    CONCLUSION**

It is therefore ordered that the Sun's motion for reconsideration (ECF No. 980) is GRANTED.

The Court reverses the narrow portion of its prior order which precluded the Sun from arguing for damages stemming from the RJ's breach of promotional activities expenses during the period of time from December 11, 2015 through March 31, 2018. (ECF No. 970 at 32.) The Sun is not precluded from arguing for antitrust damages stemming from the RJ's breach of promotional activities expenses during the arbitration period.

In light of this order, the joint pretrial order (ECF No. 1002) is denied without prejudice and the parties are directed to amend and refile their proposed joint pretrial order within 14 days of this order.

DATED: February 20, 2025

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE