J. RANDALL JONES, ESQ., SBN 1927
r.jones@kempjones.com
MONA KAVEH, ESQ., SBN 11825
m.kaveh@kempjones.com
KEMP JONES LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone:    +1 702 385 6000

DAVID R. SINGER, ESQ. (*pro hac vice*)
dsinger@jenner.com
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
agallegos@jenner.com
ANDREW G. SULLIVAN, ESQ. (*pro hac vice*)
agsullivan@jenner.com
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, California 90071
Telephone:    +1 213 239 5100
Facsimile:    +1 213 239 5199

MICHAEL J. GAYAN, ESQ., SBN 11135
mike@claggettlaw.com
CLAGGETT & SYKES LAW FIRM
4101 Meadows Lane, Suite 100
Las Vegas, Nevada 89107
Telephone:    +1 702 333 7777
Facsimile:    +1 702 655 3763

RICHARD L. STONE, ESQ. (*pro hac vice*)
rstone@fastmail.com
850 Devon Avenue
Los Angeles, California 90024
Telephone:    +1 310 993 2068

*Attorneys for Defendants/Counterclaimant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAS VEGAS SUN, INC.,<br><br>      Plaintiff,<br><br> v.<br><br>SHELDON ADELSON, et al.,<br><br>      Defendants. | Case No. 2:19-cv-01667-ART-MDC<br><br>**DEFENDANTS' NOTICE OF MOTION AND RENEWED MOTION TO DISSOLVE PRELIMINARY INJUNCTION**<br><br>**[ORAL ARGUMENT REQUESTED]** |

AND RELATED COUNTERCLAIM

Defendant/Counterclaimant Las Vegas Review-Journal, Inc., and Defendants News+Media Capital Group LLC, Estate of Sheldon Adelson, Patrick Dumont, and Interface Operations LLC dba Adfam (collectively, "Defendants"), by and through their counsel of record, Kemp Jones LLP, Jenner & Block LLP, Claggett & Sykes Law Firm, and Richard L. Stone, Esq., hereby respectfully move this Court, pursuant to Federal Rule of Civil Procedure 54, for an order dissolving the preliminary injunction entered on October 9, 2019 (ECF No. 13).

This motion is based on the following memorandum of points and authorities, accompanying exhibits, the papers and pleadings on file in this action, the Newspaper Preservation Act (15 U.S.C. §§1801–1804), the Ninth Circuit's opinion in *Las Vegas Sun, Inc. v. Adelson*, 147 F.4th 1103 (9th Cir. 2025), and any argument the Court may allow at a hearing on the motion.

Dated: February 24, 2026                                CLAGGETT & SYKES LAW FIRM

                                        By:   */s/ Michael Gayan*
                                              MICHAEL J. GAYAN, ESQ., SBN 11135
                                              4101 Meadows Lane, Suite 100
                                              Las Vegas, Nevada 89107

                                              J. RANDALL JONES, ESQ., SBN 1927
                                              MONA KAVEH, ESQ., SBN 11825
                                              KEMP JONES LLP
                                              3800 Howard Hughes Parkway, 17th Floor
                                              Las Vegas, Nevada 89169

                                              DAVID R. SINGER, ESQ. (*pro hac vice*)
                                              AMY M. GALLEGOS, ESQ. (*pro hac vice*)
                                              ANDREW G. SULLIVAN, ESQ. (*pro hac vice*)
                                              JENNER & BLOCK LLP
                                              515 South Flower Street, Suite 3300
                                              Los Angeles, California 90071

                                              RICHARD L. STONE, ESQ. (*pro hac vice*)
                                              850 Devon Avenue
                                              Los Angeles, California 90024

                                              *Attorneys for Defendants/Counterclaimant*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction.

Since October 9, 2019, a stipulated preliminary injunction has been in place requiring Defendants (the "Review-Journal") to perform under the 2005 joint operating arrangement ("2005 JOA"). ECF No. 13 (the "Preliminary Injunction"), at 3–4. On August 4, 2025, the Ninth Circuit unequivocally held that the "2005 JOA is unlawful and unenforceable" under the Newspaper Preservation Act ("NPA"). *Las Vegas Sun, Inc. v. Adelson,* 147 F.4th 1103 (9th Cir. Aug. 4, 2025). In so holding, the Ninth Circuit reversed the district court's ruling denying the Review-Journal's request to dissolve the Preliminary Injunction. *Id.* at 1121–22. The Sun sought rehearing en banc; its petition was denied. *Las Vegas Sun, Inc. v. Adelson*, No. 24-2287, Dkt. 63.1 (9th Cir. Sept. 11, 2025). The Sun then filed a petition for certiorari with the United States Supreme Court; that petition was denied, too. *Las Vegas Sun, Inc. v. Adelson*, No. 25-697, 2026 WL 490865 (U.S. Feb. 23, 2026) (Order List). The question is now undeniably settled: the 2005 JOA is unlawful and unenforceable.

This Court "does not have the authority to ignore circuit court precedent." *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016); *see also Hart v. Massanari*, 266 F.3d 1155, 1175 (9th Cir. 2001) ("A district court bound by circuit authority … has no choice but to follow it, even if convinced that such authority was wrongly decided."). Because the Preliminary Injunction requires the Review-Journal to "perform under the 2005 JOA," in contravention of the Ninth Circuit's decision, the Preliminary Injunction must now be dissolved. *Id.*; ECF No. 13 at 3.[1] The Review-Journal respectfully requests that the Court dissolve the Preliminary Injunction, and for the reasons set forth in the Review-Journal's concurrently filed emergency motion, this relief should be granted immediately.

## II. The Preliminary Injunction Must Be Dissolved.

The parties' dispute about whether the 2005 JOA is lawful and enforceable has been resolved. According to the Ninth Circuit's binding and controlling decision, the 2005 JOA is not

---

[1] Although mandate has not yet issued, the Sun moved on February 23, 2026 for a temporary restraining order compelling the Review-Journal to continue printing and distributing the Sun. Accordingly, the Review-Journal could not wait to file this motion.

1

lawful and is not enforceable. 147 F.4th at 1121 ("the 2005 JOA is unlawful and unenforceable"). The Ninth Circuit rejected the Sun's interpretation of the NPA approval requirements, finding that interpretation "squarely foreclosed by the plain language of the statute." *Id.* at 1114. The Ninth Circuit's order affirms that it is "'*unlawful*' to 'enter into, perform, or *enforce*'" a JOA that lacks the required prior written consent of the Attorney General, as mandated by 15 U.S.C. § 1803(b). *Id.* (quoting 15 U.S.C. § 1803(b)) (emphasis added). The Supreme Court denied the Sun's cert petition on February 23, 2026. *Las Vegas Sun, Inc. v. Adelson*, No. 25-697, 2026 WL 490865 (U.S. Feb. 23, 2026) (Order List). Accordingly, the Preliminary Injunction—which enforces the 2005 JOA—is therefore *itself* unlawful under the NPA because it compels enforcement of an agreement that both Congress and the Ninth Circuit have declared unlawful.

The Court should reject any argument by the Sun that the Preliminary Injunction should remain in place notwithstanding the Ninth Circuit's ruling. This Court is required to follow the Ninth Circuit's decision—which the Supreme Court chose to leave in place—and has no discretion to disregard it. *See Mohamed*, 848 F.3d at 1211; *Hart*, 266 F.3d at 1175 ("Judges of the inferior courts may voice their criticisms [of a law], but follow it they must."); *see also In re Zermeno-Gomez*, 868 F.3d 1048, 1053 (9th Cir. 2017) ("we have unequivocally stated that a published decision constitutes binding authority and must be followed."). It is similarly well settled that courts may not enforce illegal contracts. *See Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 83–84 (1982). As the Supreme Court explained in *Kaiser Steel*: "[t]he power of the federal courts to enforce the terms of privates agreement is at all times exercised *subject to the restrictions and limitations of the public policy* of the United States as *manifested in federal statutes*." 455 U.S. at 83–84 (alterations omitted and emphasis added). "Where the enforcement of private agreements would be violative of [a federal statute], it is the *obligation of courts to refrain* from such exertions of judicial power." *Id.* (emphasis added); *Kaiser-Frazer Corp. v. Otis & Co.*, 195 F.2d 838, 843 (2d Cir. 1952) ("a contract which violates the laws of the United States and contravenes the public policy as expressed in those laws is unenforceable"). Because the 2005 JOA is unlawful and unenforceable under the NPA, as the Ninth Circuit held and the Supreme Court did not disturb,

2

the Court should immediately dissolve the Preliminary Injunction enforcing compliance with this unlawful agreement.

### III.  Conclusion.

For the reasons set forth above, including clear direction from Congress, the Ninth Circuit, and the Supreme Court, the Review-Journal respectfully requests that the Court immediately dissolve the unlawful Preliminary Injunction entered in this matter on October 9, 2019. ECF No. 13.[2]

Dated:   February 24, 2026            CLAGGETT & SYKES LAW FIRM

By:   /s/ Michael Gayan
MICHAEL J. GAYAN, ESQ., SBN 11135
4101 Meadows Lane, Suite 100
Las Vegas, Nevada 89107

J. RANDALL JONES, ESQ., SBN 1927
MONA KAVEH, ESQ., SBN 11825
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

DAVID R. SINGER, ESQ. (*pro hac vice*)
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
ANDREW G. SULLIVAN, ESQ. (*pro hac vice*)
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, California 90071

RICHARD L. STONE, ESQ. (*pro hac vice*)
850 Devon Avenue
Los Angeles, California 90024

*Attorneys for Defendants/Counterclaimant*

---

[2] If the Court believes the Review-Journal's motion should appropriately be styled as a motion for reconsideration pursuant to LR 59-1, the standard for such a motion is satisfied. *See* LR 59-1(a) ("Changes in legal or factual circumstances . . . may entitle the movant to relief").

3

## PROOF OF SERVICE

I hereby certify that on the 24th day of February, 2026, I served a true and correct copy of the foregoing **DEFENDANTS' NOTICE OF MOTION AND RENEWED MOTION TO DISSOLVE PRELIMINARY INJUNCTION** via the United States District Court's CM/ECF electronic filing system to all parties on the e-service list.

*/s/ Melisa Pytlik*
An employee of Claggett & Sykes Law Firm