J. RANDALL JONES, ESQ., SBN 1927
r.jones@kempjones.com
MONA KAVEH, ESQ., SBN 11825
m.kaveh@kempjones.com
KEMP JONES LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone:     +1 702 385 6000

DAVID R. SINGER, ESQ. (*pro hac vice*)
dsinger@jenner.com
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
agallegos@jenner.com
ANDREW G. SULLIVAN, ESQ. (*pro hac vice*)
agsullivan@jenner.com
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, California 90071
Telephone:     +1 213 239 5100
Facsimile:     +1 213 239 5199

MICHAEL J. GAYAN, ESQ., SBN 11135
mike@claggettlaw.com
CLAGGETT & SYKES LAW FIRM
4101 Meadows Lane, Suite 100
Las Vegas, Nevada 89107
Telephone:     +1 702 333 7777
Facsimile:     +1 702 655 3763

RICHARD L. STONE, ESQ. (*pro hac vice*)
rstone@fastmail.com
850 Devon Avenue
Los Angeles, California 90024
Telephone:     +1 310 993 2068

*Attorneys for Defendants/Counterclaimant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., | Case No. 2:19-cv-01667-ART-MDC |
| Plaintiff, | **EMERGENCY MOTION TO EXPEDITE RESOLUTION OF DEFENDANTS' RENEWED MOTION TO DISSOLVE PRELIMINARY INJUNCTION** |
| v. | |
| SHELDON ADELSON, et al., | |
| Defendants. | |

AND RELATED COUNTERCLAIM

Defendant/Counterclaimant Las Vegas Review-Journal, Inc., and Defendants News+Media Capital Group LLC, Estate of Sheldon Adelson, Patrick Dumont, and Interface Operations LLC dba Adfam (collectively, "Defendants" or the "Review-Journal"), by and through their counsel of record, Kemp Jones LLP, Jenner & Block LLP, Claggett & Sykes Law Firm, and Richard L. Stone, Esq., hereby respectfully move this Court, pursuant to Local Rule 7-4, for an order expediting the resolution of the renewed motion to dissolve the preliminary injunction filed concurrently herewith (the "Motion").

This motion is based on the following memorandum of points and authorities, the Declaration of Michael J. Gayan attached as **Exhibit A**, the papers and pleadings on file in this action, and any argument the Court may allow at a hearing on the motion.

## I. The Court Should Expedite Resolution of the Renewed Motion to Dissolve the Preliminary Injunction.

The stipulated preliminary injunction entered by this Court on October 9, 2019, requires the Review-Journal to "continue to perform under the 2005 JOA" until "after the entry of final judgment by a court of competent jurisdiction permitting…termination" of the agreement. ECF No. 13 (the "Preliminary Injunction"), at 3. On August 4, 2025, the Ninth Circuit ruled that this Court erred in its decision to deny the Review-Journal's motion to dissolve the injunction specifically because the "2005 JOA is unlawful and unenforceable" under the express language of the Newspaper Preservation Act ("NPA"). *Las Vegas Sun, Inc. v. Adelson*, 147 F.4th 1103, 1121 (9th Cir. 2025) (quoting 15 U.S.C. § 1803(b)). The Sun's petition for rehearing en banc was denied on September 11, 2025. *Las Vegas Sun, Inc. v. Adelson*, No. 24-2287, Dkt. 63.1 (9th Cir. Sept. 11, 2025). The Sun filed a petition for certiorari with the United States Supreme Court; the Supreme Court denied the Sun's petition on February 23, 2026. *Las Vegas Sun, Inc. v. Adelson*, No. 25-697, 2026 WL 490865 (U.S. Feb. 23, 2026) (Order List).

It is now conclusively settled that the 2005 JOA is unlawful and unenforceable.

The Preliminary Injunction currently in effect is, by definition, also unlawful because it enforces and mandates performance under the unlawful and unenforceable 2005 JOA. ECF No. 13 at 3 (ordering the Review-Journal to "continue to perform under the 2005 JOA"). The Court should not delay for even a day in exercising its independent duty to dissolve the preliminary

1

injunction that is forcing the Review-Journal to violate the Ninth Circuit's order by complying with the unlawful 2005 JOA. *See Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016) ("The district court does not have the authority to ignore circuit court precedent."); *Hart v. Massanari*, 266 F.3d 1155, 1175 (9th Cir. 2001) ("A district court bound by circuit authority … has no choice but to follow it, even if convinced that such authority was wrongly decided."); *Kaiser Steel Corp. v. Mullins,* 455 U.S. 72, 83–84 (1982) ("Where the enforcement of private agreements would be violative of [a federal statute], it is the obligation of courts to refrain from such exertions of judicial power.").

Resolution of the Motion is especially urgent because every day the preliminary injunction remains in place, the Review-Journal will be forced to print content inside its newspaper against its will. This is a clear violation of the Review-Journal's First Amendment rights. *See Miami Herald Pub. Co., Div. of Knight Newspapers, Inc. v. Tornillo*, 418 U.S. 241, 256 (1974) (holding any "compulsion exerted . . . on a newspaper to print that which it would not otherwise print . . . is unconstitutional."); *Madsen v. Women's Health Ctr.*, 512 U.S. 753, 765 (1994) (holding judicial orders, such as injunctive relief, are considered state actions for the purposes of First Amendment protections.). The Review-Journal therefore respectfully requests that the Court expedite its dissolution of the Preliminary Injunction that is currently forcing the Review-Journal to engage in unlawful conduct and which also violates the Review-Journal's constitutional free speech rights.

## II.     Emergency Relief is Warranted.

An emergency motion is properly presented where the movant shows "(1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief, or at the very least that the crisis occurred because of excusable neglect." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1142 (D. Nev. 2015). Here, each day the Preliminary Injunction remains in place, the Review-Journal is being forced to perform under an unlawful agreement that the Ninth Circuit has held unequivocally violates a federal statute. That is improper in and of itself. *See Mohamed*, 848 F.3d at 1211; *Hart*, 266 F.3d at 1175 ("Judges of the inferior courts may voice their criticisms [of a law], but follow it they must."); *see also In re Zermeno-Gomez*, 868 F.3d

2

1048, 1053 (9th Cir. 2017) ("we have unequivocally stated that a published decision constitutes binding authority and must be followed."). But, even worse, the Preliminary Injunction is a court order *forcing* the Review-Journal to publish, distribute, and promote the Las Vegas Sun's content against the will of the Review-Journal, its publisher, and its owners in violation of their First Amendment rights. This readily meets the level of exigency required by the standard for emergency relief. *See, e.g., Behymer-Smith ex rel. Behymer v. Coral Academy of Science*, 427 F. Supp. 2d 969, 973–74 (D. Nev. 2006) (granting emergency motion to prevent likely violation of party's First Amendment rights).[1]

### A. The Review-Journal is Irreparably Harmed by the Preliminary Injunction on a Daily Basis.

The Preliminary Injunction forces the Review-Journal to engage in illegal conduct against its will on a daily basis. The Ninth Circuit's ruling, interpreting the plain language of Section 4(b) of the NPA, makes clear that it is "unlawful" to "perform" under the 2005 JOA, and "unlawful" to "enforce" the 2005 JOA. 15 U.S.C. § 1803(b) ("[i]t shall be *unlawful* for any person to enter into, *perform*, or *enforce* a joint operating arrangement" that lacks written Attorney General approval) (emphases added); *Las Vegas Sun*, 147 F.4th at 1114, 1121. Continued enforcement of the Preliminary Injunction is therefore itself a violation of the Ninth Circuit's decision and the NPA. Every day the Preliminary Injunction remains in place, the Review-Journal is forced to violate the will of Congress under the NPA and a binding order of the Ninth Circuit Court of Appeals. After an exhaustive search of all published federal cases, Defendants are unaware of a single case in which a federal district court has ever ordered a party to engage in conduct that has been deemed unlawful by a U.S. Court of Appeals applying a federal statute. Indeed, district courts have no power to order parties to flout a binding decision issued by an appellate court. *See Mohamed*, 848 F.3d at 1211; *Hart*, 266 F.3d at 1175; *Zermeno-Gomez*, 868 F.3d at 1053.

---

[1] Courts in this District regularly grant emergency motions under circumstances far less egregious than here, including situations where there is no imminent risk of extreme harm, such as an opposing party's failure to respond to discovery or the improper designation of an expert witness. *See Renfrow v. Redwood Fire & Cas. Ins. Co.*, 288 F.R.D. 514, 524 (D. Nev. 2013) (granting in part emergency motion to compel discovery); *Downs v. River City Grp., LLC*, 288 F.R.D. 507, 514 (D. Nev. 2013) (granting emergency motion for protective order with respect to expert deposition and to strike designation of expert as testifying expert).

3

The Preliminary Injunction also violates the First Amendment because it is a court order that forces the Review-Journal to publish the content of an unrelated party – here, a hostile competitor – against its will. *See Tornillo*, 418 U.S. at 256–58 (compelling publication of content in a print newspaper is not "consistent with First Amendment guarantees of a free press"); *McDermott v. Ampersand Pub., LLC,* 593 F.3d 950, 959 (9th Cir. 2010) ("It is clear that the First Amendment erects a barrier against government interference with a newspaper's exercise of editorial control over its content."). In *Tornillo*, the United States Supreme Court held that forcing a newspaper to print an article representing an opposing viewpoint was an unconstitutional violation of the First Amendment because it interfered with the newspaper's "exercise of editorial control and judgment." 418 U.S. at 255, 258. The Supreme Court's holding in *Tornillo* rests on the proposition that "the State cannot tell a newspaper what it must print." *Pruneyard Shopping Ctr. v. Robins*, 447 U.S. 74, 88 (1980). By enforcing the unlawful 2005 JOA, the preliminary injunction is doing exactly that: compelling the Review-Journal to print content it does not want to print in violation of the Review-Journal's First Amendment rights.

This violation of the Review-Journal's First Amendment rights clearly constitutes irreparable harm. *See Roman Catholic Diocese of Brooklyn v. Cuomo,* 592 U.S. 14, 19 (2020) ("The loss of First Amendment freedoms, for even minimal periods of time, *unquestionably constitutes irreparable injury*.") (emphasis added). Indeed, irreparable harm is particularly acute in the context of compelled publication because the association of a publisher with a compelled message cannot be easily undone. *See West Virginia State Board of Ed. v. Barnette*, 319 U.S. 624, 633 (1943) (noting that a law commanding "involuntary affirmation" of beliefs one finds objectionable would require "even more immediate and urgent grounds" than a law demanding silence). This Court should dissolve the preliminary injunction without delay and end the continued and ongoing violation of the Review-Journal's First Amendment rights.

**B. The Review-Journal Is Without Fault in Creating the Crisis That Requires Emergency Relief.**

The Review-Journal bears no fault in creating the situation that necessitates the requested relief. The Review-Journal has been challenging the enforceability of the 2005 JOA since the pleading stage, and its challenge was rejected on the ground that it contradicted the allegations in

4

the Sun's complaint. *Las Vegas Sun*, 147 F.4th at 1112; ECF No. 243 at 8–9. The Review-Journal then re-raised the issue shortly after the close of discovery by filing a motion to dissolve the Preliminary Injunction on the grounds that the 2005 JOA was unlawful and unenforceable. ECF No. 853. Following this Court's denial of that motion in March 2024, the Review-Journal immediately appealed the denial. *Las Vegas Sun*, 147 F.4th at 1112; ECF No. 970 at 19, 49. After the Ninth Circuit reversed and denied the Sun's petition for rehearing en banc, and the Supreme Court declined to grant cert, the Review-Journal is promptly renewing its motion to dissolve the Preliminary Injunction before this Court. At all times, the Review-Journal has acted diligently in seeking to dissolve the Preliminary Injunction that is forcing compliance with the unlawful 2005 JOA, and the Review-Journal is without fault in creating the situation that necessitates this Motion.

**CONCLUSION**

The Review-Journal respectfully requests that the Court grant its motion for expedited resolution of its renewed motion to dissolve the preliminary injunction entered in this matter.

Dated:    February 24, 2026                CLAGGETT & SYKES LAW FIRM

By:    */s/ Michael Gayan*
MICHAEL J. GAYAN, ESQ., SBN 11135
4101 Meadows Lane, Suite 100
Las Vegas, Nevada 89107

J. RANDALL JONES, ESQ., SBN 1927
MONA KAVEH, ESQ., SBN 11825
KEMP JONES LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

DAVID R. SINGER, ESQ. (*pro hac vice*)
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
ANDREW G. SULLIVAN, ESQ. (*pro hac vice*)
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, California 90071

RICHARD L. STONE, ESQ. (*pro hac vice*)
850 Devon Avenue
Los Angeles, California 90024

*Attorneys for Defendants/Counterclaimant*

5

**PROOF OF SERVICE**

I hereby certify that on the 24th day of February, 2026, I served a true and correct copy of the foregoing **EMERGENCY MOTION TO EXPEDITE RESOLUTION OF DEFENDANTS' RENEWED MOTION TO DISSOLVE PRELIMINARY INJUNCTION** via the United States District Court's CM/ECF electronic filing system to all parties on the e-service list.

>  /s/ Melisa Pytlik
>  An employee of Claggett & Sykes Law Firm