E. LEIF REID, Nevada Bar No. 5750
KRISTEN L. MARTINI, Nevada Bar No. 11272
NICOLE SCOTT, Nevada Bar No. 13757
CLARK HILL PLC
1700 S. Pavillion Center Dr., Suite 500
Las Vegas, Nevada 89135
Tel: 702.862.8300
Fax: 702.778.9709
Email: lreid@clarkhill.com
        kmartini@clarkhill.com
        nscott@clarkhill.com

JAMES J. PISANELLI, Nevada Bar No. 4027
TODD L. BICE, Nevada Bar No. 4534
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Tel: 702.214.2100
Fax: 702.214.2101
Email: JJP@pisanellibice.com
        TLB@pisanellibice.com

JORDAN T. SMITH, Nevada Bar No. 12097
BROWNSTEIN HYATT FARBER
SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Tel: 702.464.7022
Fax: 702.382.8135
Email: jsmith@bhfs.com

JOSEPH M. ALIOTO, *PRO HAC VICE*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104
Tel: 415.434.8900
Fax: 415.434.9200
Email: jmalioto@aliotolaw.com

*Attorneys for Plaintiff/Counterdefendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>SHELDON ADELSON (Estate Of), an individual, and as the alter ego of News+Media Capital Group LLC, Las Vegas Review-Journal, Inc., and Interface Operations LLC dba Adfam; PATRICK DUMONT, an individual, and as alter ego of Las Vegas Review-Journal, Inc., News+Media Capital Group, LLC, and Interface Operations LLC dba Adfam; NEWS+MEDIA CAPITAL GROUP LLC,, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; INTERFACE OPERATIONS LLC dba ADFAM, a Delaware limited liability company and as the alter ego of Las Vegas Review-Journal, Inc., and News+Media Capital Gorup, LLC; and DOES, | Case No.: 2:19-CV-01667-ART-MDC<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO MODIFY THE SCHEDULING ORDER  AND AMEND AND SUPPLEMENT THE COMPLAINT (ECF NO. 621)** |

ClarkHill\105559\1015963\286715615.v1-3/1/26

I-X, inclusive,

Defendants.

LAS VEGAS REVIEW-JOURNAL, a Delaware corporation,

Counterclaimant,

v.

LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,

Counterclaim Defendants.

Plaintiff Las Vegas Sun, Inc. ("Sun"), through counsel of Clark Hill PLC, Pisanelli Bice PLLC, Brownstein Hyatt Farber Schreck, LLP, and Alioto Law Firm, moves the Court pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 26-3, and Federal Rule of Civil Procedure 15(a)(2) and (d), for leave to modify the Scheduling Order and file its proposed Second Amended and Supplemental Complaint for Divestiture, Injunction, and Damages by Reason of Defendants' Violations of the Sherman Antitrust Act, the Clayton Antitrust Act, and the Nevada Unfair Trade Practices Act ("Second Am. Compl."). The Sun's proposed Second Amended Complaint is attached as **Exhibit 1** to this Motion in accordance with LR 15-1(a).

This Motion is based on the following Memorandum of Points and Authorities, the attached **Exhibit 1**, and the pleadings and papers on file herein.

Dated this 2nd day of March, 2026.

ii

By: */s/ Kristen L. Martini*

    E. Leif Reid, Nevada Bar No. 5750
    Kristen L. Martini, Nevada Bar No. 11272
    Nicole Scott, Nevada Bar No. 13757
    1700 S. Pavillion Center Drive, Suite 500
    Las Vegas, Nevada 89169

    PISANELLI BICE PLLC
    James J. Pisanelli, Nevada Bar No. 4027
    Todd L. Bice, Nevada Bar No. 4534
    400 South 7th Street, Suite 300
    Las Vegas, Nevada 89135

    BROWNSTEIN HYATT FARBER
    SHRECK, LLP
    Jordan T. Smith, Nevada Bar No. 12097
    100 North City Parkway, Suite 1600
    Las Vegas, Nevada 89106

    ALIOTO LAW FIRM
    Joseph M. Alioto, Pro Hac Vice
    One Sansome Street, 35th Floor
    San Francisco, California 94104

    *Attorneys for Plaintiff/Counterdefendants*

iii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On August 4, 2025, the Ninth Circuit issued its Opinion in the RJ's interlocutory appeal. The Opinion has a profound, but not dispositive, impact on the landscape of this case as it moves forward. In sum and substance, the Ninth Circuit rejected all existing caselaw, DOJ Regulations, and the DOJ's and NPA lawyers' longstanding practices and beliefs that existed prior to that point in time. In short, the Ninth Circuit said, for the first time anywhere, that even amendments to previously approved, post-1970 JOAs needed Attorney General approval under 15 U.S.C. § 1803(b). It thereby concluded that because the 2005 JOA "did not receive the required 'prior written consent of the Attorney General,' the 2005 JOA is unlawful and unenforceable." *Las Vegas Sun, Inc. v. Adelson*, 147 F.4th 1103, 1121 (9th Cir. 2025). Needless to say, this ruling was a significant intervening change in the law.

Importantly, the Ninth Circuit's Opinion did not end this case. Even with the Ninth Circuit's ruling, the unenforceability of the 2005 JOA cannot function to end the joint operation under any circumstance, or absolve the RJ of liability for the litany of anticompetitive conduct it has undertaken in violation of the Sherman Act.

Instead, the Ninth Circuit's Opinion imposed upon the Sun the obligation to conform its pleadings to comport with this new law. That is what the Sun seeks now. The Sun comes to the Court requesting leave to file an amended and supplemental pleading to take into consideration the impact of this new law on the Sun's existing claims and allegations previously presented in its operative First Amended Complaint (ECF No. 621). To be clear, the Sun does not offer new facts, circumstances, or even claims that were not already the subject of discovery or that this Court has not already considered. The Sun's proposed pleading alleges the same claims for relief, the same relevant market, the same anticompetitive conduct, and the same antitrust injury that the parties have been litigating for the past six years. This Court is vastly familiar with all of it. *See* ECF No. 970; *see also* ECF Nos. 836, 870, 902. The Sun merely seeks leave to supplement its pleading to address the recent change in the law, and amend its allegations to explain why the RJ's previously alleged conduct is still anticompetitive under antitrust laws. In making its amendment, the Sun

1

updates its allegations to conform to the evidence, which this Court already specifically analyzed at summary judgment: there is nothing in the Sun's proposed Second Amended Complaint that this Court has not read before. *See id.*

Nor is there any serious argument that the Sun has acted in any way but expeditiously and in good faith in bringing this Motion. Because each of the factors under Rules 15, 16, and Local Rule 26-3 favor the Sun, an Order granting the Sun's Motion is warranted.

## II.   STATEMENT OF THE RELEVANT FACTS

The Sun filed its complaint initiating this action on September 24, 2019. ECF No. 1. The RJ moved to dismiss under Rule 12(b)(6), which this Court denied as to the Sun's Section 2 claims under the Sherman Act on November 30, 2020. *See* ECF No. 243. When the parties entered the discovery phase on the Sun's claims for monopolization, attempted monopolization, and alter ego, and the RJ's subsequent counterclaims, the written discovery proved expansive. This, together with the substitution of the Magistrate Judge, led this Court to vacate all case deadlines and appoint a special master. *See, e.g.*, ECF Nos. 383, 389-391, 393. On May 3, 2021, the amended Scheduling Order set December 23, 2021, as the "Last Day to Amend Pleadings for all parties." ECF No. 393 at 3.

Before the December 23 deadline expired, the Sun sought leave to amend and supplement its complaint to add Defendant Interface Operations LLC, dba Adfam ("Adfam"), and a Section 1 claim under the Sherman Act. *See* ECF Nos. 537/539 (FUS). The Sun's request was based on new evidence uncovered in discovery. *Id.* This Court granted the Sun's motion for leave to file its first amended complaint on March 18, 2022 (ECF No. 619), which the RJ subsequently moved to dismiss under Rule 12(b)(6). *See generally* ECF No. 632. While the RJ's Rule 12 motion was pending, the parties continued with written discovery, fact depositions, and expert discovery. They explored at length the Sun's claims under Sections 2 and 1 of the Sherman Act, and the Nevada Unfair Trade Practices Act. Their discovery on these claims involved the Sun's alleged relevant market, the economic competition between the Newspapers, and the Sun's antitrust injury (among all other aspects). The parties also engaged in fulsome discovery on the RJ's counterclaims and affirmative defenses challenging the enforceability of the 2005 JOA under Section 1803(b) of the

NPA, which encompassed the 1989 and the 2005 JOAs (including issues surrounding the material elements of the 1989 JOA that continued on in the 2005 JOA), the DOJ's investigations of both JOAs, and whether the 2005 JOA was a novation. All of these issues accumulated before the Court at summary judgment. *See, e.g.*, ECF Nos. 829, 843. Both parties cross-moved for summary judgment on the enforceability of the 2005 JOA. *See id.* The RJ coincidingly moved to dissolve the five-year-old Stipulated Order to Maintain Status Quo where it agreed, in part, to "refrain from taking any non-judicial steps to terminate the 2005 JOA until after the entry of final judgment … permitting such termination." ECF No. 853; *see also* ECF No. 13.

On March 31, 2024, this Court entered its Order (in relevant part) on the RJ's pending motion to dismiss, the parties' cross-motions for summary judgment, and the RJ's motion to dissolve the stipulated order. ECF No. 970. Importantly, the Court denied: (1) the RJ's motion to dismiss the Sun's Section 1 claim; (2) the RJ's request for summary judgment on the enforceability of the 2005 JOA, that the 2005 JOA was a novation of the 1989 JOA, and the Sun's antitrust injury; and (3) the RJ's motion to dissolve. *See id.* This Court denied the RJ's motion to dissolve on the same basis that it denied the RJ's cross-motion for summary judgment on the enforceability of the 2005 JOA (and granted summary judgment in favor of the Sun). ECF No. 970 at 19. The RJ filed an interlocutory appeal to the Ninth Circuit on the Court's denial of the RJ's motion to dissolve. ECF No. 972.

On August 4, 2025, the Ninth Circuit issued its Opinion in the RJ's appeal. *Las Vegas Sun, Inc. v. Adelson*, 147 F.4th 1103 (9th Cir. 2025). The Ninth Circuit rejected all existing caselaw, the DOJ Regulations (including 28 C.F.R. § 48.1), and the DOJ's and NPA lawyers' longstanding practices and beliefs to conclude that even amendments to previously approved, post-1970 JOAs needed Attorney General approval under 15 U.S.C. § 1803(b). It therefore concluded that because the 2005 JOA "did not receive the required 'prior written consent of the Attorney General,' the 2005 JOA is unlawful and unenforceable." *Id.* at 1121. The Sun petitioned to the United States Supreme Court for a writ of certiorari. On February 23, 2026, the Supreme Court denied the Sun's petition. No. 25-697, 2026 WL 490865 (U.S. Feb. 23, 2026). The same day, the Sun filed its *Emergency* Motion for Temporary Restraining Order and Preliminary Injunction. *See, e.g.*, ECF

3

No. 1062. The Ninth Circuit's mandate was issued two days later on February 25, 2026. ECF No. 1063. This Motion now follows.

### III.    GOVERNING LEGAL STANDARDS

When a motion to amend or supplement is filed after the court's deadline set forth in its scheduling order, the moving party must first satisfy the "good cause" standard established by Rule 16(b)(4). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 640 (D. Nev. 2021) (concluding that the deadline established in scheduling orders for amending pleadings equally applies to supplements). Federal Rule of Civil Procedure 16(b)(4) provides, "A schedule may be modified only for good cause and with the judge's consent." Rule 16(b)(4)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. While prejudice is a consideration, this analysis focuses on the moving party's "reasons for seeking modification." *EB Holdings II, Inc. v. Illinois Nat'l Ins. Co.*, 2021 WL 12348633, at *1 (D. Nev. Sept. 20, 2021).

Local Rule 26-3 adds that a party filing a motion for leave to amend or supplement after the scheduling order's deadline must show "excusable neglect." *E.g.*, *Fed. Hous. Fin. Agency v. Saticoy Bay, LLC*, 2024 WL 2801492, at *2 (D. Nev. May 30, 2024); *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017). Excusable neglect under Local Rule 26-3 requires this Court to analyze factors that include: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *EB Holdings II*, 2021 WL 12348633, at *1 (citation omitted). The Court's decision to modify the scheduling order falls within its sound discretion. *E.g.*, *Brown v. Clark Cnty. Det. Ctr.*, 2018 WL 1457292, at *3 (D. Nev. Mar. 23, 2018).

Upon finding that the requisite showing to modify the scheduling order is satisfied, the Court will then turn to whether leave to amend or supplement is proper under Rule 15(a) and/or 15(d). The decision to grant leave to amend and/or supplement a pleading is also subject to this Court's broad discretion. *LT Intern. Ltd. v. Shuffle Master, Inc.* 8 F. Supp. 3d 1238, 1250 (D. Nev. 2014) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)); *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). In exercising its discretion, courts are guided by the purposes of Rule 15(a) and 15(d).

4

*See United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (finding that "a court must be guided by the underlying purpose of Rule 15" in exercising its direction when deciding to grant leave).

Rule 15(a)(2), governing amendments sought with leave of court,[1] is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *E.g.*, *Webb*, 655 F.2d at 979. This purpose directs that leave to amend should "be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotations omitted); Fed. R. Civ. P. 15(a) (providing that "[t]he court should freely give leave when justice so requires"); *see also Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.") (quotations omitted).

Rule 15(d), governing supplements (which set forth new facts that have occurred after the filing of the original pleading to bring the case up to date[2]), is "a tool of judicial economy and convenience" "'to minimize technical obstacles to a determination of the controversy on its merits.'" *Keith*, 858 F.2d at 473, 475-76 (quoting *United States ex rel. Atkins v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963)). Like amendments under Rule 15(a)(2), the Ninth Circuit has concluded that allowing supplemental pleadings is "favored" and Rule 15(d) is to be liberally construed. *Id.* at 473, 475.

The legal standard governing motions to amend under Rule 15(a)(2) and motions to supplement under Rule 15(d) are the same. *E.g.*, *Desio*, 339 F.R.D. at 638 n.9. Therefore, in the absence of (1) undue delay, (2) bad faith or dilatory motive on the movant's part, (3) prejudice to the opposing party, (4) the futility of the amendment or supplement, or (5) repeated failure of previous amendments or supplements, leave should be granted. *Desertrain v. City of Los Angeles*,

---

[1] Federal Rule of Civil Procedure 15(a) addresses amendments before trial and reads, "In all other cases [*i.e.*, not an amendment as a matter of course], a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

[2] *Kroll v. Incline Vill. Gen. Imp. Dist.*, 598 F. Supp. 2d 1118, 1124 (D. Nev. 2009); Fed. R. Civ. P. 15(d) (providing, in pertinent part, "[T]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense.").

5

754 F.3d 1147, 1154 (9th Cir. 2014); *Desio*, 339 F.R.D. at 638 n.9. The opposing party bears the burden of showing why leave to amend or supplement is not proper. *EB Holdings II, Inc.*, 2021 WL 12348633, at *2.

**IV.   AN ORDER MODIFYING THE SCHEDULING ORDER AND GRANTING THE SUN LEAVE TO AMEND AND SUPPLEMENT IS WARRANTED**

Leave to modify the scheduling order and to amend and/or supplement a pleading must be decided upon facts and circumstances of each particular case. *See Caddy-Imler Creations, Inc. v. Caddy*, 299 F.2d 79, 84 (9th Cir. 1962). Against the backdrop of the Ninth Circuit's intervening change of law in this case, the analyses applicable to the Sun's request to modify the scheduling order under Rule 16(b)(4) and Local Rule 26-3, and leave to amend and supplement under Rule 15(a) and (d), are satisfied.   Because the deadline for the Sun to amend (and supplement) its pleading expired on December 23, 2021 (ECF No. 393 at 3), the Sun first discusses good cause and excusable neglect necessary to modify the Scheduling Order, before turning to the propriety of the Sun's requests under Rule 15.

**A.   Modification of the Scheduling Order**

As explained below, the Sun satisfies the good cause standard because it has been diligent in seeking to modify the Scheduling Order. The intervening change in the law is the "reason" for the Sun's modification request, which evidences the Sun's diligence under the good cause standard for Rule 16(b)(4), and also satisfies the third factor (the reason for delay) of the excusable neglect standard under Local Rule 26-3. The Sun addresses both of these factors together in subsection IV(A)(1) below. Similarly, as the first factor (danger of prejudice) in the excusable neglect standard under Local Rule 26-3 naturally coincides with the second excusable neglect factor (the length of delay and its potential impact on the proceedings), the Sun discusses them in tandem in subsection IV(A)(2). As for the fourth excusable neglect factor (good faith), the Sun makes that showing in subsection IV(A)(3). Each of these factors favor the Sun's request.

**1.   The Sun has Been Diligent, Particularly Given the Reason for Delay in Seeking Modification**

"[T]he benchmark of good cause" to modify a scheduling order under Rule 16(b)(4) is whether the moving party acted with diligence to meet the deadline previously set by the court. *EB*

6

*Holdings II, Inc.*, 2021 WL 12348633, at \*2; *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). This consideration must "take[ ] account of all relevant circumstances surrounding the party's omission." *Fed. Hous. Fin. Agency v. Saticoy Bay, LLC*, 2024 WL 2801492, at \*2 (D. Nev. May 30, 2024).

District courts in this Circuit have commonly recognized that an intervening change in the law is a circumstance that satisfies Rule 16(b)(4)'s good cause standard. *E.g.*, *Velez v. Foresters Life Ins. & Annuity Co.*, 2025 WL 3691474, at \*2 (C.D. Cal. Dec. 11, 2025) ("Courts find good cause when the amendment is based on new or previously unavailable information, such as a change in controlling law."); *Cryer v. Idaho Dep't of Lab.*, 2018 WL 3636529, at \*2 (D. Idaho July 30, 2018) ("Fed. R. Civ. P. 1. Rule 16(b) clearly contemplates that changes in law … may justify later amendments to a complaint."); *see also Boorman v. Nevada Mem'l Cremation Soc'y, Inc.*, 772 F. Supp. 2d 1309, 1317 (D. Nev. 2011) (concluding that the plaintiff's request to file a fourth amended complaint was not unduly delayed where the plaintiff's "claims raise[d] novel issues which required this Court to certify questions to the Nevada Supreme Court for guidance" and the plaintiffs "promptly amended following the Nevada Supreme Court's Opinion" to correct their claims in accordance with the law). In similar fashion, the Ninth Circuit has recognized, "It is common practice to allow plaintiffs to amend their pleadings to accommodate changes in the law…." *E.g.*, *Doe I v. Nestle USA, Inc.*, 766 F.3d 1013, 1028 (9th Cir. 2014); *Wilcox v. First Interstate Bank of Oregon, N.A.*, 815 F.2d 522, 530 (9th Cir. 1987) ("We conclude that, instead of sorting out the various possible interpretations attributable to the pleadings, the [plaintiffs] should be given the opportunity to amend their pleadings to conform with our recent decisions."); *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117-18 (9th Cir. 2013) (courts may grant leave to amend in "situations where the controlling precedents changed midway through the litigation").

The Sun's request for modification is prompted by the Ninth Circuit's Opinion that changed the law. Its ruling split from half a century of caselaw throughout the country, DOJ Regulations, and the DOJ's, the parties', and JOA lawyers' practices. Before the Ninth Circuit's Opinion, all courts addressing this issue, including this Court, established that amendments to previously approved, post-1970 JOAs were valid and enforceable without Attorney General signature. *See*

7

ECF No. 970 16-17, 19 (discussing cases). The DOJ's Regulation directing the same (28 C.F.R. § 48.1) had survived challenge for 51 years. The evidence presented in this case showed that in the history of the NPA no prior amendment to a previously approved, post-1970 JOA had ever undergone the application procedures for Attorney General approval. *See*, *e.g.*, ECF No. 836 at 11; ECF No. 902 at 18 n.10; ECF No. 907-24. The Sun and the RJ both understood the law to be as such. ECF No. 970 at 17. And the DOJ and NPA lawyers practiced under this procedure for decades. *Id.*; *see also* ECF No. 836 at 11-13. This Court agreed, and granted the Sun's cross-motion for summary judgment on this issue as a result. *See* ECF No. 970 at 18-19. Therefore, when the Ninth Circuit considered the issue on the RJ's interlocutory appeal (an issue of first impression in this Circuit), it departed from all existing law and practice to declare that even amendments to previously approved, post-1970 JOAs needed Attorney General approval, and they were unlawful without it. *See Las Vegas Sun, Inc. v. Adelson*, 147 F.4th 1103 (9th Cir. 2025). This was a dramatic, intervening change in the law. It supports a finding of good cause. *See, e.g.*, *Velez*, 2025 WL 3691474, at *2; *Cryer*, 2018 WL 3636529, at *2.

Furthermore, the Sun's promptness in filing this Motion evidences its diligence. The Ninth Circuit issued its mandate on February 25, 2026—a mere five days ago. ECF No. 1063. The Sun's immediate request for modification of the Scheduling Order "after the [mandate issued] shows diligence" in seeking modification. *See*, *e.g.*, *Velez*, 2025 WL 3691474, at *2 (concluding that seeking modification and leave to amend two weeks after the court issued its mandate satisfied the diligence requirement); *Saticoy Bay, LLC*, 2024 WL 2801492, at *2 (concluding that despite that the amendment deadline ran four years earlier, where the reason for the delay consists of an intermittent change in the law, the near three-month delay is excusable); *see also Boorman*, 772 F. Supp. 2d at 1317 (concluding that where the plaintiffs "promptly amended [their pleading] following the Nevada Supreme Court's Opinion" to correct their claims in accordance with the law there was no unduly delay). Because the Sun "could not have met the [December 23, 2021] deadline, no matter how diligently [it] may have acted, given that the appellate court ruling[ ] came out years later," the Sun satisfies both the good cause standard under Rule 16(b)(4), and the third "reason for delay" excusable neglect factor under Local Rule 26-3. *See Saticoy Bay, LLC*, 2024

8

WL 2801492, at *2.

## 2.     There is No Danger of Prejudice to the RJ

When considering the first, prejudice, factor for excusable neglect in cases where discovery has already been completed (like this case), this Court has simultaneously analyzed the second excusable neglect factor, "length of delay and its potential impact on the proceedings." *Chowning v. Nationwide Ins. Co. of Am.*, 2025 WL 3089766, at **5, 8 (D. Nev. Nov. 4, 2025). And in this context, "[p]rejudice requires greater harm than simply that relief would delay resolution of the case." *Id.* (alteration in original); *see also Montes v. Bank of Am.*, 2014 WL 1340232, at *3 (D. Nev. Apr. 3, 2014) ("The Ninth Circuit has repeatedly stated that the prejudice must be 'substantial.'") (collecting cases). "Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010). Thus, even if discovery has closed and supplemental discovery limited to a new component addressing the change in the law is needed, "[c]ourts routinely find no prejudice where amendment does not radically shift the case or require significant new discovery." *E.g.*, *Velez*, 2025 WL 3691474, at *5; *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 483-84 (E.D. Cal. 2022) (finding no prejudice where the amendment did not fundamentally alter the case and additional discovery would be limited). This Court has gone further to hold that when a plaintiff's "claims factually have not changed" but "merely have altered legal theories" in light of a clarification of the law, the defendant does not suffer prejudice. *Boorman*, 772 F. Supp. 2d at 1317. And the Ninth Circuit has gone as far as establishing that it "is not fatal to amendment" on the sole basis that "new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Applying the law in this Circuit, the RJ will not suffer prejudice, let alone the required "substantial" prejudice, from this Court's grant of the Sun's request.

Modifying the Scheduling Order with neither prejudice the RJ nor substantially delay or impact these proceedings. No trial date has been set in this case. Although discovery has closed,

9

the Sun's proposed Second Amended Complaint does not seek to add new parties, additional claims, or otherwise seek to expand the scope of the case. *Compare* ECF No. 621 *with* **Ex. 1**; *see also* ECF No. 1062. The Sun's proposed pleading alleges the same claims for relief, anticompetitive conduct, relevant market, and antitrust injury that the parties have been litigating for the past six years—all with which this Court is intimately familiar. *See* ECF No. 970.

The Sun's Second Amended Complaint merely supplements its allegations to address the RJ's efforts to obtain the Ninth Circuit's Opinion and what the Opinion held, to bring the factual history of the case current. As a result, the Sun's proposed pleading amends its allegations to explain how the Sun's existing claims for relief survive despite the Ninth Circuit's Opinion. In doing so, the Sun also amends its existing allegations to conform to the facts and evidence that the parties have extensively litigated and that this Court specifically analyzed when ruling on the parties' cross-motions for summary judgment. None of the Sun's amended allegations are new to the RJ or this Court. They relate to the same conduct, transactions, and occurrences alleged in the Sun's first amended complaint.

While the Sun expects that supplementation of its expert reports would be required to address the intervening change in law, the potential need for supplementary discovery (such as depositions of experts regarding their updated reports) would necessarily be limited and appropriately tailored. And the Sun is willing to undertake and accomplish any supplemental discovery within a timeframe that this Court deems is reasonable and just.

The law does not recognize prejudice to the RJ under these circumstances, and granting modification would have minimal impact on these proceedings. Again, a trial date has yet to be set. The present circumstances satisfy the first "danger of prejudice" and the second "the length of delay and its potential impact on the proceedings" factors under the excusable neglect standard.

### 3.    The Sun's Motion is Made in Good Faith

When a plaintiff seeks leave to amend or supplement, as the Sun now does, "because of a recent change in law, … the good faith factor weighs in plaintiff's favor." *Est. of Browning v. Las Vegas Metro. Police Dep't*, 2023 WL 3340880, at \*2 (D. Nev. May 10, 2023); *see also infra* § IV(B)(1) (further establishing the absence of bad faith or dilatory motive). Clearly, the Sun's

Motion is brought in good faith given the circumstances of this case and the impact of the Ninth Circuit's change in the law.

* * * * *

In summary, the Sun has shown that good cause under Rule 16(b)(4) exists to modify the Scheduling Order. And, with all excusable neglect factors also favoring the Sun's request, an Order modifying the Scheduling Order is warranted.

### B.   Leave to Amend and Supplement

Having established good cause and excusable neglect to modify the Scheduling Order and now turning to the Rule 15 factors, no basis exists to deny the Sun leave to amend and supplement its pleading. The same reasons evidencing the Sun's diligence in seeking to modify the Scheduling Order establish that the first factor (undue delay) under Rule 15 is absent. *See supra* § IV(A)(1). Similarly, because of the lack of prejudice to the RJ and the minimal impact on the proceedings if this Court modified the Scheduling Order—factors one and two in the excusable neglect standard under Local Rule 26-3—the same analysis demonstrates the lack of prejudice (factor three) under Rule 15. *See supra* § IV(A)(2). As discussed below, the balance of the remaining Rule 15 factors (bad faith or dilatory motive, futility, and repeated failures of previous amendments) are not present. The Sun's requested leave to amend and supplement is proper and should be granted.

### 1.   No Bad Faith or Dilatory Motive Exist

"In the context of a motion for leave to amend, bad faith [and/or dilatory motive] means acting with intent to deceive, harass, mislead, delay, or disrupt." *Chowning v. Nationwide Ins. Co. of Am.*, 2025 WL 3089766, at *9 (D. Nev. Nov. 4, 2025) (quotations omitted). It requires a state of mind "impl[ying] the conscious doing of a wrong because of dishonest purpose or moral obliquity." *Silvano v. Circa Hosp. Grp. III LLC*, 2025 WL 1433386, at *1 (D. Nev. May 16, 2025) (quotations omitted). The principal concern is gamesmanship. *Id.* But "when a plaintiff can provide a satisfactory explanation for its delay, and there is no evidence in the record that would indicate wrongful motive, there is no cause to uphold the denial of a leave to amend on the basis of bad faith." *E.g.*, *Silvano v. Circa Hosp. Grp. III LLC*, 2025 WL 1433386, at *1 (D. Nev. May 16, 2025) (quotations omitted).

11

Nothing in the record indicates that the Sun's instant request to amend and supplement is made in bad faith or is incited by dilatory motive. What the record instead confirms is the parties engaged in a years-long dispute over a legal issue that resulted in an intervening change in the law sought by the RJ. When a plaintiff's claims "raise novel issues" to this jurisdiction that are reviewed at the appellate level, after which the plaintiff promptly seeks leave to amend or supplement following the mandate, no bad faith or dilatory motive exists to preclude leave. *Boorman*, 772 F. Supp. 2d at 1317. This is precisely what happened here. The RJ cannot demonstrate bad faith or dilatory motive to preclude leave to amend and supplement.

### 2.      The Sun's Amendment and Supplement is Not Futile

"Denial of leave to amend on [futility grounds] is rare." *Saticoy Bay, LLC*, 2024 WL 2801492, at *3 (quotations omitted). Under the futility consideration, courts apply the same test applied to Rule 12(b)(6) motions. They will accept the amended and/or supplemental pleading's "factual allegations as true and construe them in [the plaintiff's] favor in deciding whether the allegations constituted a set of facts that could possibly establish" a claim. *Thompson v. Los Robles Reg'l Med. Ctr.*, 2021 WL 5002214, at *1 (9th Cir. Oct. 28, 2021); *Warren v. Cardoza Publ'g Co.*, 2018 WL 6566537, at *2 (D. Nev. Sept. 19, 2018). In other words, "courts will refrain from construing or opining on the merits or likelihood of success of the amendments." *Thompson*, 2021 WL 5002214, at *1. The preferred practice of deferring a ruling on the sufficiency of the allegations in a proposed amendment is guided by "the more liberal standards applicable to motions to amend [or supplement] and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *E.g.*, *GMAC Mortgage, LLC v. Nev. Ass'n Servs., Inc.*, 2018 WL 487101, at *2 (D. Nev. Jan. 2, 2018); *Neche, LLC v. Allied Ins. Co. of Am.*, 2020 WL 870224, at *2 (D. Nev. Feb. 21, 2020); *see also Keith*, 858 F.2d at 473, 475 (providing that leave to supplement pleadings is "favored" and Rule 15(d) is to be liberally construed).

The RJ cannot show that, under this standard and given the purposes of Rule 15(a) and (d), the Sun's proposed Second Amended Complaint sets forth no set of facts that could possibly establish a valid claim. The proposed amended and supplemental allegations not only arise out of the same conduct, transactions, and occurrences as the Sun's operative complaint (and the Sun's

12

original complaint), but they have been litigated in this case the entire time. While the standard for leave to amend is nowhere near the standard employed at summary judgment, and the Court should refrain from construing or opining on the merits or likelihood of success when resolving the Sun's current request, the fact that the core of the Sun's same claims for relief survived not only two separate Rule 12(b)(6) motions filed by the RJ (*see* ECF Nos. 243, 970[3]), but also the RJ's motion for summary judgment, evidences that the Sun's Second Amended Complaint is not futile.[4] This Court already concluded that the 2005 JOA did not operate expressly or impliedly as a novation of the 1989 JOA. ECF No. 970 at 18.[5] It further concluded that "the material elements of the 1989 JOA that eliminated price and other non-editorial and non-reportorial competition, elements previously approved by the Attorney General, remain unchanged." *Id.* This Court examined the Sun's relevant market and all requirements for the Sun's antitrust injury, and held that the evidence provided by the Sun created a triable issue of fact. *Id.* at 20-28. The RJ cannot meet its burden to demonstrate futility.

### 3. There are No Repeated Failures of Previous Amendments or Supplements

As the fifth and final factor under Rule 15, the "repeated failure of previous amendments or supplements," it does not exist either. *See Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1155 (9th Cir. 2014). While the Sun previously sought leave to file its First Amended Complaint to add Defendant Adfam and a Section 1 claim, this Court granted the Sun's request. ECF No. 619. This factor favors the Sun.

\* \* \* \* \*

For all of the reasons explained above, no basis exists to deny the Sun's request to amend and supplement its pleading under Rule 15(a) and (d).

/ / /

---

[3] Incidentally, the Sun's Section 1 claim also survived the RJ's motion to dismiss. ECF No. 970 at 6-11.

[4] Incidentally, the Sun's Section 1 claim (which were not amended in the Sun's Second Amended Complaint) also survived the RJ's motion to dismiss. ECF No. 970 at 6-11.

[5] It is important to note that the RJ did not appeal this portion of this Court's grant of summary judgment.

13

## V.      CONCLUSION

Because the Sun has satisfied the requirements for leave to modify the Scheduling Order under Rule 16(b)(4) and Local Rule 26-3, and leave to amend and supplement under Rule 15(a)(2) and (d), an Order granting the Sun's Motion is warranted.

DATED this 2nd day of March, 2026.

CLARK HILL PLC

By: */s/ Kristen L. Martini*
    E. Leif Reid, Nevada Bar No. 5750
    Kristen L. Martini, Nevada Bar No. 11272
    Nicole Scott, Nevada Bar No. 13757
    1700 S. Pavillion Center Drive, Suite 500
    Las Vegas, Nevada 89169

PISANELLI BICE PLLC
James J. Pisanelli, Nevada Bar No. 4027
Todd L. Bice, Nevada Bar No. 4534
400 South 7th Street, Suite 300
Las Vegas, Nevada 89135

BROWNSTEIN HYATT FARBER SHRECK, LLP
Jordan T. Smith, Nevada Bar No. 12097
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

ALIOTO LAW FIRM
Joseph M. Alioto, Pro Hac Vice
One Sansome Street, 35th Floor
San Francisco, California 94104

*Attorneys for Plaintiff/Counterdefendants*

14

**CERTIFICATE OF SERVICE**

I certify that I am an employee of CLARK HILL PLC, and I caused a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO MODIFY THE SCHEDULEING ORDER AND AMEND AND SUPPLEMENT THE COMPLAINT (ECF NO. 621)** to be served by electronically filing the foregoing with the CMECF electronic filing system which will send notice of electronic filing to::

J. Randall Jones, Esq.
Michael J Gayan, Esq.
Mona Kaveh, Esq.
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, NV 89169

Michael J. Gayan
CLAGGETT & SYKES LAW FIRM
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107

Amy M. Gallegos, Esq.
David R. Singer, Esq.
Andrew G. Sullivan, Esq.
Alison I Stein, Esq.
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071

Richard L. Stone, Esq.
850 Deveon Avenue
Los Angeles, CA 90024

DATED: March 2, 2026.

/s/ Kristen L. Martini
An Employee of Clark Hill PLC

15

ClarkHill\105559\1015963\286715615.v1-3/1/26

**INDEX OF EXHIBITS**

| EX. NO. | DESCRIPTION | NO. OF PAGES |
|---------|-------------|--------------|
| 1 | Plaintiff's proposed Second Amended and Supplemental Complaint for Divestiture, Injunction, and Damages by Reason of Defendants' Violations of the Sherman Antitrust Act, the Clayton Antitrust Act, and the Nevada Unfair Trade Practices Act | 61 |

16

ClarkHill\105559\1015963\286715615.v1-3/1/26