E. LEIF REID, Nevada Bar No. 5750
KRISTEN L. MARTINI, Nevada Bar No. 11272
NICOLE SCOTT, Nevada Bar No. 13757
CLARK HILL PLC
1700 S. Pavilion Center Dr., Suite 500
Las Vegas, Nevada 89135
Tel: 702.862.8300
Fax: 702.778.9709
Email: lreid@clarkhill.com
kmartini@clarkhill.com
nscott@clarkhill.com

JAMES J. PISANELLI, Nevada Bar No. 4027
TODD L. BICE, Nevada Bar No. 4534
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Tel: 702.214.2100
Fax: 702.214.2101
Email: JJP@pisanellibice.com
        TLB@pisanellibice.com

JORDAN T. SMITH, Nevada Bar No. 12097
BROWNSTEIN HYATT FARBER
SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Tel: 702.464.7022
Fax: 702.382.8135
Email: jsmith@bhfs.com

JOSEPH M. ALIOTO, *PRO HAC VICE*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104
Tel: 415.434.8900
Fax: 415.434.9200
Email: jmalioto@aliotolaw.com

*Attorneys for Plaintiff/Counterdefendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>                    Plaintiffs,<br><br>v.<br><br>SHELDON ADELSON (Estate Of), an individual, and as the alter ego of News+Media Capital Group LLC, Las Vegas Review-Journal, Inc., and Interface Operations LLC dba Adfam; PATRICK DUMONT, an individual, and as alter ego of Las Vegas Review-Journal, Inc., News+Media Capital Group, LLC, and Interface Operations LLC dba Adfam; NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; INTERFACE OPERATIONS LLC dba ADFAM, a Delaware limited liability company and as the alter ego of Las Vegas Review-Journal, Inc., and News+Media Capital Gorup, LLC; and DOES, I-X, inclusive,<br><br>                    Defendants. | Case No.: 2:19-CV-01667-ART-MDC<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO MODIFY THE SCHEDULING ORDER AND AMEND AND SUPPLEMENT THE COMPLAINT (ECF NOS. 1064/1065)** |

i

LAS VEGAS REVIEW-JOURNAL, a
Delaware corporation,

                    Counterclaimant,

v.


LAS VEGAS SUN, INC., a Nevada
corporation; BRIAN GREENSPUN, an
individual and as alter ego of Las Vegas Sun,
Inc.; GREENSPUN MEDIA GROUP, LLC, a
Nevada limited liability company, as the alter
ego of Las Vegas Sun, Inc.,

                    Counterclaim Defendants.

ii

1    <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2    **I.    INTRODUCTION**

3        In its Opposition,[1] the RJ glosses over the applicable standards for the Court's analysis,

4    instead painting a wildly distorted picture that is at odds with the case as it stands now and the

5    controlling law. The Sun's Motion is governed by Federal Rule of Civil Procedure 15(a) and (d),

6    and Rule 16(b)(4). But the RJ fails to engage with the full sweep of the relevant standards. Its rogue

7    filing of a "renewed" motion for summary judgment clearly indicates that it has no objection to

8    modifying the Scheduling Order under Rule 16(b)(4).[2] ECF No. 1084. Thus, it at least concedes

9    that modification of the scheduling order is appropriate under these circumstances. But the fugitive

10   motion—relied on by the RJ in its Opposition (Opp'n 1)—applies to the Sun's First Amended

11   Complaint, and does not change the standard governing the Sun's request for leave. Given that the

12   RJ dedicates its entire Opposition to futility and that the Sun's Motion is governed by Rule 15, the

13   Sun's Motion should be granted. Rule 15 demands that leave to amend should be "freely giv[en]."

14   Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying

15   facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be

16   afforded an opportunity to test his claim on the merits.") (quotations omitted). The Sun's Motion

17   clearly meets that liberal standard. The burden to show that leave is not proper is the RJ's. *See* Mot.

18   6. And it has woefully failed to meet it. No basis exists to deny the Sun's Motion.

19   **II.   THE RJ INTENTIONALLY CONFLATES WHAT THE SUN SEEKS LEAVE TO
20         SUPPLEMENT VERSUS WHAT IT SEEKS LEAVE TO AMEND**

21       The RJ unreasonably disputes that the Sun's supplementation pursuant to Rule 15(d) (to

22   address the RJ's pursuit and receipt of the Ninth Circuit's change in the law) is improper. Opp'n 5-

23   _____

     [1] ECF No. 1086 ("Opp'n").

24   [2] Renewed motions for summary judgment filed after the deadline for dispositive motions in a
     scheduling order require the moving party to seek leave to amend the scheduling order, even if
25   occurring after a remand. *E.g.*, *Gadsen v. Carpenter*, 2017 WL 1943950, at *1 (D. Nev. May 10,
     2017) (stating it was not error to apply Rule "16(b)(4)'s 'good cause' standard to deny
26   their Renewed Motion because deadlines in the Scheduling Order were stale and did not apply after
     remand ... It is obvious that a reversal and remand following an appeal does not automatically restart
27   deadlines in a case. Rather, the case would resume at the point where an appeal was taken, and
     deadlines in the scheduling order would still control unless the remand order provided otherwise.").
28

                                                1

6. It's not. The Sun's supplement addresses the recent proceedings that resulted in the change in the law. Those are new events. The remainder of the proposed allegations are amendments to (1) account for the change in the law and explain why the Sun's claims still survive, and (2) conform the allegations to the evidence that this Court already heard at summary judgment. Even a cursory reading of these allegations reveal they are not new to this case. The history of the 1989 JOA and its purpose, the DOJ's subsequent approval of the 1989 JOA, and the relationship of the 1989 JOA to the 2005 JOA were all explicitly briefed at summary judgment. *See* ECF No. 836 at 3-10; ECF No. 870 at 2-8; ECF No. 902 at 2-6.

The RJ's contention that there is no reason to include certain allegations in the Sun's proposed amendment under Rule 8(a) (Opp'n 5-6) is entirely irrelevant and self-serving gamesmanship. The RJ does not get to pick and choose what particular facts the plaintiff can allege. *See Hansen v. Group Health Co'op.*, 902 F.3d 1051, 1056 (9th Cir. 2018) ("A plaintiff is the master of the plaintiff's complaint" and may choose what facts to allege.). The RJ undermines its own argument when simultaneously asserting that the Sun's proposed pleading does not survive the Ninth Circuit's Opinion and later suggesting the Sun's theory is 'unclear.' Opp'n 1-2; 15. With leave, the Sun is entitled to allege facts *it* deems necessary to support its claims for its existing relief, including why the Ninth Circuit's Opinion does not render the Sun's antitrust claims futile, and why the RJ's conduct in obtaining the Opinion *while* seeking to end the joint operation and cease printing the Sun is anticompetitive.

The RJ's additional argument that allowing the Sun to file its proposed Second Amended Complaint ("SAC") would violate the NPA because the Ninth Circuit stated the parties did not follow the proper approval process is unjustified given that the RJ is refusing to revert to the 1989 JOA or seek Attorney General approval for the 2005 JOA—in contradiction of the purpose of the NPA. *See* ECF No. 1070 at 5-11. Other than the parties' failure to follow the correct procedure for the 2005 JOA, the RJ has not identified any portion of the 2005 JOA that reduces competition in any way that the Attorney General did not already approve under the 1989 JOA. The RJ admits "the[y] both covered the same subject matter." Opp'n 15 (emphasis added). The minutia doesn't matter for NPA considerations. This Court agreed, "[T]he material elements of the 1989 JOA that

1    eliminated price and other non-editorial and non-reportorial competition, elements previously

2    approved by the Attorney General, remain unchanged" in the 2005 JOA. ECF No. 970 at 18; *see*

3    *also Citizen Pub. Co. v. United States*, 394 U.S. 131, 135-36 (1969) (holding, pre-NPA, that

4    newspaper JOAs were illegal price-fixing agreements).

5          The RJ has never disputed that the Newspapers have entirely separate newsrooms. Besides

6    the RJ's attempt to interfere with the Sun's editorial and reportorial content through counterclaims,

7    the parties are now and have always been editorially and reportorially autonomous and independent.

8    **III.    THE PROPOSED AMENDMENT IS NOT FUTILE**

9          It is exceedingly rare that leave to amend is denied on the basis of futility. *Fed. Hous. Fin.*

10   *Agency v. Saticoy Bay, LLC*, 2024 WL 28101492, at *3 (D. Nev. May 30, 2024). Rule 12(b)(6) is

11   the standard, and the Sun is afforded all inferences. *Thompson v. Los Robles Reg'l Med. Ctr.*, 2021

12   WL 5002214, at *1 (9th Cir. Oct. 28, 2021). The RJ has failed to demonstrate that the Sun's

13   proposed pleading is futile.

14        **A.    The Ninth Circuit's Opinion Does Not Preclude the Sun's Antitrust Claims**

15        One need only review the Ninth Circuit's Opinion to know that it has no bearing on the

16   merits of the Sun's antitrust claims, regardless of the RJ's attempt to expand it. *See* Opp'n 8. It was

17   narrow and limited to whether the 2005 JOA was unenforceable and whether the Stipulated Order

18   compelling continued "perform[ance] under the 2005 JOA" should be dissolved. *Las Vegas Sun v.*

19   *Adelson*, 147 F.4th 1103, 1111 (9th Cir. 2025). As the Sun has repeated in the flurry of briefs filed

20   since the Ninth Circuit's mandate, nothing in the Ninth Circuit's rule impacts the Sun's claims or

21   any other unresolved issue before this Court. It does not matter that the RJ's anticompetitive

22   conduct was undertaken while the parties were operating under the now-unenforceable 2005 JOA.

23   Opp'n 6-7.

24        As explained before, the purpose of antitrust laws is to "promot[e] consumer welfare."

25   *PLS.com, LLC v. Nat'l Ass'n of Realtors*, 32 F.4th 824, 832 (9th Cir. 2022) (quotations omitted).

26   "The law directs itself not against conduct which is competitive, even severely so, but against

27   conduct which unfairly tends to destroy competition itself. It does so not out of solicitude for private

28   concerns but out of concern for the public interest." *Spectrum Sports, Inc. v. McQuillan*, 506 U.S.

447, 458 (1993). Congress deputized citizens to act as "private attorneys general" by bringing antitrust actions to further serve the public good as a result. *E.g.*, *Hawaii v. Standard Oil Co. of Cal.*, 405 U.S. 251, 262 (1972). In encouraging this function, where the plaintiff "is suing not only in its own behalf, but as a 'private attorney general' representing the public interest," courts will allow antitrust plaintiffs to proceed even in the face of an illegal agreement. *PharmacyChecker.com LLC v. LegitScript LLC*, 137 F.4th 1031, 1041 (9th Cir.), *cert. denied*, 146 S. Ct. 209 (2025). Thus, when firms undertake conduct that could generally be considered "legal" in other contexts, that conduct is anticompetitive when it is not competition on the merits and is undertaken by firms with monopoly power or a dangerous probability of achieving monopoly power to reduce competition, exclude rivals, or harm consumers.[3] This is also why the Ninth Circuit has explained that antitrust liability is distinct from contract disputes, explaining that while antitrust liability can be predicated on conduct that also happens to create a contract dispute, even in that instance any contractual rights do not grant the defendant "the freedom to act anticompetitively." *City of Vernon v. S. Cal. Edison Co.*, 955 F.2d 1361, 1368 (9th Cir. 1992). Stated another way, contractual "limitations do[ ] not speak to antitrust concerns." *Id.*

Therefore, where the RJ has undertaken competition-*reducing* conduct that is not competition on the merits, not only is the Sun harmed but so are consumers. The fact that the 2005 JOA was just recently declared unenforceable does not alter this antitrust analysis. The Sun's

---

[3] *E.g.*, *Federal Trade Comm'n v. Qualcomm Inc.*, 969 F.3d 974, 990 (9th Cir. 2020) (finding that otherwise competitive conduct is anticompetitive when it "harm[s] the competitive *process* and thereby harm[s] consumers") (alteration in original); *Dreamstime.com, LLC v. Google LLC*, 54 F.4th 1130, 1137 (9th Cir. 2022) ("Exclusionary conduct" refers to acts that "tend[ ] to impair the opportunities of rivals" and "do[ ] not further competition on the merits or do[ ] so in an unnecessarily restrictive way.") (alterations in original and quotations omitted); *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. at 458-59 (holding that conduct is "unlawful only when it actually monopolizes or dangerously threatens to do so"); *William Inglis & Sons Banking Co. v. ITT Continental Banking Co.*, 668 F.2d 1014, 1030-31 (9th Cir. 1981) (explaining that conduct that "will support a claim of attempted monopolization [if its] anticipated benefits were dependent upon its tendency to discipline or eliminate competition and thereby enhance the firm's long-term ability to reap the benefits of monopoly power. Such conduct is not true competition; it makes sense only because it eliminates competition. It does not enhance the quality or attractiveness of the product, reduce its cost, or alter the demand function that all competitors confront. Its purpose is to create a monopoly by means other than fair competition.").

4

proposed pleading identifies these issues and details why the RJ's conduct was anticompetitive. The Sun survived summary judgment on antitrust injury under the same Anticompetitive Conduct alleged in the proposed SAC; therefore, its proposed pleading alleging the same conduct, reduction to competition, and harm to the Sun and consumers cannot be futile under the lesser Rule 12(b)(6) standard now. The Sun is entitled to all inferences from its allegations that the RJ believed the 2005 JOA was valid, and used its exclusive power and control over <u>all</u> non-editorial and -reportorial elements of the joint operation and the Sun since 1989 (which continued after the 2005 JOA) to: (1) weaken the Sun's ability and incentives to compete with the RJ, (2) reduce the Sun's visibility and consumers' knowledge, and (3) threaten unilateral termination of the joint operation through pretextual sham litigation. All of the RJ's Anticompetitive Conduct harms competition, the Sun, and consumers. *See*, *e.g.*, ECF No. 970 at 24-25; 1SA171-83. The Sun's antitrust claims survive regardless of the unenforceability of the 2005 JOA.

## B.    The RJ Cannot Challenge this Court's Finding that the Parties did Not Terminate the 1989 JOA

The RJ explicitly challenges this Court's summary judgment order concluding that the parties did not terminate the 1989 JOA, or effectuate a novation when they entered into the now-unenforceable 2005 JOA. *Compare* Opp'n 8-9, 10-11 *with* ECF No. 970 at 18-19. The RJ's challenge is improper and should be rejected out of hand.

The RJ has not moved for reconsideration of the Court's Order (ECF No. 970). *People v. Wells Fargo* Bank, 2008 WL 5056075, at *1 (D. Nev. Nov. 20, 2008) (seeking reconsideration is the way for a court to "vacate a prior order") (citing *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994)).[4] The RJ's own cases cited concede that reconsideration is the appropriate vehicle for a court to overturn a prior holding. *See, e.g.*, *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888–89 (9th Cir. 2001); *Preaseau v. Prudential Ins. Co.*, 591 F.2d 74, 79-80 (9th Cir. 1979).

To the extent the RJ impliedly seeks such reconsideration, no basis exists to do so. The

---

[4] In addition to their impropriety, the RJ's arguments remain as unfounded as they were the first time. The Court's findings of fact were neither clearly erroneous nor based on an erroneous legal standard. *See* ECF 970 at 18-19 & ECF No. 902 at 16-17 & ECF Nos. 870, 836.

unenforceable 2005 JOA cannot operate to terminate the 1989 JOA. Nothing in the Ninth Circuit's Opinion justifies reconsideration of this Court's conclusion that the parties did not terminate the 1989 JOA either. *See, e.g.*, *Airs Intern., Inc. v. Perfect Scents Distribs., Ltd.*, 902 F. Supp. 1141, 1148-49 (N.D. Cal. 1995) (providing that where "the new contract is invalid, there is no novation and the parties' previous obligations are not extinguished") (citations omitted). The Ninth Circuit did not reverse this Court's conclusion that the 2005 JOA was not a novation of the 1989 JOA, nor conclude that this Court's findings of fact that the parties did not intend to terminate the 1989 JOA were clearly erroneous. Therefore, the RJ is barred from contesting this Court's prior holdings, and it is bound to its findings and conclusions on this issue. *Wilkins v. United States*, 163 F.4th 636, 644 (9th Cir. 2025) ("The law of the case doctrine 'generally preclude[s] [a court] from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'") (alterations in original).[5]

Additionally, Section 1.1 of the 2005 JOA explicitly, clearly, and unequivocally evidences the parties' clear intention to revert in the event the DOJ hindered or otherwise impaired the parties' operation under the 2005 JOA. ECF No. 1042 at 2SA449. It contains no temporal limitation, and it memorializes the parties' intention that the 1989 JOA is valid and enforceable now.[6] *Id.*

**C.    The RJ's Successor-In-Interest Denial is Not Proper at This Stage, and It Fails on the Plain Language of the JOAs**

The RJ argues that a claim based on the 1989 JOA would be futile because the Review-Journal is not a successor-in-interest to the party that signed it. Opp'n 9 (referencing documents outside the complaint). This is an improper argument when evaluating a motion for leave to amend, and certainly not a basis for a futility finding. *Thompson*, 2021 WL 5002214, at *1; *Saticoy Bay,*

---

[5] The RJ erroneously cites *Advanced Semiconductor Materials Am., Inc. v. Applied Materials*, Inc., 922. F. Supp. 1439 (N.D. Cal. 1996) for the proposition that a prior summary judgment decision "is not res judicata or law of the case" following a remand. 922. F. Supp. at 1442. The problem for the RJ is that the case involves no such thing. Instead, the defendant "filed a renewed motion" for summary judgment, and the court's language comes in the context of evaluating that motion. *Id.*

[6] The RJ's ancillary footnote assertion that any claims based on the 1989 JOA are time-barred (Opp'n 9 n.4), is simply not the case. The proposed SAC relates back to the original pleadings in this action, and the Sun filed this action alleging anticompetitive conduct that occurred within the statutory period. *See* 15 U.S.C. § 15b.

6

*LLC*, 2024 WL 28101492, at *3. Courts will not consider documents outside the pleadings unless they are incorporated into the pleading by reference, which is not applicable here. *See* ECF No. 243 at 8-9 (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

In any event, the language of the JOAs forecloses the RJ's argument. The very first sentence of the 2005 JOA identifies the Review-Journal's owner as "DR Partners, a Nevada General Partnership, <u>*the* successor-in-interest to Donrey of Nevada, Inc. ('DR')</u>." ECF No. 1042 at 2SA449 (emphasis added); *see also* ECF No. 978 ¶ 25. Donrey of Nevada, Inc., was the original signatory to the 1989 JOA and owned the Review-Journal Newspaper. ECF No. 1042 at 2SA293. The RJ also admitted that it was the "ultimate successor in interest of DR Partners" in its state court pleading (ECF No. 1091 at 18), and that "LVRJ's predecessor(s) and LV Sun entered into a joint operating arrangement in 1989" in its answer in this case. ECF No. 978 ¶ 1. Both the 1989 JOA and the 2005 JOA also bind all successors and assigns. 2SA323 § 10.9; 2SA458 § 10.9. The RJ's arguments are without merit and contradict this Court's previous conclusion.[7] ECF No. 970 at 35-36.

### D.    The RJ's Affirmative Defenses do Not Preclude Leave to Amend or Supplement

The RJ yet again asserts arguments—impossibility and impracticability—that are improper when evaluating a motion for leave to amend under Rule 15. *See* Opp'n 11-12; *see also Thompson*, 2021 WL 5002214, at *1. Impossibility and impracticability are, at their core, affirmative defenses. *Nebaco, Inc. v. Riverview Realty Co.*, 482 P.2d 305, 307 (Nev. 1971). Finding a proposed amendment futile based on an affirmative defense that would only be appropriate if the complaint *itself* established the defense. *E.g., U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 973 (9th Cir. 2019). None of the RJ's arguments seeking to establish these defenses are based on the contents of the proposed SAC, and therefore, this argument fails on this basis

---

[7] The RJ's cited cases involve circumstances where a parent company was determined not to be bound by a *valid* agreement signed by a subsidiary, and are therefore not instructive. *Sherman v. Brit. Leyland Motors, Ltd.*, 601 F.2d 429, 441 (9th Cir. 1979); *Marquis v. Chrysler Corp.*, 577 F.2d 624, 629-30 (9th Cir. 1978). And in any event, the RJ's own cited case concedes there may be circumstances where that parent-subsidiary relationship may not be enough to insulate the parent entity from liability. *Marquis*, 577 F.2d at 630 ("A manufacturer may be liable notwithstanding it is not a party to the franchise if the party contracting with the dealer is the manufacturer's agent or merely a 'straw man' erected to insulate it from statutory liability.").

7

alone. Even still, the RJ's arguments also fail on their merits for the reasons set forth in the Sun's Reply on Plaintiff's Emergency Motion for TRO and Preliminary Injunction, incorporated by reference here. *See* ECF No. 1091 at 8-10. The law governing the RJ's "impossibility" and "impracticability" arguments forecloses its attempt to assert them here, as this Court already applied it granting the Sun summary judgment on the RJ's frustration of purpose/force majeure defenses. *Nebaco*, 482 P.2d at 307; ECF No. 970 at 47-48.

## IV.   THE RJ HAS FAILED TO ESTABLISH ANY COGNIZABLE PREJUDICE

In light of the relevant law and the proceedings to date, it is clear that the RJ will not suffer prejudice, let alone "substantial" prejudice, if the Court grants the Sun's request.

### A.   <u>The Sun has Not Unduly Delayed Seeking Leave</u>

The RJ's undue delay arguments are inconsistent with the law and the facts. *See* Opp'n 12-14. The RJ first asserts that the Sun was on 'notice' from the outset of this litigation that the 2005 JOA might be declared unenforceable. *Id.* at 13. However, the Sun was not required to plead around the RJ's affirmative defenses, or a potential change in 50 years of established law. The Sun's complaint was properly plead in accordance with caselaw, DOJ Regulations, and the DOJ, NPA lawyers, and JOA newspapers' practice. The RJ's argument fails.

Ninth Circuit law is clear—the Sun was not required to adjust its pleading to take into account the RJ's affirmative defense.[8] *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019) ("Rule 8 does not require plaintiffs to plead around affirmative defenses."); *see also* ECF No. 243 at 7 ("The first and primary argument raised by the RJ Defendants is an affirmative defense—that the 2005 JOA is illegal and unenforceable under the NPA because the 2005 JOA was not approved by the United States Attorney General."). Nor was the Sun required to proactively adjust its pleading because of a potential change in the law. *Estate of Browning v. Las Vegas Metro. Police Dept.*, 2023 WL 3340880, at *2 (D. Nev. May 10, 2023) ("While it is true that plaintiff could have brought claims pursuant to the Nevada Constitution prior

---

[8] For the record, the RJ merely floated unenforceability in a footnote of a state court brief after the Sun initiated this action, and first raised it in this case as an affirmative defense in its Rule 12 motion.

8

1    to the *Mack* decision, plaintiff should not be prejudiced for drafting a precise and targeted

2    complaint, based on the law at the time. The alternative would incentivize plaintiffs to always take

3    a 'kitchen sink' approach of listing every conceivable claim, even if the law or the facts do not

4    provide strong support for bringing the claim."); *Velez v. Foresters Life Ins. and Annuity Co.*, 2025

5    WL 3691474, at *4 (C.D. Cal. Dec. 11, 2025) ("Here, the Court stayed this case pending Ninth

6    Circuit's clarification on the governing legal standard under the Statutes. On June 27, 2024, one

7    week after *Siino* issued its mandate, the Court lifted the stay. On July 10, 2025, two weeks

8    after *Siino* issued its mandate, Velez moved for leave to amend. Velez's prompt action after the

9    stay lifted shows diligence and forecloses any argument that the change in the law was foreseeable

10   or that she unduly delayed her amendment.") (internal citations omitted). (Applying the RJ's logic,

11   the RJ cannot be prejudiced by the Sun being granted leave because the RJ should have plead

12   around the enforceability of the 1989 JOA.)

13       The RJ's contention that the Ninth Circuit's Opinion was not a dramatic change in the law

14   is nonsense. *See* Opp'n 18. This Court is aware that the Ninth Circuit's Opinion, all law and practice

15   on this issue, including this Court's own decision, established that amendments to previously

16   approved, post-1970 JOAs were valid and enforceable without Attorney General signature. *See*

17   ECF No. 970 16-17, 19 (discussing cases); Motion 7-8. Regardless of whether the issue was one of

18   "first impression" in the Ninth Circuit, it is the only court to hold as it did. *Boorman*, 772 F. Supp.

19   2d at 1317 (rejecting argument that issue of first impression decision was not a change in the law

20   warranting leave to amend).[9]

21       Tellingly, the RJ's cited cases are irrelevant given the facts in this case and—none involve

22   a change in the controlling law. Opp'n 13-14. In any event, once the RJ raised unenforceability of

23   the 2005 JOA in its Counterclaims, the Sun plead reversion to the 1989 JOA as an affirmative

24   defense. ECF No. 861 at 28-29. The parties litigated the enforceability of the 2005 JOA and

25   reversion throughout the entirety of this case, briefing the issue numerous times. *See* ECF No. 40

26   at 24, 39; ECF No. 50 at 9, 11; ECF No. 61 at 8. The topic of reversion was also a subject of fact

27

28   _____

[9] The RJ filing its "renewed" motion for summary judgment based on the Ninth Circuit's Opinion confirms its own belief that the Ninth Circuit's Opinion changed the law. ECF No. 1084.

9

1    witness depositions, the Sun's accounting expert witness's reports, and the parties' expert

2    depositions. *See* ECF No. 902 (citing 2SRA457-59, 463-64, 471, 479-80; 2SRA488-89).

3           **B.**     <u>**The Discovery Required Would Be Narrowly Tailored: the RJ's Exaggerations**</u>

4                   <u>**are Disproved by Its Recent Flury of Filings**</u>

          The RJ's parade of discovery horribles that it fears would result should the Court grant the

5    Sun leave are both overblown and contradicted by its own recent behavior. *See* Opp'n 14-18. While

6    the RJ doesn't like it, the Sun's proposed pleading is based on the same anticompetitive conduct,

7    under the same relevant market, with the same antitrust injury. The RJ's refusal to recognize that

8    the Sun's claims are antitrust claims is fatal to its argument here. This is not the radical shift in the

9    case as the RJ fantasizes—this Court already heard these issues at summary judgment. The law is

10    clear—the prejudice required is substantial, and the RJ should not be heard to complain of prejudice

11    for having to engage in motion practice on the Sun's pleading, or submitting an answer and

12    affirmative defenses (the RJ has already briefed its affirmative defenses at length in the last two

13    weeks)[10] after the change in the law it requested.

14              The RJ knows what the Sun is alleging. Opp'n 15. The proposed SAC alleges the same

15    issues the parties have litigated and which were litigated at summary judgment. *See generally* ECF

16    No. 621. The RJ's material obligations under the 1989 JOA that continued under the 2005 JOA are

17    in the contracts and were subject to discovery. The relevant market, anticompetitive conduct, and

18    antitrust injury are still at issue in the proposed SAC. Mot. 15-16. The undertaking is no different

19    than what the parties pursued at summary judgment and the conclusions supported by the facts and

20    law were not clearly erroneous. *E.g.*, ECF No. 857 at 28-29; ECF No. 970. While the potential of

21    an additional litigation burden is not a basis to deny leave to amend (*see* ECF No. 1065 at 9 (citing

22    cases)), the RJ nevertheless exaggerates about its ignorance of the Sun's allegations.

23              Similarly, the RJ's cries of starting discovery from scratch are preposterous, and the RJ's

24    attempt to contort the broad discovery conducted to suggest it was only about the 2005 JOA is just

25

26

---

27    [10] *See* Opp'n 9-12; ECF No. 1070 at 7-9, 10-11. The RJ even submitted a supplemental report to the Court on the purported "impracticability" of performing under the 1989 JOA. *See* ECF No. 1075 at 2-3.

28

as wrong.[11] ECF No. 1086 at 15. The parties already performed discovery encompassing the Sun's antitrust claims. *See* ECF No. 1065 at 2-3. This included discovery regarding the Sun's alleged relevant market,[12] the economic competition between the Newspapers,[13] and the Sun's antitrust injury.[14] The RJ's experts have already opined on these exact issues. *See, e.g.*, ECF No. 860 at 3APP_000497-661. The parties cross-moved for summary judgment. *E.g.*, ECF No. 845 at 25-38, ECF No. 857 at 42-47. And this Court's order related to the same should stand. ECF No. 970.

To the extent that any further discovery will be necessary on the Sun's damages, all of the underlying information has already been produced in this case. Any new information is also within the RJ's exclusive control. Any further discovery on this point can and will be narrowly tailored and will not be the herculean task that the RJ's slippery slope argument seeks to make it. To be clear, there are no new parties and there are no new additional claims in the SAC. There are no new individuals with knowledge.[15] There are no new documents to unearth.[16] Tellingly, the RJ has not indicated there are new parties, new claims, new individuals it needs to depose, nor any new documents it needs to request.

Finally, the RJ's decades-old cases do not support denial and are readily distinguishable. Opp'n 17. None of the RJ's cited cases involve a change of law—and most involved substantial

---

[11] The RJ's suggestion that in the hundreds of discovery requests the "1989 JOA could not have been farther from the center of discovery" because it was not expressly sought is wrong. Opp'n 16. The RJ's previous requests already sought discovery related to the Sun's antitrust claims and the RJ's defenses. The RJ has not alleged how any "from scratch" requests would be different.
[12] *See* **Ex. 1** (Request Nos. 3, 5-8, 12-14, 91, 133, 165); **Ex. 2** (Request Nos. 9-11); **Ex. 3** (Request Nos. 178-79, 181).
[13] *See* **Ex. 1** (Request Nos. 60, 61, 66, 68, 106-07, 133-35); **Ex. 2**, 180, 184).
[14] *See* **Ex. 1** (Request Nos. 34, 66, 67, 68, 69, 90, 160, 162).
[15] The RJ already asked broadly and received answers which individuals have knowledge of the Sun's antitrust claims and have knowledge of damages. *See* **Ex. 4** (Interrogatory Nos. 9 & 10).
[16] In addition to the antitrust discovery already conducted discussed in nn.12-14, the RJ requested and received documents and communications with or related to the DOJ (*see* **Ex. 1** (Request Nos. 77-79, 173) & **Ex. 3** (Request Nos. 197-198)), and documents and communications between the Sun and RJ regarding the 2005 JOA enforceability and amendments. *See* **Ex. 1** (Request Nos. 38, 76, 80) & **Ex. 3** (Request No. 173).

11

1   delay in seeking leave to amend to assert new legal theories altering the nature of the case.[17]

2          Unlike the RJ's cited cases, the Sun did not wait years to amend its complaint after the

3   change of law, a distinction where the Sun's cited cases support granting leave. "Neither delay

4   resulting from the proposed amendment nor the prospect of additional discovery needed by the

5   non-moving party in itself constitutes a sufficient showing of prejudice." *Stearns v. Select Comfort*

6   *Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010); *see also* Mot. 9 (citing cases). Indeed,

7   this Court has held when a plaintiff's "claims factually have not changed" but "merely have altered

8   legal theories" in light of a clarification of the law, the defendant does not suffer prejudice.

9   *Boorman v. Nevada Mem'l Cremation Soc'y, Inc.*, 772 F. Supp. 2d 1309, 1317 (D. Nev. 2011).

10  Further, the proposed amendments would not change the nature of the action—this is still an

11  antitrust case involving the same relevant market and antitrust injury. In short, the RJ's insinuation

12  the case would need "to start again from scratch" is false.

13  **V.    CONCLUSION**

14         For the foregoing reasons, an Order granting the Sun's leave is warranted.

15         DATED this 11th day of March, 2026.

16

17                                             CLARK HILL PLC

18                                             By: /s/ *Kristen L. Martini*
                                                    E. Leif Reid, Nevada Bar No. 5750
19                                                  Kristen L. Martini, Nevada Bar No. 11272
                                                    Nicole Scott, Nevada Bar No. 13757
20                                                  1700 S. Pavilion Center Drive, Suite 500
                                                    Las Vegas, Nevada 89135
21
                                               PISANELLI BICE PLLC
22                                             James J. Pisanelli, Nevada Bar No. 4027
                                               Todd L. Bice, Nevada Bar No. 4534
23

---

24  [17] *See, e.g.*, *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir.
    1983) (determining trial court properly denied leave where amongst other factors, new allegations
25  would "totally alter the basis of the action""); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465
    F.3d 946, 951 (9th Cir. 2006) (holding trial court did not abuse discretion in denying plaintiff's
26  motion for leave to amend for untimeliness given filing nearly 15 months after learning new facts
    which would "advance different legal theories and require proof of different facts" (citation
27  omitted)); *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir.
    1986) (affirming denial of leave to amend where plaintiff sought to add new cause of action as
28  "tactical choice . . . to avoid the possibility of an adverse summary judgment ruling").

                                             12

1    400 South 7th Street, Suite 300
     Las Vegas, Nevada 89101
2
     BROWNSTEIN HYATT FARBER
3    SHRECK, LLP
     Jordan T. Smith, Nevada Bar No. 12097
4    100 North City Parkway, Suite 1600
     Las Vegas, Nevada 89106
5
     ALIOTO LAW FIRM
6    Joseph M. Alioto, Pro Hac Vice
     One Sansome Street, 35th Floor
7    San Francisco, California 94104

8    *Attorneys For Plaintiff/Counterdefendants*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

105559\1015963\286917578.v1-3/11/26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>DECLARATION OF KRISTEN L. MARTINI IN SUPPORT OF REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO MODIFY THE SCHEDULING ORDER AND AMEND AND SUPPLEMENT THE COMPLAINT (ECF NOS. 1064/1065)</u>**

I, Kristen L. Martini, do hereby swear under penalty of perjury that the following assertions are true and correct to the best of my knowledge:

1.      I am a duly licensed attorney admitted to practice in the State of Nevada. I am a member of Clark Hill PLC, and counsel for Plaintiff/Counterdefendant Las Vegas Sun, Inc., Counterdefendants Brian Greenspun and Greenspun Media Group, LLC (together, for purposes of this Reply and for ease of reference, referred to as, the "Sun") in this matter. I make this Declaration in support of the Reply in support of Plaintiff's Motion for Leave to Modify the Scheduling Order and Amend and Supplement the Complaint (ECF No. 621) ("Reply").

2.      Attached as **Exhibit 1** to the Reply is a true and correct copy of excerpts of the Sun's First Supplemental Responses to Defendants' First Set of Requests for Production of Documents to Plaintiff, served on July 8, 2020, in this matter.

3.      Attached as **Exhibit 2** to the Reply is a true and correct copy of excerpts of the Sun's Third Supplemental Responses to Defendants' First Set of Requests for Production of Documents to Plaintiff, served on September 10, 2020, in this matter.

4.      Attached as **Exhibit 3** to the Reply is a true and correct copy of excerpts of the Sun's Responses to Counterclaimant Las Vegas Review-Journal, Inc.'s First Set of Requests for Production of Documents, served on March 15, 2021, in this matter.

5.      Attached as **Exhibit 4** to the Reply is a true and correct copy of excerpts of the Sun's Answers to Defendants' First Set of Interrogatories to Plaintiff, served on June 22, 2020, in this matter.

/ / /

/ / /

/ / /

14

6.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of March, 2026.

_____

KRISTEN L. MARTINI

15

1

**<u>CERTIFICATE OF SERVICE</u>**

2

    I certify that I am an employee of CLARK HILL PLC, and I caused a true and correct copy

3

of the foregoing **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO**

4

**MODIFY THE SCHEDULING ORDER AND AMEND AND SUPPLEMENT THE**

5

**COMPLAINT  (ECF NOS. 1064/1065)** to be served by electronically filing the foregoing with

6

the CMECF electronic filing system which will send notice of electronic filing to:

7
8
9

    J. Randall Jones, Esq.
    Mona Kaveh, Esq.
    KEMP JONES, LLP
    3800 Howard Hughes Parkway, 17th Floor
    Las Vegas, NV 89169

10
11
12

    Michael J. Gayan
    CLAGGETT & SYKES LAW FIRM
    4101 Meadows Lane, Suite 100
    Las Vegas, NV 89107

13
14
15
16

    Amy M. Gallegos, Esq.
    David R. Singer, Esq.
    Andrew G. Sullivan, Esq.
    Alison I Stein, Esq.
    JENNER & BLOCK LLP
    515 South Flower Street, Suite 3300
    Los Angeles, CA 90071

17
18

    Richard L. Stone, Esq.
    850 Devon Avenue
    Los Angeles, CA 90024

19

    DATED: March 11, 2026.

20

                                   */s/ Kristen L. Martini*

21

                                   An Employee of Clark Hill PLC

22

23

24

25

26

27

28

16

1

## INDEX OF EXHIBITS

| EXHIBIT NO. | DESCRIPTION | NO. OF PAGES |
|---|---|---|
| 1 | July 8, 2020, Excerpts of the Sun's First Supplemental Responses to Defendants' First Set of Requests for Production of Documents to Plaintiff | 50 |
| 2 | September 10, 2020, Excerpts of the Sun's Third Supplemental Responses to Defendants' First Set of Requests for Production of Documents to Plaintiff | 10 |
| 3 | March 15, 2021, Excerpts of the Sun's Responses to Counterclaimant Las Vegas Review-Journal, Inc.'s First Set of Requests for Production of Documents | 9 |
| 4 | June 22, 2020, Excerpts of the Sun's Answers to Defendants' First Set of Interrogatories to Plaintiff | 12 |

17