# EXHIBIT 1

July 8, 2020, Excerpts of the Sun's First Supplemental Responses to Defendants' First Set of Requests for Production of Documents to Plaintiff

# EXHIBIT 1

1    E. LEIF REID, Nevada Bar No. 5750
     KRISTEN L. MARTINI, Nevada Bar No. 11272
2    NICOLE SCOTT, Nevada Bar No. 13757
     LEWIS ROCA ROTHGERBER CHRISTIE LLP
3    One East Liberty Street, Suite 300
     Reno, NV 89501-2128
4    Tel:    775.823.2900
     Fax:   775.823.2929
5    Email: lreid@lrrc.com
            kmartini@lrrc.com
6            nscott@lrrc.com

7

8    JAMES J. PISANELLI, Nevada Bar No. 4027
     TODD L. BICE, Nevada Bar No. 4534
     JORDAN T. SMITH, Nevada Bar No. 12097
9    PISANELLI BICE PLLC
     400 South 7th Street, Suite 300
10   Las Vegas, Nevada 89101
     Telephone: 702.214.2100
11   Email: JJP@pisanellibice.com
            TLB@pisanellibice.com
12           JTS@pisanellibice.com

JOSEPH M. ALIOTO, *PRO HAC VICE*
JAMIE L. MILLER, *PRO HAC VICE*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA  94104
Tel:  415.434.8900
Fax:  415.434.9200
Email: jmalioto@aliotolaw.com
        jmiller@aliotolaw.com

13   *Attorneys for Plaintiff*

14              UNITED STATES DISTRICT COURT
                   DISTRICT OF NEVADA
15

16   LAS VEGAS SUN, INC., a Nevada          Case No. 2:19-CV-01667-GMN-BNW
     corporation,

17                    Plaintiff,

18   v.                                     **LAS VEGAS SUN, INC.'S FIRST
                                            SUPPLEMENTAL RESPONSES TO
19                                          DEFENDANTS' FIRST SET OF
     SHELDON ADELSON, an individual and as  REQUESTS FOR PRODUCTION OF
20   the alter ego of News+Media Capital Group  DOCUMENTS TO PLAINTIFF**
     LLC and as the alter ego of Las Vegas Review
21   Journal, Inc.; PATRICK DUMONT, an
     individual; NEWS+MEDIA CAPITAL GROUP
22   LLC, a Delaware limited liability company;
     LAS VEGAS REVIEW-JOURNAL, INC., a
23   Delaware corporation; and DOES, I-X,
     inclusive,
24

25                    Defendants.

26

27

28

Plaintiff Las Vegas Sun. Inc. ("Sun"), through counsel of record, responds to Defendants' First Set of Requests for Production of Documents to Plaintiff as follows:

## I.    PRELIMINARY STATEMENT

The following responses and objections to Defendants' First Request for Production of Documents to Plaintiff Las Vegas Sun, Inc. (the "Sun") are based upon information presently available to the Sun, which, after reasonable inquiry, the Sun believes to be correct. These responses and objections are made without prejudice to the Sun's right to utilize subsequently discovered facts and documents. Furthermore, these responses and objections may be supplemented upon the Sun's further analysis, investigation, and acquisition of information. In particular, the Sun makes its responses and objections with the intent of preserving: (1) the Sun's right to object to the use of the produced documents, the information provided and/or the responses or the subject matter thereof, on any ground in any further proceeding, in this action and any other action or matter; and (2) the Sun's right at any time to make further objections to, to supplement, or to clarify any of the responses contained herein.

Unless otherwise indicated, words and terms used in the following responses and objections shall be construed in accordance with their normal meanings and connotations and shall in no way be interpreted as terms statutorily or otherwise defined or as terms of art, and the Sun specifically disavows any such meaning or connotation that might be given to such terms.

This preliminary statement is incorporated in each of the answers set forth below as if fully set forth herein.

## II.    GENERAL OBJECTIONS

The Sun makes the following general objections, whether or not separately set forth in response to each and every one of Defendants' requests.

1.    The Sun objections to Defendants' Requests to the extent that, through definitions, instructions or otherwise, they seek to impose requirements and discovery obligations in excess of those imposed by applicable law.

2.    The Sun objects to Defendants' Requests to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, attorney work product

doctrine, or joint defense or common interest privileges, or other applicable privilege or protection. The Sun deems such privileged communications and/or other protected information not intended to be within the scope of these Requests, and will not, and does not intend by these responses to waive the privilege or protection afforded such communications, documents and/or information.

3.    The Sun objects to Defendants' Requests to the extent they seek legal conclusions.

4.    The Sun objects to Defendants' Requests to the extent they are overbroad, unduly burdensome, seek to obtain information or documents not within the possession, custody or control of the Sun, and/or otherwise purport to require the Sun to provide information or documents beyond its obligations under the applicable rules of civil procedure.  The Sun responds to these Requests pursuant to its obligations under applicable rules of civil procedure.

These Objections are incorporated into each of the Sun's specific responses and objections below as if fully set forth therein.  To the extent particular objections set forth above are restated in a specific response, they are provided because they are particularly applicable to the specific request and such inclusion is not to be considered as a waiver of any other objection applicable to information and/or documents falling within the scope of the request.

As discovery is ongoing, the Sun reserves its right to seasonably amend its responses to Defendants' Requests pursuant to applicable rules of civil procedure as the facts develop.

## III.    SPECIFIC OBJECTIONS AND RESPONSES

## REQUEST NO. 1:

All DOCUMENTS that support, refute, or relate to YOUR allegation in Paragraph 8 of the COMPLAINT that DEFENDANT Sheldon Adelson is "the alter ego of News+Media, Las Vegas Review-Journal, Inc., and the Review-Journal."

## RESPONSE TO REQUEST NO. 1:

The Sun objects. This Request is vague and ambiguous because it fails to describe or define the terms, "support," "refute," or "relate to." These ambiguities further render this Request unduly burdensome and overbroad. *See Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit

and the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents evidencing or referring to" is "improperly overbroad"). The Sun objects to the extent this Request seeks the production of documents not in the Sun's possession, custody, and/or control, or are within Defendants' possession, custody, and/or control. *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D. Nev. Sept. 11, 2009) (refusing to compel documents equally accessible to the requesting party). To the extent that this Request prematurely seeks documents and opinions held by the Sun's expert, such information will be disclosed pursuant to the schedule set forth in the discovery plan and scheduling order. Finally, the Sun objects to this Request to the extent it seeks the production of documents subject to the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, and limiting the search to documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020; however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020, the Sun will produce responsive, non-privileged documents, if any, within two (2) business days from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged documents are produced herewith as they are kept in the usual course of business.***

**REQUEST NO. 3:**

All DOCUMENTS that support, refute, or relate to YOUR allegation in Paragraph 36 of the COMPLAINT that "Local newspapers are able to offer news stories with more in-depth coverage than the news reported by radio or television."

**RESPONSE TO REQUEST NO. 3:**

The Sun objects. This Request is vague and ambiguous because it fails to describe or define the terms, "support," "refute," or "relate to." These ambiguities further render this Request unduly burdensome and overbroad. *See Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit

1    and the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y.

2    App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents

3    evidencing or referring to" is "improperly overbroad"). The Sun objects to the extent this Request

4    seeks the production of documents equally accessible to Defendants, and/or are within Defendants'

5    possession, custody, and/or control. *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*,

6    LLC, 2009 WL 10693182, at *6 (D. Nev. Sept. 11, 2009) (refusing to compel documents equally

7    accessible to the requesting party). To the extent that this Request prematurely seeks documents

8    and opinions held by the Sun's expert, such information will be disclosed pursuant to the schedule

9    set forth in the discovery plan and scheduling order. Finally, the Sun objects to this Request to the

10   extent it seeks the production of documents subject to the attorney-client privilege and/or the

11   attorney work-product doctrine.

12          Subject to and without waiving the foregoing objections, and limiting the search to

13   documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

14   ~~Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020;~~

15   ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

16   ~~the Sun will produce responsive, non-privileged documents, if any, within two (2) business days~~

17   ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

18   ***documents are produced herewith as they are kept in the usual course of business.***

19   **REQUEST NO. 4:**

20   All DOCUMENTS discussing or referring to the portability of electronic devices that are used to

21   access news content.

22   **RESPONSE TO REQUEST NO. 4:**

23          The Sun objects. This Request is vague and ambiguous because it fails to describe or define

24   the terms, "discuss," "referring to," "portability," "electronic devices," or "access news content."

25   These ambiguities further render this Request unduly burdensome and overbroad. *See Adobe Sys.*

26   *Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb. 7, 2011)

27   ("For example, the Court held a request overbroad and unduly burdensome on its face where it

28   sought all documents 'regarding' or 'relating to' the lawsuit and the eleven plaintiffs and their

EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents evidencing or referring to" is "improperly overbroad"). This Request is further nonsensical and improper as it is predicated on a false premise regarding there being "portability of electronic devices" as the basis for "access news content" and the Sun should not have to surmise as to the types of documents that could conceivably fall within the scope of this Request. *See Adobe Sys. Inc.*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 ("A request may be overly broad on its face if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope. A request seeking documents 'pertaining to' or 'concerning' a broad range of items *requires the respondent either to guess or move through mental gymnastics to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request*." (Emphasis added.)). This Request is so overbroad that no data search could be constructed that would be sufficient to cull information into a reviewable amount of information that would fall within Rule 26's definition of discoverable information. The Sun objects to the extent this Request seeks the production of documents not in the Sun's possession, custody, and/or control, or are within Defendants' possession, custody, and/or control. *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D. Nev. Sept. 11, 2009) (refusing to compel documents equally accessible to the requesting party). To the extent that this Request prematurely seeks documents and opinions held by the Sun's expert, such information will be disclosed pursuant to the schedule set forth in the discovery plan and scheduling order. Finally, the Sun objects to this Request to the extent it seeks the production of documents subject to the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST NO. 5:**

All DOCUMENTS that support, refute, or relate to YOUR allegation in Paragraph 36 of the COMPLAINT that "Newspapers are also inexpensive, meaning there are virtually no socio-economic barriers for citizens to have access to news and information about their community, including those who are unable to afford Internet Services."

/ / /

**RESPONSE TO REQUEST NO. 5:**

The Sun objects. This Request is vague and ambiguous because it fails to describe or define the terms, "support," "refute," or "relate to." These ambiguities further render this Request unduly burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents evidencing or referring to" is "improperly overbroad"). The Sun objects to this Request as seeking the production of documents that are publicly available and/or equally accessible to Defendants. *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D. Nev. Sept. 11, 2009) (refusing to compel documents equally accessible to the requesting party). To the extent that this Request prematurely seeks documents and opinions held by the Sun's expert, such information will be disclosed pursuant to the schedule set forth in the discovery plan and scheduling order. Finally, the Sun objects to this Request to the extent it seeks the production of documents subject to the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, and limiting the search to documents or ESI in the Sun's possession, the Sun responds as follows: None. Discovery is continuing and the Sun will supplement its responses pursuant to FRCP 26(e) if any responsive, non-privileged documents are found.

**REQUEST NO. 6:**

All DOCUMENTS comparing consumers who access news content from newspapers to those who access news content from alternative sources.

**RESPONSE TO REQUEST NO. 6:**

The Sun objects to the extent this Request seeks the production of documents not in the Sun's possession, custody, and/or control, or are within Defendants' possession, custody, and/or control, or are publicly available and/or equally accessible to Defendants. *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D. Nev. Sept. 11, 2009)

1  (refusing to compel documents equally accessible to the requesting party). Finally, the Sun objects

2  to this Request to the extent it seeks the production of documents subject to the attorney-client

3  privilege and/or the attorney work-product doctrine.

4      Subject to and without waiving the foregoing objections, and limiting the search to

5  documents or ESI in the Sun's possession, the Sun responds as follows: None. Discovery is

6  continuing and the Sun will supplement its responses pursuant to FRCP 26(e) if any responsive,

7  non-privileged documents are found.

8  **REQUEST NO. 7:**

9  All DOCUMENTS that support, refute, or relate to YOUR allegation in Paragraph 36 of the

10  COMPLAINT that "Most readers of local daily newspapers in Clark County do not consider weekly

11  newspapers, radio news, television news, Internet news, or any other media to be adequate

12  substitutes for the only two local daily newspapers serving the Las Vegas area."

13  **RESPONSE TO REQUEST NO. 7:**

14      The Sun objects. This Request is vague and ambiguous because it fails to describe or define

15  the terms, "support," "refute," or "relate to." These ambiguities further render this Request unduly

16  burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL

17  540278, at \*10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly

18  burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and

19  the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y.

20  App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents

21  evidencing or referring to" is "improperly overbroad"). The Sun objects to the extent this Request

22  seeks the production of documents not in the Sun's possession, custody, and/or control, or are

23  within Defendants' possession, custody, and/or control, or are publicly available and/or equally

24  accessible to Defendants. *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009

25  WL 10693182, at \*6 (D. Nev. Sept. 11, 2009) (refusing to compel documents equally accessible to

26  the requesting party). To the extent that this Request prematurely seeks documents and opinions

27  held by the Sun's expert, such information will be disclosed pursuant to the schedule set forth in

28  the discovery plan and scheduling order. Finally, the Sun objects to this Request to the extent it

seeks the production of documents subject to the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, and limiting the search to documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020; however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020, the Sun will produce responsive, non-privileged documents, if any, within two (2) business days from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged documents are produced herewith as they are kept in the usual course of business.***

**REQUEST NO. 8:**

All DOCUMENTS that support, refute, or relate to YOUR allegation in Paragraph 37 of the COMPLAINT that "the sale of local daily newspapers is a distinct relevant product market and line of commerce within the meaning of Section 2 of the Sherman Act and Section 7 of the Clayton Act."

**RESPONSE TO REQUEST NO. 8:**

The Sun objects. This Request is vague and ambiguous because it fails to describe or define the terms, "support," "refute," or "relate to." These ambiguities further render this Request unduly burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents evidencing or referring to" is "improperly overbroad"). The Sun objects to the extent this Request seeks the production of documents not in the Sun's possession, custody, and/or control, or are within Defendants' possession, custody, and/or control, or are publically available and/or equally accessible to Defendants. *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D. Nev. Sept. 11, 2009) (refusing to compel documents equally accessible to the requesting party). To the extent that this Request prematurely seeks documents and opinions

1    held by the Sun's expert, such information will be disclosed pursuant to the schedule set forth in

2    the discovery plan and scheduling order. Finally, the Sun objects to this Request to the extent it

3    seeks the production of documents subject to the attorney-client privilege and/or the attorney work-

4    product doctrine.

5         Subject to and without waiving the foregoing objections, and limiting the search to

6    documents or ESI in the Sun's possession, the Sun responds as follows: None. Discovery is

7    continuing and the Sun will supplement its responses pursuant to FRCP 26(e) if any responsive,

8    non-privileged documents are found.

9    **REQUEST NO. 9:**

10   All DOCUMENTS that discuss, describe, or refer to competition between THE SUN and any other

11   media product or service including but not limited to local newspapers, regional newspapers,

12   national newspapers, television news, radio news, and online news (i.e., news that is accessed from

13   a computer, mobile device, or other electronic device).

14   **RESPONSE TO REQUEST NO. 9:**

15        The Sun objects. This Request is vague and ambiguous because it fails to describe or define

16   the terms, "discuss," "describe," "refer to," "competition," "media product" or "service." These

17   ambiguities further render this Request unduly burdensome and overbroad. *Adobe Sys. Inc. v.*

18   *Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For

19   example, the Court held a request overbroad and unduly burdensome on its face where it sought all

20   documents 'regarding' or 'relating to' the lawsuit and the eleven plaintiffs and their EEOC

21   charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request

22   for production of documents using the term, "[a]ll documents evidencing or referring to" is

23   "improperly overbroad"). This Request is further nonsensical and improper as it is predicated on a

24   false premise regarding there being "competition between the Sun and any other Print Publications

25   and/or Online Publications," and the Sun should not have to surmise as to the types of documents

26   that could conceivably fall within the scope of this Request. *Adobe Sys. Inc.*, No. 2:10-CV-00422-

27   LRH, 2011 WL 540278, at *10 ("A request may be overly broad on its face if it is couched in such

28   broad language as to make arduous the task of deciding which of numerous documents may

factual basis to blanketly request such sensitive, proprietary information that is outside the scope of the 2005 Amended JOA. This Request is further unduly burdensome and overbroad as it spans an almost seven-year time limit, but Defendants did not even obtain ownership of the Review-Journal until December 10, 2015. Finally, the Sun objects to this Request to the extent it seeks the production of documents subject to the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST NO. 12:**

All DOCUMENTS that discuss or describe the relevant market in the COMPLAINT.

**RESPONSE TO REQUEST NO. 12:**

The Sun objects. This Request is vague and ambiguous because it fails to describe or define the terms, "discuss," or "describe." These ambiguities further render this Request unduly burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents evidencing or referring to" is "improperly overbroad"). This Request is so overbroad that no data search could be constructed that would be sufficient to cull information into a reviewable amount of information that would fall within Rule 26's definition of discoverable information. To the extent that this Request prematurely seeks documents and opinions held by the Sun's expert, such information will be disclosed pursuant to the schedule set forth in the discovery plan and scheduling order. Finally, the Sun objects to this Request to the extent it seeks the production of documents subject to the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, and limiting the search to documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020; however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020, the Sun will produce responsive, non-privileged documents, if any, within two (2) business days~~

- 15 -

1   ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

2   ***documents are produced herewith as they are kept in the usual course of business.***

3   **REQUEST NO. 13:**

4   All DOCUMENTS that support, refute, or relate to YOUR allegation in Paragraph 39 of the

5   COMPLAINT that "local newspapers serving areas outside of Clark County are not acceptable

6   substitutes for the Sun and Review-Journal."

7   **RESPONSE TO REQUEST NO. 13:**

8            The Sun objects. This Request is vague and ambiguous because it fails to describe or define

9   the terms, "support," "refute" or "relate to." These ambiguities further render this Request unduly

10  burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL

11  540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly

12  burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and

13  the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y.

14  App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents

15  evidencing or referring to" is "improperly overbroad"). The Sun also objects to the extent this

16  Request seeks the production of documents equally accessible to Defendants. *See Heritage-Nevada*

17  *VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D. Nev. Sept. 11, 2009)

18  (refusing to compel documents equally accessible to the requesting party). To the extent that this

19  Request prematurely seeks documents and opinions held by the Sun's expert, such information will

20  be disclosed pursuant to the schedule set forth in the discovery plan and scheduling order. Finally,

21  the Sun objects to this Request to the extent it seeks the production of documents subject to the

22  attorney-client privilege and/or the attorney work-product doctrine.

23           Subject to and without waiving the foregoing objections, and limiting the search to

24  documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

25  ~~Sun will produce responsive, non privileged documents, if any, on or before June 26, 2020;~~

26  ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

27  ~~the Sun will produce responsive, non-privileged documents, if any, within two (2) business days~~

28  ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

1    ***documents are produced herewith as they are kept in the usual course of business.***

2    **REQUEST NO. 14:**

3    All DOCUMENTS that support, refute, or relate to YOUR allegation in Paragraph 44 of the

4    COMPLAINT that "There is no printing facility in the Clark County market that can efficiently and

5    effectively print a local daily newspaper other than the facilities owned and controlled by the RJ."

6    **RESPONSE TO REQUEST NO. 14:**

7         The Sun objects. This Request is vague and ambiguous because it fails to describe or define

8    the terms, "support," "refute" or "relate to." These ambiguities further render this Request unduly

9    burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL

10   540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly

11   burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and

12   the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y.

13   App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents

14   evidencing or referring to" is "improperly overbroad"). The Sun also objects to the extent this

15   Request seeks the production of documents not in the Sun's possession, custody, and/or control, or

16   are within Defendants' possession, custody, and/or control, or equally accessible to Defendants.

17   *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D.

18   Nev. Sept. 11, 2009) (refusing to compel documents equally accessible to the requesting party). To

19   the extent that this Request prematurely seeks documents and opinions held by the Sun's expert,

20   such information will be disclosed pursuant to the schedule set forth in the discovery plan and

21   scheduling order. Finally, the Sun objects to this Request to the extent it seeks the production of

22   documents subject to the attorney-client privilege and/or the attorney work-product doctrine.

23        Subject to and without waiving the foregoing objections, and limiting the search to

24   documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

25   ~~Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020;~~

26   ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

27   ~~the Sun will produce responsive, non-privileged documents, if any, within two (2) business days~~

28   ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

1    ***documents are produced herewith as they are kept in the usual course of business.***

2    **REQUEST NO. 15:**

3    All DOCUMENTS that support, refute, or relate to YOUR allegation in Paragraph 48 of the

4    COMPLAINT that "Defendants orchestrated and implemented an anticompetitive scheme to

5    eliminate the RJ's sole competitor, the Sun, and to monopolize, attempt to monopolize, and to

6    conspire to monopolize the market for daily local newspapers in Clark County."

7    **RESPONSE TO REQUEST NO. 15:**

8         The Sun objects. This Request is vague and ambiguous because it fails to describe or define

9    the terms, "support," "refute" or "relate to." These ambiguities further render this Request unduly

10   burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL

11   540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly

12   burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and

13   the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y.

14   App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents

15   evidencing or referring to" is "improperly overbroad"). The Sun also objects to the extent this

16   Request seeks the production of documents not in the Sun's possession, custody, and/or control, or

17   are within Defendants' possession, custody, and/or control, or equally accessible to Defendants.

18   *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D.

19   Nev. Sept. 11, 2009) (refusing to compel documents equally accessible to the requesting party). To

20   the extent that this Request prematurely seeks documents and opinions held by the Sun's expert,

21   such information will be disclosed pursuant to the schedule set forth in the discovery plan and

22   scheduling order. Finally, the Sun objects to this Request to the extent it seeks the production of

23   documents subject to the attorney-client privilege and/or the attorney work-product doctrine.

24        Subject to and without waiving the foregoing objections, and limiting the search to

25   documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

26   ~~Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020;~~

27   ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

28   ~~the Sun will produce responsive, non-privileged documents, if any, within two (2) business days~~

- 18 -

1   ~~Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020;~~

2   ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

3   ~~the Sun will produce responsive, non-privileged documents, if any, within two (2) business days~~

4   ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

5   ***documents are produced herewith as they are kept in the usual course of business.***

6   **REQUEST NO. 34:**

7   All DOCUMENTS that support, refute, or relate to YOUR allegation in Paragraph 64 of the

8   COMPLAINT that "Moon executed on Defendants' strategy to financially starve the Sun and to

9   force it out of business."

10  **RESPONSE TO REQUEST NO. 34:**

11       The Sun objects. This Request is vague and ambiguous because it fails to describe or define

12  the terms, "support," "refute" or "relate to." These ambiguities further render this Request unduly

13  burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL

14  540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly

15  burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and

16  the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y.

17  App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents

18  evidencing or referring to" is "improperly overbroad"). The Sun also objects to the extent this

19  Request seeks the production of documents not in the Sun's possession, custody, and/or control, or

20  are within Defendants' possession, custody, and/or control, or equally accessible to Defendants.

21  *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D.

22  Nev. Sept. 11, 2009) (refusing to compel documents equally accessible to the requesting party).

23  Finally, the Sun objects to this Request to the extent it seeks the production of documents subject

24  to the attorney-client privilege and/or the attorney work-product doctrine.

25       Subject to and without waiving the foregoing objections, and limiting the search to

26  documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

27  ~~Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020;~~

28  ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

1    ~~the Sun will produce responsive, non privileged documents, if any, within two (2) business days~~

2    ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

3    ***documents are produced herewith as they are kept in the usual course of business.***

4    **REQUEST NO. 35:**

5    All DOCUMENTS that discuss, refer, or relate to the January 24, 2017 meeting discussed in

6    Paragraph 65 of the COMPLAINT.

7    **RESPONSE TO REQUEST NO. 35:**

8          The Sun objects. This Request is vague and ambiguous because it fails to describe or define

9    the terms, "discuss," "refer" or "relate to." These ambiguities further render this Request unduly

10   burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL

11   540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly

12   burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and

13   the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y.

14   App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents

15   evidencing or referring to" is "improperly overbroad"). The Sun also objects to the extent this

16   Request seeks the production of documents not in the Sun's possession, custody, and/or control, or

17   are within Defendants' possession, custody, and/or control, or equally accessible to Defendants.

18   *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D.

19   Nev. Sept. 11, 2009) (refusing to compel documents equally accessible to the requesting party).

20   Finally, the Sun objects to this Request to the extent it seeks the production of documents subject

21   to the attorney-client privilege and/or the attorney work-product doctrine.

22         Subject to and without waiving the foregoing objections, and limiting the search to

23   documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

24   ~~Sun will produce responsive, non privileged documents, if any, on or before June 26, 2020;~~

25   ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

26   ~~the Sun will produce responsive, non-privileged documents, if any, within two (2) business days~~

27   ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

28   ***documents are produced herewith as they are kept in the usual course of business.***

1    Subject to and without waiving the foregoing objections, and limiting the search to

2  documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

3  ~~Sun will produce responsive, non privileged documents, if any, on or before June 26, 2020;~~

4  ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

5  ~~the Sun will produce responsive, non privileged documents, if any, within two (2) business days~~

6  ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

7  ***documents are produced herewith as they are kept in the usual course of business.***

8  **REQUEST NO. 38:**

9  All DOCUMENTS that discuss, refer, or relate to an amendment or possible amendment of the

10  2005 JOA.

11  **RESPONSE TO REQUEST NO. 38:**

12    The Sun objects. This Request is vague and ambiguous because it fails to describe or define

13  the terms, "discuss," "refer," "relate to," or "amendment or possible amendment." These

14  ambiguities further render this Request unduly burdensome and overbroad. *Adobe Sys. Inc. v.*

15  *Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For

16  example, the Court held a request overbroad and unduly burdensome on its face where it sought all

17  documents 'regarding' or 'relating to' the lawsuit and the eleven plaintiffs and their EEOC

18  charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request

19  for production of documents using the term, "[a]ll documents evidencing or referring to" is

20  "improperly overbroad"). The Sun also objects to the extent this Request seeks documents that are

21  publicly available, equally available to Defendants, and/or already within Defendants' possession,

22  custody, and/or control. *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009

23  WL 10693182, at *6 (D. Nev. Sept. 11, 2009) (refusing to compel documents equally accessible to

24  the requesting party). Finally, the Sun objects to this Request to the extent it seeks the production

25  of documents subject to the attorney-client privilege and/or the attorney work-product doctrine.

26    Subject to and without waiving the foregoing objections, and limiting the search to

27  documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

28  ~~Sun will produce responsive, non privileged documents, if any, on or before June 26, 2020;~~

1  however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,

2  the Sun will produce responsive, non-privileged documents, if any, within two (2) business days

3  from the Court's entry of a Confidentiality and Protective Order. ***Responsive, non-privileged***

4  ***documents are produced herewith as they are kept in the usual course of business.***

5  **REQUEST NO. 39:**

6  All COMMUNICATIONS between THE SUN and DEFENDANT Sheldon Adelson.

7  **RESPONSE TO REQUEST NO. 39:**

8      The Sun objects. This Request is unduly burdensome and overbroad. *Adobe Sys. Inc. v.*

9  *Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For

10  example, the Court held a request overbroad and unduly burdensome on its face where it sought all

11  documents 'regarding' or 'relating to' the lawsuit and the eleven plaintiffs and their EEOC

12  charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request

13  for production of documents using the term, "[a]ll documents evidencing or referring to" is

14  "improperly overbroad"). Here, Defendants seek "all Communications" regardless if the

15  communication is relevant to any claim or defense asserted in this action. Such a broad Request is

16  neither relevant nor proportional to the needs of the case. The Sun also objects to the extent this

17  Request seeks documents that are publicly available, equally available to Defendants, and/or

18  already within Defendants' possession, custody, and/or control. *See Heritage-Nevada VIII, LLC v.*

19  *World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D. Nev. Sept. 11, 2009) (refusing to

20  compel documents equally accessible to the requesting party). Finally, the Sun objects to this

21  Request to the extent it seeks the production of documents subject to the attorney-client privilege

22  and/or the attorney work-product doctrine.

23      Subject to and without waiving the foregoing objections, and limiting the search to

24  documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: The

25  Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020;

26  however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,

27  the Sun will produce responsive, non-privileged documents, if any, within two (2) business days

28

- 40 -

111689925.1

1   the terms, "support," "refute," "relate to," or "anticompetitive effects." These ambiguities further

2   render this Request unduly burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-

3   CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a

4   request overbroad and unduly burdensome on its face where it sought all documents 'regarding' or

5   'relating to' the lawsuit and the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*,

6   587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request for production of documents using

7   the term, "[a]ll documents evidencing or referring to" is "improperly overbroad").

8   The Sun also objects to the extent this Request seeks documents that are publicly available, equally

9   available to Defendants, and/or already within Defendants' possession, custody, and/or control. *See*

10  *Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D. Nev.

11  Sept. 11, 2009) (refusing to compel documents equally accessible to the requesting party). To the

12  extent that this Request prematurely seeks documents and opinions held by the Sun's expert, such

13  information will be disclosed pursuant to the schedule set forth in the discovery plan and scheduling

14  order. Finally, the Sun objects to this Request to the extent it seeks the production of documents

15  subject to the attorney-client privilege and/or the attorney work-product doctrine.

16      Subject to and without waiving the foregoing objections, and limiting the search to

17  documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

18  ~~Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020;~~

19  ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

20  ~~the Sun will produce responsive, non-privileged documents, if any, within two (2) business days~~

21  ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

22  ***documents are produced herewith as they are kept in the usual course of business.***

23  **REQUEST NO. 60:**

24  All DOCUMENTS that support, refute, or relate to YOUR allegation in Paragraph 112 of the

25  COMPLAINT that the "head-to-head competition between the owners of the Sun and the Review-

26  Journal will be lost unless Defendants' anticompetitive conduct is enjoined."

27  **RESPONSE TO REQUEST NO. 60:**

28      The Sun objects. This Request is vague and ambiguous because it fails to describe or define

the terms, "support," "refute," or "relate to." These ambiguities further render this Request unduly burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents evidencing or referring to" is "improperly overbroad"). The Sun also objects to the extent this Request seeks the production of documents not in the Sun's possession, custody, and/or control, or are within Defendants' possession, custody, and/or control, or is public information and further equally accessible to Defendants. *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D. Nev. Sept. 11, 2009) (refusing to compel documents equally accessible to the requesting party). To the extent that this Request prematurely seeks documents and opinions held by the Sun's expert, such information will be disclosed pursuant to the schedule set forth in the discovery plan and scheduling order. Finally, the Sun objects to this Request to the extent it seeks the production of documents subject to the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, and limiting the search to documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The Sun will produce responsive, non privileged documents, if any, on or before June 26, 2020; however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020, the Sun will produce responsive, non privileged documents, if any, within two (2) business days from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged documents are produced herewith as they are kept in the usual course of business.***

**REQUEST NO. 61:**

All DOCUMENTS that support, refute, or relate to YOUR allegation in Paragraph 113 of the COMPLAINT that THE SUN had to cut staff.

**RESPONSE TO REQUEST NO. 61:**

The Sun objects. This Request is vague and ambiguous because it fails to describe or define

1    the terms, "support," "refute," or "relate to." These ambiguities further render this Request unduly

2    burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL

3    540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly

4    burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and

5    the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y.

6    App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents

7    evidencing or referring to" is "improperly overbroad").

8            Subject to and without waiving the foregoing objections, and limiting the search to

9    documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

10   ~~Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020;~~

11   ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

12   ~~the Sun will produce responsive, non-privileged documents, if any, within two (2) business days~~

13   ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

14   ***documents are produced herewith as they are kept in the usual course of business.***

15   **REQUEST NO. 62:**

16   DOCUMENTS sufficient to identify all of YOUR staff, their positions, and their

17   salaries/compensation for the two years preceding the January 2018 "layoffs" referenced in

18   Paragraph 113 of the COMPLAINT.

19   **RESPONSE TO REQUEST NO. 62:**

20           The Sun objects. This Request is vague and ambiguous because it fails to describe or define

21   the terms, "sufficient," "identify," "individuals," and "comprised." This Request is also improper

22   to the extent it purports to require the Sun to review and compile information and prepare a

23   document not otherwise kept in the ordinary course of business. *See U.S. v. Dish Network, LLC*,

24   No. 09-3073, 2011 WL 98951, at *9 (C.D. Ill. Jan. 10, 2011) ("[Defendant] objected that the phrase

25   'sufficient to identify' is vague and ambiguous and improperly called for [defendant] to compile

26   data to identify the call center. The Court agrees. [Defendant] should not have to decide how many

27   documents is sufficient. . . . That request is an interrogatory, not a request to produce."). In that

28   regard, this Request is improper and does not comply with Federal Rule of Civil Procedure 34;

111689925.1

1  ***the foregoing objections, following the parties' meet and confer and the Sun's offer to produce***

2  ***a redacted version of the positions that were eliminated, the Sun responds as follows: Responsive,***

3  ***non-privileged documents are produced herewith as they are kept in the usual course of business.***

4  **REQUEST NO. 66:**

5  All DOCUMENTS that support, refute, or relate to YOUR allegation in Paragraph 113 of the

6  COMPLAINT that "The practical consequence of cutting back on night staff meant that instead of

7  sending stories over to the Review-Journal for print at 10:00 p.m., as it used to, the limited Sun staff

8  now has to send stories to the Review Journal for print at 4:00 p.m."

9  **RESPONSE TO REQUEST NO. 66:**

10      The Sun objects. This Request is vague and ambiguous because it fails to describe or define

11  the terms, "support," "refute," or "relate to." These ambiguities further render this Request unduly

12  burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL

13  540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly

14  burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and

15  the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y.

16  App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents

17  evidencing or referring to" is "improperly overbroad"). This Request is so overbroad that it

18  effectively seeks information rather than documents, and no data search could be constructed that

19  would be sufficient to cull information into a reviewable amount of information that would fall

20  within Rule 26's definition of discoverable information. A more appropriate discovery mechanism

21  should be used by Defendants that comply with the Federal Rules of Civil Procedure. *See, e.g.,*

22  *Quezada v. Lindsey*, No. 1:10-cv-01402-AWI-SAB, 2014 WL 5500800, at *6 (E.D. Cal. 2014)

23  (holding that a request calling "for the production of factual information, rather than documents, [ ]

24  is beyond the scope of a request submitted under" Rule 34; instead, "this information should be

25  requested in an interrogatory" under Rule 33).

26      Subject to and without waiving the foregoing objections, and limiting the search to

27  documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

28  ~~Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020;~~

- 66 -

1    ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

2    ~~the Sun will produce responsive, non privileged documents, if any, within two (2) business days~~

3    ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

4    ***documents are produced herewith as they are kept in the usual course of business.***

5    **REQUEST NO. 67:**

6    All DOCUMENTS that support, refute, or relate to YOUR allegation in Paragraph 114 of the

7    COMPLAINT that "The termination of the 2005 JOA will eliminate the Sun newspaper by leaving

8    it with no infrastructure or facilities within which to produce, print, and distribute its newspaper."

9    **RESPONSE TO REQUEST NO. 67:**

10         The Sun objects. This Request is vague and ambiguous because it fails to describe or define

11    the terms, "support," "refute," or "relate to." These ambiguities further render this Request unduly

12    burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL

13    540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly

14    burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and

15    the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y.

16    App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents

17    evidencing or referring to" is "improperly overbroad"). The Sun also objects to the extent this

18    Request seeks the production of documents within Defendants' possession, custody, and/or control,

19    or equally accessible to Defendants. *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*,

20    LLC, 2009 WL 10693182, at *6 (D. Nev. Sept. 11, 2009) (refusing to compel documents equally

21    accessible to the requesting party). To the extent that this Request prematurely seeks documents

22    and opinions held by the Sun's expert, such information will be disclosed pursuant to the schedule

23    set forth in the discovery plan and scheduling order. Finally, the Sun objects to this Request to the

24    extent it seeks the production of documents subject to the attorney-client privilege and/or the

25    attorney work-product doctrine.

26         Subject to and without waiving the foregoing objections, and limiting the search to

27    documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

28    ~~Sun will produce responsive, non privileged documents, if any, on or before June 26, 2020;~~

1  however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,

2  the Sun will produce responsive, non-privileged documents, if any, within two (2) business days

3  from the Court's entry of a Confidentiality and Protective Order. ***Responsive, non-privileged***

4  ***documents are produced herewith as they are kept in the usual course of business.***

5  **REQUEST NO. 68:**

6  All DOCUMENTS that support, refute, or relate to YOUR allegation in Paragraph 115 of the

7  COMPLAINT that "Defendants' anticompetitive scheme threatens to decrease output."

8  **RESPONSE TO REQUEST NO. 68:**

9       The Sun objects. This Request is vague and ambiguous because it fails to describe or define

10  the terms, "support," "refute," or "relate to." These ambiguities further render this Request unduly

11  burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL

12  540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly

13  burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and

14  the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y.

15  App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents

16  evidencing or referring to" is "improperly overbroad"). The Sun also objects to the extent this

17  Request seeks documents that are publicly available, equally available to Defendants, and/or

18  already within Defendants' possession, custody, and/or control. *See Heritage-Nevada VIII, LLC v.*

19  *World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D. Nev. Sept. 11, 2009) (refusing to

20  compel documents equally accessible to the requesting party). To the extent that this Request

21  prematurely seeks documents and opinions held by the Sun's expert, such information will be

22  disclosed pursuant to the schedule set forth in the discovery plan and scheduling order. Finally, the

23  Sun objects to this Request to the extent it seeks the production of documents subject to the attorney-

24  client privilege and/or the attorney work-product doctrine.

25       Subject to and without waiving the foregoing objections, and limiting the search to

26  documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: The

27  Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020;

28  however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,

1    ~~the Sun will produce responsive, non privileged documents, if any, within two (2) business days~~

2    ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

3    ***documents are produced herewith as they are kept in the usual course of business.***

4    **REQUEST NO. 69:**

5    All DOCUMENTS that support, refute, or relate to YOUR allegation in Paragraph 115 of the

6    COMPLAINT that "Defendants' practices harm consumers by robbing them of the choice of an

7    independent editorial voice in the Las Vegas area, offering them a check on and an alternative to

8    Review-Journal coverage, and by limiting the Sun's ability to produce quality content."

9    **RESPONSE TO REQUEST NO. 69:**

10    The Sun objects. This Request is vague and ambiguous because it fails to describe or define

11    the terms, "support," "refute," or "relate to." These ambiguities further render this Request unduly

12    burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL

13    540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly

14    burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and

15    the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y.

16    App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents

17    evidencing or referring to" is "improperly overbroad"). The Sun also objects to the extent this

18    Request seeks documents that are publicly available, equally available to Defendants, and/or

19    already within Defendants' possession, custody, and/or control. *See Heritage-Nevada VIII, LLC v.*

20    *World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D. Nev. Sept. 11, 2009) (refusing to

21    compel documents equally accessible to the requesting party). To the extent that this Request

22    prematurely seeks documents and opinions held by the Sun's expert, such information will be

23    disclosed pursuant to the schedule set forth in the discovery plan and scheduling order. Finally, the

24    Sun objects to this Request to the extent it seeks the production of documents subject to the attorney-

25    client privilege and/or the attorney work-product doctrine.

26    Subject to and without waiving the foregoing objections, and limiting the search to

27    documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

28    ~~Sun will produce responsive, non privileged documents, if any, on or before June 26, 2020;~~

- 69 -

1   ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

2   ~~the Sun will produce responsive, non-privileged documents, if any, within two (2) business days~~

3   ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

4   ***documents are produced herewith as they are kept in the usual course of business.***

5   **REQUEST NO. 70:**

6   The 2008-2009 study referred to in Paragraph 116 of the COMPLAINT.

7   **RESPONSE TO REQUEST NO. 70:**

8           The Sun objects as there is no 2008-2009 study referred to in Paragraph 116 of the

9   Complaint. Assuming Defendants' meant Paragraph 117 of the Complaint, the Sun objects to the

10  extent this Request seeks documents that are publicly available, equally available to Defendants,

11  and/or already within Defendants' possession, custody, and/or control. *See Heritage-Nevada VIII,*

12  *LLC v. World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D. Nev. Sept. 11, 2009) (refusing

13  to compel documents equally accessible to the requesting party). Indeed, the Sun included the URL

14  for the study in its complaint in footnote 9.

15          Subject to and without waiving the foregoing objections, while the 2008-2009 study was

16  not created by the Sun, the Sun responds as follows: ~~The Sun will produce the study on or before~~

17  ~~June 26, 2020.~~ ***Responsive, non-privileged documents are produced herewith as they are kept in***

18  ***the usual course of business.***

19  **REQUEST NO. 71:**

20  All DOCUMENTS that support, refute, or relate to YOUR allegation in Paragraph 108 of the

21  COMPLAINT that the COUNTERCLAIMS are "objectively baseless, unreasonable, and

22  impermissible grounds identified in the 2005 JOA to seek termination."

23  **RESPONSE TO REQUEST NO. 71:**

24          The Sun objects. This Request is vague and ambiguous because it fails to describe or define

25  the terms, "support," "refute," or "relate to." These ambiguities further render this Request unduly

26  burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL

27  540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly

28  burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and

order. The Sun also objects as this Request seeks the production of documents that are neither relevant to any claim or defense asserted in this action. Finally, the Sun objects to the extent this Request seeks the production of documents subject to the attorney-client privilege and/or the attorney work-product doctrine. The Sun therefore objects for the reasons specified above.

**REQUEST NO. 76:**

All DOCUMENTS that discuss, refer, or relate to the negotiation of the 2005 JOA.

**RESPONSE TO REQUEST NO. 76:**

The Sun objects. This Request is vague and ambiguous because it fails to describe or define the terms, "discuss," "refer," "relate to" and "negotiation." These ambiguities further render this Request unduly burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents evidencing or referring to" is "improperly overbroad"). This Request is further unduly burdensome and overbroad by seeking the production of "[a]ll documents" for an expansive timeframe of more than fifteen (15) years. Defendants did not even acquire ownership of the Review-Journal until December 10, 2015. Moreover, the Sun objects to the extent this Request purports to seek the production of documents not in the Sun's possession, custody, and/or control, and/or are equally accessible to Defendants, and/or are within the Review Journal's possession, custody, and/or control. *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D. Nev. Sept. 11, 2009) (refusing to compel documents equally accessible to the requesting party). Finally, the Sun objects to the extent this Request seeks the production of documents subject to the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, and limiting the search to documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020;~~

- 76 -

however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020, the Sun will produce responsive, non-privileged documents, if any, within two (2) business days from the Court's entry of a Confidentiality and Protective Order. ***Responsive, non-privileged documents are produced herewith as they are kept in the usual course of business.***

**REQUEST NO. 77:**

All DOCUMENTS that discuss, refer, or relate to any interactions between the Department of Justice and THE SUN (or any current or former owner of the LAS VEGAS SUN NEWSPAPER) regarding the 2005 JOA.

**RESPONSE TO REQUEST NO. 77:**

The Sun objects. This Request is vague and ambiguous because it fails to describe or define the terms, "discuss," "refer," or "relate to" and "interaction." These ambiguities further render this Request unduly burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents evidencing or referring to" is "improperly overbroad"). The Sun also objects to the extent this Request purports to seek the production of documents not in the Sun's possession, custody, and/or control, and/or are equally accessible to Defendants, and/or are within the Review Journal's possession, custody, and/or control. This Request is further unduly burdensome and overbroad by seeking the production of "[a]ll documents" for an expansive timeframe of more than fifteen (15) years. Defendants did not even acquire ownership of the Review-Journal until December 10, 2015. Finally, the Sun objects to the extent this Request seeks the production of documents subject to the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, and limiting the search to documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020; however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

1        Subject to and without waiving the foregoing objections, and limiting the search to

2  documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

3  ~~Sun will produce responsive, non privileged documents, if any, on or before June 26, 2020;~~

4  ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

5  ~~the Sun will produce responsive, non privileged documents, if any, within two (2) business days~~

6  ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

7  ***documents are produced herewith as they are kept in the usual course of business.***

8  **REQUEST NO. 80:**

9  All DOCUMENTS that reflect, discuss, refer, or relate to any COMMUNICATIONS between THE

10  SUN (or a current or former owner of the LAS VEGAS SUN NEWSPAPER) and the Review-

11  Journal (or a current or former owner of the Las Vegas Review-Journal newspaper) regarding the

12  2005 JOA.

13  **RESPONSE TO REQUEST NO. 80:**

14        The Sun objects. This Request is vague and ambiguous because it fails to describe or define

15  the terms, "discuss," "refer," or "relate to." These ambiguities further render this Request unduly

16  burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL

17  540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly

18  burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and

19  the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y.

20  App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents

21  evidencing or referring to" is "improperly overbroad"). This Request is also vague and ambiguous

22  because it broadly states "any communication . . . regarding the 2005 JOA." The 2005 Amended

23  JOA has been in effect for over fifteen (15) years, and the parties have undoubtedly communicated

24  over this time frame about a variety of topics. Thus, this Request is further unduly burdensome and

25  overbroad by seeking the production of "[a]ll documents" for an expansive timeframe of more than

26  fifteen (15) years. Defendants did not even acquire ownership of the Review-Journal until

27  December 10, 2015. The Sun also objects to the extent this Request seeks documents that are

28  publicly available, equally available to Defendants, and/or already within Defendants' possession,

1    custody, and/or control. *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009

2    WL 10693182, at *6 (D. Nev. Sept. 11, 2009) (refusing to compel documents equally accessible to

3    the requesting party). Finally, the Sun objects to the extent this Request seeks the production of

4    documents subject to the attorney-client privilege and/or the attorney work-product doctrine.

5         Subject to and without waiving the foregoing objections, and limiting the search to

6    documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

7    ~~Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020;~~

8    ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

9    ~~the Sun will produce responsive, non-privileged documents, if any, within two (2) business days~~

10   ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

11   ***documents are produced herewith as they are kept in the usual course of business.***

12   **REQUEST NO. 81:**

13   Existing organization chart(s) or employment lists sufficient to identify all employees, officers, and

14   directors of THE SUN from 2013 to present.

15   **RESPONSE TO REQUEST NO. 81:**

16        The Sun objects. This Request is vague and ambiguous because it fails to describe or define

17   the terms, "[o]rganization chart(s)," "sufficient to identify," "employees," "officers," and

18   "directors." This Request is also improper to the extent it purports to require the Sun to review and

19   compile information and prepare a document not otherwise kept in the ordinary course of business,

20   including "[o]rganization chart(s)." *See U.S. v. Dish Network, LLC*, No. 09-3073, 2011 WL 98951,

21   at *9 (C.D. Ill. Jan. 10, 2011) ("[Defendant] objected that the phrase 'sufficient to identify' is vague

22   and ambiguous and improperly called for [defendant] to compile data to identify the call center.

23   The Court agrees. [Defendant] should not have to decide how many documents is

24   sufficient . . . . That request is an interrogatory, not a request to produce."). In that regard, this

25   Request is improper and does not comply with Federal Rule of Civil Procedure 34; instead,

26   Defendants should consider other more appropriate discovery mechanisms that comply with the

27   Federal Rules of Civil Procedure. *See, e.g., Quezada v. Lindsey*, No. 1:10-cv-01402-AWI-SAB,

28   2014 WL 5500800, at *6 (E.D. Cal. 2014) (holding that a request calling "for the production of

- 81 -

1    improperly called for [defendant] to compile data to identify the call center. The Court agrees.

2    [Defendant] should not have to decide how many documents is sufficient . . . . That request is an

3    interrogatory, not a request to produce."). In that regard, this Request is improper and does not

4    comply with Federal Rule of Civil Procedure 34. This Request is further unduly burdensome and

5    overbroad by seeking the production of documents for an expansive timeframe of seven (7) years.

6    Defendants did not even acquire ownership of the Review-Journal until December 10, 2015. The

7    Sun also objects to the extent this Request seeks the production of documents that are neither

8    relevant to any claim or defense asserted in this action, nor proportional to the needs of the case.

9    This Request is also vague and ambiguous because it fails to specify whom the "[d]ocuments"

10   belong to; Lasvegassun.com is an entity separate from the Sun. The operation of the

11   Lasvegassun.com website, including any revenue attributable to it, is a matter beyond the scope of

12   the 2005 Amended JOA; thus, the Sun also objects to the extent this Request purports to seek

13   proprietary information of a non-party competitor of the Review-Journal's digital operations..

14   Furthermore, Section 10.6 of the 2005 Amended JOA provides, in relevant part, that the "Sun shall

15   have the right to republish, license, or otherwise use its editorial content in any form or media, other

16   than as an entire Sun page or pages.". Finally, the Sun objects to this Request to the extent it seeks

17   the production of documents subject to the attorney-client privilege, accountant-client privilege,

18   and/or the attorney work-product doctrine.

19       The Sun therefore objects for the reasons specified above.

20   **REQUEST NO. 90:**

21   All DOCUMENTS or COMMUNICATIONS from 2005 to present that discuss, refer, or relate to

22   any impact of declining revenue on THE SUN's operations.

23   **RESPONSE TO REQUEST NO. 90:**

24       The Sun objects. This Request is cumulative to the extent it seeks the production of

25   documents covered by Request Nos. 84-89. This Request is vague and ambiguous because it fails

26   to describe or define the terms, "discuss," "refer," "relate to" "declining revenue on the Sun's

27   operations." These ambiguities further render this Request unduly burdensome and overbroad.

28   *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb.

- 92 -

7, 2011) ("For example, the Court held a request overbroad and unduly burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents evidencing or referring to" is "improperly overbroad"). Notably, it is entirely unclear what this Request means as to the amorphous term, "impact of declining revenue on the Sun's operations," and the Sun should not have to surmise as to the types of documents that could conceivably fall within the scope of this Request *Adobe Sys. Inc.*, *supra* (**"**A request may be overly broad on its face if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope. A request seeking documents 'pertaining to' or 'concerning' a broad range of items *requires the respondent either to guess or move through mental gymnastics to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request*." (Emphasis added.)). Instead, Defendants should consider other more appropriate discovery mechanisms that comply with the Federal Rules of Civil Procedure. *See, e.g., Quezada v. Lindsey*, No. 1:10-cv-01402-AWI-SAB, 2014 WL 5500800, at *6 (E.D. Cal. 2014) (holding that a request calling "for the production of factual information, rather than documents, [ ] is beyond the scope of a request submitted under" Rule 34; instead, "this information should be requested in an interrogatory" under Rule 33). The Sun also objects to the extent this Request seeks the production of documents not within the Sun's possession, custody, and/or control, and/or are within Defendants' possession, custody, and/or control. *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D. Nev. Sept. 11, 2009) (refusing to compel documents equally accessible to the requesting party). This Request is further unduly burdensome and overbroad by seeking the production of documents for an expansive timeframe of *approximately fifteen (15) years*. Defendants did not even obtain ownership of the Review-Journal until December 10, 2015. In light of this Request's use of the expansive and all-inclusive term, "Sun's operations," the Sun also objects to the extent this Request seeks the production of documents that are neither relevant to any claim or defense asserted in this action, nor proportional to the needs of the case. The Sun also objects to the extent this Request purports

1   to seek proprietary information of the Sun, Defendants' competitor. *Cain v. Price*, 134 Nev. 193,

2   198, 415 P.3d 25, 30 (2018) (holding that, "due to privacy concerns and the potential for 'abuse and

3   harassment,' a defendant's personal financial information can 'not be had for the mere asking.' To

4   discover that information, a plaintiff must demonstrate some factual basis" for the requested

5   information) (internal citation omitted); *Hetter v. Eighth Judicial Dist. Court*, 110 Nev. 513, 520,

6   874 P.2d 762, 766 (1994) (same). Defendants have not provided any factual basis to blanketly

7   request such sensitive, proprietary information. To the extent that this Request prematurely seeks

8   documents and opinions held by the Sun's expert, such information will be disclosed pursuant to

9   the schedule set forth in the discovery plan and scheduling order. Finally, the Sun objects to this

10  Request to the extent it seeks the production of documents subject to the attorney-client privilege,

11  accountant-client privilege, and/or the attorney work-product doctrine.

12      Subject to and without waiving the foregoing objections, and limiting the search to

13  documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

14  ~~Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020;~~

15  ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

16  ~~the Sun will produce responsive, non-privileged documents, if any, within two (2) business days~~

17  ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

18  ***documents are produced herewith as they are kept in the usual course of business.***

19  **REQUEST NO. 91:**

20  All DOCUMENTS or COMMUNICATIONS from 2005 to present that discuss, refer, or relate to

21  any impact of the internet, mobile devices (i.e., iPads, tablets), smartphones, websites and/or mobile

22  apps on readership of PRINT PUBLICATIONS, including but not limited to the LAS VEGAS SUN

23  NEWSPAPER and the print edition of the Review-Journal.

24  **RESPONSE TO REQUEST NO. 91:**

25      The Sun objects. This Request is vague and ambiguous because it fails to describe or define

26  the terms, "discuss," "refer," "relate to," and "impact of the internet, mobile devices (i.e., iPads,

27  tablets), smartphones, websites, and/or mobile apps on readership of Print Publications." These

28  ambiguities further render this Request unduly burdensome and overbroad. *Adobe Sys. Inc. v.*

1    *Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For

2    example, the Court held a request overbroad and unduly burdensome on its face where it sought all

3    documents 'regarding' or 'relating to' the lawsuit and the eleven plaintiffs and their EEOC

4    charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request

5    for production of documents using the term, "[a]ll documents evidencing or referring to" is

6    "improperly overbroad"). Notably, this Request seeks to elicit information couched as a request for

7    the production of documents pursuant to the entirely ambiguous term, "impact of the internet,

8    mobile devices (i.e., iPads, tablets), smartphones, websites, and/or mobile apps on readership," and

9    the Sun should not have to surmise as to the types of documents that could conceivably fall within

10   the scope of this Request. *Adobe Sys. Inc.*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 ("A

11   request may be overly broad on its face if it is couched in such broad language as to make arduous

12   the task of deciding which of numerous documents may conceivably fall within its scope. A request

13   seeking documents 'pertaining to' or 'concerning' a broad range of items *requires the respondent*

14   *either to guess or move through mental gymnastics to determine which of many pieces of paper*

15   *may conceivably contain some detail, either obvious or hidden, within the scope of the request*."

16   (Emphasis added.)). Instead, Defendants should consider other more appropriate discovery

17   mechanisms that comply with the Federal Rules of Civil Procedure. *See, e.g., Quezada v. Lindsey*,

18   No. 1:10-cv-01402-AWI-SAB, 2014 WL 5500800 (E.D. Cal. 2014) (holding that a request calling

19   "for the production of factual information, rather than documents, [ ] is beyond the scope of a

20   request submitted under" Rule 34; instead, "this information should be requested in an

21   interrogatory" under Rule 33). The Sun also objects to the extent this Request seeks the production

22   of documents not within the Sun's possession, custody, and/or control, and/or are within

23   Defendants' possession, custody, and/or control. *See Heritage-Nevada VIII, LLC v. World Mkt.*

24   *Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D. Nev. Sept. 11, 2009) (refusing to compel

25   documents equally accessible to the requesting party). This Request is further unduly burdensome

26   and overbroad by seeking the production of documents for an expansive timeframe of

27   *approximately fifteen (15) years*. Defendants did not even obtain ownership of the Review-Journal

28   until December 10, 2015. To the extent that this Request prematurely seeks documents and opinions

1    held by the Sun's expert, such information will be disclosed pursuant to the schedule set forth in

2    the discovery plan and scheduling order. Finally, the Sun objects to this Request to the extent it

3    seeks the production of documents subject to the attorney-client privilege and/or the attorney work-

4    product doctrine.

5        Subject to and without waiving the foregoing objections, and limiting the search to

6    documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

7    ~~Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020;~~

8    ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

9    ~~the Sun will produce responsive, non-privileged documents, if any, within two (2) business days~~

10    ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

11    ***documents are produced herewith as they are kept in the usual course of business.***

12    **REQUEST NO. 92:**

13    All DOCUMENTS that discuss, refer, or relate to the use by Greenspun Media Group of profit

14    payments paid under the 2005 JOA to fund the operations of THE LAS VEGAS SUN WEBSITE.

15    **RESPONSE TO REQUEST NO. 92:**

16        The Sun objects. This Request is vague and ambiguous because it fails to describe or define

17    the terms, "discuss," "refer," "relate to," "use by," "of profit payments paid under the 2005 JOA,"

18    and "to fund the operations." These ambiguities further render this Request unduly burdensome and

19    overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D.

20    Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly burdensome on

21    its face where it sought all documents 'regarding' or 'relating to' the lawsuit and the eleven

22    plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div.

23    1992) (holding that request for production of documents using the term, "[a]ll documents

24    evidencing or referring to" is "improperly overbroad"). The Sun also objects to the extent this

25    Request seeks the production of documents not within the Sun's possession, custody, and/or

26    control. Greenspun Media Group and Lasvegassun.com are separate from the Sun, and neither are

27    parties to this action; thus, this Request is improper and does not comply with Federal Rule of Civil

28    Procedure 34. This Request is further unduly burdensome and overbroad by seeking the production

1  *may conceivably contain some detail, either obvious or hidden, within the scope of the request*."

2  (Emphasis added.)). Instead, Defendants should consider other more appropriate discovery

3  mechanisms that comply with the Federal Rules of Civil Procedure. *See, e.g., Quezada v. Lindsey*,

4  No. 1:10-cv-01402-AWI-SAB, 2014 WL 5500800 (E.D. Cal. 2014) (holding that a request calling

5  "for the production of factual information, rather than documents, [ ] is beyond the scope of a

6  request submitted under" Rule 34; instead, "this information should be requested in an

7  interrogatory" under Rule 33). Any documents regarding or related to Defendants' business plans

8  or strategies to reduce readership of the Sun Newspaper is already within Defendants' possession,

9  custody, and or control. The Sun also objects to the extent this Request seeks the production of

10  documents not within the Sun's possession, custody, and/or control. This Request is further unduly

11  burdensome and overbroad by seeking the production of documents for an undefined timeframe.

12  Defendants did not even obtain ownership of the Review-Journal until December 10, 2015. Finally,

13  the Sun objects to this Request to the extent it seeks the production of documents subject to the

14  attorney-client privilege and/or the attorney work-product doctrine.

15  Subject to and without waiving the foregoing objections, and limiting the search to

16  documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

17  ~~Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020;~~

18  ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

19  ~~the Sun will produce responsive, non-privileged documents, if any, within two (2) business days~~

20  ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

21  ***documents are produced herewith as they are kept in the usual course of business.***

22  **REQUEST NO. 106:**

23  All DOCUMENTS consisting of, discussing, or referring to studies, surveys, or measurements of

24  the LAS VEGAS SUN NEWSPAPER's readership between 2013 and the present.

25  **RESPONSE TO REQUEST NO. 106:**

26  The Sun objects. This Request is vague and ambiguous because it fails to describe or define

27  the terms, "discussing," "referring," "studies," "surveys," "measurements" and "readership." *Allen*

28  *v. Sears, Roebuck & Co*., 2009 WL 879385, at *4 (E.D. Mich. March 30, 2009) ("The Court finds

- 113 -

that the terms 'business plans' and 'budgets' are vague and ambiguous."). These ambiguities further render this Request unduly burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at \*10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents evidencing or referring to" is "improperly overbroad"). Notably, it is entirely unclear what this Request means as to "studies, surveys, or measurements of the Las Vegas Sun Newspaper's readership," and the Sun should not have to surmise as to the types of documents that could conceivably fall within the scope of this Request *Adobe Sys. Inc.*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at \*10 (**"**A request may be overly broad on its face if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope. A request seeking documents 'pertaining to' or 'concerning' a broad range of items *requires the respondent either to guess or move through mental gymnastics to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request*." (Emphasis added.)). Instead, Defendants should consider other more appropriate discovery mechanisms that comply with the Federal Rules of Civil Procedure. *See, e.g., Quezada v. Lindsey*, No. 1:10-cv-01402-AWI-SAB, 2014 WL 5500800 (E.D. Cal. 2014) (holding that a request calling "for the production of factual information, rather than documents, [ ] is beyond the scope of a request submitted under" Rule 34; instead, "this information should be requested in an interrogatory" under Rule 33). The Sun also objects to the extent this Request seeks the production of documents not within the Sun's possession, custody, and/or control. This Request is further unduly burdensome and overbroad by seeking the production of documents for an undefined timeframe. Defendants did not even obtain ownership of the Review-Journal until December 10, 2015. To the extent that this Request prematurely seeks documents and opinions held by the Sun's expert, such information will be disclosed pursuant to the schedule set forth in the discovery plan and scheduling order. Finally, the Sun objects to this Request to the extent it seeks the production of documents subject to the attorney-client privilege and/or the

111689925.1

1   attorney work-product doctrine.

2         Subject to and without waiving the foregoing objections, and limiting the search to

3   documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

4   ~~Sun will produce responsive, non privileged documents, if any, on or before June 26, 2020;~~

5   ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

6   ~~the Sun will produce responsive, non-privileged documents, if any, within two (2) business days~~

7   ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

8   ***documents are produced herewith as they are kept in the usual course of business.***

9   **REQUEST NO. 107:**

10  All DOCUMENTS that discuss, refer, or relate to business plans or strategies to either reduce or

11  increase readership of the print edition of the Review-Journal.

12  **RESPONSE TO REQUEST NO. 107:**

13        The Sun objects. This Request is vague and ambiguous because it fails to describe or define

14  the terms, "discuss," "refer," "relate to," "business plans," "strategies," and "to reduce and/or

15  increase readership." *Allen v. Sears, Roebuck & Co*., 2009 WL 879385, at *4 (E.D. Mich. March

16  30, 2009) ("The Court finds that the terms 'business plans' and 'budgets' are vague and

17  ambiguous."). These ambiguities further render this Request unduly burdensome and overbroad.

18  *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb.

19  7, 2011) ("For example, the Court held a request overbroad and unduly burdensome on its face

20  where it sought all documents 'regarding' or 'relating to' the lawsuit and the eleven plaintiffs and

21  their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding

22  that request for production of documents using the term, "[a]ll documents evidencing or referring

23  to" is "improperly overbroad"). Notably, it is entirely unclear what this Request means as to

24  "business plans or strategies to reduce readership of the print edition of the Review-Journal," and

25  the Sun should not have to surmise as to the types of documents that could conceivably fall within

26  the scope of this Request *Adobe Sys. Inc.*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 ("A

27  request may be overly broad on its face if it is couched in such broad language as to make arduous

28  the task of deciding which of numerous documents may conceivably fall within its scope. A request

- 115 -

seeking documents 'pertaining to' or 'concerning' a broad range of items *requires the respondent either to guess or move through mental gymnastics to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request*." (Emphasis added.)). Instead, Defendants should consider other more appropriate discovery mechanisms that comply with the Federal Rules of Civil Procedure. *See, e.g., Quezada v. Lindsey*, No. 1:10-cv-01402-AWI-SAB, 2014 WL 5500800 (E.D. Cal. 2014) (holding that a request calling "for the production of factual information, rather than documents, [ ] is beyond the scope of a request submitted under" Rule 34; instead, "this information should be requested in an interrogatory" under Rule 33). Any documents regarding or related to Defendants' business plans or strategies to reduce readership of the print edition of the Review-Journal is already within Defendants' possession, custody, and or control. As such, the Sun also objects to the extent this Request seeks the production of documents not within the Sun's possession, custody, and/or control. This Request is further unduly burdensome and overbroad by seeking the production of documents for an undefined timeframe. Defendants did not even obtain ownership of the Review-Journal until December 10, 2015. Finally, the Sun objects to this Request to the extent it seeks the production of documents subject to the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, and limiting the search to documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020; however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020, the Sun will produce responsive, non-privileged documents, if any, within two (2) business days from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged documents are produced herewith as they are kept in the usual course of business.***

**REQUEST NO. 108:**

All DOCUMENTS that discuss, refer, or relate to steps taken by THE SUN to drive web traffic to the LAS VEGAS SUN WEBSITE.

/ / /

1   Request to the extent it seeks the production of documents subject to the attorney-client privilege

2   and/or the attorney work-product doctrine.

3        The Sun therefore objects for the reasons specified above.

4   **REQUEST NO. 133:**

5   All DOCUMENTS that discuss, refer, or relate to consumer surveys, marketing studies, or any

6   similar analyses conducted by, on behalf of, or for the benefit of THE SUN from 2004 to present,

7   including but not limited to those related to reader satisfaction of the print edition of the Review-

8   Journal, the website of the Review-Journal, the LAS VEGAS SUN NEWSPAPER, the LAS

9   VEGAS SUN WEBSITE, or any other content produced by THE SUN NEWSROOM STAFF.

10  **RESPONSE TO REQUEST NO. 133:**

11       The Sun objects. This Request is vague and ambiguous because it fails to describe or define

12  the terms, "discuss," "refer," "relate to," "consumer surveys," "marketing studies," "any similar

13  analyses," "conducted by, on behalf of, or for the benefit of," "reader satisfaction," "and "any other

14  content produced by the Sun Newsroom Staff." These ambiguities further render this Request

15  unduly burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011

16  WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and

17  unduly burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit

18  and the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y.

19  App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents

20  evidencing or referring to" is "improperly overbroad"). This Request also seeks information not in

21  the Sun's control, are in the control of third parties, and equally accessible to Defendants. This

22  Request is further unduly burdensome and overbroad by seeking the production of documents for

23  an expansive timeframe of approximately *sixteen (16) years*. Defendants did not even obtain

24  ownership of the Review-Journal until December 10, 2015. The Sun also objects to the extent this

25  Request seeks the production of documents that are neither relevant to any claim or defense asserted

26  in this action, nor proportional to the needs of the case. The Sun also objects to the extent this

27  Request purports to seek proprietary information. Defendants have not provided any factual basis

28  to blanketly request such sensitive, proprietary information that is outside the scope of the 2005

Amended JOA, like the lasvegassun.com website. Section 5.2 of the JOA plainly and unambiguously provides that "[p]reservation of the news and editorial independence and autonomy of both the Review-Journal and the Sun is of the essence of this Restated Agreement. Sun shall have exclusive and complete control, authority and direction over the news and editorial content . . . ." Furthermore, Section 10.6 of the 2005 Amended JOA provides, in relevant part, that the "Sun shall have the right to republish, license, or otherwise use its editorial content in any form or media, other than as an entire Sun page or pages." And, matters relating to the Lasvegassun.com website or its operation are beyond the scope of the 2005 Amended JOA. This Request is also vague and ambiguous because it fails to specify whom the "[d]ocuments" belong to; Lasvegassun.com is an entity separate from the Sun. The Sun also objects to the extent this Request purports to seek proprietary information of a non-party competitor of the Review-Journal's digital operations. What is more, the Sun does not have access to the subscribers of the Newspapers (as that term is defined in the 2005 Amended JOA) and therefore cannot conduct any "readership satisfaction" of the print edition of the Review-Journal or the Las Vegas Sun Newspaper. For these reasons, this Request also seeks documents that are publicly available, equally available to Defendants, and/or already within Defendants' possession, custody, and/or control. Finally, the Sun objects to this Request to the extent it seeks the production of documents subject to the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, and limiting the search to documents or ESI in the Sun's possession, the Sun responds as follows: ~~The Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020; however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020, the Sun will produce responsive, non-privileged documents, if any, within two (2) business days from the Court's entry of a Confidentiality and Protective Order.~~ ***There are no documents responsive to this Request.***

**REQUEST NO. 134:**

DOCUMENTS sufficient to identify all AWARDS issued by any organization from 2005 to present in connection with written content CREATED by THE SUN NEWSROOM STAFF.

/ / /

- 162 -

1    **RESPONSE TO REQUEST NO. 134:**

2    The Sun objects. This Request is vague and ambiguous because it fails to describe or define

3    the terms, "sufficient to identify," and "in connection with written content." This Request is also

4    improper to the extent it purports to require the Sun to review and compile information and prepare

5    a document not otherwise kept in the ordinary course of business. *See U.S. v. Dish Network, LLC*,

6    No. 09-3073, 2011 WL 98951, at *9 (C.D. Ill. Jan. 10, 2011) ("[Defendant] objected that the phrase

7    'sufficient to identify' is vague and ambiguous and improperly called for [defendant] to compile

8    data to identify the call center. The Court agrees. [Defendant] should not have to decide how many

9    documents is sufficient. . . . That request is an interrogatory, not a request to produce."). In that

10   regard, this Request is improper and does not comply with Federal Rule of Civil Procedure 34. The

11   Sun also objects to the extent this Request purports to seek the production of documents that are

12   publicly available, equally available to Defendants, and/or already within Defendants' possession,

13   custody, and/or control. This Request is further unduly burdensome, overbroad, and

14   disproportionate to the needs of the case by seeking the production of documents for an expansive

15   timeframe of approximately *fifteen (15)* years. Defendants did not even obtain ownership of the

16   Review-Journal until December 10, 2015. The Sun also objects as this Request seeks the production

17   of documents that are neither relevant to any claim or defense asserted in this action, nor

18   proportional to the needs of the case.

19   Subject to and without waiving the foregoing objections, and limiting the search to

20   documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The~~

21   ~~Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020;~~

22   ~~however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

23   ~~the Sun will produce responsive, non-privileged documents, if any, within two (2) business days~~

24   ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

25   ***documents are produced herewith as they are kept in the usual course of business.***

26   **REQUEST NO. 135:**

27   DOCUMENTS sufficient to identify all written content CREATED by THE SUN NEWSROOM

28   STAFF that has received any AWARDS from 2005 to present.

**RESPONSE TO REQUEST NO. 135:**

The Sun objects. This Request is cumulative and seeks the production of documents covered by Request No. 134. This Request is vague and ambiguous because it fails to describe or define the terms, "sufficient to identify," and "all written content." This Request is also improper to the extent it purports to require the Sun to review and compile information and prepare a document not otherwise kept in the ordinary course of business. *See U.S. v. Dish Network, LLC*, No. 09-3073, 2011 WL 98951, at *9 (C.D. Ill. Jan. 10, 2011) ("[Defendant] objected that the phrase 'sufficient to identify' is vague and ambiguous and improperly called for [defendant] to compile data to identify the call center. The Court agrees. [Defendant] should not have to decide how many documents is sufficient. . . . That request is an interrogatory, not a request to produce."). In that regard, this Request is improper and does not comply with Federal Rule of Civil Procedure 34. The Sun also objects to the extent this Request purports to seek the production of documents that are publicly available, equally available to Defendants, and/or already within Defendants' possession, custody, and/or control. This Request is further unduly burdensome, overbroad, and disproportionate to the needs of the case by seeking the production of documents for an expansive timeframe of approximately *fifteen (15)* years. Defendants did not even obtain ownership of the Review-Journal until December 10, 2015. The Sun also objects as this Request seeks the production of documents that are neither relevant to any claim or defense asserted in this action, nor proportional to the needs of the case.

~~The Sun therefore objects for the reasons specified above.~~ *Subject to and without waiving the foregoing objections, and limiting the search to documents or ESI in the Sun's possession, custody, or control, the Sun responds as follows: Responsive, non-privileged documents are produced herewith as they are kept in the usual course of business.*

**REQUEST NO. 136:**

All agreements related to THE SUN's licensing of syndicated content from third parties (e.g., New York Times, Washington Post).

**RESPONSE TO REQUEST NO. 136:**

The Sun objects. This Request is vague and ambiguous because it fails to describe or define

- 164 -

111689925.1

documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020; however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020, the Sun will produce responsive, non-privileged documents, if any, within two (2) business days from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged documents are produced herewith as they are kept in the usual course of business.***

**REQUEST NO. 160:**

All DOCUMENTS that support any of the claims in YOUR COMPLAINT that are not otherwise covered by the requests above.

**RESPONSE TO REQUEST NO. 160:**

The Sun objects. This Request is overbroad and unduly burdensome, for it requests every document that may exist to support the Sun's claim, irrespective if the Sun is going to use it in this litigation. The Sun will comply with its Rule 26(e) disclosures. The Sun further objects to the extent that this Request prematurely seeks documents and opinions held by the Sun's expert, such information will be disclosed pursuant to the schedule set forth in the discovery plan and scheduling order. The Sun also objects to the extent this Request seeks the production of documents equally accessible to Defendants, and/or already within Defendants' possession, custody, and/or control, and/or are within the control of third parties. Finally, the Sun objects to this Request to the extent it seeks the production of documents subject to the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, and limiting the search to documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020; however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020, the Sun will produce responsive, non-privileged documents, if any, within two (2) business days from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged documents are produced herewith as they are kept in the usual course of business.***

/ / /

1  ~~responsive, non-privileged documents, if any, on or before June 26, 2020; however, if the Court~~

2  ~~has not yet entered a Confidentiality and Protective Order by June 26, 2020, the Sun will produce~~

3  ~~responsive, non-privileged documents, if any, within two (2) business days from the Court's entry~~

4  ~~of a Confidentiality and Protective Order.~~ ***There are no documents responsive to this Request.***

5  **REQUEST NO. 162:**

6  All DOCUMENTS evidencing or discussing any damages to THE SUN, including but not limited

7  to financial harm, that was caused by any of DEFENDANTS' conduct alleged in the complaint.

8  **RESPONSE TO REQUEST NO. 162:**

9        The Sun objects.  This Request is vague and ambiguous because it fails to describe or define

10  the terms, "financial harm."   This Request is also premature and inappropriate.  The damages

11  suffered by the Sun relating to Defendants' conduct is still in the process of being calculated and is

12  within the purview of expert witnesses from who, it is anticipated, discovery will be available.  Such

13  expert analyses, testimony, and damages calculations will be developed and disclosed pursuant to

14  the schedule set forth in the discovery plan and scheduling order, and this damage calculation will

15  be supplemented thereafter. This Request is also overly broad and unduly burdensome because it

16  seeks "all documents evidencing or concerning damages" suffered by the Sun. This Request also

17  seeks the production of documents within the control of third parties, whose documents are not

18  within the Sun's possession, custody, and/or control. Finally, the Sun objects to the extent that this

19  Request seeks the production of documents subject to attorney-client privilege, accounting

20  privilege, and/or attorney work-product protection.

21        Subject to and without waiving the foregoing objections, and limiting the search to

22  documents or ESI in the Sun's possession, the Sun responds as follows: The Sun will produce

23  responsive documents pursuant to the schedule set forth in the discovery plan and scheduling order,

24  **REQUEST NO. 163:**

25  All DOCUMENTS consisting of, discussing, or referring to any agreement to settle, compromise,

26  or otherwise resolve any dispute between THE SUN and Stephens Media.

27  **RESPONSE TO REQUEST NO. 163:**

28        The Sun objects. This Request is vague and ambiguous because it fails to describe or define

the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents evidencing or referring to" is "improperly overbroad"). The Sun also objects to the extent any settlement agreements are confidential, requiring waivers from all parties before the Sun could respond. The Sun further objects to the extent that this Request seeks the production of documents not in the Sun's possession, custody, and/or control, or are within Defendants' possession, custody, and/or control. *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D. Nev. Sept. 11, 2009) (refusing to compel documents equally accessible to the requesting party). Indeed, any settlement documents are already in the possession of Defendants' counsel. Finally, the Sun objects to the extent that this Request seeks the production of documents subject to attorney-client privilege, accounting privilege, and/or attorney work-product protection.

Due to these confidentiality issues, the Sun withholds responsive documents based upon the objections described above.

**REQUEST NO. 165:**

All DOCUMENTS discussing or relating to market and subscription declines in the print newspaper industry.

**RESPONSE TO REQUEST NO. 165:**

The Sun objects. This Request is vague and ambiguous because it fails to describe or define the terms, "discussing," "relating to," "market," "subscription declines," and "print newspaper industry." These ambiguities further render this Request unduly burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents evidencing or referring to" is "improperly overbroad"). The Sun also objects to the extent this Request seeks the production of documents that are neither relevant to any claim or defense asserted in this action, nor proportional to the needs of the case. This Request is also improper to the extent it purports to require the Sun

- 200 -

to review and compile information and prepare a document not otherwise kept in the ordinary course of business, including "[o]rganization chart(s)." *See U.S. v. Dish Network, LLC*, No. 09-3073, 2011 WL 98951, at *9 (C.D. Ill. Jan. 10, 2011) ("[Defendant] objected that the phrase 'sufficient to identify' is vague and ambiguous and improperly called for [defendant] to compile data to identify the call center. The Court agrees. [Defendant] should not have to decide how many documents is sufficient . . . . That request is an interrogatory, not a request to produce."). In that regard, this Request is improper and does not comply with Federal Rule of Civil Procedure 34; instead, Defendants should consider other more appropriate discovery mechanisms that comply with the Federal Rules of Civil Procedure. *See, e.g., Quezada v. Lindsey*, No. 1:10-cv-01402-AWI-SAB, 2014 WL 5500800, at *6 (E.D. Cal. 2014) (holding that a request calling "for the production of factual information, rather than documents, [ ] is beyond the scope of a request submitted under" Rule 34; instead, "this information should be requested in an interrogatory" under Rule 33. The Sun also objects to the extent this Request seeks the production of documents not in the Sun's possession, custody, and/or control, and/or are within the control of third parties, or are publicly available, and equally accessible to Defendants. This Request is further unduly burdensome, overbroad, and disproportionate to the needs of the case by seeking the production of documents for an expansive timeframe of approximately seven (7) years. Defendants did not even acquire ownership of the Review-Journal until December 10, 2015. The Sun also objects to the extent this Request seeks the production of documents that are not relevant to any claim or defense asserted in this action, nor proportional to the needs of the case. In addition, the Sun objects to the extent that this Request prematurely seeks documents and opinions held by the Sun's expert, such information will be disclosed pursuant to the schedule set forth in the discovery plan and scheduling order. Finally, the Sun objects to the extent that this Request seeks the production of documents subject to attorney-client privilege, accounting privilege, and/or attorney work-product protection.

Subject to and without waiving the foregoing objections, and limiting the search to documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020; however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020,~~

1    ~~the Sun will produce responsive, non-privileged documents, if any, within two (2) business days~~

2    ~~from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged***

3    ***documents are produced herewith as they are kept in the usual course of business.***

4    **REQUEST NO. 166:**

5    All DOCUMENTS identified in Section II of Plaintiff's Initial Disclosures (dated December 24,

6    2019) that have not otherwise been filed or produced in this federal action.

7    **RESPONSE TO REQUEST NO. 166:**

8      The Sun objects this Request on the basis that the documents identified in the Sun's initial

9    disclosures include documents in the possession of Defendants or equally accessible to it, consisting

10   of the following:

11     (1) The Exhibits attached to the Sun's Opposition to Las Vegas Review-Journal, Inc., and

12   News+Media Capital Group LLC's Motion to Dismiss Complaint (Federal Rule of Civil Procedure

13   12(b)(6) [ECF No. 20] and Defendant Sheldon Adelson and Patrick Dumont's Joinder Therein

14   [ECF No. 22].;

15     (2) the front page of the newspapers published since April 1, 2017;

16     (3) Communications in the possession, custody, and control of the Sun and Review-Journal

17   consisting of emails exchanged between them regarding Defendants' conduct alleged in this action,

18   including the emails produced in the state-court action between Las Vegas Sun, Inc., and

19   Defendants News+Media Capital Group LLC and Las Vegas Review-Journal, Inc., in the case

20   styled as *Las Vegas Sun, Inc. v. News+Media Capital Group LLC, et al.*, Case No. A-18-772591-

21   B (the "State Court Action").;

22     (4) The pleadings and papers filed in the related State Court Action;

23     (5) Documents and communications submitted in the American Arbitration Association

24   proceeding, styled as, *Las Vegas Sun, Inc. v. News+Media Capital Group LLC, et al.*, Case No. 01-

25   18-0000-7567, prior to the initiation of this action.;

26     (6) the pleadings and papers filed in the prior action between the Las Vegas Sun, Inc., and

27   Defendants' predecessor-in-interest, DR Partners d/b/a Stephens Media Group, styled as *Las Vegas*

28   *Sun, Inc. v. DR Partners*, Case No. A-15-715008-B;

(7) the briefs and papers filed, and orders issued in, the Nevada Supreme Court Case, *DR Partners v. Las Vegas Sun, Inc.*, Case No. 68700.

Subject to and without waiving the foregoing objections, and limiting the search to documents or ESI in the Sun's possession, ***custody, or control,*** the Sun responds as follows: ~~The Sun will produce responsive, non-privileged documents, if any, on or before June 26, 2020; however, if the Court has not yet entered a Confidentiality and Protective Order by June 26, 2020, the Sun will produce responsive, non-privileged documents, if any, within two (2) business days from the Court's entry of a Confidentiality and Protective Order.~~ ***Responsive, non-privileged documents are produced herewith as they are kept in the usual course of business.***

DATED this 8th day of July, 2020.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/  E. Leif Reid*
E. Leif Reid, Bar No. 5750
Kristen L. Martini, Bar No. 11272
Nicole Scott, Bar No. 13757
One East Liberty Street, Suite 300
Reno, NV 89501-2128

PISANELLI BICE PLLC
James J. Pisanelli, Bar No. 4027
Todd L. Bice, Bar No. 4534
Jordan T. Smith, Bar No. 12097
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

ALIOTO LAW FIRM
Joseph M. Alioto, *Pro Hac Vice*
Jamie L. Miller, *Pro Hac Vice*
One Sansome Street, 35th Floor
San Francisco, CA 94104

*Attorneys for Plaintiff*

1

**CERTIFICATE OF SERVICE**

2          Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Lewis

3   Roca Rothgerber Christie LLP, and that on the 8th day of July, 2020, I caused the foregoing **LAS**

4   **VEGAS SUN, INC.'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST**

5   **SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** to be

6   served by electronic mail to:

7
              J. Randall Jones, Esq.
8             Michael J. Gayan, Esq.
              Mona Kaveh, Esq.
9             KEMP JONES, LLP
              3800 Howard Hughes Parkway, 17th Floor
10            Las Vegas, Nevada 89169

11
              Richard L. Stone, Esq.
12            Amy M. Gallegos, Esq.
              David R. Singer, Esq.
13            JENNER & BLOCK LLP
              633 West 5th Street, Suite 3600
14            Los Angeles, California 90071

15
                                              _/s/ Jessie M. Helm_____
16                                            Employee of Lewis Roca Rothgerber Christie LLP

17

18

19

20

21

22

23

24

25

26

27

28

111689925.1