# EXHIBIT 2

September 10, 2020, Excerpts of the Sun's Third Supplemental Responses to Defendants' First Set of Requests for Production of Documents to Plaintiff

# EXHIBIT 2

1    E. LEIF REID, Nevada Bar No. 5750                JOSEPH M. ALIOTO, *PRO HAC VICE*
     KRISTEN L. MARTINI, Nevada Bar No. 11272         JAMIE L. MILLER, *PRO HAC VICE*
2    NICOLE SCOTT, Nevada Bar No. 13757               ALIOTO LAW FIRM
     LEWIS ROCA ROTHGERBER CHRISTIE LLP               One Sansome Street, 35th Floor
3    One East Liberty Street, Suite 300               San Francisco, CA  94104
     Reno, NV 89501-2128                              Tel: 415.434.8900
4    Tel:   775.823.2900                              Fax: 415.434.9200
     Fax:   775.823.2929                              Email: jmalioto@aliotolaw.com
5    Email: lreid@lrrc.com                                   jmiller@aliotolaw.com
            kmartini@lrrc.com
6           nscott@lrrc.com

7

8    JAMES J. PISANELLI, Nevada Bar No. 4027
     TODD L. BICE, Nevada Bar No. 4534
9    JORDAN T. SMITH, Nevada Bar No. 12097
     PISANELLI BICE PLLC
10   400 South 7th Street, Suite 300
     Las Vegas, Nevada 89101
11   Telephone: 702.214.2100
     Email: JJP@pisanellibice.com
12          TLB@pisanellibice.com
            JTS@pisanellibice.com

13   *Attorneys for Plaintiff*

14                       UNITED STATES DISTRICT COURT
                              DISTRICT OF NEVADA
15

16   LAS VEGAS SUN, INC., a Nevada          Case No. 2:19-CV-01667-GMN-BNW
     corporation,
17
                    Plaintiff,
18
     v.                                     **LAS VEGAS SUN, INC.'S THIRD
19                                          SUPPLEMENTAL RESPONSES TO
     SHELDON ADELSON, an individual and as  DEFENDANTS' FIRST SET OF
20   the alter ego of News+Media Capital Group REQUESTS FOR PRODUCTION OF
     LLC and as the alter ego of Las Vegas Review DOCUMENTS TO PLAINTIFF**
21   Journal, Inc.; PATRICK DUMONT, an
     individual; NEWS+MEDIA CAPITAL GROUP
22   LLC, a Delaware limited liability company;
     LAS VEGAS REVIEW-JOURNAL, INC., a
23   Delaware corporation; and DOES, I-X,
     inclusive,
24
                    Defendants.
25

26

27

28

112254590.1

Plaintiff Las Vegas Sun. Inc. ("Sun"), through counsel of record, responds to Defendants' First Set of Requests for Production of Documents to Plaintiff as follows:

## I. PRELIMINARY STATEMENT

The following responses and objections to Defendants' First Request for Production of Documents to Plaintiff Las Vegas Sun, Inc. (the "Sun") are based upon information presently available to the Sun, which, after reasonable inquiry, the Sun believes to be correct. These responses and objections are made without prejudice to the Sun's right to utilize subsequently discovered facts and documents. Furthermore, these responses and objections may be supplemented upon the Sun's further analysis, investigation, and acquisition of information. In particular, the Sun makes its responses and objections with the intent of preserving: (1) the Sun's right to object to the use of the produced documents, the information provided and/or the responses or the subject matter thereof, on any ground in any further proceeding, in this action and any other action or matter; and (2) the Sun's right at any time to make further objections to, to supplement, or to clarify any of the responses contained herein.

Unless otherwise indicated, words and terms used in the following responses and objections shall be construed in accordance with their normal meanings and connotations and shall in no way be interpreted as terms statutorily or otherwise defined or as terms of art, and the Sun specifically disavows any such meaning or connotation that might be given to such terms.

This preliminary statement is incorporated in each of the answers set forth below as if fully set forth herein.

## II. GENERAL OBJECTIONS

The Sun makes the following general objections, whether or not separately set forth in response to each and every one of Defendants' requests.

1. The Sun objections to Defendants' Requests to the extent that, through definitions, instructions or otherwise, they seek to impose requirements and discovery obligations in excess of those imposed by applicable law.

2. The Sun objects to Defendants' Requests to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, attorney work product

112254590.1

1   doctrine, or joint defense or common interest privileges, or other applicable privilege or protection.
2   The Sun deems such privileged communications and/or other protected information not intended to
3   be within the scope of these Requests, and will not, and does not intend by these responses to waive
4   the privilege or protection afforded such communications, documents and/or information.

5       3.      The Sun objects to Defendants' Requests to the extent they seek legal conclusions.

6       4.      The Sun objects to Defendants' Requests to the extent they are overbroad, unduly
7   burdensome, seek to obtain information or documents not within the possession, custody or control
8   of the Sun, and/or otherwise purport to require the Sun to provide information or documents beyond
9   its obligations under the applicable rules of civil procedure. The Sun responds to these Requests
10  pursuant to its obligations under applicable rules of civil procedure.

11  These Objections are incorporated into each of the Sun's specific responses and objections
12  below as if fully set forth therein. To the extent particular objections set forth above are restated in
13  a specific response, they are provided because they are particularly applicable to the specific request
14  and such inclusion is not to be considered as a waiver of any other objection applicable to
15  information and/or documents falling within the scope of the request.

16  As discovery is ongoing, the Sun reserves its right to seasonably amend its responses to
17  Defendants' Requests pursuant to applicable rules of civil procedure as the facts develop.

18  **III.    SPECIFIC OBJECTIONS AND RESPONSES**

19  **REQUEST NO. 1:**
20  All DOCUMENTS that support, refute, or relate to YOUR allegation in Paragraph 8 of the
21  COMPLAINT that DEFENDANT Sheldon Adelson is "the alter ego of News+Media, Las Vegas
22  Review-Journal, Inc., and the Review-Journal."

23  **RESPONSE TO REQUEST NO. 1:**
24  The Sun objects. This Request is vague and ambiguous because it fails to describe or define
25  the terms, "support," "refute," or "relate to." These ambiguities further render this Request unduly
26  burdensome and overbroad. *See Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011
27  WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and
28  unduly burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit

- 2 -

1 **RESPONSE TO REQUEST NO. 9:**

2 The Sun objects. This Request is vague and ambiguous because it fails to describe or define the terms, "discuss," "describe," "refer to," "competition," "media product" or "service." These ambiguities further render this Request unduly burdensome and overbroad. *Adobe Sys. Inc. v. Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For example, the Court held a request overbroad and unduly burdensome on its face where it sought all documents 'regarding' or 'relating to' the lawsuit and the eleven plaintiffs and their EEOC charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request for production of documents using the term, "[a]ll documents evidencing or referring to" is "improperly overbroad"). This Request is further nonsensical and improper as it is predicated on a false premise regarding there being "competition between the Sun and any other Print Publications and/or Online Publications," and the Sun should not have to surmise as to the types of documents that could conceivably fall within the scope of this Request. *Adobe Sys. Inc.*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 ("*A request may be overly broad on its face if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope. A request seeking documents 'pertaining to' or 'concerning' a broad range of items requires the respondent either to guess or move through mental gymnastics to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.*" (Emphasis added.)). This Request is so overbroad that no data search could be constructed that would be sufficient to cull information into a reviewable amount of information that would fall within Rule 26's definition of discoverable information. Preliminary searches based on obvious terms from the Request as written, such as "Sun" "newspaper" "paper" and "compete" or "competition", yielded more than 37,000 documents. This Request is further unduly burdensome and overbroad as it spans an almost seven-year time limit, but Defendants did not even obtain ownership of the Review-Journal until December 10, 2015. The Sun also objects to the extent this Request seeks the production of documents that are neither relevant to any claim or defense asserted in this action, nor proportional to the needs of the case. Section 5.2 of the JOA plainly and unambiguously provides that "[p]reservation of the news and

- 10 -

1   editorial independence and autonomy of both the Review-Journal and the Sun is of the essence of
2   this Restated Agreement. Sun shall have exclusive and complete control, authority and direction
3   over the news and editorial content . . . ." Thus, this Request seeks documents regarding matters
4   that are outside the scope of the 2005 JOA. The Sun also objects to the extent this Request purports
5   to seek proprietary information. *Cain v. Price*, 134 Nev. 193, 198, 415 P.3d 25, 30 (2018) ("[D]ue
6   to privacy concerns and the potential for 'abuse and harassment,' a defendant's personal financial
7   information can 'not be had for the mere asking.' To discover that information, a plaintiff must
8   demonstrate some factual basis" for the requested information) (internal citation omitted); *Hetter*
9   *v. Eighth Judicial Dist.* Court, 110 Nev. 513, 520, 874 P.2d 762, 766 (1994) (same). Defendants
10  have not provided any factual basis to blanketly request such sensitive, proprietary information,
11  especially information that is outside the scope of the 2005 JOA. The Sun also objects to the extent
12  this Request seeks the production of documents not in the Sun's possession, custody, and/or control,
13  or are within Defendants' possession, custody, and/or control, or equally accessible to Defendants.
14  *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*, LLC, 2009 WL 10693182, at *6 (D.
15  Nev. Sept. 11, 2009) (refusing to compel documents equally accessible to the requesting party). To
16  the extent that this Request prematurely seeks documents and opinions held by the Sun's expert,
17  such information will be disclosed pursuant to the schedule set forth in the discovery plan and
18  scheduling order. Finally, the Sun objects to this Request to the extent it seeks the production of
19  documents subject to the attorney-client privilege and/or the attorney work-product doctrine.

20  Pursuant to the Court's July 28, 2020, Order (ECF No. 111) the Sun is not obligated to
21  respond to this request.

22  **REQUEST NO. 10:**
23  All DOCUMENTS that discuss, describe, or refer to competition between the LAS VEGAS SUN
24  NEWSPAPER and any PERSON, product, or service.

25  **RESPONSE TO REQUEST NO. 10:**
26  The Sun objects. This Request is vague and ambiguous because it fails to describe or define
27  the terms, "discuss," "describe," "refer to," "competition," "product" or "service." These
28  ambiguities further render this Request unduly burdensome and overbroad. *Adobe Sys. Inc. v.*

- 11 -

112254590.1

1  *Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For
2  example, the Court held a request overbroad and unduly burdensome on its face where it sought all
3  documents 'regarding' or 'relating to' the lawsuit and the eleven plaintiffs and their EEOC
4  charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request
5  for production of documents using the term, "[a]ll documents evidencing or referring to" is
6  "improperly overbroad"). This Request is so overbroad that no data search could be constructed
7  that would be sufficient to cull information into a reviewable amount of information that would fall
8  within Rule 26's definition of discoverable information. Preliminary searches based on obvious
9  terms from the Request as written, such as "Sun" "newspaper" "paper" and "compete" or
10 "competition", yielded more than 37,000 documents. This Request is further nonsensical and
11 improper as it is predicated on a false premise regarding there being "competition between the Sun
12 and any other Print Publications and/or Online Publications." This Request is further unduly
13 burdensome and overbroad as it spans an almost seven-year time limit, but Defendants did not even
14 obtain ownership of the Review-Journal until December 10, 2015. The Sun also objects to the extent
15 this Request purports to seek proprietary information. *Cain v. Price*, 134 Nev. 193, 198, 415 P.3d
16 25, 30 (2018) ("[D]ue to privacy concerns and the potential for 'abuse and harassment,' a
17 defendant's personal financial information can 'not be had for the mere asking.' To discover that
18 information, a plaintiff must demonstrate some factual basis" for the requested information)
19 (internal citation omitted); *Hetter v. Eighth Judicial Dist.* Court, 110 Nev. 513, 520, 874 P.2d 762,
20 766 (1994) (same). Defendants have not provided any factual basis to blanketly request such
21 sensitive, proprietary information, especially information that is outside the scope of the 2005 JOA.
22 The Sun also objects to the extent this Request seeks the production of documents not in the Sun's
23 possession, custody, and/or control, or are within Defendants' possession, custody, and/or control,
24 or equally accessible to Defendants. *See Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture*,
25 LLC, 2009 WL 10693182, at *6 (D. Nev. Sept. 11, 2009) (refusing to compel documents equally
26 accessible to the requesting party).
27     To the extent that this Request prematurely seeks documents and opinions held by the Sun's
28 expert, such information will be disclosed pursuant to the schedule set forth in the discovery plan

112254590.1

1 and scheduling order. Finally, the Sun objects to this Request to the extent it seeks the production
2 of documents subject to the attorney-client privilege and/or the attorney work-product doctrine. ~~The~~
3 ~~Sun therefore objects for the reasons specified above.~~

4 ***Pursuant to the Court's July 28, 2020, Order (ECF No. 111), responsive non-privileged***
5 ***documents were produced on July 8, 2020, August 27, 2020, and are produced herewith as they***
6 ***are kept in the usual course of business.***

7 **REQUEST NO. 11:**
8 All DOCUMENTS that discuss, describe, or refer to competition between the LAS VEGAS SUN
9 WEBSITE and any PERSON, product, or service.

10 **RESPONSE TO REQUEST NO. 11:**

11 The Sun objects. This Request is vague and ambiguous because it fails to describe or define
12 the terms, "discuss," "describe," "refer to," "competition," "product" or "service." These
13 ambiguities further render this Request unduly burdensome and overbroad. *Adobe Sys. Inc. v.*
14 *Christensen*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (D. Nev. Feb. 7, 2011) ("For
15 example, the Court held a request overbroad and unduly burdensome on its face where it sought all
16 documents 'regarding' or 'relating to' the lawsuit and the eleven plaintiffs and their EEOC
17 charges."); *Cvar v. Young & Co.*, 587 N.Y.S.2d 136 (N.Y. App. Div. 1992) (holding that request
18 for production of documents using the term, "[a]ll documents evidencing or referring to" is
19 "improperly overbroad"). This Request is so overbroad so that no data search could be constructed
20 that would be sufficient to cull information into a reviewable amount of information that would fall
21 within Rule 26's definition of discoverable information. This Request is further improper as the
22 Sun would have to guess what types of documents that could conceivably fall within the scope of
23 "competition between the Las Vegas Sun Website and any Person, product, or service." *Adobe Sys.*
24 *Inc.*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *10 (**"**A request may be overly broad on its
25 face if it is couched in such broad language as to make arduous the task of deciding which of
26 numerous documents may conceivably fall within its scope. A request seeking documents
27 'pertaining to' or 'concerning' a broad range of items *requires the respondent either to guess or*
28 *move through mental gymnastics to determine which of many pieces of paper may conceivably*

- 13 -

112254590.1

1  *contain some detail, either obvious or hidden, within the scope of the request*." (Emphasis added.)).
2  The Sun also objects as this Request seeks the production of documents that are neither relevant to
3  any claim or defense asserted in this action, nor proportional to the needs of the case. This Request
4  is also vague and ambiguous because it fails to specify whom the "[d]ocuments" belong to;
5  Lasvegassun.com is an entity separate from the Sun. This Request invades the privacy rights of
6  third parties; information relating to the Lasvegassun.com website are beyond the scope of the
7  2005 Amended JOA. *See* FRCP 26(b)(1). For example, Section 10.6 of the 2005 Amended JOA
8  provides, in relevant part, that the "Sun shall have the right to republish, license, or otherwise use
9  its editorial content in any form or media, other than as an entire Sun page or pages." Section 5.2
10 of the 2005 Amended JOA plainly and unambiguously provides that "[p]reservation of the news
11 and editorial independence and autonomy of both the Review-Journal and the Sun is of the essence
12 of this Restated Agreement. Sun shall have exclusive and complete control, authority and direction
13 over the news and editorial content . . . ." Thus, the Sun objects to this Request as it purports to seek
14 proprietary information, and proprietary information concerning an entity distinct from the Sun.
15 *Cain v. Price*, 134 Nev. 193, 198, 415 P.3d 25, 30 (2018) (holding that, "due to privacy concerns
16 and the potential for 'abuse and harassment,' a defendant's personal financial information can 'not
17 be had for the mere asking.' To discover that information, a plaintiff must demonstrate some factual
18 basis" for the requested information) (internal citation omitted); *Hetter v. Eighth Judicial Dist.*
19 *Court*, 110 Nev. 513, 520, 874 P.2d 762, 766 (1994) (same). Defendants have not provided any
20 factual basis to blanketly request such sensitive, proprietary information that is outside the scope
21 of the 2005 Amended JOA. This Request is further unduly burdensome and overbroad as it spans
22 an almost seven-year time limit, but Defendants did not even obtain ownership of the Review-
23 Journal until December 10, 2015. Finally, the Sun objects to this Request to the extent it seeks the
24 production of documents subject to the attorney-client privilege and/or the attorney work-product
25 doctrine.
26      Pursuant to the Court's July 28, 2020, Order (ECF No. 111) the Sun is not obligated to
27 respond to this request.
28 / / /

112254590.1

Case 2:19-cv-01667-ART-MDC   Document 1093-2   Filed 03/11/26   Page 10 of 11

Subject to and without waiving the foregoing objections, and limiting the search to documents or ESI in the Sun's possession, custody, or control, the Sun responds as follows: Responsive, non-privileged documents were produced on July 22, 2020, ***and August 27, 2020,*** ~~and are produced herewith~~ as they were kept in the usual course of business.

DATED this 10th day of September, 2020.

        LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ E. Leif Reid*
    E. Leif Reid, Bar No. 5750
    Kristen L. Martini, Bar No. 11272
    Nicole Scott, Bar No. 13757
    One East Liberty Street, Suite 300
    Reno, NV 89501-2128

PISANELLI BICE PLLC
James J. Pisanelli, Bar No. 4027
Todd L. Bice, Bar No. 4534
Jordan T. Smith, Bar No. 12097
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

ALIOTO LAW FIRM
Joseph M. Alioto, *Pro Hac Vice*
Jamie L. Miller, *Pro Hac Vice*
One Sansome Street, 35th Floor
San Francisco, CA 94104

*Attorneys for Plaintiff*

- 200 -

112254590.1

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Lewis Roca Rothgerber Christie LLP, and that on the 10th day of September, 2020, I caused the foregoing **LAS VEGAS SUN, INC.'S THIRD SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** to be served by electronic mail to:

J. Randall Jones, Esq.
Michael J. Gayan, Esq.
Mona Kaveh, Esq.
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

Richard L. Stone, Esq.
Amy M. Gallegos, Esq.
David R. Singer, Esq.
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071

*/s/ Jessie M. Helm*
Employee of Lewis Roca Rothgerber Christie LLP

112254590.1