J. RANDALL JONES, ESQ., SBN 1927
r.jones@kempjones.com
MONA KAVEH, ESQ., SBN 11825
m.kaveh@kempjones.com
KEMP JONES LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada  89169
Telephone:      +1 702 385 6000

DAVID R. SINGER, ESQ. (*pro hac vice*)
dsinger@jenner.com
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
agallegos@jenner.com
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, California  90071
Telephone:      +1 213 239 5100
Facsimile:      +1 213 239 5199

MICHAEL J. GAYAN, ESQ., SBN 11135
mike@claggettlaw.com
CLAGGETT & SYKES LAW FIRM
1160 N. Town Center Drive, Suite 200
Las Vegas, Nevada 89144
Telephone:      +1 702 333 7777
Facsimile:      +1 702 655 3763

RICHARD L. STONE, ESQ. (*pro hac vice*)
rstone@fastmail.com
850 Devon Avenue
Los Angeles, California  90024
Telephone:      +1 310 993 2068

*Attorneys for Defendants/Counterclaimant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., | Case No. 2:19-cv-01667-ART-MDC |
| Plaintiff, | **DEFENDANTS' EMERGENCY MOTION TO STAY PROCEEDINGS** |
| v. | |
| SHELDON ADELSON, et al., | |
| Defendants. | |
| AND RELATED COUNTERCLAIM | |

Defendant/Counterclaimant the Las Vegas Review-Journal, Inc. ("the Review-Journal"), and Defendants News+Media Capital Group LLC, Estate of Sheldon Adelson, Patrick Dumont, and Interface Operations LLC d/b/a Adfam (collectively, "Defendants") by and through their counsel of record, Kemp Jones LLP, Jenner & Block LLP, Claggett & Sykes Law Firm, and Richard L. Stone, Esq., hereby respectfully move this Court, pursuant to Local Rule 7-4, for an order staying proceedings, including the hearing set on April 10, 2026 (and any related deadlines), until the Ninth Circuit Court of Appeals resolves Defendants' petition for a writ of mandamus filed on March 18, 2026. *See* **Exhibit A** ("Petition"). Defendants' Petition seeks an expedited briefing schedule and decision. *Id.* at 6.

The Petition challenges the portion of the Court's order entered on March 12, 2026 (ECF No. 1096, the "Order"), that granted the Sun's motion for a temporary restraining order and preliminary injunction. The Petition challenges this Court's ability to compel the Review-Journal to continue printing the Sun insert based on the unlawful and unenforceable 2005 JOA.

Defendants asked Plaintiff whether it would consent to stay the proceedings, and Plaintiff declined. *See* **Exhibit B** (Gayan Decl.) at ¶ 9.

This Motion is based on the following memorandum of points and authorities, the Declaration of Michael J. Gayan attached as Exhibit B, the papers and pleadings on file in this action, and any argument the Court may allow at a hearing on the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Emergency Relief Is Warranted.

Defendants respectfully request a limited stay of these proceedings until the Ninth Circuit Court of Appeals resolves the pending Petition. Although Defendants object to the current injunctive relief (as set forth in the Petition), they do not seek to stay the Order in its entirety—only any further proceedings on Plaintiff's motion for a preliminary injunction. The Petition asks the Ninth Circuit to resolve multiple issues related to the scope of the District Court's authority to order and/or extend the injunctive relief to be addressed at the hearing currently scheduled for April 10, 2026. The outcome of the Petition could materially impact the scope of the hearing, the arguments made by the parties, and the contours on the injunctive relief that may be ordered by

1

the Court consistent with federal statutory law and the U.S. Constitution. If the Ninth Circuit accepts and grants the Petition, the scope of the exhibits and other evidence the parties will seek present will be also significantly different.

A limited stay of these proceedings makes sense to ensure the efficient use of the Court's limited time and resources and to prevent the parties from expending their resources on potentially needless work (*e.g.*, exhibit selection and submission, presentations and/or slides, witness preparations). It will also help ensure consistency avoiding the need for reconsideration of legal questions after the Ninth Circuit rules on the Petition. Defendants move this Court to exercise its wide discretion to stay these proceedings and achieve the goals of FRCP 1.

Defendants' Emergency Motion is necessary because (1) briefing this stay request in the ordinary course would negate any possibility of obtaining the relief sought, and (2) the basis for the stay arose from the Court's Order entered on March 12, 2026.[1] The Court set a preliminary injunction hearing for April 10, 2026. *See* ECF No. 1096 at 13. The Court has also set additional deadlines, including a status report on April 3, 2026, and delivery of electronic exhibits on April 8, 2026. *Id.* Under the default briefing schedule, the instant Motion to Stay would not be briefed for 21 days (*i.e.*, April 9, 2026), which would be one day before the hearing and after the deadlines to file a joint status report and deliver electronic exhibits. Accordingly, Defendants respectfully ask the Court to resolve this Motion to Stay on an expedited basis.

**II.     A Stay of Proceedings Is Warranted.**

"Courts' power to stay proceedings flows from the inherent power of every court to control the disposition of the cases on its docket 'with economy of time and effort for itself, for counsel, and for litigants.'" *Christiana Tr. v. N. Am. Title Ins. Co.*, No. 2:19-cv-01868-ART-VCF, 2023 U.S. Dist. LEXIS 223205, at *3 (D. Nev. May 4, 2023) (quoting *Landis v. N. Am. Co.*, 299 U.S.

---

[1] An emergency motion under LR 7-4 is appropriate when the moving party shows "(1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief, or at the very least that the crisis occurred because of excusable neglect." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1142 (D. Nev. 2015).

248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). In exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* Fed. R. Civ. P. 1.

Courts in the Ninth Circuit have concluded "that the *Landis* test or something similar governs" a request "to stay *proceedings*[.]" *Peck v. Cty. of Orange*, 528 F. Supp. 3d 1100, 1105-06 (C.D. Cal. 2021) (quoting *Kuang v. U.S. Dep't of Defense*, No. 18-cv-03698-JST, 2019 U.S. Dist. LEXIS 64392, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019) (collecting cases)). "Those courts have reasoned that the [*Nken v. Holder,* 556 U.S. 418, 434, 129 S. Ct. 1749 (2009*)*] test 'is applicable when there is a request to stay a district court's *judgment or order* pending an appeal of the same case,' while *Landis* applies to the decision to stay *proceedings,* regardless whether the stay is based on a direct appeal or an independent case." *Kuang*, at *7 (quoting *23andMe, Inc. v. Ancestry.com DNA, LLC*, No. 18-cv-02791-EMC, 2018 U.S. Dist. LEXIS 188327, 2018 WL 5793473, at *3 (N.D. Cal. Nov. 2, 2018)); *see also Proton Assocs. LLC v. Avelo, Inc.*, No. 2:25-cv-00856-CDS-BNW, 2026 WL 594672 (D. Nev. Mar. 3, 2026) (applying *Landis* to a motion to stay proceedings pending appeal of order denying preliminary injunction).

"When considering the propriety of a '*Landis* Stay,' the Court weighs the 'competing interests which will be affected by the granting or refusal to grant a stay.'" *Christiana Tr.,* 2023 U.S. Dist. LEXIS 223205, at *3 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). Those competing interests are: "(1) the possible damage which may result from a stay, (2) hardships or inequities a party may suffer if required to go forward, and (3) the 'orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Id.* (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Weighing these factors, the Court "may order a stay of the action pursuant to its power to control its docket and calendar" when justice so demands. *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

Applying the *Landis* factors to the present situation, each factor weighs in favor of a stay. First, there is no prejudice or damage to the Sun in granting a stay because the status quo will remain in place. The Review-Journal will continue to print and distribute the Sun while the Ninth Circuit considers this Court's ability to compel the Review-Journal to continue printing the *Sun*

insert based on the unlawful and unenforceable 2005 JOA (or its specter). Defendants merely seek an order staying proceedings, including the hearing set on April 10, 2026 (and any related deadlines), until the Ninth Circuit Court of Appeals resolves Defendants' Petition.

Second, Defendants (and Plaintiff) would suffer hardship if these proceedings were to go forward before resolution of the Petition. The parties would be required to spend significant time and resources preparing for the preliminary injunction hearing and complying with the related deadlines. Much of that work may be mooted by the Petition's outcome. If the April 10 hearing goes forward before the Ninth Circuit resolves the Petition, this Court could issue a decision on the preliminary injunction that will be inconsistent with the appellate court's decision, thereby causing further hardship for the parties. *See Deutsche Bank Nat'l Trust Co. v. Fidelity Nat'l Title Group, Inc. et al.*, No. 2:19-cv-00409-CDS-VCF, 2022 U.S. Dist. LEXIS 216577, 2022 WL 17813070, at *2 (D. Nev. Dec. 1, 2020) ("While being required to defend a lawsuit . . . does not constitute a clear case of hardship or inequity, being required to defend a lawsuit wherein questions of law pertinent to resolution of the merits change midway through the litigation would pose hardship to both parties.").

Finally, the orderly administration of justice factor heavily favors a stay. The Court should consider that factor "in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). As this Court recently noted, "The judicial system has an interest in consistency and in avoiding needless reconsideration." ECF No. 1096 at 7 (citation omitted). On the current record, Defendants (and Plaintiff) will expend substantial resources preparing for the April 10 hearing which will address, among other things, the Constitutional and statutory limits of the injunctive relief available here. The Petition challenges any further efforts to enforce the 2005 JOA or any of its terms, regardless of the labels used. Thus, if granted, the Petition will narrow the scope of the preliminary injunction hearing and all related preparations, including the exhibits and other evidence the parties may seek to present. In addition, the Petition's outcome will necessarily inform the Court's decisions on what evidence to admit and consider as well as the Court's ultimate

4

decision on whether to grant a preliminary injunction. A stay will preserve judicial economy, avoid inconsistent results, and otherwise promote the efficient use of party resources.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order staying all proceedings pending a ruling from the Ninth Circuit Court of Appeals on Defendants' petition for a writ of mandamus related to the Court's order entered on March 12, 2026.

Dated:    March 19, 2026                          CLAGGETT & SYKES LAW FIRM

By:   /s/ Michael Gayan
MICHAEL J. GAYAN, ESQ., SBN 11135
1160 N. Town Center Drive, Suite 200
Las Vegas, Nevada 89144

J. RANDALL JONES, ESQ., SBN 1927
MONA KAVEH, ESQ., SBN 11825
KEMP JONES LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada  89169

DAVID R. SINGER, ESQ. (*pro hac vice*)
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, California  90071

RICHARD L. STONE, ESQ. (*pro hac vice*)
850 Devon Avenue
Los Angeles, California  90024

*Attorneys for Defendants/Counterclaimant*

5

**PROOF OF SERVICE**

I hereby certify that on the 19th day of March, 2026, I served a true and correct copy of the foregoing **DEFENDANTS' EMERGENCY MOTION TO STAY PROCEEDINGS** via the United States District Court's CM/ECF electronic filing system to all parties on the e-service list.

/s/ Melisa Pytlik
An employee of Claggett & Sykes Law Firm