UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:   SHELDON ADELSON; PATRICK DUMONT; NEWS+MEDIA CAPITAL GROUP, LLC; LAS VEGAS REVIEW-JOURNAL, INC.; INTERFACE OPERATIONS, LLC, D/B/A Adfam _____ SHELDON ADELSON; PATRICK DUMONT; NEWS+MEDIA CAPITAL GROUP, LLC; LAS VEGAS REVIEW-JOURNAL, INC.; INTERFACE OPERATIONS, LLC, D/B/A Adfam,            Petitioners.   v. UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, LAS VEGAS,            Respondent. LAS VEGAS SUN, INC.,            Real Party in Interest. | No. 26-1646 D.C. No. 2:19-cv-01667-ART-MDC District of Nevada, Las Vegas ORDER |

Before:  COLLINS, VANDYKE, and MENDOZA, Circuit Judges:

Defendants/Petitioners Sheldon Adelson; Patrick Dumont; News+Media

Capital Group, LLC; Las Vegas Review-Journal, Inc.; and Interface Operations,

LLC (collectively, "Petitioners") petition for a writ of mandamus to the United

States District Court for the District of Nevada, which they contend is necessary to enforce the mandate of this court in a prior appeal in this lawsuit (C.A. No. 24-2287). *See Las Vegas Sun, Inc. v. Adelson*, 147 F.4th 1103 (9th Cir. 2025). We grant the petition.

**I**

"We have authority to issue a writ of mandamus under the 'All Writs Act,' 28 U.S.C. § 1651." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 708 (9th Cir. 2009). "The remedy of mandamus is a drastic one, to be invo[k]ed only in extraordinary situations." *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654 (9th Cir. 1977); *see also Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976) (same). But "when a lower court obstructs the mandate of an appellate court, mandamus is the appropriate remedy," without regard to the so-called *Bauman* factors. *Vizcaino v. U.S. Dist. Ct. for W. Dist. of Wash.*, 173 F.3d 713, 719 (9th Cir. 1999); *see also id*. ("*Bauman* does not apply when mandamus is sought on the ground that the district court failed to follow the appellate court's mandate."). This authority to direct compliance with our prior mandate follows from "[t]he traditional office of the writ of mandamus," which "is to 'confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Id*. (further internal quotations omitted) (quoting *Will v. United States*, 389 U.S. 90, 95 (1967)). "A district court that has

2

received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023) (quoting *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)). Thus, where a district court has taken any "step" other than to faithfully "obey the mandate of this tribunal," *Rogers v. Consolidated Rock Prods. Co.*, 114 F.2d 108, 111 (9th Cir. 1940) (simplified), a writ of mandamus is "necessary or appropriate in aid of [our] jurisdiction[] and agreeable to the usages and principles of law," 28 U.S.C. § 1651(a).

"In determining which matters fall within the compass of a mandate, '[d]istrict courts must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.'" *Creech*, 84 F.4th at 787 (further internal quotations omitted) (quoting *Vizcaino*, 173 F.3d at 719). "[A] trial court can only consider any issue not expressly or impliedly disposed of on appeal." *Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1079 (9th Cir. 2010) (quoting *Vizcaino*, 173 F.3d at 719).

We review a district court's compliance with our mandate de novo. *Pit River*, 615 F.3d at 1080.

## II

In our prior opinion, we held that § 4(b) of the Newspaper Preservation Act ("NPA"), 15 U.S.C. § 1803(b), expressly prohibits "enter[ing] into, perform[ing],

or enforc[ing] a joint operating arrangement, not already in effect [on the NPA's effective date], except with the prior written consent of the Attorney General of the United States." *Id*.; *see Las Vegas Sun*, 147 F.4th at 1114–21.  We further held that, in the absence of such prior written consent of the Attorney General, § 4(b) prohibits "both brand-new post-NPA JOAs *and* amended post-NPA JOAs." *Id*. at 1120.  Applying these principles, we held that the parties' "2005 JOA," which was adopted without obtaining the Attorney General's prior written consent, "is unlawful and unenforceable." *Id*. at 1121.  We rejected the district court's "contrary conclusion," as well as its refusal, on that basis, to "dissolve the stipulated preliminary injunction" requiring that the parties adhere to the 2005 JOA.  *Id*. at 1121–22.

On remand, the district court vacated the stipulated preliminary injunction in accordance with our prior opinion and mandate.  But it also granted the motion of Plaintiff/Real-Party-in-Interest Las Vegas Sun, Inc. ("LVSI") for a new temporary restraining order ("TRO") that "enjoin[s]" Petitioners "from ceasing to print or distribute the *Sun*."  Petitioners promptly filed this petition contending that the district court's TRO violates our opinion and mandate.

### III

### A

Before addressing whether the district court's TRO violates our mandate, we

4

must resolve a preliminary dispute as to what the district court's TRO requires. LVSI argues that, in ordering Petitioners to continue to "print" and "distribute the *Sun*," the TRO should be understood as relying upon the "1989 JOA"—which *was* approved by the Attorney General—rather than on the 2005 JOA. The TRO's directive, LVSI argues, is "borne from the 1989 JOA." This contention is refuted by the language of the TRO.

The district court's TRO explicitly declined to grant LVSI's request that the court "compel" Petitioners "to revert to the 1989 JOA." The district court recognized that such a request would entail a form of "mandatory relief" (as opposed to "prohibitory" relief), and the court expressly stated that "[t]his Order does not address [LVSI's] requests for mandatory relief." The TRO also later noted that LVSI's "currently operative complaint" and its "proposed amended complaint," as pleaded, did not include a request for the remedy of "reversion to the 1989 JOA." Moreover, the district court's clarifying comments as to the requirements of its TRO further confirm that the court's order is not based on the requirements of the 1989 JOA. As the district court noted, the 1989 JOA required publication of the *Sun* as an afternoon paper (rather than as an insert to the *Review-Journal*), and the TRO stated explicitly that "[a]n afternoon-print newspaper is *not* part of the relief ordered" (emphasis added). For all of these reasons, LVSI's contention that the TRO should be understood as merely reverting to the Attorney-

General-approved 1989 JOA is manifestly incorrect.

## B

Because it does not revert to the 1989 JOA, the TRO can only be understood as requiring either continued compliance with the 2005 JOA or, at the very least, continued adherence to what the district court described as the "core of the status quo arrangement," *i.e.*, the "core" of the 2005 JOA.  Either way, the TRO directly contravenes our mandate.

To the extent that the TRO requires continued compliance with the 2005 JOA in full, it squarely violates our explicit holding that "the 2005 JOA" is prohibited by § 4(b) and is therefore "unlawful and unenforceable." *Las Vegas Sun*, 147 F.4th at 1121.  Whatever remedial authority the district court has as a result of the claims remaining in this case, it does not include the authority to direct a party to violate a federal statute or a controlling mandate of this court.  *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 83–84 (1982); *Creech*, 84 F.4th at 787.

To the extent that the TRO instead requires the parties to act to preserve the "core" of the 2005 JOA, any such modified arrangement would constitute an *amendment* of the parties' post-NPA JOA under our prior opinion.  *See Las Vegas Sun*, 147 F.4th at 1121 (holding that all amended post-NPA JOAs are covered by § 4(b), even if they do not amount to a "novation").  For the parties to fashion such a new modified "core" of the 2005 JOA would therefore squarely violate § 4(b)

6

under our opinion.

## IV

Accordingly, we grant the petition for a writ of mandamus, and we direct the district court to vacate its March 12, 2026 order enjoining Petitioners "from ceasing to print or distribute the *Sun*." We reiterate, however, that we do not have before us any issue concerning a reversion to the 1989 JOA, and we express no views on any such questions.

**PETITION GRANTED.**