J. RANDALL JONES, ESQ., SBN 1927
r.jones@kempjones.com
MONA KAVEH, ESQ., SBN 11825
m.kaveh@kempjones.com
KEMP JONES LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone:      +1 702 385 6000

DAVID R. SINGER, ESQ. (*pro hac vice*)
dsinger@jenner.com
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
agallegos@jenner.com
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, California 90071
Telephone:      +1 213 239 5100
Facsimile:      +1 213 239 5199

MICHAEL J. GAYAN, ESQ., SBN 11135
mike@claggettlaw.com
CLAGGETT & SYKES LAW FIRM
4101 Meadows Lane, Suite 100
Las Vegas, Nevada 89107
Telephone:      +1 702 333 7777
Facsimile:      +1 702 655 3763

RICHARD L. STONE, ESQ. (*pro hac vice*)
rstone@fastmail.com
850 Devon Avenue
Los Angeles, California 90024
Telephone:      +1 310 993 2068

*Attorneys for Defendants/Counterclaimant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHELDON ADELSON, et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM | Case No. 2:19-cv-01667-ART-MDC <br><br> **DEFENDANTS' OBJECTION TO THE SUN'S SERVICE OF NEW DISCOVERY AND TO EVIDENTIARY HEARING ABSENT RULING ON MOTION FOR LEAVE TO AMEND** |

**INTRODUCTION**

On April 3, 2026, this Court held a status conference and set the following schedule: the Sun would file any renewed motion to amend its operative complaint by April 6; the Review-Journal's opposition would be due April 8; any renewed motion for temporary restraining order and preliminary injunction "tethered to the proposed amended complaint" would be due April 10; the Review-Journal's opposition to the TRO and PI motion would be due April 16; and an evidentiary hearing was set for April 20–21. ECF No. 1112.

On April 6, the Sun filed its renewed Motion to Amend and told this Court that its proposed amended complaint required little to no new discovery: "There are no new individuals with knowledge. There are no new documents to unearth." ECF No. 1118 at 13. The Court did not rule on the Sun's motion. On April 10, the Sun filed a 63-page motion for a preliminary injunction based on the proposed new complaint. At the same time, the Sun served *seven* supplemental expert reports, new Rule 26(a) disclosures, and a new document production—all of which are apparently related to the claims in its proposed amended complaint and relied upon in support of its PI motion.

This is the Sun's third motion for a preliminary injunction in less than two months, each tethered to a different complaint or proposed complaint. There are now two pending PI motions before this Court—one based on the Sun's pending third amended complaint and one based on its first amended complaint or its proposed second amended complaint. The Review-Journal's opposition is due in just five days and there is an evidentiary hearing scheduled in just nine days. As the party threatened with an injunction, the Review-Journal has a due process right to notice of what claims are at issue and a fair opportunity to respond to those claims. This procedural chaos is depriving the Review-Journal of those rights. Even setting aside the fundamental problem that the Review-Journal does not know what the operative complaint is, it is unfair and deeply prejudicial to expect the Review-Journal to oppose a new PI motion based on new claims and hundreds of pages of new evidence and expert opinion in five days while simultaneously preparing for a two-day evidentiary hearing. The Review-Journal objects to the Sun's new PI motion, its new evidence and expert reports, and this entire preliminary-injunction process on this basis.

**ARGUMENT**

**I.  The Current Schedule Cannot Accommodate What the Sun Has Actually Filed.**

The Sun's renewed motion to amend tries to convince the Court that discovery in connection with the Sun's proposed amended complaint would be minimal. ECF No. 1118 at 1. At the same time the Sun was drafting this argument, it was also in the process of preparing *seven* new expert reports—all based on a legal theory that was only disclosed to the Review-Journal five days ago.

The Sun has told this Court—repeatedly and emphatically—that no significant new discovery would be needed:

- "the Sun does not offer new facts, circumstances, or antitrust claims that were not already the subject of discovery" (ECF No. 1118 at 1);

- its proposed amendments "only consist of allegations to explain how the Sun's existing claims for relief survive despite the Ninth Circuit's Opinion, and amendments to its existing allegations to conform to the facts and evidence that the parties have extensively litigated" (*id*. at 12);

- "[t]here are no new individuals with knowledge" and "[t]here are no new documents to unearth" (*id*. at 13);

- any supplemental discovery "would necessarily be limited and appropriately tailored" (*id*.); and

- "the Sun's proposed Second Amended Complaint does not seek to add new parties, additional antitrust claims, or otherwise seek to expand the scope of the case" (*id*. at 11).

Since making these arguments, the Sun served seven supplemental expert reports containing new analyses, new calculations, and new opinions reframed around an entirely different contractual framework. It served new Rule 26(a) disclosures identifying new evidence. It served a new document production. And it filed a 63-page brief supported by seven volumes of supplemental appendices.

This is only a taste of the "substantial additional discovery [and] expert work" that the Review-Journal warned this Court would be required if the Sun were allowed to pivot its entire

2

case to the 1989 JOA. ECF No. 1122 at 3. The Sun cannot tell this Court on April 6 that no new discovery is needed in order to obtain leave to amend, and then on April 10 dump an avalanche of new expert discovery in order to obtain a preliminary injunction based on that same proposed amendment. *See Ecolab, Inc. v. IBA, Inc.*, No. 22-CV-479 (ECT/DTS), 2024 WL 2382548, at \*6 (D. Minn. Mar. 12, 2024) (plaintiff was judicially estopped from new discovery after representing in a motion to amend that the new complaint "'covered the same set of [] products' and 'did not add any new claims,' but 'merely expanded the temporal scope of its claims that are already a part of the case'").

The procedural posture compounds the problem. The Sun's renewed motion for preliminary injunction was—at the Court's explicit direction—to be "tethered to the proposed amended complaint." ECF No. 1112. But that proposed complaint has not been accepted. The Sun's motion for leave to amend (ECF No. 1118) and the Review-Journal's opposition (ECF No. 1122) are fully briefed, but the Court has not ruled. The Court told the parties that it would rule on the motion to amend by April 10 to avoid "a false start in terms of tethering [the Sun's TRO and PI motion] to the wrong complaint." ECF No. 1121 at 90:12–17. No ruling has yet been issued.

The Review-Journal's opposition raises substantial arguments that the SAC is futile because it seeks to enforce the substance of the unlawful 2005 JOA in violation of the Ninth Circuit's mandate—regardless of whether the Sun relabels its claims as arising under the 1989 JOA. ECF No. 1122 at 5–12. If this Court agrees, no operative complaint exists to support a preliminary injunction, and the evidentiary hearing would serve no purpose. Holding an evidentiary hearing before ruling on the motion to amend would effectively moot the Review-Journal's opposition, depriving it of the benefit of the substantial arguments it has raised.

## II. <u>The Procedural Circumstances Deny the Review-Journal a Meaningful Opportunity to Respond.</u>

The Court's April 3, 2026 minute order set an evidentiary hearing for a presentation of evidence, "to focus on harm." ECF Nos. 1112, 1121 at 87:3–4. The Sun has reserved the right to present live testimony from its experts, although the Sun has not disclosed the witnesses it plans

3

to present despite the Review-Journal's request that it do so. The Review-Journal has the right to cross-examine the Sun's experts and to present its responsive evidence at the hearing.

The Sun's experts clearly prepared these supplemental reports over a period of weeks, if not longer, in anticipation of the Sun's new legal theory that was just disclosed to the Review-Journal five days ago—and the Review-Journal remains in the dark about whether this is the operative theory for the purpose of the forthcoming evidentiary hearing. The Review-Journal is entitled to a reasonable period of time to assess the Sun's reports. Due process requires no less. *See Sommerfield v. City of Chicago*, 251 F.R.D. 353, 357 (N.D. Ill. 2008) (holding plaintiff to his representation in a motion to amend that he would "not . . . propound further fact discovery" and barring later discovery that "contravene[d]" that position).

### CONCLUSION

The Review-Journal respectfully objects on the above grounds.

Dated:    April 11, 2026

KEMP JONES LLP

By:    */s/ Mona Kaveh*
J. RANDALL JONES, ESQ., SBN 1927
MONA KAVEH, ESQ., SBN 11825
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

DAVID R. SINGER, ESQ. (*pro hac vice*)
AMY M. GALLEGOS, ESQ. (*pro hac vice*)
ANDREW G. SULLIVAN, ESQ. (*pro hac vice*)
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, California 90071

MICHAEL J. GAYAN, ESQ., SBN 11135
CLAGGETT & SYKES LAW FIRM
4101 Meadows Lane, Suite 100
Las Vegas, Nevada 89107

RICHARD L. STONE, ESQ. (*pro hac vice*)
850 Devon Avenue
Los Angeles, California 90024

*Attorneys for Defendants/Counterclaimant*

## PROOF OF SERVICE

I hereby certify that on the 11th day of April, 2026, I served a true and correct copy of the foregoing **DEFENDANTS' OBJECTION TO THE SUN'S SERVICE OF NEW DISCOVERY AND TO EVIDENTIARY HEARING ABSENT RULING ON MOTION FOR LEAVE TO AMEND** via the United States District Court's CM/ECF electronic filing system to all parties on the e-service list.

E. Leif Reid, Bar No. 5750
Kristen L. Martini, Bar No. 11272
Nicole Scott, Bar No. 13757
Lucy Crow, Bar No. 15203
WOMBLE BOND DICKINSON (US) LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
One East Liberty Street, Suite 300
Reno, Nevada 89501

Joseph M. Alioto (*pro hac vice*)
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104

James J. Pisanelli, Bar No. 4027
Todd L. Bice, Bar No. 4534
Jordan T. Smith, Bar No. 12097
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

*Attorneys for Plaintiff/Counterclaim Defendants*

/s/ Mona Kaveh
An employee of Kemp Jones, LLP

5