UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC.,<br><br>                              Plaintiff,<br><br>        v.<br><br>SHELDON ADELSON, *et al.*,<br><br>                           Defendants.<br><br>_____<br><br>LAS VEGAS REVIEW-JOURNAL, INC.,<br><br>              Counter Claimant,<br>        v.<br><br>LAS VEGAS SUN, INC., *et al.*,<br><br>              Counter Defendants. | Case No. 2:19-cv-01667-ART-MDC<br><br>ORDER ON MOTION FOR LEAVE TO MODIFY THE SCHEDULING ORDER AND AMEND AND SUPPLEMENT THE COMPLAINT (ECF Nos. 1115, 1118) |

This is an antitrust action between the Las Vegas Sun ("Sun") and the Las Vegas Review-Journal ("RJ"). The Sun moves to amend its complaint in response to a change in relevant law. The Court now grants the motion.

## I.    BACKGROUND

The Sun initiated this lawsuit against the RJ in 2019. (ECF No. 1.) Under the timely filed First Amended Complaint, which has been the operative complaint since 2022, the Sun brings claims under the Sherman Act, the Clayton Act, and Nevada's Unfair Trade Practices Act. (ECF No. 621.)

On February 25, 2026, this Court received the mandate of the Ninth Circuit, which concluded that the 2005 Joint Operating Agreement ("2005 JOA") between the parties was unlawful and unenforceable, and reversed the denial of the Defendants' motion to dissolve the preliminary injunction that kept the 2005 JOA in place. *Las Vegas Sun, Inc. v. Adelson,* 147 F.4th 1103, 1122 (9th Cir. 2025).

1

Subsequently, on March 2, 2026, a week after the mandate issued, the Sun moved for leave file a Second Amended Complaint in order to address the Ninth Circuit's opinion. (ECF No. 1065.) The Sun also moved for new preliminary injunctive relief, seeking to enjoin the RJ from unilaterally ending the joint operation and ceasing to print and distribute the Sun, among other requests. (ECF No. 1061.) Without addressing the motion to amend, this Court entered an order that both dissolved the stipulated preliminary injunction and granted a TRO pending a scheduled hearing on preliminary injunctive relief. (ECF No. 1096.) The RJ filed a writ of mandamus in the Ninth Circuit, and on March 30, 2026, the Ninth Circuit compelled the Court to vacate the temporary relief granted on the basis that it violated the prior mandate. (ECF No. 1106.)  After vacating the prior order (ECF No. 1109,) the Court then invited parties to re-file their motions, beginning with the motion to amend the complaint, so that the parties could settle on a proper complaint before resolving other motions. (ECF No. 1112.)

The Sun has now withdrawn its old motion to amend its complaint and submitted a new Second Amended Complaint for consideration. (ECF No. 1115.) Compared to the operative First Amended Complaint (ECF No. 621), the proposed amended complaint asserts the same causes of action, except that it additionally seeks a declaratory judgment and preliminary and permanent injunctive relief compelling the RJ to revert to the 1989 JOA, to seek Attorney General approval for an amendment to the 1989 JOA, to provide the Sun with a list of subscribers, and other relief (Count 5). The proposed amended complaint also recites new facts about events occurring since 2021 that are relevant to previously alleged forms of anticompetitive conduct.

2

## II.      MOTION TO MODIFY THE SCHEDULING ORDER

### A. Legal Standard

When a district court has already filed a pretrial scheduling order setting a deadline to amend pleadings, motions to amend filed after that deadline are considered under Federal Rule of Civil Procedure 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Under Rule 16(b) a litigant must show good cause for not amending the complaint before the scheduling order's deadline. *Coleman*, 232 F.3d at 1294. Good cause depends on the "diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Local Rule 26-3 also requires that the movant show excusable neglect to extend a deadline after its expiration.

### B. The Sun Has Shown Diligence

The deadline to amend pleadings passed on December 23, 2021. (ECF No. 393.) Under Rule 16 and LR 26-3, the Sun must show good cause and excusable neglect for not amending the complaint before that date.

The Sun did not have cause to submit the proposed amendments until the Ninth Circuit's opinion on interlocutory appeal changed the legal landscape. The mandate issued on February 25, 2026. The Sun originally filed its motion to amend a mere five days later, on March 2, 2026. (ECF No. 1065.) The RJ argues that the Sun should have timely amended its complaint before the Ninth Circuit's opinion, because the Sun should have anticipated that the Ninth Circuit could resolve an issue of first impression against it. (ECF No. 1122.) Under the circumstances, the Sun was not under an obligation to plead in advance of the Ninth Circuit's opinion. A change in the law, including where there was previously an absence of controlling authority, is the kind of change that justifies amending a complaint. *See Boorman v. Nevada Mem'l Cremation Soc'y, Inc.*, 772 F. Supp. 2d 1309, 1317 (D. Nev. 2011). Before the RJ's interlocutory appeal, the closest

authorities were the law of other circuits and DOJ's own interpretation of its authority, and they supported the legality of the 2005 JOA. *Las Vegas Sun, Inc.*, 147 F.4th at 1116 (discussing *Newspaper Guild v. Levi*, 539 F.2d 755, 755–56 (D.C. Cir. 1976); *News Weekly Systems, Inc. v. Chattanooga News-Free Press*, 986 F.2d 1422, 1993 WL 47197, at *2 (6th Cir. 1993); and DOJ regulations implementing the Newspaper Preservation Act at 28 C.F.R. § 48.1). The Ninth Circuit's opinion acknowledges that it diverges with other authorities. *Id.* To the extent that the Ninth Circuit relied on *Loper Bright*, it should also be noted that *Loper Bright* was not law until June 28, 2024, about two and a half years after the deadline to amend pleadings passed. *Id.* (quoting *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024)) ("We instead 'must exercise [our] independent judgment' as to the meaning of the NPA").

### III.   MOTION TO AMEND THE COMPLAINT

The Rule 15 factors weigh in favor of allowing the Sun to amend its complaint. Under Rule 15, a change in law will generally justify amendment, unless amendment is futile. *Doe I v. Nestle USA, Inc.*, 766 F.3d 1013, 1028–29 (9th Cir. 2014). Since the Sun's proposed amendments are not futile, leave to amend is granted.

### A. Legal Standard

If the party seeking amendment shows good cause to modify the scheduling order under Rule 16, then Rule 15's liberal amendment policy applies. *Johnson*, 975 F.2d at 608. Under Rule 15, courts may grant leave to amend freely, taking into account "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). A court should freely give leave when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Generally, "[i]t is common practice to allow plaintiffs to amend their pleadings to accommodate changes in the law, unless it is clear that amendment would be futile." *Doe I*, 766 F.3d at 1028–29; *see Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117–18 (9th Cir. 2013). The Ninth Circuit has found it prudent to grant leave to amend after a change in law where it would allow the court to avoid "sorting out the various possible interpretations attributable to the pleadings," or applying a new test on the old record. *Wilcox v. First Interstate Bank of Oregon, N.A.*, 815 F.2d 522, 530 (9th Cir. 1987); *Doe I*, 766 F.3d at 1028–29. Courts have granted leave to amend not only where the law reversed course, but also where the change in law was a decision on a novel legal issue that the pleadings failed to anticipate. *Boorman*, 772 F. Supp. 2d at 1317 (granting leave to file a fourth amended complaint).

### B. The Sun's Motion to Amend Meets the Rule 15 Factors

#### i. Bad Faith and Undue Delay

As recited above in the analysis of diligence and excusable neglect under Rule 16, the Sun's motion to amend appears to be brought in good faith and in response to a change in relevant law. The most consequential changes that the Sun seeks to make to its complaint, such as a new prayer for relief, are responsive to the Ninth Circuit's opinions on interlocutory appeal and its order granting the writ of mandamus. There is therefore no bad faith or undue delay here.

#### ii. Prejudice to the Opposing Party

Any prejudice to the RJ does not compel denying the Sun's motion to amend. Where the theory and the operative facts of the complaint remain the same, the defendant should be "fully prepared to litigate the substantive issues of the claim" and would not be prejudiced by amendment. *Sonoma Cnty. Ass'n of Retired Emps.*, 708 F.3d at 1117–18 (quoting *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir.1981)). Even if litigation has been going on for "several years," "[t]he mere fact that an

amendment is offered late in the case ... is not enough to bar it." *Id.* (quoting *United States v. Webb*, 655 F.2d 977, 980 (9th Cir.1981)); *see Morongo Band of Mission Indians*, 893 F.2d at 1079 (A delay of nearly two years after the filing of the original complaint is relevant to the prejudice analysis, but not enough on its own to support denial.) Where the proposed complaint would require defendants to undertake an entirely new course of defense, they may suffer prejudice, although Ninth Circuit precedent cautions that this kind of prejudice standing alone is not fatal to amendment. *Morongo Band of Mission Indians*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The RJ has had ample opportunity to prepare their defenses to the Sun's theory that the 1989 JOA controls, since they have long been on notice that this is the position that the Sun would take if the RJ succeeded in invalidating the 2005 JOA. As early as 2019, the Sun pleaded reversion to the 1989 JOA and that its "antitrust claims survive irrespective of the existence or enforceability of the [2005] JOA." (ECF Nos. 40; 50.) In 2022, the Sun asserted that "[i]f the 2005 Amended JOA is found to be unenforceable, the parties shall revert back to the 1989 JOA" as an affirmative defense to the RJ's counterclaims. (ECF No. 668). The RJ appealed to the Ninth Circuit in 2024, seeking a decision in their favor invalidating the 2005 JOA. At that time, they could well have anticipated that winning the appeal would result in a ruling that the 2005 JOA "is not enforceable under the NPA," and trigger the Sun's affirmative defense. (ECF No. 296.)

To the extent that the new complaint raises new issues of fact, rather than issues of law or contract interpretation, it may be true that, as the RJ says, it will have to undertake new discovery and commission new expert work. But motions for leave to amend a complaint are not denied merely because they would require a defendant to put additional work into their defense. *See Morongo Band of Mission Indians*, 893 F.2d at 1079. While the RJ argues that Ninth Circuit law requires denying motions to amend where they would "set the case back to square

one," the cases that they bring in support generally involve circumstances where the plaintiff's lack of diligence contributed to the analysis. (ECF No. 1122 at 22.) Any prejudice to the RJ from amendment is not of the kind or of the degree that would justify denying leave to amend here, especially considering that the Sun has not delayed in bringing its motion and that the proposed amendments would not be futile. *Id.* Furthermore, defendants are sufficiently prepared to litigate under an amended complaint when the theory and the operative facts of the claim remain largely the same. *See Sonoma Cnty. Ass'n of Retired Emps.*, 708 F.3d at 1117–18. The Sun continues to complain that the RJ has been attempting to drive it out of the market, in violation of the same sections of the Sherman Act and the Clayton Act. The anticompetitive conduct complained of is largely the same, with some additional facts about events that have occurred since 2021 that do not substantially change the nature of the allegations.

### iii.  Futility of Amendment

An amendment is only futile if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The futility analysis determines whether the proposed amendment would survive a challenge of legal insufficiency under Federal Rule of Civil Procedure 12(b)(6). *Id.*

The Sun's complaint does not appear to be futile. The operative complaint, which alleges anticompetitive conduct and pleads relief based on the 2005 JOA, survived two motions to dismiss before the Ninth Circuit's opinion. Now the Sun seeks to alter its complaint, mostly to plead around the invalidation of the 2005 JOA. The RJ argues that the changes proposed are a mere change in terminology, that the Sun's complaint is still premised on the RJ's obligation to comply with the 2005 JOA, and that its claims are foreclosed by the Ninth Circuit's ruling. Keeping in mind that the Sun's antitrust causes of action do not depend on breach of the 2005 JOA on their face, the RJ does not accuse the Sun of failure

to state a claim; rather, the RJ's allegation is that the Sun's claims must fail. Any claim that the allegedly anticompetitive acts are not actually anticompetitive in nature is an argument on the merits which is not properly decided on a motion to amend a complaint. To be clear, the Court does not hold today that all the forms of relief that the Sun seeks would be legal standing alone. All the Sun needs to show is that their complaint sets forth a set of facts that would constitute a valid claim or defense. *Miller*, 845 F.2d at 214. The proposed amended complaint states claims that are cognizable on their face, even if they may ultimately be denied and even if the Sun may be barred from seeking some forms of relief sought.

### iv. Whether the Plaintiff has Previously Amended the Complaint

The Sun has previously amended its complaint one time, and this is the first time that the Sun will have amended its complaint since the interlocutory appeal. In context, a single previous amendment is not a cause to deny the motion, nor does the RJ argue that it is. (ECF No. 1122.)

### IV.   MOTION TO SUPPLEMENT THE COMPLAINT

Rule 15(d) provides that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). District courts are intended to have broad discretion in allowing supplemental pleadings, which avoid the cost, delay, and waste of separate actions. *Keith v. Volpe,* 858 F.2d 467, 473 (9th Cir. 1988). "[S]o useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears." *Id.* (quoting *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir.1963)). In practice, district courts treat motions to supplement

8

similarly to motions to amend. *See, e.g. Desio v. State Farm Mut. Auto. Ins. Co.,* 339 F.R.D. 632, 638 (D. Nev. 2021).

Efficiency favors allowing the Sun to add additional facts to its complaint about things that have occurred between the parties since 2021. Having found that amendment is justified, there is also good cause to allow the Sun to supplement. The RJ's only argument against supplementation is the same futility argument discussed above. (ECF No. 1122 at 8.) Since the Sun's proposed amended complaint is not futile, the Court grants leave to supplement as well as amend.

**V.   CONCLUSION**

It is therefore ordered that the Sun's motions are GRANTED. (ECF Nos. 1115, 1118.) The Clerk of Court is kindly directed to FILE the Second Amended Complaint at ECF No. 1116-1.

Accordingly, the Second Amended Complaint is the operative complaint, and outstanding motions tied to the First Amended Complaint (ECF Nos. 1103, 1104, 1105, 1084) are DENIED AS MOOT.

DATED: April 10, 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE