# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Las Vegas Sun, Inc.,

                Plaintiff,

vs.

Sheldon Adelson, *et al.*,

                Defendants.

Case No. 2:19-cv-01667-ART-MDC

**REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE MOTIONS TO SEAL (ECF NOS. 1068, 1090)**

The parties separately filed motions to seal at ECF Nos. 1068, 1090 (collectively "Seal Motions") certain business and financial exhibits and declarations included in the Opposition and Reply to plaintiff's *Motion for Temporary Restraining Order and Preliminary Injunction* ("TRO and PI Motion") (ECF No. 1033). Although neither party responded to each other's Seal Motion, the Court considered the issues presented in the Seal Motions on the merits. I **RECOMMEND DENYING** the Seal Motions without prejudice because neither party established that sealing was appropriate under the correct standard.

Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). If a party seeks to file a document under seal, there are two possible standards the party must address: the compelling reasons standard or the good cause standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The choice between the two standards depends on whether the documents proposed for sealing accompany a motion that is "more than tangentially related" to the merits of the case. *Id.* at 1099. If it is more than tangentially related, the compelling reasons standard applies. If not, the good cause standard applies.

1

Defendants argue only that the good cause standard applies to its request to seal documents. *ECF No. 1068*. However, defendants seek to file exhibits and declarations under seal in connection to the TRO and PI motion, which is "more than tangentially related" to the merits of a case. *See Brighter Path Ala., LLC v. Rite of Passage, Inc.*, No. 3:26-cv-00212-ART-CLB, 2026 WL 891895, at *3 (D. Nev. March 31, 2026) ("Plaintiff seeks to file exhibits under seal in connection with a motion for preliminary injunction, which is 'more than tangentially related' to the merits of a case. Therefore, the compelling reasons standard applies."). Therefore, the compelling reasons standard applies to the documents that defendants request to seal. *See id.*

Plaintiff and counter defendants fail to address any standard in their Seal Motion (ECF No. 1090). Instead, they argue that the documents at issue should be sealed because they concern the parties' 2019 Arbitration, which the Court previously sealed, citing to, *inter alia,* the Court's 01/05/21 Hearing Transcript at ECF No. 303.[1]  However, that hearing concerned sealing relative to non-dispositive/non-merits motions and thus, the Court then sealed the parties' Arbitration documents per the good cause standard.  The motions at issue here are 'more than tangentially related' to the merits of a case and the compelling reasons standard applies.  At that 01/05/21 hearing, the Court cautioned the parties that the Arbitration documents would not be sealed indefinitely and different standards could apply in the future:

> For the record, the Court notes that all of the arbitration materials may not be sealed indefinitely in this case. The result may be different in the future should the compelling reasons standard apply and not be met. This is simply to say the Court does not want either party to later argue that the Court held today that all of the arbitration materials are to be sealed in this case indefinitely. The Court's ruling is much more limited than that…

*ECF No. 303* at 46:17-24.

---

[1] Plaintiff and counter defendants also cite to the Court's 6/22/21 Order (ECF No. 421), which granted sealing documents in connection with non-dispositive, discovery matters and thus, under the good cause standard.  *See ECF No. 397* (seeking to seal documents related to motion to reconsider previous discovery rulings). Finally, they cite to the Court's 03/18/21 Order (ECF No. 368) (addressing sealing arbitration documents under the good cause standard for the discovery process).

2

Given the circumstances, I recommend denying the Seal Motions but that the documents at issue remain sealed pending review of this Report and Recommendation, or the parties filing renewed motions to seal under the appropriate "compelling reasons" standard. For the record, the documents at issue are:

**(A)** Exhibits 2-3 (*ECF No. 1092*) to plaintiff's Reply in support of Emergency Motion for Temporary Restraining Order and Preliminary Injunction; and

**(B)** The following documents related to defendants' *Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction*:

- Sealed version of defendants' *Opposition* at *ECF No. 1070.*

- Declaration of Michael J. Gayan and Exhibits in Support of Defendants' Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction at *ECF No. 1073 and 1074.*

- Declaration of David Nolte in Support of Defendant Las Vegas Review Journal's Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. *ECF No. 1076.*

- Declaration of Chris Blaser in Support of Defendant Las Vegas Review Journal's Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. *ECF No. 1078.*

- Sealed version of defendants' *Opposition* at *ECF No. 1070.*

//
//
//
//
//
//

3

ACCORDINGLY,

**I RECOMMEND** that the defendants' *Motion to Seal* (ECF No. 1068) and plaintiff's and counter defendants' *Motion to Seal* (ECF No. 1090) be **DENIED** without prejudice with leave to refile within 45 days a new motion to seal that addresses the "compelling reasons" sealing standard.

**I FURTHER RECOMMEND**:

1. that the documents at issue remain temporarily under seal pending resolution of the parties' renewed motions to seal and;

2. that if the parties do not timely file renewed motions as directed here, the documents be unsealed.

Dated: May 21, 2026.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

4