E. LEIF REID, Nevada Bar No. 5750
KRISTEN L. MARTINI, Nevada Bar No. 11272
NICOLE SCOTT, Nevada Bar No. 13757
CLARK HILL PLC
1700 S. Pavilion Center Dr., Suite 500
Las Vegas, Nevada 89135
Tel: 702.862.8300
Fax: 702.778.9709
Email: lreid@clarkhill.com
kmartini@clarkhill.com
nsscott@clarkhill.com

JAMES J. PISANELLI, Nevada Bar No. 4027
TODD L. BICE, Nevada Bar No. 4534
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Tel: 702.214.2100
Fax: 702.214.2101
Email: JJP@pisanellibice.com
        TLB@pisanellibice.com

JORDAN T. SMITH, Nevada Bar No. 12097
BROWNSTEIN HYATT FARBER
SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Tel: 702.464.7022
Fax: 702.382.8135
Email: jtsmith@bhfs.com

JOSEPH M. ALIOTO, *PRO HAC VICE*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104
Tel: 415.434.8900
Fax: 415.434.9200
Email: jmalioto@aliotolaw.com

*Attorneys for Plaintiff/Counterdefendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SHELDON ADELSON (Estate Of), an individual, and as the alter ego of News+Media Capital Group LLC, Las Vegas Review-Journal, Inc., and Interface Operations LLC dba Adfam; PATRICK DUMONT, an individual, and as alter ego of Las Vegas Review-Journal, Inc., News+Media Capital Group, LLC, and Interface Operations LLC dba Adfam; NEWS+MEDIA CAPITAL GROUP LLC,, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; INTERFACE OPERATIONS LLC dba ADFAM, a Delaware limited liability company and as the alter ego of Las Vegas Review-Journal, Inc., and News+Media Capital Gorup, LLC; and DOES, I-X, inclusive,<br><br>Defendants.<br><br>LAS VEGAS REVIEW-JOURNAL, a Delaware corporation, | Case No.: 2:19-CV-01667-ART-MDC<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |

Counterclaimant,

v.

LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,

Counterclaim Defendants.

Plaintiff Las Vegas Sun, Inc. ("Sun"), through its counsel of Clark Hill PLC, Pisanelli Bice PLLC, Brownstein Hyatt Farber Schreck, LLP, and Alioto Law Firm, moves the Court pursuant to Federal Rule of Civil Procedure 15(a)(2), for leave to file its proposed Third Amended and Supplemental Complaint for Divestiture, Injunction, and Damages by Reason of Defendants' Violations of the Sherman Antitrust Act, the Clayton Antitrust Act, and the Nevada Unfair Trade Practices Act ("TAC").[1] The Sun's request is made to include state law claims and based on proceedings that recently occurred in the related state court action. The Sun's proposed TAC is attached as **Exhibit 1** (1APP1-200) to this Motion in accordance with LR 15-1(a).

This Motion is based on the following Memorandum of Points and Authorities, the attached Exhibits, and the pleadings and papers on file herein.

DATED this 23rd day of June, 2026.

CLARK HILL PLC

By: /s/ *Kristen L. Martini*
E. Leif Reid, Nevada Bar No. 5750
Kristen L. Martini, Nevada Bar No. 11272
Nicole Scott, Nevada Bar No. 13757
1700 S. Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135

PISANELLI BICE PLLC
James J. Pisanelli, Nevada Bar No. 4027
Todd L. Bice, Nevada Bar No. 4534
400 South 7th Street, Suite 300

---

[1] On April 10, 2026, this Court already granted the Sun's Motion to Modify the Scheduling Order; therefore, the Sun does not seek additional modification of the scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 26-3. *See* ECF No. 1161 at 3-4. To the extent this Court considers modification anew, for the reasons set forth herein, and previously set forth in the Sun's earlier motion to modify and this Court's Order granting modification, modification is warranted. *See* ECF Nos. 1115, 1161 at 3-4.

ii

Las Vegas, Nevada 89101

BROWNSTEIN HYATT FARBER SHRECK, LLP
Jordan T. Smith, Nevada Bar No. 12097
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

ALIOTO LAW FIRM
Joseph M. Alioto, Pro Hac Vice
One Sansome Street, 35th Floor
San Francisco, California 94104

*Attorneys for Plaintiff/Counterdefendants*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

This Motion fits Rule 15's core purpose: deciding disputes on their merits. The Rule directs courts to "freely" grant leave so that claims are tested on substance, not defeated by pleading formalities, and the Ninth Circuit has emphasized its "extreme liberality." This Court recently applied Rule 15's standard and purpose when the Ninth Circuit's intervening decision altered the governing legal landscape. On April 10, 2026, this Court found the Sun was diligently acting in good faith, rejected claims of undue prejudice, held the proposed amendments not futile, and granted the Sun leave to amend—mooting the RJ's renewed motion for summary judgment in the process.

Developments in the related state court action—inspired by the RJ—since this Court's April 10 Order now necessitate the Sun's instant Motion. The state court had stayed the state court proceedings since 2019 until resolution of this case (to avoid interference with this action). However, like the RJ attempted (but failed) to do in this case, it filed a consolidated motion for summary judgment and motion to lift the state court's stay to enter judgment on the Sun's contract-based claims filed in 2019 based on the Ninth Circuit's mandate. At the hearing on the RJ's consolidated motion, the state court made abundantly clear that it believed the Sun's state law claims should be heard by this Court, noting that judicial economy favors a single federal forum for these overlapping disputes. The Sun explained that there was no reason to include the state law claims in this action where the state court was the forum in which those claims originated and the state law issues were expressly stayed pending resolution of this action. But, with the RJ's express representation to the state court that the Sun, in fact, could and should seek leave to amend from *this Court* and assert any state law claims, the state court granted the RJ's motion. Given the state court's desire and the RJ's representations that the Sun's state law claims should be resolved by this Court, the Sun is doing exactly that.

The Sun seeks to add state-law claims for unjust enrichment, breach of the 1989 JOA, and breach of the implied covenant inherent in the 1989 JOA, all of which are already supported by the facts plead in the Sun's operative, Second Amended Complaint. Akin to this Court's prior analysis and Rule 15's presumption in favor of merits decisions, there is no undue delay, bad faith, prejudice, or futility here. As before, the Sun's request is prompt and not made in bad faith or with dilatory motive.

Any additional defense work caused by the Sun's proposed four added claims is not the kind of prejudice that defeats amendment. With none of the Sun's proposed claims reliant on the 2005 JOA, the Sun's amendment would not be futile.

Despite that the RJ will likely reprise its technical objections to avoid unified adjudication, Rule 15 rejects that brand of gamesmanship. Allowing the Sun's amendment advances efficiency, promotes consistency, and prevents fragmented litigation across parallel courts over the same state law issues the state court identified for federal resolution—to which the RJ agreed. Leave to file the proposed TAC is necessary to ensure that the Sun has a forum for its cognizable state law claims after the Ninth Circuit's change in the law. Because each of the factors under Rule 15 favor the Sun, an Order granting the Sun's Motion is proper.

## II.    STATEMENT OF THE RELEVANT FACTS[2]

The Sun previously set forth the comprehensive factual background in the Sun's recent request for leave to file its Second Amended Complaint filed on April 6, 2026, which the Sun incorporates as though fully set forth herein. *See* ECF No. 1115 at 5-8. Therefore, to avoid needless duplication, the Sun provides additional relevant facts giving rise to the Sun's present Motion that were not previously set forth in that earlier motion.

### A.    The Original State Court Action and This Action

The Sun initiated the State Court action in 2018, alleging claims sounding in breaches of the 2005 JOA. *See* ECF No. 836 at 16. After certain of those state law claims were compelled to arbitration, and the Sun received a substantial monetary award, the RJ served its Notice of Default, seeking to terminate the parties' joint operation based on the Sun's supposed breaches of the "governing" 2005 JOA and frustration of purpose. *Id.* at 16-18. The next day, the RJ sought leave to amend its State Court Answer and allege Counterclaims—all of which sounded in breaches of the 2005 JOA. *Id.* at 18.

As a result, and based on the RJ's other anticompetitive conduct, on September 24, 2019, the Sun initiated this action alleging antitrust claims. *See id.* at 19; *see also* ECF No. 1.

---

[2] The Sun previously set forth the comprehensive factual background in the Sun's recent request for leave to file its Second Amended Complaint filed on April 6, 2026, which the Sun incorporates as though fully set forth herein. *See* ECF No. 1115 at 5-8.

Because the RJ's State Court counterclaims necessarily triggered antitrust scrutiny, and were being litigated in this Court (subject to this Court's exclusive jurisdiction over the Sun's antitrust claims), the Sun sought dismissal or, alternatively, a stay of the RJ's counterclaims in State Court. *See* 1APP201-21. The State Court granted the stay pending resolution of this action. 1APP222-23; 1APP224-27.

Shortly thereafter, the RJ filed an emergency motion to stay *all* of the State Court proceedings, including the Sun's state law claims, pending resolution of this case. 1APP228-45.

On December 4, 2019, the State Court granted the RJ's request and stayed all proceedings, ordering the parties to appear for regular status checks to keep apprised of these proceedings. 1APP246-47. Until June 10, 2026, the State Court Action had been stayed pending resolution of this action. *See* 1APP248-49.

**B.      The Sun's Request to Modify the Scheduling Order and Leave to File the Second Amended and Supplemental Complaint, and This Court's Grant of the Same**

As set forth in the Sun's motion to modify and amend, on February 23, 2026, the United States Supreme Court denied the Sun's petition for a writ of certiorari. *See* ECF No. 1115 at 7. The Sun immediately sought preliminary injunctive relief and leave to file an amended and supplemental complaint. *See* ECF No. 1065; *see also* ECF No. 1115 at 7-8. The Sun made its requests as a result of the Ninth Circuit's substantial change in the law and the RJ's conduct undertaken and events that occurred since the Sun's filing of its first amended complaint. *See* ECF No. 1065.

Attempting to capitalize on the change in the law as it related to the Sun's operative complaint (which alleged the validity and binding nature of the 2005 JOA), the RJ filed a Renewed Motion for Summary Judgment. ECF No. 1084. This Court did not subscribe to the RJ's gamesmanship. At the status conference held on April 3, 2026, this Court allowed the Sun to file a new proposed Second Amended and Supplemental Complaint. ECF No. 1112; *see also* ECF No. 1115 at 8; ECF No. 1161 at 2.

On April 6, 2026, the Sun submitted its renewed Motion for Leave to Amend and Supplement, with its newly proposed pleading. ECF No. 1115. On April 10, 2026, this Court granted the Sun's request. ECF No. 1161. This Court held that modification of the scheduling order was warranted

3

because the Sun was diligent in filing its motion, rejecting the RJ's argument that the Sun was under some obligation to plead in advance of the Ninth Circuit's change in the law. *Id.* at 3-4. This Court further found that leave under Rule 15 was proper where the factors favored allowing the Sun to amend, and that the change in the law warranted leave. *Id.* at 4-5. On the bad faith and undue delay considerations, this Court concluded that the Sun's motion was "brought in good faith and in response to a change in relevant law." *Id* at 5. For the prejudice to the RJ consideration, this Court found that (1) the RJ had had ample opportunity to prepare their defenses to the Sun's theory that the 1989 JOA controls; and, as for any new issues of fact, (2) motions for leave to amend are not denied merely because they would require the defendant to put additional work into their defense, and any prejudice to the RJ "is not of the kind or of the degree that would justify denying leave to amend here, especially considering that the Sun has not delayed in bringing its motion and that the proposed amendments would not be futile." *Id.* at 6-7. Finally, this Court noted the Sun's previous, single amendment and the first amendment since the interlocutory appeal, and that the previous amendment was not cause to deny the motion. *Id.* at 8. Having found the amendment justified, this Court further concluded that good cause existed to allow the Sun to supplement. *Id.* at 9. The Sun's Second Amended Complaint was filed into the record the same day. ECF No. 1162.

This Court simultaneously denied the RJ's Renewed Motion for Summary Judgment as moot. ECF No. 1161 at 9.

**C.     The RJ's Recent Procedural Machinations in State Court**

Shortly after the RJ had filed its Renewed Motion for Summary Judgment in this Court, and amidst the parties' expedited briefing schedules before this Court, the RJ filed a *consolidated* Motion to Lift Stay and Motion for Summary Judgment in State Court. 2APP250-69. Like the RJ had argued to this Court in its Renewed Motion for Summary Judgment, the RJ again argued that the Ninth Circuit's Opinion declaring the 2005 JOA unenforceable barred the Sun's contract-based claims. *See id.* The Sun vehemently opposed the State Court lifting the stay because this Court was considering issues regarding the 1989 JOA and the parties' rights and obligations thereunder, which would impact the State Court proceedings, and if the State Court was inclined to lift the stay, the Sun should be afforded the

opportunity to seek leave to amend its state law claims to account for the Ninth Circuit's change in the law, as this Court allowed. 2APP270-85.

The State Court heard argument on the RJ's consolidated motion on May 28, 2026. At the hearing, the Sun explained that it did not move for leave to amend because the stay order was still in place and the Sun opposed the stay being lifted because the Federal Action was being heavily litigated and presented issues that would impact the state proceedings. 2APP311:15-312-19, 329:25-330:20. As strenuously expressed by the Sun, if the State Court was inclined to lift the stay, the Sun requested that it be allowed to seek leave to amend the complaint to account for the change in law pursuant to governing Nevada authority.[3] 2APP302:17-23, 305:18-20, 307:14-17, 311:15-312:19, 315:25-317:18, 327:4-10, 334:4-10, 358:22-74:5, 362:21-363:14.

This State Court acknowledged the scope of its prior stay order, reiterating its quotation, and stating,

> … I discussed one of the purposes for the stay, and this was a finding I made, quote, this is on page 2, The Court finds that in light of the issues currently pending before the federal court in the matter styled Las Vegas Sun versus Adelson, gives the citation, of course, from the federal court, <u>some of which could impact the pending claims, defenses and counterclaims and stay all further action in the case is appropriate with the exception of the Court ruling on post[-]arbitration motions.</u> **The stay shall remain in place until further order of the Court**.

2APP310:13-23 (emphasis added).

On multiple occasions during the hearing, the State Court inquired as to why the state law claims were not being heard by this Court, along with the Sun's antitrust claims:

- THE [STATE] COURT: So tell me why aren't these – in light of the current decision by the Ninth Circuit, and I understand there's an amendment in the federal courts, but why weren't these claims included as part of that amendment?

---

[3] Referencing *Comm'r of Insur. v. Chur*, 141 Nev. Adv. Op. 69, 581 P.3d 441, 446 (Nev. Dec. 23, 2025) (finding an abuse of discretion for district court's failure to allow leave to amend to accommodate a change in the law, stating, "We encourage district courts to give considerable weight in favor of granting leave to amend a complaint in light of an intervening significant change or clarification in the law"); *see also* Fed. Order 3-4 (where the Federal Court held that the Ninth Circuit's Opinion, together with the Ninth Circuit's reliance on *Loper Bright*, were the "kind of change [in the law] that justifies amending a complaint," and granting the Sun leave to amend).

And the reason why I asked that question – it's been a long time since I thought about it, but I remember taking a course 45 – it might be longer than that, years ago, pendent versus ancillary jurisdiction and jurisdiction of federal courts, and it seems to me that if the federal courts have jurisdiction over what they are apparently litigating, why don't they have everything up there? I mean, why is this case still here today? Because I get it, and I understand there was a really, an issue of enforceability as it pertains to the 2005 joint operating agreement. I understand that.

But that – because I'm trying to figure out why would we have parallel litigation going on now in state court versus federal court, and why the federal court isn't handling everything. (2APP313:5-22.)

- THE [STATE] COURT: I'm still wondering why these issues aren't in front of the federal court. I –

….

THE [STATE] COURT: I'm really thinking about it. The more I think about it because this would be – and I forget the term. I understand I haven't practice[d] in federal court in 25 years, but my point would be this. This would come under the term of art pendent and/or ancillary jurisdiction because it seems to me that if we're going to litigate the 2000 – I'm sorry, yeah, the 1989 joint operating agreement and whether there were breaches or not and the like, and I understand the antitrust issue that I pushed away, why wouldn't they handle that?

Because at the end of the day, ultimately, I would think decisions made on the federal level regarding the, quote, 1989 agreement potentially would impact the breach of contract and all those things. (2APP318:22-319:12.)

- THE [STATE] COURT: Well, it seems like to me that that would be the legally logical results because you know – (2APP320:5-6.)

- THE [STATE] COURT: Because I don't mind telling everyone this. I do feel like, you know, it's been 40 plus years since I took federal courts, but I do remember terms of art called pendent and ancillary jurisdiction; right? And that's kind of – that's where the – it's my recollection we might have some State claims, but there's an overwhelming federal claim, and the federal courts snatched that up, something like that.

Am I missing something? (2APP336:14-21).

As the Sun explained to the State Court, it (naturally) did not include amended state law claims in its Second Amended Complaint because: (1) the State Court Action—in which both the Sun's and the RJ's state law claims and counterclaims originated—was stayed pending resolution of this case; and (2) it was unclear whether this Court would retain jurisdiction over such claims in the event it dismissed

6

the antitrust claims, placing the Sun at unnecessary risk for the absence of a forum for those claims. 2APP313:23-314:23, 315:19-24, 318:22-320:12.

Importantly, the State Court was not the only one that suggested the Sun seek leave from this Court to amend its Second Amended Complaint to allege state law claims to account for the change in the law and the 1989 JOA:

> [COUNSEL FOR RJ]: … <u>There's also no explanation for why the Sun could not … seek leave again to amend in the federal case</u> and assert what sounds to be very overlapping claims related to the 1989 JOA. If that court will be deciding whether or not the parties revert to the 1989 JOA, that is an easy forum for the Sun to assert –
>
> THE [STATE[ COURT: Well, that's why I asked my preliminary question as far as issues arising out of the 1989 joint operating agreement as far as the rights and responsibilities of the respective parties. It just appeared to me from an economic perspective that would be the best way to go.
>
> [COUNSEL FOR RJ]: <u>In terms of judicial economy, … that makes a lot of sense</u>.

2APP350:2-14 (emphasis added); *see also* 2APP357:22-23 (RJ arguing, "And the parties can proceed in federal court as they deem fit. And if the Sun wants to file a new case, it can do so"); 2APP365:19-22 (RJ further arguing "You have yet to hear a single explanation for why the Sun cannot file a new action if it thinks it has claims that cannot be filed in the federal court case").

On June 10, 2026, the State Court entered a minute order granting the RJ's consolidated Motion. 1APP248-49. The State Court has yet to enter its written order.[4] This Motion now follows.

## III.    GOVERNING LEGAL STANDARD

The decision to grant leave to amend a pleading is also subject to this Court's broad discretion. *LT Intern. Ltd. v. Shuffle Master, Inc.* 8 F. Supp. 3d 1238, 1250 (D. Nev. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In exercising its discretion, courts "must be guided by the underlying purpose of Rule 15." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Rule 15(a)(2), governing amendments sought with leave of court,[5] is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *E.g.*, *id.*. This purpose directs that leave to amend should "be applied with

---

[4] With the filing of this Motion, the Sun is requesting on an emergency basis that the State Court stay entry of the judgment pending a decision from this Court on the instant Motion.

[5] Federal Rule of Civil Procedure 15(a) addresses amendments before trial and reads, "In all other cases [*i.e.*, not an amendment as a matter of course], a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

7

extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotations omitted); Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.") (quotations omitted). Therefore, in the absence of (1) undue delay, (2) bad faith or dilatory motive on the movant's part, (3) prejudice to the opposing party, (4) the futility of the amendment or supplement, or (5) repeated failure of previous amendments or supplements, leave should be granted. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014); *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 638 (D. Nev. 2021). The opposing party bears the burden of showing why leave to amend or supplement is not proper. *EB Holdings II, Inc. v. Illinois Nat'l Ins. Co.*, 2021 WL 12348633, at *2 (D. Nev. Sept. 20, 2021).

## IV.    GRANTING THE SUN LEAVE TO AMEND IS WARRANTED

Leave to amend a pleading must be decided upon facts and circumstances of each particular case. *See Caddy-Imler Creations, Inc. v. Caddy*, 299 F.2d 79, 84 (9th Cir. 1962). Triggered by the Ninth Circuit's intervening change of law in this case and its similar impact on the State Court action, together with the State Court's sentiments and the RJ's representations made at the May 28 State Court hearing, the analyses applicable to the Sun's request for leave to amend under Rule 15(a) are satisfied.

### A.    No Bad Faith or Dilatory Motive Exist

"In the context of a motion for leave to amend, bad faith [and/or dilatory motive] means acting with intent to deceive, harass, mislead, delay, or disrupt." *Chowning v. Nationwide Ins. Co. of Am.*, 2025 WL 3089766, at *9 (D. Nev. Nov. 4, 2025) (quotations omitted). It requires a state of mind "impl[ying] the conscious doing of a wrong because of dishonest purpose or moral obliquity." *Silvano v. Circa Hosp. Grp. III LLC*, 2025 WL 1433386, at *1 (D. Nev. May 16, 2025) (quotations omitted). The principal concern is gamesmanship. *Id.* But "when a plaintiff can provide a satisfactory explanation for its delay, and there is no evidence in the record that would indicate wrongful motive, there is no cause to uphold the denial of a leave to amend on the basis of bad faith." *E.g.*, *id.* (quotations omitted).

As before, nothing in the record indicates that the Sun's instant request to amend and supplement is made in bad faith or is incited by dilatory motive. As this Court previously concluded,

there was no reason for the Sun to draft its pleading in this case around, or otherwise anticipate, the Ninth Circuit's recent deviation from half a century of caselaw, DOJ regulations, and practice. ECF No. 1161 at 3-4. The same holds true under Nevada law. *See generally Comm'r of Ins. v. Chur,* 141 Nev. Adv. Op. 69, 581 P.3d 441, 448 (Nev. 2025) (stating it is proper to grant leave to amend when there is a change in the law, and reciting the Ninth Circuit's conclusion, "'[h]aving initiated the present lawsuit without the benefit of the Court's latest pronouncements on the pleadings, Plaintiffs deserve a chance to supplement their complaint with factual content in the manner that [their cases] require'" (quoting *Moss v. United States Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009)).[6,7] And, with the parties' state law issues held in abeyance pending resolution of this case, there was no reason for the Sun to include updated state law claims in its Second Amended Complaint in this case: the State Court was the forum housing state law issues to be revisited after resolution of this case.

However, as of June 10, 2026, that has now changed. The State Court expressed in no uncertain terms that it believed all of the Sun's proposed state law claims should proceed before *this* Court, given the overlapping issues and in consideration of judicial economy. 2APP313:5-22, 318:22-319:12, 320:5-6, 336:14-21, 350:2-14. Thus, the Sun's instant request for leave to file its proposed TAC to merely include those state law claims is prompt and is not made to deceive, harass, mislead, delay, or disrupt. The RJ, itself, represented to the State Court that the Sun could and should seek leave to file the TAC to allege state law claims as a result of the change in the law. 2APP350:2-14, 357:22-23, 365:19-22. Given the recent change in the Ninth Circuit law that triggered the reinstitution of the 1989 JOA, and the procedural posture of the State Court action, the Sun had no prior reason to converge state law claims with its antitrust claims. There is no evidence of bad faith or dilatory motive to support denial under Rule 15(a).

---

[6] *See U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019) ("Rule 8 does not require plaintiffs to plead around affirmative defenses."); *see also* ECF No. 243 at 7 ("The first and primary argument raised by the RJ Defendants is an affirmative defense—that the 2005 JOA is illegal and unenforceable under the NPA because the 2005 JOA was not approved by the United States Attorney General.").

[7] *See Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 38 P.3d 872, 876 (Nev. 2002) ("Federal cases interpreting the Federal Rules of Civil Procedure are strong persuasive authority, because the Nevada Rules of Civil Procedure are based in large part upon their federal counterparts.") (quotations omitted).

**B.       There is No Danger of Prejudice to the RJ**

As explained in the Sun's prior request for leave to amend, when considering the prejudice factor, "[t]he potential for some prejudice does not suffice to deny leave to amend….[:] it is '*undue* prejudice' that warrants denial of leave to amend," and that prejudice must be "substantial." *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022); *Montes v. Bank of Am.*, 2014 WL 1340232, at *3 (D. Nev. Apr. 3, 2014) (same and collecting cases). "Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010).

As this Court previously held: "Where the theory and the operative facts of the complaint remain the same, the defendant should be 'fully prepared to litigate the substantive issues of the claim' and would not be prejudiced by amendment." ECF No. 1161 at 5 (quoting *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.,* 708 F.3d 1109, 1117-18 (9th Cir. 2013) (quoting *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir.1981))); *see also Velez v. Foresters Life Ins. & Annuity Co.*, 2025 WL 3691474, at *5 (C.D. Cal. Dec. 11, 2025) (providing that even if discovery has closed and supplemental discovery limited to a new component addressing the change in the law is needed, "[c]ourts routinely find no prejudice where amendment does not radically shift the case or require significant new discovery"); *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 483-84 (E.D. Cal. 2022) (finding no prejudice where the amendment did not fundamentally alter the case and additional discovery would be limited). Thus, when a plaintiff's "claims factually have not changed" but "merely have altered legal theories" in light of a clarification of the law, the defendant does not suffer prejudice. *Boorman v. Nevada Mem'l Cremation Soc'y, Inc.,* 772 F. Supp. 2d 1309, 1317 (D. Nev. 2011).

This remains true even when litigation has been going on for "'several years,'" as this Court stated, for "'[t]he mere fact that an amendment is offered late in the case ... is not enough to bar it.'" ECF No. 1161 at 5-6 (quoting *Sonoma Cnty Ass'n*, 708 F.2d at 1117-18 (quoting *United States v. Webb*, 655 F.2d 977, 980 (9th Cir.1981)); *see also id.* (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990), for "[a] delay of nearly two years after the filing of the original complaint is relevant to the prejudice analysis, but not enough on its own to support denial"). "Where the proposed

complaint would require defendants to undertake an entirely new course of defense, they may suffer prejudice, although Ninth Circuit precedent cautions that this kind of prejudice standing alone is not fatal to amendment." *Id.* at 6 (citing *Morongo Band of Mission Indians*, 893 F.2d at 1079 (wherein the Ninth Circuit established that it "is not fatal to amendment" on the sole basis that "new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense")).

Like the Sun's request for leave to file its Second Amended Complaint, the Sun's present request to amend to allege state law claims for unjust enrichment, and breaches of the 1989 JOA and the implied covenant of good faith and fair dealing, neither requires the RJ to undertake an entirely new course of defense nor raises new factual issues. The supporting factual allegations have already been plead in the Sun's currently operative, Second Amended Complaint. *Compare* ECF No. 1162 *with* 1APP1-200 (identical to the Sun's Second Amended Complaint through paragraph 307, with the addition of the claims for relief contained in paragraphs 308-35, and Prayer for Relief paragraphs E and F). More specifically, the Sun's current Second Amended Complaint already alleges that the Sun conferred benefits to the RJ, and that the RJ appreciated the benefit and accepted those benefits such that it would be inequitable for the RJ to retain the benefits without payment for the value thereof. *See, e.g.*, ECF No. 1162 ¶¶ 28-30, 36, 38-39, 92, 101, 159, 160, 162, 203, 221. And the Sun's proposed amended claim for breaches of the 1989 JOA and the implied covenant of good faith and fair dealing for the RJ's refusal to recognize the governing 1989 JOA and related conduct are already factually supported by the Sun's operative complaint. *See, e.g., id.* ¶¶ 83-93, 205-211, 213, 215-26, 294-97; *see also, e.g., id.* ¶¶ 26-30, 36, 47-52, 59-62.

The Sun's state law claims do not factually change this case, but merely add permissible "legal theories" in light of the Ninth Circuit's change in the law and the State Court's recent order. *See Boorman*, 772 F. Supp. 2d at 1317. Under the governing law in this Circuit, and in line with this Court's prior grant of leave to amend, the RJ will not suffer prejudice, let alone the required "substantial" prejudice, from this Court's grant of the Sun's request. On the other hand, the Sun will suffer prejudice if the amendment is refused. After the State Court's ruling, it is possible that the Sun will be denied a forum for its state law claims if the Sun cannot bring them here.

11

**C.      The Sun's Proposed Amendments are Not Futile**

"Denial of leave to amend on [futility grounds] is rare." *Fed. Hous. Fin. Agency v. Saticoy Bay, LLC*, 2024 WL 2801492, at *3 (D. Nev. May 30, 2024) (quotations omitted) (alternations in original). Under the futility consideration, courts apply the same test applied to Rule 12(b)(6) motions. They will accept the amended pleading's "factual allegations as true and construe them in [the plaintiff's] favor in deciding whether the allegations constituted a set of facts that could possibly establish" a claim. *Thompson v. Los Robles Reg'l Med. Ctr.*, 2021 WL 5002214, at *1 (9th Cir. Oct. 28, 2021); *Warren v. Cardoza Publ'g Co.*, 2018 WL 6566537, at *2 (D. Nev. Sept. 19, 2018).

The RJ cannot show that, under this standard and given the purposes of Rule 15(a), the Sun's proposed TAC fails to set forth facts that establish valid claims. The proposed amended allegations arise out of the same conduct, transactions, and occurrences as the Sun's Second Amended Complaint, and their underlying factual bases have been litigated in this case the entire time. Not unlike the Sun's antirust claims, the Sun's unjust enrichment claim is not dependent on the 2005 JOA, but rather derives from the RJ's retention of benefits and advantages which in equity and good conscience belongs to the Sun. *See Nev. Industrial Dev. v. Benedetti,* 741 P.2d 802, 804 n. 2 (Nev. 1987)); *Korte Constr. Co. v. State on Rel. of Bd. of Regents of Nevada Sys. of Higher Educ.*, 492 P.3d 540, 543-44 (Nev. 2021). Like the RJ's liability for anticompetitive conduct undertaken regardless of the unenforceability of the 2005 JOA (*see, e.g.*, ECF No. 1115 at 20-21), Nevada law likewise directs the RJ's liability for unjust enrichment despite the unenforceability of the 2005 JOA. *See, e.g., Shimrak v. Garcia-Mendoza*, 912 P.2d 822, 826 (Nev. 1996); *Magill v. Lewis,* 333 P.2d 717, 719 (Nev. 1958). The Sun's current Second Amended Complaint already contains plausible factual allegations that the Sun conferred benefits to the RJ, and that the RJ appreciated the benefit and accepted those benefits such that it would be inequitable for the RJ to retain the benefits without payment for the value thereof. *See, e.g.*, ECF No. 1162 ¶¶ 28-30, 36, 38-39, 92, 101, 159, 160, 162, 203, 221. The Sun's proposed TAC merely seeks leave to expressly add the state law claim of unjust enrichment as a result of the Ninth Circuit's change in the law, and the State Court's and the RJ's directives. The Sun's unjust enrichment claim is not dependent on the validity of the 2005 JOA.

Similarly, the Sun's proposed TAC's added claims for breaches of the 1989 JOA and the implied covenant of good faith and fair dealing for the RJ's refusal to recognize the governing 1989 JOA and related conduct are, too, factually supported by the Sun's operative complaint. *See, e.g.*, *id.* ¶¶ 83-93, 205-11, 213, 215-26, 294-97; *see also, e.g.*, *id.* ¶¶ 26-30, 36, 47-52, 59-62. Again, the Sun's proposed TAC simply requests leave to expressly allege those state law claims in this forum based on the recently changed legal landscape and State Court proceedings.

In light of the above, the RJ cannot meet its burden to demonstrate futility.

**D.      There are No Repeated Failures of Previous Amendments**

As the fifth and final factor under Rule 15, the "repeated failure of previous amendments," it does not exist either. *See, e.g.*, *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 638 (D. Nev. 2021); *see also Velasco v. Paccar, Inc.*, 650 F. App'x 371 (9th Cir. 2016) (considering "repeated failure to cure deficiencies by amendments previously allowed"); *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1183 (9th Cir. 2016) (reversing denial of leave to amend even though the plaintiff had previously amended his pleading three times); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003) (noting that although the complaint was amended multiple times, "it is not accurate to imply that plaintiffs had filed multiple pleadings in an attempt to cure pre-existing deficiencies"). While the Sun previously sought leave to file its First Amended Complaint to add Defendant Adfam and a Section 1 claim, and sought leave to file its Second Amended Complaint to plead in accordance with the change in the law and the evidence, this Court granted both of the Sun's requests. ECF Nos. 619 & 1161. They were not proposed amendments that were consistently rejected or based on deficiencies highlighted in a Rule 12 motion, and cannot be said to have been made "in an attempt to cure pre-existing deficiencies."[8] *Eminence Cap., LLC*, 316 F.3d at 1053. This factor favors the Sun.

* * * * *

For all of the reasons explained above, no basis exists to deny the Sun's request to amend its pleading under Rule 15(a).

---

[8] And while the Sun filed its initial Motion for Leave to Modify the Scheduling Order and Amend and Supplement the Complaint [ ] (ECF No. 1065), the Sun withdrew that Motion. *See* ECF Nos. 1113/1114; *see also* ECF No. 1112.

13

## V.    CONCLUSION

Because the Sun has satisfied the requirements for leave to amend and supplement under Rule 15(a)(2), an Order granting the Sun's Motion is warranted.

DATED this 23rd day of June, 2026.

CLARK HILL PLC

By: /s/ *Kristen L. Martini*
    E. Leif Reid, Nevada Bar No. 5750
    Kristen L. Martini, Nevada Bar No. 11272
    Nicole Scott, Nevada Bar No. 13757
    1700 S. Pavilion Center Drive, Suite 500
    Las Vegas, Nevada 89135

PISANELLI BICE PLLC
James J. Pisanelli, Nevada Bar No. 4027
Todd L. Bice, Nevada Bar No. 4534
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

BROWNSTEIN HYATT FARBER SHRECK, LLP
Jordan T. Smith, Nevada Bar No. 12097
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

ALIOTO LAW FIRM
Joseph M. Alioto, Pro Hac Vice
One Sansome Street, 35th Floor
San Francisco, California 94104

*Attorneys for Plaintiff/Counterdefendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of CLARK HILL PLC, and I caused a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** to be served by electronically filing the foregoing with the CMECF electronic filing system which will send notice of electronic filing to:

J. Randall Jones, Esq.
Mona Kaveh, Esq.
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, NV 89169

Michael J. Gayan, Esq.
CLAGGETT & SYKES LAW FIRM
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107

Amy M. Gallegos, Esq.
David R. Singer, Esq.
Andrew G. Sullivan, Esq.
Alison I Stein, Esq.
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071

Richard L. Stone, Esq.
850 Devon Avenue
Los Angeles, CA 90024

DATED: June 23, 2026.

/s/ Kristen L. Martini
An Employee of Clark Hill PLC

15

## DECLARATION OF KRISTEN L. MARTINI IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

I, Kristen L. Martini, do hereby swear under penalty of perjury that the following assertions are true and correct to the best of my knowledge:

1. I am a duly licensed attorney admitted to practice in the State of Nevada. I am a member of Clark Hill PLC, and counsel for Plaintiff/Counterdefendants Las Vegas Sun, Inc., Counterdefendants Brian Greenspun and Greenspun Media Group, LLC (together, for purposes of this Motion and for ease of reference, referred to as, the "Sun") in this matter. I make this Declaration in support of Plaintiff's Motion for Leave to File Third Amended Complaint ("Motion").

2. Attached as **Exhibit 1** to the Motion is a true and correct copy of the Sun's proposed Third Amended Complaint, with Exhibits.

3. Attached as **Exhibit 2** to the Motion is a true and correct copy of the Sun's Motion to Dismiss Counterclaims or, Alternatively, to Stay Counterclaims Pending Federal Court Action, filed on October 14, 2019, in *Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B, without Exhibits.

4. Attached as **Exhibit 3** to the Motion is a true and correct copy of the Minute Order on Sun's Motion to Dismiss Counterclaims or, Alternatively, to Stay Counterclaims Pending Federal Court Action, filed on November 20, 2019, in *Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B.

5. Attached as **Exhibit 4** to the Motion is a true and correct copy of the Order Granting in Part and Denying in Part Plaintiff's Motion to Dismiss Counterclaims, or Alternatively, to Stay Counterclaims Pending Federal Court Action, filed on January 9, 2020, in *Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B.

6. Attached as **Exhibit 5** to the Motion is a true and correct copy of News+ Media Capital Group LLC and Las Vegas Review-Journal, Inc.'s Emergency Motion to Stay Case and Postpone Action on Arbitration-Related Motions on Order Shortening Time, filed on November 22, 2019, in

16

*Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B, without Exhibits.

7.    Attached as **Exhibit 6** to the Motion is a true and correct copy of the Minute Order Staying All Case Matters, served on December 4, 2019, in *Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B.

8.    Attached as **Exhibit 7** to the Motion is a true and correct copy of the Minute Order on Defendants' Motion to Lift Stay and Motion for Summary Judgment, served on June 10, 2026, in *Las* Vegas *Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B.

9.    Attached as **Exhibit 8** to the Motion is a true and correct copy of Defendants' Motion to Lift Stay and Motion for Summary Judgment, filed on March 24, 2026, in *Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B, without Exhibits.

10.    Attached as **Exhibit 9** to the Motion is a true and correct copy of the Sun's Opposition to Defendants' Motion to Lift Stay and Motion for Summary Judgment, filed on April 14, 2026, in *Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B, without Exhibits.

11.    Attached as **Exhibit 10** to the Motion is a true and correct copy of the Transcript of Hearing Re: Status Check: Status of Case; Defendants' Motion to Lift Stay and Motion for Summary Judgment, dated May 28, 2026, in *Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of June, 2026.

_____

KRISTEN L. MARTINI

17

**APPENDIX INDEX**

| Ex. No. | Description | Vol. | Page Nos. |
|---|---|---|---|
| 1 | Plaintiff's proposed Third Amended Complaint, with Exhibits | 1 | APP1-APP200 |
| 2 | October 14, 2019, Motion to Dismiss Counterclaims or, Alternatively, to Stay Counterclaims Pending Federal Court Action, *Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B (without Exhibits) | 1 | APP201-APP221 |
| 3 | November 20, 2019, Minute Order on Sun's Motion to Dismiss Counterclaims or, Alternatively, to Stay Counterclaims Pending Federal Court Action, *Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B | 1 | APP222-APP223 |
| 4 | January 9, 2020, Order Granting in Part and Denying in Part Plaintiff's Motion to Dismiss Counterclaims, or Alternatively, to Stay Counterclaims Pending Federal Court Action, *Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B | 1 | APP224-APP227 |
| 5 | November 22, 2019, News+Media Capital Group LLC and Las Vegas Review-Journal, Inc.'s Emergency Motion to Stay Case and Postpone Action on Arbitration-Related Motions on Order Shortening Time, *Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B (without Exhibits) | 1 | APP228-APP245 |
| 6 | December 4, 2019, Minute Order Staying All Case Matters, *Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B | 1 | APP246-APP247 |
| 7 | June 10, 2026, Minute Order on Defendants' Motion to Lift Stay and Motion for Summary Judgment, *Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B | 1 | APP248-APP249 |
| 8 | March 24, 2026, Defendants' Motion to Lift Stay and Motion for Summary Judgment, *Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B (without Exhibits) | 2 | APP250-APP269 |
| 9 | April 14, 2026, Plaintiff's Opposition to Defendants' Motion to Lift Stay and Motion for Summary Judgment, *Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial | 2 | APP270-APP285 |

18

| | | | | |
|---|---|---|---|---|
| | | District Court, Clark County, Nevada, Case No. A-18-772591-B (without Exhibits) | | |
| | 10 | May 28, 2026, Transcript of Hearing Re: Status Check: Status of Case; Defendants' Motion to Lift Stay and Motion for Summary Judgment, *Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B | 2 | APP286-APP383 |

19