# EXHIBIT 5

November 22, 2019, News+ Media Capital Group LLC and Las Vegas Review-Journal, Inc.'s Emergency Motion to Stay Case and Postpone Action on Arbitration-Related Motions on Order Shortening Time, *Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B

# EXHIBIT 5

**APP228**

Electronically Filed
11/22/2019 11:58 AM
Steven D. Grierson
CLERK OF THE COURT

J. Randall Jones, Esq. (#1927)
r.jones@kempjones.com
Michael J. Gayan, Esq. (#11135)
m.gayan@kempjones.com
Mona Kaveh, Esq. (#11825)
m.kaveh@kempjones.com
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000
Facsimile: (702) 385-6001

Richard L. Stone, Esq. (*pro hac vice*)
rstone@jenner.com
David R. Singer, Esq. (*pro hac vice*)
dsinger@jenner.com
Amy M. Gallegos, Esq. (*pro hac vice*)
agallegos@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071-2054
Telephone: (213) 239-2203

*Attorneys for Defendants/Counterclaimant*

<div style="margin-left:2em; writing-mode:vertical">KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com</div>

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; and LAS VEGAS REVIEW-JOURNAL, INC., a Delaware limited liability company,<br><br>Defendants. | Case No.: A-18-772591-B<br>Dept. No.: XVI<br><br>**NEWS+MEDIA CAPITAL GROUP LLC AND LAS VEGAS REVIEW-JOURNAL, INC.'S EMERGENCY MOTION TO STAY CASE AND POSTPONE ACTION ON ARBITRATION-RELATED MOTIONS ON ORDER SHORTENING TIME** |
| LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Counter-defendant. | DEPARTMENT XVI<br>NOTICE OF HEARING<br>DATE 12-4-19 TIME 9:30 am<br>APPROVED BY CG |

1

**APP229**

Defendant News+Media Capital Group LLC and Defendant/Counterclaimant Las Vegas Review-Journal, Inc. (collectively referred to as "Review-Journal"), by and through their attorneys of record, hereby submit this Emergency Motion to Stay Case and Postpone Action on Arbitration-Related Motions on Order Shortening Time.

This Motion is made and based upon the following Memorandum of Points and Authorities, the Declaration of Michael J. Gayan, Esq., any exhibits attached hereto, the pleadings and papers on file herein, the oral argument of counsel, and any other or further information as this Honorable Court may request.

DATED this ⅔ᵗ day of November, 2019.

Respectfully submitted,

KEMP, JONES & COULTHARD, LLP

J. Randall Jones, Esq., (#1927)
Michael J. Gayan, Esq. (#11135)
Mona Kaveh, Esq. (#11825)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

Richard L. Stone, Esq. (*pro hac vice*)
David R. Singer, Esq. (*pro hac vice*)
Amy M. Gallegos, Esq. (*pro hac vice*)
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054

*Attorneys for Defendants/Counterclaimant*

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

2

## Declaration of Michael J. Gayan, Esq. in Support of Emergency Motion and Application for Order Shortening Time

I, Michael Gayan, Esq., state and affirm as follows:

1.      I am a partner in the law firm of Kemp, Jones & Coulthard, LLP ("KJC"), and have personal knowledge of the facts stated herein, except those matters stated on information and belief and as to those matters I believe them to be true.

2.      I am one of the counsel of record for Defendants/Counterclaimant in the above-captioned matter and make this Declaration in support of the Emergency Motion and application for an order shortening time.

3.      Earlier this year, the parties arbitrated certain of the Sun's claims that this Court compelled to arbitration. In July 2019, the Arbitrator issued his written decision ("Award").

4.      In September 2019, the Review-Journal filed a motion seeking to vacate the Award on various grounds and the Sun filed a motion seeking to confirm portions of the Award and vacate others. On October 22, 2019, the Court heard the parties' competing arbitration-related motions and took them under submission. The Court has yet to rule on those motions.

5.      On October 28, 2019, the Review-Journal filed its opposition to the Sun's motion to dismiss the Review-Journal's counterclaims or, in the alternative, to stay the counterclaims pending the federal court's action. In that brief, the Review-Journal informed the Court of its intent to move to dismiss the Sun's federal antitrust complaint, which was filed on September 25, 2019, because, under the current Supreme Court and Ninth Circuit precedent, the lack of express DOJ approval renders the 2005 JOA unenforceable under the express terms of the Newspaper Preservation Act ("NPA"). *See* 10/28/19 Opposition at 12:8–12, 26–28. The Review-Journal also objected to the Sun's request for a one-sided stay. *See id.* at 20:12–22:6.

6.      On October 30, 2019, the Review-Journal moved to dismiss the Sun's federal antitrust action based, in part, on the 2005 JOA's unenforceability due to the lack of express, written DOJ approval. *See* **Exhibit 1** (RJ MTD). That motion remains pending before the federal court and is currently scheduled to be fully briefed by December 23, 2019.

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

3

APP231

7.      On November 20, 2019, this Court heard the Sun's motion to dismiss the Review-Journal's counterclaims or, alternatively, to stay the counterclaims pending the federal court action. The Court ruled from the bench by (a) holding its decision on the motion to dismiss in abeyance until the federal court resolves the Review-Journal's pending motion to dismiss, and (b) staying this action only as to the Review-Journal's counterclaims.

8.      After the Review-Journal sought clarification of the stay order, the Court indicated the Review-Journal could file a motion to stay the entire action. The Court also indicated the stay would not preclude the Review-Journal from defending itself against the Sun's claims.

9.      During the course of the hearing on November 20, 2019, the Court indicated its intent to rule on the arbitration-related motions before Thanksgiving (November 28, 2019).

10.     Good cause exists to hear this Emergency Motion on shortened time because (a) the Review-Journal's challenge to the enforceability of the 2005 JOA is pending before the federal court; (b) **the Sun's claims seeking to enforce the 2005 JOA—including its request to affirm portions of the Award—would be mooted by a federal court decision deeming the 2005 JOA unenforceable;** and (c) the stay of only the Review-Journal's counterclaims creates an untenable situation due to the significant overlap between the Review-Journal's counterclaims and its defenses to the Sun's claims.

11.     **The parties have other matters set for hearing at 9:00 a.m. on December 4, 2019, and at 9:00 a.m. on December 11, 2019.** Therefore, the Review-Journal respectfully requests that this Emergency Motion be heard at either of those times or as soon thereafter as the Court is available.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

DATED this 21st day of November, 2019.

_____
MICHAEL J. GAYAN

4

APP232

**ORDER SHORTENING TIME**

Upon the Application of Michael J. Gayan, Esq., counsel for Defendants, and good cause appearing, IT IS HEREBY ORDERED, ADJUDED, AND DECREED that the time for notice and hearing on NEWS+MEDIA CAPITAL GROUP LLC AND LAS VEGAS REVIEW-JOURNAL, INC.'S EMERGENCY MOTION TO STAY CASE AND POSTPONE ACTION ON ARBITRATION-RELATED MOTIONS is shortened. This matter shall be heard on the 4th day of Dec. 2019, at the hour of 9:30 am in Department 16 of the Eighth Judicial District Court.

DATED this 21st day of November, 2019.

_____
DISTRICT COURT JUDGE

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

5

APP233

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Court's decision to stay only the Review-Journal's counterclaims has significant implications and consequences that the Court may not have considered at the time of its ruling. First, all of the Sun's claims seeking to enforce the 2005 JOA will become moot if the federal court rules the 2005 JOA is unenforceable under the NPA due to the lack of express, written DOJ approval. *See* Ex. 1 (RJ MTD) at 5:10–13:14. Second, if the federal court rules that the JOA may be terminated due to the Sun's material breaches without implicating the antitrust laws,[1] then the Review-Journal will have an absolute defense to the Sun's state court contract claims (excused performance)—but it will be too late to assert that defense in state court unless the Court also stays the Sun's contract claims. *See id.* at 18:8–21:5. A ruling from the federal court on either of these issues will significantly impact this case. Because a ruling that the JOA is unenforceable would be a complete defense to all of the Sun's claims—including those that were arbitrated—and result in the end of this entire case. Therefore, any continued litigation of the Sun's state court claims—including motion practice, discovery, depositions, and trial—may wind up being a complete waste of time for the parties, the Court, and jurors.

Third, the Court's one-sided stay will preclude the Review-Journal from conducting discovery on its affirmative defenses that mirror the counterclaims and bar the counterclaims from proceeding to trial. Each of these issues justifies a stay of the entire case. The first issue constitutes the most serious of due process violations by stripping the Review-Journal of a full and fair opportunity to defend the claims made against it. The second issue will result in a significant waste of judicial resources by potentially requiring the Court to preside over two trials arising from the same contract, between the same parties, involving overlapping witnesses and evidence, and similar issues—with different juries that could reach conflicting results.

---

[1] As provided for in the 2005 JOA, a contract governed by Nevada law, either party may terminate the agreement based on the other party's uncured material breach.

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

6

APP234

The Review-Journal's pending request to have the federal court deem the 2005 JOA unenforceable under the NPA due to the lack of express DOJ approval also warrants postponement of any ruling on the parties' arbitration-related motions. If the federal court deems the 2005 JOA unenforceable, the Award cannot stand. The Court should not spend its valuable time deciding motions that could be mooted by the federal court. Fundamentally, the Review-Journal's request for a stay of the entire case is entirely consistent with the Court's rationale for staying the counterclaims—the need to wait for the federal court to resolve critical issues under federal law.

For these reasons, the Review-Journal respectfully requests an order staying the entire case and postponing any decision on the arbitration-related motions.

## II.

## STATEMENT OF FACTS

### A. The Relevant Procedural Background.

In April 2018, the Sun filed various claims against the Review-Journal related to alleged breaches of the 2005 JOA. In November 2018, the Court denied the Review-Journal's motion to dismiss, compelled certain of the Sun's claims to arbitration, and retained jurisdiction over the remainder. On December 14, 2018, the Review-Journal filed its Answer and affirmative defenses.

Earlier this year, the parties arbitrated the Sun's claims that this Court compelled to arbitration. In July 2019, the Arbitrator issued his written decision ("Award").

On August 30, 2019, the Review-Journal moved to amend its Answer to assert add two affirmative defenses and assert counterclaims against the Sun. At the hearing on September 25, 2019, the Court granted the Review-Journal leave to amend. On September 30, 2019, the Review-Journal filed its Amended Answer and Counterclaims. *See* **Exhibit 2** (Amended Answer/Counterclaims).

In September 2019, the Review-Journal filed a motion seeking to vacate the Award on various grounds and the Sun filed a motion seeking to confirm portions of the Award and vacate

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

**APP235**

others. On October 22, 2019, the Court heard the parties' competing arbitration-related motions and took them under submission. The Court has yet to rule on those motions.

On October 28, 2019, the Review-Journal filed its opposition to the Sun's motion to dismiss the Review-Journal's counterclaims or, in the alternative, to stay the counterclaims pending the federal court's action. In that brief, the Review-Journal informed the Court of its intent to move to dismiss the Sun's federal antitrust complaint, which was filed on September 25, 2019, because, under the current Supreme Court and Ninth Circuit precedent, the lack of written DOJ approval renders the 2005 JOA unenforceable under the express terms of the NPA. *See* 10/28/19 Opposition at 12:8–12, 26–28. The Review-Journal also objected to the Sun's request for a one-sided stay of the counterclaims only. *See id.* at 20:12–22:6.

On October 30, 2019, the Review-Journal moved to dismiss the Sun's federal antitrust action based, in part, on the 2005 JOA's unenforceability due to the lack of express DOJ approval. *See* Ex. 1 (RJ MTD). That motion remains pending before the federal court.

On November 20, 2019, the Court heard the Sun's motion to dismiss the Review-Journal's counterclaims or, alternatively, to stay the counterclaims pending the federal court action. The Court ruled from the bench by (a) holding its decision on the motion to dismiss in abeyance until the federal court resolves the Review-Journal's pending motion to dismiss, and (b) staying this action only as to the Review-Journal's counterclaims.

During the hearing on November 20, 2019, the Court indicated its intent to rule on the arbitration-related motions before Thanksgiving.

**B.**   **The Review-Journal Has Moved to Dismiss the Federal Action on the Grounds That the Unapproved 2005 JOA is Unenforceable.**

The Sun's federal complaint is premised on its allegations that the Review-Journal is breaching the 2005 JOA. The Sun claims that those alleged breaches, as well as the Review-Journal's attempt to terminate the 2005 JOA in this Court, are part of a scheme to monopolize in

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

8

violation of the antitrust laws. *See* **Exhibit 3** (Fed. Compl.) ¶¶ 23–25, 70–109. Each one of the Sun's putative claims for relief in the federal action rests on the 2005 JOA.[2]

Because the entirety of the Sun's federal complaint hinges on the validity of the 2005 JOA, the Review-Journal filed a motion asking the court to hold that the fact that the 2005 JOA was not approved by the DOJ renders it unenforceable according to the plain language of the NPA. A copy of that motion is attached for the Court's convenience. *See* Ex. 1 (RJ MTD) at 6–13. The Review-Journal will not belabor the merits of that argument here, suffice it to say that the issue of the validity of the 2005 JOA is squarely raised by the allegations in the Sun's federal complaint, so the issue is ripe for resolution at the pleading stage one way or the other. *See id.* at 9, 13. In addition to the enforceability issue, the Review-Journal's motion to dismiss challenges every other aspect of the Sun's sham antitrust action—a filing used as a ruse to block the Review-Journal from proceeding on its legitimate counterclaims governed solely by Nevada law. *See generally,* Ex. 1 (RJ MTD). Should the federal court grant the Review-Journal's motion to dismiss on these additional grounds, the Sun's jurisdictional challenge must be denied and no other impediment will exist to the Review-Journal moving forward with its counterclaims. The Review-Journal's motion to dismiss will be fully briefed by December 23.

**C.    The Sun's Claims, Including Those Subject to the Arbitration, Involve Enforcement of the 2005 JOA.**

All of the Sun's claims against the Review-Journal concern the enforcement of the 2005 JOA. *See* 11/15/19 Amended Compl. The arbitration involved the Sun's claims alleging breaches of the 2005 JOA, including but not limited to sections 4.2 and 5.1.4 and the audit

---

[2] That is not an exaggeration—literally every instance of allegedly predatory conduct described in the Sun's federal complaint is simply an alleged breach of an obligation the Review-Journal supposedly owes to the Sun by virtue of the unapproved 2005 JOA. *See* Ex. 3 (Fed. Compl.) at ¶¶ 48–56 (alleging it was predatory for the Review-Journal's owners to look for ways to terminate or dissolve the JOA), ¶¶ 57–69 (alleging it was predatory for the Review-Journal to fire a certain publisher whom the Sun liked and under whose tenure the Sun's payments under the JOA increased), ¶¶ 75–107 (claiming the Review-Journal's alleged failure to properly account for expenses under the JOA, failure to promote the Sun as required by the JOA, failure to design its front page in accordance with the JOA, and disputes about JOA-required audits were predatory "abuses of power"), ¶¶ 108–09 (alleging that the Review-Journal's request for a

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

9

provisions of Appendix D. *See* 11/21/18 Order. The non-arbitrable claims seek relief for alleged breaches of other 2005 JOA provisions. *See id.*

**D.      The Review-Journal's Defenses to the Sun's Claims Significantly Overlap with the Now-Stayed Counterclaims.**

The Review-Journal's Amended Answer, filed on September 30, 2019, asserts 27 affirmative defenses, including:

1.   Failure to state a claim upon which relief can be granted (AD No. 1);

2.   The Review-Journal's obligations were excused by the Sun's conduct (AD No. 10);

3.   The Review-Journal's performance is excused by the doctrine of commercial frustration and/or frustration of purpose (AD No. 26); and

4.   The Review-Journal's performance is excused under section 8.2 of the 2005 JOA because of events substantially beyond their control (AD No. 27).

*See* Ex. 2 (Amended Answer/Counterclaim) at 25–27.

The Review-Journal's counterclaims include overlapping allegations and affirmative claims against the Sun for:

1.   Breach of contract for violating sections 5.2 and 5.3 of the 2005 JOA by failing to meet its contractual obligation to produce a high quality metropolitan newspaper and actively sabotaging the parties' joint product by encouraging readers to unsubscribe from the print newspaper and subscribe to the Sun's online media product (Counterclaim No. 1);

2.   Breach of the implied covenant of good faith and fair dealing for the same or similar conduct giving rise to the breach-of-contract claim (Counterclaim No. 2);

3.   Declaratory relief seeking a judicial determination that the Sun breached its material obligations under the 2005 JOA sufficient to justify termination of the agreement (Counterclaim No. 3); and

judicial declaration terminating the JOA due to the Sun's material breaches was an "overt act[] in furtherance of their scheme to monopolize the Clark County newspaper market").

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

10

APP238

4. Declaratory relief seeking a judicial determination that the Sun's conduct and/or the unforeseen seismic shift in the way individual consume news (i.e., online versus print) have each frustrated the purpose of the 2005 JOA (Counterclaim No. 4).

*Id.* at 38–41.

No less than four of the Review-Journal's affirmative defenses will require discovery into all of the same issues raised by the now-stayed counterclaims, likely the identical discovery. For example, the Review-Journal intends to argue at trial that its performance under the 2005 JOA is excused based on the Sun's prior material breaches of the agreement. *Compare* AD No. 10 *with* Counterclaim Nos. 1–4. The Review-Journal also plans to argue at trial that its performance under the 2005 JOA is excused based on commercial frustration and circumstances beyond its control, both of which involve the Sun's material breaches and intentional sabotage of the parties' joint print product. *Compare* AD Nos. 26–27 *with* Counterclaim Nos. 3–4.

## III.

## LEGAL ARGUMENT

**A.    The Court Must Maintain an Even Balance When Applying Stays to Avoid Hardship or Inequity to Any Party.**

Courts have inherent authority to stay proceedings. *Maheu v. Dist. Court*, 89 Nev. 214, 217, 510 P.2d 627, 629 (1973) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936)). The court's authority to grant a stay "calls for an exercise of judgment, which must weigh competing interest [of the parties] *and maintain an even balance.*" *Landis*, 299 U.S. at 254–55 (emphasis added). It is well established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with *economy of time and effort for itself, for counsel, and for litigants.*" *Maheu*, 510 P.2d at 629 (quoting *Landis*, 299 U.S. at 254–55) (emphasis added); *Maheu v. Dist. Ct.*, 493 P.2d 709, 725 (Nev. 1972) (same); *Nagez v. Kwon*, 2019 WL 4318436, at *2 (Nev. App. Sept. 11, 2019) (same); *see also W. Charleston Lofts III, LLC v. Dist. Ct.*, 2018 WL 5791885, at *3 (Nev. App. Oct. 16, 2018) (same). In *Landis*, the seminal case on the court's stay-granting authority, the

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

**APP239**

United States Supreme Court noted that a stay is appropriate upon a showing of "hardship or inequity in being required to go forward" with the litigation. 299 U.S. at 255.

Here, Nevada law supports a stay of the entire case for two distinct reasons. First, the parties should not be forced to expend significant resources litigating claims that may be precluded due to the unenforceability of the 2005 JOA. That issue is squarely before the federal court. *See* Ex. 1 (RJ MTD). Second, Nevada law requires the Court to apply its stay authority in a manner that maintains an even balance and avoids hardship or inequitable results for either party. The Court's one-sided stay of the Review-Journal's counterclaims creates serious questions of how the stay would or even could be applied due to the Review-Journal's affirmative defenses that substantially overlap with its counterclaims. In addition to these reasons, the Court's justification for the partial stay—to wait for the federal court's ruling on potentially dispositive issues—also supports a complete stay due to the Review-Journal's challenge to the JOA's enforceability.

### 1. *A Stay of the Entire Action Will Avoid the Waste of Significant Resources.*

The Review-Journal's motion to dismiss the Sun's federal antitrust action challenges the enforceability of the 2005 JOA based on a lack of written DOJ approval as required by the NPA. *See* Ex. 1 (RJ MTD) at 5:10–13:14; *see also* 15 U.S.C. § 1803(b). If the federal court determines the 2005 JOA is not enforceable, every single one of the Sun's claims seeking to enforce the JOA will necessarily be mooted—including the claims that were arbitrated. That being the case, this Court and the Review-Journal should not continue to expend substantial resources litigating the Sun's claims while the federal court is considering the underlying enforceability issue. It makes no sense to conduct discovery, engage in motion practice, and go to trial on the Sun's claims seeking to enforce a potentially unenforceable contract if the federal court's decision could unwind all of those efforts.

As the Sun recently argued, NRCP 1 requires all rules to be "construed and administered to secure the just, speedy, and inexpensive determination of every action." 11/18/19 Mot. for Protective Order at 4:23–24. The burden and expense associated with merits discovery on the Sun's claims far outweighs any benefit to the parties until the federal court resolves the Review-

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

APP240

Journal's motion to dismiss. *See id.* at 4:21–22. Seeing as the Sun agrees the parties should avoid spending time and resources conducting discovery on claims that could be resolved by the federal court, it has no reasoned basis to oppose the Review-Journal's comparable request.

**2.     *The Court's One-Sided Stay Has Already Significantly Prejudiced the Review-Journal.***

The Court's decision to stay only the Review-Journal's counterclaims is unworkable and unfair because: (a) the Sun improperly used its stay request as an excuse to refuse to provide *any substantive responses* to the Review-Journal's legitimate discovery requests concerning the overlapping affirmative defenses, *see* **Exhibit 4** (Objections);[3] and (b) the stay will only embolden the Sun to continue its obstructionist discovery conduct, thereby depriving the Review-Journal of any possibility of obtaining all of the information it needs to defend against the Sun's claims. The Sun cannot obstruct the Review-Journal's discovery efforts and simultaneously oppose moving the trial and pretrial dates. The initial expert disclosure deadline is only 60 days away (i.e., January 20, 2020), and the Sun has yet to provide any meaningful information or documents in response to any of the Review-Journal's written requests. *See, e.g.,* Ex. 4 (Objections).

If the Court enforces the stay in the manner the Sun intends—blocking the Review-Journal from doing any discovery related to the counterclaims—that will necessarily preclude the Review-Journal from doing the discovery it needs to prepare the affirmative defenses that parallel the counterclaims. Although the Court indicated it would not preclude the Review-Journal from preparing its defenses, the Sun has already used the Rule 12(b)(1) motion as an excuse to categorically refuse to respond to any of the Review-Journal's discovery requests. *See*

---

[3] On November 18, 2019, along with its Motion for Protective Order Staying Discovery, the Sun served its objections to the Review-Journal's second set of interrogatories and requests for the production of documents. The Sun utterly refused to provide any substantive information or documents and, despite the clear connection to the Review-Journal's affirmative defenses, used the Sun's pending Rule 12(b)(1) motion and concurrently filed motion for protective order as excuses to avoid answering. *See* Ex. 4 (Objections). The Court must either stay the entire case or compel the Sun to participate in discovery. Should the Court decline to stay the entire case, the Review-Journal will bring a motion to compel and to continue trial due to the Sun's improper, obstructionist conduct in the discovery process.

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

13

Ex. 4 (Objections). With the expert disclosure deadline approaching in 60 days, the Sun cannot continue to thwart the Review-Journal's efforts to prepare its defenses for trial.

On the other hand, if the Court allows the Review-Journal to conduct discovery on all of its affirmative defenses—as the Court indicated it would—then the one-sided stay would still preclude the Review-Journal from proceeding to trial on its counterclaims and create a disjointed and inefficient trial. This result would require the Court to conduct two separate trials with two different juries over the same issues interpreting the same contract with many of the same witnesses. As the Sun has argued, NRCP 1 does not support such a colossal waste of the parties' or this Court's scarce resources.

**B.    For the Same Reasons the Sun Advanced in Support of its Request for a Stay of the Counterclaims, the Court Should Stay This Case Entirely and Postpone Ruling on the Arbitration-Related Motions.**

In seeking an order staying the Review-Journal's counterclaims in favor of the federal action, the Sun argued that the "legality of the Review-Journal's attempted JOA termination, and its role in an [allegedly] anticompetitive scheme, are at the core of both" this case and the federal case. 10/14/19 Sun Mot. to Dismiss at 19; *see also* 11/18/19 Sun Reply ISO Mot. to Dismiss at 20 (contending that not staying the Review-Journal's counterclaims would "duplicate efforts of the parties and the court while risking contradictory rulings"). Because the federal court will shortly decide whether or not the 2005 JOA is unlawful—or can be otherwise terminated for breach without implicating the antitrust laws—those considerations equally justify staying the Sun's contractual claims. That is, if the federal court holds either that the unapproved 2005 JOA is unlawful under the NPA or that the 2005 JOA is terminable for the Sun's material breaches, the Review-Journal would have a complete defense to the Sun's affirmative claims and there would be no impediment to the counterclaims, rendering any further discovery, pre-trial work, or even a hypothetical trial of Sun's claims an utter waste. The absence of a complete stay would create a procedural quagmire with the Sun's claims on a separate discovery and trial track from the Review-Journal's counterclaims—all of which are inextricably intertwined with the defenses to the Sun's claims.

14

APP242

It is a black-letter rule that this Court cannot enforce an unlawful agreement. *Rivero v. Rivero*, 125 Nev. 410, 429 (2009) (unlawful contracts are unenforceable); *Picardi v. Dist. Court*, 127 Nev. 106, 112–13 (2011) (same); *Barker v. McLeod*, 14 Nev. 148, 150–51 (1879) ("[an illegal contract] can never be enforced"); *Drexler v. Tyrrell*, 15 Nev. 114, 131 (1880) ("Courts will not lend their aid to enforce illegal contracts").

Many different courts have applied that rule to hold that an arbitration award issued pursuant to an unenforceable agreement cannot be judicially confirmed. *See, e.g., Loving & Evans v. Blick*, 33 Cal. 2d 603, 610 (1949) ("[I]t is generally held that a claim arising out of an illegal transaction is not a proper subject matter for submission to arbitration, and that an award springing out of an illegal contract, which no court can enforce, cannot stand on any higher ground than the contract itself."); *All Points Traders, Inc. v. Barrington Assocs.*, 211 Cal. App. 3d 723, 737 (1989) (vacating an arbitration award where the contract enforced in the arbitration was void for illegality); *South Bay Radiology Med. Assoc. v. W.M. Asher, Inc.*, 220 Cal. App. 3d 1074, 1079–81 (1990) (reversing a trial court order confirming an arbitration award because the underlying contract was unlawful); *State v. New England Health Care Employees Union, Dist. 1199, AFL-CIO*, 271 Conn. 127, 135 (2004) ("parties cannot expect an arbitration award approving conduct which is illegal or contrary to public policy to receive judicial endorsement"); *Matter of Crosstown Operating Corp. v. 8910 5th Ave. Rest. Inc.*, 595 N.Y.S.2d 445 (1993) ("to the extent the award includes breach of contract damages for revenues derived from Joker Poker, an illegal gambling device, it is violative of public policy and should not be judicially enforced"); *Bd. of Educ. of Charles Cty. v. Educ. Ass'n of Charles Cty.*, 286 Md. 358, 366 (1979) (arbitration award can be vacated "on the ground that the arbitrator exceeded his powers because the underlying contract was illegal").

If this case is not stayed, both the parties and this Court could waste considerable time and resources litigating claims that may then need to be unwound. It simply does not make any sense to address whether the Award should be confirmed or vacated while the fundamental issue of the underlying contract's legality remains unresolved. For example, if this Court hypothetically agreed with the Sun and confirmed portions of the Award, but the federal court

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

15

APP243

later held that the 2005 JOA was unlawful, then this Court's judgment would need to be vacated, raising any number of avoidable procedural and jurisdictional issues. Those sorts of prudential concerns are precisely why courts exercise their discretion to defer to other courts addressing serious threshold considerations bearing on their cases. *See, e.g., Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015) (staying litigation pending the resolution of other cases that might "simplify and resolve threshold issues" in the case); *Robinson v. Nationstar Mortg., LLC*, 220 F. Supp. 3d 1353, 1355 (S.D. Ga. 2016) (staying litigation pending another court's resolution of a "threshold issue").

**If the federal court voids the 2005 JOA, this case will be moot in its entirety.** Because the federal court's decision on that dispositive issue is in the offing, this Court should conserve its resources and stay any further proceedings pending the federal court's resolution—including any rulings on the parties' pending arbitration-related motions.

## IV.

## CONCLUSION

For the foregoing reasons, the Review-Journal respectfully requests an order staying all discovery in this matter and postponing any decision on the parties' pending arbitration-related motions until after the federal court determines the enforceability of the 2005 JOA.

DATED this 21st day of November, 2019.

Respectfully submitted,

KEMP, JONES & COULTHARD, LLP

J. Randall Jones, Esq., (#1927)
Michael J. Gayan, Esq. (#11135)
Mona Kaveh, Esq., (#11825)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

Richard L. Stone, Esq. (*pro hac vice*)
David R. Singer, Esq. (*pro hac vice*)
Amy M. Gallegos, Esq. (*pro hac vice*)
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
*Attorneys for Defendants/Counterclaimant*

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

16

APP244

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of November, 2019, I served a true and correct copy of the foregoing **NEWS+MEDIA CAPITAL GROUP LLC AND LAS VEGAS REVIEW-JOURNAL, INC.'S MOTION TO STAY CASE AND POSTPONE ACTION ON ARBITRATION-RELATED MOTIONS ON ORDER SHORTENING TIME** via the Court's electronic filing system only, pursuant to the Nevada Electronic Filing and Conversion Rules, Administrative Order 14-2, to all parties currently on the electronic service list.

_____
An Employee of Kemp, Jones & Coulthard, LLP

KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

17

APP245