# EXHIBIT 8

March 24, 2026, Defendants' Motion to Lift Stay and Motion for Summary Judgment, *Las Vegas Sun, Inc. v. News+Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B

# EXHIBIT 8

**APP250**

**Electronically Filed
3/24/2026 11:49 AM
Steven D. Grierson
CLERK OF THE COURT**

**MSJD**
Michael J. Gayan, Esq. (#11135)
CLAGGETT & SYKES LAW FIRM
1160 N. Town Center Drive, Suite 200
Las Vegas, Nevada 89144
(702) 655-2346 – Telephone
mike@claggettlaw.com

J. Randall Jones, Esq. (#1927)
KEMP JONES LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
(702) 385-6000 – Telephone
r.jones@kempjones.com

David R. Singer, Esq. (*pro hac vice*)
Amy M. Gallegos, Esq. (*pro hac vice*)
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, California 90071
(213) 239 5100 – Telephone
dsinger@jenner.com
agallegos@jenner.com

*Attorney for Defendants/Counterclaimant*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation, | Case No: A-18-772591-B |
| Plaintiff, | Dept. No. XVI |
| v. | **(Hearing Requested)** |
| NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; and LAS VEGAS REVIEW-JOURNAL, INC., a Delaware limited liability company; | **DEFENDANTS' MOTION TO LIFT STAY AND MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | |

**APP251**

LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,

Counterclaimant,

v.

LAS VEGAS SUN, INC., a Nevada corporation,

Counter-Defendant.

Defendants/Counterclaimant Las Vegas Review-Journal, Inc., and Defendant News+Media Capital Group LLC (the "Review-Journal"), through counsel of record, submit their Motion to Lift Stay and Motion for Summary Judgment ("Motion") against Plaintiff/Counter-Defendant Las Vegas Sun, Inc. (the "Sun").

This Motion is based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, the exhibits attached hereto, and any oral argument the Court may wish to entertain on this matter.

Dated this 24th day of March, 2026.

CLAGGETT & SYKES LAW FIRM

/s/ *Michael Gayan*
Michael J. Gayan, Esq. (#11135)
1160 N. Town Center Drive, Suite 200
Las Vegas, Nevada 89144

KEMP JONES LLP
J. Randall Jones, Esq. (#1927)
3800 Howard Hughes Pkwyy, 17th Fl.
Las Vegas, Nevada 89169

JENNER & BLOCK LLP
David R. Singer, Esq. (*pro hac vice*)
Amy M. Gallegos, Esq. (*pro hac vice*)
515 South Flower Street, Suite 3300
Los Angeles, California 90071
*Attorneys for Defendants / Counterclaimant*

- 2 -

**APP252**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

In 2018, the Sun filed this action based entirely on the Review-Journal's alleged breaches of the parties' 2005 Joint Operating Agreement ("2005 JOA"), which the Sun maintained was a "valid" and enforceable agreement. *See* Doc. No. 172 (Am. Compl.) at ¶¶ 162, 175, 187, 199, 210, 221, 235, 248. At the Sun's request, the Court compelled certain claims to arbitration. The parties arbitrated those claims, this Court confirmed the Arbitrator's decision, and the Nevada Supreme Court affirmed this Court's confirmation order.

In September 2019, the Sun filed a virtually identical action in federal court, repackaging its 2005 JOA breach allegations as supposed anticompetitive "antitrust" conduct. This Court stayed this entire action, expressly declining to decide whether the 2005 JOA was enforceable under the Newspaper Preservation Act ("NPA") as that issue was pending before the federal court. Doc. No. 210 (Order) at 3:2-4 ("The Court has not addressed the merits of whether the 2005 JOA is unlawful and unenforceable as a matter of federal law under the Newspaper Preservation Act, an issue that is currently before the federal court.").

Since then, the parties have continued to litigate the federal court action. In August 2025, the Ninth Circuit published a unanimous opinion holding that "the 2005 JOA is unlawful and unenforceable" under the NPA. *See* **Exhibit A** (JOA Decision) at 33. The Ninth Circuit's decision became final and binding when mandate issued after the Sun's petition for a writ of certiorari was denied by the Supreme Court of the United States. *See* **Exhibit B** (Mandate). Accordingly,

**APP253**

Case 2:19-cv-01667-ART-MDC    Document 1206-1    Filed 06/23/26    Page 5 of 20

neither party may lawfully perform under the 2005 JOA, and no court may lawfully enforce any duties that purportedly arise from the 2005 JOA.

Because the Sun's remaining claims in this breach of contract action necessarily rely on the validity and enforceability of the 2005 JOA, the Ninth Circuit's decision bars the Sun from obtaining any relief in this action. Thus, the Court should: (1) lift the stay because the Ninth Circuit has confirmed the 2005 JOA is unlawful and unenforceable, and (2) find as a matter of law the Review-Journal is entitled to summary judgment as to the Sun's remaining claims because they are necessarily dependent on the 2005 JOA being an enforceable contract, and the Ninth Circuit has ruled as a matter of law that the 2005 JOA is not an enforceable contract.[1]

## II. PROCEDURAL HISTORY AND STATEMENT OF UNDISPUTED FACTS

### A. State court action

In April 2018, the Sun filed its complaint in this Court relating to the Review Journal's alleged breaches of the parties' 2005 JOA. The Sun asserted seven claims for relief: (1) declaratory relief regarding the 2005 JOA; (2) breach of contract (2005 JOA arbitration provision); (3) breach of contract (2005 JOA editorial costs provision); (4) breach of contract (2005 JOA promotional expenses provision); (5) breach of contract (2005 JOA front page format); (6) breach of

---

[1] The Sun's entire case is premised on the 2005 JOA being an enforceable agreement. *See* Doc. No. 172 (Am. Compl.) at ¶¶ 162, 175, 187, 199, 210, 221, 235, 248. However, since some of the Sun's claims were compelled to arbitration, the Review-Journal seeks summary judgment on the Sun's remaining claims. *See* Doc. No. 41 (1/14/19 Reconsideration Order) at 8:6-19 (arbitrable claims), 9:1-8 (non-arbitrable claims), Doc. No. 172 (Am. Compl.).

- 4 -

**APP254**

contract (2005 JOA audit provisions); and (7) tortious breach of the implied covenant of good faith and fair dealing related to the 2005 JOA. *See* Doc. No. 1 (4/10/18 Compl.).

**B.     Arbitration**

In November 2018, on the Sun's motion, the Court compelled the following claims to arbitration (the "Arbitrable Claims"):

1)    First Claim (Declaratory Relief):
    a.    Section 4.2, and related provisions, concerning editorial costs
    b.    Section 5.1.4 concerning promotional activities and expenses
    c.    the audit provision contained in Appendix D

2)    Third Claim (Breach of Contract – Editorial Costs: Section 4.2 and Related Provisions)

3)    Fourth Claim (Breach of Contract – the Review-Journal's Independent Promotional Activities and Expenses: Section 5.1.4)

4)    Sixth Claim (Breach of Contract – Audit)
5)    Seventh Claim (Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing):
    a.    Section 4.2., and related provisions, concerning editorial costs
    b.    Section 5.1.4. concerning promotional activities and expenses
    c.    the audit provision contained in Appendix D.

*See* Doc. No. 41 (1/14/19 Reconsideration Order) at 8:6-19.

This Court maintained jurisdiction over the Sun's non-arbitrable claims ("Non-Arbitrable Claims"):

1)    First Claim (Declaratory Relief):
    a.    the arbitration provision contained in Appendix D
    b.    Section 5.1, and Appendices A and B, concerning the front page

2)    Second Claim (Breach of Contract – Arbitration Provision)

3)    Fifth Claim (Breach of Contract – The Front Page Format: Section 5.1., and Appendices A and B)

**APP255**

    4)     Seventh Claim (Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing):
         a.      The arbitration provision contained in Appendix D
         b.      Section 5.1., and Appendices A and B, concerning the front page format.

*Id.* at 9:1-8.

On July 2, 2019, the Arbitrator issued a final award adjudicating all Arbitrable Claims (the "Award"). *See* Doc. No. 92 (9/13/19 Appendix, Vol. 2) at Ex. 3 (0035-46). On September 13, 2019, the Sun filed a motion to partially confirm and partially vacate the Award. *See* Doc. No. 83. On September 18, 2019, the Review-Journal moved to vacate the Award. *See* Doc. No. 102. On January 28, 2020, the Court entered its order confirming the Award. *See* Doc. No. 207.

On September 16, 2021, after both sides appealed that order, the Nevada Supreme Court entered its decision affirming the Court's order. On November 11, 2021, the Sun filed a satisfaction of judgment. Doc. No. 263.

**C.      The Review-Journal's Counterclaim to Terminate the 2005 JOA**

On August 30, 2019, the Review-Journal moved for leave to amend the Answer to assert a Counterclaim to terminate the 2005 JOA. *See* Doc. No. 66. The Court heard and granted that motion on September 25, 2019. On September 30, 2019, the Review-Journal filed an amended answer and counterclaims against the Sun in this action. Doc. No. 122. The Review-Journal's counterclaims were all premised on the Sun's allegation that the 2005 JOA is enforceable.

**D.      The Sun Files the Federal Court Action**

On September 24, 2019, the Sun filed a similar complaint in the United States District Court for the District of Nevada. The Sun's federal complaint

- 6 -

**APP256**

repackaged the same alleged JOA-related breaches as a so-called "anticompetitive scheme" by the Review-Journal to eliminate the Sun and "monopolize the market for daily local newspapers in Clark County." *See Las Vegas Sun, Inv. v. Adelson, et al.*, Case No. 2:19-CV-01667-RFB-BNW (the "Federal Action"); *see also* Doc. No. 107 (Notice of Related Federal Court Action).

**E.      The Sun's First Amended State Complaint**

On September 30, 2019, the Sun moved to amend its complaint, which the Court later granted. *See* Doc. No. 124; Doc. No. 170. On November 15, 2019, the Sun filed its first amended complaint, seeking specific performance on its JOA-related breach of contract claims and adding two breach of contract claims for the Review-Journal's alleged "failure to promote the Sun" and breach of the "electronic replica edition" under the 2005 JOA's terms. Doc. No. 172 (Am. Compl.) at ¶¶ 152-246.

**F.      This Court Stays this Action**

On November 20, 2019, this Court granted the Sun's request to stay the Review-Journal's counterclaims only pending the outcome of the Federal Action. *See* 11/20/2019 Minutes. On January 31, 2020, the Court entered its order staying the entire case "in light of the issues currently pending before the federal court [] some of which could impact the pending claims, defenses, and counterclaims." Doc. No. 210 at 2:23-27. The Court also stated that:

> The Court has not addressed the merits of whether the 2005 JOA is unlawful as a matter of federal law under the Newspaper Preservation Act, an issue that is currently before the federal court.

*Id.* at 3:2-4.

**APP257**

### G.    The Ninth Circuit Deems the 2005 JOA Unlawful and Unenforceable Under Federal Law

The parties continued to litigate the Federal Action. In May 2023, the Review-Journal filed a motion for summary judgment asserting that the 2005 JOA was unlawful and unenforceable under the NPA. In June 2023, based on similar grounds, the Review-Journal moved to dissolve the preliminary injunction requiring continued performance under the 2005 JOA. The Sun filed a motion for summary judgment asserting that the 2005 JOA *was* lawful under the NPA.

In March 2024, the federal district court entered an order holding that the 2005 JOA was enforceable even though it had not been approved by the Attorney General and denied the Review-Journal's motion to dissolve the preliminary injunction. Ex. A (JOA Decision) at 3, 13.

The Review-Journal appealed that decision to the Ninth Circuit Court of Appeals. On August 4, 2025, the Ninth Circuit published a 34-page opinion reversing the district court and concluding that "the 2005 JOA is unlawful and unenforceable[] because it did not receive the 'required written consent of the Attorney General.'" Ex. A (JOA Decision) at 33. "Here it is both undisputed and indisputable that the Attorney General did not provide 'prior written consent' approving the 2005 JOA. Accordingly, [] '[i]t shall be unlawful' for the parties 'to enter into, **perform, or enforce' that JOA.**" *Id.* at 17-18 (quoting 15 U.S.C. § 1803(b), NPA § 4(b)), 33 (emphasis added). The District Court's reading that the lack of Attorney General approval merely meant that the parties lacked antitrust protection was "squarely foreclosed by the plain language of the statute." *Id.* at 18.

**APP258**

The Ninth Circuit concluded:

> [B]ecause it did not receive the required 'prior written consent of the Attorney General,' **the 2005 JOA is unlawful and unenforceable.** 15 U.S.C. § 1803(b). The district court erred in reaching a contrary conclusion and in denying on that basis Defendants' motion to dissolve the stipulated preliminary injunction.

*Id.* at 33-34 (emphasis added).

On September 11, 2025, the Ninth Circuit denied the Sun's petition for rehearing *en banc*, **Exhibit C** (En Banc Denial Order), and on February 23, 2026, the United States Supreme Court denied the Sun's petition for a writ of certiorari. **Exhibit D** (SCOTUS Denial Order). The Ninth Circuit issued its Mandate on February 25, 2026. **Exhibit B** (Mandate).

In response to the Mandate, the Sun sought a temporary restraining order and preliminary injunction in federal district court, and the Review-Journal moved to expedite resolution of its motion to dissolve the preliminary injunction. On the eve of the hearing on those motions, the district court entered an order dissolving the preliminary injunction, acknowledging that the Ninth Circuit's decision "invalidat[ed] the entire 2005 JOA," though it also enjoined the Review-Journal from "ceasing to print or distribute the Sun." **Exhibit E** (Order) at 12:5-6, 13:9-11.[2]

///

///

_____

[2] Due to the Injunction Order's facial violation of the Ninth Circuit's Mandate that the 2005 JOA is unlawful and unenforceable, the Review-Journal filed an emergency writ petition in the Ninth Circuit on March 18, 2026.

- 9 -

**APP259**

## III.    ARGUMENT

### A.    The Court Should Lift the Stay Because the Circumstances Have Materially Changed Such That the Stay Is No Longer Appropriate.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maheu v. Dist. Ct.*, 89 Nev. 214, 217, 510 P.2d 627, 629 (1973) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Logically, the same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002) (citations omitted). "A court may lift a stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate." *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) (citation omitted); *see also, e.g.*, *Rajabian v. Mercedes-Benz USA, LLC*, 154 F.4th 1145, 1150 (9th Cir. 2025) ("A motion to lift a stay resembles a motion for reconsideration of the court's grant of a stay.") (citation omitted).

Here, the Court stayed this case because the issues raised and then pending in the Federal Action bore on the Sun's remaining contract-based claims under the 2005 JOA and the related defenses and counterclaims. Doc. No. 211 (Stay Order) at 2:23-27. The Ninth Circuit's binding conclusion that the 2005 JOA is unlawful and unenforceable has necessarily resolved those issues. The Court need not wait to see how the Federal Action resolves because the Sun cannot prevail on its remaining contract-based claims in this action. Therefore, the basis for the stay no longer exists and continuance of the stay is not warranted for any other valid reason.

- 10 -

**APP260**

Accordingly, the Court should lift the stay and grant summary judgment for the Review-Journal on the Sun's remaining claims.

**B.   Summary Judgment is Appropriate on the Sun's Remaining Claims Because They Are Premised Entirely on the Enforceability of the 2005 JOA.**

The Court should grant summary judgment because the Ninth Circuit's binding decision that the 2005 JOA is unlawful and unenforceable as a matter of federal law conclusively establishes that the Sun cannot prevail on any of its remaining contract-based claims in this action—all of which require the Sun to establish the 2005 JOA's enforceability.

**1.   Summary judgment standard**

Summary judgment is appropriate under NRCP 56 and "shall be rendered forthwith" when the pleadings and other evidence properly before the court demonstrate that no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029, 1031 (2005). Nevada's standard for summary judgment under Rule 56 rejects the "slightest doubt" standard in favor of the standard and case law of the federal courts. *Id.* at 731, 1031.

Summary judgment is mandatory when a plaintiff fails to provide sufficient evidence to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gorlick*, 723 F.3d at 1024; *Nev. State Educ. Ass'n v. Clark Cty. Educ. Ass'n*, 137 Nev. 76, 80, 482 P.3d 665, 671 (2021).

**APP261**

A properly supported motion for summary judgment obligates the non-moving party to present admissible evidence showing a genuine issue of material fact. *See Cuzze v. Univ. & Cmty. College Sys.*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007). When the facts are established, courts may (and should) resolve disputed legal issues at the summary judgment stage rather than deferring them for trial. *See, e.g.*, *Galardi v. Naples Polaris, LLC*, 129 Nev. 306, 309, 301 P.3d 364, 366 (2013) (applying to contract interpretation); *Kuptz-Blinkinsop v. Blinkinsop*, 136 Nev. 360, 364, 466 P.3d 1271, 1275 (2020) (applying to claim and issue preclusion); *see also Huntington v. Mila, Inc.*, 119 Nev. 355, 357, 75 P.3d 354, 355-56 (2003) (applying to statutory interpretation).

### 2. This Court and the Sun are bound by the Ninth Circuit's holding that the 2005 JOA is illegal and unenforceable.

"Where the judgment or decree of the federal court determines a right under a federal statute, that decision is final until reversed in an appellate court or modified or set aside in the court of its rendition." *Stoll v. Gottlieb*, 305 U.S. 165, 170 (1938) (quotation omitted). "Any other conclusion strikes down the very foundation of the doctrine of *res judicata*[.]" *Deposit Bank v. Frankfurt*, 191 U.S. 499, 520 (1903).

State courts must give full faith and credit to the proceedings of federal courts. While the full faith and credit clause of the United States Constitution applies state to state, 28 U.S.C. § 1738 extends the clause to require state courts to recognize federal judgments. "[A]lthough Congress implemented the Constitution's full faith and credit clause of Article IV, § 1, in language referring only to state courts, there is a clearly established rule that state courts must give

- 12 -

**APP262**

full faith and credit to the proceedings of federal courts[.] That this is the rule is beyond doubt, and the state courts have generally accepted it." *Delaware Valley Citizens' Council for Clean Air v. Pa.*, 755 F.2d 38, 43 (3d Cir. 1985) (quotation omitted); *see also Magnolia Petroleum Co. v Hunt*, 320 U.S. 430, 439 (1943) (noting that "a litigation once pursued to judgment shall be as conclusive of the rights of the parties in every other court as in that where the judgment was rendered").

The Ninth Circuit held as a matter of law that the 2005 JOA is unlawful and unenforceable under federal law, specifically the NPA. The Sun has exhausted all opportunities to appeal that ruling, and the Ninth Circuit's Mandate has issued. The Ninth Circuit's decision is now final and binding on the parties and this Court. Accordingly, the Sun is unable to maintain any claim premised on the 2005 JOA or its terms. Because the Sun's remaining claims all require the Sun to prove the 2005 JOA's validity and enforceability—something it can never do— the Court must grant summary judgment in the Review-Journal's favor on the Sun's remaining claims.

### 3. The Sun's claims fail because they are entirely premised on the illegal and unenforceable 2005 JOA.

The 2005 JOA is unlawful and unenforceable under the NPA. Ex. A (JOA Decision) at 33; 15 U.S.C. § 1803(b) (making it unlawful to perform or enforce a JOA not already in effect as of July 24, 1970, without the express written consent of the Attorney General); *see also St. Mary v. Damon*, 129 Nev. 647, 658, 309 P.3d 1027, 1036 (2013) (noting that illegal contracts are not enforceable). The federal district court acknowledged the Ninth Circuit's decision "invalidat[ed] the entire 2005 JOA[.]" Ex. E (Injunction Order) at 12:5-6. Therefore, the Sun's remaining

- 13 -

claims fail because they rely entirely upon the existence of a valid, enforceable contract that has been deemed unlawful and unenforceable under federal law. The Ninth Circuit determined, and the NPA instructs, that no person—neither the Sun nor this Court—may enforce the 2005 JOA. Similarly, the Ninth Circuit and the NPA make it unlawful for the Review-Journal to "perform" under the 2005 JOA. *See* 15 U.S.C. § 1803(b).

The Sun's remaining claims, which cannot proceed based on the Ninth Circuit's decision, are as follows:

1.      **First Claim** (Declaratory Relief): (a) the arbitration provision contained in Appendix D and (b) Section 5.1, and Appendices A and B, concerning the front page;

2.      **Second Claim** (Breach of Contract – Arbitration Provision);

3.      **Fifth Claim** (Breach of Contract – The Front Page Format: Section 5.1., and Appendices A and B);

4.      **Seventh Claim** (Breach of Contract – Failure to Promote the Sun: Section 5.1.4 (equal prominence));

5.      **Eighth Claim** (Breach of Contract – E-Edition: Section 10.6); and

6.      **Ninth Claim** (Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing): (a) the arbitration provision contained in Appendix D and (b) Section 5.1., and Appendices A and B, concerning the front page format.

*See* Doc. No. 172 (Am. Compl.) at ¶¶152-255; *see also* Doc. No. 41 (1/14/19 Reconsideration Order) at 9:1-8.

- 14 -

**APP264**

### a. First Claim: The Sun's First Claim for declaratory relief fails as a matter of law.

To maintain a declaratory relief claim, "there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it[.]" *MB AM., Inc. v. Alaska Pac. Leasing*, 132 Nev. 78, 86 (2016) (quotation omitted); *see also, e.g., Terrell v. Lawyers Mit. Liab. Ins. Co.*, 131 N.C. App. 655, 661 (1998) ("Absent an enforceable contract right, an action for declaratory relief to construe or apply a contract will not lie.") (citing 26 C.J.S. *Declaratory Judgments* § 54, at 151 (1956).

The Sun's declaratory relief claim seeks a declaration regarding the "parties' rights and duties under [two provisions of] the 2005 JOA[:]" (1) the arbitration provision contained in Appendix D; and (2) Section 5.1 and Appendices A and B, concerning the front-page format. Doc. No. 172 (Am. Compl.) at ¶¶ 157-58. To succeed on that claim, the Sun must prove the 2005 JOA is an enforceable contract—a result the Ninth Circuit's opinion foreclosed. Because neither party has any right or obligation under the illegal and unenforceable 2005 JOA, the Sun's declaratory relief claim fails as a matter of law. *See State ex rel. Office Specialty Mfg. Co. v. Curler*, 26 Nev. 347, 351-52, 355 (1902) (noting illegal contract "void").

### b. Second, Fifth, Seventh, and Eighth Claims: The Sun's Second, Fifth, Seventh, and Eighth claims for breach of contract fail as a matter of law.

The Ninth Circuit's ruling precludes the Sun from establishing the fundamental element of any breach-related claim involving the 2005 JOA—the existence of a valid, enforceable contract. *See Bernard v. Rockhill Dev. Co.*, 103

- 15 -

**APP265**

Nev. 132, 734 P.2d 1238, 1240 (1987) (listing breach of contract elements). "The proposition is universal that no action arises, in equity or at law, from an illegal contract; no suit can be maintained for its specific performance [] or damages for its violation." *Davis v. Sittig*, 65 Tex. 497, 501 (1886) (citation omitted); *see also Curler*, 26 Nev. at 351-52, 355 (same and noting illegal contract "void").

The Sun's Second, Fifth, Seventh, and Eighth Claims for relief for alleged breaches of contract regarding the 2005 JOA's arbitration provision, front-page formatting, equal prominence provision, and e-edition, are premised entirely on the unlawful and unenforceable 2005 JOA and, thus, fail as a matter of law. Doc. No. 172 (Am. Compl.) at ¶¶ 161-173, 198-208, 220-233, 234-246. Therefore, summary judgment is appropriate on the Sun's Second, Fifth, Seventh, and Eighth Claims.

> ### c.   *Ninth Claim: The Sun's Ninth Claim for breach of the covenant of good faith and fair dealing fails as a matter of law.*

Claims premised upon the implied covenant of good faith and fair dealing fail in the absence of a valid contract. *See Perry v. Jordan,* 111 Nev. 943, 947, 900 P.2d 335, 338 (1995) (listing elements). "When no contractual relationship exists, no recovery for bad faith is allowed." *United Fire Ins. Co. v. McClelland,* 105 Nev. 504, 511, 780 P.2d 193, 197 (1989) (citation omitted); *see also Nevada Ins. Guar. Ass'n v. Sierra Auto Center,* 108 Nev. 1123, 1127, 844 P.2d 126, 128 (1992) ("The implied covenant of good faith and fair dealing can only arise out of a contractual relationship.").

- 16 -

**APP266**

Here, no valid contract exists between the parties related to the Sun's claims (or in any other respect). In fact, the Ninth Circuit held the NPA makes it unlawful for the Review-Journal to perform under the 2005 JOA. *See* 15 U.S.C. § 1803(b). Accordingly, the Sun cannot prevail on its claim for alleged breaches of the implied covenant of good faith and fair dealing. Thus, the Court must grant summary judgment in the Review-Journal's favor on the Sun's Ninth Claim. Doc. No. 172 (Am. Compl.) at ¶¶ 247-255.

## IV.   CONCLUSION

Based on the foregoing, the Review-Journal respectfully requests the Court enter an order providing the following relief:

1.   Lifting the stay entered on January 31, 2020; and

2.   Granting summary judgment against the Sun on all its remaining claims in this action, specifically the following:

a.   First Claim for declaratory relief;

b.   Second, Fifth, Seventh, and Eighth Claims for breach of contract; and

c.   Ninth Claim for tortious breach of the 2005 JOA.

Dated this 24th day of March, 2026.

CLAGGETT & SYKES LAW FIRM

/s/ *Michael Gayan*
Michael J. Gayan, Esq. (#11135)
1160 N. Town Center Drive, Suite 200
Las Vegas, Nevada 89144

- 17 -

**APP267**

KEMP JONES LLP
J. Randall Jones, Esq. (#1927)
3800 Howard Hughes Pkwyy, 17th Fl.
Las Vegas, Nevada 89169

JENNER & BLOCK LLP
David R. Singer, Esq. (*pro hac vice*)
Amy M. Gallegos, Esq. (*pro hac vice*)
515 South Flower Street, Suite 3300
Los Angeles, California 90071

*Attorneys for Defendants/
Counterclaimant*

| **INDEX OF EXHIBITS** | | |
|---|---|---|
| **Ex.** | **Description** | **Bates Nos.** |
| A | United States Court of Appeals 2005 JOA Opinion entered on August 4, 2025 | 001-034 |
| B | United States Court of Appeals Mandate entered on February 25, 2026 | 035 |
| C | United States Court of Appeals Order Denying Rehearing En Banc entered on September 11, 2025 | 036 |
| D | United States Court of Appeals Order Denying Petition for Writ of Certiorari entered on February 23, 2026 | 037 |
| E | United States District Court Order Dissolving the Preliminary Injunction entered on March 12, 2026 | 038-050 |

**APP268**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of March, 2026, I served a true and correct copy of the foregoing **DEFENDANTS' MOTION TO LIFT STAY AND MOTION FOR SUMMARY JUDGMENT** via the Court's electronic filing system only, pursuant to the Nevada Electronic Filing and Conversion Rules, Administrative Order 14-2, to all parties currently on the electronic service list.

> */s/ Melisa Pytlik*
> An Employee of CLAGGETT & SYKES LAW FIRM

- 19 -

**APP269**