# EXHIBIT 9

April 14, 2026, Plaintiff's Opposition to Defendants' Motion to Lift Stay and Motion for Summary Judgment, *Las Vegas Sun, Inc. v. News +Media Capital Group, LLC, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-772591-B

# EXHIBIT 9

**APP270**

Electronically Filed
4/14/2026 9:01 PM
Steven D. Grierson
CLERK OF THE COURT

E. LEIF REID, Nevada Bar No. 5750
KRISTEN L. MARTINI, Nevada Bar No. 11272
NICOLE SCOTT, Nevada Bar No. 13757
CLARK HILL PLC
1700 S. Pavilion Center Dr., Suite 500
Las Vegas, Nevada 89135
Tel: 702.862.8300
Fax: 702.778.9709
Email: lreid@clarkhill.com
        kmartini@clarkhill.com
        nsscott@clarkhill.com

JAMES J. PISANELLI, Nevada Bar No. 4027
TODD L. BICE, Nevada Bar No. 4534
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Tel: 702.214.2100
Fax: 702.214.2101
Email: JJP@pisanellibice.com
        TLB@pisanellibice.com

JORDAN T. SMITH, Nevada Bar No. 12097
BROWNSTEIN HYATT FARBER
SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Tel: 702.464.7022
Fax: 702.382.8135
Email: jtsmith@bhfs.com

*Attorneys for Plaintiff/Counterdefendant*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; and LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,<br><br>Defendants. | Case No.: A-18-772591-B<br><br>Department: 16<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO LIFT STAY AND MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: May 13, 2026<br>Hearing Time: 9:30 a.m. |
| LAS VEGAS REVIEW-JOURNAL, a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>LAS VEGAS SUN, INC., a Nevada corporation,<br><br>Counterdefendant. | |

Plaintiff Las Vegas Sun, Inc. (the "Sun"), through counsel of Clark Hill PLC, Pisanelli Bice PLLC, and Brownstein Hyatt Farber Schreck, LLP, hereby opposes Defendants News+Media Capital Group LLC and Las Vegas Review-Journal, Inc.'s (together, the "RJ"), Motion to Lift Stay and Motion for Summary Judgment ("Motion"). This Opposition is made pursuant to EDCR 2.20 and based upon the following Memorandum of Points and Authorities, the attached Exhibits, and the pleadings and papers on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

In a recurring attempt to evade responsibility, the RJ now seeks to lift the stay and end the instant action by misleadingly and incorrectly arguing that the Ninth Circuit's Opinion is fatal to the Sun's case. But the RJ's Motion is ill-placed and ill-timed, as critical federal issues and fundamental factual questions remain pending and unresolved in the parallel federal action. This was the reason for this Court's stay in the first place. Nothing has changed. The RJ's Motion should be summarily denied.

To recall, the Sun initially brought this action alleging breaches of a contract that both parties believed was lawful and enforceable. Indeed, the parties operated under that contract since 2005. In late 2019 (after losing in arbitration, which this Court confirmed), the RJ amended its answer and brought counterclaims seeking to terminate the 2005 JOA, thereby eliminating the Sun from the market in violation of the Newspaper Preservation Act and antitrust laws. After the Sun filed its antitrust case in federal court in response (the "Federal Court Action"), this Court stayed this state law proceeding, acknowledging limitations on its subject matter jurisdiction regarding these federal antitrust issues.

The RJ's suggestion that the Ninth Circuit's recent Opinion[1] nullifies the Sun's claims is simply wrong; it is not a serious argument. To be sure, the Ninth Circuit's Opinion has a profound—but not dispositive—impact on the landscape on both the federal case and this case as they move forward. In sum and substance, the Ninth Circuit rejected all existing caselaw, DOJ Regulations, and the DOJ's and NPA lawyers' longstanding practices that existed prior to that point in time. In

---

[1] *Las Vegas Sun, Inc. v. Adelson*, 147 F.4th 1103 (9th Cir. 2025) (hereinafter "*Adelson*").

1

ClarkHill\105559\1015963\287410895.v2-4/14/26

short, the Ninth Circuit said, for the first time anywhere, that even amendments to previously approved, post-1970 JOAs needed Attorney General approval under 15 U.S.C. § 1803(b). It thereby concluded that because the 2005 JOA "did not receive the required 'prior written consent of the Attorney General,' the 2005 JOA is unlawful and unenforceable." *Las Vegas Sun, Inc. v. Adelson*, 147 F.4th 1103, 1121 (9th Cir. 2025). This ruling was a significant intervening change in the law. The Ninth Circuit's Opinion consequently required the Sun to conform its pleadings to comport with this new law, and the federal court acknowledged the same, granting the Sun's motion to amend its complaint in the Federal Court Action on April 10, 2026.[2] That amendment, among so many other things, made clear that the Sun's antitrust claims relate to (but are not dependent upon) the approved 1989 JOA, and the RJ's anticompetitive conduct generally. Notably, there is no breach of contract claim even at issue in the Federal Court. That action is about violations of federal antitrust laws and deceptive trade practices governed by state law.

Crucially, the Ninth Circuit's Opinion did not end the Federal Action. Even with the Ninth Circuit's ruling, the unenforceability of the 2005 JOA cannot function to end the joint operation (the RJ's goal in both its federal and state court counterclaims). The federal court is still considering issues related to the parties' relationship and the requirement that the parties resume operating under the original 1989 JOA. Indeed, as the Ninth Circuit most recently confirmed, "We reiterate, however, that we do not have before us any issue concerning a reversion to the 1989 JOA, and we express no views on any such questions."[3] Put simply, the Federal Court Action is not yet 'resolved': it is very much active. And it is being intensely litigated.

As such, there is no basis to lift the stay in this matter, let alone consider the RJ's summary judgment request. Lifting the stay while the Federal Court Action is still ongoing would mean that this Court would be deciding issues the federal court has not yet resolved. Because the federal court's determinations are not remotely subject to a final judgment, lifting the stay is premature (at best) and risks inconsistent rulings. The RJ has shown no hardship or inequity in waiting for a final judgment in the Federal Court Action, while the Sun is prejudiced by having to litigate similar

---

[2] *See* **Ex. 1**.
[3] *See* **Ex. 2** at 7.

ClarkHill\105559\1015963\287410895.v2-4/14/26

**APP273**

issues (albeit for separate and distinct claims) concurrently in two different forums. With the full scope of the Federal Court Action unknown, the same is true with respect to the potential for necessary amendments to the Sun's claims in the instant action. Consequently, asking this Court to decide issues without a fully developed record—including potential amended pleadings—is premature. And, as this Court is familiar with the case, starting from scratch in this forum after the Federal Court Action is resolved further defies judicial economy.

The federal court's decision to allow amended pleadings based on a profound change in the law highlights ongoing, undecided issues. Proceeding with summary judgment while the federal court determines the scope of newly asserted claims is not appropriate. Therefore, maintaining the stay is necessary as the present scope of the Federal Court Action directly impacts this case.

## II.    RELEVANT FACTS AND PROCEDURAL HISTORY

### A.    The Sun and the Review-Journal Enter into a Joint Operating Agreement

The relationship between the Sun and the RJ did not originate when they entered into the 2005 JOA—it originated when they agreed to combine all of the business operations between them in 1989. FAC ¶¶ 10-7; *see also id.* at Ex. 1. They did so with the Attorney General's written approval, whereby the RJ was in exclusive and complete control of the joint operation and all non-editorial and -reportorial aspects of the Sun. *See, e.g., id.* ¶ 13. The parties later amended their agreement and entered into the 2005 JOA. *Id.* ¶¶ 30-31.

The parties operated under the 2005 JOA, as the valid and governing agreement between them, for 10 years before the Adelson Family purchased the Review-Journal on December 10, 2015. *Id.* ¶¶ 32-34, 81. Even after, the RJ believed and agreed that the 2005 JOA was valid and enforceable, in fact asking this Court to enforce its understanding of the 2005 JOA following arbitration. *See, e.g,* Defs.' Mot. to Vacate Arb. Award (Sept. 18, 2019).

### B.    This Action and This Court's Stay of Proceedings Pending Resolution of the Federal Court Action

The Sun initiated this action on April 10, 2018, alleging multiple claims for relief, several of which were compelled to arbitration. *See generally* FAC. Ultimately the Arbitrator entered an award in favor of the Sun. *See generally* Pl.'s Mot. to Confirm Arb. Award in Part & to Vacate or,

- 3 -

**APP274**

Alternatively, Modify or Correct the Award, in Part (Sept. 13, 2019).

After losing in arbitration, the RJ sought to terminate the 2005 JOA, alleging that the Sun materially breached what the RJ referred to as the "governing agreement," *i.e.*, the 2005 JOA. On August 30, 2019, the RJ requested leave to amend its answer and assert bogus contract-based counterclaims in an effort to terminate the joint operation and eliminate the Sun from the market.[4] On September 24, 2019, the Sun filed its Notice of Related Federal Court Action, notifying this Court that the Sun had filed a verified complaint in the United Stated District Court, District of Nevada, for divestiture, injunction and damages by reason of these and related Defendants' violations of the Sherman Antitrust Act, the Clayton Antitrust Act, and the Nevada Unfair Trade Practice Act. Shortly thereafter, on October 14, 2019, the Sun moved to dismiss Defendants' counterclaims because this Court lacks subject matter jurisdiction over Defendants' counterclaims, and alternatively sought a stay pending resolution of the Federal Court Action.

On November 20, 2019, this Court issued a stay as to the RJ's counterclaims, indicating "as to alternative Motion to Stay, matter stayed; will reserve ruling on subject matter jurisdiction and defer to pending resolution of action in Federal Court." Ct. Mins. (Nov. 20, 2019); *see also* Order Granting in Part & Denying in Part Pl.'s Mot. to Dismiss Countercls. or, Alternatively, to Stay Countercls. Pending Fed. Ct. Action at 2 (Jan. 9, 2020) (hereinafter "Stay Order") ("Defendants' Counterclaims are stayed pending resolution of Plaintiff's action filed in the [federal court]").

On November 22, 2019, the RJ moved for an emergency motion to stay the entire case, arguing the federal action should be resolved prior to this Court's resolution of the state court case. *See generally* RJ's Emergency Mot. to Stay Case & Postpone Action Arb.-Related Mots. on Order Shortening Time (Nov. 29, 2019). At the corresponding hearing, the RJ argued:

> And so if you -- if you say, Okay, well, I'm going to stop this part of the state court case, but I'm going to allow this other part to proceed without knowing where the federal court is going to end up, it essentially sets up what seems to me to be just a quagmire in the state court action. Because you can't predict -- and that's the whole point and reason why you stayed a part of the case, because you wanted – as you said yourself, you're taking a cautious approach. Well, you can't take a cautious approach that essentially only resolves half of

---

[4] The Court granted this motion and the order was entered October 28, 2019.

- 4 -

APP275

> the issues. And that's what the practical implications are in this instance. It is practically creating a quagmire because we don't know what the federal court is going to do.

Hr'g Tr. 20:1-15 (Dec. 4, 2019). The RJ further reiterated, "This Court has already ruled it would take a 'very, very cautious approach in court' and defer to the federal court on federal questions." *Id.* at 27:12-14. Ultimately, this Court held it would stay decision on any outstanding matters until the Federal Court Action is resolved. Ct. Mins. (Dec. 4. 2019).

### C.   The Federal Court Action

The Sun initiated its antitrust Federal Court Action against the RJ on September 24, 2019. On October 9, 2019, the Sun and the RJ filed a stipulation in the Federal Action to maintain the status quo; however, concurrent with summary judgment filings in 2023, the RJ moved to dissolve the status quo stipulation arguing the 2005 JOA was unenforceable under the NPA. The federal district court disagreed and the RJ appealed to the Ninth Circuit.

On August 4, 2025, the Ninth Circuit issued its circuit-splitting Opinion in the RJ's appeal. *Adelson*, 147 F.4th 1103. The Ninth Circuit rejected all existing caselaw, the DOJ Regulations, and the DOJ's and NPA lawyers' longstanding practices to conclude that even amendments to previously approved, post-1970 JOAs needed Attorney General approval under 15 U.S.C. § 1803(b). It therefore concluded that because the 2005 JOA "did not receive the required 'prior written consent of the Attorney General,' the 2005 JOA is unlawful and unenforceable." *Id.* at 1121. On February 23, 2026, the Supreme Court denied the Sun's Petition for Writ of Certiorari. No. 25-697, 2026 WL 490865 (U.S. Feb. 23, 2026).

The Sun consequently moved for leave to amend its complaint given the Ninth Circuit's Opinion, including seeking declaratory judgment and preliminary and permanent injunctive relief compelling the RJ to perform under the valid and now-governing 1989 JOA. On April 10, 2026, the federal court issued its Order on Motion for Leave to Modify the Scheduling Order and Amend and Supplement the Complaint (the "SAC Order"). **Ex. 1**. The federal court found that the Sun diligently moved to amend its pleading after the "Ninth Circuit's opinion on interlocutory appeal changed the legal landscape." *Id.* at 3. The court further found that, "[b]efore the RJ's interlocutory appeal, the closest authorities were the law of other circuits and DOJ's own interpretation of its

- 5 -

**APP276**

authority, and they supported the legality of the 2005 JOA . . . . The Ninth Circuit's opinion acknowledges that it diverges with other authorities." *Id.* at 3-4 (citations omitted).

The federal court likewise acknowledged the Sun's amendments to its complaint are "mostly to plead around the invalidation of the 2005 JOA." **Ex. 1** at 7. The Sun's amendments relate to the RJ's anticompetitive conduct, regardless of the underlying joint operation agreement.[5] Notably, the court found the Sun's claims are not contract claims, but antitrust claims. *See id.*; *see also* Order on Mot. to Dissolve & Mot. for TRO at 7, *Adelson,* No. 2:19-cv-016667-ART-VCF (Mar. 12, 2016) ECF No. 1096 at 7 (concluding that the Sun met its burden in establishing that the RJ's conduct was anticompetitive, additionally explaining that "the Sun's claims turn on allegations of anticompetitive conduct, not breach of the 2005 JOA"). Before the federal court, the RJ similarly distinguished antitrust claims and contract claims:

> The Sun can spend the same money, rent the printing press, and have at it. And we welcome the competition. And they can spend that money out of pocket. And if it turns out that somehow that's a contract damage like Your Honor said, they can sue us for that and that can be squared away at the end.

Tr. of Status Conf. at 62, *Las Vegas Sun, Inc. v. Adleson*, No. 2:19-cv-01667-ART-MDC (D. Nev. Apr. 3, 2026). In short, while the federal court has jurisdiction over antitrust claims, these are distinct from potential contract claims.

### D.       The RJ Files a Motion to Lift the Stay Despite the Lack of a Final Resolution

The RJ filed its instant motion seeking a lift of the stay and summary judgment, arguing the Ninth Circuit Opinion means the Sun's claims must fail, all while neglecting to mention that the Federal Court Action continues (including that the Sun had a pending motion for leave to amend and supplement its complaint to address the radical change in controlling law) and refusing to wait to file the instant Motion until the Federal Court resolved the Sun's motion for leave. *See id.*; *see also* **Ex. 1**. The Sun's Second Amended and Supplemental Complaint is now the operative complaint in the Federal Action, and the litigation is proceeding. There has been no final resolution

---

[5] The court had already found that the RJ was the successor-in-interest to the original owners of the Review-Journal, and that the parties did not terminate the 1989 JOA or that the 2005 JOA was a novation of the 1989 JOA. *See* Order [on Cross-Mots. for Summ. J.] at 35, 18-19, No. 2:19-cv-016667-ART-VCF (D. Nev. Mar. 31, 2024).

- 6 -

**APP277**

ClarkHill\105559\1015963\287410895.v2-4/14/26

in the Federal Court Action or in this case. And there has been no final determinations related to the RJ's obligations to perform under the parties' existing original agreement, the 1989 JOA.

### III.   A LIFT OF THIS COURT'S STAY IS NOT WARRANTED

Courts have inherent authority to manage their internal dockets, including the power to stay proceedings. *City of Sparks v. Sparks Mun. Ct.*, 129 Nev. 348, 363, 302 P.3d 1118, 1129 (2013); *see Maheu v. Eighth Jud. Dist. Ct.*, 89 Nev. 214, 217, 510 P.2d 627, 629 (1973) ("'(T)he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.'" (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936))). Notably, courts routinely stay proceedings when there are "similar actions between the same parties with the same issues in another forum." *Sullivan v. Baker Ranches, Inc.*, 141 Nev. Adv. Op. 36, 573 P.3d 1240, 1245 (2025) (citing cases).

Here, this Court entered a stay to "reserve ruling on subject matter jurisdiction and defer pending resolution of action in Federal Court." Ct. Mins. (Nov. 20, 2019). Specifically, this Court ordered that "Defendants' Counterclaims are stayed pending resolution of Plaintiff's [federal court] action." Stay Order 2.

There is no final resolution of the Sun's claims in the Federal Court Action. The federal court granted the Sun's motion to amend its complaint following the Ninth Circuit's novel Opinion. **Ex. 1**. With the full scope of the Federal Action still unknown, preemptively lifting the stay here could affect the Sun's rights in this case. *See Sullivan*, 141 Nev. Adv. Op. 36, 573 P.3d at 1245 ("There can be no doubt that the pendency of a suit in another [forum], is no reason of itself for the delay of a cause in this; but when it is obvious to the court that their decision will affect rights to be ascertained by the determination of such suit, and where such rights are involved in the cause here, they will grant a reasonable time to the parties interested to obtain such determination" (citing *J. P. Chatzel & Co. v. Bolton*, 14 S.C.L. 33, 38 (1825))).

As the RJ articulated, this Court "can't predict – and that's the whole point and reason why [the Court] stayed a part of the case . . . . It is practically creating a quagmire because we don't

**APP278**

know what the federal court is going to do." Hr'g Tr. at 20:1-15 (Dec. 4, 2019). Given the pending Federal Court Action, it would be premature to jeopardize the Sun's rights here.[6]

## IV.    THE RJ'S MOTION FOR SUMMARY JUDGMENT IS IMPROPER AND MUST BE DENIED

### A.    <u>Legal Standard</u>

Summary judgment is appropriate "when the pleadings and other evidence on file demonstrate that no 'genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law.'" *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (quotation omitted). "[W]hen reviewing a motion for summary judgment, the evidence, and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party." *Id.* Under Nevada Rule of Civil Procedure 56(a), a party may only move for summary judgment on a "claim," *i.e.*, a claim that has been plead.

### B.    <u>The Ninth Circuit Opinion did Not End the Federal Court Action</u>

The RJ's misplaced argument that the Ninth Circuit Opinion has foreclosed all of the Sun's claims is wrong. Mot. 12-13. Importantly, the federal court disagrees with this assertion and granted the Sun's request to amend and supplement its complaint in the Federal Court Action, including seeking declaratory judgment and preliminary and permanent injunctive relief compelling the RJ to revert to operating under the 1989 JOA; this includes the obligations to publish, promote, circulate the Sun newspaper, and make editorial and other payments to support the Sun's operations as required by the agreement. **Ex. 1** at 2. Importantly, neither the federal court nor the Ninth Circuit has made any final determinations related to the governing 1989 JOA nor the RJ's obligation to revert to it. *See id.*; *see also* **Ex. 2** at 7 ("We reiterate, however, that we do not have before us any

---

[6] The RJ cites extensively to federal cases in support of its argument that this Court should lift its stay. Mot. 10. Yet a *federal* court stay in favor of *state* litigation is a rare occurrence and a "narrow exception to the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Holder v. Holder*, 305 F.35 854, 867 (9th Cir. 2002) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). This approach is directly in tension with the RJ's insistence that the federal litigation carries supreme weight. *See generally* Mot. If the federal litigation is paramount, it should be permitted to come to its conclusion before lifting the stay. Even the RJ's cited case concludes that permitting a related proceeding to come to a final determination is appropriate before lifting a stay. Mot. 10 (citing *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 75 (D.D.C. 2002)). In its current posture, the RJ suffers no harm or prejudice from the continued existence of a stay.

ClarkHill\105559\1015963\287410895.v2-4/14/26

**APP279**

issue concerning a reversion to the 1989 JOA, and we express no views on any such questions."). In other words, there is no final resolution on the Sun's amended claims, which amendments were only necessitated by the change in law.

### C. **The RJ's Supposition that the Sun's Claims Fail is Wrong**[7]

The RJ's assumption that the Sun's claims are "entirely premised" on the 2005 JOA is untrue. Mot. 13. The Sun does not dispute that the Ninth Circuit found the 2005 JOA unenforceable. However, this was an extraordinary change in controlling law, requiring the Sun to seek leave to amend its pleading in the Federal Court Action. The federal court recognized the consequential effect from the Ninth Circuit Opinion, and granted the Sun leave to amend given the circumstances. *See* **Ex. 1**. To the extent the Sun's antitrust claims were plead based on the 2005 JOA, that is no longer the case. The operative pleading in the Federal Court Action makes clear that the RJ's obligations to the Sun were borne from the original 1989 JOA. Thus, the exact same rationale for staying this case in the first place remains unaffected.

It follows then that it is unclear what amendments are necessitated in this case until a final resolution of the Federal Court Action. Any action in this Court would likewise acknowledge the Ninth Circuit Opinion, and if necessary, the Sun would seek leave to amend its complaint here correspondingly. In other words, the RJ is seeking summary judgment on claims not yet plead. "[P]lainly a motion for summary judgment is premature when it seeks adjudication of an unfiled claim or counterclaim." *Ericson Grp., Inc. v. Digital Sports Graphics, Inc.*, No. 2:05-CV-927LDGRJJ, 2007 WL 2891928, at *2 (D. Nev. Sept. 28, 2007). As the federal court is still determining the impact of the Ninth Circuit's Opinion on the remainder of the case, this will have implications for the Sun's claims here.

Further, any issues not addressed explicitly by the Ninth Circuit Opinion cannot have a preclusive effect on the instant litigation.[8] *See*, *e.g.*, *Paulos v. FCH1, LLC*, 136 Nev. 18, 25, 456

---

[7] To the extent that the RJ wants to dismiss its counterclaims with prejudice as they are all based upon the 2005 JOA, the Sun does not object.

[8] The Ninth Circuit has explained that antitrust liability is distinct from contract disputes, explaining that while antitrust liability can be predicated on conduct that also happens to create a contract dispute, even in that instance any contractual rights do not grant the defendant "the freedom to act anticompetitively." *City of Vernon v. S. Cal. Edison Co.*, 955 F.2d 1361, 1368 (9th Cir. 1992). Stated another way, contractual "limitations do[ ] not speak to antitrust concerns." *Id.*

**APP280**

ClarkHill\105559\1015963\287410895.v2-4/14/26

P.3d 589, 595 (2020) ("Because the Ninth Circuit was silent on whether Officer Baca violated Paulos's constitutional rights, we conclude that issue was not necessarily decided in a final judgment.").

To reiterate, there has been no final resolution in the Federal Court Action and no findings related to the RJ's argument that the parties are no longer bound by the original 1989 JOA due to the invalidation of its 2005 amendment. The federal court already found at summary judgment that the 2005 JOA was not a novation of the 1989 JOA and that it did not terminate the original agreement. *See* Order, 18-19, *Las Vegas Sun, Inc. v. Adelson*, No. 2:19-cv-01667-ART-MDC (Mar. 31, 2024). This conclusion was not disturbed by the Ninth Circuit. Consequently, the 1989 JOA remains and governs the parties' relationship. And the RJ has not and cannot argue there has been a final resolution in the Federal Court Action related to the 1989 JOA; therefore, the RJ cannot argue there are no disputed facts here warranting summary judgment on claims not yet plead.

With the RJ's relentless focus on deferring to the federal litigation, it is only appropriate to permit the federal court to proceed with adjudicating the contractual relationship between the RJ and the Sun before proceeding further in this case.

## V.   CONCLUSION

For the foregoing reasons, this Court should deny the RJ's Motion.

DATED this 14th day of April, 2026.

CLARK HILL PLC

By: */s/ Kristen L. Martini*
E. Leif Reid, Nevada Bar No. 5750
Kristen L. Martini, Nevada Bar No. 11272
Nicole Scott, Nevada Bar No. 13757
1700 S. Pavillion Center Drive, Suite 500
Las Vegas, Nevada 89135

PISANELLI BICE PLLC
James J. Pisanelli, Nevada Bar No. 4027
Todd L. Bice, Nevada Bar No. 4534
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

**APP281**

ClarkHill\105559\1015963\287410895.v2-4/14/26

BROWNSTEIN HYATT FARBER
SHRECK, LLP
Jordan T. Smith, Nevada Bar No. 12097
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

*Attorneys for Plaintiff/Counterdefendant*

- 11 -

**APP282**

## CERTIFICATE OF SERVICE

Pursuant to Nevada Rule of Civil Procedure 5(b), I certify that I am an employee of CLARK HILL PLC, and that on this date, I caused a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO LIFT STAY AND MOTION FOR SUMMARY JUDGMENT** to be served by electronically filing the foregoing with the Odyssey electronic filing system, which will send notice of electronic filing to:

J. Randall Jones, Esq.
Michael J Gayan, Esq.
Mona Kaveh, Esq.
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, NV 89169

Michael J. Gayan
CLAGGETT & SYKES LAW FIRM
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107

Amy M. Gallegos, Esq.
David R. Singer, Esq.
Andrew G. Sullivan, Esq.
Alison I Stein, Esq.
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071

Richard L. Stone, Esq.
850 Devon Avenue
Los Angeles, CA 90024

DATED: April 14, 2026.

/s/ *Kristen L. Martini*
An Employee of Clark Hill PLC

12

**APP283**

**DECLARATION OF KRISTEN L. MARTINI IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO LIFT STAY AND MOTION FOR SUMMARY JUDGMENT**

I, Kristen L. Martini, do hereby swear under penalty of perjury that the following assertions are true and correct to the best of my knowledge:

1.      I am a duly licensed attorney admitted to practice in the State of Nevada. I am a member of Clark Hill PLC, and counsel for Plaintiff Las Vegas Sun, Inc. (the "Sun") in this matter. I make this Declaration in support of Plaintiff's Opposition to Defendants' Motion to Lift Stay and Motion for Summary Judgment ("Opposition").

2.      Attached to the Opposition as **Exhibit 1** is a true and correct copy of the April 10, 2026, Order on Motion for Leave to Modify the Scheduling Order and Amend and Supplement the Complaint (ECF Nos. 1115, 1118) in the federal court action in the U.S. District Court of Nevada styled, *Las Vegas Sun, Inc. v. Adelson*, No. 2:19-cv-01667-ART-MDC.

3.      Attached to the Opposition as **Exhibit 2** is a true and correct copy of the March 30, 2026, Order in the Ninth Circuit action styled, *Adelson v. Dist. Court of Nev.*, No. 26-1646.

4.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of April, 2026.


_____

KRISTEN L. MARTINI

13

**APP284**

ClarkHill\105559\1015963\287410895.v2-4/14/26

**EXHIBIT INDEX**

| EX. NO. | DESCRIPTION | NO. PAGES |
|---------|-------------|-----------|
| 1 | Order on Motion for Leave to Modify the Scheduling Order and Amend and Supplement the Complaint (ECF Nos. 1115, 1118), *Las Vegas Sun, Inc. v. Adelson*, No. 2:19-cv-01667-ART-MDC (Dist. Nev. Apr. 10, 2026) | 9 |
| 2 | Order, *Adelson v. Dist. Court of Nev.*, No. 26-1646 (9th Cir. Mar. 30, 2026) | 7 |

**APP285**

ClarkHill\105559\1015963\287410895.v2-4/14/26