# EXHIBIT A

July 6, 2026, Notice of Entry of Order Granting Defendants' Motion to Lift Stay and Motion for Summary Judgment, entered in Eighth Judicial District Court, Clark County, Nevada

**Electronically Filed**
**7/6/2026 6:38 PM**
**TIMOTHY F. ANDREWS**
**CLERK OF THE COURT**

**NEOJ**
Michael J. Gayan, Esq. (#11135)
CLAGGETT & SYKES LAW FIRM
1160 N. Town Center Drive, Suite 200
Las Vegas, Nevada 89144
(702) 655-2346 – Telephone
mike@claggettlaw.com

J. Randall Jones, Esq. (#1927)
KEMP JONES LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
(702) 385-6000 – Telephone
r.jones@kempjones.com

David R. Singer, Esq. (*pro hac vice*)
Amy M. Gallegos, Esq. (*pro hac vice*)
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, California 90071
(213) 239 5100 – Telephone
dsinger@jenner.com
agallegos@jenner.com

*Attorneys for Defendants/Counterclaimant*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation, | Case No: A-18-772591-B |
| Plaintiff, | Dept. No. XVI |
| v. | |
| NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; and LAS VEGAS REVIEW-JOURNAL, INC., a Delaware limited liability company; | **NOTICE OF ENTRY OF ORDER GRANTING DEFENDANTS' MOTION TO LIFT STAY AND MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | |

LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,

    Counterclaimant,

v.

LAS VEGAS SUN, INC., a Nevada corporation,

    Counter-Defendant.

PLEASE TAKE NOTICE that an Order Granting Defendants' Motion to Lift Stay and Motion for Summary Judgment was entered in the above captioned matter on July 6, 2026. A copy of said Order is attached hereto as **Exhibit 1**.

Dated this 6th day of July, 2026.

        CLAGGETT & SYKES LAW FIRM

        /s/ *Michael Gayan*
        Michael J. Gayan, Esq. (#11135)
        1160 N. Town Center Drive, Suite 200
        Las Vegas, Nevada 89144

        KEMP JONES LLP
        J. Randall Jones, Esq. (#1927)
        3800 Howard Hughes Pkwyy, 17th Fl.
        Las Vegas, Nevada 89169

        JENNER & BLOCK LLP
        David R. Singer, Esq. (*pro hac vice*)
        Amy M. Gallegos, Esq. (*pro hac vice*)
        515 South Flower Street, Suite 3300
        Los Angeles, California 90071

        *Attorneys for Defendants/*
        *Counterclaimant*

- 2 -

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of July, 2026, I served a true and correct copy of the foregoing **NOTICE OF ENTRY OF ORDER GRANTING DEFENDANTS' MOTION TO LIFT STAY AND MOTION FOR SUMMARY JUDGMENT** via the Court's electronic filing system only, pursuant to the Nevada Electronic Filing and Conversion Rules, Administrative Order 14-2, to all parties currently on the electronic service list.

*/s/ Melisa Pytlik*
An Employee of CLAGGETT & SYKES LAW FIRM

- 3 -

# EXHIBIT 1

Electronically Filed
07/06/2026 5:27 PM
CLERK OF THE COURT

OGM

~~OGSJ~~

Michael J. Gayan, Esq. (#11135)
CLAGGETT & SYKES LAW FIRM
1160 N. Town Center Drive, Suite 200
Las Vegas, Nevada 89144
(702) 655-2346 – Telephone
mike@claggettlaw.com

J. Randall Jones, Esq. (#1927)
KEMP JONES LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
(702) 385-6000 – Telephone
r.jones@kempjones.com

David R. Singer, Esq. (pro hac vice)
Amy M. Gallegos, Esq. (pro hac vice)
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, California 90071
(213) 239 5100 – Telephone
dsinger@jenner.com
agallegos@jenner.com

*Attorneys for Defendants/Counterclaimant*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| LAS VEGAS SUN, INC., a Nevada corporation, | Case No: A-18-772591-B |
| Plaintiff, | Dept. No. XVI |
| v. | **~~[PROPOSED]~~ ORDER GRANTING DEFENDANTS' MOTION TO LIFT STAY AND MOTION FOR SUMMARY JUDGMENT** |
| NEWS+MEDIA CAPITAL GROUP LLC, a Delaware limited liability company; and LAS VEGAS REVIEW-JOURNAL, INC., a Delaware limited liability company; | |
| Defendants. | |

- 1 -

LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation,

Counterclaimant,

v.

LAS VEGAS SUN, INC., a Nevada corporation,

Counter-Defendant.

Defendants/Counterclaimant Las Vegas Review-Journal, Inc. and Defendant News+Media Capital Group LLC (collectively, the "Review-Journal" or "Defendants") filed their Motion to Lift Stay and Motion for Summary Judgment on March 24, 2026 (Doc. No. 271) ("Motion"). Plaintiff/Counter-Defendant Las Vegas Sun, Inc. (the "Sun" or "Plaintiff") filed its Opposition on April 14, 2026 (Doc. No. 275) ("Opposition"), and Defendants replied on May 5, 2026 (Doc. No. 276) ("Reply").

The Court conducted a hearing on Defendants' Motion on May 28, 2026, and took the Motion under advisement. After the hearing on May 28, 2026, Plaintiff filed a Notice with certain filings from the related federal court action for this Court's consideration (Doc. No. 278). On May 29, 2026, Defendants filed a Notice with a filing from the related federal court action for this Court's consideration (Doc. No. 280). Having considered the issues and arguments presented, and good cause appearing therefore, the Court entered a Minute Order on June 10, 2026, and now enters the following findings of fact, conclusions of law, and order.

/ / /

- 2 -

## I.    FINDINGS OF FACT

1.    On April 10, 2018, the Sun filed its complaint in this Court relating to the Review-Journal's alleged breaches of the parties' 2005 joint operating arrangement ("2005 JOA"). The Sun asserted seven claims for relief: (1) declaratory relief regarding the parties' rights and duties under the 2005 JOA; (2) breach of contract (2005 JOA Arbitration Provision); (3) breach of contract (2005 JOA Section 4.2 and Related Provisions); (4) breach of contract (2005 JOA the Review-Journal's Independent Promotional Activities and Expenses: Section 5.1.4); (5) breach of contract (2005 JOA The Front Page Format: Section 5.1, and Appendices A and B); (6) breach of contract (2005 JOA Audit provision in Appendix D); and (7) tortious breach of the implied covenant of good faith and fair dealing related to the 2005 JOA. *See* Doc. No. 1 (4/10/18 Compl.).

### A.    Arbitration

2.    In November 2018, on the Sun's motion, the Court compelled the following claims to arbitration based on its reading of the terms of the 2005 JOA (Doc. No. 41 at 8:6-19) (1/14/19 Reconsideration Order) (the "Arbitrated Claims"):

First Claim (Declaratory Relief):
   a.   Section 4.2, and related provisions, concerning editorial costs
   b.   Section 5.1.4 concerning promotional activities and expenses
   c.   the audit provision contained in Appendix D

Third Claim (Breach of Contract – Editorial Costs: Section 4.2 and Related Provisions)

Fourth Claim (Breach of Contract – the Review-Journal's Independent Promotional Activities and Expenses: Section 5.1.4)

Sixth Claim (Breach of Contract – Audit)

Seventh Claim (Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing):
- a. Section 4.2., and related provisions, concerning editorial costs
- b. Section 5.1.4. concerning promotional activities and expenses
- c. the audit provision contained in Appendix D.

3. This Court retained jurisdiction over the Sun's remaining claims for relief, all of which were non-arbitrable under the terms of the 2005 JOA (*Id.* at 9:1-8) ("Non-Arbitrated Claims"):

First Claim (Declaratory Relief):
- a. the arbitration provision contained in Appendix D
- b. Section 5.1, and Appendices A and B, concerning the front page

Second Claim (Breach of Contract – Arbitration Provision)

Fifth Claim (Breach of Contract – The Front Page Format: Section 5.1., and Appendices A and B)

Seventh Claim (Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing):
- a. The arbitration provision contained in Appendix D
- b. Section 5.1., and Appendices A and B, concerning the front page format.

4. On July 2, 2019, the Arbitrator issued a final award adjudicating all Arbitrated Claims (the "Award"). *See* Doc. No. 92 (9/13/19 Appendix, Vol. 2) at Ex. 3 (0035-46).

5. On September 13, 2019, the Sun filed a motion to partially confirm and partially vacate the Award. *See* Doc. No. 83.

6. On September 18, 2019, the Review-Journal moved to vacate the Award. *See* Doc. No. 102.

7. On January 28, 2020, the Court entered its order confirming the Award (the "Confirmation Order"). *See* Doc. No. 207.

- 4 -

8.      On September 16, 2021, after both sides appealed the Confirmation Order, the Nevada Supreme Court entered its decision affirming the Confirmation Order. *News+Media Cap. Grp. LLC v. Las Vegas Sun, Inc.*, 137 Nev. 447, 495 P.3d 108 (2021).

9.      On November 11, 2021, after the Review-Journal fully paid the judgment resulting from the Award, the Sun filed a satisfaction of judgment. *See* Doc. Nos. 261, 263.

### B.      The Review-Journal's Counterclaim

10.      On August 30, 2019, the Review-Journal moved for leave to amend the Answer to assert counterclaims for breach of contract and for declaratory relief. *See* Doc. No. 66.

11.      The Court heard and granted that motion on September 25, 2019. On September 30, 2019, the Review-Journal filed an amended answer and counterclaims against the Sun in this action. *See* Doc. No. 122. The Review-Journal's counterclaims are all premised on the Sun's allegation that the 2005 JOA is a valid and enforceable contract.

### C.      The Sun Files the Federal Court Action

12.      On September 24, 2019, the Sun filed a complaint in the United States District Court for the District of Nevada. The Sun's federal complaint included the same alleged JOA-related breaches by the Review-Journal and called them an "anticompetitive scheme" to eliminate the Sun and "monopolize the market for daily local newspapers in Clark County." *See Las Vegas Sun, Inv.*

*v. Adelson, et al.*, Case No. 2:19-cv-01667-ART-MDC (the "Federal Action"); *see also* Doc. No. 107 (Notice of Related Federal Court Action).

13. On October 30, 2019, the Review-Journal moved to dismiss the Federal Action on the grounds that the 2005 JOA never received the Attorney General's written approval as required by the Newspaper Preservation Act, 15 U.S.C. §§ 1801–1804, and, therefore, is unlawful and unenforceable. *See* Doc. No. 186 (Motion to Stay), Ex. 1 at 5-13.

**D.     The Sun's First Amended State Court Complaint**

14. On September 30, 2019, the Sun moved to amend its complaint in this case, which the Court later granted. *See* Doc. No. 124; Doc. No. 170.

15. On November 15, 2019, the Sun filed its first amended complaint, seeking specific performance on its JOA-related breach of contract claims and adding two breach-of-contract claims for the Review-Journal's alleged "failure to promote the Sun" and breach of the "electronic replica edition" provisions of the 2005 JOA. Doc. No. 172 (Am. Compl.) at ¶¶ 152-246.

**E.     This Court Stays this Action**

16. On November 20, 2019, this Court granted the Sun's request to stay the Review-Journal's counterclaims pending the outcome of the Federal Action. *See* 11/20/2019 Minutes.

17. On January 31, 2020, after the Review-Journal filed an emergency motion, the Court entered its order staying the entire case "in light of the issues currently pending before the federal court [] some of which could impact the

- 6 -

pending claims, defenses, and counterclaims." Doc. No. 210 at 2:23-27. The

Court also stated that:

> The Court has not addressed the merits of whether the 2005 JOA is unlawful as a matter of federal law under the Newspaper Preservation Act, an issue that is currently before the federal court.

*Id*. at 3:2-4.

### F.     The Ninth Circuit Deems the 2005 JOA Unlawful and Unenforceable Under Federal Law

18.    The parties continued to litigate the Federal Action. In May 2023, the Review-Journal filed a motion for summary judgment in the Federal Action asserting that the 2005 JOA was unlawful and unenforceable under the NPA. In June 2023, based on similar grounds, the Review-Journal moved to dissolve the preliminary injunction in the Federal Action that required continued performance under the 2005 JOA. The Sun filed a motion for summary judgment in the Federal Action asserting that the 2005 JOA *was lawful* under the NPA.

19.    In March 2024, the federal district court entered an order holding that the 2005 JOA was enforceable even though it had not been approved by the Attorney General and denied the Review-Journal's motion to dissolve the preliminary injunction. *See* Motion (Doc. No. 271), Ex. A (JOA Decision) at 3, 13.

20.    The Review-Journal appealed that decision to the Ninth Circuit Court of Appeals. On August 4, 2025, the Ninth Circuit published a unanimous 34-page opinion reversing the district court and concluding that "the 2005 JOA is unlawful and unenforceable[] because it did not receive the 'required written

consent of the Attorney General.'" Motion (Doc. No. 271), Ex. A (JOA Decision) at 33. "Here it is both undisputed and indisputable that the Attorney General did not provide 'prior written consent' approving the 2005 JOA. Accordingly, [] '[i]t shall be unlawful' for the parties 'to enter into, perform, or enforce' that JOA." *Id.* at 17-18 (quoting 15 U.S.C. § 1803(b), NPA § 4(b)), 33. The district court's reading that the lack of Attorney General approval merely meant that the parties lacked antitrust protection was "squarely foreclosed by the plain language of the statute." *Id.* at 18. The Ninth Circuit concluded:

> [B]ecause it did not receive the required 'prior written consent of the Attorney General,' **the 2005 JOA is unlawful and unenforceable.** 15 U.S.C. § 1803(b). The district court erred in reaching a contrary conclusion and in denying on that basis Defendants' motion to dissolve the stipulated preliminary injunction.

*Id.* at 33-34 (emphasis added).

21.    On September 11, 2025, the Ninth Circuit denied the Sun's petition for rehearing *en banc*, Motion (Doc. No. 271), Ex. C (En Banc Denial Order), and on February 23, 2026, the United States Supreme Court denied the Sun's petition for a writ of certiorari. *See* Motion (Doc. No. 271), Ex. D (SCOTUS Denial Order). The Ninth Circuit issued its Mandate on February 25, 2026. *See* Motion (Doc. No. 271), Ex. B (Mandate).

22.    In response to the Mandate, the Sun sought another temporary restraining order and preliminary injunction in the Federal Action, and the Review-Journal moved to dissolve the existing preliminary injunction. On March 12, 2026, the District Court entered an order dissolving the preliminary

injunction, acknowledging that the Ninth Circuit's decision "invalidat[ed] the entire 2005 JOA," though it also enjoined the Review-Journal from "ceasing to print or distribute the Sun." Motion (Doc. No. 271), Ex. E (Order) at 12:5-6, 13:9-11.

23.     On March 30, 2026, the Ninth Circuit entered an order granting an emergency petition for a writ of mandamus to the United States District Court for the District of Nevada directing the district court to vacate its March 12, 2026, order enjoining the Review-Journal "from ceasing to print or distribute the Sun." Opposition (Doc. No. 275), Ex. 2 (Mandamus Order) at 7. The Ninth Circuit reiterated that "[t]o the extent that the TRO requires continued compliance with the 2005 JOA in full, it squarely violates our explicit holding that 'the 2005 JOA is prohibited by §4(b) [of the NPA] and is therefore 'unlawful and unenforceable.'" *Id.* at 6.

### F.     Defendants' Motion and Related Briefing

24.     On March 24, 2026, based on the Ninth Circuit's decision that the 2005 JOA is unlawful and unenforceable under federal law, specifically the NPA, Defendants moved to lift the stay and for summary judgment on the Sun's remaining claims for relief in this action. *See* Motion (Doc. No. 271).

25.     Defendants contend the purpose for this Court's stay order has been served now that the Ninth Circuit has determined the 2005 JOA is unlawful and unenforceable. For that same reason, Defendants moved for summary judgment because the Sun's remaining claims all require the Sun to

- 9 -

prove the 2005 JOA is a valid and enforceable contract—something the Sun can never prove based on the Ninth Circuit's binding decision.

26.     More specifically, as Defendants point out in their Motion and Reply, all remaining claims for relief in the Sun's first amended complaint seek contract-related relief (*i.e.*, declaratory relief, specific performance, contract damages, and tortious breach of the implied covenant of good faith and fair dealing) all of which require the Sun to prove the 2005 JOA is a valid and enforceable contract. *See* Doc. No. 172 (Am. Compl.) at ¶¶ 158 (First Claim), 162 (Second Claim), 199 (Fifth Claim), 221 (Seventh Claim), 235 (Eighth Claim), 248 (Ninth Claim).

27.     Thus, Defendants moved for summary judgment under NRCP 56 on all remaining claims against them because the Sun cannot prevail on any of those claims due to its inability to obtain relief based on an unlawful and unenforceable contract (*i.e.*, the 2005 JOA).

28.     In response to Defendants' Motion, the Sun did "not dispute that the Ninth Circuit found the 2005 JOA unenforceable." Opposition (Doc. No. 275) at 9:6. The Sun did not argue or supply any evidence to suggest that genuine issues of material fact exist for any of its remaining claims for relief. Instead, the Sun asked the Court to keep the stay in place and give the Sun an indefinite amount of time to further litigate the Federal Action and decide whether it may want to seek leave to amend its complaint in this action. The Sun's Opposition did not articulate what amendment it may seek leave to make or when (or whether) it may do so.

29.    The Sun's Opposition did not object to dismissing Defendants' counterclaims as moot because "they are based upon the 2005 JOA" being a valid and enforceable contract in need of termination. Opposition (Doc. No. 275) at 9:25-26 (fn 7).

30.    At the hearing on May 28, 2026, the Sun presented several new arguments that were not contained in its Opposition, to which Defendants objected. After the hearing, the Sun and Defendants filed Notices with various filings from the Federal Action. *See* Doc. Nos. 278, 280. The Court exercised its discretion and considered these new arguments and materials before reaching its decision on the Motion.

## II.    CONCLUSIONS OF LAW

### A.    Defendants' Motion to Lift the Stay

31.    "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maheu v. Dist. Ct.*, 89 Nev. 214, 217, 510 P.2d 627, 629 (1973) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Logically, the same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002) (citations omitted). "A court may lift a stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate." *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) (citation omitted); *see also, e.g., Rajabian v. Mercedes-Benz USA, LLC*, 154 F.4th 1145, 1150 (9th Cir. 2025) ("A motion to lift

- 11 -

a stay resembles a motion for reconsideration of the court's grant of a stay.") (citation omitted). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *see also Yong v. INS*, 208 F.3d 111, 208 F.3d 1116, 1119 (9th Cir. 2000) (requiring strong showing to justify an indefinite stay)).

32.      NRCP 1 requires the Court to construe, administer, and employ all rules of civil procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Similarly, EDCR 1.10 instructs the courts in this district to employ the local rules "to secure the proper and efficient administration of the business and affairs of the court and to promote and facilitate the administration of justice."

33.      The Nevada Supreme Court publishes annual reports regarding the business of this State's courts, including those within the Eighth Judicial District. In its 2025 report, the Nevada Supreme Court reported that all Nevada courts "remain focused on resolving cases efficiently and with integrity. Timely outcomes build confidence in the judicial system, reinforcing the promise that justice in Nevada is both fair and within reach." https://nvcourts.gov/__data/ assets/pdf_file/0020/49241/Annual_Report_2025.pdf at p.1.

34.      Here, the Court stayed this action to allow the parties to the Federal Action to litigate the validity and enforceability of the 2005 JOA under federal law, specifically the NPA. Because this action involves the Sun's contract-based claims under the 2005 JOA and the Review-Journal's counterclaim to terminate the 2005 JOA, the Court found that a stay of this

- 12 -

entire action until the federal court resolved the 2005 JOA's validity and enforceability under the NPA was appropriate to promote judicial economy.

35. The stay of this action has served its original purpose of preserving judicial and party resources because the Ninth Circuit has decided that the 2005 JOA violates the NPA and, thus, is unlawful and unenforceable. Based on the Ninth Circuit's decision, which is final and binding on the parties and this Court, the stay no longer serves any legitimate purpose because all remaining claims in this case depend on the unlawful and unenforceable 2005 JOA. Therefore, the Court hereby lifts the stay of this action and will consider Defendants' Motion for Summary Judgment.

### B. Defendants' Motion for Summary Judgment

36. "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court **shall grant** summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." NRCP 56(a) (emphasis added).

37. "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." NRCP 56(b).

38. Summary judgment is appropriate under NRCP 56 and "shall be rendered forthwith" when the pleadings and other evidence properly before the court demonstrate that no genuine issue as to any material fact exists and the

- 13 -

moving party is entitled to judgment as a matter of law. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029, 1031 (2005). Nevada's standard for summary judgment under Rule 56 rejects the "slightest doubt" standard in favor of the standard and case law of the federal courts. *Id.* at 731, 1031.

39.     A properly supported motion for summary judgment obligates the non-moving party to present admissible evidence showing a genuine issue of material fact. *See Cuzze v. Univ. & Cmty. College Sys.*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007). The party that will bear the burden of persuasion on its claims "must transcend the pleadings and, by other admissible evidence, introduce specific facts that show a genuine issue of material fact." *Id.*

40.     Summary judgment is mandatory when a plaintiff fails to provide sufficient evidence to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gorlick*, 723 F.3d at 1024; *Nev. State Educ. Ass'n v. Clark Cty. Educ. Ass'n*, 137 Nev. 76, 80, 482 P.3d 665, 671 (2021).

41.     When the facts are established, courts may (and should) resolve disputed legal issues at the summary judgment stage rather than deferring them for trial. *See, e.g.*, *Galardi v. Naples Polaris, LLC*, 129 Nev. 306, 309, 301 P.3d 364, 366 (2013) (applying to contract interpretation); *Kuptz-Blinkinsop v. Blinkinsop*, 136 Nev. 360, 364, 466 P.3d 1271, 1275 (2020) (applying to claim and issue preclusion); *see also Huntington v. Mila, Inc.*, 119 Nev. 355, 357, 75 P.3d 354, 355-56 (2003) (applying to statutory interpretation).

- 14 -

42. Here, Defendants' Motion pointed to (a) the Ninth Circuit's decision that the 2005 JOA is unlawful and unenforceable, and (b) that all the Sun's remaining claims require it to prove the 2005 JOA is a valid and enforceable contract—a legal impossibility. Thus, Defendants' Motion properly sought relief under NRCP 56 and shifted the burden to the Sun to present evidence showing a genuine issue of material fact for trial on one or more of its remaining claims for relief.

43. In response, the Sun did not present any evidence showing a genuine issue of material fact for trial on any of its claims for relief and, instead, conceded the 2005 JOA is unenforceable. In addition, the Sun did not seek relief under NRCP 56(d) or otherwise suggest additional discovery would allow it to gather evidence necessary to respond to Defendants' Motion.

44. Rather than attempting to meet its Rule 56 obligations, the Sun argued the Court should not grant summary judgment because the Sun might someday seek leave to amend its complaint in non-specific ways based on potential developments in the Federal Action.

45. In response to Defendants' Motion, the Sun did not countermove (or otherwise move) for relief under Rule 15, attach a proposed amended complaint as required by EDCR 2.30(a), clearly explain what potential amendment it may seek to make, or, because the deadline to amend pleadings expired before this case was stayed (Doc. No. 183), attempt to meet the NRCP 16(b)(4) requirements to modify the scheduling order in this case.

46.    The Court concludes that Defendants, as the moving parties, met their burden under NRCP 56 and the Sun, as the non-moving party, has not met its burden under NRCP 56.

47.    Under the circumstances, Nevada law requires that the Court grant Defendants' Motion. *See* NRCP 56(a) (directing courts "shall grant summary judgment" when properly supported and not adequately opposed); *see also Cuzze v. Univ. & Cmty. College Sys.*, 123 Nev. 598, 172 P.3d 131 (2007).

## III.    ORDER

48.    Based on the foregoing and for the reasons stated on the record, IT IS HEREBY ORDERED that Defendants' Motion to Lift Stay and Motion for Summary Judgment is GRANTED in its entirety, such that the stay entered on January 31, 2020, is hereby lifted and summary judgment is granted as to the Sun's remaining claims as outlined above.

/ / /

/ / /

/ / /

- 16 -

49.   IT IS FURTHER ORDERED that, because Defendants' counterclaims are based on the Sun's allegation that the 2005 JOA is a valid and enforceable contract, those claims are dismissed as moot.

**IT IS SO ORDERED.**

**Dated this 6th day of July, 2026**

AJ

**C5D B6B A2A1 D647**
**Timothy C. Williams**
**District Court Judge**

Respectfully submitted by:

CLAGGETT & SYKES LAW FIRM

*/s/ Michael Gayan*
Michael J. Gayan, Esq. (#11135)
Katrina Stark, Esq. (#16006)
1160 N. Town Center Drive, Suite 200
Las Vegas, Nevada 89144

*Attorneys for Defendants/Counterclaimant*

- 17 -

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| Las Vegas Sun Inc., Plaintiff(s) | CASE NO: A-18-772591-B |
| vs. | DEPT. NO.  Department 9 |
| News+Media Capital Group LLC, Defendant(s) | |

## <u>AUTOMATED CERTIFICATE OF SERVICE</u>

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Order Granting Motion was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 7/6/2026

| | |
|---|---|
| Todd Bice | tlb@pisanellibice.com |
| Richard Pocker | rpocker@bsfllp.com |
| Jon Jones | r.jones@kempjones.com |
| Ali Augustine | a.augustine@kempjones.com |
| Jenner Team | DL_LVRJ@jenner.com |
| Mona Kaveh | m.kaveh@kempjones.com |
| David Singer | dsinger@jenner.com |
| Amy Gallegos | agallegos@jenner.com |
| Richard Stone | rstone@jenner.com |
| Alonso Ponce | aponce@jenner.com |
| Pamela McAfee | p.mcafee@kempjones.com |

| | |
|---|---|
| Shilah Bettinger | sbettinger@bsfllp.com |
| Nicole McLeod | nmcleod@claggettlaw.com |
| Mike Gayan | mike@claggettlaw.com |
| Gina Esterline | gesterline@clarkhill.com |
| E. Leif Reid | lreid@clarkhill.com |
| Kristen Martini | kmartini@clarkhill.com |
| Jill Nelson | jlnelson@clarkhill.com |
| James Pisanelli | jjp@pisanellibice.com |
| PB Litigation | lit@pisanellibice.com |
| Alesa Robinson | alrobinson@clarkhill.com |
| Melisa Pytlik | melisa@claggettlaw.com |
| Katrina Stark | katrina@claggettlaw.com |
| Joshua Dy | jdy@claggettlaw.com |
| Yalonda Dekle | yjd@pisanellibice.com |
| Tanya West | twest@clarkhill.com |
| Jessie Helm | jhelm@hslaw.com |
| Nicole Scott | nsscott@clarkhill.com |
| Deborah Bone | dbone@clarkhill.com |