E. LEIF REID, Nevada Bar No. 5750
KRISTEN L. MARTINI, Nevada Bar No. 11272
NICOLE SCOTT, Nevada Bar No. 13757
DEBORAH A. BONE, Nevada Bar No. 15688
CLARK HILL PLC
1700 S. Pavilion Center Dr., Suite 500
Las Vegas, Nevada 89135
Tel: 702.862.8300
Fax: 702.778.9709
Email: lreid@clarkhill.com
kmartini@clarkhill.com
nsscott@clarkhill.com
dbone@clarkhill.com

JAMES J. PISANELLI, Nevada Bar No. 4027
TODD L. BICE, Nevada Bar No. 4534
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Tel: 702.214.2100
Fax: 702.214.2101
Email: JJP@pisanellibice.com
TLB@pisanellibice.com

JORDAN T. SMITH, Nevada Bar No. 12097
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Tel: 702.464.7022
Fax: 702.382.8135
Email: jtsmith@bhfs.com

JOSEPH M. ALIOTO, *PRO HAC VICE*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104
Tel: 415.434.8900
Fax: 415.434.9200
Email: jmalioto@aliotolaw.com

*Attorneys for Plaintiff/Counterdefendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

LAS VEGAS SUN, INC., a Nevada corporation,

Plaintiffs,

v.

SHELDON ADELSON (Estate Of), an individual, and as the alter ego of News+Media Capital Group LLC, Las Vegas Review-Journal, Inc., and Interface Operations LLC dba Adfam; PATRICK DUMONT, an individual, and as alter ego of Las Vegas Review-Journal, Inc., News+Media Capital Group, LLC, and Interface Operations LLC dba Adfam; NEWS+MEDIA CAPITAL GROUP LLC,, a Delaware limited liability company; LAS VEGAS REVIEW-JOURNAL, INC., a Delaware corporation; INTERFACE OPERATIONS LLC dba ADFAM, a Delaware limited liability company and as the alter ego of Las Vegas Review-Journal, Inc., and News+Media Capital Gorup, LLC; and DOES, I-X, inclusive,

Defendants.

Case No.: 2:19-CV-01667-ART-MDC

**PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION TO SEAL PURSUANT TO ECF NO. 1198 [ECF NO. 1211]**

LAS VEGAS REVIEW-JOURNAL, a Delaware corporation,

Counterclaimant,

v.

LAS VEGAS SUN, INC., a Nevada corporation; BRIAN GREENSPUN, an individual and as alter ego of Las Vegas Sun, Inc.; GREENSPUN MEDIA GROUP, LLC, a Nevada limited liability company, as the alter ego of Las Vegas Sun, Inc.,

Counterclaim Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Pursuant to the Magistrate Judge's Report & Recommendation (ECF No. 1198), on July 6, 2026, the Sun filed its Renewed Motion to Seal Pursuant to ECF No. 1198 and Response to Defendants' [the RJ's] Renewed Motion to Seal Pursuant to ECF No. 1198 [ECF No. 1210]. ECF No. 1121. The RJ does not object to the Sun's renewed motion to keep under seal Exhibits 2 and 3 to the Sun's Reply to Defendants' Opposition to Emergency Motion for Temporary Restraining Order. *See, e.g.*, ECF No. 1215 at 3 ("Because those exhibits have been previously ordered sealed by this Court, as well as the Ninth Circuit under the compelling reasons standard, Defendants do not object to their sealing).

However, in its Opposition to the Sun's Renewed Motion, the RJ continues to challenge the sealing of the Sun's attorney fees referenced in the Declaration of Michael J. Gayan ¶ 11 (ECF No. 1073), and the text messages in Exhibit H to the RJ's opposition to the Sun's Emergency Motion for TRO and Preliminary Injunction (ECF Nos. 1072 at Ex. H/1073 at Ex. H)), based on testimony at the preliminary injunction hearing. *See id.* at 3-5. Contrary to the RJ's argument, the hearing transcripts do not support the unsealing of Mr. Gayan's Declaration or the entirety of Exhibit H. The RJ's effort is plainly for an improper purpose and to "gratify private spite or promote public scandal, [and] to circulate libelous statements," warranting continued sealing. *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1197 (9th Cir. 2016). These documents were sealed by this Court under the "compelling reasons" standard at summary judgment, and no basis exists to unseal Mr. Gayan's Declaration, or completely unseal Exhibit H now.

## II. COMPELLING REASONS CONTINUE TO EXIST TO KEEP THE DECLARATION OF MICHAEL J. GAYAN ¶ 11, AND ANY REFERENCES THERETO, UNDER SEAL

The RJ argues that "the Sun's owner has publicly disclosed the amount of attorneys' fees it has spent to litigate this matter in open court"; however, the RJ quotes the very testimony in which Mr. Greenspun unequivocally testified that he was "guessing"—further proving the Sun's point that the hearing transcript does not support unsealing Paragraph 11 of Mr. Gayan's Declaration. *Compare* ECF

No. 1211 at 7-8 (stating "the transcript testimony indicates that Mr. Greenspun was uncertain about the amount specifically and was 'guessing'" (quoting ECF No. 1182 at 73:13-16)) *with* ECF No. 1215 at 5 (quoting same testimony). The RJ's additional reference to Mr. Greenspun's testimony that he and his wife lent the Sun "[e]very single penny" as "meaning he is fully aware of how much the Sun has spent" is a *non-sequitur*. ECF No. 1215 at 5. Mr. Greenspun's guesswork is not a basis to unseal Mr. Gayan's Declaration.

The amount of attorney fees both the Sun and the RJ have incurred in litigating this matter over the past seven years has been sealed by this Court pursuant to the compelling reasons standard at summary judgment. *See* ECF No. 883 ¶¶ 2, 3 (sealing "[a]ny references to attorneys' fees and costs paid" contained in the RJ's motion for summary judgment); ECF No. 850 ¶ 2(qq) (ordering at summary judgment the redaction of portions of the RJ's initial disclosures that identified the amount of attorney fees the RJ has incurred in this action). And as this Court made clear at the hearing, testimony made during the hearing was to remain public separate from the documents themselves. ECF No. 1186 at 534:3-9. Therefore, the public interest is satisfied by the publicity of the proceedings and transcript, including Mr. Greenspun's testimony as to his speculation regarding the Sun's attorney fees incurred during the last seven years of litigation. However, Mr. Greenspun's speculative testimony does not warrant the unsealing of *the RJ's counsel's separate* statement about the Sun's attorney fees in Paragraph 11 of Mr. Gayan's Declaration. Given the publicity of the transcript, there is no "corresponding assurance of public benefit" by unsealing Mr. Gayan's independent Declaration. *See Nixon*, 435 U.S. at 603. The RJ's attempt to unseal this information now is for an improper purpose. *E.g.*, *id.* at 598; *Ctr. for Auto Safety*, 809 F.3d at 1097.

Accordingly, an exercise of this Court's discretion to retain under seal Paragraph 11 of Mr. Gayan's Declaration in support of the RJ's Opposition, and any portions of the RJ's brief referring to the same, is proper. *See, e.g.,* ECF Nos. 883, 850, 882; *see also Ctr. for Auto Safety,* 809 F.3d at 1103, 1097. For compelling reasons, the Sun's Renewed Motion should be granted.

## III. <u>COMPELLING REASONS CONTINUE TO EXIST TO KEEP EXHIBIT H TO THE RJ'S OPPOSITION, AND ANY REFERENCES THERETO, UNDER SEAL</u>

The RJ also filed under seal Exhibit H to its Declaration of Michael J. Gayan in Support of

Defendants' Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction: Excerpts of Brian Greenspun Text Messages, produced in this action as SUN_00083091. ECF Nos. 1072 at Ex. H/1074 at Ex. H.

At summary judgment, this Court found that sealing the text messages included in Exhibit H to the RJ's opposition to the Sun's motion for TRO and preliminary injunction satisfied the "compelling reasons standard," and ordered it sealed. ECF No. 882 at 1, 2 (citing Ex. W). While the RJ is correct that the parties have yet to meet and confer pursuant to the Ninth Circuit's sealing order, the text message document the RJ submitted to the Ninth Circuit was not the same document as Exhibit H. Nonetheless, the only portions of Exhibit H that were the subject of testimony at the April hearing before this Court are the text messages from Bob Cauthorn on December 23, 2015, at 8:56 a.m. ("the boy doesn't look like he's got much longer") and Mr. Greenspun's response at 8:59 a.m. *Compare* Exhibit H *with* ECF No. 1185 at 80:15-17, 20-22. The remainder of Exhibit H was not the subject of any hearing testimony, and those text messages are irrelevant to the Sun's motion for temporary restraining order and preliminary injunction, and discuss the Sun's confidential business information, confidential business topics and potential pursuits, as well as confidential discussions of employees and applicants (even naming an applicant). Except the two December 23, 2015, text messages identified above that were testified to at the hearing, there is no basis to unseal the remainder of Exhibit H. *See*, *e.g.*, *Brighter Path Alabama, LLC v. Rite of Passage, Inc.*, 2026 WL 891895, at *3 (D. Nev. Mar. 31, 2026) (recognizing the "need to protect ... proprietary business information"); *Shefsky v. Wynn Las Vegas, LLC*, 2025 WL 1918103, at *2 (D. Nev. July 11, 2025) (granting motion to seal records "relat[ing] to sensitive business information").

An exercise of this Court's discretion to retain under seal all remaining portions of Exhibit H to the RJ's Opposition (and portions of the RJ's brief referring to the same (*see* ECF No. 1211 at 9-10)) is proper under the compelling reasons standard. *See, e.g.*, ECF Nos. 883, 850, 882; *see also Ctr. for Auto Safety*, 809 F.3d at 1103, 1097.

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, the Sun requests an Order continuing to seal all documents at issue in the Sun's Original Motion, Mr. Gayan's Declaration Paragraph 11, and all of Exhibit H except the two text messages as set forth herein.

DATED this 20th day of July, 2026.

CLARK HILL PLLC

By: */s/ Kristen L. Martini*
E. Leif Reid, Nevada Bar No. 5750
Kristen L. Martini, Nevada Bar No. 11272
Nicole Scott, Nevada Bar No. 13757
Deborah A. Bone, Nevada Bar No. 15688
1700 S. Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135

PISANELLI BICE PLLC
James J. Pisanelli, Nevada Bar No. 4027
Todd L. Bice, Nevada Bar No. 4534
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

BROWNSTEIN HYATT FARBER SHRECK, LLP
Jordan T. Smith, Nevada Bar No. 12097
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

ALIOTO LAW FIRM
Joseph M. Alioto, Pro Hac Vice
One Sansome Street, 35th Floor
San Francisco, California 94104

*Attorneys for Plaintiff/Counterdefendants*

## CERTIFICATE OF SERVICE

I certify that I am an employee of CLARK HILL PLC, and I caused a true and correct copy of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION TO SEAL PURSUANT TO ECF NO. 1198 [ECF NO. 1211]** to be served by electronically filing the foregoing with the CMECF electronic filing system which will send notice of electronic filing to:

J. Randall Jones, Esq.
Mona Kaveh, Esq.
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, NV 89169

Michael J. Gayan, Esq.
CLAGGETT & SYKES LAW FIRM
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107

Amy M. Gallegos, Esq.
David R. Singer, Esq.
Andrew G. Sullivan, Esq.
Alison I Stein, Esq.
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071

Richard L. Stone, Esq.
850 Devon Avenue
Los Angeles, CA 90024

DATED: July 20, 2026.

*/s/ Kristen L. Martini*
An Employee of Clark Hill PLC